UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>               Plaintiff,<br><br>   vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>              Defendants. | NO.  3:17-cv-05760-JRC<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND CONSOLIDATED MEMORANDUM IN SUPPORT**<br><br>**NOTE ON MOTION CALENDAR: October 12, 2017**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), brings this Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65(b) against Defendants KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED (collectively, "Sykes-Bonnett" or "Defendants").   In support thereof, HPT states as follows:

## **INTRODUCTION**

HPT seeks to restrain and enjoin Defendants as follows:

1.        That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing competitive products or software to HPT;

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>PO Box 611<br>Vancouver, WA  98666-0611<br>(360) 750-7547

2.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any competitive products or software to HPT;

3.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or services using HPT's proprietary code to any third party;

4.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or services using HPT's proprietary code to any third party;

5.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or software that is based on or derived from HPT's software or products;

6.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or software that is based on or derived from HPT's software or products;

7.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, be immediately restrained from, directly or indirectly, exhibiting at the 2017 SEMA Show in Las Vegas, Nevada from October 31, 2017 to November 3, 2017; and

8.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, engaging in any activities related to the planning, design, development, coding or creation of any software or

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

products that in any way uses, relies upon, is based on or discloses any of HPT's confidential, proprietary or trade secret information, including but not limited to source code.

HPT requests that the Court expedite consideration of this Motion to avoid irreparable harm to HPT.

The relief requested is a temporary restraining order including the eight provisions stated above, issued temporarily until such time as the Court may hear HPT's Motion for Preliminary Injunction.   HPT also requests that the Court issue an order to show cause as to why the requested preliminary injunction should not issue.

Counsel for Defendants has not yet appeared.  However, Defendants have been advised of this filing, and have been provided with a copy by electronic mail.

While discussed in more detail in the Memorandum of Points and Authorities that follows, the legal authority in support of the requested relief is Fed. R. Civ. P. 65(b) and Local Rule 65.  The Motion will also be based on the Verified Complaint which was filed as well as the Declaration of Keith Prociuk, which is attached as Exhibit 1, and such oral argument as the Court may allow.

## STATEMENT OF RELEVANT FACTS

1.      HPT is a niche business, which provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops.

2.      HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (including but not limited to ATV's, snowmobiles and watercraft) (the "HP Tuners Business").

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

3.      HPT has expended significant time, money and resources to develop the HP Tuners Business, and HPT has created methods of business, strategies, programs and technologies which did not exist in the industry prior to HPT's development of the HP Tuners Business.

4.      HPT conducts business nationwide. Over the years, HPT has invested a great deal of time and money in developing its proprietary products and source code, and in building and growing the HP Tuners Business.

5.      In order for HPT to gain a competitive advantage in the industry, it has cultivated, nurtured and maintained an extensive network of vendors, resellers and customers to which HPT provides its products and offerings.   HPT's network of vendors, resellers and customers is expansive and relies on HPT to ensure that only authorized, authentic products and offerings are available in the marketplace.

6.      HPT invests a substantial amount of money and other resources in developing and maintaining its network of vendors, reseller and customers.

7.      HPT prides itself in catering to the needs of its vendors, resellers and customers and providing authorized, authentic and functional products and offerings, and the most competitive pricing in the industry.

8.      HPT works diligently to create new products and offerings and to quickly and adeptly match its vendors, resellers and customers' needs and requests.

9.      HPT is constantly working to develop its products, source code and offerings, and has devoted substantial time, money and resources to protect its confidential and proprietary information, and to avoid efforts by third parties to pirate HPT's products and offerings.

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

10.     As a result of HPT's reputation, exceptional service, and diligent development of products and offerings, HPT has developed long-standing relationships with many of its vendors, resellers and customers.

11.     HPT's confidential and proprietary software, source code, license key generator and offerings have been developed and extensively refined by HPT at a substantial cost and effort and constitute confidential information and valuable trade secrets of HPT (collectively, the "Confidential Information").

12.     HPT derives economic value from the fact that its Confidential Information is not known outside of HPT's business and is not available through any public records and information sources. HPT's Confidential Information cannot be independently developed by its competitors without great effort and expense.

