HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) )  NO.  3:17-cv-05760-JRC |
| Plaintiff, | ) ) **JOINT STATUS REPORT** |
| vs. | ) ) |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, | ) ) ) ) |
| Defendants. | ) |

In accordance with Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16, Plaintiff HP Tuners, LLC ("HPT") and Defendants Kevin Sykes-Bonnet and Syked ECU Tuning Incorporated ("Defendants") (collectively, the "Parties") hereby file this Joint Status Report.

## I. NATURE OF THE CASE/PRINCIPAL ISSUES

This case concerns alleged misappropriation of Plaintiff's source code and proprietary information by the Defendants. HPT is a niche business, which provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops. HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for

JOINT STATUS REPORT - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

automobiles, trucks and other types of vehicles (including but not limited to ATV's, snowmobiles and watercraft) (the "HP Tuners Business").

Plaintiff alleges that Defendants' have misappropriated HPT's code and incorporated it into the products and software it is developing and that released on October 31, 2017. Plaintiff alleges that there is exact duplication of HPT parameter names (character per character, including abbreviations) showcased in Defendants' own software. Plaintiff alleges that Defendants have copied HPT's licensing and have publicly admitted to hacking and reversing HPT's software for their own benefit.

Defendants have been in the business of tuning vehicles for performance and economy for numerous years. As part of that business, Defendants independently developed their own software application for tuning vehicles having electronic control units, which has been in use for nearly three years. Accordingly, Defendants deny Plaintiff's allegations and rely on the fact that Defendants' software could not possibly incorporate any of HPT's code since Defendants' software already existed for years prior to Plaintiff alleging that Defendants misappropriated HPT's code. Defendant further alleges that it is in fact HPT that has hacked and reverse engineered the software products of others and has been doing so for years.

HPT has asserted claims for (i) violation of the Computer Fraud and Abuse Act ("CFAA") arising under 18 U.S.C. §1030; (ii) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836 et seq.; (iii) misappropriation of trade secrets arising under the Washington Uniform Trade Secrets Act, RCW 19.108; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Protection Act, RCW 19.86.020; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; (vii) breach of contract; and (viii) tortious interference with prospective economic relations.

JOINT STATUS REPORT - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants filed an answer on October 19, 2017 denying the material allegations of Plaintiff's Complaint in their entirety.

## II. PROCEDURAL POSTURE

This case was filed on September 20, 2017.  Plaintiff filed a motion for Temporary Restraining Order, which was denied on October 18, 2017.  The date for hearing on Plaintiff's motion for preliminary injunction has not been scheduled.  Defendants answered on October 19, 2017.  Defendants served Requests for Production on Plaintiff on December 2, 2017.  Plaintiff intends to issue written discovery on or before December 12, 2017.

## III. PROPOSED DISCOVERY PLAN – Fed. R. Civ. P. 26(f)(3)

(A)     The Parties shall exchange initial disclosures on or before December 19, 2017.

(B)     The Parties anticipate taking discovery in accordance with the applicable civil rules on subjects pertinent to their claims and/or defenses.  As noted above, Defendants served requests for production of documents on December 2, 2017.  Plaintiff intends to issue written discovery on or before December 12, 2017.

(C)     The Parties anticipate seeking discovery of electronically stored information, including emails and other electronic communications, as well as documents generally kept in the usual course of business.  The Parties do not anticipate the discovery of electronically stored information to present unique or complex issues.

(D)     The Parties do not anticipate that privilege issues will play a larger role in this case than they typically do, but expect to ask the Court to enter a stipulated order under Federal Rule of Evidence 502.

(E)     The Parties do not agree to limiting discovery beyond the limits imposed by the applicable federal and/or local rules.

(F)     The Parties do not believe at this time that the Court should enter any other orders under Fed. R. Civ. P. 26(c), 16(b) or 16(c). The Parties do anticipate the need for a stipulated

JOINT STATUS REPORT - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

protective order before exchanging documents pursuant to discovery requests to protect confidential information.

## IV. LOCAL CIVIL RULE 26(f)

(A)   As to possibilities for promptly settling or otherwise resolving the case, Plaintiff's position is that, at this juncture, sufficient information is not available based on the current state of the pleadings and declarations, as well as previously-known information, to attempt to settle or otherwise resolve the entire case or substantial portions of the case.  Specifically, Plaintiff asserts that it is necessary that Plaintiff conduct an analysis of the software as well as investigate a handful of issues prior to discussing any resolution.

Defendants' position is that early settlement of this matter should be pursued given the ease with which Defendants can demonstrate that the Syked ECU Tuning software was independently developed and does not contain any proprietary information from Plaintiff's software.

(B)   As to whether the parties plan to engage in some form of alternative dispute resolution, Plaintiff's position is that it is prepared to engage in alternative dispute resolution such as mediation, once it has had an opportunity to conduct an analysis of the software as well as investigate a handful of issues prior to discussing any resolution.

Defendants have proposed that an early settlement conference occur at which both parties meet to evaluate their respective software products simultaneously to prove that Defendants' software does not incorporate any of HPT's allegedly proprietary source code. Defendants believe that once they have demonstrated their software was independently developed, this matter should be promptly dismissed. .

(C)   There are no related cases.

