1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

| HP TUNERS, LLC, a Nevada limited liability company, | ) | CASE NO.  3:17-cv-05760-BHS |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED COMPLAINT FOR** |
| | ) | **INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, | ) | |
| | ) | |
| Defendants. | ) | |

15

16

17

18

19

20

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), by its attorneys, for its Complaint for Injunctive Relief ("Complaint") against Defendants KEVIN SYKES-BONNETT ("Sykes-Bonnett"), JOHN MARTINSON ("Martinson") and SYKED ECU TUNING INCORPORATED ("Syked") (collectively, Sykes-Bonnett, Martinson and Syked are referred to herein as "Defendants").  In support thereof, HPT states as follows:

21

## NATURE OF THE ACTION

22

23

24

25

1.      At substantial expense, hard work and ingenuity over the course of many years and thousands of man hours, HPT has developed complete, cost effective tuning and data acquisition solutions for automobile enthusiasts and professional shops.

**EXHIBIT A**
**Page 1 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

2.      Over the years, HPT has carefully guarded its proprietary products and source code in order to protect its trade secrets, specifications and software.

3.      Sykes-Bonnett and Martinson, acting individually and on behalf of Syked ECU Tuning Incorporated, wrongfully obtained and possesses HPT's confidential and proprietary source code, and has misappropriated HPT's trade secrets and proprietary information.

4.      This is an action against Defendants for: (i) violation of the Computer Fraud and Abuse Act ("CFAA") arising under 18 U.S.C. §1030; (ii) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836 et seq.; (iii) misappropriation of trade secrets arising under the Washington Uniform Trade Secrets Act, RCW 19.108; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Protection Act, RCW 19.86.020; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; (vii) breach of contract; and (viii) tortious interference with prospective economic relations.

## PARTIES

5.      HPT is a Nevada limited liability company with its principal place of business in Buffalo Grove, Illinois.  None of HPT's members reside in this judicial district.

6.      Kevin Sykes-Bonnett is a resident of Washington and is the President of Syked ECU Tuning Incorporated.

7.      John Martinson is a resident of Washington and an officer of Syked ECU Tuning Incorporated.

8.      Syked ECU Tuning Incorporated is a corporation existing under the laws of Washington with its principal places of business in Puyallup, Washington.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction for the CFAA and DTSA claims pursuant to 28 U.S.C. §1331.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. §1367.

10.      This Court has jurisdiction over the parties and subject matter in this civil action pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that Defendants are residents of the State in which the district is located and a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## BACKGROUND FACTS

12.      HPT is a niche business, which provides complete, cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops.

13.      HPT's business includes but is not limited to computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (including but not limited to ATV's, snowmobiles and watercraft) (the "HP Tuners Business").

14.      HPT has expended significant time, money and resources to develop the HP Tuners Business, and HPT has created methods of business, strategies, programs and technologies which did not exist in the industry prior to HPT's development of the HP Tuners Business.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

15.     HPT conducts business nationwide. Over the years, HPT has invested a great deal of time and money in developing its proprietary products and source code, and in building and growing the HP Tuners Business.

16.     In order for HPT to gain a competitive advantage in the industry, it has cultivated, nurtured and maintained an extensive network of vendors, resellers and customers to which HPT provides its products and offerings.   HPT's network of vendors, resellers and customers is expansive and relies on HPT to ensure that only authorized, authentic products and offerings are available in the marketplace.

17.     HPT invests a substantial amount of money and other resources in developing and maintaining its network of vendors, reseller and customers.

18.     HPT prides itself in catering to the needs of its vendors, resellers and customers and providing authorized, authentic and functional products and offerings, and the most competitive pricing in the industry.

19.     HPT works diligently to create new products and offerings and to quickly and adeptly match its vendors, resellers and customers' needs and requests.

20.     HPT is constantly working to develop its products, source code and offerings, and has devoted substantial time, money and resources to protect its confidential and proprietary information, and to avoid efforts by third parties to pirate HPT's products and offerings.

21.     As a result of HPT's reputation, exceptional service, and diligent development of products and offerings, HPT has developed long-standing relationships with many of its vendors, resellers and customers.

22.     HPT's confidential and proprietary software, source code, license key generator and offerings have been developed and extensively refined by HPT at a

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 4

**EXHIBIT A**
**Page 4 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

substantial cost and effort and constitute confidential information and valuable trade secrets of HPT (collectively, the "Confidential Information").

