HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) CASE NO.  3:17-cv-05760-BHS |
| Plaintiff, | ) ) **MOTION TO QUASH DEFENDANTS' SUBPOENA ISSUED TO THIRD PARTY GOOGLE** |
| vs. | ) |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) **NOTE ON MOTION CALENDAR: MAY 25, 2018** ) ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff HP TUNERS, LLC ("HPT" or "Plaintiff"), by its attorneys, hereby submits this Motion pursuant to F.R.C.P. Rule 45(d), to Quash the Subpoena served upon non-party Google by Defendants KEVIN SYKES-BONNETT ("Sykes Bonnett") and SYKED ECU TUNING INCORPORATED, a Washington corporation ("Syked Inc.") (together, "Defendants").  In support thereof, HPT submits the accompanying memorandum of law and states the following:

1.     Plaintiff brings this Motion to Quash the Subpoena Issued to Google (the "Motion") in an effort to preclude Defendants from abusing the judicial system in an unjustified attempt to obtain irrelevant information, subject the alleged owner of the Google voice number

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

to an improper and unduly burdensome fishing expedition into potentially personal and private information, and squander the resources of Plaintiff, third party Google, and the Court.

On May 7, 2018, Plaintiff's counsel conferred with Defendants' counsel, John Whitaker, regarding this Motion and Defendants do not consent to the entry of the order sought herein.

Defendants filed a Notice of Intent to Serve a Subpoena for Deposition on [non-party] Google (the "Subpoena"), pursuant to which Defendants inexplicably seek extensive data related to an alleged Google voice number, the relevance of which is not described or identified anywhere in the document.  In response, Plaintiff brings this Motion to Quash the Subpoena Issued to Google (the "Motion") in an effort to preclude Defendants from abusing the judicial system in an unjustified attempt to obtain irrelevant information, subject the alleged owner of the Google voice number to an improper and unduly burdensome fishing expedition into potentially personal and private information, and squander the resources of Plaintiff, third party Google, and the Court.

**RELEVANT HISTORY**

Plaintiff HPT is in the business of providing cost effective automobile tuning and data acquisition solutions for individuals and professional automobile shops nationwide.  *See* Plaintiff's First Amended Complaint, dated April 30, 2018 (the "FAC"), ¶¶ 5, 12. HPT's confidential and proprietary software, source code, license key generator, and other offerings have been developed and extensively refined by HPT at a substantial cost and effort, and constitute the confidential information and valuable trade secrets of HPT (collectively, the "Confidential Information").  FAC ¶¶ 20-23.  HPT has taken substantial steps and security measures to protect its Confidential Information and to maintain the secrecy of its proprietary products, source code, software, and offerings.  FAC ¶¶ 24-25.

In violation of Plaintiff's statutory and common law rights intellectual property rights, Defendants have misappropriated HPT's proprietary software, systems and source code and have

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

removed licensing restrictions from the software, unlawfully distributed the fraudulent HPT product for their own profit, and publicly disclosed HPT Confidential Information in an attempt to damage Plaintiff. FAC ¶¶ 29-81. On September 20, 2017, Plaintiff filed suit against Defendants seeking monetary and injunctive relief for state and federal statutory violations, breach of contract, and tortious interference. FAC ¶¶ 82-166. On April 25, 2018, Defendants filed the Subpoena at issue in this Motion.

**ARGUMENT**

**I.   Applicable Law**

The scope of discovery through a third party subpoena is subject to specific limitations that preclude the issuing party from engaging in a fishing expedition or from using the discovery process as a means to harass, inconvenience, or prejudice another party. Specifically, the scope of discovery through a subpoena issued to a non-party pursuant to F.R.C.P. 45 "is the same as that applicable to Rule 34 and other discovery rules." Fed. R. Civ. P. 45, Advisory Committee notes (1970). "Under Rule 34, the rule governing the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b)." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006) (*citing* Fed. R. Civ. P. 34; *Heat & Control, Inc. v. Hester Industries Inc.*, 785 F. 2d 1017 (Fed. Cir. 1986)).

Pursuant to Rule 26:

> Parties may obtain discovery regarding any non-privileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (Emphasis added). "Rule 26 also specifies that '[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii),' which requires that discovery methods be limited where:

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (*quoting* Fed. R. Civ. P. 26(b)(2)).

Furthermore, Rule 26 "gives district courts broad latitude to limit the extent of discovery to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes." *Fleming v. Parnell*, 2013 U.S. Dist. LEXIS 90242, at \*6-7, No. C13-5062-BHS (W.D. Wash., June 26, 2013), *citing* Fed. R. Civ. P. 26(c)(1) and 26(g)(1)(B)(ii).  Where, as here, the proposed discovery is outside the scope permitted by Rule 26(b)(1), the court *must* limit the discovery.  Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden.").

Finally, third party subpoenas, like the subpoena at issue here, are subject to a heightened standard of review in determining their propriety under the rules of discovery: "[u]nderlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." *Gonzales*, 234 F.R.D. at 680 (*quoting Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)); *see also Collins and Aikman Corp. v. J.P. Stevens & Co., Inc.*, 51 F.R.D. 219, 229 (D.S.C. 1971) ("There appear to be quite strong considerations indicating that discovery would be *more* limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.") (emphasis added).

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**II.     The Subpoena Improperly Seeks Personal Information that is Unduly Burdensome, Irrelevant, and Potentially Privileged**

**A. Relevance**

Defendants' Subpoena issued upon Google should be quashed because it seeks irrelevant information.  Defendants are issuing a subpoena to a non-party for phone records and provide no indication whatsoever regarding the relevance of the information sought.

