HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>　　　　　　Defendants. | CASE NO.  3:17-cv-05760-BHS<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON** |

Plaintiff HP TUNERS, LLC ("HPT" or "Plaintiff"), by its attorneys, hereby submits this response in opposition to Defendant John Martinson's Motion to Dismiss First Amended Complaint as to Defendant John Martinson.

**INTRODUCTION**

On September 20, 2017, Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff") filed a Complaint for Injunctive Relief and Damages (the "Complaint") as against Defendants Kevin Sykes-Bonnett ("Sykes-Bonnett") and Syked ECU Tuning, Inc. ("Sykes ECU Tuning") (together, "Defendants"), asserting violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Defend Trade Secrets Act, 18 U.S.C. § 1836, the Washington Uniform Trade Secrets Act, RCW 19.108, the Illinois Trade Secrets Act, 765 ILCS 1065/1, et. seq., the Washington

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Consumer Protection Act, RCW 19.86.020, the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1, et. seq., and common law.  Plaintiff's claims allege, inter alia, that Defendants hacked the HP Tuners software, systems, and source code, knowingly generated and sold fraudulent application keys, unlawfully marketed and sold thousands of discounted HPT credits via email, removed licensing restrictions to unlawfully distribute the software, systems, and source code for their own profit, extorted HP Tuners, and unlawfully shared HP Tuners' confidential and proprietary information, which Defendants had stolen.  FAC ¶¶ 69-77.

On April 16, 2018, Plaintiff filed its First Amended Complaint for Injunctive Relief and Damages (the "FAC") in which Plaintiff added John Martinson ("Martinson"), an officer of Syked ECU Tuning, as a named individual Defendant.  On April 30, 2018, Defendant filed his Motion to Dismiss Plaintiff's First Amended Complaint as to Defendant John Martinson (the "Motion to Dismiss"), seeking to dismiss Plaintiff's claims as against Martinson pursuant to Fed. R. Civ. P. 12(b)(6).[1]

Defendant's Motion to Dismiss is not supported by either the relevant facts or applicable legal standards, and as such, must be denied.  Defendant relies on inconsequential red herrings, such as the fact that Plaintiff allegedly failed to plead any *new* facts in the FAC, and that Plaintiff "had no excuse" for failing to name Martinson as a defendant its initial Complaint, in support of the unjustifiable position that Plaintiff has failed to plead sufficient facts to state a claim against Martinson.  In fact, there is nothing which would prevent or which would have prevented Plaintiff from initiating a new, separate action against Defendant Martinson which undermines Defendant's entire argument in support of dismissal.

---

[1] By virtue of Defendant Martinson's filing of the Motion to Dismiss, Martinson has waived service of process and has appeared in this action.

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

In fact, there is no requirement that Plaintiff plead any new facts in order to state a claim against Martinson, under either the relevant pleading standard or the requirements controlling pleading amendments.  Plaintiff provides a detailed, fact-based narrative setting forth the events underlying its claims, thereby providing specificity in its pleading that goes well beyond the basic requirements for stating a claim sufficient to survive a Rule 12(b)(6) motion to dismiss.  Despite Defendant's brief reference to corporate immunity in its brief, the facts as pled, accepted as true, overcome any claims of immunity Martinson may wish to assert, and support a finding of personal liability as against Martinson for the tortious, bad faith actions he committed as an individual.

Furthermore, the assertion that Martinson was listed as a business partner of Sykes-Bonnett in the Washington Secretary of State's records is inconsequential to the determination of whether Plaintiff is permitted to amend its Complaint and now name Martinson as a defendant in the FAC.  In determining whether a pleading may be amended to add a defendant, courts look to concepts such as prejudice, undue delay, futility, and bad faith.  The assertion that Plaintiff, had it exhausted all resources, could have learned the identity of a defendant first named in the FAC prior to filing the initial Complaint, is entirely irrelevant, especially under the liberal allowance of pleading amendments set forth in the Federal Rules of Civil Procedure.

