Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>Defendants. | No. 3:17-cv-05760 BHS<br><br>DEFENDANTS'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA SERVED ON GOOGLE |

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc. (collectively "Syked Tuning") hereby oppose Plaintiff HP Tuners, LLC's ("HP Tuners") Motion to Quash Subpoena Served on Google.

## I. SUMMARY OF THE ARGUMENT

HP Tuners' Motion to Quash should be denied for at least four reasons. First, HP Tuners failed to adequately meet and confer prior to filing the Motion. Second, HP Tuners lacks standing to quash the Google Subpoena. Third, the Google Subpoena is narrowly tailored and well within the purview of the issues in this case. Fourth, the Protective Order that has just been entered in this case is perfectly adequate to protect any privacy concerns. Finally, Syked Tuning requests that it be awarded its costs and fees in connection with opposing HP Tuners' baseless motion.

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                -1-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## II. FACTS THAT GAVE RISE TO THE GOOGLE SUBPOENA

As set out in detail in Syked Tuning's Amended Answer (Dkt 27-1), Syked Tuning has alleged a number of things that call into question contacts made between individuals at HP Tuners and certain other individuals, such as Tim Milliken and sponsors of the Modern Street Hemi Shootout ("the Hemi Shootout"). See, e.g., Dkt 27-1 at ¶ 16, ¶ 24, ¶ 28, and ¶ 35. Syked Tuning has reason to believe that the Google Voice phone number ("the Google Number") which is the topic of the Google Subpoena either is or was during the relevant time assigned to a senior management official at HP Tuners. Specifically, Syked Tuning has reason to believe that the Google Number was assigned to Keith Prociuk, CEO of HP Tuners.

Syked Tuning has alleged that Tim Milliken performed certain tortious acts at the direction and encouragement of HP Tuners. Dkt 27-1 at ¶ 28. In conversations between counsel, HP Tuners apparently denies that any significant contact between its senior management and Mr. Milliken has occurred. Whitaker Decl. at ¶ 4. Based on Syked Tuning's investigation, which involves discussions with Mr. Milliken, that statement is believed to be false. Syked Tuning believes that the call records associated with the Google Number will reveal significant and substantial ongoing communications between Mr. Milliken and at least one senior official at HP Tuners, believed to be Keith Prociuk, during the critical period leading up to Mr. Milliken's conduct.

Syked Tuning has also alleged that someone acting on behalf of HP Tuners contacted individuals associated with the promotion of the Hemi Shootout and made sufficient harassing threats that those individuals forced the termination of Syked Tuning's sponsorship of that event. See Dkt 27-1 at ¶ 35. Syked Tuning believes that the call records associated with the Google Number may reveal that it was used in connection with those interfering calls made to certain Hemi Shootout promoters and sponsors.

Accordingly, Syked Tuning prepared and served a third-party subpoena on Google ("the Google Subpoena") seeking limited non-content data that describes calls made from or received by the Google Number during the salient period. The information sought through the Google

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                -2-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Subpoena is very narrowly tailored to get at no more than is necessary to confirm the facts as Syked Tuning believes them to be, or to dispel those beliefs. To that end, Syked Tuning asked Google to product only three categories of information:

1. The date of creation for an account for Google voice number (847) 627-0119,

2. All of the below listed non-content information relating to the Google voice number (847) 627-0119 between January 1, 2018 and the present:

    (a) dates and times of all incoming and outgoing calls

    (b) phone numbers of incoming and outgoing calls

    (c) duration of incoming and outgoing calls

    (d) account identity (e.g., email address, Google username) for incoming and outgoing calls

3. If the Google voice number (847) 627-0119 was terminated or deleted, the date of such termination or deletion.

Whitaker Decl. at ¶ 5, Exhibit A.

As can be seen, the information sought is minimal. Syked Tuning seeks to confirm that the Google Number has been associated with Keith Prociuk or someone else affiliated with HP Tuners. In addition, Syked Tuning seeks only meta-data surrounding calls made to or from the Google Number that do not reveal any substantive content. That was by design.

The Google Subpoena also seeks one final bit of information: Whether and when the Google Number was terminated. That information is critically important to this matter because Syked Tuning has reason to believe that the Google Number was terminated *after* Syked Tuning instructed HP Tuners to preserve evidence in connection with the counterclaims that Syked Tuning would be bringing against HP Tuners.

More specifically, at some point during January, Tim Milliken began his campaign against the interests of Syked Tuning. Dkt 27-1 at ¶ 16-23. On January 31, 2018, undersigned counsel sent an email communication to counsel for HP Tuners informing him that (1) Mr. Milliken appeared to be "hacking" the Syked Tuning software, and that (2) Mr. Milliken

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS              -3-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

intimated he was doing so on behalf of HP Tuners. Whitaker Decl., ¶ 6, Exhibit B. Syked Tuning also instructed HP Tuners to "preserve all communications or other documents evidencing any relationship between HP Tuners and both Tim Millken and SC Research LLC." *Id*. Subsequent to that date, Syked Tuning received information to the effect that Keith Prociuk had terminated the Google Number. Accordingly, Syked Tuning is seeking confirmation from Google of whether that information is accurate.

