HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) ) ) ) |
| Defendants. | ) ) |

CASE NO.  3:17-cv-05760-BHS

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA ISSUED TO THIRD PARTY GOOGLE**

## **INTRODUCTION**

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby submits this Reply Memorandum in Support of its Motion to Quash the Subpoena Issued to Third Party Google[1], filed on May 8, 2018 (the "Motion to Quash").  Defendants Kevin Sykes-Bonnett ("Sykes Bonnett") and Syked Ecu Tuning, Inc. ("Syked Inc." (together, "Defendants")) issued a subpoena to Google (the "Subpoena" or "Google Subpoena") seeking extensive data concerning a Google voice number (the "Google Number") allegedly issued to an officer and agent of HP Tuners.  The Subpoena constitutes an unjustified attempt to obtain irrelevant information and

---

[1] Another copy of the Subpoena at issue has been attached as Exhibit A hereto for the Court's convenience.

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

subject the alleged owner of the Google Number to an improper and unduly burdensome invasion of privacy.

In response to the Motion to Quash, Defendants filed an Opposition to Plaintiff's Motion to Quash (the "Opposition" or "Response") on May 21, 2018, asserting a variety of unsubstantiated and invalid arguments against the Motion to Quash. Contrary to Defendants' assertions, as set forth in greater detail below, the Motion to Quash is valid and should be granted. HP Tuners has abided by all relevant procedural obligations and has standing to bring the Motion. Meanwhile, the Subpoena remains wildly overbroad and seeks the disclosure of wholly irrelevant information.

## **ARGUMENT**

### I.     Plaintiff's Counsel Provided Defendants with an Opportunity to Confer Regarding the Motion to Quash Despite Being Under No Obligation to Do So

Plaintiff's counsel provided Defendants with notice that it intended to oppose the Google Subpoena, and provided Defendants with ample opportunity to confer regarding it, despite being under no obligation to meet and confer prior to filing the Motion to Quash. Defendants erroneously contend that Plaintiff had a legal obligation pursuant to Local Civil Rule 37(a)(1) to meet and confer with opposing counsel prior to filing the Motion to Quash. In fact, as the plain meaning of rule's text provides, LCR 37 requires counsel to meet and confer prior to filing a *motion to compel discovery*, and is completely inapplicable to the submission of a motion to quash. Local Civil Rule 37(a)(1) ("Any motion for an order compelling disclosure or discovery must include a certification . . . that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery.").

Defendants curiously cite the case *Beasley v. State Farm Mut. Auto Ins. Co* in connection with their misguided attempt to apply LCR 37 to the instant circumstances. But, the facts of that case only confirm the Rule's applicability to situations in which a party seeks to *compel*

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

*discovery.* No. C13-1106, 2014 U.S. Dist. LEXIS 41518 (W.D. Wash. March 35, 2014).  The meet and confer requirement of LCR 37 is inapplicable and irrelevant to the instant Motion to Quash.

In addition to the absence of any obligation to meet and confer with Defendants regarding the instant Motion, it is especially confusing that Defendants are objecting to Plaintiff's Motion to Quash on this basis because Plaintiff's counsel did, in fact, provide Defendants with the opportunity to discuss the Motion to Quash prior to its filing.  As Defendants describe in their own opposition papers, counsel for the parties to this litigation participated in a telephone call on May 7, 2018, the agenda of which was to discuss deposition scheduling and "the Google subpoena."  Declaration of John Whitaker in Support of Defendants' Opposition to Plaintiff's Motion to Quash Subpoena Served on Google ("Whitaker Decl."), ¶ 7.  Defendants' counsel also concedes that during that telephone call, Plaintiff's counsel disclosed that Plaintiff would be filing a Motion to Quash the Google Subpoena.  Id.  The fact that Defendants failed at that point to present Plaintiff's counsel with the questions they subsequently prepared, and ostensibly wished they had asked, has no bearing on the procedural propriety of the Motion to Quash, or its substantive validity.

