Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>Defendants. | No. 3:17-cv-05760 BHS<br><br>DEFENDANTS' REPLY ON ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DEFENDANT JOHN MARTINSON |

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc. (collectively "Syked Tuning") hereby submit this Reply to the Opposition (Dkt 38) filed by Plaintiff HP Tuners, LLC's ("HP Tuners") against Syked Tuning's Motion to Dismiss John Martinson (Dkt 32).

## I. DISCUSSION AND AUTHORITIES

HP Tuners erroneously argues that it can simply insert any name it wants into a complaint without having a good faith basis for doing so. HP Tuners' First Amended Complaint ("FAC") should be dismissed as to Mr. Martinson for failing to actually allege that Mr. Martinson did anything wrong. Rather, HP Tuners is simply taking a "him too" attitude toward naming defendants. This cast-a-wide-net approach to naming defendants runs afoul of

Reply on Motion To Dismiss Under FRCP 12(b)(6)

No. 3:17-cv-05760 BHS      -1-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

current pleading standards, and HP Tuners' FAC fails to adequately plead a cause of action against Mr. Martinson personally.

### A. HP Tuners Has Failed To Plead With Sufficient Specificity That Mr. Martinson Performed Any Action That Would Warrant Liability Against Him

As noted in Syked Tuning's original Motion, Mr. Martinson can only be personally liable as an officer of Syked ECU Tuning if he was acting in bad faith in his capacity as an officer of the corporation.  See *Grayson v. Nordic Construction Company, Inc*., 92 Wash.2d 548, 553 (1979); *Olympic Fish Prod., Inc. v. Lloyd*, 93 Wash. 2d 596, 599 (1980).  HP Tuners argues that its complaint against Mr. Martinson is sufficient under the standards set forth in those authorities merely because it has alleged that certain conduct occurred.  Dkt 38, *passim*.  However, HP Tuners fails to identify any factual basis for concluding that Mr. Martinson *himself* actually performed any of that alleged conduct.  Rather, HP Tuners just points to the same events and occurrences that it (wrongfully) accuses Mr. Sykes-Bonnett of having committed, and then essentially says "Martinson must have done the same things."  In the absence of any factual allegations describing conduct by Mr. Martinson, HP Tuners has failed to identify any bad faith on the part of Mr. Martinson which would warrant piercing the corporate veil.

Many courts have held that the pleading standard for piercing the corporate veil in the way sought by HP Tuners is the heightened pleading standard of Rule 9.  See, e.g., *Texas Inns, Inc. v. Prime Hosp. Corp*., 462 F.3d 666, 672 (6th Cir. 2006)(noting that Rule 9 applies to piercing the corporate veil for fraud); *N. Am. Dealer Co-op. v. Rottman*, No. 3:11-CV-698-RCJ-VPC, 2012 WL 2789663, at *6 (D. Nev. July 9, 2012)("plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong").

Here, there is no reasonable argument that HP Tuners has satisfied that standard as, by its own admission, HP Tuners has added no factual allegations of conduct *by* Mr. Martinson.  Rather, HP Tuners seeks to bootstrap its allegations made against Kevin Sykes-Bonnett –

Reply on Motion To Dismiss Under FRCP 12(b)(6)

No. 3:17-cv-05760 BHS                              -2-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

which are themselves unfounded – against anyone who has contact with Mr. Sykes-Bonnett. The law does not support such a use of allegations against one person to justify naming a different person as a defendant in an amended complaint. For at least this reason, HP Tuners' first amended complaint should be dismissed as against Mr. Martinson for failing to identify any actual conduct by him which would plausibly support liability.

### B. HP Tuners Is Reminded Of Its Rule 11 Obligation

HP Tuners appears to argue that simply because the complaint as originally filed *may* have satisfied the *Iqbal* and *Twombly* standards as applied to Kevin Sykes-Bonnett, HP Tuners is free to add any individual it desires as a named defendant in an amended complaint with no additional factual basis for doing so. HP Tuners is reminded of its obligations under Fed. R. Civ. P. 11 to conduct an adequate investigation into every factual allegation to have formed a good faith belief that such allegations have an actual evidentiary basis. Fed. R. Civ. P. 11(b).

