HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) NO.  3:17-cv-05760-BHS |
| | ) |
| Plaintiff, | ) PLAINTIFF/COUNTER-DEFENDANT'S |
| | ) ANSWER TO COUNTERCLAIMS |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

Plaintiff/Counter-Defendant, HP TUNERS, LLC ("HPT"), for its answer and affirmative defenses to Defendant/Counter-Plaintiff's Counterclaims, states as follows.

<u>COUNTERCLAIMS</u>

<u>PARTIES</u>

1.     Kevin Sykes-Bonnett is a resident of Washington and is the President of Syked ECU Tuning Incorporated ("Syked Tuning"), which is a corporation existing under the laws of Washington with its principal place of business in Puyallup, Washington.

ANSWER:     Upon information and belief, admit.

2.     HPT is a Nevada limited liability company with its principal place of business in Buffalo Grove, Illinois.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    ANSWER:    Admit.

2                              **JURISDICTION AND VENUE**

3        3.    This is a civil action seeking damages and injunctive relief under the Copyright

4    Act, 17 U.S.C. § 101 et seq., and under the laws of the State of Washington.

5        ANSWER:    Admit Defendants/Counter-Plaintiffs have initiated a civil action seeking

6    damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101 et seq., and under the

7    laws of the State of Washington but deny that Defendants/Counter-Plaintiffs are entitled to any

8    relief whatsoever.

9        4.    This Court has subject matter jurisdiction over Syked Tuning's violation of

10   Section 1201 of the DMCA pursuant to 28 U.S.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. §

11   1367, this Court has supplemental jurisdiction over Syked Tuning's state law claims for breach

12   of contract and intentional interference with contract in that they are so related to Syked

13   Tuning's claims under the Copyright Act as to be part of the same case or controversy.

14       ANSWER:    Admit.

15       5.    This Court has personal jurisdiction over HP Tuners by virtue of the pending

16   action filed in this judicial district by HP Tuners, and because many of the acts complained of

17   occurred in this District, and further because HP Tuners does substantial business in this District

18   and the instant counterclaims pertain to that business.

19       ANSWER:    HPT does not contest personal jurisdiction in this District for purposes of

20   this matter.

21       6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because

22   this is a judicial District in which a substantial part of the events giving rise to the claims

23   occurred, and/or in which Syked Tuning's injury was suffered.

24       ANSWER:    Admit.

25

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**BACKGROUND FACTS**

7.      Syked Tuning is a small company engaged in the performance automotive market. Specifically, Syked Tuning provides "tuning" services, which include customizing parameters stored within a vehicle's electronic control unit (or engine control unit) that affect various performance attributes of a vehicle. For example, a vehicle may be tuned or altered from the standard factory settings to provide better fuel economy, to produce more power, or to provide better handling and driving.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

8.      In addition to its tuning services, Syked Tuning develops and licenses a software product (the "Syked Software") which enables Syked Tuning's customers to personally perform custom tunes on the customer's own vehicle.  Syked Tuning is a recognized leader in the industry, specifically in the area of performance tuning of Dodge vehicles.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

9.      Syked Tuning has expended a great deal of time, effort, and resources developing the Syked Software. Syked Tuning protects its software through various legal mechanisms, such as by contract and trade secret.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

10.     Anyone who comes into possession of an authorized copy of the Syked Software must agree to be bound by an End User License Agreement (EULA) before the Syked Software can be used. The EULA is attached as Exhibit A.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

11.     The EULA includes various provisions protecting Syked Tuning's intellectual property, such as a provision barring the circumvention of technological measures that effectively control access to the Syked Software.  Specifically, the Syked EULA contains the following provision:

> Except as specifically permitted in this Agreement, you may not (i) copy the Software, (ii) modify the Software or separate out any of its components for use with other software (except to the extent contemplated in the enclosed user documentation) (iii) use the Software to provide time sharing, service bureau or similar services, or (iv) decompile, disassemble, or otherwise reverse engineer the Software.

> See Exhibit A.

ANSWER:     HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

12.     Accordingly, anyone who possesses an authorized instance of the Syked Software is barred from attempting to decompile, disassemble, or otherwise reverse engineer the Syked Software.

ANSWER:     HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

13.     In addition, the licensed Syked Software includes technological measures that effectively control access to the Syked Software.  Specifically, the Syked Software includes technological measures which require an authorized user to enter a code to validate that the user is authorized to use the Syked Software.  The Syked Software communicates with the Syked Tuning server to authenticate the user against Syked Tuning's records. These measures effectively control the use of the Syked Software so that unauthorized users cannot make use of the software.

