Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>Defendants. | No. 3:17-cv-05760 BHS<br><br>DEFENDANTS'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER BARRING COMMUNICATIONS |

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc. (collectively "Syked Tuning") hereby oppose Plaintiff HP Tuners, LLC's ("HP Tuners") Motion for an Order Barring Certain Communications by Syked Tuning (Dkt 47).

## I. DISCUSSION AND ANALYSIS

Syked Tuning hereby opposes the motion ("the Motion") of HP Tuners for an order barring Mr. Sykes-Bonnett from either (1) contacting Keith Prociuk by direct text messages, and from (2) any communications about HP Tuners on social media (such as Facebook) and other online communications.  Dkt. 47.  The Motion should be denied for two reasons: First, it is moot because Mr. Sykes-Bonnett will not contact Keith Prociuk any more now that he has confirmed Mr. Prociuk's phone number.  Second, the Motion requests an unconstitutional restriction on free speech in violation of Mr. Sykes-Bonnett's First Amendment rights.

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS                    -1-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

**A.     HP Tuners' Motion Should Be Denied As Moot**

First, HP Tuners has asked this Court for an order barring Mr. Sykes-Bonnett from sending direct text messages to Keith Prociuk, a principal of HP Tuners.  Dkt 47 at 3.  There are two very illuminating elements to this portion of HP Tuners' request:  First, HP Tuners never even asked Mr. Sykes-Bonnett to stop contacting Keith Prociuk, and if it had, Mr. Sykes-Bonnett would have.  As it stands, the Motion is moot because Mr. Sykes-Bonnett has agreed to cease sending text messages directly to Mr. Prociuk.  See Declaration of Kevin Sykes-Bonnett at ¶ 4 ("KSB Decl").  Had Mr. Prociuk (or anyone else affiliated with HP Tuners) ever so much as asked Mr. Sykes-Bonnett to stop sending text messages he would have complied.  Unfortunately, this ill-advised motion is the first time anyone at HP Tuners has expressed any dissatisfaction whatsoever over the text messages that Mr. Sykes-Bonnett sent.  Accordingly, based on Mr. Sykes-Bonnett's voluntary agreement to cease contacting Mr. Prociuk, HP Tuners' instant motion is moot as to that element.

The second extremely illuminating component of HP Tuners' request is it demonstrates that HP Tuners' earlier motion to quash the Google subpoena (Dkt 36) should be denied.  As the Court will recall, HP Tuners filed a motion to quash a subpoena served on Google for information pertaining to the phone number **847-627-0119**.  See Dkt 36.  In opposition to that motion, Syked Tuning's counsel sent an email to counsel for HP Tuners asking HP Tuners to identify the person to whom that phone number is associated, and to confirm whether than phone number was associated with Keith Prociuk.  Dkt 41-3 at 2.  HP Tuners has never responded to that email, but it has now confirmed that the phone number which is the subject of the Google subpoena is in fact assigned to Keith Prociuk.

HP Tuners included with the instant motion a multi-page exhibit which includes a screen capture of a text message that HP Tuners admits was sent to Keith Prociuk.  See Dkt 47-1 at pages 5-10.  The originating phone number of those text messages (253-880-5612) does in fact belong to Mr. Sykes-Bonnett, as HP Tuners obviously knows.  In addition, Mr. Sykes-Bonnett sent those text messages to the phone number (**847-627-0119**) which is the subject of

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS                              -2-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

the Google subpoena. See Sykes-Bonnett Decl. at ¶ 5, Exhibit A. Thus, and contrary to HP Tuners' protestations in that earlier motion, indeed that phone number is associated with Keith Prociuk. That fact, coupled with the ever-increasing likelihood that Mr. Prociuk may have spoliated evidence by terminating that Google account after being instructed to preserve evidence, augers strongly in favor of denying HP Tuners' Motion to Quash the Google subpoena (Dkt 36).

