UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

Plaintiff,

v.

KEVIN SYKES-BONNETT, et al.,

Defendants.

CASE NO. C17-5760 BHS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Syked ECU Tuning Incorporated ("Syked"), Kevin Sykes-Bonnett ("Sykes-Bonnett"), and John Martinson's ("Martinson") (collectively "Defendants") motion to dismiss (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On September 20, 2017, Plaintiff HP Tuners, LLC ("HP") filed a complaint against Syked and Sykes-Bonnett asserting numerous claims for relief. Dkt. 32. On April 16, 2018, the Court granted HP's motion to amend the complaint. Dkt. 29. In the amended complaint, HP added Martinson individually and on behalf of Syked. Dkt. 35, ¶

3. HP alleges that Defendants have reverse engineered its software, misappropriated its trade secrets and proprietary information, unlawfully sold thousands of discount credits for use in HP's software, and created and sold fraudulent application keys to unlock HP's software. *Id.* ¶¶ 56–81.

On April 30, 2018, Defendants moved to dismiss Martinson. Dkt. 32. On May 21, 2018, HP responded. Dkt. 38. On May 25, 2018, Defendants replied. Dkt. 44.

## II. DISCUSSION

### A. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B. Martinson

Defendants' motion is based primarily on HP's failure to amend the majority of the factual allegations forming the basis of its claims. However, based on the allegations, there is no need to add a specific allegation including Martinson's name. HP alleges that

Syked and its officers, acting both individually and as officers of the company, engaged in misuse of HP's software. HP refers to them together as "Defendants" throughout the main allegations of misuse. Dkt. ¶¶ 56–81. The Court concludes that this is fair notice of the basis for the claims. Whether HP will obtain evidence to pierce the corporate veil is beyond the scope of a motion to dismiss. At this point, it is sufficient to allege that the misuse was accomplished either individually or as officers of the company. Thus, HP has stated a claim upon which relief may be granted.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 32) **DENIED**.

Dated this 12th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge