UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>KEVIN SYKES-BONNETT, et al.,<br><br>    Defendants. | CASE NO. C17-5760 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH |

This matter comes before the Court on Plaintiff HP Tuners, LLC ("HP") motion to quash (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 20, 2017, HP filed a complaint against Defendants Syked ECU Tuning Incorporated and Kevin Sykes-Bonnett ("Defendants") asserting numerous claims for relief. Dkt. 32. On April 16, 2018, the Court granted HP's motion to amend the complaint. Dkt. 29. In the amended complaint, HP added John Martinson individually and on behalf of Syked. Dkt. 35, ¶ 3. HP alleges that Defendants have reverse engineered its software, misappropriated its trade secrets and proprietary information,

unlawfully sold thousands of discount credits for use in HP's software, and created and sold fraudulent application keys to unlock HP's software. *Id*. ¶¶ 56–81.

On April 25, 2018, Defendants served a subpoena on Google requesting information regarding a Google voice number. Dkt. 42-1. Defendants request the date the account was opened, call data of calls made from January 1, 2018 to present, and the date the account was closed. *Id*. at 5.

On May 8, 2018, HP moved to quash the subpoena. Dkt. 36. On May 21, 2018, Defendants responded. Dkt. 40. On May 25, 2018, HP replied. Dkt. 42. On May 30, 2018, Defendants filed a surreply. Dkt. 46.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena on a nonparty ordering the production of certain documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). "A party lacks standing to challenge a subpoena issued to a third party unless the party making the challenge claims a personal right or privilege with respect to the discovery sought in the subpoena." *Emara v. Multicare Health Sys.*, 3:11-CV-6055-RBL, 2012 WL 5205950, at *2 (W.D. Wash. Oct. 22, 2012) (citing *Ericson v. Mircoaire Surgical Instruments LLC*, 2010 WL 1881946, *2 (W.D. Wash. 2010); *Nova Products, Inc. v. Ksma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004)). A party generally does not have standing to object to a subpoena served on a nonparty on grounds of the undue burden imposed on the nonparty, especially where the nonparty itself has not objected. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636–37 (C.D. Cal. 2005). A party that is not the recipient of the subpoena has standing to challenge the subpoena "only where its

challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994).

In this case, HP's motion fails for numerous reasons. Most importantly, HP fails to assert that the number in question belonged to its CEO, Keith Prociuk. Although Defendants have reason to believe it was owned by Mr. Prociuk, HP fails to confirm this allegation.[1] Thus, neither HP nor Mr. Prociuk have established a personal right or privilege with respect to the discovery sought from Google.

Furthermore, HP has failed to establish that it may object to the subpoena on the basis of relevance or undue burden. In fact, HP asserts that responding to the subpoena would cause an undue burden on Google without submitting any evidence from Google or giving any indication that it has contacted Google. Thus, HP's argument is based on pure speculation.

Finally, HP also speculates that Defendants are requesting information that "is likely to cause a completely unnecessary invasion of privacy." Dkt. 36 at 7. Without any additional information regarding the requesting information, HP is unable to establish that Google will produce privileged or personal information. Thus, HP's arguments are without merit.

---

[1] In fact, HP seems to deny the allegation by asserting that "there is no established connection or relevancy whatsoever between the information sought and the subject matter of the litigation . . . ." Dkt. 36 at 5.

### III.  ORDER

Therefore, it is hereby **ORDERED** that HP's motion to quash (Dkt. 36) is **DENIED**.

Dated this 12th day of June, 2018.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge