THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

　　　　Plaintiff,

　　vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,

　　　　Defendants.

No. 3:17-cv-05760 BHS

**MOTION TO QUASH PLAINTIFFS' SUBPOENA ISSUED TO THIRD PARTY VERIZON COMM'NS INC.**

**Noted: August 3, 2018**

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning Inc. (collectively "Defendants" or "Syked Tuning"), by its attorneys and pursuant to Fed. R. Civ. P. Rule 45(d), hereby submit this Motion to Quash the Subpoena served upon non-party Verizon Communications Inc. d/b/a Verizon Wireless by Plaintiff HP Tuners, LLC ("HPT").

I. **INTRODUCTION**

Plaintiff filed a Notice of Intent to Serve a Subpoena for the phone records on non-party Verizon Wireless (the "Verizon Subpoena"), pursuant to which Plaintiff seeks extensive data on Defendant Kevin Sykes-Bonnett's Verizon Wireless phone number and call history. Whitaker Decl., Exhibit A. Syked Tuning hereby moves to quash the Subpoena on various bases.

MOTION TO QUASH VERIZON SUBPOENA - 1
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

On July 18 2018, undersigned counsel conferred with Plaintiff's counsel regarding this motion.[1] During that conference, undersigned counsel asked Plaintiff's counsel what the basis was for serving the Subpoena. Plaintiff's counsel essentially responded that "what's good for the goose is good for the gander" as Syked Tuning had earlier served a somewhat similar subpoena for records related to communications between certain individuals at HPT and certain third parties. When asked to what claim or issue the Verizon Subpoena is relevant, Plaintiff's counsel responded "they just wanted to know who Kevin Sykes-Bonnett is talking to" and that "HPT believes Kevin was probably communicating with Tim Milliken." Mr. Milliken is a third party with whom HPT has had significant dealings related to this action. Plaintiff's counsel was unable to identify any other claim or issue to which the Verizon Subpoena is relevant. Nowhere in the Verizon Subpoena does it describe the relevance of any of the information sought.

Plaintiff refused to voluntarily withdraw the Verizon Subpoena.

## II.     SUMMARY OF THE ARGUMENT

The Verizon Subpoena is drastically overbroad, violates the privacy rights of Defendant Kevin Sykes-Bonnet, his family, and potentially hundreds of irrelevant third-parties, and requests information that is irrelevant to this case. More importantly, the only valuable information that Plaintiff could uncover from this subpoena is Syked Tuning's valuable trade secret information and confidential contacts, which would irreparably harm Syked Tuning's ability to compete in the market.

In response to Plaintiff's subpoena, Defendants bring this Motion to Quash in an effort to preclude Plaintiff, a direct competitor of Defendants, from obtaining Syked Tuning's trade secret and commercially sensitive information. Plaintiff is currently engaged in a fishing expedition in

---

[1] These facts are all supported by the attached Declaration of John Whitaker ("Whitaker Decl.").

MOTION TO QUASH VERIZON SUBPOENA - 2
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

an attempt to locate the actual party responsible for the conduct that Plaintiff alleges Defendants committed. In furtherance of its fishing expedition, Plaintiff's subpoena seeks information that is not relevant to any cause of action asserted in this case. Moreover Plaintiff's subpoena is overbroad and duplicative of its pending discovery requests. It also violates the privacy rights of Defendant Kevin Sykes-Bonnett and potentially hundreds of third-parties. Because Plaintiff has already demonstrated an ability to seek relevant information through less intrusive means, Plaintiff's subpoena should be quashed.

### III.  BACKGROUND

As set out in detail in its Amended Answer (Dkt. 27-1), Syked Tuning is a small company engaged in the performance automotive market that provides tuning services, which include customizing parameters stored within a vehicle's electronic control unit. HP Tuners, a direct competitor, is also engaged in the performance automotive market and has recently been extremely litigious against others in the market. HP Tuners sued Syked Tuning on September 20, 2017 alleging eight unsubstantiated causes of action related to hacked source code, cloned tuning cables, and unauthorized tuning credits. Defendants have filed counterclaims alleging violations of the DMCA and breach of contract. Discovery in this matter is ongoing.

