HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) )  CASE NO.  3:17-cv-05760-BHS ) |
| Plaintiff, | ) **PLAINTIFF'S OPPOSITION TO** ) **DEFENDANTS' MOTION TO QUASH** |
| vs. | ) **SUBPOENA ISSUED TO THIRD PARTY** ) **VERIZON COMMM'NS INC.** |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) ) ) ) |
| Defendants. | ) |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby submits this Opposition to Defendants' Motion to Quash the Subpoena Issued to Third Party Verizon Communications, Inc., filed on July 18, 2018 (the "Motion to Quash").

### **RELEVANT BACKGROUND**

As set out in detail in Plaintiff's Amended Complaint (Dkt 35-1), Plaintiff brought the underlying action against Defendants for: (i) violation of the Computer Fraud and Abuse Act, arising under 18 U.S.C. § 1030; (ii) violation of the Defend Trade Secrets Act, 18 U.S.C § 1836 et. seq.; (iii) violation of the Washington Uniform Trade Secret Act, RCW 19.108; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Fraud Protection Act, RCW 19.86.020; (vi) unfair competition under the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THIRD PARTY VERIZON COMMM'NS INC. - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; and (vii) breach of contract.

Plaintiff HP Tuners is a niche business which provides automotive tuning and data acquisition solutions for automobile enthusiasts and professional shops.  As a core function of its business, HP Tuners sells Interfaces which connect to the onboard computer of a vehicle.  HP Tuners also sells "credits," which are the license mechanism used by customers to tune vehicles. HP Tuners distributes these credits via "application keys" that are compatible with the HP Tuners Interfaces.  Only HP Tuners is authorized to generate application keys for use with HP Tuners' products.

Plaintiff has reason to believe that Defendant Sykes-Bonnett, individually and in concert with other individuals, has misappropriated Plaintiff's trade secrets and proprietary information, and has knowingly generated, created, used, obtained, and distributed fraudulent application keys which were not generated by HP Tuners.  Plaintiff's Amended Complaint alleges numerous, specific facts, supported by documentary evidence attached thereto as exhibits, indicating Sykes-Bonnett individually, and in concert with others, (1) unlawfully reverse engineered and hacked HP Tuners' software in order to create licensing defeating software; (2) used the license defeating software for his own benefit; and (3) distributed stolen/hacked HP Tuners products for his own profit.  Complaint ¶¶ 29-66.  Despite the detailed allegations against Sykes-Bonnett as alleged in the Amended Complaint, including a Facebook message posted by Sykes-Bonnet in which he advertises a stolen/hacked HP Tuners interface for sale (Amended Complaint, ¶ 40), Defendants mischaracterize Plaintiff as having "no idea who committed the violations of which it [ ] accuses Syked Tuning" and wrongfully assert that Plaintiff is engaging in a "fishing expedition in an attempt to determine the true perpetrator."  Motion to Quash, pp. 3-4.

In fact, Plaintiff very clearly identifies Sykes-Bonnett as the primary individual responsible for the misappropriation of its intellectual property, and now seeks, via a third-party

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

subpoena issued to Verizon (the "Verizon Subpoena" or "Subpoena"), limited data in connection with calls made from or received by the Verizon phone number associated with Sykes-Bonnett during the time period during which his misappropriation and wrongful distribution of Plaintiff's property allegedly occurred. The calls go directly to the issue of his communications with third parties concerning the creation, sale, transmission and exchange of fraudulent application keys and manipulated interfaces.

The Verizon Subpoena is very narrowly tailored to obtain no more information than is necessary to identify individuals with whom Sykes-Bonnett was in communications and who (a) assisted him with his scheme to misappropriate and unlawfully sell Plaintiff's property, (b) were aware of the scheme, and/or (c) purchased the stolen property from Sykes-Bonnett in connection with their own vehicle tuning businesses. To that end, Plaintiff has asked Verizon to provide the following non-content information relating to voice number 253-880-5612 since January 1, 2016:

a) dates and times of all incoming and outgoing calls;

b) phone numbers of incoming and outgoing calls;

c) duration of incoming and outgoing calls;

d) phone numbers of incoming and outgoing text messages; and

e) account identity (e.g. name, address, email address) for incoming and outgoing calls.

*See* Declaration of John Whitaker in Support of Defendants' Motion to Quash Third Party Subpoena Issued to Verizon Communications Inc. ("Whitaker Dec."), Exhibit A.

