HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, <br><br> Defendants. | NO.  3:17-cv-05760-BHS <br><br> **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)** <br><br> **NOTE ON MOTION CALENDAR: AUGUST 24, 2018** |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendants' Affirmative Defenses.[1]

**INTRODUCTION**

Plaintiff filed its Amended Complaint as against Defendants on May 8, 2018 (the "Amended Complaint") with causes of action for (i) violation of the Computer Fraud and Abuse Act, arising under 18 U.S.C. § 1030; (ii) violation of the Defend Trade Secrets Act, 18 U.S.C § 1836 et. seq.; (iii) violation of the Washington Uniform Trade Secret Act, RCW 19.108; (iv)

---

[1] In an abundance of caution and in order to reserve its rights in the event that this contemplated motion was not granted, Plaintiff filed similar affirmative to those challenged herein.  In the event this Court grants this Motion, Plaintiff agrees to withdraw its affirmative defenses and reassert them at a later stage in the proceedings, if and when necessary and appropriate.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Fraud Protection Act, RCW 19.86.020; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; and (vii) breach of contract. Dkt 35-1. On July 20, 2018, Defendants filed their Answer, which contains eleven (11) boilerplate affirmative defenses, completely void of any factual support or allegations sufficient to state a valid defense. Dkt. 56. Defendants' affirmative defenses should be struck.

Defendants' affirmative defenses fail to comply with the pleading standards of Federal Rule of Civil Procedure 8(a) as enumerated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as well as the less stringent pleading standard set forth by the Ninth Circuit in *Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979). Rather than set forth specific facts demonstrating a right to relief, Defendants have recited perfunctory statements entirely consisting of conclusory allegations devoid of any details that would allow the Court to determine whether it has stated a plausible affirmative defense. Further, Affirmative Defenses One, Five, Nine, and Ten assert defenses that are not properly characterized as affirmative defenses. For this reason, the Court should strike Defendants' affirmative defenses in their entirety.

**RELEVANT BACKGROUND**

Plaintiff HP Tuners is a niche business which provides automotive tuning and data acquisition solutions for automobile enthusiasts and professional shops. As a core function of its business, HP Tuners sells Interfaces which connect to the onboard computer of a vehicle. HP Tuners also sells "credits," which are the license mechanism used by customers to tune vehicles. HP Tuners distributes these credits via "application keys" that are compatible with the HP Tuners Interfaces. Only HP Tuners is authorized to generate application keys for use with HP Tuners' products.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

In summary, Plaintiff's action alleges that Defendant Sykes-Bonnett, individually and in concert with other individuals, misappropriated Plaintiff's trade secrets and proprietary information, and knowingly generated, created, used, obtained, and distributed fraudulent application keys which were not generated by HP Tuners. Plaintiff's Amended Complaint alleges numerous, specific facts, supported by documentary evidence attached thereto as exhibits, indicating Sykes-Bonnett individually, and in concert with others, (1) unlawfully reverse engineered and hacked HP Tuners' software in order to create licensing defeating software; (2) used the license defeating software for his own benefit; and (3) distributed stolen/hacked HP Tuners products for his own profit. Amended Complaint ¶¶ 29-66.

After the Court denied Defendants' motion to dismiss defendant John Martinson (Dkt. 50), Defendants filed their Answer to the Amended Complaint on July 20, 2018. The Answer included eleven (11) affirmative defenses, which had also been raised in Defendants' answer to the original Complaint. In asserting these affirmative defenses, Defendants have merely pled a formulaic recitation of standard defenses, none of which are applicable to the instant case, none of which contain any factual allegations whatsoever, and several of which are not even properly alleged as affirmative defenses at this stage of the proceedings.

Accordingly, Defendants' affirmative defenses are improper and insufficiently pled, and the Court should strike them.

**ARGUMENT**

Federal Rule of Civil Procedure 12(f) allows the Court to strike any legally insufficient defense. *FDIC v. Crosby*, 774 F. Supp. 584, 585 (W. D. Wash. 1991). "The function of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *overruled on other grounds*. A court should grant a motion to strike "when it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

would avoid wasting unnecessary time and money in litigating the invalid defense." *SEC v. Keating*, 1992 U.S. Dist. LEXIS 14630, at * 5, Case No. CV 91-6785 (C.D. Cal. July 23, 1992) (striking 12 of 14 affirmative defenses and awarding Rule 11 sanctions because the defenses were frivolous).

