HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | ) ) ) | **MOTION TO COMPEL AND FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER** |
| vs. | ) ) | |
| KEVIN SY7KES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) ) ) ) | NOTE ON MOTION CALENDAR: SEPTEMBER 7, 2018 |
| Defendants. | ) | |

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), brings this Motion to Compel, for Sanctions and to Modify Scheduling Order against Defendants KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON (collectively, "Defendants"). In support thereof, HPT states as follows:

**INTRODUCTION**

Despite numerous efforts to obtain Defendants' compliance with discovery through various "meet and confer" conferences and by agreement, Defendants' non-compliance with discovery, discovery abuses and gamesmanship continue. Defendants have failed and refused to produce relevant and material documents and information, and have obfuscated discovery since

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

the inception of this action. In fact, as detailed in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, Defendants are in possession of confidential and proprietary information of HPT and have been since before this action was commenced. Incredibly, notwithstanding Defendants' wrongful (and unlawful) possession of HPT's confidential and proprietary information since before this action was commenced and specific, detailed requests for production and interrogatories calling for documents and information on these specific issues, Defendants have failed to produce any responsive documents or information, have improperly avoided and evaded discovery, and have intentionally misrepresented their answers and responses to discovery in violation of the discovery rules and their discovery obligations. Defendants' discovery misconduct should be sanctioned, Defendants should be required to produce ALL requested documents and information and the Scheduling Order which was entered in this matter should be modified to allow for Plaintiff to obtain discovery and to provide time for Defendants' to remedy all of their various outstanding discovery violations and non-compliance.

## BACKGROUND

Defendants have not been forthcoming with discovery and have not produced virtually any of the specific documents and information requested by HPT. <u>HPT finally knows why</u>. As detailed in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, Defendants possess detailed confidential and proprietary information of HPT that was wrongfully furnished to Defendants by a former owner of HPT before this action was even initiated.

Notwithstanding Defendants' possession of HPT's confidential and proprietary information since before this suit was filed, for almost a year, Defendants have failed and refused

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

to produce any documents and information relating to their possession of HPT's confidential and proprietary information, and have willfully, improperly and intentionally evaded and avoided discovery. Defendants' discovery non-compliance should be sanctioned and Defendants should be required to produce the documents and information sought by Plaintiff. Moreover, the Scheduling Order in this matter should be modified to allow for proper discovery to be conducted.

Attached as Exhibit A is a comprehensive list of requests which remain outstanding. Similarly, attached as Exhibit B is a comprehensive list of interrogatories which remain outstanding.

Prior to filing this motion, counsel for HPT made numerous efforts to obtain discovery compliance and participated in several telephone conferences to meet and confer with counsel for Defendants. Notwithstanding counsel for Defendants' representations concerning the supplementation of discovery, responsive documents and information remain outstanding. Moreover, as detailed above, Defendants have misrepresented and concealed relevant, material information and discovery throughout the course of these proceedings. In connection with the last meet and confer, counsel for Defendants represented that various documents would be produced on or before August 10, 2018; however, while certain documents were produced, large gaps in the production of responsive documents still exist. In addition to the specific categories of documents which remain outstanding and have been wrongfully withheld, this motion is generally directed at the insufficiency of the overall production as well as Defendants' blatant discovery violations and evasiveness.

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

# ARGUMENT

# THE MOTION TO COMPEL SHOULD BE GRANTED, SANCTIONS SHOULD BE ENTERED AGAINST DEFENDANTS BASED ON THEIR MISCONDUCT AND THE SCHEDULING ORDER SHOULD BE VACATED.

### A. LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure allows a party to seek further discovery responses where the opposing party fails to respond or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(3)-(4). "Incomplete" responses to document discovery include production of only summary documents rather than the underlying documents on which the summary was based. *See*, *e.g.*, *Budget Rent-A-Car System, Inc. v. Consolidated Equity, LLC*, No. 04-1772, 2005 WL 6088859 at *1-2 (N.D. Ill. Aug. 3, 2005). A statement that documents will be produced, after which responsive documents are not in fact produced, also may require an order compelling a supplemental response. *See*, *e.g.*, *Aureflam Corp. v. Pho Hoa Hiep, Inc.*, No. 04-03824, 2006 WL 2411411 at * 1 (N.D. Cal. Aug. 18, 2006).

If a party rests its refusal to respond or produce documents on an objection, "[t]he burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006). An objection that documents or information is "irrelevant," for purposes of discovery, is unlikely to succeed. As this Court explained in *Scott v. Edinburg,* 101 F. Supp. 2d 1017 (N.D. Ill. 2000):

> Discoverable material is not limited to that which would be admissible at trial, but also includes non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* at 1021.

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## B. Defendants Should Be Ordered to Supplement Their Responses and to State in Detail, Under Oath, the Search It Undertook.

