# EXHIBIT A

**List of Outstanding Document Requests**

**FIRST DOCUMENT REQUESTS**

1) A copy of Defendants' latest public Dodge/Ford/GM software, including a tuning file sample that opens for 2012+ Dodge, Ford and GM.

2) A copy of the beta software version from April 7th (screenshots shown on Facebook) with GM tune file used.

3) A changelog (commit notes) of check-ins to Sykes-Bonnett's source control repository for 2016 and 2017.

4) All Documents and Communications which evidence, refer or relate to HPT's source code, software, programming, products and/or credits.

5) All Documents and Communications which evidence, refer or relate to any source code, code or software created, programmed, written or developed by You from January 1, 2012 to the present.

6) All Documents and Communications from January 1, 2013 to the present with:

    (a) Matthew Honeycutt;

    (b) Christopher Breton-Jean;

    (c) Jon Lund;

    (d) Eric Brooks;

    (e) Keith Prociuk; and

    (f) Any person identified by Defendants in Defendants Initial Rule 26 Disclosures.

7) All Documents and Communications which evidence, refer or relate to Defendants' sale of discounted HPT credits to any third party from January 1, 2013 to the present.

8) All Documents and Communications which evidence, refer or relate to Defendants' sale of HPT credits to any third party from January 1, 2013 to the present.

9) All Documents and Communications which evidence, refer or relate to Defendants' sale of any HPT interface to any third party from January 1, 2013 to the present.

10) All Documents and Communications which evidence, refer or relate to Defendants' removal of licensing restrictions from HPT's VCM Suite Software from January 1, 2013 to the present.

11) All Documents and Communications which evidence, refer or relate to HPT's VCM Suite Software from January 1, 2013 to the present.

12) All Documents and Communications which evidence, refer or relate to Defendants' sale of its software from January 1, 2013 to the present, including any documents evidencing gross sales revenues during said time period.

13) All Documents and Communications which evidence, refer or relate to the PayPal account using the discounthptunercredits@mail.com email address.

14) All Documents and Communications which evidence, refer or relate to the PayPal account using the JoanHardacre405@yahoo.com email address.

**SECOND SET OF DOCUMENT REQUESTS**

1) All Documents and Communications between Defendants and Tim Milliken between September 20, 2017 and the present.

2) All Documents and Communications between HP Tuners, LLC and Tim Milliken between September 20, 2017 and the present.

3) All Documents and Communications between Defendants and anyone at SC Research LLC pertaining to Defendants.

4) All Documents and Communications between Defendants and anyone at SC Research LLC pertaining to HP Tuners, LLC.

5) All Documents and Communications which evidence, refer or relate to services or work being performed by SC Research LLC on behalf of HP Tuners.

6) All Documents and Communications which evidence, refer or relate to services or work being performed by SC Research LLC on behalf of Defendants.

7) All documents provided to Defendants by SC Research LLC since September 20, 2017.

8) All Documents and Communications which evidence, refer or relate to any software research, evaluation, or other investigation performed by SC Research LLC.

9) All Documents and Communications which evidence, refer or relate to any software research, evaluation, or other investigation performed by Tim Milliken.

10) All Documents and Communications which evidence, refer or relate to any attempt made by Tim Milliken to decompile, deconstruct, or otherwise reverse engineer any software owned by or pertaining to Defendants.

11) All Documents and Communications which evidence, refer or relate to any attempt made by Tim Milliken to decompile, deconstruct, or otherwise reverse engineer any software owned by or pertaining to HP Tuners, LLC.

12) All Documents and Communications which evidence, refer or relate to decompiling, deconstructing, or otherwise reverse engineering any software owned by or pertaining to Defendants.

13)     All Documents and Communications which evidence, refer or relate to decompiling, deconstructing, or otherwise reverse engineering any software owned by or pertaining to HP Tuners, LLC.

