THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | No. 3:17-cv-05760 BHS |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |
| vs. | |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, | |
| Defendants. | |

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning Inc. (collectively "Defendants"), by its attorneys, hereby submit their Opposition to Plaintiff HP Tuners LLC's ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f).

## I.  INTRODUCTION

Plaintiff filed its Motion to Strike Defendants' Affirmative Defenses on August 3, 2018—almost 10 months after Plaintiff first became aware of Defendants' eleven affirmative defenses, which were included in its original answer filed on October 19, 2017. As shown below, Defendants' correctly pled all eleven affirmative defenses. First, the issues raised in Plaintiff's

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 1
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

motion are better suited for discovery, which is still ongoing.  Second, Defendants' affirmative defenses meet the fair notice standard, which is the correct legal standard in this District.  And Plaintiff failed to make the showing necessary to strike any of Defendants' affirmative defenses.  Third, Defendants' first, fifth, ninth, and tenth affirmative defenses are correctly characterized as such—Plaintiff provides little to no authority to support its argument to the contrary.  For these reasons, Plaintiff's motion should be denied.

## II.  RELEVANT BACKGROUND

Defendants and Plaintiff are both in competitors in the automotive tuning business and provide services to automotive enthusiasts and professional shops.  Plaintiff sued Defendants on September 20, 2017 alleging eight causes of action related to hacked source code, cloned tuning cables, and unauthorized tuning credits.  Defendants filed their original answer to Plaintiff's complaint on October 19, 2017.  As Plaintiff noted in its motion, Defendants' October 19 answer included the eleven affirmative defenses that Plaintiff now seeks to strike.  *See* Dkt. 21 (Defendants' original answer); *see also* Dkt. 60 at 3.  On March 29, 2018, Plaintiff requested leave to file an amended complaint.  Defendants requested leave to file an amended answer on March 30, 2018.  Defendants' March 30 answer also included the eleven affirmative defenses that Plaintiff now seeks to strike.  *See* Dkt. 27.[1]  Plaintiff again amended its complaint on May 8, 2018.  In response to Plaintiff's amended complaint, Defendants filed an amended answer on July 20, 2018.  Defendants' July 20 answer included the exact same eleven affirmative defenses pled in its first two answers.  Plaintiff now seeks to strike all of Defendants' eleven affirmative defenses that Plaintiff has been aware of for almost ten months.

---

[1] This Court granted Defendants' motion to file an amended answer on April 23, 2018.

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 2
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

# III. ARGUMENT

## A. Legal Standard

Under Fed. R. Civ. P. 12(f), a court may strike a pleading that is "(1) redundant, (2) immaterial, (3) impertinent, or (4) scandalous." *Cortina v. Goya Foods Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). Rule 12(f) motions are generally disfavored by courts because "the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). This is especially true in federal court because of the "limited importance of pleadings in federal practice." *Cortina*, 94 F. Supp. 3d at 1182. As such, "motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Griffen v. Gomez*, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010); *see also Hernandez v. Balakian*, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) ("Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."). "If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party." *Barnes*, 718 F. Supp. 2d at 1170; *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## B. Plaintiff's Motion Should be Properly Addressed in Discovery

As an initial matter, the content of Plaintiff's motion is better suited to be addressed through discovery. In essence, Plaintiff seeks facts relating to Defendants' affirmative defenses. Discovery in this case is ongoing; pursuant to the agreed-upon scheduling order, discovery must be completed by October 1, 2018. *See* Dkt. 23. Plaintiff, therefore, has the ability to submit interrogatories and other discovery mechanisms to gather facts and documents related to Defendants' affirmative defenses. At least one court has declined to apply the *Twombly*/*Iqbal*

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 3
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

standard to affirmative defenses because of a "diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery." *Tardif v. City of New York*, 302 F.R.D. 31, 33 (S.D.N.Y. 2014).

