THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

    Plaintiff,

vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,

    Defendants.

No. 3:17-cv-05760 BHS

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

**Noted: September 7, 2018**

Defendants Kevin Sykes-Bonnet, John Martinson and Syked ECU Tuning Inc. (collectively "Defendants"), by its attorneys, hereby submit this Motion to Compel Plaintiff HP Tuners LLC ("Plaintiff") to produce documents pursuant to Fed. R. Civ. P. 37.

**I. INTRODUCTION**

In December 2017, Defendants served a request for production of documents on Plaintiff, where it requested documents produced in an arbitration between Plaintiff and Matthew Honeycutt ("Honeycutt"). Plaintiff initiated an arbitration with Honeycutt in January 2017, where it alleged similar allegations of breach of contract, violation of the Illinois trade secrets act, and tortious interference. After Plaintiff objected to Defendants' request for production, an

DEFENDANTS' MOTION TO COMPEL - 1
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

agreement was reached where Plaintiff would produce a subset of the documents that Defendants requested. Plaintiff, however, failed to comply with this agreement. Because of Plaintiff's non-compliance, Defendants file this motion to compel production.

## II. BACKGROUND

On January 12, 2017 Plaintiff filed a demand for arbitration against Matthew Honeycutt alleging various causes of action stemming from Honeycutt's alleged hacking of Plaintiff's software. On September 20, 2017, Plaintiff filed its complaint against Defendants alleging eight causes of action related to hacked source code, cloned tuning cables, and unauthorized tuning credits. *See* Dkt. 1. Within its complaint, Plaintiff includes multiple allegations of a relationship between Honeycutt and Kevin Sykes-Bonnett, and alleges that Sykes-Bonnet worked with others, including Honeycutt, to reverse engineer and remove licensing from Plaintiff's VCM Suite Software. *See* Dkt. 1 ¶¶ 35, 36, 45, 48, 62.

On December 1, 2017, Defendants requested "[a]ll documents produced by any party in any litigation or arbitration proceeding between Plaintiff and Matthew Honeycutt" (the "Honeycutt Documents"). Ex. A to Whitaker Decl. In its December 27, 2017 response, Plaintiff objected to Defendants' request for production because it called for the production of documents that are "neither relevant nor likely to lead to the discovery or [sic] admissible evidence." Ex. B to Whitaker Decl. Defendants followed-up with Plaintiff regarding its objection to the Honeycutt Documents and in the spirit of compromise, Defendants stated they were willing to accept, for the time being, "only the pleadings in that arbitration, including any dispositive motions and any award and opinion rendered by the arbitrator(s)." Ex. C to Whitaker Decl. Defendants specified that "[w]e would also need *any exhibits that may have been attached to any of those pleadings*." *Id.* (emphasis added). After additional discussion, an agreement was reached where Plaintiff

DEFENDANTS' MOTION TO COMPEL - 2
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

would produce a subset of the Honeycutt Documents, including the pleadings, dispositive motions, and exhibits to the dispositive motions on July 13, 2018—more than six months after Defendants' initial request for production. *See* Ex. D to Whitaker Decl. On July 12, however, Plaintiff only produced the Rule 27 briefing[1] from the Honeycutt arbitration without any exhibits from that briefing. Defendants followed up with Plaintiff about the missing exhibits but Plaintiff disputed that it agreed to produce the exhibits to the Honeycutt Rule 27 briefing. *See* Exs. E, F to Whitaker Decl. At Plaintiff's request, Defendants' provided a list of the missing exhibits but have received no response. *See* Ex. F to Whitaker Decl.

