HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>Defendants. | CASE NO. 3:17-cv-05760-BHS<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>NOTING DATE: AUGUST 16, 2018<br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its reply brief in further support of Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65(b) against Defendants KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON, including those persons acting in concert with them (collectively, "Defendants"), HPT states as follows:

## INTRODUCTION

Now that Defendants' deception and duplicitous dealings with Mr. Cannata have been exposed, Defendants are concocting a "story" with inaccurate, misstated facts – none of which give Defendants any right or license to use or possess HPT's confidential and proprietary

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

information in any event. Here, Defendants believed that HPT would never find out about their relationship with Mr. Cannata and they have intentionally concealed and misrepresented facts since the inception of this matter to avoid disclosure and discovery of the relationship as well as the underlying facts giving rise to Defendants' possession, misuse and misappropriation of HPT's confidential and proprietary information. Defendants' dishonesty in this regard calls the credibility of all of their arguments in opposition to the Renewed Emergency Motion for Temporary Restraining Order into question, and wholly undermines Defendants' response.

Despite Defendants' attempted misdirection from the issues at bar, Defendants' response ***admits*** the following critical facts which support the entry of injunctive relief:

- Defendants are in possession of HPT's confidential and proprietary information from Ken Cannata – a former HPT owner.
- Defendants are in possession of a USB drive containing HPT's proprietary and confidential information.
- Defendants are in possession of HPT's highly proprietary key generation program and tool for use with HPT's interfaces – this constitutes the single most valuable piece of intellectual property that HPT possesses.[1]

---

[1] In the Declarations submitted by Defendants, Kevin Sykes-Bonnett and Ken Cannata both admit to Defendants' possession of a key generation tool for use with HPT's interface and use of that key generator to issue application keys. Incredibly, Defendants denied specific allegations in this regard in their Answer to First Amended Complaint. (*See e.g.* Dkt. 56, at ¶¶ 69, 73, 75, 79 and 81). Defendants' responses to these allegations were intentionally fraudulent, misleading and dishonest, and their "story" now should not be viewed as credible.

Moreover, by virtue of Defendants' admitted possession and use of HPT's key generator, the injunctive relief entered herein should also include restrictions against Defendants, and those acting in concert with them, from using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any information relating to HPT's key generator program and tool, and for any order requiring Defendants to return any and all copies of such program and tool in their possession to HPT.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

- Defendants have been profiting from their misappropriation and misuse of HPT's confidential and proprietary information through the sale and generation of unauthorized license keys and cloned interfaces to third parties.
- By virtue of their receipt and possession of HPT's confidential and proprietary information dating back to 2016, Defendants have unquestionably and improperly concealed relevant and material information bearing on HPT's claims since before this action was filed.[2]

Contrary to Defendants' assertions, this case is not just about HPT's software source code and Defendants' misappropriation of HPT's confidential and proprietary information into Defendants' software source code but also involves:

- Defendants' (admitted) possession of HPT's highly proprietary key generation program and tool and (admitted) generation of unauthorized application keys for third parties;
- Defendants' (admitted) possession of HPT's confidential and proprietary information;
- Defendants' wrongful release of cracked versions of HPT's software;
- Defendants' misappropriation of HPT's confidential and proprietary information in connection with Defendants' development, production and sale of the Syked Eliminator Cable, including but not limited to Defendants' wrongful use,

[2] Defendants attempt to argue that the length of time since this action was filed somehow defeats HPT's irreparable harm arguments herein; however, but for Defendants' dishonesty and fraudulent concealment of information in this matter, HPT would have been in receipt of this relevant information bearing directly on its claims long ago. Defendants' obfuscation of discovery and concealment of material information should not be rewarded.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

possession and misappropriation of HPT's proprietary communication protocol; and

- Defendants wrongful and unauthorized cloning, modification and/or duplication of HPT's interfaces.

As detailed herein and in HPT's opening brief, the Temporary Restraining Order should be entered and Defendants' misconduct should be enjoined pending a hearing on the request for preliminary injunction.

