HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, Washington corporation, and JOHN MARTINSON,<br><br>    Defendants. | CASE NO. 3:17-cv-05760-BHS<br><br>SECOND DECLARATION OF KEITH PROCIUK IN FURTHER SUPPORT OF PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS |

I, KEITH PROCIUK, pursuant to 28 U.S.C. § 1746, being duly sworn according to law, hereby state and declare as follows:

1. My name is Keith Prociuk. I am an individual over the age of 18 years. I have personal knowledge of the matters set forth in my declaration and would be willing and able to testify thereto if and when called upon to do so.

2. I am an owner of HP TUNERS, LLC.

3. Ken Cannata was never authorized by HPT to disseminate HPT's confidential and proprietary information to Defendants at any time.

SECOND DECLARATION OF KEITH PROCIUK - page 1

4. Mr. Cannata did not have any authorization or authority to provide HPT's confidential and proprietary information to Defendants while he was an owner of HPT.

5. As of October 20, 2016, Mr. Cannata was not an owner of HPT and had no authorization or authority to provide Defendants with HPT's confidential and proprietary information to Defendants.

6. Defendants have no right to possess, use or misappropriate HPT's confidential and proprietary information.

7. Defendants have no right to incorporate HPT's intellectual property into their products.

8. Defendants have no right to use HPT's key generation tool or to sell or issue application keys for use with HPT's interfaces.

9. Defendants have no right to clone or modify HPT's interfaces in any manner whatsoever.

10. Defendants have no right to use or possess HPT's proprietary communication protocol.

11. Mr. Cannata disseminated confidential and proprietary information of HPT to Defendants and Defendants wrongfully possess HPT's confidential and proprietary information.

12. Contrary to Mr. Cannata's statements, HPT never acted as "DX" but rather "DX" was an open community for the initial forum created by me. After little help from the open community, I decided to commercialize the project with the help of Mr. Cannata and Mr. Piastri. The discussions and decision to create HPT took place in private over a period of approximately eight (8) months.

SECOND DECLARATION OF KEITH PROCIUK - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

13. Contrary to Mr. Cannata's claims, every post from the community's contributors was transferred over and everything that was posted publicly was kept public.

14. Similarly, despite Mr. Cannata's claims in paragraph 7 of the Declaration, HPT did not "encourage" the community as "DX" and there is no evidence of this because none exists. In addition, his claims that there were "very many members" who participated in the project is inaccurate. Notwithstanding, everything produced during this time is still publicly available on a current forum: https://forum.hptuners.com/forumdisplay.php?15-OBD-I-amp-OBD-II-Hardware-And-Communications.

15. Mr. Cannata's claims in paragraph 8 of his Declaration are likewise inaccurate. The open source project was never closed and all of the original material exists on the forum to this day. Any information on the forum was posted publicly and was not donated directly to me or HPT, or with any specific license for use only with the "open source project."

16. Mr. Cannata's statements in paragraph 10 of the Declaration are also not true. While HPT used third party hardware to develop HPT's software, HPT's software was completely original and our own. The hardware HPT designed was also completely original and our own. The firmware HPT used on our original hardware was completely original and our own as well. HPT's communication protocol is completely original and nothing like the third-party hardware. After our original hardware was available internally, HPT removed support for the third-party hardware and continued to develop our products using our own hardware. Contrary to Mr. Cannata's suggestions, HPT never released any support for third party hardware nor did HPT ever sell, give or donate any of these materials to anyone.

17. Moreover, the alleged "story" recounted by Mr. Cannata in Paragraph 18 is preposterous and without merit. In particular, the claim that Mr. Cannata "provided" Mr. Sykes-

SECOND DECLARATION OF KEITH PROCIUK - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Bonnett with a USB drive containing all of HPT's source code and the key generation program and tool out of alleged frustration that Mr. Sykes-Bonnett had not received credits he was allegedly due is contrived. HPT's key generator is the single most valuable piece of intellectual property that HPT possesses. It is the tool that generates every single user license and is the security control for substantially all of HPT's revenues. The sale and distribution of credits via application keys, which are the license mechanism used by customers to tune vehicles is a fundamental component of HPT's business. Only HPT is authorized to generate authentic application keys for use with HPT's products and HPT credits are generally sold for approximately $50.00 USD. Defendants' ability to generate and/or use of unauthorized application keys to obtain credits without purchasing them from HPT constitutes a violation of the terms and provisions of the EULA, and puts HPT's entire business at stake.

18. Here, the suggestion that Mr. Cannata simply handed Mr. Sykes-Bonnett a USB containing HPT's code as well as the key generation program and tool because he was allegedly owed 42 tuning credits (with a retail value of $2,100) is baseless and not credible.

19. Defendants admit they have generated and are generating unauthorized application keys for HPT Interfaces using HPT's proprietary key generation program and tool. Defendants' ability to generate unauthorized application keys wholly exposes HPT's business as Defendants are able to generate these keys for use with HPT's interfaces without paying for them.

20. Mr. Cannata's statements concerning the PCM harness for the E38 Controller are similarly false and inaccurate. I designed the harness, not Mr. Cannata. Moreover, contrary to Mr. Cannata's claims, the harness is proprietary to HPT and not publicly available on Speartech's website. The image attached to Mr. Cannata's Declaration depicts a different

SECOND DECLARATION OF KEITH PROCIUK - page 4

harness. HPT's PCM harness for the E38 Controller is proprietary and is a modified version of the Speartech harness, which was modified and created by me in 2005. HPT contracted with Speartech to make these proprietary devices on our behalf and would inventory them at our office. It is likely that Mr. Cannata did not know or realize that they were proprietary or that I created them. However, HPT's PCM harness for the E38 Controller is, in fact, different than the Speartech harness which is publicly available, and it is a product that is proprietary to HPT.

21. HPT will suffer irreparable harm in the absence of the requested relief. If Defendants are permitted to continue to use and possess HPT's key generator and to sell their products and software which are based on, derived from and contain HPT's confidential, proprietary and trade secret information, then HPT's entire business is at risk. The very survival of HPT is at stake if Defendants are not enjoined from their conduct.

22. HPT will suffer irreparable harm if Defendants are not enjoined from "open sourcing" (publicly releasing) source code and/or any other confidential and proprietary information of HPT.

23. HPT will suffer irreparable harm if Defendants are not enjoined from actively marketing competing products for sale (e.g. Syked's software, the Syked's Eliminator Cable, tuning credits, etc.) which unfairly compete with HPT's products and offerings, and which are based on, derived from and/or incorporate confidential and proprietary information of HPT.

24. HPT will suffer irreparable harm if Defendants are not enjoined from using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any information relating to HPT's key generator program and tool.

25. HPT will suffer irreparable harm if Defendants are not ordered to return any and all copies of HPT's key generator program and tool in their possession to HPT.

SECOND DECLARATION OF KEITH PROCIUK - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

1  I hereby declare, under penalty of perjury, that all of the foregoing is true and accurate to
2  the best of my knowledge and belief.
3  Dated: August 22, 2018

_____
KEITH PROCIUK

SECOND DECLARATION OF KEITH PROCIUK - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for Plaintiff

SECOND DECLARATION OF KEITH PROCIUK - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547