HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, <br><br> Defendants. | CASE NO. 3:17-cv-05760-BHS <br><br> **PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)** |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby submits this Reply Memorandum in Support of its Motion to Strike Defendants' Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) (the "Motion").

## ARGUMENT

### A. Defendants' Affirmative Defenses Fail to Meet the Requisite Pleading Standard

As set forth in Plaintiff's initial brief in support of its Motion, Defendants' boilerplate list of affirmative defenses fails to meet the applicable pleading standard and must be stricken. Even if this Court were to accept Defendants' contention that the heightened pleading standard enumerated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does not apply to affirmative defenses (which Plaintiff does not concede),

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants' pleading still fails to meet the less stringent notice pleading standard in place prior to *Iqbal* and *Twombly*, as set forth by the Ninth Circuit in *Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979).

Under *Wyshak*, plaintiffs are entitled to fair notice of the affirmative defenses asserted. *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *21, No. 09-02429 WHA (N. D. Cal. Oct. 26, 2009), *citing Qarbon.com, Inc. v. eHelp Corp*., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking defenses that did no more than name the defenses without listing their elements or supporting facts).  Defendants fail to meet this standard because they merely list a variety of affirmative defenses in perfunctory fashion, and fail to allege a single fact in pleading the eleven (11) affirmative defenses contained in their Answer.  *See*, *e.g., Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 U.S. Dist. LEXIS 43350, at *8-19 (N.D. Cal. May 8, 2009) (striking affirmative defenses because no factual bases were provided).

Defendants cite to *Kohler v. Flava Enters. Inc.* for the proposition that the fair notice standard "only requires describing the defense in 'general terms.'"  Defendants' Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses (the "Opposition"), p. 5. However, the defense at issue in *Kohler*, which pled compliance with the Americans with Disabilities Act due to the availability of "alternative methods of accessibility," provided far greater specificity that the list of affirmative defenses provided in Defendants' Answer in the instant case.  779 F. 3d 1016, 1019 (9th Cir. 2015).  The mere fact that an affirmative defense may be properly pled with some generality does not permit Defendants to plead defenses without any factual support whatsoever.

Further, although Defendants argue that they are not required to plead their affirmative defenses with any specificity because "Plaintiff has touted the factual specificity contained in its

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

complaint and its knowledge of the core facts in this case" (Opposition, p. 5), Defendants fail to cite to any facts as alleged in the Complaint that underlie their affirmative defenses. Thus, the fact that Plaintiff filed a factually detailed Complaint has no bearing upon whether Defendants have provided fair notice in pleading their affirmative defenses.

**B.  Plaintiff's Motion is Not Properly Addressed in Discovery**

Defendant's allegation that Plaintiff's Motion should be addressed in discovery is simply wrong, undermines the entire objective of the pleading standard, and constitutes nothing more than a misguided attempt by Defendants to avoid their pleading obligations. Despite Defendants' citations to a smattering of non-binding, unpublished opinions from courts outside this District, Plaintiff's Motion is most certainly not properly addressed in discovery. In fact, the purpose of bringing this Motion at this juncture is specifically to narrow the scope of, and avoid unnecessary, discovery.

The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (quotation omitted) (overruled on other grounds). If Defendants are permitted to perfunctorily plead a lengthy list of affirmative defenses completely void of any factual support, Plaintiff will be forced to engage in extensive discovery in order to determine the impropriety of Defendants' affirmative defenses, thereby undermining the function of the notice pleading standard as well as prejudicing Plaintiff, which will be forced to unnecessarily commit time and resources to unnecessary, costly, and improper discovery.

**C.  Defendants Improperly Characterize Denials as Affirmative Defenses**

Defendants' First, Fifth, Ninth and Tenth affirmative defenses constitute mere denials, are not properly pled as affirmative defenses, and must be stricken at this juncture. First,

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE
DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

although there may be a split among district courts as to whether failure to state a claim constitutes an affirmative defense that may be raised in an answer, this District has held it does not. *See, e.g., Cody Inc. v. Falsetti,* No. C17-1833-MJP, 2018 U.S. Dist. LEXIS 38292, at *12 (W.D. Wash. March 8, 2018) (holding affirmative defense alleging failure to state a claim does not constitute an affirmative defense, but rather is an attack of the pleadings); *see also Blakeney v. Karr*, 2013 U.S. Dist. LEXIS 79270, at *2-3, No. C13-5076 (W.D. Wash. June 5, 2013) ("[A] claim that a plaintiff has failed to state a claim for which relief can be granted is not viewed as a proper affirmative defense.") (*citing J & J Sports Prods., Inc. v. Romero*, 2012 U.S. Dist. LEXIS 84288 (E.D. Cal. June 18, 2012) ("failure to state a claim [is] an impermissible affirmative defense"); *Botell v. United States*, 2012 U.S. Dist. LEXIS 41172 (E.D. Cal. Mar. 26, 2012) (same); *J & J Sports Prods., Inc. v. Delgado*, 2011 U.S. Dist. LEXIS 9013 (E.D. Cal. Jan. 19, 2011) (same); *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010 (E.D. Cal. June 7, 2011) (same)). Accordingly, Defendants' First Affirmative Defense for failure to state a claim should be struck.

Finally, Defendants' Fifth, Ninth, and Tenth affirmative defenses go to the merits of Plaintiff's claims and are not properly pled as affirmative defenses. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). For example, the doctrine of unclean hands provides a potential denial or defense to the Plaintiff's claims. As such, Defendants' Fifth Affirmative Defense must be stricken. Contrary to Defendants' peculiar assertion to the contrary, the fact that Plaintiff has not made any showing that the unclean hands defense is "unrelated to the transactions at issue" (Opposition, p. 8) is completely irrelevant to the determination of whether unclean hands properly constitutes an affirmative defense.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants disingenuously cite to *Trade Assocs. Inc. v. Fusion Techs. Inc*. for the proposition that "it is known that unclean hands constitutes an affirmative defense." Opposition, p. 8. However, nowhere in that case does the court make any such determination, or any determination whatsoever on the *validit*y of an affirmative defense of unclean hands. Rather, the court in *Trade Assocs*. merely denies summary judgment, finding that there are genuine issues of material fact as to the claims and affirmative defenses as pled. No. C09-5804, 2011 U.S. Dist. LEXIS 42002, at *5-6 (W.D. Wash. April 18, 2011).

Similarly, as set forth in Plaintiff's initial brief in support of this Motion, Defendants' Ninth and Tenth Affirmative Defenses, alleging failure to mitigate and contribution, setoff, indemnification, apportionment, or other relief, may provide potential defenses on the merits of the claims and the amount of damages, but they do not constitute affirmative defenses properly pled at this stage of the litigation. The fact that Illinois state law may consider failure to mitigate an affirmative defense has no bearing here, where federal civil procedure applies.

## CONCLUSION

In consideration of the foregoing, this Court should GRANT Plaintiff's Motion to Strike Defendants' Affirmative Defenses, and award attorneys' fees and costs.

Dated this 24th day of August, 2018          Respectfully submitted,

                                        *s/ Andrew P. Bleiman*
                                        Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE
DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

                                          MARKS & KLEIN

                                          *s/ Andrew P. Bleiman*
                                          Andrew P. Bleiman (admitted *pro hac vice*)
                                          1363 Shermer Road, Suite 318
                                          Northbrook, Illinois 60062
                                          Telephone: (312) 206-5162
                                          E-mail: andrew@marksklein.com
                                                     Attorney for Plaintiff

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547