HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, <br><br> Defendants. | CASE NO. 3:17-cv-05760-BHS <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> <u>**NOTING DATE: AUGUST 29, 2018**</u> <br><br> <u>**ORAL ARGUMENT REQUESTED**</u> |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "Plaintiff"), for its Response in Opposition to Defendants' Emergency Motion for Temporary Restraining Order (Dkt. 69), states as follows:

## INTRODUCTION

In light of Defendants' dishonesty since the outset of this matter, it is not surprising that Defendants' Emergency Motion for Temporary Restraining Order is replete with factual inaccuracies, misstatements and mischaracterizations. The claim that HPT paid someone to "surreptitiously gain access to the personal computer of Kevin Sykes-Bonnett" is baseless and not supported by *any* facts.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Here, Defendants' rhetoric and bluster should be seen for what it is – a desperate attempt to divert the Court's attention from: (a) Defendants' unlawful use, possession and misappropriation of HPT's confidential and proprietary intellectual property; (b) Defendants' intentional concealment of relevant and material information in discovery; and (c) Defendants' general abuses, gamesmanship and misconduct in connection with the discovery and pleadings in this case.

Defendants' request for injunctive relief is based on HPT's alleged possession of "two hardware design documents" and related "binary files." However, contrary to Defendants' contentions, all of the materials have been destroyed by HPT and are only being maintained by counsel as "Highly Confidential" in accordance with the Stipulated Protective Order entered in this case. HPT has destroyed all, and does not possess any, copies of any of Defendants' hardware design documents or binary files. In addition, in connection with the business of HPT, HPT has not used, accessed, referenced or misappropriated the "binary files" or the "two hardware design documents" in any manner or regard whatsoever. Furthermore, HPT does not possess any confidential and proprietary information relating to Defendants' software or hardware products.

For the reasons set forth herein, Defendants have failed to meet their burden for the issuance of the extraordinary remedy sought, and Defendants' Emergency Motion for Temporary Restraining Order should be denied.

**BACKGROUND**

As detailed in HPT's Renewed Emergency Motion for Temporary Restraining Order, from the outset, HPT has been candid, forthcoming and completely transparent with Defendants and this Court regarding the manner in which it received the information from the anonymous

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

informant as detailed in its Renewed Emergency Motion for Temporary Restraining Order (Dkt. 62) and the Declaration of Keith Prociuk submitted in connection therewith.  For ease of reference, the underlying factual background is also set forth herein.

In connection with HPT's investigation concerning the misappropriation and misuse of its confidential and proprietary information, which investigation remains ongoing, on May 27, 2018, counsel for HPT was approached, by electronic mail, by an individual claiming to be *already* in possession of pictures, information and names of individuals in possession of HPT's confidential and proprietary information and who were misappropriating it for their own benefit.

Specifically, in the May 27, 2018 email, the anonymous informant (using the email address gregorygilvach@hotmail.com) stated:

> Hello,
>
> We have information regarding Kevin Sykes Bonnett.  We will keep our identity disclosed.  But we have pictures, information, names that will prove he is guilty of selling hacked credit, modify the firmware of VCM interface, and more.  If you can contact me back, so we can talk further.
>
> IMPORTANT : This email address will be disabled in 5 days.
>
> Thank you
>
> Anonymous

(A copy of the initial email communication to counsel for HPT dated May 27, 2018 is attached hereto as Exhibit A).

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Subsequently, preliminary email communications between counsel and the anonymous informant[1] and the preliminary evidence provided by the anonymous informant led HPT to believe that such information existed, was highly credible and was, in fact, already possessed by the anonymous informant.  For example, on May 29, 2018, the anonymous informant sent another email with a cropped picture showing a screenshot of HPT's proprietary key generator tool and program – which constituted highly proprietary information of HPT that should not be in the possession of third parties.  (A copy of the email communications and screenshot provided by Mr. Gilvach is attached hereto as Exhibit B).

Based on the nature of the communications from the anonymous informant and the proofs which were tendered in connection with such communications, additional electronic mail communications ensued.  Ultimately, after several email communications, the anonymous informant agreed to provide HPT with evidence and information in exchange for a reward.  However, with regard to the turnover of evidence and information in its possession, the anonymous informant required that his or her identity remain anonymous and that HPT would tender a reward in the form of crypto-currency (Bitcoin) in exchange for the information and evidence.  Based on the preliminarily detail supplied by the anonymous informant giving strong weight to the credibility of the information and evidence, HPT proceeded with a series of transactions in which HPT tendered a reward to the anonymous informant in exchange for information and evidence relating to the misappropriation and misuse of HPT's confidential and proprietary information.

