1

HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

15

HP TUNERS, LLC, a Nevada limited liability)
company,                                   )
                                           )    CASE NO.  3:17-cv-05760-BHS
                                           )
                Plaintiff,                 )    **PLAINTIFF'S     RESPONSE      IN**
                                           )    **OPPOSITION     TO    DEFENDANTS'**
        vs.                                )    **MOTION TO COMPEL**
                                           )
KEVIN   SYKES-BONNETT   and   SYKED)
ECU    TUNING    INCORPORATED,    a)
Washington    corporation,    and    JOHN)    **NOTING DATE: SEPTEMBER 7, 2018**
MARTINSON,                                 )
                                           )
                Defendants.

16

17

        Plaintiff, HP TUNERS, LLC ("HPT" or "Plaintiff"), for its response in opposition to

Defendants' Motion to Compel, states as follows:

18

19

### INTRODUCTION AND BACKGROUND

20

21

        Consistent with Defendants' approach to this litigation from the outset, once again,

Defendants have misstated and misrepresented facts to this Court.[1]   Here, specifically,

22

23

24

25

---

[1]    Defendants also misstate the nature of the underlying arbitration against Matthew
Honeycutt as that action did not involve allegations of alleged hacking.  Rather, Mr. Honeycutt
was a former employee who unlawfully sold certain confidential and proprietary information of
HPT while he was an employee of HPT.  The arbitration did not involve alleged hacking of
HPT's software and the claims against Defendants herein are separate, independent and distinct
from the claims which had been asserted against Mr. Honeycutt.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 1                          Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
                                                        211 E. McLoughlin Boulevard, Suite 100
                                                                              PO Box 611
                                                                   Vancouver, WA  98666-0611
                                                                           (360) 750-7547

Defendants are misrepresenting the nature of the agreement reached concerning the production of documents from the Matthew Honeycutt arbitration.

Contrary to Defendants' claims, in connection with the agreement concerning the production of limited information relating to the Matthew Honeycutt arbitration, Plaintiff never agreed to produce the exhibits to the pleadings.  Instead, Plaintiff only agreed to produce various pleadings in order for Defendants to understand the nature of the action against Mr. Honeycutt and the matters at issue therein.

In particular, as demonstrated by Exhibit C to the Motion to Compel (Dkt. 76-3), HPT agreed to "produce the following pleadings: Demand for Arbitration, Answering Statement (if any), briefing related to Respondent's Rule 27 Dispositive Motion and the Arbitrator's Order granting Respondent's Rule 27 Dispositive Motion."  Additionally, HPT agreed to produce the briefs in connection with a motion for TRO which had been filed in that action.  Nowhere did Plaintiff agree to produce the exhibits to such pleadings and Defendants' representations to the contrary are without merit.  As detailed herein, the exhibits are not relevant to any party's claim or defense and are not proportional to the needs of the case in accordance with FRCP 26(b)(1).

Consistent with the agreement reached, HPT has produced all of the pleadings in connection with the Matthew Honeycutt arbitration.  Now, Defendants' demands for the exhibits to various pleadings are inconsistent with the agreement reached as such exhibits are not relevant to any of the claims or defenses asserted in this matter and have no bearing of the issues alleged herein.  This is even more true now in light of Defendants' various admissions to the possession, use and misappropriation of HPT's confidential and proprietary information.  As counsel for Defendants admitted at the recent hearing on HPT's Renewed Emergency Motion for Temporary Restraining Order regarding Defendants' use, possession and misappropriation of HPT's

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

confidential and proprietary information and concealment of same, "Kevin Sykes-Bonnett did something bad." The claims and proceedings against Matthew Honeycutt are irrelevant to the claims asserted against Defendants and Defendants' misconduct herein.

Defendants cannot articulate any basis or need for the underlying exhibits as the pleadings detail the nature of the action and the matters at issue therein. For the reasons set forth herein, Defendants' motion should be denied.

## ARGUMENT

As detailed in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Reply Brief submitted in further support, Defendants have admitted to possessing, using and misappropriating HPT's confidential and proprietary information. Consequently, the claims and allegations asserted against a former employee of HPT are not relevant to the claims and asserted against Defendants herein. Mr. Honeycutt's misconduct in connection with his employment has no bearing on the claims or defenses asserted against Defendants herein. Consequently, the exhibits to the pleadings sought by Defendants should not be compelled.

Here, consistent with the agreement reached by the parties, HPT produced various pleadings associated with the Matthew Honeycutt arbitration. Contrary to Defendants' contentions, HPT did not agree to produce the exhibits to such pleadings as they have no bearing or relevance to the claims and defenses asserted herein.

Pursuant to FRCP 26(b)(1), the discovery sought by Defendants – the exhibits to various pleadings – is not relevant to any party's claim or defense and is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    importance of the discovery in resolving the issues, and whether the burden or expense of the

2    proposed discovery outweighs its likely benefit.  (*See* FRCP 26(b)(1)).

3              To date, Defendants failed to set forth a sufficient evidentiary nexus between the

4    discovery sought and a good faith basis to believe that such discovery material is both relevant

5    and proportional to the needs of the case.  *See Gonzalez v. Allied Concrete Ind. Inc.*, 2016 U.S.

6    Dist. LEXIS 4444789 (E.D.N.Y. Aug. 23,2016).  In fact, Defendants have failed to articulate

7    how or why the exhibits sought are relevant and proportional to the needs of the case in any

8    regard whatsoever.  In actuality, the exhibits to the pleadings from the Matthew Honeycutt

9    arbitration which Defendants are seeking in connection with this motion to compel are irrelevant

10   and immaterial to resolving the issues in this matter relating to Defendants' possession, use and

11   misappropriation of HPT's confidential and proprietary information or Defendants' defenses to

12   such claims.

13

14             In addition, the issues relating to Matthew Honeycutt's misappropriation of HPT's

15   confidential and proprietary information have no bearing or relation to Defendants' possession,

16   use and misappropriation of HPT's confidential and proprietary information, which have been

17   ***admitted.***  Therefore, the request is not proportional to the needs of the case because the exhibits

18   sought is not important to the present action, has no bearing on the claims asserted against

19   Defendants or the Defendants' defenses to such claims and the information is of marginal

20   importance to any such claims and defenses at best.

21

22             The discovery sought is not important in resolving the issues in this action – namely,

23   whether Defendants' possessed, used or misappropriated HPT's confidential and proprietary

24   information.  Here, Defendants are already in possession of the pleadings associated with the

25   Matthew Honeycutt arbitration, which demonstrate what the legal issues were in connection with

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

that action.   Defendants have not articulated (and cannot articulate) any need or basis for the production of the exhibits to such pleadings as such exhibits are irrelevant and immaterial to the matters at issue herein.   For these reasons, Plaintiff should not be compelled to produce the exhibits to such pleadings and the motion to compel should be denied.

WHEREFORE, Plaintiff, HP TUNERS, LLC, respectfully prays for an order denying Defendants' Motion to Compel and for such other and further relief as this Court deems necessary and appropriate.

Dated this 4th day of September, 2018              Respectfully submitted,

                                                                          *s/ Andrew P. Bleiman*
                                                                          Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on September 4, 2018, I caused the foregoing to be electronically

3

with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

4

Counsel of Record.

5

6

MARKS & KLEIN

7

_s/ Andrew P. Bleiman_
Andrew P. Bleiman (admitted _pro hac vice_)

8

1363 Shermer Road, Suite 318
Northbrook, Illinois 60062

9

Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

10

Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547