THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, <br><br> Defendants. | No. 3:17-cv-05760 BHS <br><br> **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION** <br><br> **NOTING DATE: SEPTEMBER 7, 2018** |

Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning Inc. (collectively "Defendants"), by its attorneys, hereby submit their reply in support of their Motion to Compel Plaintiff HP Tuners LLC ("Plaintiff") to produce documents pursuant to Fed. R. Civ. P. 37 (Dkt 75).

**I.   INTRODUCTION**

Plaintiff's opposition to Defendants requested relief fails to address the merits of Defendants' motion. Instead, Plaintiff merely makes conclusory and erroneous assertions that Defendants failed to set forth a sufficient evidentiary nexus. Defendants, however, have provided sufficient support for the relevance of the documents it requests. For the reasons set forth in

DEFENDANTS' REPLY ISO OF MOTION TO COMPEL - 1
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Defendants' Motion to Compel and this reply, Plaintiff should be required to produce the requested information.

## II.   ARGUMENT

Under Rule 26, the scope of discovery is broad, and a party must respond to any discovery request and produce any non-privileged documents that are relevant to an issue in a case. *See Westport Insurance Co. v. Hippo Fleming & Pertile Law Offices*, 319 F.R.D. 214, 216-17 (W.D. Penn. 2017). Plaintiff's opposition fails to demonstrate why the exhibits to the Honeycutt documents are irrelevant any issues in this case. Instead, Plaintiff repeats a variation of the same conclusory statement throughout its motion—that the documents are "irrelevant and immaterial to resolving the issues in this matter"—but fails to explain *why* the documents requested are irrelevant. *See* Dkt. 89 at 4.

Contrary to Plaintiff's representation in note one of its opposition, the arbitration with Mr. Honeycutt did involve allegations of hacking. Both Mr. Honeycutt and Plaintiff allege that Mr. Honeycutt is the individual behind the discounthptunercredits@mail.com who threatened to release version 3.6 of Plaintiff's "cracked" software. *See* Kendrick Decl. at ¶¶ 5, 6, 9, 10; *see also id.* Exhs. A, B. In Mr. Honeycutt's Rule 27 opening brief, he cites to an exhibit immediately after this statement—one of the exhibits Defendants request Plaintiff to produce. *See* Kendrick Decl. Exh. A. In its amended complaint filed in this matter, Plaintiff makes the same allegation against Defendant Kevin Sykes-Bonnett. In fact, Plaintiff alleges that Defendant Kevin Sykes-Bonnett worked with others, including Matthew Honeycutt to reverse engineer and distribute its VCM Suite Software. *See* Dkt. 35 at ¶¶ 60-64.[1] These factual allegations are incorporated in all

---

[1] Plaintiff also directly references the arbitration between Mr. Honeycutt and Plaintiff in its amended complaint. Dkt. 35 at ¶ 61.

DEFENDANTS' REPLY ISO OF MOTION TO COMPEL - 2
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

counts of Plaintiff's complaint and are directly relevant to at least counts 1-4 of Plaintiff's complaint. Plaintiff's own admissions, both in this case and in the Honeycutt Arbitration, demonstrate that the exhibits Defendants request are highly relevant. Contrary to Plaintiff's representations before this Court and in its opposition, Defendants have not admitted to hacking, using, or misappropriating Plaintiff's source code. Plaintiff cannot accuse multiple people of this same action and then attempt to hide relevant evidence concerning those accusations. Further, the Honeycutt documents contain allegations that Plaintiff knew of previous hacking attempts (some successful). *See* Kendrick Decl. at ¶ 7; *see also id.* Exh. A. The exhibits referenced in association with these allegations are directly relevant to Defendants' affirmative defenses of at least laches, unclean hands, and mitigation of damages. Defendants, therefore, are entitled to these non-privileged documents.

Further, Plaintiff's objection to the production of these documents lacks merit. As stated above, Plaintiff's motion is filled with conclusory statements about these documents being "irrelevant and immaterial" but Plaintiff fails to provide any explanation of why. Plaintiff should not be allowed to withhold relevant evidence simply because its holds the subjective view that these document are irrelevant. Plaintiff's own admissions contradict its position. As such, Plaintiff's objection lacks merit.

### III. CONCLUSION

For the reasons stated above, and in Defendants' Motion to Compel, Defendants respectfully request that this Court compel Plaintiff to produce all exhibits submitted by either

///

///

DEFENDANTS' REPLY ISO OF MOTION TO COMPEL - 3
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

party with any pleading in the Matthew Honeycutt arbitration.  These exhibits are highly relevant and Plaintiff's objection to production lacks merit.

DATED:  September 7, 2018

LANE POWELL PC

By *s/Gregory F. Wesner*
Gregory F. Wesner, WSBA No. 30241
wesnerg@lanepowell.com
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206-223-7000
Facsimile:  206-223-7107

John E. Whitaker, WSBA No. 28868

Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson and Syked ECU Tuning Incorporated

DEFENDANTS' REPLY ISO OF MOTION TO COMPEL - 4
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system.  In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

**Attorneys for Plaintiff HP TUNERS, LLC**

Stephen G. Leatham, WSBA No. 15572
Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA  98663
Phone:  (360) 750-7547
Facsimile:  (360) 750-7548
Email:  sgl@hpl-law.com

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

**Attorneys for Plaintiff HP TUNERS, LLC**

Andrew P. Bleiman (*pro hac vice* admitted)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, IL  60062
Phone:  (312) 206-5162
Email:  andrew@marksklein.com

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

Executed on September 7, 2018, at Seattle, Washington.

*s/Kathi Milner*
Kathi Milner, Legal Assistant