HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

                Plaintiff,

    vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,

                Defendants.

CASE NO.  3:17-cv-05760-BHS

**AGREED ORDER**

THIS MATTER coming to be heard on Plaintiff HP TUNERS, LLC's ("HPT" or "Plaintiff") Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65(b) and Plaintiff HP TUNERS, LLC's Motion to Compel, for Sanctions and to Modify Scheduling Order against Defendants KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON (collectively "Defendants") and Defendants' Emergency Motion for Temporary Restraining Order against Plaintiff, due notice having been given, the motion having been fully briefed and argued in open court and the Court being fully advised in the premises;

Initially, the Court states that in connection with the Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, the Court ordered Defendants to return to Plaintiff: (i)

AGREED ORDER - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

all originals and copies of the "Flash Drive" provided to Defendants by Ken Cannata; and (ii) all originals and copies of HPT's programs, software, electronic file folders or files in possession of Defendants.  Subsequent to the hearing, Defendants have informed Plaintiff and represent to this Court that, prior to the date of this Order, Defendants have destroyed and Defendants no longer possess: (i) any originals and copies of the "Flash Drive" provided to Defendants by Ken Cannata (the "Flash Drive"); or (ii) any originals and copies of HPT's programs, software, electronic file folders or files.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      Plaintiff's Emergency Motion for Temporary Restraining Order is granted in part as set forth herein and denied in part without prejudice for the reasons set forth on the record.

2.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing HPT's key generator program and tool;

3.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any HPT programs, software, electronic file folders, files or information obtained or received from Ken Cannata or any third party;

4.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all originals and copies of the Flash Drive, the HPT key generator program and tool and all HPT programs, software, electronic file folders

AGREED ORDER - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

or files in their possession, custody or control if such continues to exist in any form or manner whatsoever;

5.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all HPT interfaces in their possession, custody or control and, prior to returning said interfaces being returned to HPT, Defendants shall not take any action to modify, manipulate, damage or the interfaces being returned to HPT;

6.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return HPT's E38 Harness to HPT in working order which was provided to Defendants by Ken Cannata;

7.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, publicly releasing HPT's programs, software, electronic file folders, files or information in any manner whatsoever;

8.      Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, providing HPT's programs, software, electronic file folders, files or information to any third party in any manner whatsoever;

9.      Within five (5) business days of the entry of this Order, each of the Defendants, Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson, shall provide a Declaration, under penalties of perjury under 28 U.S.C. § 1746, to HPT which:

    a.      specifically details any and all programs, software, electronic file folders, files or information of HPT that was provided to each particular Defendant by Ken Cannata or any other third party; and

    b.      specifically details the time, place, location and particulars of the destruction of (i) all originals and copies of the Flash Drive and/or (ii) all originals

AGREED ORDER - page 3

and copies of HPT's programs, software, electronic file folders or files that were in the possession, custody or control of Defendants including but not limited to detailed information concerning the specifics of what was destroyed and the identity of any witnesses to said destruction and also including when, how and where all of said materials and information were destroyed; and

c.      certifies that: (i) all originals and copies of the Flash Drive and (ii) all originals and copies of HPT's programs, software, electronic file folders or files in possession, custody and/or control of Defendants have been destroyed and/or returned to HPT, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files which have not been destroyed and/or returned; and

d.      certifies that Defendant is not in possession, custody or control of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning Defendant's possession, custody or control of (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files; and

e.      certifies that Defendant is not aware of the location or whereabouts of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant

AGREED ORDER - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the location or whereabouts of (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files; and

      f.    certifies that Defendant did not provide (i) originals or copies of the "Flash Drive" or (ii) originals and copies of HPT's programs, software, electronic file folders or files to any third party at any time, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the manner in which Defendant provided (i) originals or copies of the "Flash Drive" and/or (ii) originals and copies of HPT's programs, software, electronic file folders or files to any third party including the name, address and contact information (e.g. last known address, phone number and email address) of all such third parties; and

      g.    certifies that Defendant did not share, disseminate, convey, provide, transfer or give access to: (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files to any third party at any time, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the manner in which Defendant shared, disseminated, conveyed, provided, transferred or gave access to any originals or copies of the "Flash Drive" and/or any originals or copies of HPT's programs, software, electronic file folders or files to any third party including the name, address and contact information (e.g.

