HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

        Plaintiff,

vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,

        Defendants.

CASE NO. 3:17-cv-05760-BHS

**[PROPOSED] ORDER**

THIS MATTER coming to be heard on Plaintiff HP TUNERS, LLC's ("HPT" or "Plaintiff") Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65(b) and Plaintiff HP TUNERS, LLC's Motion to Compel, for Sanctions and to Modify Scheduling Order against Defendants KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON (collectively "Defendants"), due notice having been given, the motion having been fully briefed and argued in open court and the Court being fully advised in the premises;

Initially, the Court states that in connection with the Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, the Court ordered Defendants to return to Plaintiff: (i) all originals and copies of the "Flash Drive" provided to Defendants by Ken Cannata; and (ii) all

[PROPOSED] ORDER - page 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

originals and copies of HPT's programs, software, electronic file folders or files in possession of Defendants.  Subsequent to the hearing, Defendants have informed Plaintiff and represent to this Court that, prior to the date of this Order, Defendants have destroyed and Defendants no longer possess: (i) any originals and copies of the "Flash Drive" provided to Defendants by Ken Cannata (the "Flash Drive"); or (ii) any originals and copies of HPT's programs, software, electronic file folders or files.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's Emergency Motion for Temporary Restraining Order is granted in part as set forth herein and denied in part without prejudice for the reasons set forth on the record.

2. Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing HPT's key generator program and tool;

3. Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any HPT programs, software, electronic file folders, files or information obtained or received from Ken Cannata or any third party;

4. Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all originals and copies of the Flash Drive, the HPT key generator program and tool and all HPT programs, software, electronic file folders or files in their possession, custody or control if such continues to exist in any form or manner whatsoever;

[PROPOSED] ORDER - page 2

5. Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all HPT interfaces in their possession, custody or control and, prior to returning said interfaces being returned to HPT, Defendants shall not take any action to modify, manipulate, damage or the interfaces being returned to HPT;

6. Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, publicly releasing HPT's programs, software, electronic file folders, files or information in any manner whatsoever;

7. Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, providing HPT's programs, software, electronic file folders, files or information to any third party in any manner whatsoever;

8. Within five (5) business days of the entry of this Order, each of the Defendants, Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson, shall provide a Declaration, under penalties of perjury under 28 U.S.C. § 1746, to HPT which:

    a. specifically details any and all programs, software, electronic file folders, files or information of HPT that was provided to each particular Defendant by Ken Cannata or any other third party; and

    b. specifically details the time, place, location and particulars of the destruction of (i) all originals and copies of the Flash Drive and/or (ii) all originals and copies of HPT's programs, software, electronic file folders or files that were in the possession, custody or control of Defendants including but not limited to detailed information concerning the specifics of what was destroyed and the identity of any witnesses to said destruction and also including when, how and where all of said materials and information were destroyed; and

[PROPOSED] ORDER - page 3

  c. certifies that: (i) all originals and copies of the Flash Drive and (ii) all originals and copies of HPT's programs, software, electronic file folders or files in possession, custody and/or control of Defendants have been destroyed and/or returned to HPT, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files which have not been destroyed and/or returned; and

  d. certifies that Defendant is not in possession, custody or control of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning Defendant's possession, custody or control of (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files; and

  e. certifies that Defendant is not aware of the location or whereabouts of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the location or whereabouts of (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files; and

[PROPOSED] ORDER - page 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

      f.    certifies that Defendant did not copy, transfer, save, load, download and/or store (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files onto any computer, device, hard drive and/or storage device at any time, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the computer, device, hard drive and/or storage device on which (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files were copied, transferred, saved, loaded, downloaded and/or stored.

9. HPT's Motion to Compel, for Sanctions and to Modify the Scheduling Order is granted in part and denied in part as set forth fully herein.

10. The Scheduling Order dated December 26, 2017 is hereby vacated.

11. The new Scheduling Order shall be as follows:

    a.    *FIVE DAY* Jury Trial is set for 4/29/2019 at 9:00 AM in Courtroom E before Judge Benjamin H. Settle.

    b.    Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 12/23/2018,

    c.    Rebuttal Expert Disclosure/Reports due by 1/23/2019,

    d.    Discovery Motions due by 12/14/2018,

    e.    Discovery completed by 1/14/2019,

    f.    Dispositive motions due by 2/14/2019,

    g.    Motions in Limine due by 3/30/2018,

    h.    Pretrial Order due by 4/8/2019,

    i.    Voir dire/jury instructions/trial briefs due by 4/16/2019,

[PROPOSED] ORDER - page 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

  j. Agreed Neutral Statement of the Case due by 4/15/2019,

  k. Deposition Designations due by 4/15/2019, and

  l. Pretrial Conference set for 4/15/2019 at 11:00 A.M

ENTER:

_____
JUDGE          DATE

Presented By:

LANE POWELL PC

By *s/Gregory F. Wesner*
  Gregory F. Wesner, WSBA No. 30241
  wesnerg@lanepowell.com
  1420 Fifth Avenue, Suite 4200
  P.O. Box 91302
  Seattle, WA  98111-9402
  Telephone:  206-223-7000
  Facsimile:  206-223-7107

John E. Whitaker, WSBA No. 28868

Attorneys for Defendants Kevin Sykes-Bonnett,
John Martinson, and Syked ECU Tuning, Inc.

[PROPOSED] ORDER - page 6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107