UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KEVIN SYKES-BONNETT, et al.,<br><br>　　　　　　Defendants. | CASE NO. C17-5760 BHS<br><br>ORDER ON THE PARTIES'<br>VARIOUS MOTIONS |

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HPT") motion for relief to modify expert disclosure deadlines (Dkt. 53), motion to compel and for sanctions and to modify scheduling order (Dkt. 64), and motion for temporary restraining order and preliminary injunction (Dkt. 69); and Defendants Kevin Sykes-Bonnett ("Sykes-Bonnett"), Syked ECU Tuning Incorporated, and John Martinson's (collectively "Defendants") emergency motion for temporary restraining order (Dkt. 69). The Court has considered the pleadings filed in support of and in opposition to the motions, oral argument of counsel, and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

On August 29, 2018, the Court held oral argument on the four pending motions referenced above. Dkt. 87. At the conclusion of the hearing, the Court ordered the parties to file an agreed order reflecting the issues discussed. Dkt. 88 at 61. On September 10, 2018, each side filed a proposed order because the parties were unable to agree on certain issues. Dkts. 93, 94. The parties did not submit any additional explanation for the remaining disputed issues.

# II. DISCUSSION

## A. Extending Deadlines

The parties were able to agree to continue the trial date to the end of April 2019 and to extend relevant deadlines according to the new trial date. Dkts. 93 at 7–8, 94 at 5–6. The Court finds that good cause exists to strike the current scheduling order and continue trial to April 30, 2019. Therefore, the Court grants the motions on these issues.

## B. Defendants' Motion

Regarding Defendants' motion, HPT contends that the motion should be denied, Dkt. 93, ¶ 10, and Defendants fail to address the issue. On the record, the Court concluded that Defendants' motion addressed discovery issues instead of an emergency issue that required immediate injunctive relief. Dkt. 86 at 38. The Court then discussed each of Defendants' discovery requests with HPT's attorney. *Id*. at 38–53. As set forth in that discussion, the Court granted in part and denied in part Defendants' discovery requests. To the extent Defendants seeks additional relief on these issue, they must file

an appropriate motion. Thus, the Court finds no need to provide any further ruling on Defendants' discovery requests and denies the request for injunctive relief.

**C.     HP's Motions**

The parties reached agreement on a number of issues. After setting forth the agreed issues, the Court will address the remaining disputed issues. First, the parties agreed as follows:

> Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing HPT's key generator program and tool;
> Defendants, as well as each of their agents, and all persons acting in concert with any of them, are hereby immediately restrained from, directly or indirectly, using, accessing, distributing, disseminating, transferring, copying or otherwise referencing any HPT programs, software, electronic file folders, files or information obtained or received from Ken Cannata or any third party;
> Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all originals and copies of the Flash Drive, the HPT key generator program and tool and all HPT programs, software, electronic file folders or files in their possession, custody or control if such continues to exist in any form or manner whatsoever;
> Defendants, as well as each of their agents, and all persons acting in concert with any of them, shall immediately return to HPT any and all HPT interfaces in their possession, custody or control and, prior to returning said interfaces being returned to HPT, Defendants shall not take any action to modify, manipulate, damage or the interfaces being returned to HPT;
> Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, publicly releasing HPT's programs, software, electronic file folders, files or information in any manner whatsoever;
> Defendants, as well as each of their agents, and all persons acting in concert with any of them, are immediately restrained from, directly or indirectly, providing HPT's programs, software, electronic file folders, files or information to any third party in any manner whatsoever;

