HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | ) ) ) | **PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | ) ) | NOTE ON MOTION CALENDAR: |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) ) ) ) | October 2, 2018 |
| Defendants. | ) | |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby moves the Court pursuant to Fed. R. Civ. P. 59(e) and Local Rules W.D. Wash. CR 7(h)(1) to reconsider its ruling dated September 12, 2018 (Dkt. 96), which granted Defendants' Motion to Quash Plaintiffs' Subpoena Issued to Third Party Verizon Communications, Inc. (Dkt. 54), OR, in the alternative, Plaintiff moves the Court to reverse its decision dated June 12, 2018 denying Plaintiff's Motion to Quash Defendants' Subpoena Issued to Third Party Google (Dkt. 51). Plaintiff's motion is supported by the Declaration of Andrew P. Bleiman filed herewith.

## INTRODUCTION

Making a motion for reconsideration is never easy, but this is an instance where it is justified and appropriate. Plaintiff requests this Court to reconsider its decision dated

PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

September 12, 2018 in which it granted Defendants' Motion to Quash Plaintiff's Third-Party Subpoena issued upon Verizon Wireless. The Court's ruling is erroneous as a matter of law, is manifestly unjust, and must, additionally, be reconsidered in light of newly discovered evidence. First, the Verizon Subpoena seeks highly relevant information regarding the identities of individuals with whom Defendants shared, and may be continuing to share, Plaintiff's proprietary information and regarding whom Defendants have wrongfully generated applications keys for using Plaintiff's confidential and proprietary intellectual property. As such, the subpoena is permissible as well as necessary to Plaintiff's ability to determine the true nature and scope of Defendants misdeeds and requisite damages and should be permitted. F.R.C.P. 42(b)(1).

Second, the Court's decision to quash the Verizon Subpoena is manifestly unjust because it is directly in conflict with this Court's prior ruling refusing to quash a subpoena issued by Defendants upon Google which requested data related to the *personal* voice number belonging to HP Tuners CEO Keith Prociuk ("Prociuk"). These decisions are at odds and prejudicial to Plaintiff. The subpoenas at issue seek the same class of data, and therefore must be subject to the same analysis. Further, the Verizon Subpoena is, in fact, much more narrowly tailored in that it was issued with respect to Defendants' *business* call records, whereas the Google Subpoena improperly seeks data concerning Plaintiff's *personal* calls. For this Court to permit the Google Subpoena while quashing the Verizon Subpoena is unjust and imposes extreme prejudice upon Plaintiff. It denies Plaintiff relevant information, and forces Plaintiff to incur substantial additional expenses in conducting discovery, while simultaneously granting Defendants carte blanche permission to collect copious amounts of irrelevant, confidential and personal information in a manner that is highly and unnecessarily invasive of Mr. Prociuk's right to privacy.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Finally, the Court's determination to quash the Verizon Subpoena must be reconsidered as a result of newly acquired evidence. Plaintiff has recently learned that (1) Defendants obtained and possessed highly confidential and proprietary information from Plaintiff's former business partner, and (2) Defendants have admitted to using Plaintiff's confidential and proprietary information for their own profit. Thus, it is now even more critical for Plaintiff to have access to Defendants' business phone records in order to determine and verify Defendants' sources, the scope of Defendants' use of Plaintiff's confidential and proprietary information, and the identities of the businesses and individuals for whom Defendants have generated unauthorized application keys.

Accordingly, this Court should reconsider its determination to quash the Verizon Subpoena, which was erroneous as a matter of law, and also imposes a manifest injustice upon Plaintiff. In the event this Court refuses to reverse its decision to quash the Verizon Subpoena, it should reverse its decision allowing the Google Subpoena, and impose upon Defendants the same limitations it imposes upon Plaintiff in limiting the scope of third-party subpoenas.

## **RELEVANT BACKGROUND**

This litigation arises from Plaintiff's claims that Defendants misappropriated HP Tuners' confidential and proprietary intellectual property including its software, systems and source code and key generator. Dkt. 35, ¶¶ 56-81. Defendants have unlawfully sold thousands of discounted credits for use with HP Tuners' hardware and software products, created and sold fraudulent application keys, and publicly disclosed Plaintiff's confidential information. Dkt. 35, ¶¶ 56-81. The parties are conducting discovery.

On May 8, 2018, Plaintiff filed a Motion to Quash Defendants' Subpoena Issued to Third Party Google (Dkt. 36) (the "Motion to Quash the Google Subpoena" or "Plaintiff's Motion") in which Plaintiff sought to quash a subpoena issued by Defendants upon Google (the "Google Subpoena") seeking data related to HP Tuners' CEO Ken Prociuk's *personal* telephone number.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

The subpoena seeks the broadest scope of data Google may legally provide, including dates, times, phone numbers, duration, and email addresses and Google usernames for all incoming and outgoing calls since January 1, 2018. See Certification of Andrew P. Bleiman in Support of Plaintiff's Motion for Reconsideration, dated October 2, 2018 ("Bleiman Cert."), Ex. A.

Notwithstanding that Defendants claim the Google Subpoena is necessary to uncover alleged calls involving an individual named Tim Milliken ("Milliken") and/or individuals associated with a marketing event known as the Modern Street Hemi Shootout ("Hemi Shootout") (Dkt. 40, pp. 2, 7), the Google Subpoena fails to impose any limits or restrictions aimed at narrowing the information sought to encompass calls in which Milliken or Hemi Shootout sponsors and/or affiliates were ostensibly involved, nor does it even narrow the scope to business-related calls. Despite the irrefutably overbroad nature of the Google Subpoena, this Court erroneously denied Plaintiff's Motion to Quash. Dkt. 51. In so doing, the Court has permitted Defendants to go on a proverbial fishing expedition in search of potential defenses and/or irrelevant information to which it is not legally entitled, and improperly subjected Mr. Prociuk to harassment and undue burden.

Subsequently, Plaintiff filed a Notice of Intent to Serve a Subpoena on Verizon Wireless (the "Verizon Subpoena") seeking data related to Defendant Syked Ecu Tuning, Inc.'s *business* phone records. See Bleiman Cert., Ex. B. The data is relevant because it will reveal the identity of businesses or individuals with whom Defendants have shared Plaintiff's proprietary information. Despite the obvious relevance of the data Plaintiff sought and the fact that the Verizon Subpoena was much more narrowly tailored than the Google Subpoena in that it limited the request to data related to Defendants' *business* calls, Defendants filed a Motion to Quash the Verizon Subpoena on July 18, 2018. Dkt 54. In their Motion to Quash, Defendants largely copied the identical arguments Plaintiff had previously made in its prior Motion to Quash the

PLAINTIFF'S MOTION FOR RECONSIDERATION - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Google Subpoena, and shamelessly lifted language, quotations and citations from Plaintiff's prior Motion. *Id.*

Confusingly, this Court erroneously determined that the Verizon Subpoena was improper and granted Defendants' Motion to Quash. Dkt. 96. The ruling was erroneous because the Verizon Subpoena seeks data regarding the identities of individuals with whom Defendants shared Plaintiff's proprietary information. This information is directly relevant to Plaintiff's claims.

Furthermore, the Court's decision to quash the Verizon Subpoena is in direct conflict with this Court's earlier ruling in which it refused to quash the Google Subpoena, and is therefore manifestly unjust to Plaintiff. The rationale the Court provided for quashing the Verizon Subpoena is equally applicable to the Google subpoena. The Verizon Subpoena seeks precisely the same class of data Defendants requested in the Google Subpoena, which this Court permitted. Additionally, the Verizon Subpoena is more narrowly tailored than the Google Subpoena because it seeks data related solely to *business* phone records, while the Google Subpoena was issued in connection with Mr. Prociuk's *personal* phone number. The rulings are inconsistent and prejudicial to Plaintiff. Accordingly, the Court's determination to quash the Verizon Subpoena was erroneous as a matter of law, imposes a manifest injustice upon Plaintiff, and should be reconsidered.

## ARGUMENT

Plaintiff respectfully requests this Court to reconsider its determination to quash the Verizon Subpoena, and permit Plaintiff to obtain the relevant information to which it is legally entitled and which it requires to fairly plead its case.

### I. Legal Standard

"Fed. R. of Civ. P. 59(e) provides a mechanism for a court to alter, amend, or vacate a prior order." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

2010) (internal citations omitted). Reconsideration of a prior ruling pursuant to Rule 59(e) is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *Id*.; *see also 389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)." *Id*. Here, the Court's prior ruling granting Defendants' Motion to Quash is in error, manifestly unfair, and should also be reversed in light of newly acquired evidence. In order to avoid prejudice to the Plaintiff and preserve the integrity and fairness of these proceedings, Plaintiff respectfully urges the Court to reconsider its Order granting Defendants' Motion to Quash.

**II. The Court's Rulings on the Parties' Respective Motions to Quash are Entirely Inconsistent, Prejudicial to Plaintiff, and Manifestly Unfair.**

**a. The Rulings are Inconsistent with Regard to Relevance and Overbreadth.**

In making its determination that the Verizon Subpoena should be quashed, the Court concluded that the Verizon Subpoena was overbroad and sought irrelevant information. In particular, the Court noted the Verizon Subpoena was overbroad because it sought "disclosure of every incoming or outgoing call or text as well as the identity of the third party communicating with Sykes-Bonnett." Dkt. 96, p. 2. While Plaintiff disputes this determination, this determination is in direct conflict with the Court's previous decision refusing to quash the Google Subpoena, and as such constitutes a manifest injustice to Plaintiff.

Like the Verizon Subpoena, the Google Subpoena also sought disclosure of every incoming and outgoing call, as well as the identity of the third parties communicating with Prociuk. See Bleiman Cert., Ex. A. Plaintiff specifically argued in its Reply Brief in Further Support of Motion to Quash that the Google Subpoena must be limited to target business-related calls and/or calls related to Defendants' claims regarding Mr. Prociuk's alleged contacts with the

PLAINTIFF'S MOTION FOR RECONSIDERATION - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

individual named Tim Milliken and sponsors and affiliates of the Hemi Shootout. Dkt. 42, p. 5. However, the Court rejected Plaintiff's arguments and permitted the Google Subpoena. Dkt. 51.

Subsequently, and inexplicably, while the Court rejected Plaintiff's arguments that the Google Subpoena was overbroad, and denied Plaintiff's Motion to Quash the Google Subpoena, it granted Defendants' Motion to Quash the Verizon Subpoena. Dkt. 96. In so doing, the Court reiterated Plaintiff's precise arguments regarding the overbreadth of Google Subpoena, noting that "HP has failed to show that every communication Sykes-Bonnett has made since January 1, 2016 is relevant to the instant matter." *Id.*, p. 2. Therefore, by this Court's own analysis as set forth in its decision to quash the Verizon Subpoena, the Google Subpoena also constitutes an overbroad request seeking irrelevant information. It is wholly inconsistent that the Verizon Subpoena is improperly overbroad while the Google Subpoena, which likewise encompasses every call Mr. Prociuk made on his personal number, relevant, personal, or otherwise, is somehow permissible. Both subpoenas seek precisely the **same class of data**.

In fact, the Verizon Subpoena is much more narrowly tailored than the Google Subpoena because it seeks data related to a *business* number whereas the Google Subpoena seeks data regarding Mr. Prociuk's *personal* calls. A simple web search demonstrates that the phone number affiliated with the Verizon phone number is listed in connection with Defendants' business. See Bleiman Cert., Ex. C. In fact, at deposition, Mr. Sykes-Bonnett testified that Syked ECU Tuning, Inc. uses Mr. Sykes-Bonnett's cell phone number as the business number. See Bleiman Cert., Ex. C. Meanwhile, the phone number related to the Google Subpoena is Mr. Prociuk's personal number. As such, the scope of the Verizon Subpoena is much narrower, targeted towards information directly relevant to Plaintiff's claims, and therefore entirely proper. In contrast, the Google Subpoena, which this Court refused to quash, constitutes an improper invasion of privacy and exposes Mr. Prociuk to an unnecessary and undue burden in connection with Defendants' frantic attempt to find some basis for denying the valid claims against them.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

*Hawaii Regional Council of Carpenters v. Yoshimura*, 2017 U.S. Dist. LEXIS 22733, at *6, No. 16-00198 ACK-KSC (D. Was. Feb. 17, 2017) (A "party has a personal interest in securing the privacy of his cell phone records.").

Notably, the Court specifically alleges that the Verizon Subpoena is overbroad precisely because it encompasses *personal* calls Sykes-Bonnett may have made on his business's phone line. In its decision quashing the Verizon Supoena, the Court states that Sykes-Bonnett's personal calls "have no relevance whatsoever to this matter." Dkt. 96, pp. 2-3. By the same token, then, Mr. Prociuk's personal calls also have no relevance here, and Defendants have not made any assertions to the contrary. It is perplexing how this Court could conclude that the Google Subpoena, which also lacked any criteria for excluding personal calls, and was issued in relation to a number that was, in fact, associated with Mr. Prociuk's *personal* account, was somehow permissible, while simultaneously determining that the Verizon Subpoena was impermissible because it might include some personal calls made on Defendants' business phone line.

The Court's decisions regarding the Verizon and Google Subpoenas are in direct conflict and are manifestly unfair to the Plaintiff. For this Court to quash the Verizon Subpoena as overbroad and seeking irrelevant personal information while allowing Defendants to obtain copious amounts of exclusively personal and irrelevant data through the Google Subpoena is completely inconsistent, defies the facts underlying the parties' respective motions to quash, and should be reconsidered.

**b. The Google Subpoena Issued by Defendants Seeks Confidential Information.**

Likewise, this Court's determination that the Verizon Subpoena is improper as soliciting confidential information is also manifestly unfair in connection with its prior determination that the Google Subpoena was permissible. Both the Verizon and Google Subpoenas request the name, and email address for each incoming or outgoing communication. See Bleiman Cert.,

PLAINTIFF'S MOTION FOR RECONSIDERATION - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Exs. A and B. It is incongruent for this Court to find that this information is violative of Defendants' confidentiality rights, but not Plaintiff's confidentiality rights.

In its Order granting Defendants' Motion to Quash the Verizon Subpoena, the Court notes that Plaintiff and Defendants are engaged in competing businesses, that Defendants "have an interest in maintaining as confidential the identity of their customers and other communications," and that the requested information would violate that confidentiality interest. Dkt. 96, p. 3. To the extent the Court determines that the Verizon Subpoena will improperly and unnecessarily reveal the identities of Defendants' confidential sources in the industry, the Google Subpoena is equally liable to do so with respect to Plaintiff's confidential sources. Both parties are in the same position as competing businesses and are equally vulnerable to the risk of unfair competition. For this Court to find otherwise by quashing the Verizon Subpoena but permitting the Google Subpoena constitutes a manifest injustice that must be righted in reconsideration.

**III. There is New Evidence Demonstrating the Need for a Subpoena on Verizon**

Finally, Plaintiff has acquired newly discovered evidence since initially filing its Motion to Quash the Verizon Subpoena that necessitates reconsideration at this juncture. Specifically, as detailed in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Reply Brief submitted in connection therewith, Plaintiff recently learned that Defendants were provided with Plaintiff's highly confidential and proprietary intellectual property and have used such intellectual property to generate unauthorized application keys for profit. See Bleiman Cert. Defendants have admitted to possessing and using Plaintiff's confidential and proprietary intellectual property. Id. Further, Defendants have admitted that Plaintiff's former business partner is involved in their business and that his wife is one of the shareholders of Syked ECU Tuning, Inc. Id.

While Plaintiff reiterates that Defendants' phone records are exceedingly relevant to the claims as pled in the Amended Complaint, these new revelations – that Defendants have received

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

highly confidential and proprietary information from one of the former owners of Plaintiff and that Defendants have issued unauthorized HP Tuners application keys unlawfully – provide additional bases for determining, properly, that the phone records associated with Defendants' business are not only relevant, but also that Plaintiff's access to those records is crucial to its ability to fairly and properly pursue its claims in this litigation.  Plaintiff must be able to determine with whom Defendants have shared, and may be continuing to share, Plaintiff's proprietary information in order to discern the full scope and resultant damages of Defendants' unlawful actions, and to obtain full and proper redress.  Accordingly, this Court should reconsider and reverse its determination to quash the Verizon Subpoena.

### IV. Alternatively, the Google Subpoena Issued by Defendants Should be Limited by the Same Criteria Imposed Upon the Verizon Subpoena Issued by Plaintiff

In the event this Court remains unwilling to reverse its decision to quash the Verizon Subpoena, the Court should, at the very least, reconsider its decision denying Plaintiff's Motion to Quash (Dkt. 51) and quash the Google Subpoena.  As set forth above, it is erroneous and constitutes a manifest injustice for this Court to allow Defendants unfettered access to the data associated with Mr. Prociuk's personal phone number, especially while simultaneously preventing Plaintiff from acquiring data both relevant and necessary to establishing its valid claims.[1]  The Court's rationale for quashing to Verizon Subpoena – that it was overbroad in its potential inclusion of personal calls and sought confidential information – is equally to the Google Subpoena.

---

[1] To the extent this Court's decision to deny Plaintiff's Motion to Quash the Google Subpoena was based upon Plaintiff's failure to confirm that the phone number was affiliated with Keith Prociuk, Plaintiff hereby confirms such affiliation.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 10

Additionally, the Court's admonition regarding the need to narrow the scope of the Verizon Subpoena applies in equal measure to the Google Subpoena. The Court noted in its decision to quash the Verizon Subpoena that "it seems possible that some of Sykes-Bonnett's call and text history may be relevant to HP's claim." Consequently, the Court directed Plaintiff to serve Defendants directly with discovery, and then issue third-party subpoenas requesting information specific to individuals, email addresses, or phone numbers Plaintiff may uncover in that discovery. Dkt. 96, p. 3.

This is precisely the course of conduct Plaintiff argued was proper for Defendants to pursue with regard to the Google Subpoena. Specifically, whereas Defendants claimed the Google Subpoena was relevant to determining the nature of Plaintiff's alleged contacts with Tim Milliken and sponsors of the Hemi Shootout, Plaintiff argued that the Google Subpoena should be limited to specific information relating to those allegedly relevant people. Dkt. 42, p. 5. However, in direct contrast with the course of conduct it has imposed upon Plaintiff, the Court rejected this argument and permitted the Google Subpoena, without limitation. In doing so, the Court is improperly and unfairly permitting Defendants to conduct a fishing expedition into Mr. Prociuk's personal communications, while forcing Plaintiff to incur delays and monetary costs to meticulously narrowing the scope of its requests for information that is directly relevant to its claims.

The Court is imposing a double standard that is not only violative of Mr. Prociuk's privacy rights and Plaintiff's confidentiality rights, but also strongly prejudicial to Plaintiff. Therefore, if the Court upholds its decision to quash the Verizon Subpoena on the grounds that it is not properly limited in scope and seeks confidential information, the Court must also quash the Google Subpoena on those same grounds in order to maintain the integrity of this litigation and fairness amongst the parties.

PLAINTIFF'S MOTION FOR RECONSIDERATION - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## **CONCLUSION**

In consideration of the foregoing, this Court should GRANT Plaintiff's Motion for Reconsideration and reverse its decision to quash the Verizon Subpoena, OR, in the alternative, reverse its decision denying Plaintiff's Motion to Quash and quash the Google Subpoena.

Dated: October 2, 2018                              Respectfully submitted,

*s/ Andrew P. Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

*Attorneys for HP Tuners, LLC*

PLAINTIFF'S MOTION FOR RECONSIDERATION - 12

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

        MARKS & KLEIN

        *s/ Andrew P. Bleiman*
        Andrew P. Bleiman (admitted *pro hac vice*)
        1363 Shermer Road, Suite 318
        Northbrook, Illinois 60062
        Telephone: (312) 206-5162
        E-mail: andrew@marksklein.com
                Attorney for Plaintiff

PLAINTIFF'S MOTION FOR RECONSIDERATION - 13

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547