UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>KEVIN SYKES-BONNETT, et al.,<br><br>    Defendants. | CASE NO. C17-5760 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HP Tuners") motion for reconsideration. Dkt. 101.

On June 12, 2018, the Court denied HP Tuners's motion to quash Defendants Syked ECU Tuning Incorporated and Kevin Sykes-Bonnett's ("Defendants") subpoena because (1) HP Tuners failed to show that it had standing to challenge the third-party subpoena, (2) HP Tuners' argument that the subpoena placed an undue burden on the third-party was rank speculation, and (3) HP Tuners had failed to show that the requested documents would result in an unnecessary invasion of privacy. Dkt. 51. On September 12, 2018, the Court granted Defendants' motion to quash HP Tuners's third-party subpoena because "Defendants have established that HP's subpoena is overbroad, seeks

ORDER - 1

irrelevant information, and may require disclosure of confidential information." Dkt. 96 at 2. On October 2, 2018, HP Tuners filed the instant motion requesting reconsideration of the Court's grant of Defendants' motion to quash or, in the alternative, reconsideration of the Court's order denying HP Tuners's motion to quash. Dkt. 101.

The local rules of procedure set forth the procedural and substantive requirements governing motions for reconsideration. Procedurally, the "motion shall be filed within fourteen days after the order to which it relates is filed. Local Rules W.D. Wash. LCR 7(h)(2). "Failure to comply with this subsection may be grounds for denial of the motion." *Id.* Substantively, motions for reconsideration "are disfavored" and "will ordinarily" be denied absent a manifest error of law or new facts that necessitate reconsideration. *Id.* 7(h)(1).

In this case, HP Tuners's motion fails for numerous reasons. First, HP tuners failed to file the motion within fourteen days after either order to which it relates was filed. Failure to timely file the motion is sufficient grounds alone to deny the motion.

Second, the motion is filled with material misrepresentations and evidences a failure to accept the Court's invitation to draft and serve a more narrowly tailored subpoena. Regarding the Court's earlier order, HP Tuners fails to accept that the Court denied its motion to quash in part because HP Tuners failed to establish standing to contest the third-party subpoena. *See* Dkt. 51. Nothing in HP Tuners's instant motion alters that conclusion. Thus, there is no reason to reconsider the Court's earlier ruling. Likewise, HP Tuners now asserts that its subpoena to Google relates only to business records, Dkt. 101 at 4, but fails to show how that alleged "business" limitation is

conveyed by the specific language of the subpoena that requests **all** information related to Kevin Sykes-Bonnett's personal phone number, Dkt. 55-1 at 5.  Thus, HP Tuners has failed to establish a manifest error of law in either order.

Finally, with regard to HP Tuners's new evidence demonstrating the need for a subpoena, discovery is still open.  *See* Dkt. 99 (discovery deadline of 12/31/2018).  HP Tuners should draft a new subpoena that is appropriately tailored to seek the information relevant to the issue in dispute.  In other words, it is unnecessary to file this motion for reconsideration to save an overbroad subpoena.  Therefore, the Court **DENIES** HP Tuners's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge