THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>         Plaintiff,<br><br>    vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>         Defendants. | No. 3:17-cv-05760 BHS<br><br>**MOTION TO QUASH THE DEPOSITION SUBPOENA OF BOBBIE CANNATA**<br><br>**NOTE FOR MOTION:  October 19, 2018** |

Ken Cannata, by his attorneys and pursuant to Fed. R. Civ. P. Rule 45(d), hereby submits this Motion to Quash the Subpoena for Bobbie Cannata to testify at a deposition in this action.

## I.   SUMMARY OF THE ARGUMENT

Plaintiff HP Tuners, LLC ("Plaintiff") is serving a deposition subpoena on Bobbie Cannata, the wife of Ken Cannata and a passive investor in Syked ECU Tuning. The only purpose of Plaintiff's subpoena is to harass Bobbie Cannata and her family. Bobbie Cannata is merely a shareholder of Syked Tuning and has no relevant knowledge surrounding any of the issues or allegations in this case, which makes her testimony unnecessary and irrelevant. Further, any information she may have would have come from her husband, Ken Cannata, which is

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 1
No. 3:17-cv-05760 BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

131191.0001/7442634.1

protected by spousal privilege. Plaintiff is aware of these facts but continues to seek to depose Bobbie Cannata, which shows that Plaintiff is merely attempting to harass the family members of its former business partner.

## II. BACKGROUND

Ken Cannata, an automotive enthusiast, is a founder and former partner of Plaintiff. Before Plaintiff filed this lawsuit, Ken Cannata left Plaintiff to pursue other endeavors. Ken Cannata's wife Bobbie Cannata, however, is not a participant in the performance automotive market and has no responsibility with Syked ECU Tuning beyond that of an investor. Bobbie Cannata does not participate in the development of Syked ECU Tuning's hardware or software products, and has not been designated a 30(b)(6) witness.

Plaintiff filed a notice of intent to serve a subpoena on Bobbie Cannata to have her provide deposition testimony in this case. Nowhere in Plaintiff's subpoena did it describe what relevant information Plaintiff seeks from Bobbie Cannata or that Bobbie Cannata has any relevant information pertaining to the issues in this case. Indeed, she has none. In response to Plaintiff's subpoena, Ken Cannata brings this Motion to Quash in an effort to preclude Plaintiff from harassing Bobbie Cannata. Because Plaintiff cannot demonstrate that Bobbie Cannata has any unprivileged information that is relevant to the causes of action in this litigation, Plaintiff's subpoena should be quashed.

## III. DISCUSSION AND ANALYSIS

**A. Legal Standard**

Under Fed. R. Civ. P. 45, "a court must modify or quash a subpoena that: (1) does not allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or protected matters; or (4)

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 2
No. 3:17-cv-05760 BHS

131191.0001/7442634.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

subjects a person to undue burden." *Ademiluyi v. Phillips*, 2014 WL 7012493, at *2 (D. Nev. Dec. 12, 2014).  "Courts also consider other factors in deciding motions to quash or modify a subpoena, including the breadth or specificity of the discovery request, and the relevance of the requested information." *Id.*  If a subpoena requires the disclosure of information that falls outside the scope of permissible discovery under Rule 26, a court must quash or modify the subpoena. *See Bastida v. National Holdings Corp.*, 2016 WL 6472648, at *1 (W.D. Wash. Oct. 31, 2016). The party served with the subpoena or any party claiming privilege to the requested information may challenge the subpoena.  *See Neal v. Stewart Title Guaranty Co.*, 2009 WL 10676464, at *2 (W.D. Wash. Apr. 8, 2009).

**B. Plaintiff's Subpoena Seeks Irrelevant Information**

Plaintiff's subpoena on Bobbie Cannata seeks information that is not relevant to any party's claim or defense in this case.  Bobbie Cannata has no relevant information pertaining to this case and her only connection to this case is as a shareholder in Syked ECU Tuning.

Bobbie Cannata does not have a background in the performance automotive market and does not currently participate in the performance automotive market. Bobbie Cannata is not involved in the development or sale of any Syked ECU Tuning product, and has never been involved in the development of Syked ECU Tuning's source code or software program.  Bobbie Cannata has also not engaged in any substantive communication with Defendants about the development of its products.  Because Bobbie Cannata does not have any relevant information, she should not be required to bear the undue burden of preparing for and appearing for a deposition, which will not further discovery or resolution of any issues in this case. *See Sanchez v. Sterling Infosystems, Inc.*, 2013 WL 3772484, at *4-5 (E.D. Cal. July 16, 2013) (quashing a deposition subpoena because it would not lead to the discovery of relevant information).

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 3
No. 3:17-cv-05760 BHS

131191.0001/7442634.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

Further, Plaintiff's discovery requests pertaining to Bobbie Cannata, as well as Defendants' responses to those requests, demonstrate that Bobbie Cannata does not have any relevant knowledge.  Plaintiff's pending discovery requests pertaining to Bobbie Cannata are limited to her participation in Syked ECU Tuning as a shareholder and her capital contribution.[1]  To the extent that Plaintiff's subpoena for Mrs. Cannata's deposition only seeks to illicit testimony about Bobbie Cannata's investment in Syked ECU Tuning, her investment in Syked ECU Tuning is not relevant to any of the issues in this case.  To the extent that there could be any relevance to her invested funds, Plaintiff can seek that information through other discovery methods that do not impose an undue burden on Bobbie Cannata.  *See Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4 (N.D. Cal. Mar. 10, 2017) (quashing a subpoena because any relevant information could be more easily obtained through other means); *see also Hurry v. Financial Industry Regulatory Authority, Inc.*, 2017 WL 3701955, at *2 (N.D. Cal. Apr. 7, 2017) (stating that a subpoena should be quashed when information that is not privileged is of limited relevance to the lawsuit).

**C. Any Information is Protected by Spousal Privilege**

Even if Bobbie Cannata had any information pertaining to the merits of this case, that information would necessarily have been learned from conversations that she had with her husband Ken Cannata and is therefore protected by spousal privilege.  "The basis of the immunity given to communications between husband and wife is the protection of marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails.  *See Wolfle v. U.S.*, 291

---

[1] Plaintiff also issued requests for admission concerning whether Bobbie Cannata sent Defendants any of Plaintiff's confidential information.  Defendants denied all of those requests for admission.

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 4
No. 3:17-cv-05760 BHS

131191.0001/7442634.1

U.S. 7, 14, 54 S. Ct. 279 (1934).  In the Ninth Circuit, the privilege "(1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications, i.e., those not made in the presence of, or likely to be overheard by, third parties." *See Flatworld Interactives v. Apple Inc.*, 2013 WL 11319071, at *1 (N.D. Cal. Dec. 24, 2013).[2]

As stated above, Bobbie Cannata does not have any substantive information about the performance automotive market or any of the causes of action at issue in this litigation.  To the extent that Bobbie Cannata does have any information relating to substantive issues in this case, that information was learned through private communications with her husband after they were married, which are privileged.  *Id.*  Because Plaintiff cannot demonstrate that relevant information Bobbie Cannata might have, if any, was not learned through privileged communications, Plaintiff's subpoena should be quashed.

**D. The Only Purpose of Plaintiff's Subpoena is Harassment**

Given the formerly close relationship between Plaintiff and Ken Cannata, Plaintiff should know that Bobbie Cannata does not have any knowledge about the issues in this case, and that any information Bobbie Cannata may have was learned through her husband.  Because Plaintiff is, or should be aware, that Bobbie Cannata lacks any relevant information not protected by privilege, the only real purpose of Plaintiff's subpoena is harassment of the family members of Plaintiff's former business partner.  Given the true purpose of Plaintiff's subpoena, it should be quashed by this Court.  *See* Fed. R. Civ. P. 45(c)(3)(A)(l) (stating that the court should quash or modify a subpoena if it subjects the witness to an undue burden).

---

[2] There is no dispute that Ken and Bobbie Cannata are not engaged in a valid marriage.  Therefore, that factor will not be discussed.

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 5
No. 3:17-cv-05760 BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

131191.0001/7442634.1

### IV. CONCLUSION

For the reasons stated above Plaintiff's subpoena on Bobbie Cannata would force a futile deposition to move forward, one which has absolutely zero potential to reveal any relevant information, and was only served by Plaintiff for the purpose of harassing Ken Cannata and the owners of Syked ECU Tuning. For at least those reasons, this Motion to Quash Plaintiff's subpoena should be granted and Ken Cannata should be awarded his attorneys' fees incurred for making this motion to quash Plaintiff's subpoena.

DATED: October 4, 2018

LANE POWELL PC

By *s/Gregory F. Wesner*
Gregory F. Wesner, WSBA No. 30241
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107
wesnerg@lanepowell.com

Attorneys for Ken Cannata

MOTION TO QUASH SUBPOENA OF BOBBIE CANNATA - 6
No. 3:17-cv-05760 BHS

131191.0001/7442634.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system.  In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

| Attorneys for Plaintiff HP TUNERS, LLC | | |
|---|---|---|
| Stephen G. Leatham, WSBA No. 15572<br>Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA  98663<br>Phone:  (360) 750-7547<br>Facsimile:  (360) 750-7548<br>Email:  sgl@hpl-law.com | ☑<br>☐<br>☐<br>☐<br>☐<br>☐ | by **CM/ECF**<br>by **Electronic Mail**<br>by **Facsimile Transmission**<br>by **First Class Mail**<br>by **Hand Delivery**<br>by **Overnight Delivery** |
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Andrew P. Bleiman (*pro hac vice* admitted)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, IL  60062<br>Phone:  (312) 206-5162<br>Email:  andrew@marksklein.com | ☑<br>☐<br>☐<br>☐<br>☐<br>☐ | by **CM/ECF**<br>by **Electronic Mail**<br>by **Facsimile Transmission**<br>by **First Class Mail**<br>by **Hand Delivery**<br>by **Overnight Delivery** |

Executed on October 4, 2018, at Seattle, Washington.

*s/Kathi Milner*
Kathi Milner, Legal Assistant

131191.0001/7442634.1