1

2

HONORABLE BENJAMIN H. SETTLE

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

HP TUNERS, LLC, a Nevada limited liability)
company,

9

CASE NO.  3:17-cv-05760-BHS

10

Plaintiff,

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS**

11

vs.

12

KEVIN SYKES-BONNETT and SYKED)
ECU TUNING INCORPORATED, a)
Washington corporation, and JOHN)
MARTINSON,

**NOTING DATE: OCTOBER 5, 2018**

13

**ORAL ARGUMENT REQUESTED**

14

15

Defendants.

16

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its reply

17

brief in further support of its Motion to Compel and for Sanctions against Defendants KEVIN

18

SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON

19

(collectively, "Defendants"), states as follows:

20

**INTRODUCTION**

21

22

Contrary to Defendants' contentions, notwithstanding Defendants' wrongful (and

23

unlawful) possession of HPT's confidential and proprietary information since before this action

24

was commenced and specific, detailed requests for production and interrogatories calling for

25

documents and information on these specific issues, Defendants have failed to produce

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

responsive documents or information, have improperly avoided and evaded discovery, and have intentionally misrepresented their answers and responses to discovery in violation of the discovery rules and their discovery obligations.  Defendants' discovery misconduct should be sanctioned, Defendants should be required to produce ALL requested documents.

<u>**ARGUMENT**</u>

Defendants' arguments concerning alleged non-compliance with Local Rule 37 and FRCP 37 are disingenuous and unfounded.  Notably, Mr. Whitaker's name and signature block are conspicuously absent from Defendants' response brief.  However, the undersigned counsel and Mr. Whitaker had numerous 'meet and confer' discussions and communications regarding the discovery issues, inadequacies and insufficiencies of Defendants' answers and responses.  In Plaintiff's opening brief, Plaintiff's efforts to obtain discovery compliance through 'meet and confer' discussions and communications were detailed and the undersigned counsel signed the pleading as an officer of the court representing such attempts that were made to obtain discovery compliance.  Nevertheless, we submit the Declaration of Andrew P. Bleiman, Esq. herewith in connection with this motion.  Consequently, Defendants' contentions regarding the failure to comply with Local Rule 37 and FRCP 37 are disingenuous and not well founded.

Similarly, Defendants' assertions concerning the sufficiency of their document production are without merit.  Defendants' document production is incomplete and insufficient in several material respects.  In addition, Defendants have failed to certify that their production is complete in accordance with the requests.  In fact, at the recent deposition of Mr. Martinson, Mr. Martinson testified that he does not know if he has turned over all of his emails in connection with discovery.  (*See* pages 8-10 of the deposition transcript of John Martinson attached hereto as Exhibit A).  Similarly, among other documents, Mr. Sykes-Bonnett testified that he has not

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

produced text messages between himself and Ken Cannata or various forum posts he has made. (*See* pages 63 of the deposition transcript of Kevin Sykes-Bonnett attached hereto as Exhibit B). Further, a review of the production itself shows large gaps in the document production and the non-production of various documents and information which have been requested.

An overview of the most pertinent outstanding requests and related document production reveals the following insufficiencies:

**A.  REQUESTS FOR PRODUCTION OF DOCUMENTS**

**FIRST DOCUMENT REQUESTS**

1)      A copy of Defendants' latest public Dodge/Ford/GM software, including a tuning file sample that opens for 2012+ Dodge, Ford and GM

**-The version of software which was requested as of January 2018 has not been produced.**

2)      A copy of the beta software version from April 7th (screenshots shown on Facebook) with GM tune file used.

**-This version of software has not been produced.  This is highly relevant to the issues asserted regarding duplication of the parameters names and certain elements of the source code.**

3) A changelog (commit notes) of check-ins to Sykes-Bonnett's source control repository for 2016 and 2017.

**-Despite Defendants' responses on *January 29, 2018* advising that such documents will be produced in redacted format, Defendants have still not produced the redacted version of the changelog in since providing their responses nine months ago.  In addition, Plaintiff disputes that a redacted**

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**version of the changelog is sufficient given the issues in the case and that Defendants should be required to also produce an unredacted version of the changelog with a designation of the same as Attorneys' Eyes Only in accordance with the Protective Order entered in this case.   These documents are highly relevant to the issues asserted regarding to Defendants' misuse and integration of HPT's confidential and proprietary information relating to the implementation of various algorithms to enhance the vehicle support capabilities of the Syked ECU Tuning, Inc. software.**

6)      All Documents and Communications from January 1, 2013 to the present with:. . .

(f)  Any person identified by Defendants in Defendants Initial Rule 26 Disclosures.

**-Defendants have failed and refused to produce documents and communications with all of the individuals that Defendants have identified in their Initial Rule 26 Disclosures (e.g. Ken Cannata, George Scott, Dave Kasper, Clint Garrity, Jason Sachs, Corne de Leeuw, Ami Faulk, Jessie Bubb, Mark Elmssri, Chris Johnson, Ryan Krummick).  Aside from limited production of communications with Ken Cannata (which includes substantial gaps of time in the production), no documents or communications relating to the other identified individuals have been produced.   Complete production of all communications with these individuals should be provided and Defendants should be required to certify that the production is complete in accordance with the requests.**

7)      All Documents and Communications which evidence, refer or relate to Defendants' sale of discounted HPT credits to any third party from January 1, 2013 to the present.

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**-Mr. Sykes-Bonnett has admitted to selling discounted HPT credits to third parties; however, no responsive documents have been produced to date.**

8) All Documents and Communications which evidence, refer or relate to Defendants' sale of HPT credits to any third party from January 1, 2013 to the present.

**-Mr. Sykes-Bonnett has admitted to selling discounted HPT credits to third parties; however, no responsive documents have been produced to date.**

11) All Documents and Communications which evidence, refer or relate to HPT's VCM Suite Software from January 1, 2013 to the present.

**-Despite Defendants' admission that Mr. Sykes-Bonnett was provided with a Flash Drive containing HPT's confidential and proprietary information, responsive documents have not been produced.**

12) All Documents and Communications which evidence, refer or relate to Defendants' sale of its software from January 1, 2013 to the present, including any documents evidencing gross sales revenues during said time period.

- **No responsive documents have been produced to date.**

**SECOND SET OF DOCUMENT REQUESTS**

12) All Documents and Communications which evidence, refer or relate to decompiling, deconstructing, or otherwise reverse engineering any software owned by or pertaining to Defendants.

**-At deposition, Mr. Sykes-Bonnett admitted to taking the parameters names directly from HPT's software; however, no responsive documents have been produced to date nor have the source documents that Mr. Sykes-Bonnett took**

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2
3
4

**the names from been produced.  Moreover, despite Defendants' admission that Mr. Sykes-Bonnett was provided with a Flash Drive containing HPT's confidential and proprietary information, responsive documents have not been produced.**

5
6
7
8

13)   All Documents and Communications which evidence, refer or relate to decompiling, deconstructing, or otherwise reverse engineering any software owned by or pertaining to HP Tuners, LLC.

9
10
11
12
13
14
15

**-At deposition, Mr. Sykes-Bonnett admitted to taking the parameters names directly from HPT's software; however, no responsive documents have been produced to date nor have the source documents that Mr. Sykes-Bonnett took the names from been produced.  Moreover, Despite Defendants' admission that Mr. Sykes-Bonnett was provided with a Flash Drive containing HPT's confidential and proprietary information, responsive documents have not been produced.**

16

**THIRD SET OF DOCUMENT REQUESTS**

17
18
19
20

1)   All Documents, manufacturer's materials or other documentation used by, referenced or otherwise relied upon by Defendants which show the same naming conventions and abbreviations as those used in the parameters list referenced in Paragraph 41 and Exhibit N of the Complaint.

21
22
23
24

**-At deposition, Mr. Sykes-Bonnett admitted to taking the parameters names directly from HPT's software; however, neither these source HPT documents nor the requested documents showing the same naming conventions in**

25

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**manufacturer's materials or other documentation used by, referenced or otherwise relied upon by Defendants have not been produced.**

**FOURTH SET OF DOCUMENT REQUESTS**

4)   All Documents and Communications which evidence, refer or relate to generation, creation or distribution of application keys relating to HPT's interfaces.

5)   All Documents and Communications which evidence, refer or relate to the generation, creation, use and/or obtaining fraudulent application keys for HPT interfaces that were not generated by HPT.

6)   All Documents and Communications which evidence, refer or relate to HPT credits, the sale of HPT credits and the issuance of HPT credits.

   **-With regard to requests 4, 5 and 6, Mr. Sykes-Bonnett admitted to selling discounted HPT credits to third parties; however, no responsive documents have been produced to date**

**B.   INTERROGATORIES**

Similarly, Defendants have failed and refused to provide complete answers to the following interrogatories:

**FIRST SET OF INTERROGATORIES**

4)   Identify all representatives of the Modern Street Hemi Shootout that Defendants communicated and/or spoke with in January and February, 2018.  For each representative of the Modern Street Hemi Shootout that Defendants communicated and/or spoke with in January and February, 2018, please state the following information for each individual: (i) their phone number(s); and (ii) their email address(es).

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

5)     Identify the "various other sponsors of the Modern Street Hemi Shootout" who were allegedly contacted as alleged in Paragraph 35 of Defendant's Counterclaim.

7)     State all telephone numbers used by Martinson from January 1, 2016 to the present.

**-Defendants have failed to provide the complete contact information of the identified individuals in response to 4 and 5. Likewise, Defendants have objected to Number 7 and failed to provide the phone number for Mr. Martinson despite the fact that Mr. Martinson is an owner and has been in communication with Ken Cannata and Bobbie Cannata in connection with Defendants' misconduct herein.**

## SECOND SET OF INTERROGATORIES

4)     Provide the name, address, email address and all contact information for all Persons who have written source code for Defendants from January 1, 2014 to the present.

5)     Provide the name, address, email address and all contact information for all Persons and engineers employed by or with whom Defendants have contracted to write source code from January 1, 2014 to the present.

**-Defendants have failed and refused to identify the persons involved in the creation of their alleged source code and provide the name, address, email address and contract information of all such individuals. This information is relevant and material and relevant to the issues herein, particularly where HPT's claim is that Defendants' source code is based on, derived from and/or incorporates HPT's source code.**

Defendants should be compelled to provide complete responses to these aforementioned interrogatories.

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

As demonstrated herein, Defendants' document production and answers to interrogatories are incomplete and insufficient in several material respects.  Moreover, Defendants have failed to certify that their document production is complete in accordance with the requests.   For these reasons, Defendants should be compelled to produce the documents requested, to fully answer the aforementioned interrogatories and to certify that the production is complete in accordance with the requests.

## C.    PRODUCTION OF THE SYKED ELIMINATOR CABLE TO PLAINTIFF SHOULD BE COMPELLED.

In addition, since the filing of this motion, Defendants have failed and refused to produce the Syked Eliminator Cable to Plaintiff.[1]  The Syked Eliminator Cable is a product that is publicly available for purchase from Defendants.  Here, despite their agreement to produce a Syked Eliminator Cable to Plaintiff, Defendants have refused to produce to do so.  Production of the Syked Eliminator Cable should be ordered as this issue has already been addressed in connection with Plaintiff's Renewed Emergency Motion for Temporary Restraining Order.

With regard to the production of the cable, Plaintiff sought production of the Syked Eliminator Cable as part of the relief sought in Plaintiff's Renewed Emergency Motion for Temporary Restraining Order.  At hearing, the Court declined to order the production of the cable but rather stated that it was a matter for discovery and Plaintiff made the request for the cable at the hearing.  The exchange at hearing on this issue which can be seen at pages 33-34 of the transcript was the following:

---

[1]     For purposes of efficiency and judicial economy, we have incorporated this issue into this reply brief herein.  If the Court desires a separate motion on this issue, Plaintiff will prepare and file a separate motion on this issue but Plaintiff believes this issue was addressed and adjudicated in connection with the Plaintiff's Renewed Emergency Motion for Temporary Restraining Order.

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    MR. BLEIMAN: As far as the sale of the competitive products or the turn-

2    over of a cable so we can have it examined, try to work together on that?  Are you

3    ruling on that?

4        THE COURT: Are we talking about the cloned cable?

5    MR. BLEIMAN: No. We are talking about the Syked eliminator cable.

6        THE COURT: The eliminator cable?

7    MR. BLEIMAN: Right.

8        THE COURT: You want one of theirs for what purpose?

9    MR. BLEIMAN: To forensically examine it so that we can demonstrate

10   that it is a duplicate of our cable.

11

12       THE COURT:  That seems like a discovery issue.  Is there any problem

13   with that?

14   MR. WHITAKER: No, your Honor, with the understanding that normal

15   discovery rules apply.

16   (A copy of pages 33-34 of the hearing transcript dated August 29, 2018 is attached hereto as

17   Exhibit C.)

18   Subsequent to the hearing, at deposition, Mr. Sykes-Bonnett specifically testified that he

19   would provide a cable to HPT.  Here is the exchange from the deposition:

20       [MR. BLEIMAN] Q. So what's your objection to provided a cable to HP

21   Tuners for review and analysis?

22       MR. KENDRICK: Objection.  Calls for speculation.

23

24       [MR. SYKES-BONNETT] THE WITNESS: I'll give you guys a cable.

25

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   (A copy of pages 109-110 of the deposition transcript of Kevin Sykes-Bonnett is attached hereto

2   as part of Exhibit B.)

3          Consequently, at both the hearing on the motion and at deposition, Defendants agreed to

4   produce the Syked Eliminator Cable to Plaintiff.  Notwithstanding, since the deposition, the

5   cable has not been provided.  Consequently, on October 4, 2018, counsel for HPT emailed

6   counsel for Defendants regarding the production of the cable.  Now, in response, counsel for

7   Defendants objected to the production of the cable for the first time.  (A copy of the email chain

8   regarding this issue between counsel for Plaintiff and counsel for Defendants is attached hereto

9   as Exhibit D).

10         In particular, Mr. Whitaker, on behalf of Defendants, asserted that Defendants were not

11  obligated to produce the cable because a subsequent 'formal' discovery request had not been

12  made by Plaintiff following the hearing.  Defendants further objected that the cable is irrelevant

13  because it was allegedly not referenced in the Complaint.  However, Defendants' arguments are

14  not well founded.

15         First, Defendants argument that production is not required because a 'formal' discovery

16  request was not made subsequently to the hearing is wholly disingenuous and without merit.  In

17  connection with Defendants' Emergency Motion for Temporary Restraining Order, the Court

18  denied injunctive relief and articulated that the information and relief sought by Defendants were

19  matters for discovery.  Like the issue of the cable, Defendants have not followed up with formal

20  discovery requests for the information discussed at the hearing which was sought in connection

21  with Defendants' Emergency Motion for Temporary Restraining Order.  However, Defendants

22  have not taken the position that Plaintiff is not required to provide the information which was

23  discussed at the hearing based on the failure to follow up with formal discovery requests after the

24

25

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

hearing.  There is simply no merit in Defendants' claim that Defendants are not obligated to produce the cable because Plaintiff did not subsequently send a 'formal' discovery request after the hearing wherein they represented to the Court that such a cable would be provided.

In addition, the alleged relevancy objection is baseless.  Plaintiff's Amended Complaint and claims herein relate to Defendants' misappropriation of HPT's confidential and proprietary information.  Likewise, Defendants are advertising the cable for sale on FaceBook.   (See page 108 of the deposition transcript of Kevin Sykes-Bonnett attached hereto as part of Exhibit B).  Consequently, the cable is publicly available for purchase and Plaintiff's receipt of the cable should not be conditioned on it being subject to an Attorneys' Eyes Only designation.  Plaintiff should be entitled to examine the cable and conduct discovery to determine whether its confidential and proprietary intellectual property has been incorporated into the Syked Eliminator Cable in accordance with the Stipulated Protective Order in this case.  Defendants' failure and refusal to produce the Syked Eliminator Cable to Plaintiff is not well founded, the issue has already been addressed and a genuine and authentic Syked Eliminator Cable which has not been manipulated or modified in any way should be produced immediately.

## SANCTIONS SHOULD BE IMPOSED AGAINST
## DEFENDANTS BASED ON THEIR DISCOVERY ABUSES.

Federal Rule of Civil Procedure 37(a)(5) provides that a moving party's reasonable expenses should be paid by the party resisting discovery if a motion to compel is granted or if supplementation only occurs after the motion is brought.  Here, Defendants have abused and obfuscated the discovery process.  Defendants' failure to produce material and relevant information despite their possession of HPT's confidential and proprietary information since

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

prior to the commencement of this litigation is improper and sanctionable.  Plaintiff submits that its reasonable expenses in bringing the motion should therefore be awarded.

WHEREFORE, HP TUNERS, LLC, respectfully prays the Motion to Compel and For Sanctions be granted, that Defendants are compelled to produce all responsive documents, that Defendants are ordered to certify that the production is complete in accordance with the requests, that the Defendants are ordered to immediately produce to Plaintiff a genuine and authentic Syked Eliminator Cable which has not been manipulated or modified in any way, and for such other and further relief as this Court deems necessary and appropriate.

Dated this 5th day of October, 2018

Respectfully submitted,

*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
COMPEL AND FOR SANCTIONS - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on October 5, 2018, I caused the foregoing to be electronically with

3

the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

4

Counsel of Record.

5

6

MARKS & KLEIN

7

<u>*s/ Andrew P. Bleiman*</u>
Andrew P. Bleiman (admitted *pro hac vice*)

8

1363 Shermer Road, Suite 318
Northbrook, Illinois 60062

9

Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

10

Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547