UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

          Plaintiff,

  v.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington Corporation, and JOHN MARTINSON,

          Defendants.

CASE NO. C17-5760 BHS

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENSES

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HP") motion to strike affirmative defenses. Dkt. 60. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

HP and Defendants Kevin Sykes-Bonnett, Syked Ecu Tuning Incorporated, and John Martinson are in a dispute over trade secrets and intellectual property. HP filed its first complaint against Defendants in this Court on September 20, 2017. Dkt. 1. On

ORDER - 1

October 19, 2017, Defendants filed an answer asserting eleven affirmative defenses. Dkt. 21. On May 8, 2018, HP filed its first amended complaint. Dkt. 35. On July 20, 2018, Defendants filed an amended answer again asserting eleven affirmative defenses as follows: (1) failure to state a claim; (2) nominative fair use; (3) laches; (4) acquiescence; (5) unclean hands, (6) estoppel; (7) waiver; (8) third-party conduct; (9) contribution, setoff, indemnification, apportionment, or other relief; (10) failure to mitigate damages; and (11) failure to join an indispensable party. Dkt. 56.

On August 3, 2018, HP moved to strike the affirmative defenses, arguing that some of them are misclassified and not true affirmative defenses, and that all are unsupported by facts sufficient to meet either a fair notice or heightened pleading standard and therefore should be stricken pursuant to Rule 12(f). Dkt. 60. On August 20, 2018, Defendants responded. Dkt. 65. On August 24, 2018, HP replied. Dkt. 81.

## II.  DISCUSSION

**A.  Motion to Strike**

HP moves to strike all eleven affirmative defenses levied by Defendants. While the Court agrees that some of the affirmative defenses are misclassified, the Court declines HP's invitation to strike them, concluding instead that the defenses are properly pled under a notice pleading standard and may have bearing on the litigation at hand.

**1.  Standard & Merits of Pleading**

The Federal Rules of Civil Procedure allow a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The moving party bears the burden of showing that a

challenged defense is insufficient. *See LaFleur v. Sunbeam Prods., Inc.*, No. C09–425 MJP, 2010 WL 1734845, at *3 (W.D. Wash. Apr. 28, 2010).

As an initial matter, HP argues that the heightened pleading standard enumerated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses. *See* Dkts. 60, § A; 81, § A. HP is correct that the Ninth Circuit has not yet decided whether the *Iqbal*/*Twombly* pleading standard applies to affirmative defenses, creating a split among the district courts. *See, e.g.*, *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d. 925, 928 (N.D. Cal. 2012); *Barnes v. AT & T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) (collecting cases). However, a number of courts in this district have already declined to extend heightened pleading standards to affirmative defenses. *See Palmason v. Weyerhaeuser Co.*, No. C11–695RSL, 2013 WL 392705, at *1 (W.D. Wash. Jan. 31, 2013); *U.S. v. Center for Diagnostic Imaging, Inc.*, No. C05–0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011) (listing cases); *In re Wash. Mut., Inc., Secs., Derivative & ERISA Litigation*, No. 08–md–1919MJP, 2011 WL 1158387, at *1 (W.D. Wash. March 25, 2011); *Kerzman v. NCH Corp.*, No. C05–1820JLR, 2007 WL 765202, at *7 (W.D. Wash. March 9, 2007); *but see Straightshot Commc'ns. Inc. v. Telekenex, Inc.*, No. C10–268TJZ, 2010 WL 4793528, at *2 (W.D. Wash. Nov. 19, 2010) (applying *Twombly*).

In this case, the Court in rejects the application of heightened pleading standards to affirmative defenses. First, a "[d]etailed pleading is not necessary to give fair notice to the Plaintiff of the affirmative defense under Rule 8(c), given that the core factual circumstances are already well known to the parties." *Wyshak v. City Nat'l Bank*, 607

F.2d 724, 827 (9th Cir. 1979). Second, the concern that plaintiffs will not receive notice of affirmative defenses is diminished by a plaintiff's ability to obtain more information about the defense during the discovery process. Indeed, here HP could have served interrogatories on Defendants beginning in October 2017, requiring Defendants to precisely define each fact underlying their asserted affirmative defenses. Last, an affirmative defense need not include great factual support "given that an inappropriate or mischaracterized defense will generally not subject the plaintiff to vexatious litigation" in the same manner that a poorly pled claim might. *In re Wash. Mut.*, 2011 WL 1158387, at *1.

Thus, the Court declines to apply a heightened pleading standard to affirmative defenses generally, and turns its focus to whether the amended answer provided HP notice of the defenses against its claims. The key to determining the sufficiency of pleading for an affirmative defense is whether it gives plaintiff fair notice of the defense. *Wyshak*, 607 F.2d at 826. HP characterizes the eleven listed defenses as "boilerplate." Dkt. 60, 2:4–6. While the Court notes that a mere list of affirmative defenses may not be sufficient to provide notice to all plaintiffs in every case, and that each pleading is subject to individual review, the Court is unable to conclude that, given a standard enumeration of common defenses against facts familiar to HP, HP does not have fair notice of the general nature of the defenses. *See, e.g.*, *Bushbeck v. Chicago Title Ins. Co.*, No. C08–0755JLR, 2010 WL 11442904, at *4 (W.D. Wash. Aug. 26, 2010) (finding under a notice pleading standard, defendant need only state "estoppel" without further factual support to

survive motion to strike). The Court therefore denies HP's request to strike the eleven defenses for lack of factual basis under the more forgiving standard of notice pleading.

**2.     Misclassified Affirmative Defenses**

HP also seeks dismissal of Defendants' first, fifth, ninth, and tenth affirmative defenses because they are not properly classified as affirmative defenses. The Court partially agrees with HP.

Federal Rule of Civil Procedure 8 governs pleadings, whether by complaint or by answer. Rule 8(c) specifically addresses affirmative defenses and requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." *Id.* Affirmative defenses offer legal reasons why, accepting the claims as true, the defendant is not liable. *In re Wash. Mut.*, 2011 WL 1158387, at *1. A defense which seeks to negate an element of a plaintiff's claim or to "demonstrate that plaintiff has not met its burden of proof" is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Turning to analysis, HP first challenges affirmative defense one, failure to state a claim. The Court concludes that this defense asserts a defect in plaintiff's prima facie case, is a Rule 12(b) attack on the adequacy of the pleadings or legal theory presented, and therefore is not an affirmative defense. *See, e.g.*, *Cody Inc. v. Falsetti*, No. C17–1833MJP, 2018 WL 1211749, at *4 (W.D. Wash. Mar. 8, 2018) (same); *Barnes*, 718 F. Supp. 2d at 1174 (same) (internal citations omitted). Next, affirmative defense five, the doctrine of unclean hands, is an affirmative defense. This is because the doctrine equitably bars recovery for a plaintiff who, while otherwise meritorious, has engaged in

1  bad faith or other inequitable conduct in relation to the claim. *See Trade Assocs, Inc. v.*
2  *Fusion Techs. Inc.*, No. C09–5804 RJB, 2011 WL 1485491, at *2 (W.D. Wash. Apr. 18,
3  2011). Third, affirmative defense nine, contribution, setoff, indemnification,
4  apportionment, or other relief, is not an affirmative defense, but rather a challenge to the
5  remedies HP seeks, or in the alternative, an assertion that another party is liable to
6  Defendants for HP's damages. Last, affirmative defense ten, failure to mitigate damages,
7  may be classified as an affirmative defense in that it provides a reason why Defendants
8  should not be liable even if HP's claims are true. However, it may also be viewed as a
9  negation of HP's damage element, or as a challenge to the extent of the damages
10 (remedies) that Defendants may owe HP, neither of which is an affirmative defense.
11       In summary, Defendants' first and ninth defenses are misclassified and are not true
12 affirmative defenses. Defendants' tenth defense, failure to mitigate damages, may not be
13 a true affirmative defense. The Court, however, will not strike these defenses, because at
14 most, they are improperly located within the answer. In other words, the Court finds that
15 these defenses may have potential bearing on the litigation and are not immaterial,
16 impertinent or scandalous. *See In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal.
17 2008) (a motion to strike should not be granted unless it is clear that the matter could
18 have no possible bearing on the subject matter of the litigation). The Court will simply
19 consider these defenses as general denials or objections, and not as affirmative defenses.
20 Accordingly, HP's motion is denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that HP's motion to strike affirmative defenses, Dkt. 60, is **DENIED**.

Dated this 11th day of October, 2018.

                                            BENJAMIN H. SETTLE
                                            United States District Judge