HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, <br><br> Defendants. | CASE NO. 3:17-cv-05760-BHS <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA** <br><br> **NOTING DATE: OCTOBER 19, 2018** <br><br> **ORAL ARGUMENT REQUESTED** |

Plaintiff HP Tuners, LLC ("HPT" of "Plaintiff") for its response in opposition to the Motion to Quash Deposition Subpoena issued to Bobbie Cannata filed by third party Ken Cannata, states as follows:

## INTRODUCTION

Defendant Syked ECU Tuning, Inc. has refused to produce Bobbie Cannata, one of three owners of the closely-held corporation, for deposition in this matter. As a consequence, Plaintiff issued a subpoena for Bobbie Cannata's deposition. Bobbie Cannata's husband, Ken Cannata – a non-party to this matter – has filed a motion seeking to quash the subpoena for deposition of Bobbie Cannata. As demonstrated herein, the Motion to Quash should be denied and Bobbie

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Cannata should be ordered to appear for deposition in accordance with the subpoena for deposition.[1]

## BACKGROUND

This litigation arises from Plaintiff's claims against Defendants based on Defendants' unlawful possession, misuse and misappropriation of HPT's confidential and proprietary intellectual property. Dkt. 35, ¶¶ 56-81. As this Court is aware, Defendants have now admitted that:

- Bobbie Cannata is a shareholder of Defendant Syked ECU Tuning, Inc.

- Ken Cannata, Bobbie Cannata's husband, provided Defendants with a USB drive containing HPT's proprietary and confidential information.

- Defendants possessed HPT's highly proprietary key generation program and tool for use with HPT's interfaces.

- Defendants have been profiting from their misappropriation and misuse of HPT's confidential and proprietary information through the sale and generation of unauthorized license keys and cloned interfaces to third parties.

Ken Cannata's dissemination of HPT's confidential and proprietary intellectual property to Defendants violates federal statutory law and various provisions of the Membership Interest Purchase Agreement that Ken Cannata entered into with HPT on October 20, 2016 (the "Purchase Agreement"). See Declaration of Andrew P. Bleiman in Support of Plaintiff's Opposition to

---

[1] The deposition was scheduled for October 16, 2018 in Reno, Nevada. In light of the fact that this motion will not be decided until a date subsequent to October 16th, Bobbie Cannata should be ordered to appear for deposition on another date selected by counsel for Plaintiff in accordance with an Amended Notice of Deposition.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Motion to Quash Deposition Subpoena to Bobbie Cannata, dated October 15, 2018 ("Bleiman Decl."), ¶¶ 3, 4, Ex. A.  As detailed in the pleadings filed in connection with the Plaintiff's Renewed Emergency Motion for Temporary Restraining Order, Bobbie Cannata's ownership interest in Syked ECU Tuning, Inc. was concealed by Defendants until after August 5, 2018.  (*See* Dkt. 62, Dkt. 77).  Consequently, Defendants and Ken Cannata concealed this information from Plaintiff at all times during the negotiations of the Purchase Agreement.

On September 11, 2018, Plaintiff properly issued a subpoena for deposition of Bobbie Cannata to testify pursuant to Fed. R. Civ. P. 45 on October 16, 2018 (the "Subpoena").  Bleiman Decl., ¶ 7, Ex. B.  In issuing the Subpoena, Plaintiff seeks important information which is highly relevant to its claims, including Bobbie Cannata's knowledge of the day-to-day operations at Syked ECU Tuning, the identities of other individuals who may possess relevant information, and Syked ECU Tuning's acquisition and distribution of HPT's intellectual property.

However, in an attempt to obfuscate Plaintiff's ability to seek the truth and obtain relief to which it is lawfully entitled, Ken Cannata, Bobbie Cannata's husband, filed a legally insufficient and unfounded Motion to Quash the Subpoena on October 4, 2018 (the "Motion"), less than two (2) weeks before the scheduled deposition.  Here, Bobbie Cannata, as a shareholder of Syked ECU Tuning, Inc. possesses highly relevant information, which is discoverable under the broad and liberal standards of discovery under Rule 26.  Moreover, Ken Cannata may not assert spousal privilege in order to quash the Subpoena because Plaintiff seeks information that falls well outside the narrow scope of marital privilege, if such privilege applies at all.  In fact, the adverse spousal testimony privilege does not apply because this is a civil matter.  In addition, no spousal privilege may apply where Bobbie and Ken Cannata were jointly engaged in fraud by concealing Bobbie Cannata's ownership status in a company in direct competition with HPT while Ken Cannata was

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

entering into the Purchase Agreement with HPT. Finally, Ken Cannata has no standing to bring this Motion. For these reasons, the Motion must be denied.

## ARGUMENT

**I.  Plaintiff is Entitled to Depose Bobbie Cannata Under the Broad Scope of Discovery.**

As this Court is aware, under Fed. R. Civ. P. Rule 26(b), the scope of discovery is broad. Pre-trial discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Moreover, "information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "A non-party can be compelled to produce evidence regarding any matter relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence." *Shoen v. Shoen*, 5. F. 3d 1289, 1292 (9th Cir. 1993). "This broad right of discovery is based on the general principle that litigants have a right to every man's evidence, and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Id.*, *quoting U.S. v. Bryan*, 339 U.S. 323 (1950).

Pursuant to its rights under this broad scope of discovery, Plaintiff seeks to depose Bobbie Cannata – one of the three owners of Defendant Syked ECU Tuning, Inc. Additionally, Bobbie Cannata is the wife of Ken Cannata – Plaintiff's former owner who unlawfully provided Defendants with Plaintiff's confidential and proprietary intellectual property.

Despite having obtained equity in January 2017 (prior to the commencement of this litigation), Bobbie Cannata's ownership of Syked ECU Tuning, Inc. was concealed and never disclosed to HPT prior to August 2018. Defendants' unlawful concealment of this fact, alone,

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

lends substantial credence to the fact that Bobbie Cannata possesses information relevant to Plaintiff's claims in this matter.

Moreover, while Plaintiff is under no obligation to describe the information it seeks from Bobbie Cannata, it is evident that Bobbie Cannata possesses information highly relevant to Plaintiff's claims, irrespective of Defendants' concealment of her involvement with Syked ECU Tuning. Plaintiff, in part, seeks, and is entitled to conduct, discovery to determine Bobbie Cannata's knowledge of Defendants' business and business practices. Further, Plaintiff is entitled to discover information concerning Bobbie Cannata's involvement with the Defendants, including, *inter alia*, her day-to-day involvement in Syked ECU Tuning, communications with and between her co-owners regarding the business and clients of Syked ECU Tuning, her knowledge of the business of Syked ECU Tuning, the identities of other individuals who may possess relevant information, and her knowledge of the company's possession, use and misappropriation of HPT's proprietary information. See *Shoen*, 5 F. 3d at 1299-1300 ("It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

In particular, in response to Plaintiff's discovery requests, Defendants have produced certain email communications between them and a joint email address for Bobbie and Ken Cannata. See Bleiman Decl., Ex. C.[2] Plaintiff is entitled to examine Bobbie Cannata regarding email and other communications and to exhaust the nature and extent of her knowledge regarding

---

[2] In light of Defendants' designation of the communications as confidential pursuant to the Stipulated Protective Order in this case, Plaintiff has redacted the text of the communication from the emails. However, the text is irrelevant to this analysis as the issue is that Bobbie and Ken Cannata were communicated via an email address with Defendants and Plaintiff is entitled to examine Bobbie Cannata in a deposition setting under oath regarding her communications with Defendants, among other issues.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

the various issues in this matter, including matters which have been raised by Defendants. As such, there are numerous, substantial grounds for Plaintiff's belief that Bobbie Cannata possesses relevant information and is properly seeking that information through deposition. Ken Cannata's reckless assertion that Plaintiff has served this Subpoena for the sole purpose of harassing Bobbie Cannata is completely invalid and belied by the facts.

Additionally, while Ken Cannata alleges in his Motion that Bobbie Cannata does not possess any relevant information (Motion, p. 3), Plaintiff is under no duty whatsoever to accept that allegation as true, especially where, as here, the contentions are not verified and also in light of Defendants' deception and dishonesty throughout these proceedings as detailed in the recent motion practice in connection with Plaintiff's Renewed Emergency Motion for Temporary Restraining Order. If it is true that Bobbie Cannata does not have any relevant information, she will have the opportunity to state as such under oath during the deposition. However, based upon her position as co-owner of Defendant Syked ECU Tuning, Plaintiff is well justified in suspecting that Bobbie Cannata possesses relevant information and Plaintiff should most certainly not be precluded from exhausting such knowledge through deposition.

Ken Cannata also argues, inaccurately, that any information gleaned from Bobbie Cannata's deposition will be irrelevant because Plaintiff's current written discovery requests pertaining to Bobbie Cannata are limited to her participation in Syked ECU Tuning as a shareholder. (Motion, p. 4). Regardless of the accuracy of this allegation (which it is not), it does not logically follow that (1) Bobbie Cannata's role as a shareholder is irrelevant to Plaintiff's claims; or (2) that the information sought via deposition cannot be broader that what is sought via written discovery. In fact, Plaintiff is not even obligated to provide written discovery, and may proceed directly to deposition. Ken Cannata's assertions that Bobbie Cannata does not possess

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

any relevant information are unsubstantiated and unlikely given the Bobbie Cannata's role in Syked ECU Tuning and Defendants' prolonged effort to conceal that role from Plaintiff.

Finally, there is no basis for the assertion that Plaintiff is imposing an undue burden because it can acquire any relevant information from Bobbie Cannata more easily through other means. In fact, that argument is simply incorrect and proceeding with an oral deposition examination is the most efficient means of conducting the discovery. Moreover, Plaintiff has sought relevant information repeatedly through subpoena and deposition requests and has been repeatedly met with obstruction and obfuscation. Accordingly, Plaintiff is entitled to depose Bobbie Cannata and the subpoena should not be quashed.

**II.     Spousal Privilege Does Not Preclude Plaintiff from Deposing Bobbie Cannata**

Despite Ken Cannata's vague contentions, spousal privilege in no way precludes Bobbie Cannata from being deposed. There are two types of privileges that arise from a marital relationship: (1) the confidential marital communications privilege, which permits either spouse to prevent testimony regarding private communications between them, and (2) the adverse spousal testimony privilege, which allows a spouse to avoid testifying against his or her spouse. *U.S. v. Montgomery*, 384 F. 3d 1050, 1056 (9th Cir. 2004). Here, Ken Cannata does not actually identify which spousal privilege he purportedly seeks to invoke. However, neither the confidential marital communication nor the adverse spousal testimony privileges preclude Plaintiff from deposing Bobbie Cannata in this instance.

**A. The Mere Possibility that Confidential Marital Communications Occurred Does Not Preclude Bobbie Cannata's Deposition.**

First, assuming *arguendo*, the examination includes potential communications which may fall under the score of the marital privilege (which is disputed), Bobbie Cannata must still testify

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

at deposition to any facts that fall outside the marital communications privilege. While certain marital communications may be protected under certain circumstances, the Ninth Circuit construes the marital communications privilege narrowly "because it obstructs the truth-seeking process." *U.S. v. Marashi*, 913 F. 2d 724, 730 (9th Cir. 1990); *see also U.S. v. Trammel* 445 U.S. 40, 45-46, 52-53 (1980). Further, the marital communications privilege does not apply to communications "which are made before, or likely to be overheard by, third parties. *Marashi*, 913 F. 2d at 730. In *SEC v. Small Bus. Capital Corp*., in which the defendant sought to prevent his wife from being deposed under a spousal privilege theory, the Northern District of California refused to apply the privilege, holding that "neither the confidential marital privilege nor the adverse spousal privilege precludes [defendant's wife] from sitting for a deposition. She may assert the privilege – if applicable – during the course of her testimony." No. 12-cv-3237-EJD, 2013 U.S. Dist. LEXIS 83573, at *5 (N.D. Ca. June 13, 2013).

This precise analysis, likewise, applies here. Bobbie Cannata's involvement in Syked ECU Tuning, her communications with her co-owners regarding the business of Syked ECU Tuning, the identities of other individuals who may possess relevant information, and Bobbie Cannata's knowledge of the company's possession of HPT's proprietary info, for example, all fall well outside the scope of purported confidential communications with her husband. Any conversations that occurred outside the confidential confines of the marriage are not protected. To the extent certain communications between Bobbie and Ken Cannata may be deemed privileged, Bobbie Cannata can assert that privilege during the course of the deposition. The possibility that facts surrounding a potentially privileged conversation *may* arise during the course of the deposition does not give Ken Cannata, or anyone else, any right whatsoever to prevent the deposition in its entirety.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

## B. The Adverse Spousal Communication Privilege Does Not Apply in Civil Cases.

While there are no Ninth Circuit, Washington state, or Nevada state cases directly on point proscribing the applicability of the adverse spousal privilege in a civil matter, it also appears that no Ninth Circuit, Washington state, or Nevada state court has ever precluded testimony pursuant to that privilege in the civil context. Ken Cannata certainly provides no grounds for altering this practice under the instant circumstances.

In fact, numerous other courts nationwide, have either held that the adverse spousal privilege only applies in criminal cases, or refused to apply it in civil cases unless the "privileged" testimony could be used in related criminal prosecutions. *See, e.g., United States v. Yerardi*, 192 F.3d 14, 19, 19 n.3 (1st Cir. 1999) ("The privilege is almost always invoked only in criminal proceedings in which one spouse is called to testify against the other, and understandably so since ***criminal jeopardy*** is the threat with which the privilege is concerned.") (emphasis added); *Knepp v. United Stone Veneer, LLC*, Case No. 4:06-cv-1018, 2007 U.S. Dist. LEXIS 65423, at *8-9 (M.D. Pa. Sept. 5, 2007) ("We believe the adverse spousal privilege is only applicable in criminal proceedings); *United States v. Sriram*, Case No. 00 C 4988, 2001 U.S. Dist. LEXIS 542, 2001 WL 59055, at *10 (N.D. Ill. Jan. 23, 2001) ("the spousal testimonial privilege would not apply to adverse testimony given by a spouse in a civil proceeding that is untethered to a criminal proceeding"); *SEC v. Small Bus. Capital Corp.*, 2013 U.S. Dist. LEXIS at *7 (applying adverse spousal testimony privilege in civil case only where testimony could be used in related criminal case arising from the SEC's allegations.").

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Applying the foregoing analysis to the facts at hand, it is clear that the adverse spousal privilege does not apply. In cases where testimony was deemed privileged in a civil case, the case was brought by the government, or a governmental entity, and alleged criminal activity. *See, e.g., United States v. Sriram*, 2001 U.S. Dist. LEXIS at *10 ("this case is plainly connected to the pending criminal prosecution"); *SEC v. Small Bus. Capital Corp.*, 2013 U.S. Dist. LEXIS at *7 ("Given that criminal charges could apply to the underlying factual allegations and that the SEC can make recommendations to the DOJ regarding criminal prosecution, the court finds that [deponent] may assert the adverse spousal testimony privilege unless there is a guarantee that her testimony will not be used in any possible criminal case arising from the SEC's allegations.").

This pending case is an exclusively civil matter. It is not brought by the government or a governmental entity and involves no pending or related criminal charges against Ken Cannata. Moreover, Ken Cannata is not even a party to this litigation. *See Knepp*, 2007 U.S. Dist. LEXIS at *9 (refusing to apply adverse spousal privilege to wife's testimony against her husband because "husband is not a defendant in the current litigation"). Even further, Ken Cannata has made no showing that any testimony would be, in fact, adverse to him. *In re Martenson*, 779 F. 2d 461, 463 (8th Cir. 1985) refusing to preclude testimony where "appellant has failed to demonstrate that her anticipated testimony would in fact be adverse to a protected interest of her spouse"). Accordingly, adverse spousal privilege does not apply, and Ken Cannata may not preclude Plaintiff from obtaining relevant and valuable testimony by asserting the inapplicable privilege to preclude the deposition of Bobbie Cannata (and certainly not in its entirety).

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

**C. Communications Regarding Joint Criminal Activity Are Not Protected by Spousal Privilege.**

Finally, it is a well-established principle that spousal privilege does not apply to statements made in furtherance of joint criminal activity. *United States v. Marashi*, 913 F. 2d 724 (9th Cir. 1990). This exception to spousal privilege applies even outside a criminal prosecution and is "concerned with the actual participation by both spouses in a crime, not with their joint prosecution for that crime." *Id.*, *quoting U.S. v. Parker*, 834 F. 2d 408, 412 (4th Cir. 1987). Here, Ken Cannata is seeking to invoke marital privilege to suppress testimony related to his and Bobbie Cannata's joint fraudulent activity.[3]

More specifically, on October 20, 2016, Ken Cannata entered into a Membership Interest Purchase Agreement with HP Tuners (the "Purchase Agreement"), pursuant to which Ken Cannata was bound by confidentiality and non-compete provisions. In particular, Section 6.3 of the Purchase Agreement provides:

> Seller [defined as Ken Cannata] shall, and shall cause his Affiliates and his Representatives to, keep confidential and not disclose, or otherwise use in any manner, any information that any of them have relating to: . . . (iv) the Proprietary Information [defined as "all confidential and proprietary information of [HPT].

Further, Section 6.4 of the Purchase Agreement provides:

> Seller agrees not to, and Seller shall cause the other Restricted Parties not do, during the period commencing on the Closing Date and ending at the conclusion of eighteen (18) months from the Closing Date (the "Non-Competition Period"), directly or indirectly, invest in, own, manage, operate, finance, control or participate in the ownership, management,, operation, financing, or control of, be employed by, or lend such Restricted Party's credit to any business or person that, directly or indirectly, owns or

---

[3] As set forth above, while the adverse spousal privilege would potentially preclude Bobbie Cannata from testifying against Ken Cannata in a criminal trial, or related civil trial, the privilege does not extend to testimony regarding *joint criminal activity*, as alleged by Plaintiff here.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

operates any business that competes with the Business anywhere in the world.

See Bleiman Decl., Ex. A.

Defendants' answers to interrogatories in this matter demonstrate that Bobbie Cannata has been a shareholder in Syked ECU Tuning Inc. since at least January 2017. It is apparent that the Cannatas put the ownership of Syked ECU Tuning, Inc. in Bobbie Cannata's name in order to circumvent the legally enforceable restrictions to which Ken Cannata agreed in connection with his Purchase Agreement with HPT. To the extent that Bobbie Cannata's testimony relates to this scheme, it is, notably, highly relevant to Plaintiff's claims, and, additionally, not protected by marital privilege. Plaintiff must have the opportunity to depose Bobbie Cannata in order to determine the scope and details of her involvement in Ken Cannata's provision of HPT's intellectual property to Defendants and is entitled to do so under federal discovery rules as well as the guidelines surrounding the narrow scope of marital privilege. Bobbie and Ken Cannata cannot hide behind an improper assertion of marital privilege in order to hide their joint criminal activities.

### III. Ken Cannata Lacks Standing to Challenge the Deposition Served Upon Bobbie Cannata

It is well-established that the burden of showing that a subpoena should be quashed under F.R.C.P. 45(d) is on the person or entity upon whom the subpoena is served. *See, e.g., Goodman v. United States*, 369 F. 2d 166, 169 (9th Cir. 1966) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed.") (*citing Sullivan v. Dickson*, 283 F. 2d 725, 727 (9th Cir. 1960)); *In re Rhodes Companies, LLC*, 475 B.R. 733, 740-741 (D. Nev. 2012) (upholding determination that plaintiff lacked standing to challenge third party subpoenas under current Rule 45(d)(3)(A), and holding that "only the party subject to the subpoena

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

may bring a motion to quash under [current Rule 45(d)(3)(A)]"); *Nieman v. Linkedin Corp.*, No. 12-80258 PSG, 2013 U.S. Dist. LEXIS 25645, at *7, (N.D. Ca. Feb. 25, 2013).

Here, Bobbie Cannata is the party to whom the Subpoena is directed and is therefore the party with standing to move to quash it under Ninth Circuit law.  However, here, it is Bobbie Cannata's husband, Ken Cannata, who has improperly brought the instant Motion despite having no standing to do so.  Ken Cannata is not the recipient of the Subpoena, and as detailed hereinabove, he provides no basis, statutory or otherwise, upon which he may bring this Motion, because not such basis exists.

Furthermore, Ken Cannata is not even a party to the instant litigation.  While it is well-established that a non-party does not have standing to move to quash a subpoena, there remains some doubt in the Ninth Circuit as to whether a *party* has standing to quash a subpoena to a third party under certain circumstances.  *Silcox v. AN/PF Acquisitions Corp.*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at *4, (W.D. Wash., March 29, 2018).  Specifically, some courts have held a party may have standing to move to quash a subpoena where "the objecting party claims a personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-974 (C.D. Cal. 2010).  Here, however, Ken Cannata simply cannot invoke the personal right or privilege exception because he is not a named party to this litigation.

Moreover, even if he were a party, Ken Cannata's Motion would *still* fail because the Subpoena is not seeking any documents, records, or information over which Ken Cannata has a personal right or privilege.  As set forth above, while Ken Cannata has asserted spousal privilege, it does not apply here.  Plaintiff is seeking information well outside the narrow scope of spousal privilege.  Furthermore, communications that occurred in furtherance of joint criminal activity are not protected, and Ken Cannata cannot invoke adverse spousal testimony privilege because this is

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

not a criminal matter. Thus, Ken Cannata conclusively has no standing to bring the instant Motion and is therefore not entitled to the requested relief. Accordingly, his Motion to Quash must be denied.

## CONCLUSION

In consideration of the foregoing, this Court should DENY Ken Cannata's Motion to Quash the Deposition of Bobbie Cannata and Bobbie Cannata should be ordered to submit for examination by oral deposition in accordance with the Subpoena.

Dated this 15th day of October, 2018

Respectfully submitted,

*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 14

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

...

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2018, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

                                    MARKS & KLEIN

                                    *s/ Andrew P. Bleiman*
                                    Andrew P. Bleiman (admitted *pro hac vice*)
                                    1363 Shermer Road, Suite 318
                                    Northbrook, Illinois 60062
                                    Telephone:  (312) 206-5162
                                    E-mail:  andrew@marksklein.com
                                                Attorney for Plaintiff

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAED DEPOSITION OF BOBBIE CANNATA FILED BY NON-PARTY KEN CANNATA - page 15

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547