THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation,<br><br>  Defendants. | No. 3:17-cv-05760 BHS<br><br>**STIPULATED MOTION AND [PROPOSED] ADDENDUM TO PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 7, 2018** |

### I.     STIPULATED MOTION

Plaintiff HP TUNERS, LLC ("HPT" or "Plaintiff") and Defendants Kevin Sykes-Bonnett, Syked ECU Tuning Incorporated, and John Martinson (hereinafter collectively referred to as "Syked" or "Defendants"), by and through their attorneys of record, hereby stipulate to and move the Court for entry of an Addendum to the Protective Order entered in the above-captioned action on May 21, 2018 (Dkt. 39).  In support thereof, Plaintiff and Defendants have stipulated that good cause exists for entry of an Addendum to the Protective Order to govern certain Highly Confidential materials in accordance with Federal Rule of Civil Procedure 26(c) to protect against improper disclosure of such Highly Confidential information.

STIPULATED MOTION AND [PROPOSED]
ADDENDUM TO PROTECTIVE ORDER - 1
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT. A proposed Addendum to Protective Order is contained below.

Stipulated To and Presented By:

| | |
|---|---|
| Dated: November 7, 2018 | Dated: November 7, 2018 |
| LANE POWELL PC | HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S. |
| By *s/Gregory F. Wesner*<br>Gregory F. Wesner, WSBA No. 30241<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>Telephone: 206-223-7000<br>Facsimile: 206-223-7107<br>Email: wesnerg@lanepowell.com | By *s/Stephen G. Leatham (e-sign auth. given)*<br>Stephen G. Leatham, WSBA No. 15572<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA 98663<br>Telephone: (360) 750-7547<br>Fax: (360) 750-7548<br>Email: sgl@hpl-law.com |
| Attorneys for Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning Incorporated | Andrew P. Bleiman<br>(admitted *pro hac vice*)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, Illinois 60062<br>Telephone: (312) 206-5162<br>Email: andrew@marksklein.com<br><br>Attorneys for Plaintiff HP Tuners, LLC |

STIPULATED MOTION AND [PROPOSED] ADDENDUM TO PROTECTIVE ORDER - 2
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## II.     [PROPOSED] ADDENDUM TO PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production or disclosure of Highly Confidential material including source code files from both parties.  To protect against improper or inadvertent disclosure of highly confidential information produced or disclosed in this litigation, the parties acknowledge that additional protections beyond those prescribed in the governing Protective Order (Dkt. 39) are necessary. Accordingly, the provisions of the current Protective Order (Dkt. 39) are hereby supplemented with the additional protections set forth in this Addendum to the Protective Order.  Any conflict between the Protective Order and this Addendum to the Protective Order shall be resolved in favor of the terms of this Addendum to the Protective Order.

To allow for progression of this case while the motion for entry of this Addendum is pending, the parties agree to be bound by this Order starting on the date that this Order is jointly submitted to this Court, and agree to this Order's retroactive application from that date forward.

2. ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

Under Paragraphs 4.3(b) and (f) of the Protective Order (Dkt. 39), experts and consultants (including computer forensic examiners and custodians) to whom disclosure is reasonably necessary for this litigation, and any other person designated by written agreement of the parties and the disclosing party, or by order of the Court, where such disclosure is reasonably necessary for this litigation must sign an "Acknowledgement and Agreement to Be Bound."  *See* Dkt. 39, Exhibit A.

(a) As an addendum to the governing Protective Order, each person appropriately designated in accordance with Paragraphs 4.3(b) and (f) of the Protective Order to receive

STIPULATED MOTION AND [PROPOSED] ADDENDUM TO PROTECTIVE ORDER - 3
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

material designated "Highly Confidential," shall execute an "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Counsel of record for any party intending to disclose Highly Confidential material shall provide a copy of the executed "Acknowledgment and Agreement to Be Bound" to the counsel of record for all parties at least five (5) days before it intends to disclose such information to any such person.  In addition to an executed "Acknowledgment and Agreement to Be Bound," counsel of record for any party intending to disclose Highly Confidential material in accordance with Paragraphs 4.3(b) and (f) shall also provide a reasonable description of the person to whom disclosure will be made.  With regard to persons designated in accordance with paragraph 4.3(b), the person's most recent curriculum vitae is sufficient to provide a reasonable description.

(b) During the five-day period after delivery to the producing party of an executed "Acknowledgment and Agreement to Be Bound" and a reasonable description of the person to whom disclosure will be made, the Producing[1] party may object to the disclosure of any Highly Confidential material to the identified individual, and the Receiving[2] party shall comply with any such objection.  Any objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  Failure to object within five (5) days constitutes approval.  The Receiving party may not provide Highly Confidential material to any persons disclosed in accordance with this Paragraph until the Producing party's objections are resolved either by agreement of the parties or by order of the Court.

(c) The parties will meet and confer in good faith to resolve any objections to disclosure raised by the Producing party under Paragraph 2(b).  If, after meeting and conferring, the

---

[1] "Producing party" means the party that is producing the Highly Confidential material requested by the Receiving party.
[2] "Receiving party" means the party that requests or receives the disclosure of Highly Confidential material.

STIPULATED MOTION AND [PROPOSED]
ADDENDUM TO PROTECTIVE ORDER - 4
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

Producing party and the Receiving party cannot resolve the dispute, the Receiving party shall have five (5) days to either set up a conference with the presiding judge to resolve the dispute or to file a motion with the Court. The Receiving party shall have the burden of establishing that any proposed disclosure is appropriate. If the Receiving party fails to either set up a telephone conference with the presiding judge or to file a motion with the Court within five (5) days of such objection, the objection is deemed proper and the Receiving party may not disclose any Highly Confidential material to the identified individual. Notwithstanding the foregoing, the Receiving party may not disclose any Highly Confidential material to any individual pursuant to Paragraphs 4.3(b) and (f) until and unless the parties formally agree in writing to the contrary, the Producing party fails to object during the initial five-day period as described above, the Receiving party fails to bring a dispute to the Court's attention as described above, or a contrary determination is made by the Court.

3. SOURCE CODE FILES DESIGNATED HIGHLY CONFIDENTIAL

(a) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing party's counsel or another mutually agreed upon location. The parties may also mutually agree on a way for the Receiving party to view any source code remotely if proper protections are put in place to secure the viewing session, if such tools are generally commercially available. The Receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing party may visually monitor the activities of the Receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

STIPULATED MOTION AND [PROPOSED]
ADDENDUM TO PROTECTIVE ORDER - 5
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

(b) The Receiving party may request, in writing, paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies of such limited portions of source code for purposes of reviewing the source code other than electronically as set forth above in the first instance.  The Producing party shall provide such source code in paper form including Bates numbers and it shall be designated as "Highly Confidential."  The Producing party may challenge the amount of source code requested within five (5) business days from receipt of the written request.  If after meeting and conferring, the Producing party and Receiving party cannot resolve the objection, the Receiving party may seek Court resolution of whether the requested source code in question is reasonably necessary to any case preparation activity.  Contested source code print outs need not be produced to the Receiving Party until the matter is resolved by the Court.

IT IS HEREBY SO ORDERED.

DATED this _____ day of _____, 2018.

_____
HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND [PROPOSED] ADDENDUM TO PROTECTIVE ORDER - 6
No. 3:17-cv-05760 BHS
131191.0001/7473480.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON  98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018 I electronically filed the above with the Clerk of the Court using the CM/ECF system.  In accordance with their ECF registration agreement and the Court's ruling, the Clerk of the Court will send email notification of such filing to the following persons:

| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Stephen G. Leatham, WSBA No. 15572<br>Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>Vancouver, WA  98663<br>Phone:  (360) 750-7547<br>Facsimile:  (360) 750-7548<br>Email:  sgl@hpl-law.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
|---|---|
| **Attorneys for Plaintiff HP TUNERS, LLC**<br><br>Andrew P. Bleiman (*pro hac vice* admitted)<br>Marks & Klein<br>1363 Shermer Road, Suite 318<br>Northbrook, IL  60062<br>Phone:  (312) 206-5162<br>Email:  andrew@marksklein.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

Executed on November 7, 2018, at Seattle, Washington.

*s/Kathi Milner*
Kathi Milner, Legal Assistant

131191.0001/7473480.1