HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S MOTION FOR SANCTIONS** |
| vs. | **NOTING DATE: DECEMBER 7, 2018** |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff") hereby brings this Motion for Sanctions pursuant to Federal Rules of Civil Procedure Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority, against Defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson (collectively, "Defendants") and their counsel, John E. Whitaker and Gregory F. Wesner, and states as follows in support thereof:

## INTRODUCTION

Defendants and their counsel, John E. Whitaker and Gregory F. Wesner, are in violation of Fed. R. Civ. P. Rule 11 ("Rule 11") and should be subject to sanctions pursuant to Rule 11, 28

PLAINTIFF'S MOTION FOR SANCTIONS - 1

U.S.C. § 1927, and this Court's inherent authority. On August 21, 2018, Defendants brought an invalid Emergency Motion for Temporary Restraining Order (the "Motion") premised on factually inaccurate information and misrepresentations of fact. Specifically, the Motion falsely alleged that HP Tuners was in possession of Defendants' proprietary and confidential information with respect to design schematics, documents and files for a piece of hardware known as the Syked Eliminator Cable (the "Cable"), and sought a restraining order for various relief on that basis, including an order designating such documents and things received by Plaintiff as confidential and Attorneys' Eyes Only. (*See* Dkt. 69, p. 4).

In conjunction with the Motion, Defendants filed the Declaration of John Whitaker in Support of Defendants' Emergency Motion for Temporary Restraining Order (the "Whitaker Dec."), which restated the false contention that the schematics, documents and files for the Cable constituted Syked ECU Tuning, Inc.'s ("Skyed") confidential information. Dkt. 71, ¶ 3, Ex. 1. Mr. Whitaker again made the same false assertions directly before this Court during the hearing on the Motion, which occurred on August 29, 2018. See August 29, 2018 Hearing Transcript ("Hearing Tr."), 41: 19-23.

In fact, as Plaintiff subsequently learned through the sworn deposition testimony of defendants Kevin Sykes-Bonnett and John Martinson, Defendants do not own any proprietary interest in the Cable, nor do the schematics for the Cable constitute Defendants' confidential and proprietary information. Rather, the schematics, documents and files relating to the Cable were developed by third-party and former HP Tuners owner, Ken Cannata ("Cannata"). Cannata allegedly granted Defendants the rights to sell the Cable to third parties as a middleman, and Defendants have no ownership or confidentiality interest in the Cable, or any related designs, files, specifications, or schematics, whatsoever. Accordingly, the basis of the Motion, that

PLAINTIFF'S MOTION FOR SANCTIONS - 2

Plaintiff was wrongfully in possession of Defendants' proprietary and confidential information, was false, and Defendants' attorneys unreasonably failed to confirm the veracity of the allegations in its Motion or prior to the hearing on the Motion. The Motion therefore constitutes a frivolous filing in violation of Rule 11, and Defendants and their counsel are properly subject to sanction under Rule 11, 28 U.S.C. § 1927, and the inherent powers of the court.

## RELEVANT BACKGROUND

On September 20, 2017, Plaintiff initiated litigation against Defendants claiming that Defendants misappropriated HP Tuners' proprietary software, systems and source code, reverse engineered the software, released cracked versions of HPT's software, unlawfully sold thousands of credits for use in HP Tuners' software, created and sold fraudulent application keys to unlock Plaintiff's software, and publicly disclosed Plaintiff's confidential information. Dkt. 35, ¶¶ 56-81. Upon commencing litigation, Plaintiff was aware of Defendants' unlawful possession and use of HP Tuners' proprietary and confidential information based, in part, on online public posts and communications by Defendant Kevin Sykes-Bonnett, but Plaintiff was not aware how, or from whom, Defendants had acquired that information. During the course of discovery, Defendants' persistent failure to produce relevant, unprivileged documents and information to Plaintiff and continued obstruction of Plaintiff's reasonable discovery requests further precluded Plaintiff from determining the true nature of Defendants' misdeeds.

However, as previously detailed in prior pleadings filed by Plaintiff, in August 2018, an anonymous informant provided HP Tuners with detailed and comprehensive evidence demonstrating (1) Defendants' possession of HP Tuners' confidential and proprietary information, and (2) that Defendants had acquired HP Tuners' confidential and proprietary information from former HP Tuners owner Ken Cannata. Amongst various information, the

PLAINTIFF'S MOTION FOR SANCTIONS - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

anonymous informant provided purported hardware schematics, documents and files relating to the Cable.[1]

The evidence provided by the anonymous informant, coupled with (1) the consistent, sworn statements of an individual named Matt Kaiser wherein he details the sale of fraudulent HP Tuners applications keys by Kevin Sykes-Bonnett to third parties using an HP Tuners key generation tool, (2) Defendants' prior public threats on FaceBook to "open source" (a.k.a. publicly release) all GM source code, and (3) Defendant's active marketing, distribution, and sale of competitive products which are based on, derived from, and/or incorporate HP Tuners' confidential and proprietary information, compelled HP Tuners to move for a Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  (*See* Dkt. 62, p. 3).  In that Motion, Plaintiff sought injunctive relief enjoining Defendants from, *inter alia*, selling or releasing any products or services using HP Tuners' proprietary code or derived from HP Tuners' software or products, including Defendants' vehicle communication cable known as the "Syked Eliminator Cable."  (*See* Dkt. 62, pp. 3-5).

In an effort to misdirect the Court's attention from Defendants' misconduct and panicked that Plaintiff had acquired damaging evidence against them, Defendants responded by wrongly and baselessly asserting that HP Tuners was in possession of *Defendants'* confidential information, and by also filing their own Emergency Motion for Temporary Restraining Order seeking injunctive relief requiring Plaintiff to, in part, cease communications with the anonymous informant and designate all documents and things provided to Plaintiff by the

---

[1] While the device and documentation relating to the Syked Eliminatory Cable has not been reviewed by HP Tuners or HP Tuners' expert in light of the current Attorneys' Eyes Only designation, upon information and belief, the Syked Eliminator Cable incorporates HP Tuners' confidential and proprietary intellectual property in connection with the HP Tuners MPVI, including the communication protocol.  (*See* Dkt. 62, ¶ 30).

PLAINTIFF'S MOTION FOR SANCTIONS - 4

anonymous informant as confidential and Attorneys' Eyes Only pursuant to the parties' Stipulated Protective Order. Dkt. 69, p. 4. Defendants specifically objected to Plaintiff's acquisition and potential disclosure of the documents depicting schematics and files relating to the Cable, which Defendants claimed, in both their supporting memorandum as well as a corresponding sworn declaration from counsel, to be "highly confidential". Dkt. 69, p. 3; Dkt. 71, ¶ 3, Ex. 1.

However, notwithstanding defense counsel's vigorous protestations to the contrary, Defendants' own subsequent deposition testimony has revealed that the documents, schematics and files relating to the Cable are *not*, in fact, confidential or protected in any way, and that Defendants' Motion is therefore groundless and frivolous, in violation of Rule 11, and subject to sanction. More specifically, as set forth in the following testimony, during his September 25, 2018 deposition, Kevin Sykes-Bonnett plainly admitted that Ken Cannata, a former HP Tuners' owner, provided Defendants with the the Cable, that Defendants do not own the intellectual property associated with the Cable and that Defendants have not acquired any confidential or proprietary interests in such schematics, files and related hardware:

> Q: So you consider Ken [Cannata] to be an independent contractor?
>
> A: Yes.
>
> ----
>
> Q: So what is he providing services in exchange for?
>
> A: We buy hardware from him.
>
> Q: Okay. What hardware do you buy from him?
>
> A: The Eliminator Cable.
>
> **Q: So you purchase the eliminate – Eliminator Cable from Ken and then resell it to third parties?**

PLAINTIFF'S MOTION FOR SANCTIONS - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**A: Yes.**

----

**Q: Do you have an agreement with Ken [Cannata] where you're the exclusive provider or seller of that product?**

**A: Not to my knowledge.**

**Q: So he could have – sell that cable to other people as well as to sell?**

**A: To my understanding.**

Transcript of the Deposition of Kevin Sykes-Bonnett, dated Sept. 25, 2018 ("Sykes-Bonnett Tr."), 45:2-47:4 (emphasis added).

Sykes-Bonnett also testified to the fact that Cannata, *not Defendants*, owns the intellectual property associated with the Cable:

Q: Now, I want to make sure I understand what the intellectual property of Syked ECU Tuning consists of.

A: Okay.

----

**Q: Okay. Who owns the hardware that you sell?**

**A:** Hypertech and **Ken Cannata.**

Q: So the handheld is actually not intellectual property of Syked ECU Tuning?

A: The handheld itself, no.

**Q: And the cable is not the intellectual property owned by Syked ECU Tuning?**

**A: The – to my understanding, no.**

----

**Q: And is there a written agreement between you and Ken or between Syked ECU Tuning and Ken Cannata about the cable?**

PLAINTIFF'S MOTION FOR SANCTIONS - 6

**A: Not at this point.**

Sykes-Bonnett Tr., 213:9-215:6 (emphasis added).

Likewise, John Martinson, co-owner of Syked and co-Defendant, also testified that the Cable and its corresponding intellectual property were owned by Ken Cannata and are therefore neither confidential nor proprietary to Defendants:

**Q: Is the cable that Ken Cannata is developing an asset of Syked ECU Tuning?**

**A: No.**

Q: Is the cable – it's called the Syked Eliminator Cable, correct:

A: That's our name for it, yes.

Q: Can Ken Cannata sell it to any other companies to resell?

A: Yes.

Q: You don't have any agreement with Ken Cannata on that cable that would be the exclusive vendor of that product?

A: Not where – not aware of a formal agreement.

----

**Q: The Syked Eliminator Cable is not – is a product that Ken [Cannata] owns; is that right?**

**A: Correct.**

Q: And then he sells it to Syked ECU Tuning to sell to third parties, correct?

A: Correct.

Q: And the – Ken [Cannata] can sell that cable to other people to sell to third parties, correct?

A: Correct.

----

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

> Q: Similarly with the hardware – with the cable, the Syked Eliminator Cable, those schematics and layouts and diagrams and Gerber files aren't owned by Syked ECU Tuning; is that right?
>
> A: Correct.
>
> Q: They're owned by Ken [Cannata]; is that right?
>
> A: Correct.

Transcript of the Deposition of John Martinson, dated Sept. 26, 2018 ("Martinson Tr."), 79:15-84:16.

As Kevin Sykes-Bonnett's and John Martinson's sworn deposition testimony plainly demonstrates, and as defense counsel could and should have determined upon basic inquiry, Ken Cannata provided Defendants with the Cable to sell to third parties, Defendants did not acquire any confidential or proprietary property in connection with the Cable, and, accordingly, the Cable, as well as all related diagrams, designs, files, layouts, and schematics, are neither confidential nor proprietary to Defendants.  Indeed, Martinson denies ever having seen schematics and diagrams for the Cable:

> Q: …Have you seen the schematics of the Syked Eliminator Cable?
>
> A: Not schematics, no.
>
> Q: Have you seen any diagrams of the Syked Eliminator Cable?
>
> A: Not that I know of.

Martinson Tr., 80:19-23.

Despite the very clear fact that Defendants did not develop the Cable, do not own the intellectual property associated with the Cable, and have no proprietary or confidentiality interest in the cable or its design, files or schematics, defense counsel astoundingly filed Defendants' Motion for Temporary Restraining Order with this Court premised upon the blatant misstatement

PLAINTIFF'S MOTION FOR SANCTIONS - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

that the design and schematics for the Cable are confidential, and that disclosure of such would somehow harm Defendants' business. Dkt. 69, p. 3 ("Among those documents [provided to Plaintiff by the anonymous informant] is [sic] at least two hardware design documents depicting highly confidential schematics and layouts for Syked Tuning's newest hardware cable product . . . . In the hands of any competitor, such as HPT, these documents are devastating to Syked Tuning's business.").

Indeed, defense counsel filed a sworn Declaration of John Whitaker in support of its baseless Motion, specifically attesting to the false notion that the schematics, documents and files relating the Cable are confidential and proprietary information of Defendants. Dkt. 71, ¶ 3 (characterizing schematics for the Cable as "a *highly confidential* hardware schematic detailing parts of Syked Tunings [sic] hardware cable product.") (emphasis added). Even more egregious, during oral argument with regard to the Motion, defense counsel failed to correct the record, reiterating his "concern" about safeguarding Defendants' "confidential information," but failing to disclose that a key piece of evidence subject to Defendants' proposed restraining order was not, in fact, confidential or proprietary to Syked, in any sense. Hearing Tr. 41: 19-23.

In their Motion, Defendants sought to bar Plaintiff "from accessing, using, copying, disclosing, or otherwise availing itself of" the information Plaintiff had acquired from its anonymous source (Dkt. 69, p. 1). Defendants made this Motion based on the false premise that the documents, files and schematics relating to the Cable were confidential and proprietary information of Defendants, despite the now-evident fact that neither the Cable nor the related schematics, files and documents are confidential or proprietary to Defendants. Thus, Defendants knowingly asserted patently false statements in an effort to distract the Court and block Plaintiff from valid, relevant, and damning evidence demonstrating Defendants' unlawful possession and

PLAINTIFF'S MOTION FOR SANCTIONS - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

sale of Plaintiff's proprietary information.  Such conduct is prohibited and subject to sanction under Rule 11 and 28 U.S.C. § 1927.

This Court ultimately denied Defendants the relief they sought (see Hearing Tr., 38:8-47:7), but not before Plaintiff was forced to incur substantial costs, in terms of both resources and time, to respond to Defendants' disingenuous, baseless, and frivolous motion for injunctive relief.  Plaintiff also expended resources to ensure that the hardware design documents and associated binary files received from the anonymous informant were designated as "Attorneys' Eyes Only" and are being maintained by counsel as "Highly Confidential" in accordance with the Stipulated Protective Order in this case. Dkt. 84, ¶ 3.  It is now apparent that those resources were expended unnecessarily, which, it has now been established, is neither confidential nor appropriately designated as "Attorneys' Eyes Only."[2]

Unfortunately, Defendants' outright misrepresentations in connection with their Motion for Temporary Restraining Order is only the latest example of a larger pattern of deception and deceit.  For example, after vehemently denying any wrongdoing whatsoever, Defendant Kevin Sykes-Bonnett has now admitted that he possesses the HP Tuners key generator and has used it to generate license keys for himself and third parties.  See, e.g., Dkt. 67, ¶¶ 2, 3; Sykes-Bonnett Tr. 31:13-33:8; 132:8-10; 138:20-139: 3.  Defendants also intentionally concealed the nature of their involvement with certain individuals, including Ken and Bobbie Cannata, and have failed to produce vast amounts of relevant, unprivileged documents.  Hearing Tr., 6:11-25; 17:8-18:2.

In filing Defendants' Motion for Temporary Restraining Order, defense counsel is in direct violation of Rule 11 and 28 U.S.C. § 1927, and must be held accountable.  Defense

---

[2]   In connection with this Motion, the "Highly Confidential" designation of the documents and files should be lifted by this Court.

PLAINTIFF'S MOTION FOR SANCTIONS - 10

counsel filed a motion premised upon inaccurate assertions of facts, *i.e.* upon misrepresentations, and failed to conduct any reasonable inquiry to verify the accuracy of the information underlying the Motion.  In doing so, defense counsel has needlessly multiplied these proceedings and acted in bad faith to force Plaintiff to incur unnecessary costs and prevent Plaintiff from obtaining releveant and necessary evidence to determine the true extent of Defendants' misconduct.  Defense counsel has compromised these litigation proceedings as well as squandered the resources of both Plaintiff and this Court.  Accordingly, in order to restore the integrity of the proceedings and deter such behavior going forward, counsel for Defendants must be compelled to withdraw its Motion and this Court must impose sanctions.

## ARGUMENT

"There are three primary mechanisms through which a court may sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power." *Lozano v. Yee Cabrera*, 678 Fed. Appx. 511, 513 (9th Cir. 2017), *citing Fink v. Gomez*, 239 F. 3d 989, 991 (9th Cir. 2001).

Rule 11(b) provides, in pertinent part, "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

PLAINTIFF'S MOTION FOR SANCTIONS - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

The Ninth Circuit imposes a "reasonableness" standard in determining the whether a party and/or its counsel are properly subject to sanctions under Rule 11. "Rule 11 sanctions must be assessed if the papers filed with the court [are] frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Villa v. Heller*, 885 F. Supp. 2d 1042, 1055 (S.D. Ca. 2012), *citing Zaldivar v. City of Los Angeles*, 780 F. 2d 823, 831. "The force of the rule is to eliminate the defense of personal ignorance of defects in a paper challenged as unmeritorious." *Zaldivar*, 780 F. 2d at 830.

Rule 11 also provides for the imposition of sanctions if the court determines that Rule 11(b) has been violated. In the Ninth Circuit, the imposition of sanctions is mandatory. "Rule 11 *requires* the imposition of sanctions where an attorney or unrepresented party has signed pleadings that are frivolous or without merit or has filed a pleading for an improper purpose." *Heller*, 885 F. Supp. 2d at 1055, *citing Zaldivar*, 780 F.2d at 831; *see also Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d 1531 (9th Cir. 1986). Sanctions must be imposed where "a) the paper is filed for an improper purpose, or b) the paper is frivolous." *Id.*, *quoting Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (internal quotations omitted).

Federal statute 28 U.S.C. § 1927 also provides an avenue for a court to impose sanctions against an individual counsel. 28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 "authorizes the award of excess costs, expenses, and attorneys' fees for the litigation as a whole, reasonably incurred because of an attorney's unreasonable and vexatious multiplication of the entire proceedings, including fees-on-fees." *Blixseth v.*

PLAINTIFF'S MOTION FOR SANCTIONS - 12

*Yellowstone Mt. Club, LLC*, 854 F. 3d 626, 632 (9th Cir. 2017). Although the facts here demonstrate that defense counsel has acted in bad faith, under 28 U.S.C. § 1927, no finding of bad faith is required for sanctions. The court must merely make a finding of recklessness in order to impose sanctions under 28 U.S.C. § 1927.

Finally, the Court may impose sanctions pursuant to its inherent authority. *Fink,* 239 F. 3d at 991-992 (9th Cir. 2001) (holding that sanctions may be imposed under the court's inherent authority for bad faith actions by counsel, "which includes a broad range of willful improper conduct").

Here, defense counsel has acted in bad faith and in violation of Rule 11 and must be subjected to sanctions. Counsel filed its Motion for Temporary Restraining Order in clear violation of Rule 11 because the Motion was premised on the falsehood that the documents, schematics and files relating to the Cable, as provided to Plaintiff from an anonymous informant, constituted Defendants' confidential and proprietary information. Dkt. 69, pp. 3, 4; Dkt. 71, ¶ 3, Ex. 1. The Motion was based on a factual allegation that did not have any evidentiary support and was, in fact, completely false.

Further, had defense counsel conducted any reasonable inquiry, they would have easily determined the falsity of such claims. *Zaldivar*, 780 F. 2d at 830 ("The signing attorney also certifies that to the best of his knowledge, information, and belief formed after *reasonable inquiry*, the signed document is well grounded in fact.") (emphasis added). Here, Plaintiff subsequently learned that the facts underlying Defendants' claims were illegitimate from ***Defendants' own deposition testimony***. Defense counsel's own clients testified directly to the fact that the intellectual property affiliated with the Cable is entirely owned by third-party Ken Cannata, and that Defendants do not have any proprietary or confidentiality rights with respect to

PLAINTIFF'S MOTION FOR SANCTIONS - 13

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

the Cable, or any related schematics, files or designs, whatsoever. Sykes-Bonnett Tr., 45:2-47:4; 213:9-215:6; Martinson Tr., 79:15-84:16. Thus, had defense counsel simply questioned their clients as to this issue, and advised them as to the seriousness of filing a factually inaccurate motion, the facts, to the extent they were not already clear to counsel, would have been made clear.

Furthermore, Defendants submitted a Declaration from Ken Cannata in Support of Defendants' Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order in which Cannata declared that he was responsible for developing the hardware cable that was ultimately dubbed the "Syked Eliminator Cable." Dkt. 68, ¶ 20. Thus, defense counsel was put on notice that Cannata had, or likely had, ownership over the related intellectual property, and reasonably should have inquired further into the actual ownership before asserting before this Court unsubstantiated and inaccurate facts with regard thereto.

It is inarguable that Defendants presented this court with a signed Motion which included and was premised upon inaccuracies and falsehoods. Especially given defense counsel's awareness of Mr. Cannata's involvement in the development of the Cable hardware, the onus was on counsel to confirm the accuracy of their assertions regarding Defendants' ownership and proprietary rights in the Cable. Defense counsel failed to conduct reasonable inquiry and made false assertions in papers filed with this Court. Defense counsel thus behaved recklessly in raising this frivolous argument. That conduct, in conjunction with counsel's pattern of obfuscation and false statements throughout the course of this litigation, clearly constitutes bad faith. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("a finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous

PLAINTIFF'S MOTION FOR SANCTIONS - 14

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

argument, or argues a meritorious claim for the purpose of harassing an opponent") (internal citations and quotations omitted).

Finally, defense counsel's conduct has needlessly multiplied these proceedings by bringing allegations in its Motion that were baseless and grounded in false allegations concerning Defendants' true lack of interest and ownership in the Cable. Defendants'thereby squandered Plaintiff's resources, which were needlessly spent opposing Defendants' Motion for Temporary Restraining Order, bringing the instant Motion for Sanctions, and ensuring that the hardware design documents and associated binary files received from the anonymous informant were designated as "Attorneys' Eyes Only" and maintained by counsel as "Highly Confidential." Accordingly, Defendants and their attorneys stand in violation of Rule 11, are subject to mandatory sanctions pursuant to Rule 11, and are subject to sanction under 18 U.S.C. § 1927 as well as this Court's inherent authority.

## CONCLUSION

In consideration of the foregoing, this Court should GRANT HP Tuners' Motion for Sanctions.

Respectfully submitted this 20th day of November, 2018.

>*s/ Stephen G. Leatham*
>Stephen G. Leatham, WSBA #15572
>Heurlin, Potter, Jahn, Leatham,
>Holtmann & Stoker, P.S.
>211 E. McLoughlin Boulevard
>Vancouver, WA 98663
>Telephone: (360) 750-7547
>Fax: (360) 750-7548
>E-mail: sgl@hpl-law.com
>Attorneys for HP Tuners, LLC

PLAINTIFF'S MOTION FOR SANCTIONS - 15

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

1
2
3
4
5

                              Andrew P. Bleiman (admitted *pro hac vice*)
                              Marks & Klein
                              1363 Shermer Road, Suite 318
                              Northbrook, Illinois 60062
                              (312) 206-5162
                              andrew@marksklein.com
                              Attorneys for HP Tuners, LLC

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S MOTION FOR SANCTIONS - 16

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, I caused the foregoing to be electronically filed with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

<div style="text-align: right;">

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com
Attorney for HP Tuners, LLC

</div>

PLAINTIFF'S MOTION FOR SANCTIONS - 17