HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) CASE NO.  3:17-cv-05760-BHS |
| Plaintiff, | ) ) **PLAINTIFF'S RESPONSE IN** |
| | ) **OPPOSITION TO DEFENDANTS'** |
| vs. | ) **MOTION TO QUASH SUBPOENA** |
| | ) **ISSUED TO THIRD PARTY** |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) **TEAMVIEWER US, LLC** |
| | ) |
| | ) **NOTING DATE: NOVEMBER 30, 2018** |
| | ) |
| Defendants. | ) **ORAL ARGUMENT REQUESTED** |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby submits this Response in Opposition to Defendants' Motion to Quash the Subpoena Issued to Third Party TeamViewer US, LLC, filed on November 13, 2018 (Dkt. 121; the "Motion to Quash").

## RELEVANT BACKGROUND

On October 29, 2018, Plaintiff filed a Notice of Intent to Serve a Subpoena to Produce Documents on TeamViewer US, LLC (the "TeamViewer Subpoena" or the "Supboena") seeking relevant information well within the broad right to discovery provided under Fed. R. Civ. P. 26(b).  Based upon specific evidence acquired during the course of discovery in this matter,

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Plaintiff reasonably believes that third party TeamViewer US, LLC ("TeamViewer") is in possession of direct evidence that Defendant Kevin Sykes-Bonnett ("Sykes-Bonnett") obtained and distributed Plaintiff HP Tuners' intellectual property for his own profit and the profit of his co-defendants Syked-Ecu Tuning, Inc. and John Martinson (together, "Defendants"), in violation of applicable federal and state law.

TeamViewer is a technology company that focuses on cloud-based technologies to enable remote desktop access and online collaboration.  Plaintiff has learned (and Defendants have admitted) that Sykes-Bonnett used TeamViewer extensively to collaborate with clients and colleagues, as well as to unlawfully distribute HP Tuners' intellectual property.  Specifically, pursuant to the sworn deposition testimony provided by Ellis Groo ("Groo"), Sykes-Bonnett used TeamViewer to unlawfully generate discounted HP Tuners credits for Groo, for use in conjunction with an HP Tuners interface:

> Q: Now, when [Sykes-Bonnett] would generate the credits for you, would this be done in person?
>
> A: No.  He'd do it online.
>
> Q: How did he do it online?
>
> A: He would – he used to do it through TeamViewer.  He would sign into my computer and do it.

Deposition of Ellis R. Groo, dated September 24, 2018 ("Groo Depo"), 12:15-20.

Furthermore, Sykes-Bonnett also admitted under oath that he had generated HP Tuners keys for third parties, including Groo, using TeamViewer.  Deposition of Kevin Sykes-Bonnett, dated September 25, 2018 ("Sykes-Bonnett Depo"), 32:11-33:5, 58:22-23; 175:13-15.  However, Mr. Sykes-Bonnett is unable to remember persons with whom he has conducted TeamViewer

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

sessions. (Sykes-Bonnett Depo, at 172:10-12). Consequently, the documents from TeamViewer are highly relevant and necessary in order to identify third parties to whom Defendants have issued HP Tuners application keys and/or credits. TeamViewer is undoubtedly in possession of records demonstrating Sykes-Bonnett's unlawful distribution of HP Tuners credits to deponent Groo, as well as to other as-yet-unidentified third parties.

Plaintiff has also learned that TeamViewer can likely provide evidence demonstrating that Sykes-Bonnett is wrongfully in possession of HP Tuners' intellectual property. In August 2018, an anonymous informant provided HP Tuners with images from a TeamViewer session between Sykes-Bonnett and an unidentified third party. The images consisted of screenshots of HP Tuners' proprietary files being stored on Sykes-Bonnet's computer. Declaration of Keith Prociuk in Support of Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 62-1, ¶ 5.

Accordingly, Plaintiff reasonably believes that (1) Sykes-Bonnett generated unlawful discounted application keys through TeamViewer for Ellis Groo and other individuals, and (2) that there are TeamViewer records demonstrating his unlawful distribution of HP Tuners' application keys and/or credits to third parties. Plaintiff is therefore entitled to acquire from TeamViewer the requested records and files that will confirm Sykes-Bonnett's use and distribution of Plaintiff's confidential information.

Contrary to Defendants' baseless contention otherwise, and due to Defendants' own bad faith discovery tactics, Plaintiff has no other discovery method at its disposal through which it may obtain the relevant TeamViewer records and/or files. Despite repeated discovery requests, Defendants have failed to provide records or files from any TeamViewer sessions. Further, Sykes-Bonnett was questioned extensively at deposition regarding his use of TeamViewer, but

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

provided evasive responses.  Sykes-Bonnett refused to provide complete information regarding with whom he conducted TeamViewer sessions, the content of those TeamViewer sessions, or when such sessions occurred.  Instead, he merely recounted "I don't remember."  (Sykes-Bonnett Depo, at 172:10-12).  As set forth in greater detail below, despite admitting that he used TeamViewer to communicate with other individuals and to generate HP Tuners application keys, Sykes-Bonnett repeatedly claimed at deposition that he simply could not remember any specific information regarding his use of TeamViewer.  Thus, Plaintiff has been forced by Defendants' own incomplete and misleading discovery responses to issue a third-party subpoena upon TeamViewer in order to obtain the relevant records from Defendants' TeamViewer sessions.

## ARGUMENT

Pursuant to Rule 26(b), the scope of permissible discovery is extremely broad.   A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b).  The term "relevant" is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Graham v. Casey's Gen. Stores, Inc.*, 206 F.RD. 251, 253 (S.D.N.Y. 2002) ("Information is generally discoverable under the Federal Rules of Civil Procedure.   The minimal showings of relevance and admissibility hardly pose much of an obstacle for an inquiring party to overcome.").

The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b).  Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Finally, "[o]n a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3)." *CallSave Communs., Inc. v. WaveMarket, Inc*., 2014 U.S. Dist. LEXIS 88073, at *5, No. C 14-80112 (N.D. Cal., June 26, 2014) (internal quotations omitted).

### I.  TeamViewer is in Possession of Highly Relevant Information

The TeamViewer Subpoena seeks information that is relevant to the very foundation of Plaintiff's claims. Plaintiff alleges that Sykes-Bonnett, in coordination with numerous other individuals, engaged in a campaign to undermine HP Tuners by stealing its trade secrets and proprietary information and distributing unauthorized HP Tuners application keys and/or credits for his own profits. Plaintiff believes that TeamViewer is in possession of evidence specifically demonstrating that Sykes-Bonnett used TeamViewer to distribute discounted HP Tuners application keys and/or credits to third parties.

Moreover, Plaintiff reasonably believes that TeamViewer is in possession of direct evidence that Sykes-Bonnett possesses HP Tuners' highly confidential intellectual property. Plaintiff has acquired screen shots from a TeamViewer session between Sykes-Bonnett and an unidentified third party which depict, *inter alia*, Plaintiff's source code files, descriptive documents, folders, and key generator program, all stored on a computer belonging to Sykes-Bonnett. Declaration of Keith Prociuk in Support of Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 62-1, ¶ 5. Through the Subpoena, Plaintiff seeks data confirming that Sykes-Bonnett engaged in the TeamViewer session during which the screenshot was taken, and with whom that Teanviewer session was conducted.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Further, Plaintiff reasonably believes that TeamViewer is in possession of evidence that Sykes-Bonnett unlawfully provided discounted HP Tuners tuning credits to third parties. Specifically, pursuant to the sworn deposition testimony provided by Ellis Groo, Sykes-Bonnett used TeamViewer to unlawfully generate discounted credits for Groo, for use in conjunction with an HP Tuners interface:

Q: Now, when [Sykes-Bonnett] would generate the credits for you, would this be done in person?

A: No.  He'd do it online.

Q: How did he do it online?

A: He would – he used to do it through TeamViewer.  He would sign into my computer and do it.

Groo Depo, 12:15-20.  In fact, Defendant Sykes-Bonnett himself confirmed Groo's testimony, admitting under oath that he had generated HP Tuners keys for third parties, including Groo, using TeamViewer.  Sykes-Bonnett Depo, 32:11-33:5, 58:22-23; 175:13-15.

It is imperative that Plaintiff be permitted to confirm, through data provided by TeamViewer, that the information Plaintiff has thus far acquired through discovery is accurate, as well as to determine the identities of any and all other individuals who may also have acquired HP Tuners' proprietary information or received discounted application keys and/or credits through TeamViewer, in order to fully make its case and obtain adequate relief. Contrary to Defendants' assertions otherwise, Plaintiff seeks specific, relevant evidence which it reasonably believes TeamViewer possesses based upon documentary evidence acquired during discovery as well as sworn deposition testimony.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

**II. Plaintiff Has No Other Means of Acquiring the Relevant Information**

3
4

Despite repeated attempts, Plaintiff has been unsuccessful in obtaining relevant

5

TeamViewer files from Defendants, and thus has no other means of acquiring the relevant files

6

than from TeamViewer itself.   Both Ellis Groo and Sykes-Bonnett testified under oath that

7

Sykes-Bonnett generated HP Tuners credits through TeamViewer.  Groo Depo, 12:15-20; Sykes-

Bonnett Depo, 32:11-33:5, 58:22-23; 175:13-15.   However, to date, Defendants have not

8

produced any records from any TeamViewer sessions.

9

Furthermore, Sykes-Bonnett was questioned extensively with regard to his use of

10

TeamViewer, but failed to provide any substantive response to such questions, instead repeatedly

11

claiming he could not remember any details regarding his use of TeamViewer.  *See, e.g.*, Sykes-

12

Bonnett Depo, 143:10-21 (Q: How did [Tim Milliken] communicate [Ken Cannata's] phone

13

number to you?  A: I don't remember. . . Q: Was it by TeamViewer?  A: I don't remember);

14

152:2-153:3 (Q: So are you disputing that this is a picture taken during a TeamViewer session

15

you had with someone else?   A: I've never seen this picture before. . . Q: You've done

16

TeamViewer sessions before?  A: Correct.  Q: You're not aware of what the buttons are at the

17

top of a TeamViewer session?  A: I – that doesn't look familiar to me); 167:2-3 (Q: Have you

18

ever used any cracked versions of TeamViewer?  A: I don't remember.); 172:17-19 (Q: List

19

some of the [customers] that you had TeamViewer sessions with.  A: I don't remember all my

20

customers' names.  I'm sorry.); 175:25-176:2 (Q: And was there ever keys generated for The

21

Mustang Shop, via TeamViewer or just the one time in person?  A: I don't remember.), 177:13-

22

16 (So if Nigel Alexander said that you generated keys for him through TeamViewer sessions,

23

that would be inaccurate?  A: I believe so.  I don't recall doing that.); 204:12-16 (Q: You know

24

25

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

who you conducted TeamViewer sessions with in 2016, 2017, and 2018, correct?  A: I don't remember everybody.  I'm sorry.  Q: Do you have a memory problem?  A: No.).

Defendants obfuscation and evasiveness has demonstrated that they are unwilling to be forthcoming with regard to any facts or details related to their use of TeamViewer, despite Plaintiff's right to access these highly relevant records, which will most likely prove to be extremely damaging to Defendants.  Accordingly, Plaintiff is left without any means to acquire the TeamViewer files other than to issue a subpoena upon TeamViewer itself.

### III.     The TeamViewer Subpoena is Narrowly Tailored

The TeamViewer Subpoena is narrowly tailored and well within the purview of the issues in this case.  More specifically, the Subpoena solely requests data related to the specified IP address and email addresses affiliated with Defendants.  Furthermore, the Subpoena is limited to only non-content data.  In compliance with the Electronic Communications Privacy Act of 1986 (the "ECPA"), and mindful that TeamViewer is a third party to this litigation, Plaintiff has limited its requests to the following non-content data affiliated with Defendants' IP address and email addresses: identity, address, email address, login details, billing information, account openings, and log files.  As such, Plaintiff deliberately fashioned the Subpoena to solicit three categories of highly relevant information: (1) confirmation that the screenshots depicting Sykes-Bonnett's possession of HP Tuners' confidential information are accurate, (2) data surrounding Sykes-Bonnett's provision of confidential information to Groo, and (3) data indicating Sykes-Bonnett's provision of confidential information to other third parties.

Due in large part to Defendants' failure to provide any detail with regard to their use of TeamViewer, despite Plaintiff's repeated attempts to acquire such information, Plaintiff is unable to narrow the Subpoena any further without compromising its ability to obtain the relevant

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

information it requires.  Defendants have not provided a list of the individuals and/or entities with whom it has engaged in TeamViewer sessions, nor have they provided any TeamViewer logs or files that would allow Plaintiff to limit the scope of the Subpoean to a narrower date range.  Defendants' contention that Plaintiff should have limited the Subpoena to sessions involving independent contractors that Defendants have worked with (Dkt. 121, p. 4) is completely disingenuous, as both Sykes-Bonnett and Groo have testified that Sykes-Bonnett participated in TeamViewer sessions with customers, as well as independent contractors.  Groo Depo, 12:15-20;  Sykes-Bonnett Depo, 32:11-33:5, 58:22-23; 175:13-15.   Likewise, the TeamViewer sessions conducted with independent contractors is not the only focus of the inquiry. Accordingly, Plaintiff has complied with any obligation it has to narrowly tailor the Subpoena, and is entitled to the information it seeks under the broad scope of discovery provided under the federal rules.

### IV.   Defendants' Privacy Concerns are Overstated and Adequately Addressed by the Applicable Protective Order

Defendants' contention that the Subpoena seeks Defendants' confidential trade secrets belies the text of the Subpoena.  The Subpoena requests only non-content information and thus will not lead to the disclosure of any substantive intellectual property or confidential information. To the extent that the Subpoena will reveal Defendants' industry contacts, Defendants provide no support for the proposition that industry contacts constitute a "trade secret" or "confidential information."[1]  Further, Plaintiff has demonstrated a substantial need for that information.  As set

---

[1]   In fact, the primary case Defendants' cite in support of their misguided contention that the court may quash a subpoena if it requires disclosure of a trade secret, *In re eBay Seller Antitrust Litigation*, 2009 WL 10677051, at *4 (W.D. Wash. Aug. 17, 2009), is unpublished, non-binding, and appears to be mis-cited (though it is difficult to confirm the Defendants mis-cited it because Defendants fail to provide a case number.)

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENA ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

forth above, Plaintiff must be able to identify the individuals and/or entities to whom Defendants' have provided HP Tuners' proprietary information in order to obtain adequate recourse for Defendants' misdeeds.   Defendants have admitted that they have provided HP Tuners credits via TeamViewer, but refuse to provide the identities of the individuals and entities with whom they have engaged in TeamViewer sessions.   Thus, Plaintiff has no other alternative than to request via Subpoena such identities in order to determine the true scope of Defendants' misdeeds and obtain adequate recourse through the courts.   *See Compaq Computer Corp. v Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) (discovery is virtually always ordered once the movant has established that the secret information is both relevant and necessary.")

Furthermore, the Protective Order that has been previously entered in this case provides protection against Defendants' confidentiality and privacy concerns.   The parties jointly submitted and the Court entered into a stipulated Protective Order that governs the production of documents during this litigation. Dkt. 39.  The Protective Order provides that "a receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Dkt. 34-1.  HP Tuners agrees in advance that any documents produced by TeamViewer will be treated as Confidential within the scope of the Protective Order.   The privacy concerns Defendants raise regarding disclosure of the identities of parties with whom Sykes-Bonnett has been in communication are remedied by the confidentiality provisions contained in the Protective Order, and Plaintiff agrees that any documents produced by TeamViewer will be treated as Confidential within the scope of the Protective Order.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## V.   Defendants are Not Entitled to Fees

2

Defendants' request for an award of attorneys fees should be denied for the same reasons

3

that the Motion should be denied.  Plaintiff is seeking highly relevant information that is not

4

obtainable through alternative means.   The Subpoena is narrowly tailored and based upon

5

evidence and sworn testimony that TeamViewer is in possession of relevant evidence.  Notably,

6

Defendants have previously requested this court provide sanctions against Plaintiff for failing to

7

attach the applicable subpoena to a motion to quash (Dkt. 40); however, Defendants themselves

8

have hypocritically failed to provide the relevant Subpoena to the Court in its instant Motion to

9

Quash.

10

For the foregoing reasons, Defendants' request for attorneys fees should be denied.

11

## CONCLUSION

12

In consideration of the foregoing, this Court should DENY Defendants' Motion to Quash.

13

Dated: November 26, 2018            Respectfully submitted,

14

15

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

16

17

18

19

20

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

21

22

23

24

Attorneys for Plaintiff HP Tuners, LLC

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## <u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on November 26, 2018, I caused the foregoing to be electronically

3 with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

4 Counsel of Record.

5

6                                         *s/ Stephen G. Leatham*
                                          Stephen G. Leatham, WSBA #15572
7                                         Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
                                          PO Box 611
8                                         211 E. McLoughlin Boulevard
                                          Vancouver, WA 98666-0611
9                                         Telephone:  (360) 750-7547
                                          Fax:  (360) 750-7548
10                                        E-mail:  sgl@hpl-law.com
                                          *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUBPOENA
ISSUED TO THIRD PARTY TEAMVIEWER US, LLC - 12

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547