UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP Tuners, LLC,<br><br>                   Plaintiff,<br><br>    v.<br><br>Sykes-Bonnett, et al.,<br><br>                   Defendants. | Case No. 3:17-cv-05760-BHS<br><br>ORDER DENYING MOTION TO QUASH |

District Judge Benjamin H. Settle referred to the undersigned magistrate judge all discovery matters in this intellectual property case between plaintiff HP Tuners, LLC, and defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John Martinson. Plaintiff alleges violations of the Computer Fraud and Abuse Act, misappropriation of trade secrets under state and federal law, and several other causes of action. This order concerns a motion to quash by non-party Ken Cannata, Dkt. 104. For the reasons discussed below and on the record in a telephone conference on November 26, 2018, the Court will deny the motion.

DISCUSSION

Non-party Ken Cannata brought a motion to quash plaintiff's deposition subpoena of his wife, Bobbie Cannata. Dkt. 104. He asserts that the Court should quash the subpoena because Bobbie Cannata has no knowledge relevant to plaintiff's claims, because any relevant information she possesses would be protected by spousal privilege, and because plaintiff issued the subpoena only to harass her. *Id.*

ORDER DENYING MOTION TO QUASH - 1

Under Rule 26, parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The factors involved in proportionality are the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A party—and in certain cases a non-party—may move to quash a subpoena. The Federal Rule of Civil Procedure require the Court to "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The Court will also quash or modify a subpoena that would require disclosure of information that falls outside discovery permitted by Rule 26. *See Bastida v. Nat'l Holdings Corp.*, 2016 WL 6472648, at *1 (W.D. Wash. 2016) (unpublished) (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779–80 (9th Cir. 1994)).

"Ordinarily," however, "a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena." *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D.P.R. 2006). Courts recognize an exception when the movant "claims a personal right or privilege with respect to the discovery sought in the subpoena." *Emara v. Multicare Health Sys.*, 3:11-CV-6055-RBL, 2012 WL 5205950, at *2 (W.D. Wash. Oct. 22, 2012). The Ninth Circuit has not clarified whether a party ever has standing to quash a subpoena to a third party. *Silcox v. AN/PF Acquisitions Corp.*, 2018 U.S. Dist. LEXIS 53536, at *4 (W.D. Wash. 2018) (unpublished) (citing I*n re Rhodes Cos., LLC*, 475 B.R. 733, 738-40 (D. Nev. 2012)).

1  In addition, the rule governing motions to quash, Rule 45(d)(3), states that the court with
2  power to quash a subpoena is "the court for the district where compliance is required." *See Wultz*
3  *v. Bank of China, Ltd*, 304 F.R.D. 38, 43 (D.D.C. 2014) ("[S]ince the text of Rule 45(a)(2) now
4  explicitly requires that '[a] subpoena must [be] issue[d] from the court where the action is
5  pending,' Fed. R. Civ. P. 45(a)(2), and because the underlying litigation is not pending in this
6  Court, this Court *could not* now have issued the subpoena at issue in accordance with Rule
7  45(a)(2)."). Where that court is not the court that issued the subpoena, Rule 45(f) permits the
8  court in the district where compliance is required to transfer a Rule 45 motion to the issuing
9  court, "if the person subject to the subpoena consents or if the court finds exceptional
10 circumstances." *See Wultz*, 304 F.R.D. at 47.

11  Here, this Court issued the subpoena to Bobbie Cannata. *See* Declaration of Andrew
12 Bleiman, Exhibit B, Dkt. 110-2, p. 1 (Bobbie Cannata subpoena). However, the district where
13 Ms. Cannata resides—and thus the district where compliance is required—is the District of
14 Nevada. *See id.*; Fed. R. Civ. P. 45(c)(1). Accordingly, the motion to quash should have been
15 brought in the District of Nevada. Fed. R. Civ. P. 45(d)(3).

16  As noted above, in most cases, only the person against whom a subpoena was issued has
17 standing to bring a motion to quash it. *Sterling Merch.*, 470 F. Supp. 2d at 81. The Court assumes
18 without deciding that Ken Cannata, a non-party, has standing to bring a motion to quash the
19 subpoena directed at Bobbie Cannata, another non-party, because he is asserting a privilege that
20 belongs to him and his spouse. Nonetheless, this motion is premature, it is submitted to the
21 wrong court, and Mr. Cannata fails to establish any grounds for the motion to quash.

22  Mr. Cannata asserts that the marital communications privilege protects any relevant
23 information Ms. Cannata possesses. The marital communications privilege "protects statements

24
25

ORDER DENYING MOTION TO QUASH - 3

1 or actions that are intended as confidential communications between spouses, made during the
2 existence of a valid marriage." *United States v. Fomichev*, 899 F.3d 766, 771 (9th Cir. 2018). It
3 makes presumptively confidential (1) "words or acts intended as communication to the other
4 spouse," (2) "communications made during a valid marriage," and (3) "marital communications
5 which are confidential." *Marashi*, 913 F.2d at 729-30. The Ninth Circuit has emphasized a
6 narrow construction of the privilege, observing that "it obstructs the truth-seeking process."
7 *United States v. Marashi*, 913 F.2d 724, 729 (9th Cir. 1990).

8 Plaintiff has plausibly alleged that Ms. Cannata, one of three owners of defendant Syked
9 ECU Tuning, Inc., is likely to possess relevant information about defendants' "business and
10 business practices," including information about "her day-to-day involvement in Syked ECU
11 Tuning, communications with and between her co-owners regarding the business and clients of
12 Syked ECU Tuning, her knowledge of the business of Syked ECU Tuning, the identities of other
13 individuals who may possess relevant information, and her knowledge of the company's
14 possession, use and misappropriation of HPT's proprietary information." Dkt. 109, p. 5.

15 In light of Ms. Cannata's ownership of the business, it is plausible that she has
16 knowledge of the relevant business information plaintiff seeks. Ken Cannata presents no
17 evidence to support his assertions that Ms. Cannata is an owner who is completely ignorant of
18 any relevant information whatsoever -- or that, alternatively, the only relevant information she
19 knows is limited to knowledge she obtained in privileged confidential marital communications.
20 *See* Dkt. 104, 109.

21 Mr. Cannata may not bring a motion to quash based solely on a hypothetical invocation
22 of joint marital communications privilege. *See, e.g.*, *Briggs v. Am. Laser Centers of Vancouver,*
23 *LLC*, No. C07-5065 RBL, 2007 WL 2116397, at *3 (W.D. Wash. July 19, 2007) (unpublished)

24

25

1  (denying motion that argued subpoena should be quashed based on attorney-client privilege, noting that moving party must "support the claimed privilege with a privilege log, i.e., 'a description of the nature of the documents, communications or things not produced.'" [quoting Fed. R. Civ. P. 45(d)(2)(A)]). Ms. Cannata may assert the marital communications privilege during her deposition if the plaintiff asks a question during the deposition about which Ms. Cannata's response would necessarily involve privileged information. Ms. Cannata may also assert the privilege by submitting a privilege log that identifies specific privileged information and explains the particular redactions or withheld information, in response to the plaintiff's subpoena requesting documents, data, and other items relevant to the claims and defenses in the litigation.

Then "the court ultimately decides whether, if this claim is challenged, the privilege or protection applies." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 162 F.R.D. 490, 492 (E.D. Pa. 1995). If Ms. Cannata does assert the privilege, the reviewing court (either court where compliance is required, i.e., the U.S. District Court for the District of Nevada – or if a transfer request is made and granted, the issuing court, i.e., this Court) will then be able resolve any contested privilege issue when it becomes ripe for consideration.

Accordingly, the motion to quash, Dkt. 104, is DENIED.

DATED this 28th day of November, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge