HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS** |
| vs. | |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | **NOTING DATE: DECEMBER 7, 2018** |
| | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff") hereby submit this Reply to Defendants' Opposition to Plaintiff's Motion for Sanctions (the "Opposition") (Dkt. 135).

**INTRODUCTION AND STATEMENT OF FACTS**

Contrary to Defendants Kevin Sykes-Bonnett, John Martinson, and Syked ECU Tuning, Inc.'s ("Defendants") unfounded assertions, the only attempt to mislead the Court was made by Defendants and their counsel. In filing their frivolous Emergency Motion for Temporary Restraining Order (the "TRO Motion") (Dkt. 69), Defendants' goal was to misdirect and divert the Court's focus and attention from Defendants' egregious misconduct as detailed in Plaintiff's

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Renewed Emergency Motion for Temporary Restraining Order (Dkt. 62).  Here, Plaintiff's Motion for Sanctions (Dkt. 124) sets forth a straightforward narrative, fully supported by the record, demonstrating that Defendants, along with their counsel, deliberately misled this Court with respect to material facts in this matter.  Defendants and their counsel stand in violation of Fed. R. Civ. P. Rule 11 and should be subject to sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority.

As set forth in Plaintiff's Motion for Sanctions, on August 21, 2018, Defendants' TRO Motion was premised upon the false allegation that design schematics and files for the Syked Eliminator Cable constituted Defendants' "trade secret" information.  In fact, as Defendants were aware at the time the filed the TRO Motion, the information Defendants sought to protect was neither confidential nor proprietary to Defendants, and Defendants did not, and do not, own any intellectual property rights associated with the Syked Eliminator Cable.

Specifically, in the TRO Motion and defense counsel's declaration in support, Defendants claimed that HP Tuners obtained "at least two hardware design documents depicting *highly confidential schematics and layouts for Syked Tuning's newest hardware cable product*."[1] Dkt. 69, p. 3; see also Dkt. 71, ¶3.  The Declaration of Mr. Whitaker expressly stated:

> Attached as Exhibit 1 is a true and correct copy of a document that was produced to Syked Tuning by HP Tuners.  The document is a highly confidential hardware schematic detailing parts of Syked Tunings [sic]

---

[1] In their Opposition, Defendants are seemingly taking the position that they never contended that the Syked Eliminator Cable and the associated schematics and files were confidential and proprietary property and information of Defendants.  However, Defendants certainly never represented in connection with the briefs or at hearing that Defendants did not own the intellectual property rights associated with the Syked Eliminator Cable and its corresponding schematics and files, and that Mr. Cannata, in fact, did.

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

hardware cable product.  In the lower right corner, the document is labeled

Confidential and Syked Tuning.

(Dkt. 71, at ¶ 3).

Additionally, during the hearing before this Court, which occurred on August 29, 2018 (the "TRO Hearing"), counsel for Defendants, John Whitaker, repeatedly misrepresented that the Syked Eliminator Cable and its related schematics were trade secrets of Defendants.  See Hearing Tr., 36:22-25 ("I think we have set out – it's cut and dried, a pretty obvious case, this is trade secrets, identified as such, that were acquired"), 37:25-38:1 ("There is a lot of stuff in there that is clearly confidential"), 41: 19-21 ("[T]here is a – it should be apparent that there is some concern about confidential information getting leaked out.").  Yet, Defendants astounding allege in their Opposition that they never claimed the information was confidential to them.  As such, Defendants are merely adding to the misstatements and mischaracterization of facts that has characterized their behavior throughout this litigation.

Defendants' response wholly ignores and fails to address the primary issue raised by Plaintiff's Motion for Sanctions – the representations made by Defendants in connection with the TRO motion that Plaintiff was allegedly in possession of confidential and proprietary information of the Defendants relating to the Syked Eliminatory Cable are patently false and without merit.  For these reasons, Plaintiff's Motion for Sanctions should be granted.

## ARGUMENT

**I.     Plaintiff has Satisfied Rule 11's Safe Harbor Provision.**

Under Rule 11's Safe Harbor Provision:

"[A motion for sanctions] must be served under Rule 5, but it must not be filed or be presented to the if the challenged paper, claim, defense, contention, or

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. Fed. R. Civ. P. 11(c)(2).

Plaintiff has fully complied with Rule 11 and its requirements. On October 26, 2018, Plaintiff issued a letter to Defendants enclosing the Plaintiff's Motion for Sanctions and demanding that Defendants correct their misrepresentations to the Court. Defendants did not respond within 21 days. Thereafter, on November 20, 2018 (more than 21 days later), Plaintiff filed this Motion for Sanctions pursuant to F.R.C.P 11. Accordingly, Plaintiff was within its rights to file the instant motion for sanctions with the Court, and it has fully complied with the safe harbor provision set forth therein.

Defendants' contention that they may not be held accountable for their misstatements because the Court had already ruled on Defendants' TRO Motion is nonsensical and defies the purpose of Rule 11, which is to deter frivolous litigation. *See Cooter & Gell v. Hartmarx Corp. et al.,* 496 U.S. 384, 393. It cannot be the rule of law that parties are free to misrepresent facts and mislead courts in connection with a motion, thereby causing another party to incur the burden of fees and costs in responding to the frivolous motion, and not be subject to sanctions merely because the court denied the underlying motion. This is a preposterous position for defendants to take, and constitutes an intentional effort to deflect, misdirect, and avoid this Court's focus on Plaintiff's valid Motion. Indeed, the Ninth Circuit has awarded sanctions in response to a motion filed subsequent to the court's determination of the underlying sanction. *See Holgate v. Baldwin*, 425 F. 3d 671 (9th Cir. 2005) (upholding the grant of a motion for sanctions filed over two (2) months subsequent to the court's dismissal of the underlying claim).

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants' reliance on *Islamic Shura Council of S. Cal. v. FBI*, 757 F. 3d 870 (9th Cir. 2014) is inapposite. *Shura Council* is completely distinguishable from the instant circumstances. There, plaintiffs alleged that the Federal Bureau of Investigation and the Department of Justice misled the Court by declaring that they had produced all responsive documents in response to a FOIA request from plaintiffs, but later admitted that they had withheld some responsive documents in the interest of national security. 278 F.R.D. 538, 540-541 (C.D. Ca. 2011). The court ultimately determined that the responsive documents that had been withheld were, in fact, properly withheld from plaintiffs based upon national security concerns. *Id*. Thus, although defendants had arguably provided misleading statements to the court, the plaintiffs were not actually damaged by the misinformation.

Here, in contrast, Defendants' conduct relates to affirmative misrepresentations made to the Court, not mere failure to comply with FOIA procedure. Defendants also proactively filed a TRO Motion with the Court, premised upon the false contention that Defendants had a proprietary and confidentiality interest in the Syked Eliminator Cable and its corresponding schematics and files. Plaintiff was thereby forced to incur significant, unnecessary costs in connection with its opposition to Defendants' Motion.

Further, Plaintiff did not have any opportunity to discover that Defendants had misled Plaintiff and the Court prior to the Court's issuance of its decision, precisely due to Defendants dishonesty and obfuscation. Rather, Plaintiff first became aware of the fact that Defendants did not have any proprietary or confidentiality interest in the Syked Eliminator Cable and its schematics until Plaintiff took the deposition of the Kevin Sykes-Bonnett on Sept. 25, 2018, after the Court had made its ruling on Defendants' TRO Motion, and after Plaintiff had unnecessarily incurred substantial costs in opposing the motion. Defendants should not get a pass on making

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

intentionally false and misleading statements to the Court merely because Plaintiff was unable to determine the untruthful nature of those claims until after the Court's ruling. Such a determination would reward dishonesty and deceit, creating an absurd precedent that allows a party to mislead the Court with impunity if they are unsuccessful in the underlying motion in which the misstatements were made.

## II.     Defendants' TRO Motion was Limited to the Syked Eliminator Cable and Related Files

Defendants disingenuously argue that the scope of their TRO Motion extended beyond the schematics, documents and files related to the Syked Eliminator Cable in support of their baseless arguments that Plaintiff is in some way misleading the Court and that Defendants' TRO Motion is somehow valid despite its deceptive foundation. As a cursory review of Defendants' TRO Motion demonstrates this argument is simply untrue. The TRO Motion did not identify any confidential information, other than the schematics, documents and files related to the Syked Eliminator Cable, over which it sought protection. Likewise, during the August 29, 2018 hearing on the TRO Motion, Whitaker made specific statements in Court exclusively pertaining to Plaintiff's possession of the documents relating to the Syked Eliminator Cable, and nothing else.

Furthermore, Plaintiff has been completely forthcoming and transparent with regard to the documents and communications with the anonymous informant, and Plaintiff provided Defendants with all documents, communications and files it obtained from its anonymous informant. And Plaintiff has repeatedly represented to Defendants, as well as on the record, that Plaintiff produced to Defendants all the documents it received from the anonymous informant. In connection with Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Consolidated Memorandum in Support, Plaintiff specifically noted

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

that Plaintiff provided all communications with the informant, as well as all documents provided by the informant, to Defendants via discovery. Dkt. 62, f.n.1. Plaintiff also reiterated this fact before the Court during the August 29, 2018 hearing. See Hearing Tr. 39: 14-16 ("We have produced everything we have with this anonymous informant.")

Defendants' assertion that they do not know or have access the full scope of documents and information Plaintiff obtained from the anonymous informant is therefore belied by the record and constitutes nothing more than a feeble attempt to justify their entirely improper and unethical filing of the TRO Motion and ongoing arguments in support thereof.

**III.     Sanctions are Appropriate under 28 U.S.C. § 1927 and the Court's Inherent Power**

Finally, as set forth in greater detail in Plaintiff's Motion for Sanctions, this Court has the authority to impose sanctions outside the scope of Rule 11 in order to deter conduct that, like the conduct of defendants and opposing counsel in the instant matter, undermines the integrity of the court and judicial system. In particular, the court may award sanctions under 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and under the court's inherent power." *Lozano v. Yee Cabrera*, 678 Fed. Appx. 511, 513 (9th Cir. 2017), *citing Fink v. Gomez*, 239 F. 3d 989, 991 (9th Cir. 2001). Additionally, in *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962), "the U.S. Supreme Court recognized the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express v. Piper*, 447 U.S. 752, 765 (1980).

Here, sanctions against defense counsel are entirely justified under 28 U.S.C. § 1927 and this Court's inherent powers. Defendants and defense counsel acted in bad faith in bringing the TRO Motion, which was premised upon the false notion that Plaintiff was in possession of

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants' confidential information relating to the Syked Eliminatory Cable.  Defendants' later deposition testimony uncontrovertibly revealed that not only was the information at issue not confidential to Defendants, it was not confidential to anyone.  Any confidentiality associated with the Syked Eliminator Cable and its schematics and related files that may have existed was waived when Ken provided that information to Defendants without any corresponding confidentiality or privacy agreement.

In fact, at deposition, John Martinson testimony that he was not aware of any confidentiality restrictions associated with the Syked Eliminator Cable.  At deposition, Mr. Martinson testified as follows:

Q: The diagrams or schematics and layouts and Gerber files associated with the Syked Eliminator Cable is not confidential information of Syked, is it?

A: Sorry, I blanked.  Can you please repeat the question.

(Question on Page 84, Lines 17-19 read by the reporter.)

A: I don't believe so.

It's not -- the hard -- the cable design is not owned by Syked ECU Tuning, correct?

A: Correct.

Q: So you would agree with me that -- well, strike that.  Syked ECU Tuning does not have any agreement with Ken to maintain any confidentiality of Ken's diagrams and layouts or schematics of his Syked Eliminator Cable; is that right?

A: I don't know.

Q: Well, you said earlier there was no agreement between Ken and Syked EDU Tuning relating to the Syked Eliminator Cable; is that right?

A: I don't recall. Yeah.

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Q: You're not aware of one?

A: I don't recall.

Martinson Tr. 84:17-85:18

Consequently, Defendants did not know of or recall any restrictions or confidentiality obligations associated with the schematics and files relating to the Syked Eliminator Cable. Therefore, Defendants' claims of confidentiality are overstated and any confidentiality which may have existed over the information has been waived by virtue of the dissemination of those documents to Defendants without restrictions on use or confidentiality in the first instance.

Furthermore, contrary to Defendants' claims, no finding of bad faith is required for sanctions under § 1927. In *Fink v. Gomez,* the Ninth Circuit held that recklessness alone "suffices for sanctions under § 1927, but bad faith is required for sanctions under the court's inherent power." 239 F. 3d at 993. Thus, even if defense counsel contends that it did not act in bad faith in asserting a confidentiality interest over information which was not confidential to anyone, defense counsel was completely reckless in not making a reasonable inquiry to verify its motion. Indeed, as set forth above, Plaintiff was able to easily determine the lack of veracity of the information by merely posing the question to Defendants at deposition. Accordingly, Defendants and defense counsel are also subject to sanction under the Court's inherent authority and under 28 U.S.C. § 1927 and must be held accountable for their deceitful actions which have prejudiced Plaintiff and undermined the integrity of this Court.

## **CONCLUSION**

In consideration of the foregoing, this Court should GRANT Plaintiff's Motion for Sanctions.

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

| | | |
|---|---|---|
| 1 | Dated: December 7, 2018 | Respectfully submitted, |
| 2 | | *s/ Stephen G. Leatham* |
| 3 | | Stephen G. Leatham, WSBA #15572<br>HEURLIN, POTTER, JAHN, LEATHAM, |
| 4 | | HOLTMANN & STOKER, P.S.<br>211 E. McLoughlin Boulevard, Suite 100 |
| 5 | | Vancouver, WA 98663<br>Telephone: (360) 750-7547 |
| 6 | | Fax: (360) 750-7548<br>E-mail:  sgl@hpl-law.com |
| 7 | | |
| 8 | | *s/ Andrew P. Bleiman*<br>Andrew P. Bleiman |
| 9 | | (admitted *pro hac vice*)<br>MARKS & KLEIN, LLP |
| 10 | | 1363 Shermer Road, Suite 318<br>Northbrook, Illinois 60062 |
| 11 | | Telephone: (312) 206-5162<br>E-mail:  andrew@marksklein.com |
| 12 | | |
| 13 | | *Attorneys for HP Tuners, LLC* |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION FOR SANCTIONS - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I caused the foregoing to be electronically filed with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com
Attorney for HP Tuners, LLC

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547