1

2

3

4          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5                  AT TACOMA

6    HP Tuners, LLC,

7                               Plaintiff,          Case No. 3:17-cv-05760-BHS

8          v.                                       ORDER DENYING MOTION TO
                                                    QUASH
     Sykes-Bonnett, et al.,
9

10                             Defendants.

11         District Judge Benjamin H. Settle referred to the undersigned magistrate judge all

12   discovery matters in this intellectual property case between plaintiff HP Tuners, LLC, and

13   defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John Martinson. Plaintiff alleges

14   violations of the Computer Fraud and Abuse Act, misappropriation of trade secrets under state

15   and federal law, and several other causes of action. This order concerns a motion to quash by the

16   defendants, Dkt. 121. For the reasons discussed below, the Court will deny the motion with

17   directions to modify the subpoena.

18                                    DISCUSSION

19         Defendants brought a motion to quash plaintiff's subpoena of information from a third

20   party, TeamViewer US, LLC. Dkt. 121. They assert that the Court should quash the subpoena

21   because it is overbroad, requests irrelevant information, and could lead to disclosure of trade

22   secrets and other confidential information, including customers and industry contacts. *Id.*

23         Under Rule 26, parties may obtain discovery on any non-privileged matter that is relevant

24   to any party's claim or defense and proportional to the needs of the case. The factors involved in

25

ORDER DENYING MOTION TO QUASH - 1

proportionality are the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A party may move to quash a subpoena. The Federal Rule of Civil Procedure require the Court to "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The Court will also quash or modify a subpoena that would require disclosure of information that falls outside discovery permitted by Rule 26. *See Bastida v. Nat'l Holdings Corp.*, 2016 WL 6472648, at *1 (W.D. Wash. 2016) (unpublished) (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779–80 (9th Cir. 1994)).

"Ordinarily," however, "a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena." *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D.P.R. 2006). Courts recognize an exception when the movant "claims a personal right or privilege with respect to the discovery sought in the subpoena." *Emara v. Multicare Health Sys.*, 3:11-CV-6055-RBL, 2012 WL 5205950, at *2 (W.D. Wash. Oct. 22, 2012). The Ninth Circuit has not clarified whether a party ever has standing to quash a subpoena to a third party. *Silcox v. AN/PF Acquisitions Corp.*, 2018 U.S. Dist. LEXIS 53536, at *4 (W.D. Wash. 2018) (unpublished) (citing I*n re Rhodes Cos., LLC*, 475 B.R. 733, 738-40 (D. Nev. 2012)).

Here, the Court assumes, without deciding, that the defendants have standing to bring a motion to quash the subpoena directed at TeamViewer, a non-party, based on defendants'

ORDER DENYING MOTION TO QUASH - 2

1   assertion that the subpoena requests defendants' confidential information. Nonetheless,

2   defendants fail to establish that the subpoena should be quashed.

3          Defendants assert that the subpoena to TeamViewer is overbroad, seeks irrelevant and

4   duplicative information, and will cause disclosure of defendants' trade secrets. Dkt. 132, p. 2.

5   The Court finds that defendants' arguments to do not justify quashing the subpoena. However, to

6   address defendants' concern with overbreadth the Court will direct that plaintiff identify a date

7   range for the records it seeks.

8          Plaintiff has demonstrated that TeamViewer is likely to produce relevant evidence in

9   response to the subpoena. Specifically, plaintiff cites Ellis Groo's statement in a deposition that

10  defendant Kevin Sykes-Bonnett used TeamViewer to unlawfully generate HP Tuners credits to

11  sell to Groo for use with the HP Tuners interface; Mr. Sykes-Bonnett's statement that he used

12  TeamViewer to generate HP Tuners keys for third parties; and screenshots of TeamViewer

13  sessions, which plaintiff obtained from an unknown person, purporting to show plaintiff's

14  intellectual property on Mr. Sykes-Bonnett's computer. Dkt. 125. Evidence corroborating Mr.

15  Groo's and Mr. Sykes-Bonnett's statements and the screenshots, and showing when these

16  sessions took place, would be relevant to plaintiff's claims that defendants appropriated and sold

17  plaintiff's proprietary information. Fed. R. Civ. P. 26; *see* First Amended Complaint, Dkt. 35.

18         Defendants have not shown that the subpoena is duplicative. Defendants' assertion on

19  this point—that the evidence they have already produced gives plaintiff the same information

20  that plaintiff would obtain through the subpoena, with the exception of defendants' trade

21  secrets—is entirely conclusory. Plaintiff points out that defendants have not produced any

22  records relating to the TeamViewer sessions and that Mr. Sykes-Bonnett's answers about those

23  sessions in a deposition were uninformative. Defendants do not explain how their PayPal records

24

25

ORDER DENYING MOTION TO QUASH - 3

1   and unspecified other information they have disclosed would provide the type of information that

2   the subpoena seeks. *See* Dkt. 132, pp. 4-5.

3          Moreover, defendants' statements that they have been unable to find documents relevant

4   to plaintiff's requests to produce information about the TeamViewer sessions, and that Mr.

5   Sykes-Bonnett cannot remember such information, would seem to favor the subpoena to

6   TeamViewer by showing its necessity. *See id.*, p. 5.

7          Finally, defendants have not shown that confidentiality of information warrants quashing

8   the subpoena.

9          Even when a subpoena will require disclosure of trade secrets or other confidential

10  information, the Court has discretion to grant or deny a motion to quash it. Fed. R. Civ. P.

11  45(d)(3)(B). As this Court has explained:

12         There is "no absolute privilege for trade secrets and similar confidential
           information." *Fed. Open Market Comm. v. Merrill*, 443 U.S. 340, 362 (1979)
13         (citation omitted). The court must, in its sound discretion, balance the harm from
           disclosing the information, the requesting party's need for the information, and
14         the effectiveness of possible safeguards for the information. *E.g.*, *Centurion
           Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-26 (10th Cir. 1981).
15         The court can order "production under specified conditions" if the party issuing
           the subpoena shows "a substantial need for the testimony or material that cannot
16         be otherwise met without undue hardship." Fed. R. Civ. P. 45(c)(3)(C)(i) [now
           Fed. R. Civ. P. 45(d)(3)(C)(i)].

17  *In re eBay Seller Antitrust Litig.*, No. C09-0735RAJ, 2009 WL 10677051, at *4 (W.D. Wash.

18  Aug. 17, 2009).

19         The Court previously granted defendants' motion to quash a subpoena that requested

20  from non-party Verizon Wireless "all of Sykes-Bonnett's call information from January 1,

21  2016." Dkt. 96. The Court quashed the subpoena because this request was "extremely

22  overbroad." The Court also found that "Defendants have established that they have an interest in

23  maintaining as confidential the identity of their customers and other communications." Dkt. 96,

24

25

ORDER DENYING MOTION TO QUASH - 4

1    p. 3. The Court found that the subpoena's request for "the name, address, and email address of

2    each incoming and outgoing communication . . . definitely includes content." *Id.* The Court

3    further observed, however, that if plaintiff could identify "relevant individuals, email addresses,

4    or phone numbers" then "production of relevant, confidential information would proceed as

5    outlined in the parties' protective order (Dkt. 39) regardless of whether it was produced by a

6    third party." Dkt. 96, p. 3. Thus, the basis for the Court's order was the subpoena's overbreadth,

7    not solely the confidentiality of the contact information that might be uncovered.

8          Here, the balance of plaintiff's need and likely harm to defendants is quite different. The

9    parties appear to agree that the "log files" from defendants' TeamViewer accounts, which the

10    subpoena requests, will enable plaintiff to identify customers and independent contractors whom

11    defendants dealt with on TeamViewer. *See* Dkt. 125, p. 3. Thus, as in the prior subpoena that the

12    Court quashed, plaintiff's subpoena seeks information that may be confidential. *See* Dkt. 96, p. 3.

13          However, unlike the prior subpoena seeking all of Sykes-Bonnett's phone-call

14    information for over two years, the subpoena here is not overbroad except in its lack of time

15    restrictions. Further, plaintiff has shown need -- plaintiff has shown that the subpoena seeks

16    relevant information that plaintiff has been unable to obtain through other discovery methods.

17    And to the extent that TeamViewer produces confidential information, defendants already have

18    an effective safeguard: the parties must proceed as the protective order and addendum to the

19    protective order instruct. *See* Dkt. 39, 118. Accordingly, the factors the Court uses in applying

20    Rule 45(d)(3)(B) weigh against the motion to quash. *See Centurion Indus.*, 665 F.2d at 325-26.

21          Defendants' objection that the subpoena is not narrowly tailored as to time is well-taken.

22    Plaintiff is directed to amend its subpoena to TeamViewer to provide a range of dates for each of

23    the categories of evidence it seeks.

24

25

With this qualification, the motion to quash, Dkt. 121, is DENIED.

DATED this 6th day of December, 2018.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO QUASH - 6