HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

    Plaintiff,

vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,

    Defendants.

CASE NO. 3:17-cv-05760-BHS

**PLAINTIFF HP TUNERS' UNOPPOSED MOTION FOR ISSUANCE OF LETTER ROGATORY TO THE QUEBEC SUPERIOR COURT**

**NOTING DATE: FEBRUARY 1, 2019**

Plaintiff HP Tuners, LLC ("HPT" or "Plaintiff"), by its attorneys, hereby moves the Court for an order to issue the accompanying Letter Rogatory to the Quebec Superior Court seeking information from Christopher Breton-Jean ("Breton-Jean"). In support thereof, Plaintiff states as follows:

## INTRODUCTION

HPT requests that the Court issue the accompanying Letter Rogatory to the Quebec Superior Court seeking documents and a deposition relevant to various issues in this litigation.

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Defendants Kevin Sykes-Bonnett ("Sykes-Bonnett"), Syked-Ecu Tuning, Inc. and John Martinson (collectively "Defendants") do not oppose HP Tuners' motion.

The issuance of this Letter Rogatory is necessary because the requested information is highly relevant to the issues of liability and damages and HPT's claims that Defendants have misappropriated its confidential and proprietary information. Christopher Breton-Jean is a former known contractor and colleague of Sykes-Bonnett and was intimately involved in the creation and implementation of Defendants' software and was involved with Defendants' business. Mr. Breton-Jean has knowledge regarding the creation and implementation of Defendants' software and the misconduct alleged by HPT herein.

Consequently, HPT respectfully requests that the Court grant this motion and issue the Letter Rogatory.

**RELEVANT BACKGROUND**

On September 20, 2017, Plaintiff initiated litigation against Defendants claiming that Defendants misappropriated HPT's proprietary software, systems and source code, reverse engineered the software, release cracked versions of HPT's software, unlawfully sold thousands of credits for use in HP HPT's software, created and sold fraudulent application keys to unlock Plaintiff's software, and publicly disclosed Plaintiff's confidential information. Dkt. 35, ¶¶ 56-81. Upon commencing litigation, Plaintiff was aware of Defendants' unlawful possession and use of HPT's proprietary and confidential information based, in part, on online public posts and communications by Defendant Sykes-Bonnett, but Plaintiff was not aware how, or from whom, Defendants had acquired that information. During the course of discovery, Defendants' persistent failure to produce relevant, unprivileged documents and information to Plaintiff and

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

continued obstruction of Plaintiff's reasonable discovery requests further precluded Plaintiff from determining the true nature of Defendants' misdeeds.

However, as previously detailed in prior pleadings filed by Plaintiff, in August 2018, an anonymous informant provided HPT with detailed and comprehensive evidence demonstrating (1) Defendants' possession of HPT's confidential and proprietary information, and (2) that Defendants had acquired HPT's confidential and proprietary information from former HPT's owner Ken Cannata.

HPT seeks to discover documents and testimony from Mr. Breton-Jean concerning his knowledge of Defendants' misappropriation of HPT's confidential and proprietary information. Moreover, various documents suggest a connection between the anonymous informant and Mr. Breton-Jean; therefore, Plaintiff wishes to examine Mr. Breton-Jean on these issues.

## ARGUMENT

### I. LETTERS ROGATORY ARE THE PROPER METHOD FOR A U.S. COURT TO SEEK DISCOVERY IN A FOREIGN JURISDICTION.

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *1-*2 (N.D. Cal. May 17, 2012) (granting motion for issuance of letters rogatory seeking discovery from an entity in Taiwan); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). The decision to issue such a letter is within the Court's

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

discretion, *U.S. v. Wedding*, No. 08-2386, 2009 WL 1329146, at *1, and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26.  *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *see also Barnes & Noble*, No. 11-2709, 2012 WL 1808849, at *2 ("A court's decision whether to issue a letter rogatory [compelling deposition testimony] . . . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.").

Here, HP Tuner's use of a letter rogatory is the appropriate and sanctioned method of obtaining discovery from Canadian residents and entities.[1]  Where a document custodian is located in a nation, like Canada, that is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,[2] letters rogatory are particularly appropriate.  *See, e.g.*, *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-5385, 2007 WL 1815472, at *1 (N.D. Cal. June 20, 2007) ("[T]he Taiwanese lawyers were residents of a foreign nation that is not a signatory to the Hague Convention.  Therefore, the appropriate method for requiring their appearance is the letter rogatory."); *Netherby Ltd. v. Jones Apparel Grp. Inc.*, No. 04-7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (acknowledging that under Rule 28(b) of the Federal Rules of Civil Procedure, U.S. courts may

---

[1]   *See* Federal Rule of Civil Procedure 4(f)(2)(B); Federal Rule of Civil Procedure 28(b)(1)(B); the All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Vienna Convention on Consular Relations, art. 5(j), Apr. 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. No. 6820.

[2]   *See, e.g.*, U.S. Department of State, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/canada.html (noting that Canada is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters); Hague Convention,

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

issue letters rogatory for the purpose of taking discovery from Canada-based entities and granting motion for letters rogatory); *see also U.S. v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant to defendant's case).

## II. LETTERS ROGATORY ARE APPROPRIATE UNDER CANADIAN LAW.

HPT's request complies with Canadian law. The Canada Evidence Act specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court. R.S.C.1985, c. C-5 §§ 46, 51. Judicial assistance between the United States and Canada is also governed by Article 5 of the Vienna Convention on Consular Relations, dated April 24, 1963 ("Vienna Convention"), which provides that a letter rogatory is an appropriate method for requesting evidence located in a foreign state. Vienna Convention, art. 5(j); 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. 6820. Pursuant to these authorities, once a letter rogatory is sent by the State Department to the Appropriate Judicial Authority of Canada, the Judicial Authority of Canada has the power to transmit the letter to the relevant Canadian residents and entities. *Id.*; R.S.C.1985, c. C-5 §§ 46, 51.

## III. HPT SEEKS RELEVANT DISCOVERY THROUGH THE PROPOSED LETTER ROGATORY.

As the proposed letter rogatory attached hereto as Exhibit A demonstrates, the discovery requested from Christopher Breton-Jean is relevant to the claims and defenses in this litigation. Christopher Breton-Jean is a former known contractor and colleague of Sykes-Bonnett and was intimately involved in the creation and implementation of Defendants' software and was

---

http://www.hcch.net/index_en.php?act=states.details&sid=28 (listing Conventions Canada has ratified; "Taking of Evidence Abroad in Civil or Commercial Matters" not listed).

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

involved with Defendants' business. Mr. Breton-Jean has detailed and specific knowledge regarding the creation and implementation of Defendants' software and the misconduct alleged by HPT herein. Likewise, upon information and belief, Mr. Breton-Jean has knowledge concerning the anonymous informant that provided HPT with documents and information demonstrating Defendants' possession of HPT's confidential and proprietary information and Defendants' misuse and misconduct relating to same.

The proposed Letter Rogatory to the Quebec Superior Court for HPT seeks information regarding Mr. Breton-Jean's communications, dealings and work with Defendants. Moreover, the proposed Letter Rogatory seeks:

(a) documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning which evidence, refer or relate to application keys and/or HP Tuners tuning credits from January 1, 2015 to the present;

(b) documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning from January 1, 2015 to the present; and

(c) documents and communications which evidence, refer or relate to HP Tuners, the VCM Suite Software and/or HP Tuners interfaces and/or credits from January 1, 2015 to the present.

As a known contractor and colleague of Defendants, Christopher Breton-Jean is likely to have information regarding these issues. The information is relevant to the parties' claims and defenses. Although Defendants have produced limited documents and information relating to Mr. Breton-Jean, HPT is seeking documents and information on these issues that likely remains

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

in the possession, custody and control of Mr. Breton-Jean. Likewise, HPT is likely to obtain additional evidence and testimony directly from Mr. Breton-Jean that Defendants have not produced and which is not duplicative of documents and information produced by Defendants. In fact, on information and belief, Mr. Breton-Jean likely possesses information regarding the anonymous informant that provided HPT with various documents and information relating to Defendants and which is not available by other known means. Consequently, the proposed Letters Rogatory seeks highly relevant and material information bearing specifically on the claims and defenses asserted in this matter.

## **CONCLUSION**

For the foregoing reasons, HPT respectfully requests that the Court approve, date, sign and seal the proposed Letter Rogatory accompanying HPT's Motion. The documents and topics for deposition requested by HPT are set forth in the proposed Letter Rogatory, which is attached as Exhibit A. After the Court signs the Letter Rogatory, HPT further requests that the Clerk authenticate the Court's signature by affixing the Court's seal thereto, and that the Letter Rogatory be thereafter returned by the Clerk to counsel for HPT so that the Letter Rogatory may be promptly transmitted to the Appropriate Judicial Authority of Canada for execution.

Dated: February 1, 2019                                Respectfully submitted,


*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE
OF LETTER ROGATORY - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com
Attorney for HP Tuners, LLC

PLAINTIFF HP TUNERS' MOTION FOR ISSUANCE OF LETTER ROGATORY - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547