# EXHIBIT A

HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability)
company,                                     )     CASE NO.  3:17-cv-05760-BHS
                                             )
                    Plaintiff,               )
                                             )     **LETTER ROGATORY TO THE**
         vs.                                 )     **QUEBEC SUPERIOR COURT**
                                             )
KEVIN SYKES-BONNETT and SYKED                )
ECU TUNING INCORPORATED, a                   )
Washington corporation, and JOHN             )
MARTINSON,                                   )
                                             )
                    Defendants.              )
_____)

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF CANADA:**

The United States District Court for the Western District of Washington at Tacoma presents its compliments to the Quebec Superior Court, Canada and respectfully requests international judicial assistance to obtain evidence to be used in the above-captioned civil action proceeding before this Court. This Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon CHRISTOPHER BRETON-JEAN, to appear before a person empowered under the laws of the Province of Quebec to administer oaths and take testimony forthwith, to give testimony under oath or

**LETTER ROGATORY** - page 1

affirmation by questions and answers upon oral examination in respect of the matters and issues identified in Schedule A, and permit the parties to create a written transcript and video recording of such testimony. This Court has also determined that it would further the interests of justice if by the proper and usual process of your Court, you summon CHRISTOPHER BRETON-JEAN to produce copies of the documents in their possession, custody or control that are identified in Schedule B.

The applicant for this letter is HP Tuners, LLC. Canadian counsel is available to answer any questions the Canadian Court may have.

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State); the Code of Civil Procedure, C.Q.L.R. c. C-25.01, art. 504 to 506; and the Canada Evidence Act, R.S.C., 1985, c. C-5.  The United States District Court for the Western District of Washington, Tacoma Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

On information and belief, CHRISTOPHER BRETON-JEAN is a resident of and is employed in Quebec City, Quebec.  CHRISTOPHER BRETON-JEAN has or is likely to have possession of documents specified in Schedule B and knowledge of the subject matter specified in Schedule A herein.

The testimony and production of documents are intended for use at trial or directly in the preparation of trial, and in the view of this Court, will be relevant to claims and defenses in the

**LETTER ROGATORY** - page 2

case, including Plaintiff HP Tuners's allegations of misappropriation of HP Tuners' confidential and proprietary information.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a Canadian court. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of these persons and, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Quebec Superior Court.

1. **SENDER**

   Honorable Judge Benjamin H. Settle
   United States District Judge
   United States District Court for the Western District of Washington
   1717 Pacific Avenue,
   Tacoma, WA 98402-3200
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

   Quebec Superior Court
   300 Jean Lesage Blvd.
   Quebec City (Quebec) G1K 8K6
   Canada

3. **PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

   Andrew P. Bleiman
   Marks & Klein, LLP
   1363 Shermer Road, Suite 318
   Northbrook, Illinois 60062
   (312) 206-5162

andrew@marksklein.com

Michel Ménard
LAPOINTE ROSENSTEIN MARCHAND MELANÇON, L.L.P.
1 Place Ville Marie, Suite 1300
Montreal, Quebec, Canada  H3B 0E6
michel.menard@lrmm.com

**4.   SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY
REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

A response is requested as soon as possible, in order to ensure that the evidence may be

obtained before the deadline for discovery in this case, currently set for July 1, 2019.

**5.   NAMES AND ADDRESSES OF THE PARTIES AND THEIR
REPRESENTATIVES OF THE CASE (ARTICLE 3(B))**

The evidence requested relates to the action *HP Tuners, LLC v. Kevin Sykes-Bonnett, Syked*

*ECU Tuning, Inc. and John Martinson,* Case No. 3:17-cv-05760-BHS (W.D. Wash.), United

States District Court for the Western District of Washington at Tacoma.

The parties and their representatives are listed herein as follows:

a.   Plaintiff HP Tuners, LLC

*Represented by*:

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman
Marks & Klein, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062

(312) 206-5162
andrew@marksklein.com

Defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc. and John Martinson:

*Represented by*:

Philip P. Mann
Mann Law Group
107 Spring St.
Seattle, WA 98104
206-436-0900 tel
206-855-8839 dir
866-341-5140 fax
phil@mannlawgroup.com

**6. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS**

 **a. Nature and Purpose of the Claims**

Plaintiff HPT is in the business of providing cost effective automobile tuning and data acquisition solutions for individuals and professional automobile shops nationwide. See Plaintiff's First Amended Complaint, dated April 30, 2018 (the "FAC"), ¶¶ 5, 12. HPT's confidential and proprietary software, source code, license key generator, and other offerings have been developed and extensively refined by HPT at a substantial cost and effort, and constitute the confidential information and valuable trade secrets of HPT (collectively, the "Confidential Information"). FAC ¶¶ 20-23. HPT has taken substantial steps and security measures to protect its Confidential Information and to maintain the secrecy of its proprietary products, source code, software, and offerings. FAC ¶¶ 24-25.

In gross violation of Plaintiff's statutory and common law rights intellectual property rights, Defendants hacked HPT's proprietary software, systems and source code, removed

**LETTER ROGATORY** - page 5

licensing restrictions from the software, unlawfully distributed the fraudulent HPT product for their own profit, and publicly disclosed HPT Confidential Information in an attempt to damage Plaintiff. FAC ¶¶ 29-81. On September 20, 2017, Plaintiff filed suit against Defendants seeking monetary and injunctive relief for state and federal statutory violations, breach of contract, and tortious interference seeking substantial damages in amounts to be proven at trial. FAC ¶¶ 82-166.

### b. CHRISTOPHER BRETON-JEAN

Christopher Breton-Jean is a former known contractor and colleague of Sykes-Bonnett and was intimately involved in the creation and implementation of Defendants' software and was involved with Defendants' business. Mr. Breton-Jean has detailed and specific knowledge regarding the creation and implementation of Defendants' software and the misconduct alleged by HPT in its First Amended Complaint. Likewise, upon information and belief, Mr. Breton-Jean has knowledge concerning the anonymous informant that provided HPT with documents and information demonstrating Defendants' possession of HPT's confidential and proprietary information and Defendants' misuse and misconduct relating to same.

Mr. Breton-Jean has knowledge regarding his communications, dealings and work with Defendants. Moreover, Mr. Breton-Jean possesses:

(a) documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett and/or Syked ECU Tuning which evidence, refer or relate to application keys and/or HP Tuners tuning credits from January 1, 2015 to the present;

(b) documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett and/or Syked ECU Tuning from January 1, 2015 to the present; and

(c) documents and communications which evidence, refer or relate to HP Tuners, the VCM Suite Software and/or HP Tuners interfaces and/or credits from January 1, 2015 to the present.

## 7. EVIDENCE TO BE OBTAINED AND PURPOSE

The evidence to be obtained consists of documents for use at trial or in preparing for trial in this matter. HPT has also requested oral testimony from Christopher Breton-Jean.

I conclude that Christopher Breton-Jean has information that is directly relevant to HPT's claims and damages, which HPT cannot obtain by any other means.

The Court concludes that it is in the interests of justice for Christopher Breton-Jean to be examined on the topics listed in Schedules A and to produce the documents listed in Schedule B. On the issue of the documents to be produced in Schedule B, the Court appreciates that some of the documents requested could be in the possession, custody, or control of Defendants. However, the Court considers production of the documents in Schedules B to be fair, appropriate and necessary in the circumstances having regard to the litigation timetable in this proceeding. With regard to the litigation timetable, Defendants have not yet completed their production of relevant documents, and under this Court's Scheduling Order, fact discovery does not close until July 1, 2019. It would be inefficient, cumbersome and contrary to a proper administration of justice and use of judicial resources to require HPT to first obtain a complete document production from Defendants and only then seek Letters of Request for production from Christopher Breton-Jean.

**LETTER ROGATORY** - page 7

I appreciate that some of the documents in Schedules B, and the testimony sought in Schedules A, may call for confidential, or trade secret information. In connection with these proceedings pending in the Western District of Washington, the Court has entered a Protective Order governing this case, and it extends to the document productions or testimony of third parties including Christopher Breton-Jean. A copy of the governing protective order (as amended) is attached hereto as Exhibit 1.

Christopher Breton-Jean is neither domiciled nor doing business in the United States. Thus, this Court cannot directly compel them to provide the requested testimony and documents.

It is, therefore, respectfully requested that the Quebec Superior Court compel the appearance of  Christopher Breton-Jean to provide testimony in response to Schedule A and to produce documents responsive to the requests for production in Schedule B to this Letter of Request, to the extent that they are in their possession, custody, or control, and are not privileged under the applicable laws of Canada or the United States.

The requested documents and testimony are needed for use at trial in connection with the parties' claims and defenses. While this Court expresses no view at this time as to the merits in the above-captioned case, it believes the evidence sought here will be relevant to and either probative or disprobative of material facts relevant to the parties' claims and defenses.

**8.  IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED**

The identity and address of the person to be examined is set forth below. The address provided are based on currently available information, and may be supplemented.

CHRISTOPHER BRETON-JEAN
1257 Boulevard Charest O,
Québec, QC G1N 2C9,
Canada

### 9.  STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON WILL BE EXAMINED

This Court requests that questioning be permitted of CHRISTOPHER BRETON-JEAN regarding the topics listed in Schedule A to this Letter of Request.

### 10. DOCUMENTS AND OTHER EVIDENCE TO BE EXAMINED

It would further the interests of justice if you would summon CHRISTOPHER BRETON-JEAN to produce or make available for inspection the documents set forth in Schedule B to this Letter of Request.

### 11. REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION

It would further the interests of justice if, by the proper and usual process of your Court, you summon CHRISTOPHER BRETON-JEAN to appear before a person empowered under the laws of the Province of Quebec to administer oaths and take testimony and give testimony under oath or affirmation on the topics listed in Schedule A by questions and answers upon oral examination at a convenient location in Quebec City, Quebec.

### 12. SPECIAL PROCEDURES OR METHOD TO BE FOLLOWED

The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of Canada. This Court further requests: (1) that the examination be taken orally; (2) that the examination be taken before a commercial stenographer and videographer selected by HPT; (3) that the videographer be permitted to record the examination by audiovisual means; (4) that the stenographer be allowed to record a verbatim transcript of the

examination; (5) that the examination be conducted in English, or, if necessary, with the assistance of an interpreter selected by HPT; (6) that, if the examination is conducted through an interpreter, verbatim transcripts of the proceeding in both English and French be permitted; (7) that the witness be examined for no more than ten and a half (10.5) hours if the witness requires an interpreter or seven (7) hours if the witness does not require an interpreter; (8) that the time allotted for the examination be divided equally between HPT and Defendants; (9) that the witness be examined as soon as possible; and (10) that the documents requested in Schedule B be communicated to counsel of the law firm Marks & Klein, LLP fifteen (15) days prior to the examination.

In the event that the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the laws of Canada for the formal taking of testimonial evidence.

### 13. REQUEST FOR NOTIFICATION

We respectfully request that any order made by the Court will require the examining party to send notice of the time and place for the taking of testimony, and to provide copies of the transcript and video recording of such deposition and copies of the documents produced to the parties' representatives as identified in Section 5 above and to:

      Honorable Judge Benjamin H. Settle
      United States District Judge
      United States District Court for the Western District of Washington
      1717 Pacific Avenue,
      Tacoma, WA 98402-3200
      United States of America

**14. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST**

None.

**15. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**16. REIMBURSEMENT**

The fees and costs incurred in the execution of this Request which are reimbursable will be borne by the above-named Plaintiff, HP Tuners, LLC. HP Tuners is willing to reimburse the reimbursable fees and costs incurred by CHRISTOPHER BRETON-JEAN in complying with any order of the Quebec Superior Court giving effect to this Request for International Judicial Assistance.

Dated: _____

_____
The Honorable Judge Benjamin H. Settle
United States District Judge

**SCHEDULE A**

**TOPICS OF EXAMINATION FOR THE DEPOSITION
OF CHRISTOPHER BRETON-JEAN**

It is respectfully requested that CHRISTOPHER BRETON-JEAN be compelled to testify, under oath or affirmation, on the following topics for use at trial:

1. Mr. Breton-Jean's communications and relationship with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.;

2. The services performed by Mr. Breton-Jean for Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.;

3. Mr. Breton-Jean's involvement, dealings and/or work with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.;

4. Mr. Breton-Jean's involvement, dealings and/or work in connection with the creation, development and/or implementation of software and/or hardware products of Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.;

5. The payments received by Mr. Breton-Jean from Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc., including any and all PayPal records reflecting same;

6. Mr. Breton-Jean's knowledge regarding HP Tuners application keys and/or HP Tuners tuning credits;

7. Mr. Breton-Jean's knowledge regarding Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.'s possession, use, misuse, misappropriation, generation and/or issuance of HP Tuners application keys and/or HP Tuners tuning credits;

8.  Mr. Breton-Jean's knowledge regarding TeamViewer sessions conducted by Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.;

9.  Mr. Breton-Jean's knowledge regarding HP Tuners' VCM Suite Software and interfaces;

10. Mr. Breton-Jean's knowledge regarding Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.'s possession, use, misuse and/or misappropriation of HP Tuners' VCM Suite Software and interfaces;

11. Mr. Breton-Jean's knowledge regarding Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc.'s possession, use, misuse and/or misappropriation of HP Tuners' confidential and proprietary information;

12. Mr. Breton-Jean's knowledge regarding hacked and/or cracked versions of HP Tuners' software and/or interfaces;

13. Mr. Breton-Jean's relationship and/or communications with witnesses identified in the Rule 26 disclosures of Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning, Inc. and other identified witnesses in this matter;

14. Mr. Breton-Jean's knowledge regarding the anonymous informant that provided information to HP Tuners;

15. All Internet Protocol (IP) Addresses used by Mr. Breton-Jean since January 1, 2015 and all documents showing internet protocol addresses used by Mr. Breton-Jean since January 1, 2015;

16. All documents and communications which evidence, refer or relate to Gregory Gilvach;

17. All telephone, internet and cable providers used by Mr. Breton-Jean since January 1, 2015;

18. Any bitcoin payments received by Mr. Breton-Jean since January 1, 2015; and

19. The documents produced in response to the letter rogatory.

**SCHEDULE B**

**DOCUMENTS TO BE PRODUCED BY CHRISTOPHER BRETON-JEAN**

It is respectfully requested that Christopher Breton-Jean be compelled to produce the following documents that are in his possession, custody or control, and which are not privileged under Canadian or United States law:

(a)   All documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning which evidence, refer or relate to services performed by Christopher Breton-Jean for Kevin Sykes-Bonnett and/or Syked ECU Tuning from January 1, 2015 to the present;

(b)   All documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning which evidence, refer or relate to application keys and/or HP Tuners tuning credits from January 1, 2015 to the present;

(c)   All documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts, with Kevin Sykes-Bonnett, John Martinson and/or Syked ECU Tuning from January 1, 2015 to the present; and

(d)   All documents and communications which evidence, refer or relate to HP Tuners, the VCM Suite Software and/or HP Tuners interfaces and/or credits from January 1, 2015 to the present; and

(e)   All documents and communications, including electronic mail communications, text messages, FaceBook messages and/or posts and PayPal records, which evidence,

refer or relate to payments made to Christopher Breton-Jean by Kevin Sykes Bonnett, John Martinson and/or Syked ECU Tuning from January 1, 2015 to the present.

(f)   All documents and communications, including billing records, which evidence, refer or relate to all Internet Protocol (IP) Addresses used by Mr. Breton-Jean since January 1, 2015;

(g)   All documents and communications which evidence, refer or relate to Gregory Gilvach; and

(h)   All documents and communications which evidence, refer or relate to all telephone, internet and cable providers used by Mr. Breton-Jean since January 1, 2015.

The word "document" or "documents" above should be interpreted in its broadest sense and include(s), but is not limited to, handwritten or electronic notes, memoranda, e-mails, calendar invitations and appointments, records of meetings, promotional and sales materials, planning and strategy documents, focus group information, press releases, analyst reports, competitive analyses, schematics, engineering drawings, product and performance specifications, teardown specifications, operational and service manuals, technical guides, electronic recordings, instant messages, phone messages, call recordings, source code and electronic files.