1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

                    Plaintiff,

     v.

KEVIN SYKES-BONNETT, et al.,

                    Defendants.

CASE NO. C17-5760 BHS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SANCTIONS AND
SCHEDULING FEE PETITION

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HP Tuners")

motion for sanctions.  Dkt. 124.  The Court has considered the pleadings filed in support

of and in opposition to the motion and the remainder of the file and hereby grants the

motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On August 21, 2018, Defendants John Martinson ("Martinson"), Syked ECU

Tuning Incorporated ("Syked Tuning"), and Kevin Sykes-Bonnett ("Sykes-Bonnett")

(collectively "Defendants") filed a motion for emergency temporary restraining order.

Dkt. 69.  In the motion, Defendants alleged that an anonymous hacker had provided HP

Tuners "with numerous confidential documents illegally obtained from Kevin Sykes-

Bonnett." Dkt. 69 at 3.  Defendants alleged that HP Tuners possessed "at least two

hardware design documents depicting highly confidential schematics and layouts for

ORDER - 1

1  Syked Tuning's newest hardware cable product." *Id.*  In support of the motion,

2  Defendants' counsel John Whitaker ("Whitaker") submitted a signed declaration

3  declaring in part that an attached exhibit "is a highly confidential hardware schematic

4  detailing parts of Syked Tunings hardware cable product."  Dkt. 71, ¶ 3.

5        On September 25, 2018, HP Tuners took the deposition of Sykes-Bonnett.  Dkt.

6  147-1.  In that deposition, Sykes-Bonnett testified that Defendants purchased Eliminator

7  Cables from Ken Cannata ("Cannata") and would then resell the cables to third parties.

8  *Id.* at 45.[1]  Sykes-Bonnett testified that Syked Tuning did not secure an exclusive license

9  with Cannata and that it was his understanding that Cannata would also sell the cables to

10  other parties.  *Id.* at 46–47.  Sykes-Bonnett testified that it was his understanding that

11  Syked Tuning did not own any of the intellectual property involved in the cables.  *Id.* at

12  214.

13        On September 26, 2018, HP Tuners took the deposition of Martinson.  Dkt. 147-2.

14  In that deposition, Martinson likewise testified that Syked Tuning did not own any of the

15  intellectual property involved in the cables.  *Id.* at 82.

16        On November 20, 2018, HP Tuners moved for sanctions arguing that Defendants

17  and Whitaker made material misrepresentations to the Court.  Dkt. 124.  On December 3,

18  2018, Defendants responded.  Dkt. 135.  On December 7, 2018, HP Tuners replied.  Dkt.

19  136.  On January 25, 2019, the Court requested documents HP Tuners cited in support of

20  its motion.  Dkt. 142.  On January 30, 2018, HP Tuners filed the documents.  Dkt. 147.

21

22      [1] Deposition pagination.

1

## II.  DISCUSSION

2   Federal Rule of Civil Procedure 11 states, in pertinent part, that when an attorney

3   presents a signed paper to a court, that person is certifying that to the best of his or her

4   "knowledge, information, and belief, formed after an inquiry reasonable under the

5   circumstances . . . the allegations and other factual contentions have evidentiary support

6   or, if specifically so identified, are likely to have evidentiary support after a reasonable

7   opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  "Rule 11 is

8   governed by an objective standard of reasonableness."  *William Villa v. Heller*, 885 F.

9   Supp. 2d 1042, 1055 (S.D. Cal. 2012) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d

10   823, 830 (9th Cir.1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx,*

11   *Corp.*, 496 U.S. 384 (1990)).  "Rule 11 sanctions must be assessed if the paper[] filed

12   with the court is 'frivolous, legally unreasonable, or without factual foundation, even

13   though the paper was not filed in subjective bad faith.'"  *Id.* (quoting *Zaldivar*, 780 F.2d

14   at 831).

15   In this case, HP Tuners' position is relatively straightforward.  Whitaker submitted

16   a declaration stating that Defendants possessed highly confidential cable products and

17   certain documents depicted those products.  These statements were later proven false by

18   Sykes-Bonnett and Martinson's depositions.  HP Tuners argues that, upon a reasonable

19   investigation, Whitaker could have determined that the cable was not his client's product

20   and the documents he was referring to did not contain his client's highly confidential

21   information.  The Court agrees with HP Tuners and also finds that Defendants'

22   arguments are without merit.

1    First, Defendants argue that they are entitled to "Rule 11's safe harbor provision."

2  Dkt. 135 at 3–4 (citing *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th

3  Cir. 2014)).  Defendants contend that this provision applies because Rule 11 motions may

4  not be filed after the Court resolves the underlying dispute.  *Id.*  This argument is

5  completely without merit in this case because the offending document is still on record,

6  and it appears the Defendants made no attempt to retract or correct the document.

7  According to Defendants, as long as the Court decides the motion that is supported by

8  offending documents before the Rule 11 motion is filed, there is no recourse for

9  recklessly or intentionally making a false statement to the Court.  This is not the law, and

10  it is at best an absurd argument to contend otherwise.

11    Second, Defendants argue that the confidentiality designation was appropriate.

12  Dkt. 135 at 5–6.  While this may be so, this argument at most supports the conclusion that

13  the allegedly confidential schematics depict some party's intellectual property.  The

14  propriety of a confidential designation does not undermine Whittaker's misrepresentation

15  to the Court.  Thus, the argument is without merit.

16    Third, Defendants argue that Whitaker did not mislead the Court because the

17  document he was referring to was marked "confidential."  Dkt. 135 at 7.  The fact that a

18  document is marked "confidential" does not necessarily mean that it depicts "a highly

19  confidential hardware schematic detailing parts of Syked Tuning's hardware cable

20  product."  Dkt. 71, ¶ 3.  A reasonable inquiry would have revealed, as Sykes-Bonnett and

21  Martinson testified to in their depositions, that Syked Tuning did not possess a highly

22  confidential hardware product.  This argument is also without merit.

1    The court was clearly intentionally or recklessly led to believe that the alleged

2  confidential information was owned by the Defendants. If the Defendants were seeking

3  injunctive relief because of some contractual or other legal obligation to a third party

4  (which they were not) then they would have had an obligation to include such facts in

5  their pleadings when seeking a temporary restraining order. In either case, this was a

6  breach of the Defendants' obligation not to mislead the Plaintiff and the Court. In sum,

7  HP Tuners has proven a clear case of an uncorrected misrepresentation to the Court that

8  could have been avoided with a reasonable inquiry, and is entitled to sanctions.

9    Regarding an award of sanctions, HP Tuners may file a petition for an award of

10  sanctions setting forth its reasonable costs incurred in bringing this motion and

11  responding to Defendants' emergency motion for temporary restraining order, which

12  relied on the offending document.  While the Court will not award all fees incurred in

13  responding to the latter motion, the Court will award a reasonable proportion of those

14  fees.  The petition shall be filed no later than March 29, 2019 and noted for consideration

15  on the Court's April 12, 2019 calendar.  Defendants may respond and address the

16  reasonableness of the requested fees, the egregiousness of the conduct, and Defendants

17  and Whitaker's ability to pay.[2]  *In re Yagman*, 796 F.2d 1165 (9th Cir.1986), *amended*,

18  803 F.2d 1085 (9th Cir.1986), *cert. denied*, 484 U.S. 963 (1987).  Any response shall be

19  filed no later than April 12, 2019.

20

21
_____

22  [2] The Court recognizes that Defendants have replaced Whitaker, but he is the offending attorney and shall be subject to these sanctions.

ORDER - 5

**III.   ORDER**

Therefore, it is hereby **ORDERED** that HP Tuners's motion for sanctions, Dkt.

124, is **GRANTED**.

Dated this 14th day of March, 2019.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6