HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO.  3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** |
| vs. | |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | <u>**NOTING DATE: APRIL 19, 2019**</u> |
| | <u>**ORAL ARGUMENT REQUESTED**</u> |
| Defendants. | |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff") for its Motion for Sanctions for Spoliation of Evidence in the form of a default judgment and/or such other relief as this Court deems appropriate and necessary pursuant to Fed. R. Civ. P. Rule 37 and the Court's inherent power, against defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John Martinson (collectively, "Defendants"), states as follows:

<u>**INTRODUCTION AND RELEVANT FACTS**</u>

Defendants' egregious act of spoliation arising from Kevin-Sykes Bonnett's ("Sykes-Bonnett" or "Defendant") admitted intentional destruction of highly relevant evidence subsequent to the initiation of litigation, and subsequent to Defendant being personally put on

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  notice to preserve evidence has irreparably prejudiced Plaintiff in this matter and other

2  proceedings, and must result in harsh sanctions to preserve the integrity of these proceedings.

3      On September 20, 2017, Plaintiff initiated litigation against Defendants claiming that

4  Defendants misappropriated HP Tuners' proprietary software, systems and source code, reverse

5  engineered the software, unlawfully sold thousands of credits for use in HP Tuners' software,

6  created and sold fraudulent application keys to unlock Plaintiff's software, and publicly

7  disclosed Plaintiff's confidential information.  Dkt. 35, ¶¶ 56-81.  Upon commencing this

8  litigation, Plaintiff was generally aware of Defendants' unlawful possession and use of HP

9  Tuners' proprietary and confidential information, but was not aware how, or from whom,

10  Defendants had acquired that information or specifically what proprietary and confidential

11  information of HP Tuners was possessed by Defendants.  In August 2018, HP Tuners acquired

12  detailed and comprehensive evidence demonstrating (1) Defendants' wrongfully possession of

13  HP Tuners' confidential and proprietary information, and (2) that Defendants had unlawfully

14  acquired it from Ken Cannata, a former owner of HP Tuners.

15      Defendant Kevin Sykes-Bonnett ("Sykes-Bonnett") confirmed this information during his

16  sworn deposition testimony.  In particular, Sykes-Bonnett testified that he had received a Lexar

17  portable flash drive from Ken Cannata in 2016 which contained HP Tuners' confidential and

18  proprietary information, including HP Tuners' highly confidential and proprietary key generation

19  tool.  *See* Deposition of Kevin Sykes-Bonnett, dated September 25, 2018 ("Sykes-Bonnett Tr."),

20  131:15-17 and 137:20-138:3, which has been previously filed of record under seal in this matter

21  at Dkt. 147, as Exhibit A to the Declaration.  Sykes-Bonnett could not specifically testify at

22  deposition and, to date, has failed to disclose or identify all of the contents of the flash drive he

23  possessed.  Sykes-Bonnett Tr., 146:22-147:12.

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

In this matter, Sykes-Bonnett admitted that he used the key generator to generate credits for third parties and that he derived revenues from his generation of unauthorized credits. Sykes-Bonnett Tr. 137:10-14 and 173:3-15. However, at deposition, Sykes-Bonnett claimed that he used the key generator that Ken Cannata provided to him to generate HP Tuners tuning credits for two individuals: Matt Kaiser of the Mustang Shop and an individual by the name of Ellis Groo. Sykes-Bonnett Tr., 173:3-15 and 281:23-282:11; *see also* Defendant's Responses to Plaintiff's Third Set of Interrogatories, which is attached as Exhibit 1 hereto.

Subsequent discovery in this case has revealed that Sykes-Bonnett's testimony was inaccurate in this regard and that Sykes-Bonnett actually had generated HP Tuning credits for and had given HP Tuning credits to several additional persons despite his sworn testimony. Consequently, the deposition testimony and answers to interrogatories provided which were limited to the disclosure of Mr. Kaiser/The Mustang Shop and Mr. Groo as the only persons to or for whom HP Tuners' credits were generated was false and inaccurate.

Notably, Defendants' possession of the key generator and the unlawful issuance of HP Tuners credits through the use of the key generator forms the basis (in part) of the basis of the claims asserted by Plaintiff in its Amended Complaint. Dkt. 35, ¶¶ 22-81. Consequently, the confidential and proprietary information contained on the flash drive that Ken Cannata provided to Sykes-Bonnett is at the core of Plaintiff's allegations that Defendants misappropriated and unlawfully profited from HP Tuners intellectual property. Moreover, it serves as the basis of claims which have been asserted against Mr. Cannata in another action,[1] and the destruction of the flash drive potentially impacts those proceedings as well.

---

[1]      Plaintiff is pursuing claims against Mr. Cannata based on his misconduct relating to HP Tuners' intellectual property in the United States District Court for the District of Nevada under case number 3:18-cv-00527-LRH-WGC.

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Despite its clear relevance to the case, or, perhaps, *because* of the relevant, incriminating information available on the flash drive, Sykes-Bonnett astonishingly destroyed the flash drive with a hammer subsequent to the initiation of this litigation and disposed of it during the course of discovery in this matter.  In fact, Sykes-Bonnett concealed his possession of the flash drive, failed to produce it and intentionally destroyed it despite having previously received specific discovery requests in the form of requests for production prior to the destruction.

In particular, on December 28, 2017, HP Tuners served comprehensive Rule 34 Requests for Production which included requests that the existence of the flash drive and its contents would have been responsive to.  (*See* HP Tuners' First Requests for Production (served December 28, 2017) attached hereto as Exhibit 2, Requests 4, 7, 8 and 11).  However, in response to these requests, Defendants failed to produce the flash drive and failed to disclose possession of the flash drive or the contents of the flash drive.  Moreover, incredibly, at deposition several months later, Sykes-Bonnett admitted that he destroyed the flash drive with a hammer in *March 2018* during the pendency of this action and after the receipt of the discovery requests directly on point.  Sykes-Bonnett Tr. 139:7-140:12.

Sykes-Bonnett acknowledged that no one directed him to destroy the flash drive and he did so solely as the result of his own prerogative "because [he] didn't want anything to do it with anymore."  Sykes-Bonnett Tr., 289:24-290:7.  By Sykes-Bonnett's own account, he destroyed relevant evidence *because* he knew he "wasn't to be in possession of it," *i.e.* that it was evidence of his own unlawful behavior, for which he was in danger of being held accountable under this court of law.  Sykes-Bonnett Tr. 139:7-140:12.

Strikingly, Sykes-Bonnett should have been, and indeed *was*, well aware that it was improper and unlawful for him to destroy this crucial piece of evidence at the time he destroyed

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

the flash drive with a hammer, and which destruction indisputably occurred subsequent to the initiation of this litigation.  Sykes-Bonnett Tr., 139:14-16.  Additionally, Sykes-Bonnett had received a letter from Plaintiff's counsel explicitly directing him to preserve all evidence related to this litigation prior to the time he destroyed the USB flash drive, he admitted he understood the meaning of the letter and he destroyed the evidence notwithstanding. Sykes-Bonnett Tr., 284:4-285:5; *see also* Exhibit 3 (referenced as "Plaintiff 31" in the deposition) attached hereto, Letter from A. Bleiman to K. Sykes-Bonnett, dated March 27, 2017 regarding preservation of evidence.

Consequently, by Defendant's own testimony, he destroyed relevant evidence despite having been aware of its relevance to the case and having received express instruction to preserve it.  The vast amount of evidence Plaintiff could ostensibly have derived from the flash drive, including, *inter alia*, what confidential and proprietary information Defendants obtained, confirmation as to who provided the Defendants with that information, when and how it was accessed and used, to whom the information was subsequently provided, the amount of HP Tuners credits that were unlawfully generated, and all affiliated electronic data and metadata is permanently undiscoverable and unavailable to Plaintiff or this Court.  Plaintiff is permanently and severely prejudiced in this case and, potentially, in the case against Mr. Cannata by Defendants' spoliation of potentially dispositive evidence.   Defendant's deliberate and outrageous destruction of evidence that was both relevant and deeply damaging to his defense, is highly prejudicial to Plaintiff in this matter and in connection with other claims and proceedings, and demonstrates utter contempt for the rules of law as well as this Court's authority. Accordingly, Plaintiff is entitled to a default judgment and/or such other sanctions as this Court deems necessary and appropriate.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# ARGUMENT

## I. <u>Legal Standard</u>

### a. **Defining Spoliation**

Pursuant to federal law, spoliation is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or reasonably foreseeable litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("Zubulake IV"); *see also Kearney v. Foley & Lardner, LLP*, 590 F. 3d 638, 649 (9th Cir. 2009). "It is firmly established in the Ninth Circuit that '[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985 (N.D. Ca. 2012), *quoting Glover v. BIC Corp.*, 6 F. 3d 1318, 1329 (9th Cir. 1993).

To determine whether to impose sanctions for spoliation, the majority of courts, including courts in the Ninth Circuit, apply a three-part test set forth by Judge Scheindlin in *Zubulake IV*. *Apple Inc. v. Samsung*, 888 F. Supp. 2d at 989 ("Trial courts have widely adopted the Second Circuit's three-part test."). Under that test, a party seeking sanctions based on the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind" and (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Zubulake IV*, 220 F.R.D. at 220.

### b. <u>**Determining Sanctions**</u>

Federal courts have broad discretion to determine the proper sanctions to impose in cases of spoliation. *Apple, Inc. v. Samsung*, 881 F. Supp. 2d at 1135 ("A trial court's discretion

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

regarding the form of a spoliation sanction is broad, and can range from minor sanctions, such as the awarding of attorneys' fees, to more serious sanctions, such as dismissal of claims or instructing the jury that it may draw an adverse inference."); *see also Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010) ("The choices include — from least harsh to most harsh — further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal"), *abrogated on other grounds by Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012).

In determining which sanctions are appropriate, courts consider three factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Reinsdorf v. Skechers U.S.A., Inc*., 296 F.R.D. 604, 626 (C.D. Cal. 2013); *see also In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1066-67 (N.D. Cal. 2006) ("a party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed.")  A terminating sanction (a default judgment or dismissal) is justified in the most extreme cases, "such as where a party has engaged in perjury, tampering with evidence, or intentionally destroying evidence by burning, shredding, or wiping out computer hard drives." *Pension Comm.*, 685 F. Supp. 2d at 469-470.

## II.  Defendants Knowingly Destroyed Relevant Evidence and Should be Severely Sanctioned

Pursuant to Sykes-Bonnett's direct testimony under oath, he knowingly destroyed highly relevant evidence.  As a result of such spoliation, Plaintiff has been irreparably prejudiced, and is entitled to a default judgment in Plaintiff's favor or such other sanctions as this Court deems necessary and appropriate.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### a.   The Defendants Had an Obligation to Preserve Evidence

Under the first factor courts must consider in determining a motion for sanctions for spoliation, the allegedly spoliating party must have had an obligation to preserve evidence.  An obligation to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Reinsdorf*, 296 F.R.D. at 626-627, *quoting Zubulake IV*, 220 F.R.D. at 216.

It is indisputable that Defendants had an obligation to preserve evidence at the time Sykes-Bonnett destroyed the flash drive.  Likewise, the flash drive was uncontrovertibly responsive to pending Rule 34 requests for production at the time it was destroyed.  Defendant had both explicit and implicit notice to preserve the evidence he destroyed.  First, Sykes-Bonnett admits to deliberately destroying the flash drive containing HP Tuners' key generator subsequent to the initiation of these litigation proceedings.  Sykes-Bonnett Tr. 139:7-140:12.  As a party to the litigation, Sykes-Bonnett had an obligation to preserve evidence.  *Leon v. IDX Sys. Corp.*, 464 F. 3d 951, 959 (9th Cir. 2006) (every party has a duty to preserve relevant evidence).

Additionally, Sykes-Bonnett also admits that he destroyed the flash drive after receiving notice explicitly directing him to preserve all evidence.  Id. at 284:4-285:5.  Furthermore, where evidence is destroyed intentionally or willfully, that fact alone is sufficient to demonstrate that the party knew the evidence was relevant. *Zubulake IV*, 220 F.R.D. at 216.

Accordingly, it is indisputable that Defendant had an obligation to preserve the flash drive.  In addition to the fact that any reasonable person would understand that a flash drive containing information the Defendant was accused of stealing would be relevant to the litigation surrounding the alleged stealing, Defendant was expressly put on notice not to destroy evidence,

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

but did so regardless, and intentionally.  Thus, the first element of the Zubulake analysis falls squarely in Plaintiff's favor.

### b.  The Records Were Destroyed with a Culpable State of Mind

Under the second factor, whether the evidence was destroyed with a culpable state of mind, again the analysis falls squarely in Plaintiff's favor.   Sykes-Bonnett admitted to deliberately destroying the flash drive with a hammer.  Courts in the Ninth Circuit have found that even the negligent destruction of evidence may warrant sanctions.  *Reinsdorf*, 296 F.R.D. at 627-628 (listing cases).  The court need only find that the Defendant acted with "a conscious disregard of its obligations" to impose sanctions.  *Apple v. Samsung*, 888 F. Supp. 2d at 998.

Here, the destruction was not the result of negligence but intentional and designed to make certain that the evidence would have no use or value whatsoever.  In particular, Sykes-Bonnett admits he intentionally destroyed the flash drive and shattered it to pieces with a hammer.  Sykes-Bonnett Tr., 139:7-140:12.  Thus, Defendant's actions were the result of an intentional and deliberate decision arising from his intent to preclude Plaintiff and this Court from acquiring devastating evidence which would subject him to severe monetary damages.

### c.  The Destroyed Evidence Was Highly Relevant to Plaintiff's Claims In this and Other Proceedings

"[S]poliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Apple v. Samsung*, 888 F. Supp. 2d at 998, *quoting Dong Ah Tire & Rubber Co.*, No. 06-3359, 2009 U.S. Dist. LEXIS 62668 (N.D. Ca., July 2, 2009).  "'[I]f spoliation is shown, the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation' because that party 'is in a much better position to show what was destroyed and should not be

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   able to benefit from its wrongdoing.'"  *Id., quoting Hynix Semiconductor, Inc. v. Rambus Inc.*,

2   591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006).

3           Here, the relevance of the flash drive is evident.  Plaintiff alleges that Defendants

4   misappropriated HP Tuners' intellectual property.  Sykes-Bonnett testified that he received

5   Plaintiff's intellectual property, including the key generator, which he then used to unlawfully

6   generate and distribute HP Tuners' credits, on the flash drive.  He also testified that the flash

7   drive contained other HP Tuners files, which he could not further identify.

8           Plaintiff's current inability to obtain the flash drive, as a result of Defendant's outrageous

9   and deceptive destruction of it, directly impedes Plaintiff's ability to analyze the contents therein

10  and make a full and fair case before this Court and in connection with the other proceedings

11  against Mr. Cannata relating to his unauthorized possession, use, misappropriation and

12  dissemination of HP Tuners' confidential and proprietary information.  Had Plaintiff been able to

13  acquire the flash drive properly through discovery, it could have obtained a wide variety of

14  information directly relevant to its case, including, *inter alia*, the specific files and information

15  on the flash drive, what proprietary information Defendants obtained, what files were accessed,

16  what files were downloaded, the amount of credits that were generated and issued, and to whom

17  those credits were issued, among other electronic data, metadata and other relevant and

18  important information.  Indeed, there may have been much more evidence, in addition to the

19  items mentioned above, that was available on the flash drive, but Plaintiff has been permanently

20  precluded from analyzing it, and obtaining the relevant information to which it is lawfully

21  entitled as a direct result of Defendant's brazen disregard of the rule of law.

22          **d.  Defendants Egregious Behavior Should Incur the Harshest Sanctions**

23          Terminating sanctions are appropriate where, as here, "a party has engaged deliberately

24  in deceptive practices that undermine the integrity of judicial proceedings because courts have

25  inherent power to dismiss an action when a party has willfully deceived the court and engaged in

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

conduct utterly inconsistent with the orderly administration of justice." *Victorino v. FCA US LLC*, No. 16-cv-1617, 2017 U.S. Dist. LEXIS 168390 at *15 (S. D. Ca., Oct. 11, 2017)). Dismissal is also appropriate where "discovery violations threaten to interfere with the rightful decision in th[e] case." *BFOW, Inc. v. Hurt*, No. 98-16455, 2000 U.S. App. LEXIS 1861, at *10 (9th Cir., Feb. 8, 2000).[2]

Sykes-Bonnett has clearly engaged in deliberately deceptive practices. He intentionally destroyed what could potentially have been Plaintiff's most crucial piece of evidence in this case and in connection with other proceedings. In doing so, he committed an act that is highly prejudicial to Plaintiff; indeed, he destroyed a piece of evidence that could have been dispositive to the outcome of the case. *See Leon*, 464 F. 3d at 959 (Prejudice results when the spoliating party's actions impair the other party's ability to go to trial, threaten to interfere with the rightful decision of the case, or force the non-spoliating party "to rely on incomplete or spotty evidence" at trial). And Sykes-Bonnett destroyed the evidence in bad faith, because his possession was unlawful or, as he admitted under oath, he "wasn't to be in possession of it," (Sykes-Bonnett Tr., 140:12) and sought to avoid accountability for his bad acts.

This is an egregious case of spoliation which precludes Plaintiff from fairly and justly recovering the significant damages it has sustained as a result of Defendants misappropriation and distribution of Plaintiff's intellectual property. This is also a case that undermines the very

---

[2]    Sykes-Bonnett's admitted destruction of evidence, in connection with his prior counsel's misrepresentations to this court with regard to the confidentiality of certain hardware, which resulted in this Court's recent issuance of sanctions (Dkt. 155), create a pattern of deception that also supports the issuance of terminating sanctions here. *BFOW*, 2000 U.S. App. LEXIS 1861, at *10 ("Discovery violations can threaten to interfere with a rightful decision . . . where such violations present a pattern of deception that makes it impossible for the district court to conduct a trial with any reasonable assurance that the truth would be available.").

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 11                    Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
                                                   211 E. McLoughlin Boulevard, Suite 100
                                                   PO Box 611
                                                   Vancouver, WA  98666-0611
                                                   (360) 750-7547

integrity of these judicial proceedings, and the rule of law in general, by precluding the court from reaching any reasonable assurance that the truth will be available.

Indeed, the Second Circuit cited this precise behavior in its discussion of terminating sanctions, and the type of spoliation that would give rise to such sanctions. *See Pension Comm.*, 685 F. Supp. 2d at 469-470 (A terminating sanction (a default judgment or dismissal) is justified in the most extreme cases, "such as where a party has . . . wip[ed] out computer hard drives."); *see also Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F. 3d 337, 348 (9th Cir. 1995) (dismissal is warranted when the spoliation is "due to willfulness, fault, or bad faith"). Accordingly, Defendants should be subject to terminating damages, and the court should issue a default judgment in Plaintiff's favor and/or such other sanctions as this Court deems necessary and appropriate.

## CONCLUSION

In consideration of the foregoing, this Court should GRANT HP Tuners' Motion for Sanctions.

WHEREFORE, Plaintiff HP TUNERS LLC respectfully prays for the imposition of sanctions in the form of a default judgment against Defendants or for such other and further relief as this Court deems necessary and appropriate.

Dated: March 22, 2019          Respectfully submitted,

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2

       *s/ Andrew P. Bleiman*
       Andrew P. Bleiman
       (admitted *pro hac vice*)

3

       MARKS & KLEIN, LLP
       1363 Shermer Road, Suite 318

4

       Northbrook, IL 60062
       Telephone: (312) 206-5162

5

       E-mail:  andrew@marksklein.com

6

       *Attorneys for HP Tuners, LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will electronically send notice to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for HP Tuners, LLC

PLAINTIFF'S MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE - 14

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547