13.     Recognizing the economic value that it derives from its Confidential Information, as well as the potential value of this information to its competitors, HPT requires that its Confidential Information be kept strictly confidential by its employees and restricts access to this information.  HPT has taken substantial steps and security measures to protect the confidentiality of its Confidential Information, including but not limited to the following:

     a)     HPT protects access to its Confidential Information through computer passwords;

     b)     HPT protects to its Confidential Information through hard drive encryption on all employee's computers;

     c)     HPT protects access to its Confidential Information through sophisticated firewalls;

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

d)      HPT protects distribution of Confidential Information through non-compete and non-disclosure agreements;

e)      HPT limits the number of employees having access to its Confidential Information.

f)      Employees are given access to HPT's Confidential Information on a "need to know" basis;

g)      HPT does not give access to its Confidential Information to non-employees;

h)      HPT employees are forbidden from copying, transferring or otherwise duplicating any of HPT's Confidential Information; and

i)      HPT requires each employee to return to HPT all Confidential Information when the employee leaves HPT's employ.

14.    Furthermore, HPT undertook reasonable measures to maintain the secrecy of its proprietary products, source code, software and offerings, including but not limited to entering into licensing agreements with protective clauses and installing security measures to prevent others from obtaining access and pirating HPT's confidential and proprietary products, source code, software and offerings.

15.    On or about September 28, 2015, Sykes-Bonnett was issued an HPT Interface with eight (8) credits.

16.    In connection with the HPT Interface issued to Sykes-Bonnett and Sykes-Bonnett's use of HPT's software, Sykes-Bonnett entered into an End User License Agreement ("EULA") with HPT on or about September 28, 2015.  (A copy of the EULA is attached to the Complaint as Exhibit A).

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

17.     The EULA provided, in pertinent part:

You may not create a derivative work, reverse engineer, decompile, or

disassemble the SOFTWARE PRODUCT, except and only to the extent

that such activity is expressly permitted by applicable law notwithstanding

this limitation

(See Exhibit A).

18.     On or about October 11, 2016, in violation of the EULA, Sykes-Bonnett provides

a screenshot to Eric Brooks, an HPT employee, showing a feature obtained by Sykes-Bonnett

through reverse engineering and hacking the software.  (A copy of the screenshot is attached as

Exhibit B to the Complaint).

19.      In same screenshot, Sykes-Bonnett hints at having reverse engineered the HPT

software and intent to create licensing defeat software.  (*See* Exhibit B to Complaint)

20.     Thereafter, on or November 3, 2016, Sykes-Bonnett threatens to make HPT

software with licensing defeated to the public, and admits to hacking Diablo (an HPT

competitor) handheld devices. (A copy of the screenshot is attached as Exhibit C to the

Complaint).

21.     On the same day, Sykes-Bonnett admits to copying SCT's intellectual property

and using it in its own software (an HPT competitor) intellectual property and using in own

software.  (A copy of the screenshot is attached as Exhibit D to the Complaint).  Sykes-Bonnett

further threatens to copy HPT's intellectual property.  (See Exhibit D to the Complaint).

22.     On November 3, 2016, Sykes-Bonnett further admits to "breaking a few things to

get what Keith [Prociuk, who is a current owner] and Ken [Cannata, who is a former owner]

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

promised," which is a reference to defeating HPT's software licensing for his own benefit.  (A copy of the screenshot is attached as Exhibit E to the Complaint).

23.      In a message also dated November 3, 2016 to Eric Brooks, Sykes-Bonnett admits to having "wasted alot [sic] of time reversing [HPT] shit."  (A copy of the message is attached as Exhibit F to the Complaint).

24.      On March 16, 2017, Sykes-Bonnett posts a message concerning the availability of a stolen/hacked HPT interface for sale on a Facebook automotive group.  (A copy of the Facebook post is attached as Exhibit L to the Complaint).

25.      On March 28, 2017, in a message to Eric Brooks, Sykes-Bonnett defends his sale of a stolen/cloned HPT interface and contends that HPT "stole a lot of shit in the beginning of HPT and closed the forum and went corp."  (A copy of the March 28, 2017 message is attached as Exhibit M to the Complaint).

26.      On April 7, 2017, Sykes-Bonnett posts a screenshot on Facebook of his alleged software showing a listing of copied HPT parameters.  (A copy of the Facebook post is attached as Exhibit N to the Complaint).

27.      On April 8, 2017 at 7:26 a.m., one of Sykes-Bonnett's Facebook "friends", Morgan Rickard comments "you really don't like HP Tuners lmao." (See Exhibit N to the Complaint).

28.      On April 8, 2017 at 5:06 p.m., Sykes-Bonnett responds as follows: "#fuckhpt Keith, and ken are 2 of the 3 owners and are both bitches. Want to buy shit and pay nothing for it. Fuck them all. I hope they go broke." (See Exhibit N to the Complaint).

29.      On September 25, 2017, on a telephone conference with Mr. Prociuk, Sykes-Bonnett specifically advised Mr. Prociuk that Defendants are developing competing products and

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

software to HPT and that Defendants are releasing the competitive products and software to the public at the SEMA Show in Las Vegas beginning on October 31, 2017.  (See Declaration of Keith Prociuk attached hereto as Exhibit 1).

30.     Defendants posted a YouTube video at https://youtu.be/nGK4o0lxYq0?t=100 which contained a licensing screen.  A screenshot of the licensing screen shows Defendants have copied HPT virtually word for word.  (See Exhibit 1-A to the Declaration attached as Exhibit 1).

31.     Likewise, Exhibit H to the Complaint shows a listing of exact HPT parameter names (character per character, including abbreviations) showcased in Defendants' own software.  Attached as Exhibit 1-B to the Declaration of Keith Prociuk is an enlarged screenshot. Every single parameter in the list to the left is copied from HPT software.  Attached as Exhibit 1-C to the Declaration of Keith Prociuk is also a sample of a few of these parameters shown in HPT software.  The shown sample includes "Max Torque Timing Mult", "Max Torque Timing EGR adder", and "Max Torque Timing Alcohol Adder" – which are seen in Defendants' software.

32.     Defendants' own documents and information demonstrate that Defendants have misappropriated HPT's confidential, proprietary and trade secret information and are incorporating it into their own products and software.

## ARGUMENT

## THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED.

### A.     LEGAL STANDARDS

A court has the discretion to grant injunctive relief when a plaintiff establishes that it is likely to succeed on the merits, it is likely to suffer irreparable harm in the absence of the

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest. *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011), *quoting Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Johnson v. Couturier*, 572 F.3d 1067, 1078 (9th Cir. 2009), also quoting *Winter*.

Alternatively, the Ninth Circuit has authorized a sliding scale approach where, even if the plaintiff has not established that it is likely to succeed on the merits, a court may nevertheless grant the requested relief if the plaintiff raises "serious questions going to the merits … and the balance of hardships tips sharply in [plaintiff's] favor." *Cottrell*, 632 F.3d at 1131-32, *quoting Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003).

If a defendant claims to have an affirmative defense, once the plaintiff establishes likelihood of success on the merits, it is the defendant's burden to show it is likely to succeed on its affirmative defense. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007).

**B.**     **HPT IS LIKELY TO SUCCEED ON THE MERITS, HPT IS LIKELY TO SUFFER IRREPARABLE HARM IN THE ABSENCE OF THE REQUESTED RELIEF AND THERE IS NO PREJUDICE TO DEFENDANTS IN GRANTING THE RELIEF REQUESTED HEREIN.**

The evidence presented to date in connection with the Verified Complaint and this Motion establishes that HPT is likely to succeed on the merits of its claims.

As detailed herein, Defendants' have misappropriated HPT's code and incorporated it into the products and software it is developing and that they are planning to release on October 31, 2017.  There is exact duplication of HPT parameter names (character per character, including abbreviations) showcased in Defendants' own software.  Defendants have copied HPT's

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

licensing and have publicly admitted to hacking and reversing HPT's software for their own benefit.

It is highly likely that Defendants' soon to be released products and software are derived from, based upon and contain HPT's proprietary code and information.  It is highly likely that without having misappropriated HPT's proprietary code and information that Defendants would be unable to launch a competitive product.  Furthermore, the similarities outlined herein and identical parameters support a very strong inference that Defendants' products and software are based on HPT's code and proprietary information.

Consequently, HPT's claims for (i) violation of the Computer Fraud and Abuse Act ("CFAA") arising under 18 U.S.C. §1030; (ii) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836 et seq.; (iii) misappropriation of trade secrets arising under the Washington Uniform Trade Secrets Act, RCW 19.108; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Protection Act, RCW 19.86.020; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; (vii) breach of contract; and (viii) tortious interference with prospective economic relations, are all well founded in law and fact.

Here, there is no harm to Defendants by virtue of the relief requested herein and that HPT will suffer irreparable harm if Defendants' conduct is not restrained.  It is indisputable that the release or sale of a competitive product containing misappropriated confidential, proprietary and trade secret information of HPT is improper and unlawful.  HPT's investigation of these matters based on publicly available information alone gives rise to their conclusion that Defendants' soon to be released product and software is based on, is derived from and contains HPT's confidential, proprietary and trade secret information.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

It is indisputable that if Defendants' soon to be released product and software is based on, is derived from and contains HPT's confidential, proprietary and trade secret information, then HPT will suffer irreparable harm in the absence of the requested relief.  If Defendants are permitted to go to market and exhibit a competing product at an industry-wide trade show which is based on, derived from and contains HPT's confidential, proprietary and trade secret information, then HPT's entire business is at risk.  The very survival of HPT is at stake if Defendants are permitted to sell and release a competitive product which is based on, derived from and contains HPT's confidential, proprietary and trade secret information.

Moreover, it is indisputable that Defendants will not suffer any harm in having to wait to release and sell their product and software to the public.  Defendants release and sale of their competitive product should not be permitted unless and until Defendants can demonstrate that their soon to be released product and software is not based on or derived from, and does not contain HPT's confidential, proprietary and trade secret information.  What is being threatened to be released and sold are competitive products and software to HPT, which is based on and derived from HPT's software.  The losses to HPT if Defendants' software and product is publicly released cannot be ascertained and are unknown.  It is difficult to imagine harm that could be more irreparable as HPT's entire business is in jeopardy.

Furthermore, it is not only HPT that will suffer irreparable harm, harm will also be inflicted upon all of its employees, who will be substantially impacted if HPT's business is compromised.  There can be no doubt that HPT has demonstrated a high likelihood of very serious and irreparable harm.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

C. **THE BALANCE OF EQUITIES TIPS SHARPLY IN HPT'S FAVOR AND THE REQUESTED RELIEF IS IN THE PUBLIC INTEREST.**

If Defendants, and those acting in concert with them, are enjoined as requested, they will only be prevented from (unlawfully) publicly releasing and disseminating something that is not theirs and which is based on, derived from and contains HPT's confidential, proprietary and trade secret information. Conversely, if HPT's product and software has been misappropriated by Defendants which HPT has strong evidence to suggest is the case, HPT stands to lose its entire business if the relief is not granted and Defendants, and those acting in concert with him, are not enjoined from publicly releasing and selling the soon to be released competitive product which is based on, derived from and contains HPT's confidential, proprietary and trade secret information.

Finally, HPT has not unreasonably delayed in filing this motion.  (*See Cybermedia, Inc. v. Symantec Corp.,* 19 F. Supp. 2d 1070, 1078 (N.D. Cal. 1998) (three month delay to investigate not an unreasonable delay)). HPT learned of the anticipated launch of the competitive product on September 25, 2017 – a few short weeks ago and immediately commenced its investigation. Thereafter, HPT immediately brought this motion.  Accordingly, the balance of equities tips strongly in HPT's favor.  Finally, the potential devastation of HPT's business and loss of jobs implicate a strong interest by the public in granting the requested relief.

D. **CONCLUSION**

Because the factors weighs in favor of granting the relief requested by HPT, HPT respectfully requests that the Court enter the proposed order attached hereto.

WHEREFORE, HP TUNERS, LLC, respectfully prays for the following relief:

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 13

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing competitive products or software to HPT;

2.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any competitive products or software to HPT;

3.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or services using HPT's proprietary code to any third party;

4.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or services using HPT's proprietary code to any third party;

5.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or software that is based on or derived from HPT's software or products;

6.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or software that is based on or derived from HPT's software or products;

7.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, exhibiting at the 2017 SEMA Show in Las Vegas, Nevada from October 31, 2017 to November 3, 2017;

8.      That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, engaging in any

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

activities related to the planning, design, development, coding or creation of any software or products that in any way uses, relies upon, is based on or discloses any of HPT's confidential, proprietary or trade secret information, including but not limited to source code;

9.     That the Court issue an order to show cause as to why the requested preliminary injunction should not issue; and

10.     For such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted this 12th day of October, 2017.

HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.

_s/ Stephen G. Leatham_
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted _pro hac vice_)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
E-mail:  andrew@marksklein.com

Attorneys for Plaintiff HP Tuners, LLC

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 15

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on October 12, 2017, I caused the foregoing to be electronically filed

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to the following:

5         Gregory F. Wesner
          John E. Whitaker
6         LANE POWELL PC
          1420 Fifth Ave Ste 4200
7         PO Box 91302
          Seattle, WA 98111-9402
8         E-mail:  wesnerg@lanepowell.com
          E-mail:  whitakerj@lanepowell.com
9                 Attorneys for Defendants Kevin Sykes-Bonnett and
10  Syked ECU Tuning Incorporated

11
                                            HEURLIN, POTTER, JAHN, LEATHAM,
12                                          HOLTMANN & STOKER, P.S.

13                                          s/ Stephen G. Leatham
                                            Stephen G. Leatham, WSBA #15572
14                                          211 E. McLoughlin Boulevard, Suite 100
                                            Vancouver, WA 98663
15                                          Telephone:  (360) 750-7547
                                            Fax:  (360) 750-7548
16                                          E-mail:  sgl@hpl-law.com

17

18

19

20

21

22

23

24

25

MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 16

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547