JOINT STATUS REPORT - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

(D) The Parties do not presently anticipate any need for extra discovery management other than possible entry of a stipulated protective order to protect confidential information and a Rule 502 clawback order.

(E) The Parties anticipate taking discovery in accordance with the applicable rules on subjects germane to their claims or defenses.

(F) The Parties do not anticipate any need to formally phase motions practice.

(G) The Parties do not believe this case presents any unique preservation of evidence issues.

(H) The Parties do not anticipate that privilege issues will play a larger role in this case than they typically do. The Parties anticipate the possible need for the entry of a Rule 502(d) or (e) order to address any inadvertent production of privileged information and other privilege issues.

(I)-(J) The Parties do not anticipate that discovery of ESI will be a significant issue in this case. The Parties agree to use their best efforts to resolve any disputes regarding the ESI discovery before seeking court intervention.

## V. DISCOVERY DEADLINES

The Parties discussed the subjects upon which fact discovery may be needed and the need for expert discovery. The Parties have submitted a proposed discovery plan attached as Exhibit A.

## VI. EXPERTS DESIGNATIONS AND REPORTS

The Parties have submitted a proposed case schedule attached as Exhibit A.

## VII. MOTIONS DEADLINES

The Parties have submitted a proposed case schedule attached as Exhibit A.

JOINT STATUS REPORT - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**VIII. ADDITIONAL PARTIES/AMENDMENTS TO PLEADINGS**

The Parties do not anticipate the joinder of any additional parties or amendments to pleadings at this time. However, they have agreed that the deadline for joinder of any additional parties or amendments to pleadings shall be March 1, 2018.

**IX. CONSENT TO MAGISTRATE JUDGE**

The Parties do not consent to a trial by a Magistrate Judge.

**X. BIFURCATION**

Not applicable.

**XI. PRETRIAL STATEMENTS**

The Parties agree at this time that there is no need to dispense with the pretrial statements or pretrial order called for by the local rules.

**XII. OTHER SUGGESTIONS FOR SIMPLIFYING CASE**

The Parties have consented to accept electronic service pursuant to FRCP 5(b)(2)(E). The Parties at this time have no other suggestions for shortening or simplifying the case. The Parties have considered and rejected the option of requesting an Individualized Trial Program under LCR 39.2.

**XIII. TRIAL**

    A.    Number of Trial Days: 3-5.

    B.    Trial By Jury or Non-Jury: Trial by jury has been demanded.

**XIV. SCHEDULING CONFERENCE**

The parties do not believe that the administration of the case may benefit from the Court holding a scheduling/status conference.

//

//

//

JOINT STATUS REPORT - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

| | |
|---|---|
| Dated: December 21, 2017 | Respectfully Submitted: |
| HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S. | LANE POWELL PC |
| By: *s/ Stephen G. Leatham* <br> Stephen G. Leatham, WSBA #15572 <br> E-mail: sgl@hpl-law.com <br> 211 E. McLoughlin Boulevard, Suite 100 <br> Vancouver, WA 98663 <br> Telephone: (360) 750-7547 <br> Facsimile: (360) 750-7548 | By: *s/ John E. Whitaker* <br> Gregory F. Wesner, WSBA No. 30241 <br> wesnerg@lanepowell.com <br> John E. Whitaker, WSBA No. 28868 <br> whitakerj@lanepowell.com <br> 1420 Fifth Avenue, Suite 4200 <br> PO Box 91302 <br> Seattle, WA 98111-9402 <br> Telephone: 206-223-7000 <br> Facsimile: 206-223-7107 |
| Andrew P. Bleiman (admitted *pro hac vice*) <br> MARKS & KLEIN <br> 1363 Shermer Road, Suite 318 <br> Northbrook, Illinois 60062 <br> (312) 206-5162 <br> E-mail: andrew@marksklein.com | *Attorneys for Defendants* <br> Kevin Sykes-Bonnett and <br> Syked ECU Tuning Incorporated |
| *Attorneys for Plaintiff* <br> HP Tuners, LLC | |

JOINT STATUS REPORT - 7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory F. Wesner
John E. Whitaker
LANE POWELL PC
1420 Fifth Ave Ste 4200
PO Box 91302
Seattle, WA 98111-9402
E-mail:  wesnerg@lanepowell.com
E-mail:  whitakerj@lanepowell.com
*Attorneys for Defendants*
Kevin Sykes-Bonnett and
Syked ECU Tuning Incorporated

HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
JOINT STATUS REPORT - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**EXHIBIT A**

| Event Deadline | Proposed Date |
|---|---|
| Initial Disclosures | COMPLETED |
| Confidential Settlement Meeting* | 2/28/18 |
| Joinder of Parties/Amended Pleadings | 3/1/18 |
| Close of Fact Discovery | 6/1/18 |
| Plaintiffs' Experts' Reports | 7/2/18 |
| Defendants' Experts' Rebuttal Reports | 8/1/18 |
| Close of Expert Discovery | By 9/1/18 |
| Mediation | By 9/15/18 |
| Dispositive Motions | 10/18/18 |
| Oppositions | 11/5/18 |
| Replies | 11/9/18 |
| Trial Date | The parties will be ready for trial at the Court's convenience any time after a ruling on any dispositive motions. |

JOINT STATUS REPORT - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547