23.     HPT derives economic value from the fact that its Confidential Information is not known outside of HPT's business and is not available through any public records and information sources. HPT's Confidential Information cannot be independently developed by its competitors without great effort and expense.

24.     Recognizing the economic value that it derives from its Confidential Information, as well as the potential value of this information to its competitors, HPT requires that its Confidential Information be kept strictly confidential by its employees and restricts access to this information.  HPT has taken substantial steps and security measures to protect the confidentiality of its Confidential Information, including but not limited to the following:

     a)      HPT protects access to its Confidential Information through computer passwords;

     b)      HPT protects to its Confidential Information through hard drive encryption on all employee's computers;

     c)      HPT protects access to its Confidential Information through sophisticated firewalls;

     d)      HPT protects distribution of Confidential Information through non-compete and non-disclosure agreements;

     e)      HPT limits the number of employees having access to its Confidential Information.

     f)      Employees are given access to HPT's Confidential

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - page 5

**EXHIBIT A**
**Page 5 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Information on a "need to know" basis;

g)  HPT does not give access to its Confidential Information to non-employees;

h)  HPT employees are forbidden from copying, transferring or otherwise duplicating any of HPT's Confidential Information; and

i)  HPT requires each employee to return to HPT all Confidential Information when the employee leaves HPT's employ.

25.  Furthermore, HPT undertook reasonable measures to maintain the secrecy of its proprietary products, source code, software and offerings, including but not limited to entering into licensing agreements with protective clauses and installing security measures to prevent others from obtaining access and pirating HPT's confidential and proprietary products, source code, software and offerings.

26.  On or about September 28, 2015, Sykes-Bonnett was issued an HPT Interface with eight (8) credits.

27.  In connection with the HPT Interface issued to Sykes-Bonnett and Defendants' use of HPT's software, Defendants entered into an End User License Agreement ("EULA") with HPT on or about September 28, 2015.  (A copy of the EULA is attached hereto as Exhibit A).

28.  The EULA provided, in pertinent part:

You may not create a derivative work, reverse engineer, decompile, or disassemble the SOFTWARE PRODUCT, except and only to the extent that such activity is expressly permitted by applicable law notwithstanding this limitation

(See Exhibit A).

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 6

EXHIBIT A
Page 6 of 29
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

29.     On or about October 11, 2016, in violation of the EULA, Sykes-Bonnett provides a screenshot to Eric Brooks, an HPT employee, showing a feature obtained by Sykes-Bonnett through reverse engineering and hacking the software.  (A copy of the screenshot is attached hereto as Exhibit B).

30.      In same screenshot, Sykes-Bonnett hints at having reverse engineered the HPT software and intent to create licensing defeat software.  (*See* Exhibit B)

31.     Thereafter, on or November 3, 2016, Sykes-Bonnett threatens to make HPT software with licensing defeated to the public, and admits to hacking Diablo (an HPT competitor) handheld devices. (A copy of the screenshot is attached hereto as Exhibit C).

32.     On the same day, Sykes-Bonnett admits to copying SCT's intellectual property and using it in its own software (an HPT competitor) intellectual property and using in own software.  (A copy of the screenshot is attached hereto as Exhibit D).  Sykes-Bonnett further threatens to copy HPT's intellectual property.  (See Exhibit D).

33.     On November 3, 2016, Sykes-Bonnett further admits to "breaking a few things to get what Keith [Prociuk, who is a current owner] and Ken [Cannata, who is a former owner] promised," which is a reference to defeating HPT's software licensing for his own benefit.  (A copy of the screenshot is attached hereto as Exhibit E).

34.     In a message also dated November 3, 2016 to Eric Brooks, Sykes-Bonnett admits to having "wasted alot [sic] of time reversing [HPT] shit."  (A copy of the message is attached hereto as Exhibit F).

35.     On November 15, 2016, Sykes-Bonnett posts on the popular social media website Facebook that he is allegedly owed 42 credits by HPT.  (A copy of the Facebook post is attached hereto as Exhibit G).

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

36.     These credits are subsequently issued on same day by HPT and Sykes-Bonnett states in a message to Eric Brooks that all "debts" have been settled.  (A copy of the messages between Sykes-Bonnett and Eric Brooks are attached hereto as Exhibit H).

37.     On December 1, 2016, Sykes-Bonnett admits to Eric Brooks in a message that he sent a Facebook friend request to Matt Honeycutt.  (A copy of the message to Eric Brooks is attached as Exhibit I).

38.     On January 16, 2017, Sykes-Bonnett sent a message to Eric Brooks referencing posts made by Matthew Honeycutt on Facebook, which confirms the Facebook "friendship" status between Sykes-Bonnett and Matthew Honeycutt. (A copy of the messages between Sykes-Bonnett and Eric Brooks dated January 16, 2017 are attached hereto as Exhibit J).

39.     On February 9, 2017, an email from the sender isisdistribution@hotmail.com advertises the availability a hacked HPT cable with multiple tuning credits.  (A copy of the email received sent by isisdistribution@hotmail.com is attached hereto as Exhibit K).

40.     On March 16, 2017, Sykes-Bonnett posts a message concerning the availability of a stolen/hacked HPT interface for sale on a Facebook automotive group.  (A copy of the Facebook post is attached hereto as Exhibit L).

41.     The pictures depicting the vehicles and credits available in the email from isisdistribution@hotmail.com and the Facebook post by Sykes-Bonnett are markedly similar and suggest that Sykes-Bonnett and/or others acting in concert with him are behind isisdistribution@hotmail.com email address.  (See Exhibit K and Exhibit L).

42.     On March 28, 2017, in a message to Eric Brooks, Sykes-Bonnett defends his sale of a stolen/cloned HPT interface and contends that HPT "stole a lot of shit in the beginning of

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

HPT and closed the forum and went corp."  (A copy of the March 28, 2017 message is attached as Exhibit M).

43.     On April 7, 2017, Sykes-Bonnett posts a screenshot on Facebook of his alleged software showing a listing of copied HPT parameters.  (A copy of the Facebook post is attached hereto as Exhibit N).

44.     On April 8, 2017 at 7:26 a.m., one of Sykes-Bonnett's Facebook "friends", Morgan Rickard comments "you really don't like HP Tuners lmao." (See Exhibit N).

45.     On April 8, 2017 at 5:06 p.m., Sykes-Bonnett responds as follows: "#fuckhpt Keith, and ken are 2 of the 3 owners and are both bitches. Want to buy shit and pay nothing for it. Fuck them all. I hope they go broke." (See Exhibit N).

46.     On June 24, 2017, the username "ecumaster" on mhhauto.com posts for the first time with intent to help with generating licenses for HPT software publicly stating "I can help you with credits for cheap."  (See Exhibit O attached hereto).

47.     Upon information and belief, "ecumaster" is Sykes-Bonnett acting in concert with Matthew Honeycutt and others.

48.     On June 28, 2017, on the HPT forum, "ecumaster" advertises "Hacked Credits" for HPT's VCM Suite software.  (See Exhibit P attached hereto).  The post states: "No Dramas or Hassles cheap credits.   Only $25aud each, 8 for $100aud or 20 for $200aud. discounthptunercredits@mail.com Cheers".  (See Exhibit P).

49.     On July 6, 2017, on the HPT forum, the username "crackedyou" advertises "cracked" software and licenses. (See Exhibit Q attached hereto).  The post states as follows:

Cracked 2.24

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - page 9

**EXHIBIT A**
**Page 9 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

So we have successfully cracked and patched HPTuner VCM software to never ask for licenses.  You can read, write and edit/save most all 1998-2014 GM cars and some early Ford to about 2010 and Dodge stuff they supported.  Email discounthptunercredits@mail.com if you are interested in this version.  The 3.4 and 3.5 has [sic] been patched already and is [sic] in testing and then we will crack 3.6 and remove the call back to the server.

You can read, save, edit and flash any supported files without EVER being asked to license.  You can use your existing cable or a brand new one and new [sic] use another credit again.

Cheers

50.      Upon information and belief, "crackedyou" is an alias for "ecumaster", and is also Sykes-Bonnett acting in concert with Matthew Honeycutt and others.

51.      The significance of the "cracked" software advertised by crackedyou and ecumaster is that it allows users to bypass all licensing checks and prompts, thus enabling HPT's users to use the software on any vehicle they wish without paying any licensing fees to HPT.

52.      HPT did not authorize crackedyou, ecumaster or any others to modify HPT's software to bypass all licensing checks and prompts to obtain "free" tuning credits from HPT.

53.      On July 6, 2017, HPT contacts discounthptunercredits@mail.com via alias Peter Brodski and purchases four (4) discounted Dodge credits. (See Exhibit R attached hereto).

54.      HPT receives the credits and verifies that it correctly generates the license keys.

55.      On July 14, 2017, discounthptunercredits@mail.com emails select HPT employees (including an employee whose association with HPT is not publicly known to anyone

**EXHIBIT A**
**Page 10 of 29**

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

besides this employee's family, current HPT employees and former HPT employees) containing a link to a "cracked" version of HPT's VCM Suite Software version 3.4.  (See Exhibit S attached hereto).  The email contains a link to HPT's "cracked" proprietary source code and decryption key (which have been redacted on Exhibit S).  The email contends that discounthptunercredits@mail.com has "patched" versions 3.5 and 3.6 of HPT's VCM Suite Software as well.  (See Exhibit S).

56.     On August 21, 2017, discounthptunercredits@mail.com emails select HPT employees demanding a public apology from HPT.  (See Exhibit T).

57.     Specifically, on August 21, 2017 at 1:05 p.m., various HPT personnel received an email from discounthptunercredits@mail.com demanding a public apology from HPT and which threatened the public release of a cracked version of HPT's VCM Suite Software 3.6, its newest release.  (See Exhibit T).   The email containing the extortion threat stated:

> Still waiting for the apology for fucking everyone when you shut down the open source.  Here is a fully cracked 3.6 with no licensing required EVER.
>
> Don't make me release this.  You have until the end of the week.

58.     The email contains a link to HPT's "cracked" proprietary source code and decryption key (which have been redacted on Exhibit T).   As stated above, discounthptunercredits@mail.com was previously selling discounted credits to third parties, which credits have been unlawfully generated using HPT's software.

59.     The August 21, 2017 email from discounthptunercredits@mail.com makes reference to when HPT allegedly "shut down the open source" which Sykes-Bonnett also complained about to Eric Brooks in his message of March 28, 2017.  (See Exhibit T and Exhibit M).

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

60. On August 23, 2017, Keith Prociuk, one of HPT's owners, posts a message to discounthptunercredits@mail.com containing an explanation in response to the threat received on August 21, 2017. (See Exhibit U attached hereto).

61. On August 25, 2017, in connection with arbitration proceedings against a former HPT employee, HPT obtains a temporary restraining order in that matter arising out of the extortion email sent by discounthptunercredits@mail.com.

62. On August 25, 2017, discounthptunercredits@mail.com sends an email to HPT claiming that they will no longer release software. (See Exhibit V attached hereto).

63. Likewise, on August 25, 2017, ecumaster disables all previously posted mega.nz links to hacked HP Tuners software.

64. Upon information and belief, Sykes-Bonnett has worked with others, including but not limited to Defendants, Christopher Breton-Jean and Matthew Honeycutt to reverse engineer and remove licensing from HPT's VCM Suite Software and to distribute it for their own profit as well as to attempt to cause harm to HPT as a company, which they view as competitors.

65. In fact, documentation received from PayPal in connection with the discounthptunercredits@mail.com email (which was collecting money for the discounted credits that were being offered for sale) demonstrates that funds were *paid* by discounthptunercredits@mail.com to Christopher Breton-Jean, a known colleague, friend and associate of Sykes-Bonnett.

66. Upon information and belief, Defendants, Christopher Breton-Jean and others (including but not limited to Lani Carney who resides in Australia but is likely a stolen identity) conspired to create the discounthptunercredits@mail.com email.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

67.     A fundamental component of HPT's business is the sale and distribution of credits via application keys, which are the license mechanism used by customers to tune vehicles.

68.     Only HPT is authorized to generate authentic application keys for use with HPT's products and HPT credits are generally sold for approximately $50.00 USD.

69.     However, Defendants have misappropriated HPT's trade secrets and proprietary information and have knowingly generated, created, used and/or obtained fraudulent application keys that were not generated by HPT.

70.     Upon information and belief, they used the email to unlawfully market and sell thousands of discounted HPT credits.

71.     Upon information and belief, in connection with this scheme, Defendants, themselves and through others, sold such fraudulent application keys.

72.     Upon information and believe, in connection with this scheme, Lani Carney created a PayPal account, collected the funds received from sales of discounted HPT credits, and then in turn paid funds to Christopher Breton-Jean and Sykes-Bonnett after receiving them.

73.     Defendants, acting in concert with others, have wrongfully acquired and possess an HPT license generator tool, which they have used to generate and sell licenses publicly that have been passed off as genuine and authentic products and offerings of HPT.

74.     Defendants, acting in concert with others, have wrongfully accessed, trespassed, engineered and/or hacked HPT's software, systems and source code to remove licensing restrictions from HPT's VCM Suite Software to distribute it for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

75.     Defendants, acting in concert with others, accomplished this via various means including adding extra licenses to existing interfaces and reselling them, by logging in via remote

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 13

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

desktop to customer machines to enter in a hacked license key and by selling a version of hacked software with licensing defeated.

76.     Defendants, acting in concert with others, have attempted to mask their identities by using fake Australian persona and using spoofed Australian internet protocols.

77.     Defendants, acting in concert with others, have publicly posted confidential and proprietary information of HPT including screenshots of HPT's parameter lists which were stolen and which Defendants incorporated into their own software.

78.     Defendants, acting in concert with others, have also attempted to sell a cloned HPT interface with hacked credits on Facebook for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

79.     Defendants' generation and/or use of fraudulent application keys to obtain credits without purchasing them from HPT constitutes a violation of the terms and provisions of the EULA, otherwise infringes upon HPT intellectual property rights and constitutes a misappropriation of HPT's confidential and proprietary information.

80.     Defendants have knowingly and wrongfully acquired, possess and are using fraudulent application keys to generate licenses, tune vehicles and generate revenues for their own benefit or the benefit of others.

81.     Defendants' misconduct includes adding extra licenses to existing interfaces using fraudulent application keys, which were not generated by HPT.

## COUNT I

## VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030

82.     HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

83.     Defendants, knowingly and with intent to defraud, wrongfully accessed, trespassed, engineered and/or hacked HPT's software, systems and source code to remove licensing restrictions from HPT's VCM Suite Software to distribute it for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

84.     Moreover, Defendants, acting in concert with others, accomplished this via various means including adding extra licenses to existing interfaces and reselling them, by logging in via remote desktop to customer machines to enter in a hacked license key and by selling a version of hacked software with licensing defeated.

85.     HPT's business, computers, software, systems and source code are used in, and affect, interstate commerce.

86.     Moreover, in doing so, Defendants intended to and succeeded in obtaining something of value in excess of $5,000 per year (as required by the CFAA).

87.     Through its fraudulent activity, Defendants have generated profits and obtained revenues that otherwise would have gone to HPT.

88.     Defendants' activities described hereinabove constitute a violation of the CFAA, 18 U.S.C. §1030(a)(4).

89.     Plaintiff, HPT, may maintain a civil action against Defendants for violations of the CFAA pursuant to 18 U.S.C. §1030(g).

90.     HPT is entitled to compensatory damages, injunctive relief and other equitable relief.

91.     On or about March 27, 2017, and subsequently thereto, HPT demanded that Defendants cease and desist from their offending conduct.

92.     However, Defendants have failed to comply.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 15

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

93.     As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damage to its business and goodwill in an amount to be proven at trial.

94.     If Defendants are permitted to continue its conduct, HPT will be irreparably harmed.  HPT has been and continues to be damaged in an amount to be proven at trial and also in a manner and amount that cannot be fully measured or compensated in economic terms.  Such irreparable damage will continue unless Defendants' conduct is enjoined during the pendency of this action and thereafter.

## COUNT II

## VIOLATION OF THE DEFEND THE TRADE SECRETS ACT, 18 U.S.C. § 1836

## WASHINGTON UNIFORM TRADE SECRET ACT, RCW 19.108

95.     HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

96.     HPT owned and possessed confidential and proprietary documents and data containing trade secrets, including but not limited to source code.

97.     Without authorization by HPT, upon information and belief, a third party (who was a former employee of HPT) provided Defendants with copies of and access to confidential and proprietary information of HPT, including its confidential and proprietary source code.

98.     The confidential and proprietary source code wrongfully obtained and possessed by Defendants gives Defendants, and those active in concert with them, the ability to modify HPT's confidential and proprietary source code to allow users to bypass all licensing checks and prompts, thus enabling HPT's users to use the software on any vehicle they wish without paying any licensing fees to HPT.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 16

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

99.     HPT's confidential and proprietary source code has never been accessible to the public.

100.     HPT has taken various reasonable measures to ensure that its source code remains confidential and proprietary, and to prevent misappropriation of its confidential and proprietary trade secrets, including its source code.

101.     HPT's trade secrets derive independent economic value, both actual and potential, from not being generally known to other persons, businesses, or the public, who could obtain economic value from their disclosure or use.

102.     In violation of law, Defendants have misappropriated HPT's trade secrets by modifying HPT's confidential and proprietary software to bypass all licensing checks and prompts to obtain "free" tuning credits from HPT.

103.     Defendants, acting in concert with others, have wrongfully accessed, trespassed, engineered and/or hacked HPT's software, systems and source code to remove licensing restrictions from HPT's VCM Suite Software to distribute it for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

104.     Moreover, Defendants, acting in concert with others, accomplished this via various means including adding extra licenses to existing interfaces and reselling them, by logging in via remote desktop to customer machines to enter in a hacked license key and by selling a version of hacked software with licensing defeated.

105.     Furthermore, Defendants have misappropriated HPT's parameter lists without HPT's authorization and by having incorporated them into Defendants' own software.

106.     Likewise, Defendants have misappropriated HPT's confidential and proprietary information by attempting to sell a cloned HPT interface with hacked credits on the internet.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

107.   Such use of HPT's confidential and proprietary trade secret information constitutes misappropriation under the DTSA.

108.   As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damage to its business and goodwill in an amount to be proven at trial.

109.   If Defendants are permitted to continue its conduct, HPT will be irreparably harmed.  HPT has been and continues to be damaged in an amount to be proven at trial and also in a manner and amount that cannot be fully measured or compensated in economic terms.  Such irreparable damage will continue unless Defendants' conduct is enjoined during the pendency of this action and thereafter.

## COUNT III

## <u>VIOLATION OF THE WASHINGTON UNIFORM TRADE SECRET ACT, RCW 19.108</u>

110.   HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

111.   HPT owned and possessed confidential and proprietary documents and data containing trade secrets, including but not limited to source code.

112.   Without authorization by HPT, upon information and belief, a third party (who was a former employee of HPT) provided Defendants with copies of and access to confidential and proprietary information of HPT, including its confidential and proprietary source code.

113.   The confidential and proprietary source code wrongfully obtained and possessed by Defendants gives Defendants, and those active in concert with them, the ability to modify HPT's confidential and proprietary source code to allow users to bypass all licensing checks and

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 18

**EXHIBIT A**
**Page 18 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

prompts, thus enabling HPT's users to use the software on any vehicle they wish without paying any licensing fees to HPT.

114.    HPT's confidential and proprietary source code has never been accessible to the public and is valued at millions of dollars.

115.    HPT has taken various reasonable measures to ensure that its source code remains confidential and proprietary, and to prevent misappropriation of its confidential and proprietary trade secrets, including its source code.

116.    HPT's trade secrets derive independent economic value, both actual and potential, from not being generally known to other persons, businesses, or the public, who could obtain economic value from their disclosure or use.

117.    In violation of law, Defendants have misappropriated HPT's trade secrets by modifying HPT's confidential and proprietary software to bypass all licensing checks and prompts to obtain "free" tuning credits from HPT.

118.    Defendants, acting in concert with others, have wrongfully accessed, trespassed, engineered and/or hacked HPT's software, systems and source code to remove licensing restrictions from HPT's VCM Suite Software to distribute it for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

119.    Moreover, Defendants, acting in concert with others, accomplished this via various means including adding extra licenses to existing interfaces and reselling them, by logging in via remote desktop to customer machines to enter in a hacked license key and by selling a version of hacked software with licensing defeated.

120.    Furthermore, Defendants have misappropriated HPT's parameter lists without HPT's authorization and by having incorporated them into Defendants' own software.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 19

**EXHIBIT A**
**Page 19 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

121.    Likewise, Defendants have misappropriated HPT's confidential and proprietary information by attempting to sell a cloned HPT interface with hacked credits on the internet.

122.    Such use of HPT's confidential and proprietary trade secret information constitutes misappropriation under the Washington Uniform Trade Secrets Act, RCM 19.108.

123.    As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damage to its business and goodwill in an amount to be proven at trial.

124.    If Defendants are permitted to continue their misconduct, HPT will be irreparably harmed.  HPT has been and continues to be damaged in an amount to be proven at trial and also in a manner and amount that cannot be fully measured or compensated in economic terms.  Such irreparable damage will continue unless Defendants' conduct is enjoined during the pendency of this action and thereafter.

**COUNT IV**

**VIOLATION OF THE ILLINOIS TRADE SECRETS ACT, 765 ILCS 1065/1, ET. SEQ.**

125.    HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

126.    HPT owned and possessed confidential and proprietary documents and data containing trade secrets, including but not limited to source code.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - page 20

**EXHIBIT A**
**Page 20 of 29**
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

127.    Without authorization by HPT, upon information and belief, a third party (who was a former employee of HPT) provided Defendants with copies of and access to confidential and proprietary information of HPT, including its confidential and proprietary source code.

128.    The confidential and proprietary source code wrongfully obtained and possessed by Defendants gives Defendants, and those active in concert with them, the ability to modify HPT's confidential and proprietary source code to allow users to bypass all licensing checks and prompts, thus enabling HPT's users to use the software on any vehicle they wish without paying any licensing fees to HPT.

129.    HPT's confidential and proprietary source code has never been accessible to the public.

130.    HPT has taken various reasonable measures to ensure that its source code remains confidential and proprietary, and to prevent misappropriation of its confidential and proprietary trade secrets, including its source code.

131.    HPT's trade secrets derive independent economic value, both actual and potential, from not being generally known to other persons, businesses, or the public, who could obtain economic value from their disclosure or use.

132.    In violation of law, Defendants have misappropriated HPT's trade secrets by modifying HPT's confidential and proprietary software to bypass all licensing checks and prompts to obtain "free" tuning credits from HPT.

133.    Defendants, acting in concert with others, have wrongfully accessed, trespassed, engineered and/or hacked HPT's software, systems and source code to remove licensing restrictions from HPT's VCM Suite Software to distribute it for their own profit as well as to cause harm to HPT, which Defendants view as a competitor.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 21

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

134.    Moreover, Defendants, acting in concert with others, accomplished this via various means including adding extra licenses to existing interfaces and reselling them, by logging in via remote desktop to customer machines to enter in a hacked license key and by selling a version of hacked software with licensing defeated.

135.    Furthermore, Defendants have misappropriated HPT's parameter lists without HPT's authorization and by having incorporated them into Defendants' own software.

136.    Likewise, Defendants have misappropriated HPT's confidential and proprietary information by attempting to sell a cloned HPT interface with hacked credits on the internet.

137.    Such use of HPT's confidential and proprietary trade secret information constitutes misappropriation under the Illinois Trade Secrets Act.

138.    As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damage to its business and goodwill in an amount to be proven at trial.

139.    If Defendants are permitted to continue its conduct, HPT will be irreparably harmed.  HPT has been and continues to be damaged in an amount to be proven at trial and also in a manner and amount that cannot be fully measured or compensated in economic terms.  Such irreparable damage will continue unless Defendants' conduct is enjoined during the pendency of this action and thereafter.

**COUNT V**

**UNFAIR COMPETITION UNDER THE**

**WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020**

140.    HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 22

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

141.    Through the acts described hereinabove, Defendants have engaged in unfair practices in violation of the public interest by misappropriating the trade secrets of HPT.

142.    Specifically, Defendants' deceives the public by passing off HPT credits and license keys as authentic products and offerings of HPT when, in fact, they are not.

143.    Defendants' misconduct, as described hereinabove, affects the public interest.

144.    HPT's interests have been injured in numerous ways as a result of Defendants' unfair and deceptive acts and practices.

145.    But for Defendants' unfair and deceptive practices, HPT would not have suffered these injuries.

**COUNT VI**

**<u>UNFAIR COMPETITION UNDER THE ILLINOIS CONSUMER FRAUD AND</u>**

**<u>DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 ET. SEQ.</u>**

146.    HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

147.    Through the acts described hereinabove, Defendants have engaged in unfair practices in violation of the public interest by misappropriating the trade secrets of HPT.

148.    Specifically, Defendants' deceives the public by passing off HPT credits and license keys as authentic products and offerings of HPT when, in fact, they are not.

149.    Defendants' misconduct, as described hereinabove, affects the public interest.

150.    HPT's interests have been injured in numerous ways as a result of Defendants' unfair and deceptive acts and practices.

151.    But for Defendants' unfair and deceptive practices, HPT would not have suffered these injuries.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 23

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## COUNT VII

## **BREACH OF CONTRACT**

152.    HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

153.    On or about September 28, 2015, in connection with Defendants' use of HPT's software, Defendants entered into the EULA with HPT.

154.    The EULA is a valid and enforceable contract.

155.    HPT fully performed its obligations under the EULA.

156.    The EULA provided, in pertinent part:

> You may not create a derivative work, reverse engineer, decompile, or disassemble the SOFTWARE PRODUCT, except and only to the extent that such activity is expressly permitted by applicable law notwithstanding this limitation

(See Exhibit A).

157.    By virtue of Defendants' misconduct as set forth hereinabove, Defendants have breached their obligations under the EULA.

158.    Defendants' misconduct constitutes a material breach of the EULA.

159.    As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damages in an amount to be proven at trial.

## COUNT VIII

## **TORTIOUS INTEFERENCE WITH PROSPECTIVE**

## **CONTRACTUAL OR ECONOMIC RELATIONS**

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

160.    HPT repeats and realleges ¶¶ 1 through 81 of the Complaint as if fully set forth herein.

161.    HPT has maintained valid business relationships with many vendors, resellers and customers.

162.    HPT has a reasonable expectation that the relationships with its vendors, resellers and customers will continue and will not be disrupted by Defendants' conduct.

163.    Defendants' knew of HPT's relationships and expectations, but intentionally, wrongfully and unjustifiably interfered with those relationships.

164.    Specifically, Defendants have solicited vendors, customers and suppliers of HPT to purchase hacked license keys and versions of software with licensing defeated from Defendants, have sold hacked license keys and versions of software with licensing defeated to third parties, and have interfered with HPT's relationships with its vendors, resellers and customers.

165.    As a result of Defendants' actions, HPT has suffered irreparable harm for which it has no adequate remedy at law.  Unless enjoined, Defendants' will continue to harm HPT's business, causing further irreparable harm to HPT.

166.    As a direct and proximate result of Defendants' ongoing violations and the misconduct alleged herein, HPT has suffered, and will continue to suffer substantial injuries, loss and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** HPT respectfully prays for judgment against Defendants, **KEVIN SYKES-BONNET, JOHN MARTINSON** and **SYKED ECU TUNING INCORPORATED**, and in favor of HP Tuners, LLC as follows:

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 25

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1.     Awarding and ordering an accounting and disgorgement of all Defendants' profits and/or damages suffered by Plaintiff due to Defendants' misappropriation of the HPT's confidential and proprietary trade secrets pursuant to:

      a.   the Computer Fraud and Abuse Act, 18 U.S.C. §1030;

      b.   the Defend Trade Secrets Act, 18 U.S.C. §1836 et seq.;

      c.   the Washington Uniform Trade Secrets Act, RCW 19.108; and

      d.   the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.

2.     Awarding Plaintiff exemplary damages as authorized by statute for Defendants' willful misappropriation.

3.     Enjoining Defendants from using misappropriated trade secrets pursuant to statute.

4.     Entry of a declaratory judgment that Defendants' conduct was a violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 (a)(4).

5.     Enjoining Defendants from accessing HPT's Protected Computers.

6.     Awarding such other and further relief as may be just and proper caused by Defendants' violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 (a)(4).

7.     Awarding HPT compensatory damages, in an amount to be proven at trial.

8.     Awarding pre- and post-judgment interest to HPT.

9.     Awarding HPT a preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them from:

      a.   Passing off any of their products or services as those of HPT;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 26

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

b.  Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendants' businesses, products or services;

c.  Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with HPT or any of HPT products or services; and

d.  Unfairly competing with HPT in any manner.

10.     An award of damages in an amount to be proven at trial based on Defendants' unfair competition.

11.     An award of damages in an amount to be proven at trial based on Defendants' breach of contract.

12.     An award of damages in an amount to be proven at trial based on Defendants' tortious interference with HPT's prospective contractual or economic relations.

13.     An order that Defendants be required to file with the Court and to serve upon HPT counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order.

14.     An award of the costs and expenses, including reasonable attorney's fees, incurred by HPT in connection with this action as provided for by statute.

15.     An award of such other and further relief as the Court deems just and proper.

Dated this _____ day of _____, 2018.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

_____
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - page 27

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  Vancouver, WA 98663
Telephone:  (360) 750-7547
2  Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
3

4  Andrew P. Bleiman
(admitted *pro hac vice*)
5  Marks & Klein
1363 Shermer Road, Suite 318
6  Northbrook, Illinois 60062
(312) 206-5162
7  E-mail:  andrew@marksklein.com

8  Attorneys for HP Tuners, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 28

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## <u>VERIFICATION</u>

2

I, KEITH PROCIUK, as Member of HP TUNERS, LLC, declare under penalty of perjury

3

under the laws of the United States of America that I have read and reviewed the allegations

4

contained in the foregoing First Amended Complaint for Injunctive Relief and Damages, that I

5

have knowledge pertaining to the allegations set forth in the foregoing document, and that those

6

allegations are true and correct to the best of my knowledge and belief.  Executed on March 21,

7

2018.

8

HP TUNERS, LLC

9

10

_____

11

KEITH PROCIUK, Member

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - page 29

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547