As set forth above, discovery upon third parties is subject to a heightened standard "to protect third parties from harassment, inconvenience, or disclosure of confidential documents."  *Collins and Aikman*, *supra*, 51 F.R.D. at 229.  In this case, Defendants' proper discovery is limited to information relevant to the actual claims and defenses set forth in the pleadings.  As explained by the court in *Ademiluyi v. Philips*, "The Advisory Committee has declared that it 'intends . . . the parties and the court [to] focus on the actual claims and defenses involved in the action' and, in doing so, a court 'has the authority to confine discovery to claims and defenses asserted in the pleadings, and signal to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"  2014 U.S. Dist. LEXIS 173739, at *4-5, No. 2:14-cv-00507 (Dist. Nev., Dec. 12, 2014).

In *Ademiluyi*, a matter also considering the permissibility of a subpoena issued upon a third party, and also seeking phone records, the Court quashed a subpoena issued to a third party whose connection to the litigation was clearly established.  There, the third party was the owner of the hotel room at which plaintiff was allegedly assaulted by the defendant, and plaintiff argued the subpoena was relevant to obtain information demonstrating the subpoena recipient's motives to corruptly cover up the alleged crimes.  *Id.* at *7.  Despite the third party's apparent connection to the claims, the court quashed the subpoena for lack of relevancy to the actual claims or defenses pled.  *Id*. at *9.  Here, there is no established connection or relevancy whatsoever between the information sought and the subject matter of the litigation, let alone any specific
MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

connection to Defendants' defense theories, as pled.  Far from meeting the heightened standard characterizing permissible third party discovery (*see Gonzales, supra,* 234 F.R.D. at 680), Defendants provide absolutely no basis for the relevance of the Subpoena whatsoever. Accordingly, the Subpoena is improper and must be quashed.

### B.  Undue Burden

Even if Defendants could demonstrate that the Subpoena seeks information that may have some relevance to the instant matter, which they cannot, the Subpoena is still improper as unduly burdensome.  "A court may modify or quash a subpoena even for relevant information if it finds that there is an undue burden on the non-party."  *Gonzalez*, 234 F.R.D. at 683.  Here, the Subpoena creates an undue burden on the alleged owner of the Google voice number by failing to narrow the scope of the request to cover only relevant data.  *Rollins v. Traylor Bros*., Inc., 2017 U.S. Dist. LEXIS 69211, at *7, No. C14-1414-JCC (W.D. Wash. May 5, 2017) ("A subpoena should be tailored with some particularity to the relevant information that the requesting party hopes to gain.").

Defendants do not make any effort to narrow the Subpoena to obtain data for calls with parties to the litigation, or for calls with individuals or entities related to the litigation, nor do they limit the scope of the Subpoena to business-related calls.  Rather, the Subpoena covers all data related to the identified phone number, regardless of whether the data reflects personal or business calls, calls relevant to the instant matter, or calls completely unconnected to any facet of this case.  The cost of this type of broad discovery request completely outweighs the likely benefits, if any benefits whatsoever are to be had from this ostensible fishing expedition into a Google voice account, and as such, must be quashed.  *See, e.g.*, *Rollins, supra*, 2017 U.S. Dist. LEXIS at *9 (quashing subpoenas which failed to "cater" to the "records and employers relevant to the [ ] plaintiff"); *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

subpoena seeking the production of all purchasing information where the underlying contract dispute was limited to a particular geographic region).

Moreover, completely unrestricted in its scope, the request is likely to cause a completely unnecessary invasion of privacy. This type of unchecked demand for discovery is improper and prohibited under Rule 45's language granting the Court "broad latitude to limit the extent of discovery to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes." *Fleming v. Parnell*, 2013 U.S. Dist. LEXIS 90242, at *6-7, No. C13-5062-BHS (W.D. Wash., June 26, 2013), *citing* Fed. R. Civ. P. 26(c)(1) and 26(g)(1)(B)(ii).

### III.  Plaintiff is Entitled to Fees and Costs

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), where a discovery motion is granted, the court "must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Courts have applied this rule to situations in which a motion to quash a discovery request, including subpoenas, has been granted. *See, e.g., Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1274 (W.D. Wash., 2010) (awarding fees where third party's motion to quash two subpoenas served by defendants was granted); *see also Wright v. Fred Hutchinson Cancer Research Ctr.*, 206 F.R.D. 679, 683 (W.D. Wash., 2002) (awarding fees where requesting party's motion to compel third party's production of documents was denied).

In the instant matter, Plaintiff respectfully requests the Court award it costs and fees upon granting this motion. Defendants' service of this improper, overly broad, irrelevant, and unnecessary subpoena upon Google constitutes a waste of both the parties' and the court's resources, and, as such, should be met with proper sanction so as to deter similar conduct going forward.

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CONCLUSION

In consideration of the foregoing, this Court should quash the Defendants' Subpoena issued to Google, and award Plaintiff attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Dated: May 8, 2018                                   Respectfully submitted,

<u>s/ Stephen G. Leatham</u>
Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

<u>s/ Andrew P. Bleiman</u>
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Tel: (312) 206-5162
E-mail:  andrew@marksklein.com

Attorneys for HP Tuners, LLC

MOTION TO QUASH SUBPOENA TO
THIRD PARTY GOOGLE - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

MOTION TO QUASH SUBPOENA TO THIRD PARTY GOOGLE - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547