Notably, Defendant does not claim Mr. Martinson was not involved in any of the alleged activities; rather, they seek to shield him from liability through technical and procedural obfuscations, including corporate immunity and a misapplied *Twombly*-based argument, that do not stand up to basic legal analysis.  Accordingly, Defendant's Motion to Dismiss should be denied.

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# ARGUMENT

## I. Plaintiff's First Amended Complaint is Permissible Under the Federal Rules' Provision for Liberal Pleading Amendments.

The Federal Rules of Civil Procedure provide for liberal pleading amendments. Recognizing this liberal standard, Plaintiff's motion for leave to file a First Amended Complaint adding Defendant John Martinson was granted. In this case, there were no grounds upon which to deny Plaintiff's procedural right to amend its Complaint to add Martinson as a defendant. Defendant does not allege that Plaintiff has added Martinson in bad faith, that amending the Complaint to add Martinson is futile, nor that adding an additional defendant will result in undue delay. Defendant does not, and cannot, point to any possible prejudice as a result of amending the Complaint to add Martinson as a defendant at this early stage of the litigation.

Moreover, while Defendant places great weight on the "public" nature of Martinson's status as an officer of Syked ECU Tuning, this alleged fact has absolutely no bearing on the instant analysis. Plaintiff was unaware that Martinson was an officer of the Defendant corporation prior to filing the initial Complaint. However, even if Plaintiff had been aware of Martinson's status as an officer prior to filing the initial Complaint, that circumstance would be inapposite to the determination of whether he may now be added as a defendant. As set forth above, that determination exclusively turns on the lack of prejudice, bad faith, undue delay, and futility that could arise from adding a new defendant.

Under these circumstances, Plaintiff addition of Martinson as a defendant at this juncture is proper. *Zellmer v. Constantine*, 520 Fed. Appx. 564, 565 (9th Cir. 2013) (reversing lower court's denial of plaintiff's motion to add as a named defendant an officer who participated in plaintiff's arrest); see also *DCD Programs*, 833 F. 2d at 186 ("This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."); *U.S. v.*

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

*Webb*, 655 F. 2d 977 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'").

## II.     Plaintiff Has Alleged Sufficient Facts to State a Claim Against Martinson.

Plaintiff's allegations against Martinson as set forth in the FAC present a detailed narrative of Martinson's alleged unlawful acts and, as such, state a claim more than sufficient to survive a motion to dismiss.  In determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are to "construe[] the complaint in the light most favorable to the non-moving party.  The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff."  *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1125 (W.D. Wash. 2010) (internal citations omitted).

Here, the allegations present a clear and coherent narrative under which Martinson may be held liable for the claims against him.  In particular, Plaintiff alleges that Martinson, along with Sykes-Bonnett and others, acted individually and on behalf of corporate Defendant Syked ECU Tuning, to wrongfully obtain and possess Plaintiff's confidential and proprietary source code, trade secrets, and other proprietary information.  FAC ¶ 3.  In particular, the FAC alleges that HP Tuners issued to Syked ECU Tuning, of which Martinson is a principle and agent, an HP Tuners interface, along with eight (8) credits, and entered into an End User License Agreement ("EULA") with Syked ECU Tuning.  FAC ¶¶ 26, 27.  The FAC further alleges that Defendants then hacked the HP Tuners software, systems, and source code, knowingly generated and sold fraudulent application keys, unlawfully marketed and sold thousands of discounted HPT credits via email, removed licensing restrictions to unlawfully distribute the software, systems, and source code for their own profit, and unlawfully shared HP Tuners' confidential and proprietary information, which Defendants had stolen.  FAC ¶¶ 69-77.  In addition to these detailed allegations, the FAC also provides facts regarding exactly how Defendants went about their theft and unlawful sale of HP Tuners' intellectual property, including specifying the Facebook

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

accounts and email addresses from which Defendants admitted their misappropriation of HP Tuners' property, extorted HP Tuners, and marketed and sold the stolen products.  FAC ¶¶ 29-62.

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Far from failing to meet the pleading standard set forth in *Iqbal* and *Twombly*, based on the facts as pled, it is entirely plausible that Martinson was integrally involved in the alleged scheme to steal and distribute HP Tuners' proprietary property.

First, the facts demonstrate that Defendant Sykes-Bonnett did not act alone, but rather acted as part of a network of individuals associated with Syked ECU Tuning, all engaged in a scheme to misappropriate and sell HP Tuners' proprietary information and products.  For example, as set forth in the FAC, documentation received from PayPal in connection with the email discouthptunercredits@mail.com (which was collecting money for the discounted credits that Defendants were offering for sale) demonstrates that the PayPal funds derived from the scheme were paid to a third party colleague of Sykes-Bonnett.  FAC ¶ 65.  Sykes-Bonnett also refers to a *group* of individuals in connections with the scheme, stating "*We* have successfully cracked and patched HPTuner VCM software to never ask for licenses."  FAC ¶ 49 (emphasis added).  The involvement of multiple individuals at Syked ECU Tuning in the alleged scheme strongly supports the allegation that Martinson, as principle of the corporation, was also involved.

Furthermore, Sykes-Bonnett's involvement in the scheme was readily apparent to friends and colleagues familiar with his Facebook postings, on which he explicitly admitted to hacking HP Tuners' software.  The FAC particularly alleges that Sykes-Bonnett posted a Facebook message on March 16, 2017 regarding the availability of stolen HP Tuners interface, and attaches the post as an exhibit.  FAC ¶ 40.  The FAC also alleges Sykes-Bonnett posted to Facebook a

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

screenshot of his software showing a listing of copied HPT parameters, and also attaches that post as an exhibit. Id. ¶ 45. Thus, the facts as pled demonstrate that Sykes-Bonnett openly publicized his unlawful activities, strongly weighing against any assertion that Martinson was unaware of the scheme.

Finally, Martinson's position as an officer and agent of Syked ECU Tuning, which is a direct competitor of HP Tuners, demonstrates that Martinson had great incentive to undermine HP Tuners' business, thereby further increasing the plausibility that he was involved in the scheme. As an agent of Syked ECU Tuning and close colleague of Sykes-Bonnett, it is extremely plausible that Martinson was involved in the elaborate and lengthy process of unlawfully hacking HP Tuners software, extorting HP Tuners, and marketing and selling HP Tuners proprietary property and information. Likewise, as detailed more fully below, the statutory claims themselves give rise to individual liability.

Accordingly, given the brazen nature in which Sykes-Bonnett publicized his misdeeds, the involvement of multiple other individuals affiliated with Syked ECU Tuning, and Martinson's particular incentive to undermine HP Tuners' business, it is not only plausible that Martinson was aware of, and involved in, the scheme – it is actually implausible that Martinson was not in some way connected to it.

Defendant expounds upon the *Twombly* decision at great length in their argument that Plaintiff has not me its pleading standard with regard to Martinson. However, the facts in *Twombly* are entirely different and distinguishable from the facts in the instant case, and actually support Plaintiff's position here. In *Twombly*, the court held that plaintiffs had failed to allege facts "plausibly suggesting (not merely consistent with)" the allegation that defendants had made an agreement in restraint of trade. *Twombly*, 550 U.S. at 556-557. Here, in contrast, and as set forth above and in the FAC, Plaintiff alleges a multitude of facts demonstrating that numerous individuals employed by and/or affiliated with Syked ECU Tuning and Sykes-Bonnett, including

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Martinson, engaged in a lengthy campaign to misappropriate and unlawfully sell Plaintiff's intellectual property and proprietary information. Defendant's attempt to mischaracterize HP Tuners' allegations as "a naked assertion devoid of any factual support" does not make them so. In fact, Defendant's assertion is clearly undermined by the multitudinous facts set forth in the FAC and discussed in detail, above.

Defendant's repeated assertion that "HP Tuners has alleged no new facts that would substantiate naming Mr. Martinson in this action now" (Defendant's Motion to Dismiss, p. 4) is completely irrelevant to the determination of whether Plaintiff has met its pleading standard as to Martinson. Nowhere in *Twombly* does the court mention any requirement of "new" facts in order to meet the pleading standard, nor does the liberal policy regarding amended pleadings require new facts. Defendants do not cite to any case purporting to require the pleading of "new" facts, because the requirement does not exist.

Moreover, Defendant's argument wholly ignores the fact that there is nothing which would prevent HP Tuners from filing a new, separate action against Defendant Martinson alone based on the same underlying facts and circumstances as those alleged against the other defendants herein. Consequently, Plaintiff was well within its rights to amend its Complaint to add Martinson as a defendant. The facts as pled, both in the initial Complaint and the FAC, demonstrate that Syked ECU Tuning, along with individuals affiliated with the company, conducted a lengthy and damaging campaign to undermine HP Tuners' business by misappropriating and selling HP Tuners proprietary product. As an agent and principle of Syked ECU Tuning, as well as close colleague of Sykes-Bonnett, it is not only plausible, but likely, that Martinson was involved in the unlawful stealing, marketing, and selling of HP Tuners' property.[2]

---

[2] In fact, Plaintiff could permissibly and properly file a separate lawsuit against Martinson containing the allegations set forth in the FAC – the statute of limitations has not run. However, under *res judicata* principles and in the interest of judicial economy, Plaintiff has instead determined to add Martinson as a party to the instant litigation.

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Accordingly, Plaintiff has incontrovertibly pled sufficient facts to state a claim against Martinson.

### III. Martinson May Be Held Personally Liable for Plaintiff's Claims.

As set forth in great detail, *supra*, Plaintiff's claims allege specific facts demonstrating that the corporate officers of Syked ECU Tuning, including Martinson, engaged in the misconduct. The statutory claims asserted give rise to individual liability of Defendant Martinson and Defendant Sykes-Bonnett as well. Further, the misconduct alleged is sufficient to overcome corporate immunity. Under the doctrine of corporate immunity, "if a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties. *Grayson v. Nordic Constr. Co.*, 29 Wash. 2d 548, 554 (1979); see also *State v. Ralph Williams' N. W. Chrysler Plymouth*, 553 P. 2d 423, 552 (1976).

In *Grayson*, the court imposed personal liability because the defendant owner of the construction company personally directed the unlawful mailing of brochures that constituted a CPA violation. *Grayson,* 29 Wash. 2d at 554. Like the allegations against the defendant in *Grayson*, the claims against Martinson in this matter allege that Martinson personally engaged in tortious, bad faith acts against HP Tuners, including, *inter alia,* reverse engineering and removing licensing from HP Tuners VCM Suite Software to distribute, conspiring to create email addresses from which to collect funds from the sale of stolen HP Tuners products, misappropriating HP Tuners' trade secrets and proprietary information, knowingly generating, creating, and using fraudulent application keys, and unlawfully selling thousands of discounted HP Tuner credits and application keys. FAC ¶¶ 64, 66, 69-71. As such, the allegations present

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

facts that, taken as true, support a finding of personal liability as against Martinson, despite his status as a corporate officer at Syked ECU Tuning.

## **CONCLUSION**

In consideration of the foregoing, this Court should DENY Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as to Defendant John Martinson.

WHEREFORE, HP Tuners, LLC respectfully prays that this Court should enter an order denying the Defendant John Martinson's Motion to Dismiss and for such other and further relief deemed necessary and appropriate.

Dated this 21st day of May, 2018

*s/ Andrew P.Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham,
Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Attorneys for HP Tuners, LLC

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

    HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

    *s/ Stephen G. Leatham*
    Stephen G. Leatham, WSBA #15572
    211 E. McLoughlin Boulevard, Suite 100
    Vancouver, WA 98663
    Telephone: (360) 750-7547
    Fax: (360) 750-7548
    E-mail: sgl@hpl-law.com
    Attorneys for HP Tuners, LLC

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547