### III.  DISCUSSION AND ANALYSIS

Syked Tuning hereby opposes the motion of HP Tuners to quash Syked Tuning's subpoena served on third-party Google ("the Motion"). The Motion should be denied for at least four reasons. First, HP Tuners failed to adequately meet and confer prior to filing the Motion. Second, HP Tuners lacks standing to quash the Google Subpoena. Third, the Google Subpoena is narrowly tailored and well within the purview of the issues in this case. Fourth, the Protective Order that has already been entered in this case is perfectly adequate to protect any privacy concerns.

**A.    HP Tuners Failed to Properly Meet and Confer Prior To Bringing This Motion**

Prior to bringing this motion, HP Tuners made no meaningful attempt to meet and confer. In fact, only once did HP Tuners even make mention of the Google Subpoena and only then during a single phone call made for a completely different purpose, namely to discuss scheduling depositions. Whitaker Decl. at ¶ 7. During that call, HP Tuners' counsel stated nothing more than that HP Tuners would be filing a motion to quash and assumed that Syked Tuning would oppose. *Id*. No actual discovery conference even occurred and HP Tuners never identified any infirmity with the Google Subpoena, merely that it would be filing a motion to quash. *Id*.

After filing the Motion, Syked Tuning learned HP Tuners position for the first time. In response, undersigned counsel sent an email to counsel for HP Tuners seeking critical information that should have been discussed during a meaningful discovery conference.

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                -4-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

Whitaker Decl. at ¶ 8, Exhibit C.  In that email, HP Tuners was asked (1) to confirm or deny that the Google Number was in fact assigned to Keith Prociuk or anyone else affiliated with HP Tuners, (2) to explain how HP Tuners could have standing to quash the Google Subpoena if no one affiliated with HP Tuners has an interest in the Google Number, and (3) to admit or deny that individuals, such as Keith Prociuk, were in fact responsible for the calls to the sponsors of the Hemi Shootout and in frequent contact with Tim Milliken.  *Id*.  As of the filing of this opposition, HP Tuners has failed to respond to even one single question. Whitaker Decl. at ¶ 9.

HP Tuners violated Local Civil Rule 37(a)(1), which requires a good faith attempt to confer, and is an independent basis to deny HP Tuners' motion. See *Beasley v. State Farm Mut. Auto. Ins. Co*., 2014 WL 1268709, at *2 (W.D. Wash. Mar. 25, 2014) (dismissing plaintiff's motion to compel for failure to comply with LCR 37(a)(1)).  No meet and confer ever happened, and HP Tuners fails even today to address the actual merits of the Google Subpoena and Syked Tuning's allegations.

**B.     HP Tuners Lacks Standing To Quash The Google Subpoena**

The Motion should be denied because HP Tuners lacks standing to challenge the Google Subpoena. With limited exceptions, a motion to quash can only be made by the person from whom the documents or things are requested. C. Wright & A. Miller, Federal Practice and Procedure ("Wright & Miller") § 2459 at 41 (1995). Google has not moved to quash the Google Subpoena, and HP Tuners is not the party from whom the documents have been requested. Accordingly, the Motion must fall into some accepted exception to the general rule.

A party to litigation may only seek to quash a third party subpoena if the party can claim some personal right or privilege with regard to the documents sought. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Not only has HP Tuners failed to claim such a right, HP Tuners implies that it has none.

In the Motion, HP Tuners asks this Court to quash the Google Subpoena (1) without even attaching a copy of the subpoena for the Court to review, and (2) without admitting that

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                    -5-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

the Google Number is or was assigned to Keith Prociuk or anyone else affiliated with HP Tuners. Rather, HP Tuners couched its motion in terms such as "the *alleged owner* of the Google voice number" as if HP Tuners does not know to whom the number was assigned. (emphasis added) See, e.g., Dkt 36 at page 1, line 25; page 2, lines 7-8.

Indeed, HP Tuners even goes so far as to suggest that the Google Number is *not* assigned to anyone affiliated with HP Tuners. HP Tuners argues "there is no established connection or relevancy whatsoever between the information sought and the subject matter of the litigation, let alone any specific connection to Defendants' defense theories, as pled." Dkt 36 at page 5, line 24 to page 6, line 1. If HP Tuners' Motion is to be believed, no one affiliated with HP Tuners has any connection to the Google Number at all. If that is so, then HP Tuners definitely has no interest in the Google Subpoena and has no basis upon which to challenge it. It is only Google that has such an interest, and Google has not done so. HP Tuners' failure to establish standing to challenge the Google Subpoena renders the Motion fatally flawed.

C. **The Google Subpoena Is Narrow And Well Within The Scope Of Discovery**

Under Rule 26(b), Syked Tuning is entitled to discover any matter, not privileged, that is relevant to its claims or defenses. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The term "relevant" should be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The definition of relevancy under Rule 26 is even broader than the expansive definition of the term under Fed. R. Evid. 401. *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 345 (N.D. Ill. 2007). As one court has put it, the scope of discovery under Rule 26 is so broad that "[i]nformation is generally discoverable under the Federal Rules of Civil Procedure. The minimal showings of relevance and admissibility hardly pose much of an obstacle for an inquiring party to overcome." *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 253 (S.D.

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                    -6-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Ind. 2002). In addition, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Id*. (citing *Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind. 1993) ("[t]he scope of material obtained by a Rule 45 subpoena is as broad as permitted under the discovery rules... if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena.").

As shown below, the information sought by the Google Subpoena is well within the proper limits of discovery given the issues in this matter.

### 1. The Information Sought Is Very Narrowly Tailored To The Particular Issues Raised In This Matter

As discussed at length above, at issue in this matter is whether and to what extent individuals affiliated with HP Tuners have been in contact with (1) Tim Milliken, and (2) individuals associated with the Hemi Shootout. Accordingly, whether Keith Prociuk was in frequent contact with Tim Milliken during the period when Milliken was conducting his hacking campaign is obviously of great relevance to this matter. As established above, the Google Subpoena only seeks confirmation of whether Keith Prociuk is the person with whom the Google Number is associated, and, if so, with whom he was communicating during a very brief period of time: between January 1, 2018 and mid April of 2018 when the subpoena was served.

As is evident from the Google Subpoena, Syked Tuning is only seeking three categories of documents:

1. The date of creation for an account for Google voice number (847) 627-0119,

2. All of the below listed non-content information relating to the Google voice number (847) 627-0119 between January 1, 2018 and the present:

    (a) dates and times of all incoming and outgoing calls

    (b) phone numbers of incoming and outgoing calls

    (c) duration of incoming and outgoing calls

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS -7-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

        (d) account identity (e.g., email address, Google username) for incoming and outgoing calls

3. If the Google voice number (847) 627-0119 was terminated or deleted, the date of such termination or deletion.

The creation date and account identity associated with the Google Number are necessary to establish that it was in fact assigned to Keith Prociuk. That information remains necessary now especially given that HP Tuners refuses to admit that the Google Number was assigned to Prociuk. In addition, the date and time of calls made using the Google Number, and the duration of those calls, is necessary to rebut HP Tuners' denial that HP Tuners and Milliken were in frequent contact throughout the period leading up to Milliken's hacking campaign against Syked Tuning. Again, HP Tuners was offered an opportunity to moot the relevance of this information by admitting to those facts, but HP Tuners has refused to do so. Accordingly, it is HP Tuners itself that is forcing the Google Subpoena to move forward.

In addition, the call record information will assist Syked Tuning to determine whether it was a senior official affiliated with HP Tuners who was calling sponsors of the Hemi Shootout together with Tim Milliken. As noted above, it was someone who identified himself as being associated with HP Tuners.

Finally, the date the Google Number was terminated is especially relevant to the issues in this matter. As noted above, Syked Tuning has been led to believe that Keith Prociuk was assigned the Google Number during the relevant period, but he terminated that account after being instructed to preserve those communications. The information sought by the Google Subpoena can either confirm or dispel that belief. Obviously if true, the next step will be to further investigate the circumstances surrounding why Keith Prociuk terminated the Google Number to determine whether spoliation has occurred. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993)("trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior.").

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS -8-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

### 2. HP Tuners' Alleged Limitations On The Scope Of The Google Supoena Cannot Be Applied In This Case

HP Tuners makes the fallacious argument that the Google Subpoena should be denied because it "covers all data related to the identified phone number, regardless of whether the data reflects personal or business calls, calls relevant to the instant matter, or calls completely unconnected to any facet of this case." Dkt 36 at page 6, lines 17-20. HP Tuners suggests that Syked Tuning should have asked Google to make some manner of contextual decision about every call and only provided meta-data for business calls. The problem with HP Tuners' argument is that it is barred by law.

The Electronic Communications Privacy Act of 1986 ("ECPA") prevents an electronics communication service (e.g., Google) from revealing the "contents" of any stored communication. See *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1104 (9th Cir. 2014) ("[The ECPA] generally precludes a covered entity from disclosing the contents of a communication, but permits disclosure of record information like the name, address, or client ID number of the entity's customers in certain circumstances."). That Act has been widely used to prevent Google from revealing the *content* of any stored communication as opposed to only *non-content* (or "meta-data") about those stored communications. See *Lucas v. Jolin*, 2016 WL 2853576 (S.D. Ohio 2016)(upholding subpoena for non-content related information but barring release of "subject" lines of emails)(copy attached as Exhibit D to Whitaker Decl.).

As is apparent from the Google Subpoena itself, Syked Tuning carefully limited each request to only non-content meta-data so as to avoid running afoul of the ECPA. HP Tuner's argument that Syked Tuning should have sought only information for certain calls based on the *content* of those calls would have forced Syked Tuning to run afoul of the ECPA, not to mention HP Tuners offers no guidance on exactly how Google would be able to differentiate between "work" calls and "personal" calls made using the Google Number. HP Tuners' argument is a red herring that cannot be accommodated, certainly not by Google, while remaining within the confines of the law.

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS    -9-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

### D. Any Privacy Concerns That HP Tuners May Have Are Eliminated By The Controlling Protective Order

The parties jointly submitted and the Court just entered a stipulated Protective Order that governs the production of documents during this litigation. Dkt 39. In the Motion, HP Tuners raises some vague concern about a violation of privacy that could occur should the Court decline to quash the Google Subpoena. Dkt 36 at page 7, lines 3-5. However, in view of the Protective Order that was just entered, those vague privacy concerns are remedied by the confidentiality provisions contained in the Protective Order. More specifically, Syked Tuning agrees in advance that any documents produced by Google will be treated as Confidential within the scope of the Protective Order.

It should be further noted that in the small chance that the Google Number was not assigned to anyone affiliated with HP Tuners, it appears that the actual owner of the Google Number does not have any privacy concerns either since only HP Tuners has moved to quash.

## IV. IF FEES SHOULD BE AWARDED IN CONNECTION WITH THIS MOTION, IT SHOULD BE AGAINST HP TUNERS AND IN FAVOR OF SYKED TUNING

HP Tuners has moved for an award of attorneys fees against Syked Tuning. That request should be equally denied for the same reasons that the Motion should be denied. First, HP Tuners failed to conduct an adequate discovery conference prior to filing this motion. See *Bite Tech, Inc. v. X2 Biosystems, Inc*., No. C12-1267-RSM, 2013 WL 12191342, at *4 (W.D. Wash. May 13, 2013) (noting that a failure to meet and confer is sufficient to deny an award of attorneys fees under LCR 37(a)(1)). In addition, HP Tuners' Motion is so unsubstantiated as to warrant an imposition of sanctions against HP Tuners. For instance, HP Tuners asks this Court to quash a subpoena without even providing the Court with a copy of that subpoena, HP Tuners attempts to quash a subpoena while simultaneously suggesting that the subpoena does not affect anyone affiliated with HP Tuners, and, finally, HP Tuners' argument that the subpoena is irrelevant to the issues in this case defies logic.

No. 3:17-cv-05760 BHS            -10-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

For the foregoing reasons, HP Tuners' request for attorneys fees should be denied, and Syked Tuning should be awarded its attorneys fees for having to defend against such a weak motion.

## V. CONCLUSION

HP Tuners' Motion to Quash the subpoena served on Google should be denied for the reasons set out above. In addition, Syked Tuning should be awarded its attorneys fees for opposing such a weak and meritless motion.

Respectfully submitted,

DATED: May 21, 2018    LANE POWELL PC

By  *s/John E. Whitaker*
    Gregory F. Wesner, WSBA No. 30241
    wesnerg@lanepowell.com
    John E. Whitaker, WSBA No. 28868
    whitakerj@lanepowell.com
    LANE POWELL PC
    1420 Fifth Avenue, Suite 4200
    P.O. Box 91302
    Seattle, WA  98111-9402
    Telephone: 206-223-7000
    Facsimile:  206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc.

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS            -11-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I did personally serve the above document on the persons and in the manner indicated below. If the manner of service indicated below is by CM/ECF, the Clerk of the Court will send email notification to such persons.

**Attorneys for Plaintiff HP TUNERS, LLC**

Stephen G. Leatham, WSBA No. 15572
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA  98663
Phone:  (360) 750-7547
Facsimile:  (360) 750-7548
Email:  sgl@hpl-law.com

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

**Attorneys for Plaintiff HP TUNERS, LLC**

Andrew P. Bleiman (*pro hac vice* admitted)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, IL  60062
Phone:  (312) 206-5162
Email:  andrew@marksklein.com

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Executed on May 21, 2018 at Seattle, Washington.

LANE POWELL PC

By     *s/John Whitaker*
         John Whitaker

Opposition To HP Tuners' Motion To Quash

No. 3:17-cv-05760 BHS                -12-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107