## II.     HP Tuners Has Standing to Quash the Google Subpoena

Defendants make the absurd argument that they seek data related to the Google Number because they have reason to believe that it was assigned to HP Tuners CEO Keith Prociuk, while simultaneously arguing that HP Tuners has no standing to quash the Subpoena.  A party to a litigation may seek to quash a third party subpoena if the party has a personal right or privilege with regard to the documents sought.  C. Wright & A. Miller, 9A Fed. Prac. And Proc. Civ. § 2459 (3d ed.); *accord Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010).

By Defendants' own recitation of the facts of this case, the Subpoena seeks information about calls made by HP Tuners CEO Keith Prociuk, on behalf of HP Tuners.  In particular,

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   Defendants seek evidence that Prociuk, acting on behalf of HP Tuners, was in contact with a Mr.

2   Tim Milliken ("Milliken") and individuals associated with an event known as the Modern Street

3   Hemi Shootout ("Hemi Shootout").  Response, pp. 2-4.  Thus, by Defendants' facts as pled, HP

4   Tuners has standing to oppose the Subpoena seeking the phone records of phone calls made by

5   its own agent, and on its behalf.  As such, HP Tuners has a personal right and strong interest in

6   the data sought, more than sufficient to give rise to standing.  *See Ford Motor Co. v. Versata*

7   *Software, Inc*., No. 3:17-mc-4-L-BN, 2017 U.S. Dist. LEXIS 33306, at *18 (March 8, 2017,

8   N.D. Tex.)  (Defendant held to have sufficient interest to confer standing to oppose third party

9   subpoena issued to law firm that had previously represented defendant and seeking documents

10  related to a previous litigation involving defendant).

11  **III.    The Google Subpoena is Overly Broad, Seeks Irrelevant Information, and**
          **Constitutes an Impermissible Undue Burden**
12

13       Defendants' argument that the Google Subpoena is "very narrowly tailored" is belied by

14  the content of the Subpoena itself.  (*See* Exhibit A).  Defendants seek the full extent of data that

15  Google could legally disclose, *i.e.* all the meta-data surrounding calls made to or from the

16  identified Google Number.  Response, p. 3.  The fact that Defendants are seeking "non-content

17  data" or data that does not reveal any "substantive content" does not reflect any effort

18  whatsoever by Defendants to tailor the scope of the Subpoena.  Rather, it reflects the statutory

19  prohibition against Google's disclosure of content data pursuant to the Stored Communications

20  Act.  Google, as an electronic communication service, is prohibited from disclosing "to any

21  person or entity the contents of a communication while in electronic storage by that service."  18

22  U.S.C. § 2702(a).  "There is no exception for disclosure of such communications pursuant to

23  civil discovery requests."  *Viacom Int'l Inc. v. YouTube Inc*., 253 F.R.D. 256, 264 (S.D.N.Y.

24  2008); *see also Crispin v. Christian Audigier, Inc*., 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010);

25  *Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012).  Rather

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

than "narrowly tailoring" the request to seek relevant information, Defendants are, in fact, requesting any and all information that Google is lawfully permitted to provide, pursuant to statute.

As set forth in the Motion to Quash, Defendants do not make any effort to narrow the Google Subpoena to obtain data relevant to allegations in their Counterclaims.  Defendants argue they are seeking evidence that HP Tuners contacted individuals associated with the promotion of the Hemi Shootout event.  However, the Subpoena seeks meta-data regarding every single call made to or from the Google Number.  It is not even remotely narrowed to obtain data for calls with individuals or entities affiliated with the Hemi Shootout.  Likewise, Defendants allege they seek data related to alleged calls with Milliken, but the Subpoena fails to narrow its scope to calls to or from any phone numbers associated with Milliken.

Rather, Defendants seek permission to go on a fishing expedition pursuant to which the owner of the identified Google Number will be forced to reveal each and every call that individual made or received, and the data associated with each and every call, regardless of whether the data reflects personal or business–related calls, calls relevant to the instant matter, or calls completely unconnected to any aspect of this case.  Defendants' argument that narrowing the Subpoena would require the disclosure of prohibited content data is nonsensical.  Just as Defendants limit the Subpoena to certain dates, Defendants could also easily narrow the scope of the Subpoena based upon phone numbers associated with Milliken and Hemi Shootout affiliates.

Finally, Defendants indicate their purpose in issuing the Subpoena is, in part, "to confirm that the Google Number has been associated with Keith Prociuk."  Response, pp. 2-3.  However, Defendants have at their disposal a wide variety of discovery tools which they may effectively utilize to determine to whom the Number was assigned, such as interrogatories or requests for admission, all of which are far less oppressive to third parties who are potentially wholly

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

unrelated to the litigation.  Issuing a subpoena to obtain information that could more easily and directly be obtained through other channels is wholly improper.

Defendants' overly broad discovery request does not merely represent an improper undue burden and invasion of the privacy on the owner of the Google Number, it arguably constitutes an abuse of the discovery process, especially where, as here, the recipient of the Subpoena is a third party to the litigation.  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("[u]nderlying the protections of Rule 45 is the recognition that the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery."). The fact that the parties have entered into a Protective Order does not give Defendants carte blanche permission to collect and review any and all information it may deem potentially useful to its case.

## IV.   Plaintiff Is Entitled to Fees and Costs

Defendants' service of an improper, overly broad, irrelevant, and unnecessary subpoena upon Google constitutes a waste of the parties' and the court's resources, and as such, should be met with proper sanction pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Defendants' contention that they should be awarded costs and fees should be denied. Defendants contend that it is entitled to fees due to Plaintiff's alleged failure to meet and confer with Defendants prior to filing the Motion to Quash.  As set forth in Section I, *supra*, Plaintiff was at no point obligated to conduct such a conference prior to filing the Motion to Quash.[2] Furthermore, Plaintiff accorded Defendants ample opportunity to discuss the Google Subpoena and Plaintiff's intent to file the Motion to Quash prior to its filing.  Finally, Defendants' characterization of the Plaintiff's Motion to Quash as unsubstantiated is belied by the extensive

---

[2] In citing *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No C12-1267-RSM (W.D. Wash. May 13, 2013), Defendants once against cite an inapposite ruling concerning a *motion to compel* in support of its baseless application of Rule 37(a)(5)(A) to a motion to quash. Response, p. 10.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

arguments and facts set forth herein, as well as in the initial Motion to Quash.  Accordingly, Defendants are not entitled to any fees or costs in connection with this Motion.

## <u>CONCLUSION</u>

In consideration of the foregoing, this Court should quash the Defendants' Subpoena issued to Google, and award Plaintiff attorneys' fees and costs.

Dated: May 25, 2018                        Respectfully submitted,

_s/ Andrew P. Bleiman_
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Tel: (312) 206-5162
E-mail:  andrew@marksklein.com


Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

Attorneys for HP Tuners, LLC

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## CERTIFICATE OF SERVICE

2

        I hereby certify that on May 25, 2018, I caused the foregoing to be electronically filed

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to all Counsel of Record.

5

                                        HEURLIN, POTTER, JAHN, LEATHAM,
6                                       HOLTMANN & STOKER, P.S.

7                                       *s/ Stephen G. Leatham*
                                        Stephen G. Leatham, WSBA #15572
8                                       211 E. McLoughlin Boulevard, Suite 100
                                        Vancouver, WA 98663
9                                       Telephone:  (360) 750-7547
                                        Fax:  (360) 750-7548
10                                      E-mail:  sgl@hpl-law.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
QUASH SUBPOENA TO THIRD PARTY GOOGLE - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547