As the Eastern District of California has noted, "Plaintiff shall not name individuals as defendants unless he presently has a good faith basis for believing they should be so named – and plaintiff's belief that future discovery *might* reveal a basis for naming a given individual as a defendant is not a present good faith basis." *Harris v. Harris*, No. 2:11-CV-2186 GEB KJN, 2012 WL 1435680, at *10 (E.D. Cal. Apr. 25, 2012)(emphasis in original); see also *Watson v. Maier*, 64 Wash. App. 889, 897, 827 P.2d 311, 315 (1992)(imposing Rule 11 sanctions against attorney for adding new defendant to suit without sufficiently investigating whether allegations also applied to new defendant).

In the instant action, HP Tuners argues that its complaint against Mr. Martinson is adequately pled for no reason other than because it was adequately pled against Sykes-Bonnet.[1] HP Tuners has neither described nor, in the view of Syked Tuning, conducted even the slightest investigation into whether the allegations against Mr. Sykes-Bonnet also apply to Mr.

---

[1] Mr. Sykes-Bonnett denies that the HP Tuners complaint has any merit as applied to himself, he merely acknowledges that the allegations were at least targeted at him in the original complaint and therefore satisfy the minimal Rule 8 pleading standard.

Reply on Motion To Dismiss Under FRCP 12(b)(6)

No. 3:17-cv-05760 BHS                    -3-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

Martinson. HP Tuners' original complaint made many (unfounded) allegations specifically targeted at Mr. Sykes-Bonnett. HP Tuners included screen captures of conversations between individuals at HP Tuners and Mr. Sykes-Bonnett. However, the original complaint does not even mention Mr. Martinson anywhere.

After apparently learning of his name for the first time through this litigation, HP Tuners simply added Mr. Martinson to the complaint without conducting even the slightest investigation into whether he actually performed anything alleged in the original complaint. Such a litigation tactic falls woefully short of the duty of investigation espoused under Rule 11. See *Watson v. Maier*, 827 P.2d 311, 315 (1992).

## II.  CONCLUSION

HP Tuners has added John Martinson to the FAC without providing any factual basis for doing so. HP Tuners' FAC fails to demonstrate why or how Mr. Martinson could plausibly be held liable for any of the conduct alleged in the FAC. Specifically, HP Tuners' FAC fails to recite even a single factual allegation that is personally tied to Mr. Martinson. For these reasons, under the *Iqbal* and *Twombly* standards, the FAC should be dismissed as against Mr. Martinson.

Respectfully submitted,

DATED:  May 25, 2018                    LANE POWELL PC

By *s/John E. Whitaker*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
John E. Whitaker, WSBA No. 28868
whitakerj@lanepowell.com
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206-223-7000
Facsimile:  206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc.

Reply on Motion To Dismiss Under FRCP 12(b)(6)

No. 3:17-cv-05760 BHS                    -4-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I did personally serve the above document on the persons and in the manner indicated below. If the manner of service indicated below is by CM/ECF, the Clerk of the Court will send email notification to such persons.

| | |
|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Stephen G. Leatham, WSBA No. 15572<br>Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA  98663<br>Phone:  (360) 750-7547<br>Facsimile:  (360) 750-7548<br>Email:  sgl@hpl-law.com | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Andrew P. Bleiman (*pro hac vice* admitted)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, IL  60062<br>Phone:  (312) 206-5162<br>Email:  andrew@marksklein.com | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

Executed on May 25, 2018 at Seattle, Washington.

LANE POWELL PC

By*/Kathi Milner*
    Kathi Milner, legal assistant

Reply on Motion To Dismiss Under FRCP 12(b)(6)

No. 3:17-cv-05760 BHS        -5-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107