ANSWER:     HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

14.     Upon information and belief, while this litigation has been pending, HP Tuners has undertaken a campaign of misinformation and attacks directed at Sykes Tuning and Sykes-Bonnett.   HP Tuners is known to have approached numerous individuals in the tuning community and offered them payment in exchange for testimony that can be used in this action. In many cases, HP Tuners is believed to have engaged an individual named Tim Milliken as its agent to pursue this illicit testimony.

ANSWER:     Denied.

15.     Mr. Milliken is a software developer well known in the tuning industry to have exceptional software "hacking" skills.  On information and belief, Milliken is also the founder and proprietor of SC Research LLC, a South Carolina company engaged in reverse engineering services, particularly for the automotive industry. Milliken is known to perform reverse-engineering services for HP Tuners, including reverse engineering read/write protocols for various ECM/TCM controllers, such as certain diesel controllers.

ANSWER:     HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

16.     HP Tuners had already involved Milliken in this lawsuit by at least as early as January of 2018. On January 25, 2018 Milliken acted as an agent for HP Tuners by delivering a settlement demand from HP Tuners to Sykes-Bonnett.

ANSWER:     Denied.

17.     In mid January 2018, Milliken embarked on a campaign of abuse and attacks against Sykes-Bonnett and Syked Tuning. Prior to that time, Sykes-Bonnett and Milliken had a cordial working relationship. The general nature of these attacks appeared to be retaliation for the acts alleged by HP Tuners in this lawsuit. Indeed, Milliken posted a note to his Facebook page which referred to extracting revenge against Syked Tuning.  See Exhibit N.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

18.    Milliken's actions escalated in late January of 2018, when Milliken began publicly taunting Sykes-Bonnett and Syked Tuning with threats of "hacking" the Syked Software.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

19.    On or about January 30, 2018, Milliken posted on the Facebook account of SC Research (Milliken's company) that he had been engaged by two "companies for C Sharp protection analysis and source code recovery for comparison." See Exhibit B. Milliken further threatened that "[a]nything that has not been asked to be private will be documented and released to the public." This development concerned Sykes-Bonnett because the Syked Tuning Software was developed in the C# programming language, and he believed that HP Tuners had engaged Milliken to decompile the Syked Software for the purpose of comparing it to HP Tuners' software. Milliken's pronouncement was a thinly veiled admission that he was hacking the Syked Tuning Software for the purpose of comparing it to HP Tuners' software.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

20.    On or about January 29, 2018, Milliken continued his taunts online by posting to his Facebook page things like "The wana be hacker should have never f**ked with the real hacker. You've been put on notice and you know who you are. Enjoy." See Exhibit C. These statements by Milliken heightened Sykes-Bonnett's concern and caused him to further believe that Milliken was working with HP Tuners to hack the Syked Tuning Software, contrary to the proscriptions against such in Syked Tuning's EULA.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

21.    Sykes-Bonnett confirmed his suspicion based on further comments made by Milliken on his Facebook page.  For instance, Milliken made the following comment on his Facebook page:

"Error calling decryption routine
Pedagogical C code"
I wonder what this might do?

See Exhibit C at page 2.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

22.    Sykes-Bonnett recognized the lines of code quoted by Milliken in that post as coming directly from the Syked Tuning Software.  Attached as Exhibit D are two screen captures (with non-salient portions obscured) which reveal that the lines of code quoted by Milliken came directly from the Syked Tuning Software. The only way that Milliken could have access to the lines of code recited above is by decompiling the Syked Software, again in violation of the provisions of the Syked EULA.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

23.    Over the ensuing few days, Milliken drastically escalated his attacks against Syked Tuning by publicly taunting Sykes-Bonnett and also sending text messages directly to Sykes-Bonnett with threats to hack the Syked Software and to release it to the public. This attack by Milliken had no purpose other than to incite Sykes-Bonnett by threatening to hack the Syked Tuning Software in exactly the same manner that HP Tuners alleges its own software was hacked. The similarity between Milliken's actions against Syked Tuning and the acts originally

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

complained of by HP Tuners solidified Sykes-Bonnett's belief that Milliken was acting at the direction and control of HP Tuners in retaliation for the wrongs HP Tuners believes it endured.

ANSWER:   HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

24.   Given Milliken's close ties to HP Tuners, including Milliken's close personal ties to HP Tuners' president Keith Prociuk, Sykes-Bonnett became gravely concerned that Milliken would successfully gain access to the Syked Tuning server where Syked Tuning stored many valuable data files and then share those files with HP Tuners. An example of such data files is certain "templates" for 2018 Dodge vehicles which Syked Tuning was developing (the "Dodge templates"). Again, Syked Tuning enjoys a substantial advantage over its competition with regard to Dodge vehicles, and the Doge templates are the digital embodiment of that advantage.

ANSWER:   HPT denies that Milliken has "close ties" to HPT.  Further responding, HPT lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and demands strict proof thereof.

25.   Sykes-Bonnett feared that Milliken would gain access to the Syked Tuning server and misappropriate those Dodge templates and provide them to HP Tuners since Milliken appeared to be working for the benefit of HP Tuners. Accordingly, Sykes-Bonnett took the Syked Tuning server offline temporarily to prevent such access.  However, Syked Tuning's customers require access to the Syked Tuning server so they can use the products which they have purchased from Syked Tuning. For that reason, the Syked Tuning server could not be left turned off. Thus, Sykes-Bonnett was forced to delete the Dodge templates from the Syked Tuning server and then restart it so the customers could again use their authorized copies of the Syked Software.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

ANSWER:    HPT denies that Milliken was "working for the benefit of HP Tuners." Further responding, HPT lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and demands strict proof thereof.

26.    When Syked Tuning restarted the server, Milliken immediately began publicly taunting Sykes-Bonnett again.  Milliken posted "Glad the server is back online, on to data mining." See Exhibit E. Then shortly thereafter, Milliken posted "Love having disk tools that fully recover deleted files. Saved me lots of time."  See Exhibit F.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

27.    Milliken surreptitiously gained access to the Syked Tuner server when it was restarted, undeleted the Dodge templates that had been deleted from that server, improperly retrieved a copy of those Dodge templates, and then provided those Dodge Templates to HP Tuners at HP Tuners' request.

ANSWER:    HPT denies that Milliken "provided those Dodge Templates to HP Tuners at HP Tuners' request."  Further answering, HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

28.    On or about January 30, 2018, Sykes-Bonnett confronted Milliken by text message about whether he was in fact hacking the Syked Software. Sykes-Bonnett also directly asked Milliken whether he was working on behalf of HP Tuners, Milliken was evasive and tacitly admitted that he was by failing to deny it. Exhibit O.

ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this allegation and demands strict proof thereof.

29.    Syked Tuning was able to tune the first 2018 Dodge vehicle before any other competitor in the tuning community.  On March 6, Syked Tuning posted an announcement on Facebook that Syked Tuning and A2Speed, a company with which Syked Tuning collaborates,

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIMS - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   had successfully tuned a Dodge Demon. See Exhibit G.  Again, on March 7, Syked Tuning and
2   A2Speed posted that they had successfully tuned the first 2018 Dodge Demon to ever have
3   received a custom tune.  See Exhibit H.

4       ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this
5   allegation and demands strict proof thereof.

6       30.    Within two days, on March 9, HP Tuners posted its own announcement that it had
7   also just released support for the Dodge family of vehicles.  See Exhibit I.  The again, on March
8   12, HP Tuners announced that it was also releasing support for the Dodge Demon.  See Exhibit J.

9       ANSWER:    HPT answers that the communications speak for themselves and HPT
10  denies any allegations inconsistent therewith.

11      31.    Sykes-Bonnett became deeply concerned that indeed Milliken had provided
12  Syked Tuning's Dodge templates to HP Tuners who then incorporated that information into HP
13  Tuner's own software package. To address his suspicion, Sykes-Bonnet was able to examine
14  certain screen output of the new HP Tuners software and confirmed that it appeared HP Tuners
15  had indeed incorporated information from Syked Tuning's Dodge templates into HP Tuners'
16  new software program. Sykes-Bonnett examined screen output from HP Tuner's newest software
17  (attached as Exhibit K) which revealed that many parameters specific to the Syked Tuning
18  Software had been incorporated into the HP Tuners software.

19      ANSWER:    HPT denies that "many parameters specific to the Syked Tuning Software
20  had been incorporated into the HP Tuners software" at any time.  Further responding, HPT lacks
21  sufficient knowledge or information to admit or deny the remaining allegations of this paragraph
22  and demands strict proof thereof.

23      32.    On or about January 30, 2018, Sykes-Bonnett reached out to Dan VanHorn
24  regarding the possibility of Syked Tuning participating as a sponsor for an event known as the
25  Modern Street Hemi Shootout, which is an automotive event focused on Dodge vehicles in

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    various performance challenges. Mr. VanHorn is a promoter for the event. VanHorn invited

2    Syked Tuning to participate as an associate sponsor of the event.

3        ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this

4    allegation and demands strict proof thereof.

5        33.    On or about February 3, 2018, Syked Tuning paid the fee and became an associate

6    sponsor of the Modern Street Hemi Shootout.  This opportunity promised to bring substantial

7    notoriety to Syked Tuning in the industry, especially given Syked Tuning's leadership position

8    with Dodge vehicles.

9        ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this

10   allegation and demands strict proof thereof.

11       34.    On February 4, 2018, VanHorn publicly announced the sponsors for the Modern

12   Street Hemi Shootout, including Syked Tuning as an associate sponsor. This information was

13   widely disseminated in the automotive tuning and performance community.

14       ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this

15   allegation and demands strict proof thereof.

16       35.    Sometime between February 6 and 7, 2018, both Milliken and someone else

17   representing himself to be a lawyer for HP Tuners began calling various other sponsors of the

18   Modern Street Hemi Shootout. On information and belief, during those calls, Milliken and the

19   person representing himself to be HP Tuner's lawyer levied threats and accusations against the

20   other sponsors to the effect that they (the other sponsors) were in league with Syked Tuning and

21   that they would all be dragged into the instant lawsuit unless they forced Syked Tuning to be

22   eliminated from the sponsorship of the event.  On information and belief, the person representing

23   himself to be HP Tuner's lawyer was not Milliken, and the two individuals were never both on

24   the same call.

25

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    ANSWER:    HPT denies that anyone acting on its behalf "began calling various other

2    sponsors of the Modern Street Hemi Shootout" at any time.   Further responding, HPT lacks

3    sufficient knowledge or information to admit or deny this allegation and demands strict proof

4    thereof.

5    36.    On February 8, 2018 at 6:36am, VanHorn terminated Syked Tuning's sponsorship

6    and sent Sykes-Bonnett a message to that effect. See Exhibit L. VanHorn intimated that Syked

7    Tuning's sponsorship was being revoked as a result of the campaign of threats being levied by

8    Milliken and someone else on behalf of HP Tuners.

9    ANSWER:    HPT denies that anyone was engaged in a "campaign of threats" on its

10   behalf at any time.   Further responding, HPT lacks sufficient knowledge or information to admit

11   or deny this allegation and demands strict proof thereof.

12   37.    On February 8, 2018 at 9:04am, Milliken sent to Sykes-Bonnett a text message

13   taunting him about having his sponsorship revoked.   See Exhibit M.   Milliken sent the text

14   message less than 2 ½ hours after Syked Tuning's sponsorship was revoked.

15   ANSWER:    HPT lacks sufficient knowledge or information to admit or deny this

16   allegation and demands strict proof thereof.

17   38.    On information and belief, Milliken was at all times acting as an agent for HP

18   Tuners seeking to exact revenge for the acts complained of by HP Tuners and wrongfully

19   attributed by them (HP Tuners and Milliken) to Syked Tuning.

20   ANSWER:    Denied.

21                          **VIOLATIONS OF THE DMCA**

22   39.    Syked Tuning realleges each and every allegation set forth in each and every

23   foregoing paragraph, inclusive, and incorporates them by reference herein.

24   ANSWER:    HPT repeats and restates its responses set forth in each and every

25   foregoing paragraph, inclusive, and incorporates them by reference herein.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 12

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

40.     HP Tuners' actions constitute direct circumvention of a technological measure that effectively controls access to a copyrighted work in violation of 17 U.S.C. § 1201(a)(1)(A).

ANSWER:     Denied.

41.     HP Tuners, through their engagement of and encouragement to Milliken's actions, are aiding and abetting or inducing violations of 17 U.S.C. § 1201(a)(1)(A).

ANSWER:     Denied.

42.     HP Tuners, by and through its agent Tim Milliken, circumvented Syked Tuning's technological measures to access the Syked Software in an unauthorized manner by bypassing the Syked Software usage restrictions.

ANSWER:     Denied.

43.     HP Tuners' acts constituting DMCA violations have been and continue to be performed without the permission, authorization or consent of Syked Tuning.

ANSWER:     Denied.

44.     HP Tuners has violated Section 1201 of the DMCA willfully and for private commercial gain.

ANSWER:     Denied.

45.     HP Tuners' conduct has caused damage to Syked Tuning and has unjustly enriched HP Tuners, in an amount to be proven at trial.

ANSWER:     Denied.

46.     As a result of HP Tuners' acts and conduct, Syked Tuning has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Syked Tuning is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, HP Tuners will continue to violate Section 1201 of the DMCA. Syked Tuning has no adequate remedy at law. Syked Tuning is entitled to injunctive relief to restrain and enjoin HP Tuners' continuing infringing conduct.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    ANSWER:    Denied.

2    ## BREACH OF CONTRACT (EULA)

3    47.    Syked Tuning realleges each and every allegation set forth in each and every

4    foregoing paragraph, inclusive, and incorporates them by reference herein.

5    ANSWER:    HPT repeats and restates its responses set forth in each and every

6    foregoing paragraph, inclusive, and incorporates them by reference herein.

7    48.    The EULA provides that "Except as specifically permitted in this Agreement, you

8    may not (i) copy the Software, (ii) modify the Software or separate out any of its components for

9    use with other software (except to the extent contemplated in the enclosed user documentation)

10   (iii) use the Software to provide time sharing, service bureau or similar services, or (iv)

11   decompile, disassemble, or otherwise reverse engineer the Software."

12   ANSWER:    HPT answers that the EULA speaks for itself and HPT denies any

13   allegations inconsistent therewith.

14   49.    HP Tuners' actions, as stated above, constitute breach of the EULA entered into

15   or agreed to by HP Tuners acting in concert with Milliken, in violation of the laws of the State of

16   Washington, by reason of which Syked Tuning has suffered and will continue to suffer, harm

17   and irreparable injury.

18   ANSWER:    Denied.

19   ## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

20   50.    Syked Tuning realleges each and every allegation set forth in each and every

21   foregoing paragraph, inclusive, and incorporates them by reference herein.

22   ANSWER:    HPT repeats and restates its responses set forth in each and every

23   foregoing paragraph, inclusive, and incorporates them by reference herein.

24

25

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 14

51.     As recited herein, Syked Tuning had a valid and enforceable contractual relationship for a sponsorship with the promotor of the Modern Street Hemi Shootout at which Syked Tuning would have enjoyed immeasurable benefits.

ANSWER:     Denied.

52.     Syked Tuning is informed and believes, and on that basis avers, that HP Tuners and its agents were aware of that contractual relationship by virtue of the public dissemination of that information throughout the industry.

ANSWER:     Denied.

53.     By inducing the promotor of the Modern Street Hemi Shootout to breach its contracts with Syked, HP Tuners intentionally interfered with that contractual relationship.

ANSWER:     Denied.

54.     HP Tuners' actions were committed willfully and knowingly.

ANSWER:     Denied.

55.     As a result of HP Tuners' actions, Syked Tuning has suffered damage in an amount to be proven at trial, including but not limited to loss of goodwill, diversion of resources to attempt to prevent the development of hacks, and decreased revenue.

ANSWER:     Denied.

56.     HP Tuners' intentional interference with the contracts between Syked Tuning and VanHorn entitles Syked Tuning to compensatory damages, and other available relief.

ANSWER:     Denied.

## **PRAYER FOR RELIEF**

WHEREFORE, HP Tuners LLC respectfully prays that this Court enter judgment in its favor on each and every claim and against Defendant/Counter-Plaintiff.

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 15

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## AFFIRMATIVE DEFENSES

HPT incorporates by reference the foregoing paragraphs in their entirety. HPT hereby asserts the following affirmative defenses and reserves the right to assert, in the future, such additional defenses as may become available or apparent during discovery or through other pretrial proceedings. The assertion of any defense as an affirmative defense herein is not, and is not intended as, an admission that defendants have the burden of proof on any such defense or on any related element of Defendant/Counter-Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of nominative fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the acts complained of by Plaintiff are acts of third parties and not of Defendants, for which Defendants are not responsible.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Defendants may be found liable under any legal theory, any amounts Defendants may owe must be limited or reduced by contribution, setoff, indemnification, apportionment, or other relief.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of its failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it failed to join one or more indispensable parties to this action.

HPT asserts these affirmative defenses in order to preserve its right to assert them at trial, to give Defendant/Counter-Plaintiff notice of its intention to assert these defenses, and to avoid waiver of any defenses.  HPT reserves its right to amend or supplement its affirmative defenses in the event additional information is obtained, through discovery or otherwise, that indicates the applicability of additional affirmative defenses.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, HPT demands a trial by jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counter-Defendant HP TUNERS, LLC respectfully requests the following relief:

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 17

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

A.  Dismissal with prejudice of the claims asserted against HP TUNERS, LLC;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems just and equitable.

DATED this 29th day of May, 2018.

HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.

s/ Stephen G. Leatham
Stephen G. Leatham, WSBA #15572
E-mail: sgl@hpl-law.com
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Facsimile: (360) 750-7548

Andrew P. Bleiman (admitted *pro hac vice*)
MARKS & KLEIN
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
E-mail:  andrew@marksklein.com
*Attorneys for Plaintiff*
HP Tuners, LLC

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 18

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO
COUNTERCLAIMS - 19