**B.     HP Tuners' Motion Should Be Denied As Violating The First Amendment**

In addition, as to HP Tuners' request that Syked Tuning cease all postings on social media platforms, that request should also be denied as violating the First Amendment. In fact, the recent Ninth Circuit case of *In Re Dan Farr Prods.*, 874 F.3d 590 (9th Cir. 2017) should be dispositive of HP Tuners' motion. In *In re Dan Farr Prods*, two competitors were embattled in a "run-of-the-mill civil trademark proceeding." *In re Dan Farr Prods.*, 874 F.3d 590, 596 (9th Cir. 2017). One of the competitors Dan Farr Prods. was prone to expressing its views of the litigation on various social media outlets. *Id*. The district court entered a series of "suppression orders" prohibiting Dan Farr Prods. from expressing their views on the pending litigation on social media platforms. *Dan Farr Pods.*, 874 F.3d at 591. However, on petition for writ of mandamus, the Ninth Circuit struck down those "suppression orders" as unconstitutional prior restraints on speech. In doing so, the Ninth Circuit stated:

> A prior restraint to ensure a fair trial is permissible "only if its absence would prevent securing twelve jurors who could, with proper judicial protection, render a verdict based only on the evidence admitted during trial." *Hunt v. Nat'l Broad. Co.*, 872 F.2d 289, 295 (9th Cir. 1989) (*citing Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 569, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)).

*In re Dan Farr Prods.*, 874 F.3d 590, 593 (9th Cir. 2017)

The Ninth Circuit went on to state:

> Prior restraints "are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press*, 427 U.S. at 559, 96 S.Ct. 2791. The district court clearly erred in determining that Petitioners' speech presents *597 a serious and imminent threat to a fair trial and that less restrictive alternatives to a

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS                       -3-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

prior restraint on speech were unavailable. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373–74, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

*In re Dan Farr Prods.*, 874 F.3d 590, 596–97 (9th Cir. 2017)

The exact same situation exists here. There is nothing in any of the social media posts made by Mr. Sykes-Bonnett that comes even close to the requisite damage that would justify nullifying his First Amendment rights to free speech. Indeed, the posts that HP Tuners includes in its exhibit are nothing outside the ordinary variety that anyone would post to a social media outlet. For example, the first "communication" submtted by HP Tuners isn't even a post by Mr. Sykes-Bonnett at all; rather, it is a posting by a third party, Tim Milliken. Dkt 47-1 at 2. The next two posts don't even identify HP Tuners or anyone else by name. Dkt 47-2 at 3.

All the subsequent posts deal with Mr. Sykes-Bonnett generating interest in launching a new open-source project for community-developed ECU tuning products. None of those posts either even identifies HP Tuners, and most have absolutely nothing to do with HP Tuners. It is in light of these posts that HP Tuners' true motivation is revealed. It appears that HP Tuners is demonstrating some fear that an open source alternative to its own products will damage HP Tuners' business. But that is called competition, not harassment.

In short, HP Tuners has not identified even one communication that could arguably "prevent securing twelve jurors who could, with proper judicial protection, render a verdict based only on the evidence admitted during trial." *In re Dan Farr Prods.*, 874 F.3d at 593. This action is equally as "banal" as the "run-of-the-mill trademark dispute" in *In Re Dan Farr Prods*. There is no particular concern about inflaming jurors against HP Tuners, especially given that there has been no media coverage of this case, and it is exceedingly unlikely that any juror in this District will ever have even heard of HP Tuners. Accordingly, the First Amendment protections weigh heavily against the imposition of a prior restraint in this case.

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS                -4-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

## II. CONCLUSION

HP Tuners' Motion should be denied in its entirety. The Motion should be denied as to any communications by Kevin Sykes-Bonnett to Keith Prociuk as moot since Mr. Sykes-Bonnett has voluntarily agreed to cease communicating with him. As to any other restraints on Mr. Sykes-Bonnett's communication, the Motion should be denied as violating Mr. Sykes-Bonnett's First Amendment right to free speech and to freedom of association.

Respectfully submitted,

DATED: June 11, 2018      LANE POWELL PC

By   *s/John E. Whitaker*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
John E. Whitaker, WSBA No. 28868
whitakerj@lanepowell.com
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc.

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS     -5-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I did personally serve the above document on the persons and in the manner indicated below. If the manner of service indicated below is by CM/ECF, the Clerk of the Court will send email notification to such persons.

| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Stephen G. Leatham, WSBA No. 15572<br>Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA  98663<br>Phone:  (360) 750-7547<br>Facsimile:  (360) 750-7548<br>Email:  sgl@hpl-law.com | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Andrew P. Bleiman (*pro hac vice* admitted)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, IL  60062<br>Phone:  (312) 206-5162<br>Email:  andrew@marksklein.com | ☒ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

Executed on June 11, 2018 at Seattle, Washington.

LANE POWELL PC

By    *s/John Whitaker*
     John Whitaker

Opposition To HP Tuners' Motion To Bar Communication

No. 3:17-cv-05760 BHS    -6-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107