Because HP Tuners does not know who is responsible for the causes of action alleged in its first amended complaint, they have engaged in a fishing expedition in an attempt to determine the true perpetrator, while also attempting to bankrupt or otherwise harass competitors in the performance automotive market through frivolous litigation. In fact, since filing this action, HP Tuners has filed six other lawsuits against various individuals for essentially identical claims.[2]

---

[2] *See HP Tuners LLC v. Hauffe*, Case No. 1:18-cv-01960 (N.D. Ill.) (filed March 9, 2018); *HP Tuners LLC v. Kaiser*, Case No. 1:18-cv-01963 (N.D. Ill.) (filed March 19, 2018); *HP Tuners LLC v. Worldly Exhibits*, Case No. 1:18-cv-0263 (N.D. Ill.) (filed March 21, 2018); *HP Tuners LLC v. Hussey et al.*, Case No. 1:18-cv-02070 (N.D. Ill.) (filed

MOTION TO QUASH VERIZON SUBPOENA - 3
No. 3:17-cv-05760 BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Of these lawsuits, one was recently filed in the Northern District of Illinois against eleven "John Does." In that case, Plaintiff makes the identical claims against those John Does for the identical factual allegations as made in this case against Syked Tuning. However, in that Illinois action, HPT admits that it still does not know who performed the actions complained of—further demonstrating that Plaintiff has no idea who committed the violations of which it wrongfully accuses Syked Tuning. Yet to further harass Kevin Sykes-Bonnett, Plaintiff has now served the Verizon Subpoena for his phone records in furtherance of its fishing expedition.

### IV.   DISCUSSION AND ANALYSIS

#### A.   Legal Standard

Under Fed. R. Civ. P. 45, "a court must modify or quash a subpoena that: (1) does not allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or protected matters; or (4) subjects a person to undue burden." *Ademiluyi v. Phillips*, 2014 WL 7012493, at *2 (D. Nev. Dec. 12, 2014). "Courts also consider other factors in deciding motions to quash or modify a subpoena, including the breadth or specificity of the discovery request, and the relevance of the requested information." *Id.*

Rule 34 and other discovery rules help set the scope of a subpoena issued to a non-party pursuant to Fed. R. Civ. P. 45. *See* FED. R. CIV. P. 45, Advisory Committee Notes (1970). "Under Rule 34, the rule governing the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b)." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006). Therefore, under Rule 26:

---

March 21, 2018); *HP Tuners LLC v. McKnight et al.*, Case No. 1:18-cv-02071 (N.D. Ill.) (filed March 21, 2018); *HP Tuners, LLC v. John Doe*, Case No. 1:18-cv-04670 (N.D. Ill.) (filed July 6, 2018).

MOTION TO QUASH VERIZON SUBPOENA - 4
No. 3:17-cv-05760 BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

> [a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii), which requires that discovery methods be limited where:(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.* at 680.  With respect to third-party subpoenas, like the one at issue here, there is a heightened standard of propriety under the discovery rules.  Specifically, "[u]nderlying the protections of Rule 45 is the recognition that the word non-party serves as a constant reminder of the reasons for the limitations that characterize third-party discovery." *Id.* (citations omitted).

**B.      Plaintiff's Subpoena is Overbroad and Seeks Irrelevant Information**

The Verizon Subpoena seeks irrelevant information, is overbroad, and is cumulative of its pending discovery requests.  *See* FED. R. CIV. P. 26(b)(2)(C)(i),(ii).  The scope of the information sought must be "relevant to any party's claim or defense and proportional to the needs of the case." See FED. R. CIV. P. 26(b)(1).  Plaintiff has failed to, and cannot, show that the requested information falls within the scope of allowable discovery.

First, by its own admission, HPT cannot identify either a single issue or a claim or defense to which the Verizon Subpoena is relevant.  Whitaker Decl. at ¶ 7.  The only issue to which HPT can point is that it believes Mr. Sykes-Bonnett may have been in communication with Tim Milliken.  *Id*. at ¶ 6.  Assuming that is true, HPT has failed to identify any claim or defense to which it is relevant.  HPT's only attempt is to suggest that even though HPT was in close contact with (and encouraging) Tim Milliken while he was attempting to hack Syked Tuning's software, so too was Mr. Sykes-Bonnett.  In that case, HPT's communications with Mr. Milliken may be relevant to Syked Tuning's claim, but HPT fails even to try and explain how Mr. Sykes-Bonnett's

MOTION TO QUASH VERIZON SUBPOENA - 5
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

communications with Mr. Milliken are relevant. HPT has failed even to try and identify any other claim or defense to which the Verizon Subpoena is relevant. Whitaker Decl., at ¶ 7.

Next, in Plaintiff's first amended complaint (Dkt. 26-1), Plaintiff alleges a number of violations of various trade secret acts and consumer fraud statutes, in addition to a breach of contract allegation. Plaintiff's allegations, in their entirety, stem from acts that Defendants allegedly committed over the Internet or through use of a computer. *See Ademiluyi*, 2014 WL 7012493, at *2 (stating that the court should focus on the actual claims and defenses to determine relevance). While there are some factual assertions that deal with Syked Tuning's communication with potentially-relevant third-parties, those alleged communications occurred over the Internet through online forums, such as Plaintiff's own forum, Facebook, or email. In fact, nowhere in Plaintiff's first amended complaint do they allege that Mr. Sykes-Bonnett communicated with any third-party via any medium other than Facebook, online forums, or third-party email addresses. The alleged facts and causes of action in Plaintiff's complaint demonstrate that Mr. Sykes-Bonnett's phone records are not relevant in this case.

Further, Plaintiff's request for all information relating to Defendant's incoming and outgoing calls, text messages, and associated account identity information is drastically overbroad. "Overbroad subpoenas seeking irrelevant information may be quashed or modified." *Gonzales*, 234 F.R.D. at 680. Plaintiff's factual allegations in its complaint demonstrate that it has knowledge of potentially relevant third-parties, yet Plaintiff is still seeking all of Defendant's contacts for the past two and a half years. Plaintiff has not attempted to limit the information it requests at all. Compared to Plaintiff's complaint and the alleged bad-actors, its subpoena is drastically overbroad.

MOTION TO QUASH VERIZON SUBPOENA - 6
No. 3:17-cv-05760 BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Moreover, a district court may limit discovery on a finding that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or expensive. FED. R. CIV. P. 26(b)(2)(C)(i). Discovery is ongoing in this case and the information that Plaintiff requests is duplicative of pending requests for production. For example, in Plaintiff's seventh set of document requests, request number one asks for "all … communications, including but not limited to electronic mail communications, FaceBook [sic] messages and posts, direct messages, *text messages*, or *other documents and communications* from January 1, 2016 to present" for a particular number of individuals that could have relevant information. Any arguably-relevant information that would be generated by Plaintiff's subpoena is duplicative of the above-mentioned request for production or other pending requests. *See, e.g.*, Plaintiff's first set of document requests, Request for Production 6. Plaintiff's subpoena, therefore, is duplicative of its discovery requests, further contributing to the irrelevance of this subpoena.

### C.  Potential to Reveal Syked Tuning's Trade Secrets

Plaintiff's subpoena will also reveal Defendants' valuable trade secret and confidential information if the subpoena is not quashed. A court's obligation to protect a person subject to a subpoena includes "the power to quash or modify it if it requires 'disclosing a trade secret or other confidential research, development, or commercial information.'" *In re eBay Seller Antitrust Litigation*, 2009 WL 10677051, at *4 (W.D. Wash. Aug. 17, 2009) (quoting FED. R. CIV. P. 45(c)(3)(B)(i)). In its discretion, the court must "balance the harm from disclosing the information, the requesting party's need for the information, and the effectiveness of possible safeguards for the information." *Id.* But "[r]ule 45 does not require the court to permit the

MOTION TO QUASH VERIZON SUBPOENA - 7
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

disclosure of competitively sensitive information even under [] a protective order." *Id.*; *see also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990).

In this case, Plaintiff's subpoena, if enforced as drafted, would reveal the identities of various of Defendants' contacts in the industry, unrelated to Plaintiff's causes of action. Those contacts provide Syked Tuning with confidential information that allows Defendants to run their business and compete in the market. The confidential sources with whom Mr. Sykes-Bonnett has established relationships and communicates frequently are critically important in the tuning industry—something Plaintiff is well aware of. Even revealing the phone numbers of those individuals would reveal their identity and cause Defendants irreparable harm. Moreover, putting Defendants' confidential information directly in the hands of a competitor would give Plaintiff an unfair competitive edge. *See Daimler Truck North America LLC v. Younessi*, 2008 WL 2519845, at *2 (W.D. Wash. June 20, 2008) (stating that "[b]ecause of their fleeting nature, once trade secrets are disclosed to outside parties they lose their value and the property right is extinguished").

As Plaintiff's nearly-identical complaint filed in the Northern District of Illinois demonstrates, Plaintiff still does not know who actually committed the actions giving rise to its causes of action against Defendants. Plaintiff's actions continue to show that it is merely attempting to disrupt Plaintiff's legitimate business practices—including forcing Verizon Wireless to reveal Defendants' extremely valuable confidential sources that are not at all related to Plaintiff's allegations. Requiring a third-party to turn over trade secret and commercially sensitive information to a direct competitor would only further Plaintiff's harassment of Defendant and should not be permitted. *See id.* (stating that a party has an "interest in keeping its trade secrets out of the public eye, and particularly away from its competitors").

MOTION TO QUASH VERIZON SUBPOENA - 8
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Further, if a subpoena requires the disclosure of trade secrets or other confidential information, the requesting party must show a substantial need for the material that cannot otherwise be accomplished without undue hardship. *See Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995). In this case, Plaintiff cannot demonstrate any substantial need. As discussed above, Plaintiff's subpoena is irrelevant, overbroad, and duplicative of its pending discovery requests, which Defendants will respond to as discovery progresses. Although Defendants must speculate as to what causes of action Plaintiff will actually pursue, Defendants cannot think of any substantial value or need this subpoena gives Plaintiff for any cause of action alleged in its complaint. In addition, HPT itself was unable to identify even one cause of action to which the Verizon Subpoena is relevant when asked. Any information that Plaintiff deems potentially-relevant can be gathered without undue hardship to Plaintiff. Discovery is ongoing and Plaintiff has already demonstrated that it can get this information through various discovery mechanisms.

Finally, a strict protective order would not be sufficient to protect Defendants trade secrets. As the court in *eBay* realized, if Plaintiff were to ultimately use any information Verizon Wireless would produce in litigation, it would have to be disclosed to Plaintiff, not just its counsel. *See In re eBay*, 2009 WL 10677051, at *6. And courts have been "extremely reluctant" to place parties in a position of relying on another party to protect its highly sensitive information from a competitor. *See, e.g.*, *id.*; *Micro Motion*, 894 F.2d at 1325. The Court should be extremely reluctant in this case as well. The Court should not allow for Verizon Wireless to comply with this subpoena and vanquish Defendants' right to its trade secrets. *See Daimler*, 2008 WL 2519845, at *2.

MOTION TO QUASH VERIZON SUBPOENA - 9
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

### D. Privacy Violation

Finally, Plaintiff's subpoena violates Defendant Kevin Sykes-Bonnett's right to privacy. Generally, a "party has a personal interest in securing the privacy of his cell phone records." *Hawaii Regional Council of Carpenters v. Yoshimura*, 2017 WL 738554, at *2 (D. Haw. Feb. 17, 2017).[3] Defendant should have a right to privacy here, including not being forced to reveal who he communicates with in his personal life. Defendant Kevin Sykes Bonnett shares this Verizon Wireless account with his wife and family, so their privacy rights would also be violated by compliance with Plaintiff's subpoena.

Additionally, Plaintiff's subpoena requests "account identity (e.g., name, address, email address) for incoming and outgoing calls," which implicates the privacy rights of potentially hundreds of third-parties, almost all of which have zero relevance to this litigation. Requesting account identity information goes well beyond subscriber information, which is traditionally viewed by courts as more permissible. *See id.* at *4 n.6 (describing permissible subscriber information as date, time, originating and receiving telephone number, originating cell site and sector, and duration for all calls). In this case, however, even disclosure of subscriber information would cause the disclosure of Defendants' trade secrets to a direct competitor.

As demonstrated above, Defendants would suffer irreparable harm if this subpoena is not quashed by the Court. Compliance with the subpoena will reveal Defendants' valuable trade secrets to a direct competitor while providing irrelevant information that Plaintiff can easily seek through less intrusive means that do not violate the privacy of hundreds of individuals. As such, Plaintiff's subpoena should be quashed.

---

[3] To the extent that Plaintiff argues Defendant Kevin Sykes-Bonnett has no standing to challenge this subpoena, it is recognized that a party has standing to move to quash a subpoena over their phone records because of a privacy interest. *See Hawaii*, 2017 WL 738554, at *2; *see also Doe v. City of San Diego*, 2013 WL 2338713, at *2 (S.D. Cal. May 28, 2013).

MOTION TO QUASH VERIZON SUBPOENA - 10
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**E.     Defendant Entitled to Fees and Costs**

Under Fed. R. Civ. P. 37(a)(5)(A), the court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" when a discovery motion is granted.  *See, e.g.*, *Wright v. Fred Hutchinson Cancer Research Ctr.*, 206 F.R.D. 679, 683 (W.D. Wash. 2002); *Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1274 (W.D. Wash. 2010).  Defendant respectfully requests that the Court award its costs and fees upon granting of Defendants' motion.  Plaintiff served this subpoena, which contains an overly broad request for irrelevant information that violates Defendant Kevin Sykes-Bonnett's privacy and will reveal valuable trade secret information.  The Court should not allow Plaintiff's fishing expedition to continue as it wastes both the parties' and the Court's resources.

**V.     CONCLUSION**

For the reasons stated above, Defendants' Motion to Quash Plaintiff's subpoena should be granted and Defendants should be awarded its attorney's fees incurred for making this motion to quash Plaintiff's irrelevant subpoena.

DATED: July 18, 2018          LANE POWELL PC

By *s/John E. Whitaker*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
John E. Whitaker, WSBA No. 28868
whitakerj@lanepowell.com
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206-223-7000
Facsimile:  206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning Inc.

MOTION TO QUASH VERIZON SUBPOENA - 11
No. 3:17-cv-05760 BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system.  In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

| | |
|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Stephen G. Leatham, WSBA No. 15572<br>Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA  98663<br>Phone:  (360) 750-7547<br>Facsimile:  (360) 750-7548<br>Email:  sgl@hpl-law.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Andrew P. Bleiman (*pro hac vice* admitted)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, IL  60062<br>Phone:  (312) 206-5162<br>Email:  andrew@marksklein.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

Executed on July 18, 2018, at Seattle, Washington.

*s/Kathi Milner*
Kathi Milner, Legal Assistant