Plaintiff very reasonably believes these call records will reveal significant and substantial ongoing communications between Sykes-Bonnett and other individuals involved in Defendants' wrongful scheme to steal and distribute Plaintiff's property for Defendants' profit, and with the intent of undermining the HP Tuners business. In particular, Plaintiff has recently acquired additional, detailed information indicating Sykes-Bonnett distributed HP Tuners credits

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THIRD PARTY VERIZON COMMM'NS INC. - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

unlawfully to individuals also engaged in the business of vehicle tuning in exchange for cash. Plaintiff has obtained a certification under penalty of perjury from Matt Kaiser in which he testifies that his former employer, co-defendant Alvaro Valencia, owner of co-defendant The Mustang Shop, paid Sykes-Bonnett four thousand dollars ($4,000.00) cash in exchange for maxing out the available credits on one of the Mustang Shop's HP Tuner cable interfaces. Kaiser also testified that Sykes-Bonnett represented that he had a "silent partner" who had been formerly affiliated with HP Tuners and was working with Sykes Bonnett. (The Declaration has been marked as Confidential in this matter but can be made available for the Court's inspection).

Accordingly, Plaintiff has a firm basis for its assertion that Verizon Subpoena will reveal relevant information, including information related to Sykes-Bonnett's communications with Kaiser's co-defendants in connection with the wrongful sale of HP Tuners credits, as well as communications between Sykes-Bonnett and his alleged "silent partner" from whom he may have acquired HP Tuners' proprietary information. Plaintiff also believes the Verizon Subpoena will reveal communications between Sykes-Bonnett and numerous other individuals involved with hacking and reverse engineering HP Tuners' software and/or other individuals who purchased the hacked application keys from Sykes-Bonnett.

Nevertheless, Defendants have disingenuously and in bad faith made this motion to quash. In fact, Defendants have lifted verbatim language from Plaintiff's prior, unsuccessful motion seeking to quash Defendants' subpoena upon Google in making the instant motion to quash. This Court has previously considered these same issues and permitted the subpoenas to issue and to be responded to. Now, Defendant is literally trying to have it both ways – having successfully served a third-party subpoena in their favor, Defendants now seek to quash Plaintiff's third-party subpoena in a cynical attempt to manipulate the discovery process in an effort to gain an unwarranted advantage in this litigation.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

# ARGUMENT

## I. The Verizon Subpoena Seeks Relevant, Narrowly-Tailored Information

Pursuant to Rule 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). The term "relevant" is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Defendants wrongly claim that HP Tuners, "by its own admission" cannot identify an issue or claim to which the Verizon Subpoena is relevant. Motion to Quash, p. 5. This statement is simply false. It is evident that Sykes-Bonnett's phone records are exceedingly relevant to each and every one of Plaintiff's claims. Plaintiff specifically alleges, and has reason to believe, that Sykes-Bonnett was in communications with numerous individuals regarding the alleged reverse engineering, hacking, and selling of HP Tuners' proprietary software, interfaces, and application keys. *See, e.g.*, Amended Complaint, ¶¶ 29-78. Plaintiff also has sworn testimony from Matt Kaiser identifying Sykes-Bonnett as unlawfully selling stolen HP Tuners application keys to third parties. Plaintiff therefore reasonably believes Sykes-Bonnett's phone records will provide crucial evidence connecting Sykes-Bonnett to other individuals involved in his unlawful scheme and to third parties to whom he sold fraudulent application keys, and the scope of the actual damages Plaintiff has incurred as a result of Sykes-Bonnett's malicious acts.

Sykes-Bonnett's phone records may also "reasonably [ ] lead to other matter that could bear on" other issues in the case. From the phone records, Plaintiff believes it will be able to identify other, currently unknown individuals who were also involved with Sykes-Bonnett's stealing and/or distribution of HP Tuners' property, and/or who are in possession of information

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

relevant to the case, including persons who have purchased fraudulent application keys from Sykes-Bonnett.

Defendants disingenuously argue that Plaintiff cannot seek phone records because the Amended Complaint alleges that Sykes-Bonnett communicated with third parties via Facebook, online forums, and email. Motion to Quash, p. 6. Of course, the mere fact that the Amended Complaint does not precisely refer to specific *phone* conversations during which Defendant Sykes-Bonnett may have been engaged in perpetuation of his bad acts hardly renders the potential existence of those phone calls impossible. Indeed, the very purpose of the discovery phase of litigation is to bring to light facts which are not known by all parties at the outset, and which shed light on the truth of the matter.

Furthermore, the Verizon Subpoena is narrowly tailored to exclude as much non-relevant information as possible. The Subpoena is limited in its scope to calls made after January 1, 2016. Additionally, the Subpoena only seeks non-content data. Defendants make the specious argument that the Verizon Subpoena is overly broad because it is not limited to calls with third parties identified in the Amended Complaint. Were Plaintiff to limit the Verizon Subpoena solely to third parties Plaintiff has thus far been able to identify as affirmatively involved in Sykes-Bonnett's bad acts, the Subpoena would fail to provide a trove of potentially relevant evidence connecting Sykes-Bonnett to individuals currently unknown to Plaintiff who were likely also involved in the alleged scheme and wrongful distribution of HP Tuners' property. Indeed, the very purpose of discovery would be undermined if it were limited to uncovering evidence already available to the party seeking discovery.

Finally, Plaintiff's subpoena is not duplicative of any pending requests for production. Plaintiff has not made any other requests for Sykes-Bonnett's phone records. Plaintiff's seventh set of document requests seeking communications for certain individuals, as cited by Defendants, does not specifically request phone records. Moreover, it is likely that Sykes-Bonnett and the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

other individuals upon whom the request was served do not have in their possession detailed phone records, or the information Plaintiff seeks through the Verizon Subpoena. As such, the Verizon Subpoena seeks information that is relevant, entirely distinct from Plaintiff's other discovery requests, non-duplicative, and valid pursuant to all applicable discovery rules.

**II.     The Verizon Subpoena Will Not Reveal Any Trade Secrets**

Defendants' argument that the Subpoena will result in disclosure of trade secrets and/or confidential information is nonsensical. Defendants vehemently argue against being forced to disclose confidential information, but fail to explain how the Verizon Subpoena will in any way result in such disclosure. The Verizon Subpoena seeks non-content information. There is no way Plaintiff could learn the content of Defendants' communications with anyone solely based upon the information sought in the Subpoena. The phone number of a contact hardly constitutes a "trade secret."

Although Defendants argue that "[r]equiring a third-party to turn over trade secret [sic] and commercially sensitive information to a direct competitor would only further Plaintiff's harassment of Defendant and should not be permitted" (Motion to Quash, p. 8), the fact remains that Verizon is not being asked to turn over *any* trade secrets or commercially sensitive information. In fact, any information Plaintiff obtains through the Subpoena that is "sensitive" would be so only by its nature of bolstering Plaintiff's claims.

And even if Plaintiff were to concede, which it does not, that the identities of individuals with whom Sykes-Bonnett has been in communication did somehow constitute "confidential information," Plaintiff has demonstrated a "substantial need" for that information, which is both relevant and necessary to Plaintiff's case. *See, e.g., Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) ("A survey of the relevant case law reveals that discovery is virtually always ordered once the movant has established that the secret information is [both] relevant and necessary") (internal citations and quotations omitted). Plaintiff's

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Amended Complaint alleges that Sykes-Bonnett, in coordination with numerous other individuals, engaged in a campaign to undermine HP Tuners by stealing its trade secrets and proprietary information and distributing stolen HP Tuners application keys for his own profits. It is imperative that Plaintiff learn the identities of the other individuals involved in Sykes-Bonnett's scheme in order to fully make its case and obtain adequate relief.

### III.  Defendants' Privacy Concerns are Eliminated by the Controlling Protective Order

As Defendants themselves noted in their previously filed Opposition to Plaintiff's Motion to Quash Subpoena Served on Google (Dkt. 40), the Court has entered a stipulated Protective Order that governs the production of documents during this litigation. Dkt. 39.  Accordingly, the privacy concerns Defendants raise regarding disclosure of the identities of parties with whom Sykes-Bonnett has been in communication are remedied by the confidentiality provisions contained in the Protective Order, and Plaintiff agrees that any documents produced by Verizon will be treated as Confidential within the scope of the Protective Order.

### IV.  Plaintiff is Entitled to Costs and Fees

Plaintiff respectfully requests that the Court award its costs and fees in connection with Defendants' motion.  In serving the Verizon Subpoena, Plaintiff merely seeks basic information directly arising from and related to its claims, as set forth in the Amended Complaint.  The information sought does not include confidential information or trade secrets and is narrowly tailored to capture evidence directly relevant to this case.  Meanwhile, Defendants' Motion to Quash is completely unsubstantiated and asserts arguments, such as privacy concerns, that Defendants themselves have directly disavowed in their prior Opposition to Plaintiff's Motion to Quash Subpoena Served on Google. Dkt. 40.  For the foregoing reasons, Defendants' request for attorneys' fees should be denied, and Plaintiff should be awarded attorneys' fees incurred in connection with defending against Defendants' baseless motion.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO QUASH SUBPOENA ISSUED TO THIRD PARTY
VERIZON COMMM'NS INC. - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CONCLUSION

In consideration of the foregoing, this Court should DENY Defendants' Motion to Quash, and award Plaintiff attorneys' fees and costs in connection with this motion.

Dated: July 30, 2018				Respectfully submitted,

*s/ Andrew P. Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

*Attorneys for HP Tuners, LLC*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THIRD PARTY VERIZON COMMM'NS INC. - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Of Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THIRD PARTY VERIZON COMMM'NS INC. - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547