**A. Defendants' Affirmative Defenses Fail to Comply with the Requisite Pleading Standard.**

Under Federal Rule of Civil Procedure 8(b)(1), a party is required to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1).  The pleading standards promulgated under *Bell Atlantic Corp. v. Twombly* require a party to allege "enough facts to state a claim to relief that is plausible on its face" and "allege the grounds for entitlement to relief beyond mere labels and conclusions.  550 U.S. 544, 555 (2007).  In *Ashcroft v. Iqbal*, the Supreme Court extended *Twombly's* pleading standard to all civil cases.  556 U.S. 662 (2009).  Thus, the *Twombly-Iqbal* rulings establish a more pleading standard based on the concept of plausibility and requiring "a sufficient quantum of factual matter alleged with a sufficient level of specificity to raise entitlement to relief above the speculative level." *Hargrave v. University of Washington*, 2014 U.S. Dist. LEXIS 80952, at *8, No. C14-0376JLR (W.D. Wash. June 12, 2014).

"Most courts have held that the heightened *Twombly-Iqb*al pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) (applying heightened pleading standard in striking defendant's affirmative defense); *see also Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) ("[T]he vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses."); *J & J Sports Productions, Inc. v. Mendoza-Govan*, 2011 U.S. Dist. LEXIS 47075, at *1 No. C 10-05123 WHA (N.D. Cal. Apr. 25, 2011) ("*Twombly's* heightened

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

pleading standard applies to affirmative defenses."). "The burden is on the defendant to proffer sufficient facts and law to support an affirmative defense." *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538 at *23, No. C 09-02429 WHA (N. D. Cal. Oct. 26, 2009).

Each and every one of the affirmative defenses Defendants have pled in their Answer fall woefully short of the pleading standard set forth in *Twombly* and *Iqbal* and, as such, must be stricken. Defendants assert eleven affirmative defenses, each asserted in a wholly conclusory fashion and without a single factual allegation in support. As such, Defendants' fall far short of the requisite pleading standard, and their affirmative defenses must be struck in their entirety. *Twombly*, 550 at 555 (a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements . . . will not do.").

And even if this Court declines to apply the heightened pleading standard imposed under *Twombly* and *Iqbal* to the affirmative defenses Defendants assert here, the affirmative defenses as pled still fail to meet even the notice pleading standard in place prior to *Twombly*, as set forth in *Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979). In *Wyshak*, the Ninth Circuit held, "[t]he procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules . . . . Fed. R. Civ. P. 8(c) determines whether the pleading of the . . . defense was sufficient . . . The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F. 2d at 827. Under *Wyshak*, "bare statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted." *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *21, No. 09-02429 WHA (N. D. Cal. Oct. 26, 2009), *citing Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking defenses that did no more than name the defenses without listing their elements or supporting facts); *Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 U.S. Dist. LEXIS 43350, at *8-19 (N.D. Cal. May 8, 2009) (striking

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

affirmative defenses because no factual bases were provided); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[B]aldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question and thus notify [the plaintiff]").

Here, where Defendants have merely pled defenses in an entirely perfunctory fashion, without any supporting factual allegations whatsoever, Defendants have failed to meet the requisite pleading standard. Defendants do not allege a single fact in pleading their affirmative defenses, and those defenses must therefore be stricken, in their entirety. *CTF Dev., Inc.* 2009 U.S. Dist. LEXIS, at *22 (applying *Wyshak* standard and striking, *inter alia*, an affirmative defense which simply alleging 'unclean hands' as insufficient to notify the plaintiff what behavior has allegedly given them "unclean hands.")

**B. Defendants' Defenses are Misclassified as Affirmative Defenses.**

Several of Defendants' affirmative defenses must also be stricken because they do not meet the definition of an affirmative defense. An affirmative defense is a defense that, if established, requires judgment for the defendant, even if the plaintiff can prove its case by a preponderance of the evidence. *Wright v. Southland Corp.*, 187 F. 3d 1287, 1302 (11th Cir. 1999).

A defense that is merely a denial of the plaintiff's prima facie case is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *In re Rawson Food Servs., Inc.*, 846 F. 2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense"); *Ford Motor Co. v. Transport Indemnity Co.*, 795 F. 2d 538, 546 (6th Cir. 1986) ("some defenses negate an element of the plaintiff's prima facie case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c)").

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Here, Defendants have put forth a litany of defenses alleging defects in, and denials to, Plaintiff's prima facie case. These defenses simply do not constitute affirmative defenses properly asserted at this stage of the litigation. Specifically, Defendants' First, Fifth, Ninth, and Tenth Affirmative Defenses constitute defenses to the Plaintiff's prima facie case, not affirmative defenses, and as such must be stricken.

Defendants' First Affirmative Defense alleges Plaintiff has failed to state a claim upon which relief can be granted. Dkt 56, p. 12. This allegation constitutes an attack on adequacy of the pleadings, and is only properly set forth in a Rule 12(b)(6) motion, not in an Answer and as an affirmative defense. *See, e.g., Cody Inc. v. Falsetti,* 2018 U.S. Dist. LEXIS 38292, at *12 (W.D. Wash. March 8, 2018) (holding affirmative defense alleging failure to state a claim does not constitute an affirmative defense, but rather is an attack of the pleadings).

Additionally, Defendants' Fifth and Tenth Affirmative Defenses are properly characterized not as affirmative defenses, but rather as denials or general defenses to the Plaintiff's claims, and as such should not be permitted to be pled as part of Defendants' Answer. Defendants' Fifth Affirmative Defense alleges Plaintiff's claims are barred by the doctrine of unclean hands. Dkt. 56, p. 12. The doctrine of unclean hands "is a defense to a Lanham Act infringement suit" pursuant to which "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F. 2d 837, 847 (9th Cir. 1987). The doctrine of unclean hands provides a potential denial or defense to the Plaintiff's claims that goes to the merits of the claim, not its inherent legal validity. As such, Defendants' Fifth Affirmative Defense must be struck.

Similarly, Defendants' Tenth Affirmative Defense also fails to allege an actual affirmative defense. Defendants' Tenth Affirmative Defense alleges Plaintiff's claims are barred by Plaintiff's failure to mitigate. Again, failure to mitigate provides a potential defense to Plaintiff's claims, but does not, in itself, render Plaintiff's claims legally invalid. Accordingly,

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants' Tenth Affirmative Defense does not actually constitute an affirmative defense, is not properly pled here, and must be stricken. *Zivkovic*, 302 F.3d at 1088.

Finally, Defendants Ninth Affirmative Defense alleges that any amounts Defendants may owe are subject to reduction by contribution, setoff, indemnification, apportionment, or other relief. Dkt. 56, p. 12. This assertion, also, does not constitute an affirmative defense. Rather, it is properly categorized as a challenge to the remedies Plaintiff seek and is not appropriately pled at this stage of the proceedings. Accordingly, Defendants' Ninth Affirmative Defense must also be struck.

## CONCLUSION

In consideration of the foregoing, this Court should GRANT Plaintiff's Motion to Strike Defendants' Affirmative Defenses, and award attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully prays for an order GRANTING Plaintiff's Motion to Strike Defendants' Affirmative Defenses, award attorneys' fees and costs in connection with this motion, and for such other and further relief as this Court deems necessary and appropriate.

DATED: August 3, 2018    MARKS & KLEIN

By: *s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
E-mail: andrew@marksklein.com
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.
E-mail: sgl@hpl-law.com
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Facsimile: (360) 750-7548

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

        HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

        *s/ Stephen G. Leatham*
        Stephen G. Leatham, WSBA #15572
        211 E. McLoughlin Boulevard, Suite 100
        Vancouver, WA 98663
        Telephone: (360) 750-7547
        Fax: (360) 750-7548
        E-mail: sgl@hpl-law.com

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547