Plaintiff's discovery to Defendants sought, in large part, documents, communications and information bearing on Defendants' possession of confidential and proprietary information relating to HPT. (See Exhibit A). Notwithstanding Plaintiff's specific requests, Defendants have failed and refused to produce responsive documents. In fact, virtually all of the documents produced by Defendants to date relate to SCT and Diablo – competitors of Plaintiff. Conspicuously absent from Defendants' answers and responses to discovery are any documents relating to Defendants' possession and/or receipt of HPT's highly confidential and proprietary information from Ken Cannata and/or Bobbie Cannata, communications with Ken Cannata, Bobbie Cannata and third parties, and any other documents relating to HPT's software, hardware, application keys, key generation tool, cracked or admin versions of HPT's software and other documents bearing on HPT's confidential and proprietary information.[1] This is particularly troubling given that it is now clear that Defendants have, in fact, been in possession of highly confidential and proprietary information of HPT since before this suit was initiated. Nevertheless, Defendants have intentionally and wrongfully concealed this information from Plaintiff throughout the course of discovery in this case. Defendants' failure and refusal to provide relevant and material information on these issues in response to HPT's discovery is sanctionable and constitutes a material breach of Defendants' discovery obligations in violation of Rule 37.

In the case at hand, Defendants failed to produce documents responsive to virtually all of the discovery requests and have intentionally and improperly "hidden the ball." Despite numerous attempts to meet and confer on these issues, Defendants have misled Plaintiff, misstated the nature of the documents and information in their possession and have otherwise

---

[1] Notably, Defendants failed to produce documents regarding HPT's products, application keys and interfaces even though Mr. Sykes-Bonnett made various posts and communications relating to these issues on FaceBook in various forums. HPT will detail this issue further at hearing on this motion.

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

abused the discovery process in gross violation of Rule 37. Under the circumstances, HPT submits that Defendants should be ordered to supplement all of their responses to discovery requests, to state that no responsive documents exist, if it so contends, and to state in detail and under oath, the steps it undertook to search for responsive documents.

### C. Defendants should be ordered to respond to Interrogatories.

Defendants have failed and refused to provide complete answers to the following interrogatories:

-First Set of Interrogatories – Interrogatories 4, 5 and 7

-Second Set of Interrogatories – Interrogatories 4 and 5

With regard to the First Set of Interrogatories, Defendants have failed to provide complete answers to Interrogatories 4, 5 and 7. Defendants have failed to provide the complete contact information of the identified individuals in response to 4 and 5. Likewise, Defendants have objected to Number 7 and failed to provide the phone number for Mr. Martinson despite the fact that Mr. Martinson is an owner and has been in communication with Ken Cannata and Bobbie Cannata in connection with Defendants' misconduct herein. Similarly, with regard to the Second Set of Interrogatories, Defendants' answers to Interrogatories 4 and 5 are insufficient and incomplete. Defendants' objections are not well founded. (See Exhibit B). Defendants have failed and refused to identify the persons involved in the creation of their alleged source code, which is material and relevant to the issues herein, particularly where HPT's claim is that Defendants' source code is based on, derived from and/or incorporates HPT's source code. Consequently, Defendants should be compelled to provide a complete response to these interrogatories.

Defendants should be immediately ordered to fully and completely respond to the above-referenced interrogatories.

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

### D. Sanctions should be imposed against Defendants based on their discovery abuses.

Federal Rule of Civil Procedure 37(a)(5) provides that a moving party's reasonable expenses should be paid by the party resisting discovery if a motion to compel is granted or if supplementation only occurs after the motion is brought. Here, Defendants have abused and obfuscated the discovery process. Defendants' failure to produce material and relevant information despite their possession of HPT's confidential and proprietary information since prior to the commencement of this litigation is improper and sanctionable. Plaintiff submits that its reasonable expenses in bringing the motion should therefore be awarded.

### E. The Scheduling Order should be modified.

By virtue of Defendants' tactics, gamesmanship and discovery abuse, Plaintiff has been precluded from obtaining material and relevant discovery in this matter. Pursuant to the Scheduling Order, discovery is scheduled to close on October 1, 2018. The Scheduling Order should be vacated and an entirely new Scheduling Order (including Trial Date) should be entered based on Defendants' misconduct herein. It would be highly prejudicial to Plaintiff if the Scheduling Order is not vacated. The Scheduling Order has not been previously modified in this matter. Defendants should not be permitted to benefit from their wrongful misconduct herein. Therefore, the Scheduling Order should be vacated and a new Scheduling Order (including Trial Date) should be entered herein.

### F. CONCLUSION

Based on the forgoing, HPT respectfully requests that the Court enter the proposed order attached hereto as Exhibit C.

WHEREFORE, HP TUNERS, LLC, respectfully prays for entry of the order in the form attached hereto as Exhibit C, and for such other and further relief as this Court deems necessary and appropriate.

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Dated this 20th day of August, 2018

                          Respectfully submitted,

                          *s/ Andrew P. Bleiman*
                          Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

        HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

        *s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

MOTION TO COMPEL, FOR SANCTIONS AND TO MODIFY SCHEDULING ORDER - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547