14)     All Documents and Communications which evidence, refer or relate to any request made by Defendants for anyone to provide testimony in this action in exchange for money or other consideration.

15)     All Documents and Communications sent to or received by the discounthptunercredits@mail.com email address.

16)     All Documents and Communications sent to or received by the JoanHardacre405@yahoo.com email address.

17)     All Documents and Communications sent to or received by the sykedecutuning@yahoo.com  email address.

## THIRD SET OF DOCUMENT REQUESTS

1)      All Documents, manufacturer's materials or other documentation used by, referenced or otherwise relied upon by Defendants which show the same naming conventions and abbreviations as those used in the parameters list referenced in Paragraph 41 and Exhibit N of the Complaint.

## FOURTH SET OF DOCUMENT REQUESTS

1)      All Documents and Communications which evidence, refer or relate to Vladimir Kalinovsky.

2)      All Documents and Communications from January 1, 2013 to the present with:

   a) Vladimir Kalinovsky

3)	All Documents and Communications sent to or received from the 4491734@gmail.com.

4)	All Documents and Communications which evidence, refer or relate to generation, creation or distribution of application keys relating to HPT's interfaces.

5)	All Documents and Communications which evidence, refer or relate to the generation, creation, use and/or obtaining fraudulent application keys for HPT interfaces that were not generated by HPT.

6)	All Documents and Communications which evidence, refer or relate to HPT credits, the sale of HPT credits and the issuance of HPT credits.

## FIFTH SET OF DOCUMENT REQUESTS

1)	All Documents and Communications sent to or received from the isisdistribution@hotmail.com.

## SIXTH SET OF DOCUMENT REQUESTS

1)	All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 16 of Defendant's Counterclaim that "[o]n January 25, 2018 Milliken acted as an agent for HP Tuners by delivering a settlement demand from HP Tuners to Sykes-Bonnett."

2)	All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 17 of Defendant's Counterclaim that "[i]n mid January 2018, Milliken embarked on a campaign of abuse and attacks against Sykes-Bonnett and Syked Tuning."

3)	All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 18 of Defendant's Counterclaim that "Milliken's actions escalated

in late January of 2018, when Milliken began publicly taunting Sykes-Bonnett and Syked Tuning with threats of "hacking" the Syked Software."

4) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 20 of Defendant's Counterclaim regarding Milliken's alleged online "taunts" of Sykes-Bonnett and/or Syked Tuning.

5) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 23 of Defendant's Counterclaim that "Milliken was acting at the direction and control of HP Tuners in retaliation from the wrongs HP Tuners believes it endured."

6) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 24 of Defendant's Counterclaim regarding the alleged "close ties" between Tim Milliken and HPT.

7) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 24 of Defendant's Counterclaim regarding the alleged "close personal ties" between Tim Milliken and Keith Prociuk.

8) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 26 of Defendant's Counterclaim that "[w]hen Syked Tuning restarted the server, Milliken immediately began publicly taunting Sykes-Bonnett again."

9) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 27 of Defendant's Counterclaim that "Milliken surreptitiously gained access to the Syked Tuner server when it was restarted, undeleted the Dodge templates that had been deleted from that server, improperly retrieved a copy of those Dodge templates, and then provided those Dodge Templates to HP Tuners at HP Tuners' request."

10) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 28 of Defendant's Counterclaim that "[o]n or about January 30, 2018, Sykes-Bonnett confronted Milliken by text message about whether he was in fact hacking the Syked Software. Sykes-Bonnett also directly asked Milliken whether he was working on behalf of HP Tuners, Milliken was evasive and tacitly admitted that he was by failing to deny it."

11) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 31 of Defendant's Counterclaim regarding Defendants' examination of "certain screen output of the new HP Tuners software."

12) All Documents and Communications supporting Defendants' allegations made in Paragraph 31 that "HP Tuners had indeed incorporated information from Syked Tuning's Dodge templates into HP Tuners' new software program."

13) All Documents and Communications supporting Defendants' allegations made in Paragraph 31 that "many parameters specific to the Syked Tuning Software had been incorporated into the HP Tuners software."

14) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 32 of Defendant's Counterclaim that "[o]n or about January 30, 2018, Sykes-Bonnett reached out to Dan VanHorn regarding the possibility of Syked Tuning participating as a sponsor for an event known as the Modern Street Hemi Shootout."

15) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 33 of Defendant's Counterclaim that "[o]n or about February 3, 2018, Syked Tuning paid the fee and became an associate sponsor of the Modern Street Hemi Shootout."

16) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 34 of Defendant's Counterclaim that "[o]n February 4, 2018, VanHorn publicly announced the sponsors for the Modern Street Hemi Shootout, including Syked Tuning as an associate sponsor."

17) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 35 of Defendant's Counterclaim that "[s]ometime between February 6 and 7, 2018, both Milliken and someone else representing himself to be a lawyer for HP Tuners began calling various other sponsors of the Modern Street Hemi Shootout."

18) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 35 of Defendant's Counterclaim that "HP Tuners began calling various other sponsors of the Modern Street Hemi Shootout."

19) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 35 of Defendant's Counterclaim that "[d]uring those calls, Milliken and the person representing himself to be HP Tuner's lawyer levied threats and accusations against the other sponsors to the effect that they (the other sponsors) were in league with Syked Tuning and that they would all be dragged into the instant lawsuit unless they forced Syked Tuning to be eliminated from the sponsorship of the event."

20) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 35 of Defendant's Counterclaim that "the person representing himself to be HP Tuner's lawyer was not Milliken, and the two individuals were never both on the same call."

21) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 36 of Defendant's Counterclaim that "VanHorn intimated that

Syked Tuning's sponsorship was being revoked as a result of the campaign of threats being levied by Milliken and someone else on behalf of HP Tuners."

22) All Documents and Communications which evidence, refer or relate to the allegations made in Paragraph 36 of Defendant's Counterclaim that "Milliken was at all times acting as an agent for HP Tuners."

23) All Documents and Communications which evidence, refer or relate to the alleged contractual relationship between Syked Tuning and Modern Street Hemi Shootout.

24) All Documents and Communications which evidence, refer or relate to HPT's alleged knowledge of the alleged contractual relationship between Syked Tuning and Modern Street Hemi Shootout.

25) All Documents and Communications supporting Defendant's allegations in Paragraph 52 of the Counterclaim that HPT's "were aware" of the alleged contractual relationship between Syked Tuning and Modern Street Hemi Shootout.

26) All Documents and Communications supporting Defendant's allegations in Paragraph 53 of the Counterclaim that HPT induced "the promotor [sic] of the Modern Street Hemi Shootout to breach its contracts with Syked."

27) All Documents and Communications, including FaceBook messages, direct messages, text messages or any other communications, between Defendants and Tim Milliken from January 1, 2017 to the present.

28) All Documents and Communications which evidence, refer or relate to any involvement of HPT with the actions of Tim Milliken described in Paragraphs 14-38 of the Counterclaim.

29) All Documents and Communications between Defendants and Dan VanHorn from January 1, 2017 to the present.

30) All Documents and Communications between Defendants and the "various other sponsors of the Modern Street Hemi Shootout" referenced in Paragraph 35 of the Counterclaim from February 1, 2018 to the present.

## SEVENTH SET OF DOCUMENT REQUESTS

1) All Documents and Communications, including but not limited to electronic mail communications, FaceBook messages and posts, direct messages, text messages or other documents and communications, from January 1, 2016 to the present, which evidence, refer or relate in any way or manner to HPT between, with or among any of the Defendants and:

    a) Matt Kaiser;

    b) Alvaro Valencia;

    c) Gordon "Chuck" Greene;

    d) Tim Milliken;

    e) Matt Hauffe; and/or

    f) Matt Hussey.