Other courts in this Circuit have followed this reasoning when denying similar motions to strike. The court in *Baumgarner v. Cmty. Servs. Inc.*, denied the plaintiff's motion to strike because fact discovery was still open, which gave the plaintiff "sufficient time to conduct any additional discovery required by [d]efendant's assertion of additional [a]ffirmative [d]efenses." 2013 WL 12309779, at *3 (D. Or. Apr. 17, 2013). Similarly, discovery is still ongoing in this case, which gives Plaintiff time to conduct discovery of facts related to Defendants' affirmative defenses. *See Garity v. Donahoe*, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013) (noting the "role discovery plays in determining the merits of affirmative defenses"). Additionally, the fact that discovery has not closed precludes Plaintiff from arguing that there is no set of circumstances where Defendants' affirmative defenses could succeed. *See id.* The concerns that Plaintiff raises in its motion, therefore, should be addressed through discovery.

**C. Defendants' Affirmative Defenses Sufficient Under Fair Notice Standard**

The Ninth Circuit has not decided whether the *Twombly*/*Iqbal* heightened pleading standard applies to affirmative defenses, which has resulted in a split among district courts. *See Palmason v. Weyerhaeuser Co.*, 2013 WL 392705, at *1 (W.D. Wash. Jan. 31, 2013). While Plaintiff cites to *Barnes* arguing that most courts apply the *Twombly*/*Iqbal* standard to affirmative defenses, multiple courts in this District have held that *Barnes* is not binding and that "courts in this district have generally interpreted 'fair notice' to require something far less than the specificity required of a complaint under *Twombly* and *Iqbal*." *Id.* (rejecting the heightened standard announced in *Barnes*); *In re Wash. Mut. Inc. Sec. Derivative & ERISA Litig.*, 2011 WL

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 4
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1158387, at *1 (Mar. 25, 2011) (same); *U.S. v. Center for Diagnostic Imaging, Inc.*, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011) (listing cases that apply fair notice).

In fact, multiple courts in this District have stated that the Ninth Circuit "arguably rejected applying the *Twombly* plausibility standard to pleading affirmative defenses" in *Kohler v. Flava Enters. Inc. See Nelson v. U.S. Fed. Marshals Serv.*, 2017 WL 1037581, at *2 (W.D. Wash. Mar. 17, 2017); *Does 1-10 v. Univ. of Wash.*, 2018 WL 3475377, at *2 (W.D. Wash. July 19, 2018). The Ninth Circuit in *Kohler* applied the "fair notice" standard to the defendant's affirmative defenses, which "only requires describing the defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015). To give fair notice of an affirmative defense under Rule 8(c), a detailed pleading is not necessary given that that core factual circumstances are usually well-known to the parties. *In re Wash. Mut.*, 2011 WL 1158387, at *1. Great factual specificity is also unnecessary because a mischaracterized defense will "generally not subject the plaintiff to vexatious litigation, as a frivolous claim might." *Id.* "Thus, in some cases, simply pleading the name of the affirmative defense is sufficient." *Mattox v. Watson*, 2007 WL 4200213, at *1 (C.D. Cal. Nov. 15, 2007); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

In this case, Defendants' merely naming their affirmative defenses is sufficient. Plaintiff has touted the factual specificity contained in its complaint and its knowledge of the core facts in this case. *See* Dkt. 58, *passim*; *see also In re Wash. Mut.*, 2011 WL 1158387, at *1. Those core facts, as well as Defendants' listing of their affirmative defenses, provide Plaintiff with fair notice. For example, Defendant asserts that plaintiff's claims are barred by the doctrine of estoppel. Under Rule 8(c)(1), the Defendant only needs to state the affirmative defense of estoppel, without additional factual specificity, to survive a motion to strike. *See Bushbeck v. Chicago Title Ins. Co.*, 2010 WL 11442904, at *4 (W.D. Wash. Aug. 26, 2010). The same is

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 5
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

true for laches. *Id.* And unclean hands. *See Falash v. Inspire Acads.*, 2015 WL 4656505, at *5 (D. Idaho Aug. 6, 2015). In fact, the Federal Rules only require that defenses listed under Rule 9 be pled with more factual specificity. *See Solis v. Zenith Capital LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009). If Plaintiff would like more specificity, it can gather additional facts through discovery. *See Falash*, 2015 WL 4656505, at *5.

Further, to prevail on a motion to strike, Plaintiff must show that the affirmative defenses have no bearing on the subject matter of the litigation and that their inclusion will prejudice the plaintiff. *See Griffen*, 2010 WL 4704448, at *4; *Hernandez*, 2007 WL 1649911, at *1. Plaintiff has not made this showing. Each of the affirmative defenses that Defendants have asserted have bearing on the allegations that Plaintiff enumerates in its motion. *See* Dkt. 60 at 1-2. Nowhere in Plaintiff's motion does it state that Defendants' affirmative defenses are redundant, immaterial, impertinent, or scandalous, or that Plaintiff has suffered any prejudice. Plaintiff's sole argument is that Defendants' affirmative defenses lack factual specificity. This issue is better suited for discovery. For these reasons, Plaintiff's motion should be denied.

If, however, this Court strikes any of Defendants' affirmative defenses, Defendant should be given leave to amend its affirmative defenses. *Barnes*, 718 F. Supp. 2d at 1170; *Wyshak*, 607 F.2d at 826. Plaintiff would not be prejudiced if Defendant amended its affirmative defenses because discovery is still ongoing, which gives Plaintiff time to gather additional facts. *See Baumgarner*, 2013 WL 12309779, at *3.

**D. Defendants' Affirmative Defenses Properly Characterized As Such**

Plaintiff also asserts that Defendants' first, fifth, ninth, and tenth affirmative defenses are mischaracterized and should be stricken. For the reasons set forth below, Defendants' affirmative defenses should not be stricken.

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 6
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

**1. Failure to State a Claim**

Plaintiff first asserts that Defendants' affirmative defense of failure to state a claim should be stricken because it is not a proper affirmative defense. There is a split among district courts, however, on whether failure to state a claim is an affirmative defense that can be raised in an answer. *See E & J Gallo Winery v. Grenade Beverage LLC*, 2014 WL 641901, at *2 (E.D. Cal. Feb. 18,2014). In *E & J Gallo Winery*, the court analyzed whether the Federal Rules allow the affirmative defense of failure to state a claim to be included in an answer. *Id.* The court reasoned that Rule 12(b) allows for this defense to be asserted in a motion or responsive pleading. *Id.* Further, Rule 12(h) states that failure to state a claim may be raised in any pleading allowed under Rule 7(a), which includes an answer to a complaint. *Id.*

Further, the fact that Defendants did not allege any facts in support of this defense is consistent with the nature of the failure to state a claim defense. The defense is premised on the assumption that the facts contained within Plaintiff's complaint are insufficient. It would, therefore, be inconsistent to require that Defendants allege facts in support of the defense. *Id.* As such, Defendants' first affirmative defense should not be stricken.

**2. Unclean Hands**

Plaintiff next asserts that Defendants affirmative defense of unclean hands should be stricken because it is not a proper affirmative defense. Plaintiff, however, provides no legal authority that supports its claim.

As an initial matter, Plaintiff seems to assert that the doctrine of unclean hands is only a defense to a Lanham Act infringement suit. *See* Dkt. 60 at 7. But unclean hands is not that narrow of an affirmative defense. Unclean hands "bars relief to a plaintiff who has violated conscience, good faith, or other equitable principles in his prior conduct, as well as to a plaintiff

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 7
No. 3:17-cv-05760 BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131191.0001/7399186.1

who has dirtied his hands in acquiring the right presently asserted." *Trade Assocs. Inc. v. Fusion Techs. Inc.*, 2011 WL 1485491, at *2 (W.D. Wash. Apr. 18, 2011). Further, it is known that unclean hands constitutes an affirmative defense. *See e.g.*, *id.*; *Broadcom Corp. v. Qualcomm Inc.*, 2009 WL 650576, at *11 (S.D. Cal. Mar. 11, 2009) (agreeing that Qualcomm's affirmative defense of unclean hands is substantively and procedurally proper). Finally, Plaintiff has made no showing that Defendants' unclean hands defense is unrelated to the transactions at issue in this case. *Trade Assocs.*, 2011 WL 1485491, at *2. Defendants' fifth affirmative defense, therefore, should not be stricken.

### 3. Failure to Mitigate Damages

Plaintiff also asserts that Defendants' affirmative defense of failure to mitigate damages should be stricken because it is not an affirmative defense. Plaintiff again provides no legal authority that supports its claim.[2]

Failure to mitigate damages is a proper affirmative defense. *See Blakeney v. Karr*, 2013 WL 2446279, at *1 (W.D. Wash. June 5, 2013) (allowing defendants' affirmative defense of failure to mitigate damages). Defendants' inclusion of this affirmative defense is appropriate in this matter because of Illinois state law claims that Plaintiff has included in its complaint. It is recognized that "failure to mitigate damages is an affirmative defense under Illinois law." *See Rao v. Covansys Corp.*, 2007 WL 141892, at *2 (N.D. Ill. Jan. 17, 2007). Further, Illinois courts recognize that "the duty to mitigate damages is applicable in a variety of situations" including where the plaintiff claims damages based on contract or tort, such as Plaintiff does in this matter. *Id.* Defendants' tenth affirmative defense, therefore, should not be stricken.

---

[2] The case that Plaintiff does cite for support, *Zivkovic v. S. Cal. Edison Co.*, discusses accommodation not failure to mitigate damages. 302 F.3d 1080, 1088 (9th Cir. 2002).

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 8
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

**4. Damages Subject to Reduction by Contribution, Setoff, Indemnification, Apportionment, or Other Relief**

Finally, Plaintiff asserts that Defendants' affirmative defense that any amounts Defendants may owe are subject to reduction by contribution, setoff, indemnification, apportionment, or other relief should be stricken because it is not an affirmative defense. Plaintiff again provides no legal authority that supports its claim.

Under Rule 8(c), an affirmative defense "encompasses two type of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right to recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." *See Hoagland v. Armor*, 2017 WL 4547913, at *3 (C.D. Ill. Oct. 12, 2017). An assertion of a right to setoff, for example, has been held to concern allegations outside of a prima facie case, which is properly characterized as an affirmative defense. *Id.* Defendants' ninth affirmative defense, therefore, should not be stricken.

If this Court finds that any of Defendants' affirmative defenses are incorrectly characterized as such, they should still not be stricken. Courts have held "the fact that [a] defense may not be a classic affirmative defense does not mean that it should be stricken, nor does its inclusion prejudice Plaintiff in [its] ability to prosecute [this] lawsuit." *See Falash*, 2015 WL 4656405, at *4; *Phelps v. City of Parma Idaho*, 2015 WL 893112, at *2 (D. Idaho Mar. 2, 2015). Defendants' first, fifth, ninth, and tenth affirmative defenses should not be stricken, even if this Court finds they are mischaracterized.

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 9
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike Defendants' Affirmative Defenses should be denied. If this Court finds that any of Defendants' affirmative defenses should be stricken, Defendants respectfully request leave to amend.

DATED: August 20, 2018

LANE POWELL PC

By *s/John E. Whitaker*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
John E. Whitaker, WSBA No. 28868
whitakerj@lanepowell.com
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson and Syked ECU Tuning Incorporated

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE - 10
No. 3:17-cv-05760 BHS

131191.0001/7399186.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system.  In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

| **Attorneys for Plaintiff HP TUNERS, LLC** | | |
|---|---|---|
| | ☑ | by **CM/ECF** |
| | ☐ | by **Electronic Mail** |
| Stephen G. Leatham, WSBA No. 15572 | ☐ | by **Facsimile Transmission** |
| Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S. | ☐ | by **First Class Mail** |
| | ☐ | by **Hand Delivery** |
| 211 E. McLoughlin Boulevard, Suite 100 | ☐ | by **Overnight Delivery** |
| Vancouver, WA  98663 | | |
| Phone:  (360) 750-7547 | | |
| Facsimile:  (360) 750-7548 | | |
| Email:  sgl@hpl-law.com | | |

| **Attorneys for Plaintiff HP TUNERS, LLC** | | |
|---|---|---|
| | ☑ | by **CM/ECF** |
| | ☐ | by **Electronic Mail** |
| Andrew P. Bleiman (*pro hac vice* admitted) | ☐ | by **Facsimile Transmission** |
| Marks & Klein | ☐ | by **First Class Mail** |
| 1363 Shermer Road, Suite 318 | ☐ | by **Hand Delivery** |
| Northbrook, IL  60062 | ☐ | by **Overnight Delivery** |
| Phone:  (312) 206-5162 | | |
| Email:  andrew@marksklein.com | | |

Executed on August 20, 2018, at Seattle, Washington.

*s/Kathi Milner*
Kathi Milner, Legal Assistant

131191.0001/7399186.1