### III. ARGUMENT

**A.  Legal Standard**

Under Rule 26, the "scope of discovery is broad." *See Otos v. WHPacific, Inc.*, 2017 WL 2452008, at *1 (W.D. Wash. June 6, 2017). A party must respond to any discovery request and produce any non-privileged documents that are relevant to an issue in a case. *See Westport Insurance Co. v. Hippo Fleming & Pertile Law Offices*, 319 F.R.D. 214, 216-17 (W.D. Penn. 2017); *see also* FED. R. CIV. P. 26(b)(1). "If an opposing party fails to fully respond to a discovery request, Fed. R. Civ. P. 37 enables the party seeking discovery to bring a motion to compel disclosure or discovery." *Rookaird v. BNSF Railway Co.*, 2015 WL 11233670, at *1 (W.D. Wash. June 2, 2015). "On a motion to compel responses to discovery requests, the party opposing discovery bears the burden of resisting disclosure." *Id.* (citing *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (C.D. Cal. 2012). But the moving party bears the burden of informing the court which discovery requests are the subject of the motion to compel, why the information is relevant, and

---

[1] Specifically, Plaintiff produced Honeycutt's opening Rule 27 brief, Plaintiff's Opposition, Honeycutt's Reply, Honeycutt's supplemental brief, Plaintiff's supplemental brief and the Arbitrator's Order. *See* Whitaker Decl.

DEFENDANTS' MOTION TO COMPEL - 3
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

why the responding party's objections are not meritorious. *See Hancock v. Aetna Life Insurance Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017).

**B.      Plaintiff Should Be Ordered to Produce the Documents It Agreed To**

Plaintiff should be compelled to produce exhibits to the Rule 27 briefing from Honeycutt's arbitration. Plaintiff agreed to produce these exhibits and should be required to abide by its agreement.

### 1. Discovery Request at Issue

Defendants' second request for production requested all documents produced by any party in the arbitration proceedings between Plaintiff and Honeycutt. *See* Ex. A to Whitaker Decl. After Plaintiff objected to the production of all documents as irrelevant, Defendants sought a compromise. *See* Ex. C to Whitaker Decl. Defendants stated they were "willing to accept, for now, only the pleadings in that arbitration, including any dispositive motions and any award and opinion rendered by the arbitrator(s)." *Id.* Defendants also stated that they would "need any exhibits that may have been attached to any of those pleadings." *Id.* Plaintiff responded that they would produce some of the pleadings from the Honeycutt arbitration, including briefing related to Honeycutt's Rule 27 motion. Plaintiff, however, failed to produce the exhibits to the Rule 27 briefing and dispute that they agreed to do so. *See* Ex. F to Whitaker Decl. Defendants request that the Court compel Plaintiff to produce all exhibits incorporated in the Rule 27 briefing from the Honeycutt arbitration.

### 2. Relevance of the Requested Information

The documents that Defendants request are highly relevant to the causes of action in Plaintiff's complaint. In its complaint, Plaintiff specifically alleges that "Sykes-Bonnett has worked with others, including but not limited to Christopher Breton-Jean and *Matthew Honeycutt*

DEFENDANTS' MOTION TO COMPEL - 4
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131191.0001/7400137.1

to reverse engineer and remove licensing from HPT's VCM Suite Software and to distribute it for their own profit as well as attempt to cause harm to HPT as a company, which they view as competitors." Dkt. 1 ¶ 62 (emphasis added).  This allegation is directly relevant to at least counts 1-4 in Plaintiff's complaint—all of which incorporate Plaintiff's allegation that Defendants hacked Plaintiff's source code.  *See, e.g.*, *id.* ¶¶ 74, 94, 109, 124.  Because Plaintiff alleges that Defendants acted in concert with Honeycutt to hack Plaintiff's software, briefing and exhibits from Honeycutt's arbitration where Honeycutt disputes these nearly-identical allegations are highly relevant.

Additionally, Defendants believe that some of the exhibits withheld by Plaintiff are highly relevant to Plaintiff's renewed motion for a temporary restraining order.  *See* Dkt. 62.  These exhibits act as support for statements in the Rule 27 briefing such as "[t]here are persons with the skill to hack HPT's products and many have done so over the years" and evidence of discussions between hackers of Plaintiff's software and Keith Prociuk.  *See* Whitaker Decl.  Defendants believe that multiple exhibits they requested will show that Plaintiff was aware of several previously successful hacking attempts, which is relevant to a potential laches defense to Plaintiff's temporary restraining order.

### 3. Plaintiff's Objection Lacks Merit

In Plaintiff's response to Defendants' second request for production, it states that the "Request calls for the production of documents which are neither relevant nor likely to lead to the discovery or [sic] admissible evidence."  *See* Ex. B to Whitaker Decl.  Plaintiff's argument that the exhibits to the Honeycutt briefing are not relevant lacks merit.  Plaintiff's complaint includes multiple allegations about Defendants working in concert with Honeycutt to hack its source code, which is the basis for multiple causes of action in Plaintiff's complaint.  On this

DEFENDANTS' MOTION TO COMPEL - 5
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

131191.0001/7400137.1

basis alone, the documents that Defendants request are relevant.  Any objection to the contrary is meritless.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court compel Plaintiff to produce all exhibits submitted by either party with any pleading in the Matt Honeycutt arbitration.  These exhibits are highly relevant to the causes of action asserted against Defendants.

DATED:  August 21, 2018

          LANE POWELL PC

          By  *s/John E. Whitaker*
            Gregory F. Wesner, WSBA No. 30241
            wesnerg@lanepowell.com
            John E. Whitaker, WSBA No. 28868
            whitakerj@lanepowell.com
            1420 Fifth Avenue, Suite 4200
            P.O. Box 91302
            Seattle, WA  98111-9402
            Telephone:  206-223-7000
            Facsimile:  206-223-7107

            Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson and Syked ECU Tuning Incorporated

DEFENDANTS' MOTION TO COMPEL - 6
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF CONFERENCE

I hereby certify that on January 4, 2018 Tiffany Connors and I met and conferred with Andrew Bleiman, counsel for HP Tuners, LLC in compliance with Local Rule 37(a)(1) via a telephonic conference call to discuss Plaintiff's response and objection to Defendants' Request for Production at issue in this Motion.

DATED: August 21, 2018

LANE POWELL PC

By *s/John E. Whitaker*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
John E. Whitaker, WSBA No. 28868
whitakerj@lanepowell.com
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206-223-7000
Facsimile:  206-223-7107

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson and Syked ECU Tuning Incorporated

DEFENDANTS' MOTION TO COMPEL - 7
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system. In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

| | | |
|---|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC** | ☑ | by **CM/ECF** |
| | ☐ | by **Electronic Mail** |
| Stephen G. Leatham, WSBA No. 15572 | ☐ | by **Facsimile Transmission** |
| Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S. | ☐ | by **First Class Mail** |
| | ☐ | by **Hand Delivery** |
| 211 E. McLoughlin Boulevard, Suite 100 | ☐ | by **Overnight Delivery** |
| Vancouver, WA  98663 | | |
| Phone:  (360) 750-7547 | | |
| Facsimile:  (360) 750-7548 | | |
| Email:  sgl@hpl-law.com | | |

| | | |
|---|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC** | ☑ | by **CM/ECF** |
| | ☐ | by **Electronic Mail** |
| Andrew P. Bleiman (*pro hac vice* admitted) | ☐ | by **Facsimile Transmission** |
| Marks & Klein | ☐ | by **First Class Mail** |
| 1363 Shermer Road, Suite 318 | ☐ | by **Hand Delivery** |
| Northbrook, IL  60062 | ☐ | by **Overnight Delivery** |
| Phone:  (312) 206-5162 | | |
| Email:  andrew@marksklein.com | | |

Executed on August 21, 2018, at Seattle, Washington.

*s/Kathi Milner*

Kathi Milner, Legal Assistant

DEFENDANTS' MOTION TO COMPEL - 8
No. 3:17-cv-05760 BHS

131191.0001/7400137.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107