## ARGUMENT

## THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION SHOULD BE GRANTED.

In response to HPT's motion, Defendants have submitted the Declaration of Kevin Sykes-Bonnett and the Declaration of Ken Cannata.[3] Notably, in connection with the response brief and the Declarations, Defendants do not dispute or deny that they possess HPT's confidential and proprietary information, including but not limited to a USB drive containing HPT's source code files, descriptive documents and folders including:

- "Firmware" – Folder
- "Firmware Hack" – Folder
- "CAN0RX_ISR.ASM" - Firmware source code file from HPT MPVI that only Mr. Prociuk, Mr. Cannata and Mr. Piastri had access to

---

3 HPT is compelled to note that Mr. Cannata's Declaration is replete with factual inaccuracies and misstatements. Some of the factual inaccuracies and misstatements made by Mr. Cannata are detailed in the Second Declaration of Keith Prociuk, which is being submitted in connection with this reply brief, and is incorporated by this reference.



Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

- "CAN0TXPROCESS.ASM" - Firmware source code file from HPT MPVI that only Mr. Prociuk, Mr. Cannata and Mr. Piastri had access to
- "P32_ALGO.ASM" - Firmware source code file from HPT MPVI that only Mr. Prociuk, Mr. Cannata and Mr. Piastri had access to
- "FirmwareHack.rar" - Archive file
- "Interface Reprogramming.doc" - HPT document describing MPVI firmware reprogramming commands and method
- "MPVI Protocol.doc"- HPT document describing MPVI protocol commands used to command and control the MPVI from PC

Similarly, Defendants do not dispute or deny that they possess a number of HPT folders and files from the HPT VCM Suite source code including:

- "License" - HPT source code folder containing core VCM Suite licensing code)
- "LicTransfer" - Folder containing HPT utility program source code used to transfer licenses from one MPVI to another, used for interface replacements
- "Shared" – Folder containing VCM Suite source code
- "cCable.cs" - HPT VCM Suite source code file
- "cController.cs" - HPT VCM Suite source code file
- "cMPVI.cs" - HPT VCM Suite source code file
- "cUtil.cs" - HPT VCM Suite source code file
- "cVehicle.cs" - HPT VCM Suite source code file
- "License Writer.exe" - HPT utility program used to transfer licenses from one MPVI to another

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

- "Lictransfer.exe" - HPT utility program used to transfer licenses from one MPVI to another – older version

Furthermore, Defendants admit that they possess a HPT windows based Key Generator program and tool, they admit that Mr. Cannata provided it to Defendants and they admit that they have generated unauthorized license keys for third parties. Likewise, Defendants do not dispute or deny that they are in possession of HPT's proprietary communication protocol (which, upon information and belief, has been incorporated into the Syked Eliminator Cable – a fact which Defendants also have not disputed or denied). Defendants also do not dispute or deny that Ken Cannata and Bobbie Cannata (Mr. Cannata's wife) are involved as owners of Syked ECU Tuning, Inc.

Consequently, it is indisputable that Defendants possess HPT's confidential and proprietary information, and that they have misappropriated it for their financial benefit to the detriment of HPT. Moreover, because their possession of HPT's confidential and proprietary information pre-dates the filing of this suit, it is indisputable that Defendants concealed the disclosure and discovery of this information and have intentionally hidden and misrepresented facts in this regard in all of their pleadings and discovery responses in this case.

In response to HPT's motion and the evidence concerning Defendants' possession of HPT's confidential and proprietary intellectual property, Defendants vaguely suggest that Defendants are somehow in 'rightful' possession of HPT's confidential and proprietary information because of the nature of the industry. However, nothing could be further from the truth. The Declaration of Ken Cannata fails to establish or demonstrate that he was authorized to disseminate HPT's confidential and proprietary information to Defendants at any time. (*See* Second Declaration of Keith Prociuk "Prociuk Second Decl." submitted in connection with this

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

reply brief). Nor have Defendants demonstrated that HPT's confidential and proprietary information is publicly available or otherwise in the public domain. Likewise, Defendants' contentions relating to the days before HPT and the "open source project" are irrelevant and fail to establish that HPT's information is not confidential or proprietary.

Here, Mr. Cannata was ***not*** authorized at any time to provide HPT's confidential and proprietary information to Defendants. In fact, nowhere does Mr. Cannata represent or state that he was authorized by HPT to provide HPT's confidential and proprietary information to Defendants. To the contrary, in his Declaration, Mr. Cannata merely states that: "At some point in 2016, I became frustrated that Kevin had not yet been provided the credits he had been promised and that he would not let it go. So to appease him, I provided him [Sykes-Bonnett] with a USB drive that included a so-called key generator that would enable him to generate credits for himself for HPT's interface cable." (*See* Cannata Decl., at ¶ 18).

However, Mr. Cannata's "story" is inconsistent with Defendants' own admissions in this regard in Defendants' Answer to the First Amended Complaint and places the timing of this issue to a date after October 20, 2016 after Mr. Cannata's ownership interest in HPT had been purchased by HPT. (*See* Dkt. 35 (First Amended Complaint) and Dkt. 56 (Defendants' Answer to First Amended Complaint)). In particular, at paragraphs 35 and 36 of the Answer to First Amended Complaint, Defendants admit that Mr. Sykes-Bonnett posted messages on FaceBook on November 15, 2016 concerning credits allegedly owed to him and HPT's issuance of credits to him on that date. (*Id.*). Defendants further admit that, on that same date, Mr. Sykes-Bonnett communicated to Mr. Brooks of HPT that all "debts" have been settled. (*Id.*). Consequently, the dispute over credits which were allegedly promised to Mr. Sykes-Bonnett was not resolved until

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

after Mr. Cannata was no longer with HPT, and Mr. Cannata's statements attempting to infer otherwise are false, inaccurate by virtue of Defendants' own admissions and not credible.

Moreover, the alleged "story" recounted by Mr. Cannata is preposterous and without merit. (*See* Prociuk Second Decl.). In particular, the claim that Mr. Cannata "provided" Mr. Sykes-Bonnett with a USB drive containing all of HPT's source code and the key generation program and tool out of alleged frustration that Mr. Sykes-Bonnett had not received credits he was allegedly due is contrived. (*See* Prociuk Second Decl.). HPT's key generator is the single most valuable piece of intellectual property that HPT possesses. (*See* Prociuk Second Decl.). It is the tool that generates every single user license and is the security control for substantially all of HPT's revenues. (*See* Prociuk Second Decl.). The sale and distribution of credits via application keys, which are the license mechanism used by customers to tune vehicles is a fundamental component of HPT's business. (*See* Prociuk Second Decl.). Only HPT is authorized to generate authentic application keys for use with HPT's products and HPT credits are generally sold for approximately $50.00 USD. (*See* Prociuk Second Decl.). Defendants' ability to generate and/or use of unauthorized application keys to obtain credits without purchasing them from HPT constitutes a violation of the terms and provisions of the EULA, and puts HPT's entire business at stake.

Here, the suggestion that Mr. Cannata simply handed Mr. Sykes-Bonnett a USB containing HPT's code as well as the key generation program and tool because he was allegedly owed 42 tuning credits (with a retail value of $2,100) is baseless and not credible. (*See* Prociuk Second Decl.). This is particularly true where, as noted above, Defendants admitted in their answer that HPT resolved the issue in November 2016 when it delivered the credits allegedly owed to Mr. Sykes-Bonnett.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

HPT disputes and denies that Mr. Cannata had authorization or authority to provide HPT's confidential and proprietary information to Defendants while he was an owner of HPT. (*See* Prociuk Second Decl.). Moreover, as of October 20, 2016, Mr. Cannata was not an owner of HPT and had no authorization or authority to provide Defendants with HPT's confidential and proprietary information. (*See* Prociuk Second Decl.). In fact, in connection with HPT's acquisition of Mr. Cannata's interest in HPT on October 20, 2016 for good and valuable consideration, Mr. Cannata made several commitments and representations concerning his protection, non-use, return and/or destruction of HPT's confidential and proprietary information. Specifically, among other things, Mr. Cannata agreed to return all of HPT's confidential and proprietary information to HPT and he agreed not to disclose and to keep all of such information confidential. Clearly, based on the admissions of Defendants and Mr. Cannata himself, he did not and Mr. Cannata is in material breach of his obligations under his agreement with HPT. Defendants' reliance on Mr. Cannata is misplaced and he is not credible.

In opposition to the motion, Defendants misstate and misrepresent various facts regarding HPT. However, Defendants' attempted misdirection and deflection ignores that:

- Defendants have no right to use or possess HPT's key generation program or tool, or to sell or issue application keys for use with HPT's interfaces.
- Defendants have no right to possess, use or misappropriate HPT's confidential and proprietary information.
- Defendants have no right to incorporate HPT's intellectual property into their products or to use HPT's intellectual property as a reference or basis for their own products and software.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

- Defendants have no right to clone or modify HPT's interfaces in any manner whatsoever.
- Defendants have no right to use or possess HPT's proprietary communication protocol, which was used to develop the communication protocol of the Syked Eliminator Cable.

As noted above, the Declaration of Ken Cannata is merely designed to confuse and confound the issues and should only be considered for what it clearly establishes – Mr. Cannata disseminated confidential and proprietary information of HPT to Defendants, he materially breached his agreement with HPT and Defendants wrongfully possess HPT's confidential and proprietary information. (*See* Prociuk Second Decl.).

HPT will suffer irreparable harm if Defendants' conduct is not restrained. It is indisputable that Defendants wrongfully possess HPT's confidential and proprietary information. It is indisputable that the release or sale of competitive products and software containing misappropriated confidential, proprietary and trade secret information of HPT is improper and unlawful. It is further indisputable that Defendants have misstated, misrepresented and concealed material facts and information from HPT and this Court since the inception of this matter.

In particular, Defendants have intentionally concealed and misrepresented facts throughout these proceedings to avoid the disclosure and discovery of their relationship with Mr. Cannata and the underlying facts giving rise to Defendants' possession, misuse and misappropriation of HPT's confidential and proprietary information. Defendants' dishonesty in this regard calls the credibility of all of their arguments in opposition into question and, as

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

detailed in the Renewed Emergency Motion for TRO, Defendants' misconduct should be enjoined.

Here, Defendants admit they have generated and are generating unauthorized application keys for HPT Interfaces using HPT's proprietary key generation program and tool. Defendants' ability to generate unauthorized application keys wholly exposes HPT's business as Defendants are able to generate these keys for use with HPT's interfaces without paying for them. (*See* Prociuk Second Decl.) This revelation alone – almost one year after this action was commenced – supports the issuance of the injunctive relief requested herein.

Moreover, Defendants' software is based on, derived from and/or incorporates source code from HPT's software, and Defendants concede that they possess HPT's confidential and proprietary source code from Mr. Cannata. Notably, Defendants never dispute or deny that HPT's confidential and proprietary information was referenced, served as a basis or was otherwise used and consulted in connection with the development of Defendants' products and software. Moreover, the documents submitted establish that there is exact duplication of HPT parameter names (character per character, including abbreviations) showcased in Defendants' own software. Furthermore, as the exhibits to the Amended Complaint demonstrate, Defendants have copied HPT's licensing and have publicly admitted to hacking and reversing HPT's software for their own benefit.

HPT will suffer irreparable harm in the absence of the requested relief. If Defendants are permitted to continue to use and possess HPT's key generator and to sell their products and software which are based on, derived from and contain HPT's confidential, proprietary and trade secret information, then HPT's entire business is at risk. (*See* Prociuk Second Decl.). The very survival of HPT is at stake if Defendants are not enjoined from their conduct.



Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Furthermore, it is not only HPT that will suffer irreparable harm, harm will also be inflicted upon all of its employees, who will be substantially impacted if HPT's business is compromised. There can be no doubt that HPT has demonstrated a high likelihood of very serious and irreparable harm.

If Defendants, and those acting in concert with them, are enjoined as requested, they will only be prevented from (unlawfully) continuing to use confidential and information of HPT which is not theirs and from selling products and software which is based on, derived from and contains HPT's confidential, proprietary and trade secret information. Conversely, if HPT's products and software have been misappropriated by Defendants which HPT has strong evidence to suggest is the case, HPT stands to lose its entire business if the relief is not granted and Defendants, and those acting in concert with him, are not enjoined as detailed herein.

Finally, the injunctive relief proposed by Defendants is neither sufficient nor appropriate. In terms of injunctive relief, Defendants suggest that the Court should only order third party examination of HPT and Defendants' software. However, as detailed above, the issues relating to Defendants' possession, misuse and misappropriation of HPT's confidential and proprietary information goes well beyond Defendants' software. Defendants' proposal wholly ignores their wrongful possession and admitted use of HPT's key generator, HPT's source code and their unfair competition with respect to the Syked Eliminator Cable. Likewise, given Defendants' blatant deception and concealment of facts and information in this matter, it is likely that Defendants have tampered with their source code or have altered it since the inception of this action and there is no way for HPT or the third party to authenticate that it is Defendants' original software and source code which is being provided for review and examination. Furthermore, HPT's source code and intellectual property is highly confidential and only two

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

people – Mr. Prociuk and Mr. Piastri – have access to the most secure parts of HPT's source code and intellectual property. Consequently, sharing HPT's source code is objectionable on this basis. Lastly, an independent analysis would not be useful in that this a niche business and it would be extremely difficult to determine copied work for someone who does not have intimate experience with this type of information. An expert who would be able to determine the similarity would likely be an HPT competitor thus creating a risk to HPT's business. Defendants have misappropriated HPT's confidential and proprietary information already and further unnecessary disclosure or dissemination to third parties is neither warranted nor proper. As such, HPT objects to providing access to any such competitor for review of its source code, and Defendants should be compelled to produce the documents, information and software which have been requested in discovery by HPT.

Because the factors weigh in favor of granting the relief requested by HPT, HPT respectfully requests that the Court order the relief set forth herein in the form of the Proposed Order attached hereto as Exhibit A.

WHEREFORE, HP TUNERS, LLC, respectfully prays for the following relief against Defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson:

1. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any information relating to HPT's key generator program and tool, and that Defendants shall return any and all copies of such program and tool in their possession to HPT;

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

2. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, publicly releasing source code (open sourcing code) in any manner;

3. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any competitive products or software to HPT;

4. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling Syked ECU Tuning, Inc.'s Eliminator Cable;

5. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or services using HPT's proprietary code to any third party;

6. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or services using HPT's proprietary code to any third party;

7. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, releasing any products or software that is based on or derived from HPT's software or products;

8. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, selling any products or software that is based on or derived from HPT's software or products;

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

9. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, accessing any computer folders or files provided to Defendants by Ken Cannata or Bobbie Cannata;

10. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be ordered to provide HPT with any and all communications, documents and information received from Ken Cannata or Bobbie Cannata;

11. That Defendants, as well as each of their agents, and all persons acting in concert with any of them, be immediately restrained from, directly or indirectly, engaging in any activities related to the planning, design, development, coding or creation of any software or products that in any way uses, relies upon, is based on or discloses any of HPT's confidential, proprietary or trade secret information, including but not limited to source code;

12. That Defendants be required to submit any and all computers and portable USB storage devices and drives used by them at any time since January 1, 2016 for forensic examination by an expert designated by Plaintiff and shall be restrained and enjoined from changing, deleting, modifying or otherwise tampering with any contents on any such computer or portable USB storage device or drive;

13. That Defendants be required to tender the contents of any and all computer files and folders which are reflected on the screenshot images attached as Exhibits 1-A, 1-B and 1-C to the Declaration of Keith Prociuk;

14. That Defendants be required to tender the PCM Harness for the E38 Controller depicted in Exhibit 1-I to the Declaration of Keith Prociuk for forensic examination by an expert designated by Plaintiff and shall be restrained from changing, deleting, modifying or otherwise tampering with the PCM Harness for the E38 Controller in any manner whatsoever;

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

15. That Defendants be ordered to compel with discovery and produce the documents and information requested by HPT; and

16. That this Court enter modify the Scheduling Order and Trial Date in this matter in order for HPT to conduct proper discovery relating to these matters;

17. That the Court issue an order to show cause as to why the requested preliminary injunction should not issue; and

18. For such other and further relief as this Court deems necessary and appropriate.

Dated this 22nd day of August, 2018

          Respectfully submitted,

          *s/ Andrew P. Bleiman*
          Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

REPLY BRIEF IN FURTHER SUPPORT OF RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - page 16

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com
Attorney for Plaintiff

REPLY BRIEF IN FURTHER SUPPORT OF RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - page 17

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547