---

[1]  All of the documents and communications with the anonymous informant have been produced by HPT to Defendants in this matter.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

On August 5, 2018, the anonymous informant finally provided the evidence to HPT. Incredibly, the evidence and information specifically demonstrated: (a) Defendants' wrongful, unlawful and improper possession, use and misappropriation of HPT's confidential and proprietary intellectual property; (b) that a former owner of HPT (Ken Cannata) wrongfully furnished and disseminated such information to Defendants; (c) that Mr. Cannata and/or his wife Bobbie Cannata were owners of Syked ECU Tuning, Inc.; and (d) that Mr. Cannata and/or Bobbie Cannata were acting in concert with Defendants dating back to before this action was ever commenced. As detailed in HPT's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 62) and Reply Brief in further support of its motion (Dkt. 77), Defendants do not dispute or deny and, in fact, admit to their possession, use and misappropriation of HPT's confidential and proprietary intellectual property.

Here, notwithstanding Defendants' claims and rhetoric, the evidence demonstrates that, on May 27, 2018, an anonymous witness approached counsel for HPT to inform HPT that he or she was *already* in possession of evidence demonstrating Mr. Sykes-Bonnett's receipt, possession, misuse and misappropriation of *HPT's* confidential and proprietary information. (*See* Exh. A). In addition, the evidence demonstrates that, contrary to Defendants' contentions, HPT did not pay "an anonymous hacker to surreptitiously gain access to the personal computer of Kevin Sykes-Bonnett."[2] To the contrary, the anonymous informant was in possession of the information prior to the time he or she approached counsel for HPT.

For example, one of the images of Mr. Sykes-Bonnett's computer shows a date in *November 2017* – more than 6 months before any communications between the anonymous

---

[2] Notably, by virtue of their contentions in their Emergency Motion for Temporary Restraining Order, Defendants are admitting that the images depict the computer of Mr. Sykes-Bonnett and his possession of HPT's confidential and proprietary intellectual property.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

informant and HPT took place. (*See* Exhibit C attached hereto on which a date in November 2017 is visible in the bottom right corner of the image where it appears on a computer in a Windows based desktop). Similarly, certain images were tendered by the anonymous informant showing his possession of such information in May 2018 before HPT engaged in any transaction with the anonymous informant. (*See* e.g. Exh. A and B). Consequently, the timeline detailed above as well as the images themselves refute Defendants' assertions in this regard.

Defendants' vague and unsupported contention at page 2 of the Motion that "HPT asked to be provided with any of Syked Tuning's confidential information that the anonymous hacker could steal" is contrived and is undermined by the communications which have been produced. Defendants' wholly misrepresent, mischaracterize and misstate the nature of the communications with the anonymous informant. Nowhere in the communications is there any evidence that HPT sought or requested any information of Syked ECU Tuning, Inc. at any time. To the contrary, all of the communications were centered on evidence in the possession of the anonymous informant bearing on the possession, use and misappropriation of HPT's confidential and proprietary intellectual property by Defendants and any third parties.

HPT does not know how the anonymous informant obtained the information and HPT did not pay anyone to 'hack' or otherwise obtain the information. To the contrary, HPT only provided a reward to the informant to be able to see the information after the informant had already gained possession of the materials and only for the purpose of protecting itself.

Defendants' suggestion that the information was "surreptitiously" or "illegally" obtained from Mr. Sykes-Bonnett in connection with "TeamViewer"[3] sessions is baseless and

---

[3] "TeamViewer" is computer software for remote control, desktop sharing, online meetings, web conferencing and file transfer between computers.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

manufactured. By its nature, a "TeamViewer" session is a remote screen sharing tool that is voluntary and cannot be conducted without the affirmative consent of and action taken by both of the parties to the session. Mr. Sykes-Bonnett knows full well each of the individuals with whom he has conducted a "TeamViewer" session over the last two plus years and he voluntarily shared his screen with those third parties during the course of those sessions.[4] During the course of this voluntary screen sharing session, Mr. Sykes-Bonnett made his computer screen available to the party with whom he was conducting the "TeamViewer" and it revealed his wrongful possession of HPT's confidential and proprietary intellectual property. There is nothing surreptitious, illegal or improper about taking a picture of the person's computer screen who is voluntary sharing his or her screen during a "TeamViewer" session. In contrast, Mr. Sykes-Bonnett's unauthorized use and possession of the confidential and proprietary intellectual property of HPT on his computer is illegal, unlawful and improper.

Here, HPT was well within its rights to provide a reward to the informant in exchange for information that the informant had in its possession and which related to the identity of third parties who are wrongfully using, possessing and misappropriating HPT's intellectual property. Defendants' possession as well as their use and misappropriation of HPT's confidential and proprietary intellectual property is criminal. Specifically, Defendants possess and are using something that they do not own and that does not belong to them for their own benefit and to the detriment of HPT. Much like state, federal and governmental agencies and authorities who

---

[4] Because Mr. Sykes-Bonnett undoubtedly knows the identity of all the persons he has conducted "TeamViewer" sessions with over the last two years, Mr. Sykes-Bonnett must know precisely who the anonymous informant is. HPT has sought discovery from Defendants concerning the identity of all persons with whom Mr. Sykes-Bonnett has conducted TeamViewer sessions since January 1, 2016; however, Defendants have not yet responded to the discovery on this issue.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

provide monetary rewards to third parties in exchange for information, HPT had a right to protect itself and to obtain the evidence and information in the possession of the anonymous informant who came forward. Defendants have failed to point to any state or federal statute, regulation or policy which specifically prohibits compensation of an anonymous informant. In fact, as this Court is well aware, in connection with federal cases and investigations, confidential informants are routinely used and compensated. HPT cannot be expected to sit on its hands and do nothing when a witness comes forward with credible information bearing on its investigation of misconduct relating to its intellectual property. This is particularly true here in light of the depth of the deception, dishonesty and gamesmanship that has been employed by Defendants (and Ken Cannata) since before this action was commenced.

With regard to the actual information received from the anonymous informant, Defendants' assertions concerning HPT's receipt of and alleged misappropriation of alleged proprietary information of Syked ECU Tuning, Inc. are exaggerated and not well founded. Defendants contend that the anonymous informant provided HPT with "two hardware design documents depicting highly confidential schematics and layouts for Syked Tuning's newest hardware cable product." In addition, Defendants vaguely assert there "are several binary files and emails that are clearly confidential in nature on their face."[5]

While HPT disputes and denies Defendants' claims of confidentiality, and affirmatively contends, upon and information and belief, that Defendants' hardware is based on, derived from and incorporates HPT's confidential and proprietary information wrongfully possessed by

---

[5] The anonymous informant provided only three emails to HPT – all of which have been produced. Notably, Defendants are in receipt of these emails and have not asserted that anything in the emails other than the alleged "binary files" and "two hardware design documents" are "highly confidential" or proprietary in any manner.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants, this is an issue for another day. Nevertheless, following receipt of an email communication dated August 17, 2018 from counsel for Defendants asserting that the particular hardware design documents and associated files are highly confidential, the materials were destroyed by HPT and are only being maintained by counsel as "Highly Confidential" in accordance with the Stipulated Protective Order in this case. (*See* Declaration of Andrew P. Bleiman, Esq. ("Bleiman Decl.") submitted in connection herewith). HPT has destroyed all, and does not possess any, copies of any of Defendants' hardware design documents or binary files. (*See* Third Declaration of Keith Prociuk ("Prociuk Third Decl.") submitted in connection herewith). In addition, in connection with the business of HPT, HPT has not used, accessed, referenced or misappropriated the "binary files" or the "two hardware design documents" in any manner or regard whatsoever. (*See* Prociuk Third Decl.). Furthermore, HPT does not possess any confidential and proprietary information relating to Defendants' software or hardware products.[6] (*See* Prociuk Third Decl.). Consequently, Defendants' claims concerning HPT's alleged possession of Defendants' "binary files" and "two hardware design documents" are not well founded nor do they provide a basis upon which to impose injunctive relief.

---

[6] All of these facts further serve to wholly undermine Defendants' claims that HPT sought to purchase Defendants' information for competitive purposes as HPT has not used and does not possess Defendants' information.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# ARGUMENT

# DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER SHOULD BE DENIED.

### A. LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy, [which] is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689 (2008) (internal citations omitted). In order to qualify for a preliminary injunction, the moving party must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, —, 129 S.Ct. 365, 374 (2008).

Courts in the Ninth Circuit analyze these requirements under a "sliding-scale approach." *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1131–1135 (9th Cir. 2011). A moving party who demonstrates that he is likely to suffer an irreparable injury and that an injunction is in the public interest must show that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the [moving party's] favor." *Id.* at 1134–35.

### B. DISCUSSION OF THE MERITS

Defendants' motion is not well founded in law or fact.  First, Defendants cannot establish any likelihood of success on the merits of any claim because there is no pending claim relating to any alleged possession, use or misappropriation of Defendants' alleged confidential and proprietary information.  Moreover, any such claim would be frivolous and unfounded because, in connection with the business of HPT, HPT has not used, accessed, referenced or misappropriated the "binary files" or the "two hardware design documents" in any manner or

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

regard whatsoever. (*See* Prociuk Decl.). In addition, HPT has destroyed all, and does not possess any, copies of any of Defendants' hardware design documents or binary files. (*See* Prociuk Decl.). Likewise, HPT does not possess any confidential and proprietary information relating to Defendants' software or hardware products. (*See* Prociuk Decl.). By virtue of Defendants' designation of these items as "Highly Confidential", these items are only being maintained by counsel as "Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this case. (*See* Bleiman Decl.). The Stipulated Protective Order herein governs the use and protection of such documents and obviates the need for injunctive relief on this issue. Furthermore, because HPT does not possess and has destroyed all copies of the "binary files" and "two hardware design documents" (except as may be maintained by counsel in accordance with the Stipulated Protective Order), this issue is moot, and the requested injunctive relief should be denied.

Furthermore, Defendants will ***not*** suffer irreparable harm in the absence of injunctive relief because HPT does even not possess or have access to the alleged documents in question. Defendants cannot establish irreparable harm by virtue of the possession of the documents by counsel with a designation as "Highly Confidential" in accordance with the Stipulated Protective Order.

A temporary restraining order or preliminary injunction is only appropriate where the "balance of hardships tips sharply in the [movant's] favor," *Alliance for the Wild Rockies*, 632 F.3d at 1134–35 (9th Cir. 2011). Here, the balance of hardships does not tip sharply in Defendants' favor; therefore, the Defendants' Emergency Motion for Temporary Restraining Order should be denied.

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Finally, a temporary restraining order or preliminary injunction is only appropriate where granting the motion would be in the public interest. *Alliance for the Wild Rockies*, 632 F.3d at 1134–35 (9th Cir. 2011). Here, but for the anonymous informant's decision to come forward and provide detailed, specific evidence of Defendants' wrongful possession, use and misappropriation of HPT's confidential and proprietary intellectual property, Defendants' unlawful misappropriation of HPT's confidential and proprietary intellectual property and misconduct might still be undiscovered, particularly in light of Defendants' blatant concealment and deception in this regard for more than a year. It is in the public interest that witnesses who have evidence of persons engaging in wrongful and unlawful misconduct concerning the intellectual property of others are not disincentivized from coming forward to report such misconduct and to provide evidence of the same. Enjoining HPT from investigating these matters, communicating with anonymous third-party witnesses and defending itself with the assistance of these sources would be improper. As such, the public interest does not favor thwarting the investigation and discovery of misconduct and the injunction order should not issue.

Finally, the relief sought by Defendants is unnecessary, overly restrictive and improper. As detailed above, the injunction order concerning the segregation of the information relating to Defendants (namely, the identified hardware design documents and binary files) is moot as HPT does not possess those documents, and the challenged documents have been designated as "Highly Confidential" and are being afforded such protection in accordance with the Stipulated Protective Order. In addition, HPT has already produced ***all*** of the documents and

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

communications with the anonymous informant.[7]  Consequently, Defendants are already in possession of all communications, provided by or to, or exchanged with the anonymous informant.  Notwithstanding, an injunction order is not the mechanism for dealing with discovery-related issues of this sort.  Likewise, HPT should not be enjoined from communicating with the anonymous informant or any other witnesses, particularly, here, where Defendants have concealed this information and where the information that has been provided is credible and bears directly on HPT's claims.  There is no prohibition against communicating with anonymous informants and an injunction order prohibiting such communications would be highly prejudicial and improper.

## CONCLUSION

Defendants' emergency motion for temporary restraining order should be denied.  Defendants have not and cannot establish any likelihood of success on the merits particularly where, as here, there is no underlying claim pending.  Defendants have also failed to demonstrate that they will suffer irreparable harm in the absence of injunctive relief.  HPT has destroyed all, and does not possess any, copies of any of Defendants' hardware design documents or binary files.  HPT does not possess any confidential and proprietary information relating to Defendants' software or hardware products.  Furthermore, in connection with the business of HPT, HPT has not used, accessed, referenced or misappropriated the "binary files" or the "two hardware design documents" in any manner or regard whatsoever.  Similarly, the balance of hardships does not strongly favor Defendants and the public interest weighs against the entry of the injunctive relief

---

[7]  There were no oral or other electronic communications (e.g. videoconference, Skype, text message, FaceBook, etc.) between the anonymous information and counsel for HPT.  All communications with the anonymous informant were conducted by email.  (*See* Bleiman Decl.).

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

sought herein.  For these reasons, Defendants' Emergency Motion for Temporary Restraining Order (Dkt. 69) should be denied.

WHEREFORE, HP TUNERS, LLC, respectfully prays for an order DENYING Defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson's Emergency Motion for Temporary Restraining Order (Dkt. 69) and for such other and further relief as this Court deems necessary and appropriate.

Dated this 24th day of August, 2018

Respectfully submitted,

*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 14

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

         MARKS & KLEIN

         *s/ Andrew P. Bleiman*
         Andrew P. Bleiman (admitted *pro hac vice*)
         1363 Shermer Road, Suite 318
         Northbrook, Illinois 60062
         Telephone: (312) 206-5162
         E-mail: andrew@marksklein.com
                Attorney for Plaintiff

PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER - page 15

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547