AGREED ORDER - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

last known address, phone number and email address) of all such third parties; and

        h.     certifies that Defendant did not copy, transfer, save, load, download and/or store (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files onto any computer, device, hard drive and/or storage device at any time, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the computer, device, hard drive and/or storage device on which (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files were copied, transferred, saved, loaded, downloaded and/or stored.

10.     Defendants' Emergency Motion for Temporary Restraining Order is denied for the reasons stated on the record.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

11.     HPT's Motion to Compel, for Sanctions and to Modify the Scheduling Order is granted in part and denied in part as set forth fully herein.[1]

12.     Defendants are ordered to fully and completely respond to Plaintiff's requests for production of documents and to produce any and all responsive documents in their possession, custody or control within seven (7) days.

13.     Defendants are ordered to supplement all of their responses to discovery requests, to state that no responsive documents exist, if it so contends, and to state in detail and under oath, the steps it undertook to search for responsive documents within seven (7) days.

14.     Defendants are ordered to provide supplemental answers to interrogatories 4, 5 and 7 of the First Set of Interrogatories and interrogatories 4 and 5 of the Second Set of Interrogatories within seven (7) days.

15.     The Scheduling Order dated December 26, 2017 is hereby vacated.

16.     The new Scheduling Order shall be as follows:

---

[1]     NOTE RE: MOTION TO COMPEL: At hearing on the Renewed Emergency Motion for Temporary Restraining Order, based on the Court's comments and general instructions and directions on the issue of discovery throughout the course of the hearing, Plaintiff understood the Court's ruling on the Motion to Compel to be that Plaintiff's Motion to Compel was granted and Defendants were ordered to produce the documents and information which were sought in connection with Plaintiff's motion to compel.  In connection with the preparation of this Order on this issue, Defendants have advised that they disagree with Plaintiffs' understanding concerning the Court's order and believe that the Court only granted the Motion in connection with the request to modify the scheduling order and that the Court did not compel production of additional documents and information or order sanctions.  To the extent that this Court did not grant Plaintiff's motion to compel and did not order Defendants to produce the requested documents and information which have been requested and which remain outstanding, Plaintiff requests that the motion to compel be heard vis-à-vis these issues (and the issue of sanctions given Defendants' concealment and non-disclosure of relevant and material information) on a telephonic hearing to be scheduled for a date subsequent to the entry of this order and for this order to reflect that the Motion to Compel, for Sanctions and to Modify the Scheduling be granted in part as it relates to the Scheduling Order and that the balance of the Motion is continued for further telephonic hearing.

AGREED ORDER - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

a.   *FIVE DAY* Jury Trial is set for 4/29/2019 at 9:00 AM in Courtroom E before Judge Benjamin H. Settle.

b.   Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 12/23/2018,

c.   Rebuttal Expert Disclosure/Reports due by 1/23/2019,

d.   Discovery Motions due by 12/14/2018,

e.   Discovery completed by 1/14/2019,

f.   Dispositive motions due by 2/14/2019,

g.   Motions in Limine due by 3/30/2018,

h.   Pretrial Order due by 4/8/2019,

i.   Voir dire/jury instructions/trial briefs due by 4/16/2019,

j.   Agreed Neutral Statement of the Case due by 4/15/2019,

k.   Deposition Designations due by 4/15/2019, and

l.   Pretrial Conference set for 4/15/2019 at 11:00 A.M

ENTER:

_____
JUDGE                                    DATE

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062

AGREED ORDER - page 8

(312) 206-5162
andrew@marksklein.com

AGREED ORDER - page 9