Within five (5) business days of the entry of this Order, each Defendant shall provide a Declaration, under penalties of perjury under 28 U.S.C. § 1746, to HPT which:

specifically details any and all programs, software, electronic file folders, files or information of HPT that was provided to each particular Defendant by Ken Cannata or any other third party;

specifically details the time, place, location and particulars of the destruction of (i) all originals and copies of the Flash Drive and/or (ii) all originals and copies of HPT's programs, software, electronic file folders or files that were in the possession, custody or control of Defendants including but not limited to detailed information concerning the specifics of what was destroyed and the identity of any witnesses to said destruction and also including when, how and where all of said materials and information were destroyed;

certifies that: (i) all originals and copies of the Flash Drive and (ii) all originals and copies of HPT's programs, software, electronic file folders or files in possession, custody and/or control of Defendants have been destroyed and/or returned to HPT, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files which have not been destroyed and/or returned;

certifies that Defendant is not in possession, custody or control of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning Defendant's possession, custody or control of (i) any originals or copies of the "Flash Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files;

certifies that Defendant is not aware of the location or whereabouts of (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the location or whereabouts of (i) any originals or copies of the "Flash

> Drive" and/or (ii) any originals and copies of HPT's programs, software, electronic file folders or files; and
>
> certifies that Defendant did not copy, transfer, save, load, download and/or store (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files onto any computer, device, hard drive and/or storage device at any time, and if Defendant cannot certify to the foregoing, Defendant shall provide specific details and particulars concerning the computer, device, hard drive and/or storage device on which (i) any originals or copies of the "Flash Drive" or (ii) any originals and copies of HPT's programs, software, electronic file folders or files were copied, transferred, saved, loaded, downloaded and/or stored.

Dkts. 93, ¶¶ 1–5, 7, 8, 9(a)–9(e), 9(h); 94 ¶¶ 1–7, 8(a)–8(f). To the extent that the parties agree to this relief, the Court finds that such relief is warranted. Thus, the Court grants in part HPT's motion for injunctive relief as set forth above.

Second, the parties disagree on three remaining issues. The first disputed issue is the Court's ruling on HPT's motion to compel and for sanctions and modify scheduling order. Dkt. 64. HPT contends that the Court granted the portion of the motion relating to the request to compel Defendants' production of discovery. Dkt. 93 at 7 n.1. The Court has reviewed the transcript and disagrees with HPT's contention. The majority of the discussion revolved around the production of source code and the possibility of appointing a third-party expert to compare each party's code. Thus, the discovery and sanction issues remain pending. HPT requests that the Court address these issues in a telephone conference. *Id*. The Court denies this request. Instead, the Court will renote the motion and consider the issues in due course.

The second disputed issue is that HPT requests language in Defendants' declaration regarding any defendant giving the relevant "Flash Drive" to third parties. Dkt. 93, ¶¶ 9(f), 9(g). Without any further explanation, the Court has no basis to order this relief. Therefore, the Court denies HPT's requested relief without prejudice.

The final "disputed" issue should not be disputed. HPT requests that Defendants "immediately return HPT's E38 Harness to HPT in working order which was provided to Defendants by Ken Cannata." Dkt. 93, ¶ 6. Although Defendants' attorney conceded that Sykes-Bonnett is ready to return a cable to HPT, it is unclear whether he was referring to a cloned cable or an HPT E38 Harness. This seems to be an easy issue to resolve. Whether through formal discovery or informal cooperation, HPT should establish whether Defendants are in possession of the HPT E38 Harness provided by Mr. Cannata. If they are in possession of this particular harness, then it seems to be a rational economic decision to return the approximately $100 harness instead of paying counsel to engage in formal motion practice seeking protection from the Court. Defendants, however, have a right to oppose discovery and/or injunctive relief. To the extent an issue remains, it is unclear whether Defendants actually possess this cable. Therefore, the Court denies HPT's requested relief without prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that

1. HPT's motion for relief to modify expert disclosure deadlines (Dkt. 53) is **GRANTED**;

2. HPT's motion to compel and for sanctions and to modify scheduling order (Dkt. 64) is **GRANTED in part** and **RENOTED in part** for consideration on the Court's October 5, 2018 calendar;

3. HPT's motion for temporary restraining order and preliminary injunction (Dkt. 69) is **GRANTED in part** and **DENIED in part** as stated herein;

4. Defendants' emergency motion for temporary restraining order (Dkt. 69) is **DENIED**; and

5. The current scheduling order is **STRICKEN**, and the Clerk shall issue a new, abbreviated schedule based on a trial date of April 30, 2019.

Dated this 18th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge