HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO.  3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S PETITION FOR ATTORNEYS' FEES** |
| vs. | |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | **NOTING DATE: APRIL 12, 2019** |
| Defendants. | |

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its counsel, Andrew P. Bleiman, submits this Petition for Attorneys' Fees as allowed by this Court in its Order Granting Plaintiff's Motion for Sanctions and Scheduling Fee Petition (Docket No. 155).

By this Petition, Plaintiff respectfully requests an award of attorneys' fees in the amount of $20,125.00, which is comprised of $13,720.00 in attorneys' fees incurred in bringing the sanctions motion and $6,405.00 in attorneys' fees incurred in responding to the defendants' Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John Martinson (collectively, "Defendants") Emergency Motion for Temporary Restraining Order, dated August 21, 2018 (the "TRO Motion") (Dkt. 69).

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

The basis for these fee totals are set forth in the accompanying Declaration of Andrew P. Bleiman, Esq. ("Bleiman Dec."), the Declaration of Stephen G. Leatham, Esq. ("Leatham Dec."), and accompanying exhibits.

## INTRODUCTION AND RELEVANT FACTS

As set forth more fully in Plaintiff's Motion for Sanctions, dated November 20, 2018 (the "Motion for Sanctions") (Dkt. 124), the instant Petition for Attorneys' Fees arises from Defendants' and defense counsel's bad faith misrepresentations to Plaintiff and to the Court regarding Defendants' alleged proprietary interest in a piece of hardware known as the "Syked Eliminator Cable" or "the Cable."   In connection with Defendants' TRO Motion, Defendants repeatedly misrepresented to Plaintiff and to the Court that documents depicting schematics and files relating to the Syked Eliminator Cable, a vehicle communication tool, constituted Defendants' proprietary and highly confidential information, and that all such documents must be designated as attorneys' eyes only pursuant to the parties' Stipulated Protective Order.  Dkt. 69, 71, 85, and 86. Defense counsel even directly testified to Defendants' proprietary interest in the Cable, on record, during oral argument before the Court on August 29, 2018.   Dkt. 88.

However, the sworn deposition testimony of Defendants Kevin Sykes-Bonnett ("Sykes-Bonnett") and John Martinson ("Martinson"), as submitted to this Court pursuant to the Court's request (*see* Dkt. 147), directly belied the facts as stated in Defendants' prior representations to the Court.   Defendants testified that: 1) Ken Cannata, a former HP Tuners owner, provided Defendants with the Cable; 2) Defendants do not own the intellectual property associated with the Cable; and 3) Defendants have not acquired any confidential or proprietary interests in such schematics, files or hardware related to the Cable, through contractual agreements or otherwise. *See, e.g.,* Transcript of the Deposition of Kevin Sykes-Bonnett, dated Sept. 25, 2018 ("Sykes-

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Bonnett Tr."), 45:2-47:4; Transcript of the Deposition of John Martinson, dated Sept. 26, 2018 ("Martinson Tr."), 79:15-84:16.  Thus, Defendants' own testimony demonstrates that Defendants do not currently own, nor ever possessed, any proprietary, confidentiality, or ownership interest in the Cable and/or its related design schematics, whatsoever, despite their prior contentions to the contrary.

In response to Defendants' numerous and egregious material misrepresentations, this Court ultimately held that Defendants were in violation of Fed. R. Civ. P. Rule 11 for "intentionally or recklessly" leading the court to believe that Defendants owned the information related to the Cable.  Dkt. 155, p. 5.  The Court also held that, had Defendants' counsel conducted a reasonable investigation into the accuracy of his representations regarding Defendants' proprietary interest in the Cable, he would have determined that the Cable was not his clients' product, and that the documents he sought to designate as "attorneys' eyes only" with respect to the Cable did not, in fact, contain his clients' highly confidential information.  *Id*. at 3. Finally, the Court held that Plaintiff is accordingly entitled to sanctions in an amount to be determined subsequent to the filing of the instant Petition for Attorneys' Fees.  *Id*. at 5.

As a result of Defendants' appalling disregard for the truth and the integrity of the judicial process, Plaintiff unnecessarily expended a significant amount of resources in (1) responding to Defendants' TRO Motion (Dkt. 82); (2) preparing for oral argument related to the TRO Motion (Dkt. 88); and (3) preparing the Motion for Sanctions and supporting memoranda (Dkt. 124, 136, 144-147).  As set forth in greater detail in the accompanying Sworn Declarations of Andrew P. Bleiman, Esq., and Stephen G. Leatham, Esq., Plaintiff incurred $20,125.00 in unnecessary legal fees as a direct result of Defendants' misdeeds.  Plaintiff is therefore entitled to an award of sanctions in the full amount of $20,125.00.

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 3

**ARGUMENT**

I. **Legal Standard**

Fed. R. Civ. P. Rule 11 prescribes that "by presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney [ ] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support."   Rule 11(b).   Where Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."   Rule 11(c)(1).   Under Rule 11, appropriate sanctions may include "all of the reasonable attorney's fees and other expenses directly resulting from the violation."   Fed. R. Civ. P. Rule 11(c)(4).

Sanctions may also be imposed pursuant to 28 U.S.C. § 1927, which provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to *satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct*."   (emphasis added).   Such sanctions are appropriate where counsel has acted in "bad faith."   *Soules v. Kauaians for Nukolii Campaign Committee*., 849 F.2d 1176, 1185 (9th Cir. 1988).

Finally, federal courts may also impose a sanction in the form of attorneys' fees pursuant to their inherent powers where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."   *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (*quoting F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974)).   Under the court's inherent authority, the imposition of sanctions in the form of attorneys' fees is appropriate where, as here, a "fraud has been practiced upon [the court], or [ ] the very temple of justice has been

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

defiled. . . as when a party shows bad faith by delaying or disrupting the litigation." *Id*. at 46. There, "the imposition of sanctions . . . serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court, and ***making the prevailing party whole*** for expenses caused by his opponent's obstinacy." *Id*. (emphasis added).

## II. Sanctions Should be Imposed Upon Both the Party Defendants and Defense Counsel as a Result of Their Bad Faith Actions

Sanctions against Defendants and Defense counsel, in the full amount of Plaintiff's unnecessary attorneys' fees, are entirely appropriate here, under Rule 11, 28 U.S.C. § 1927, and the court's inherent authority, because Defendants and their counsel clearly acted unreasonably, vexatiously, and in bad faith by repeatedly making material misrepresentations to the Court.  As this Court directly held in its Order Granting Sanctions, Defense counsel acted either ***intentionally*** or ***recklessly*** in repeatedly making false statements to the Court by indicating that Defendants had a proprietary interest in the Syked Eliminator Cable when, in fact, they did not. Either Defense counsel knew or should have known, after reasonable inquiry, that Defendants did not have any proprietary or confidential interest in the Cable.  His own clients subsequently testified as such, but, nevertheless, Defense counsel repeatedly misrepresented the facts, and actually premised his arguments in both the TRO Motion and subsequent oral argument, on those misrepresentations.  As Plaintiff argued at hearing and in the briefs submitted in opposition to the Defendants' TRO, Defense counsel's unwarranted and fraudulent motion was an intentional effort to deflect and divert the Court's attention from Defendants' egregious misconduct, which was detailed in Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction, dated August 16, 2018 (Dkt. 62).

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defense counsel's behavior thus constitutes bad faith sufficient to warrant extensive sanctions under 28 U.S.C. § 1927 and the court's inherent power, and also warrants sanctions under Rule 11, which merely requires a finding of unreasonableness for the imposition of sanctions. See *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (bad faith under 28 U.S.C. § 1927 exists where an attorney "knowingly or recklessly raises a frivolous argument"); *Villa v. Heller*, 885 F. Supp. 2d 1042, 1055 (S.D. Ca. 2012) ("Rule 11 sanctions must be assessed if the papers filed with the court [are] frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith."), *citing Zaldivar v. City of Los Angeles*, 780 F. 2d 823, 831 (9th Cir. 1986).

Furthermore, sanctions in the form of attorneys' fees should also be assessed as against the represented party Defendants. Under the Court's inherent authority, it may sanction a represented party for conduct related to initiating and/or conducting litigation. *See Chambers*, 501 U.S. at 45-46; *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "This power is entrenched in the courts' well-established equitable authority 'to award expenses, ***including attorney's fees***, to a litigant whose opponent acts in bad faith in instituting or conducting litigation.'" *Sunday's Child, LLC v. Irongate Azrep BW LLC*, 327 F. Supp. 3d 1322, 1349 (Dist. Haw., 2018), *quoting Chambers*, 501 U.S. at 48 (emphasis added). "Sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Id.*, *citing B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002).

Defendants' actions in the instant matter clearly constitute bad faith. They either lied to their counsel as to their interest in the Cable, or remained silent in the face of counsel's repeated false representations to the Court that Defendants had any protected interest in the Cable. Defendants' subsequent deposition testimony expressly stating they had not acquired any

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

confidential or proprietary interests in any schematics, files or hardware related to the Cable, through contractual agreements or otherwise, demonstrates their awareness of the falsity of the claims they had made in their TRO Motion.  In *Sunday's Child*, the District of Hawaii imposed sanctions on both counsel and the party plaintiff where, as here, the party presented evidence to the court with no factual basis and which, ultimately, was deemed to be false.  327 F. Supp. 3d at 1349-1350.  Likewise, this Court should impose sanctions against the party Defendants, as well as against their counsel.

### III.  The Amount of Sanctions Plaintiff Seeks is Reasonable

Finally, the Court should award sanctions in the full amount of the attorneys' fees Plaintiff unnecessarily incurred as a direct result of Defendants' intentional misrepresentations and unreasonable multiplication of the proceedings.  *See, e.g., Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (An attorney who "multiplies the proceedings" may be required to pay the excess fees and costs ***caused by such conduct***); *Gadda v. Ashcroft,* 377 F.3d 934, 943 n. 4 (9th Cir. 2004) (District courts have discretionary authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings"); *United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983) ("Section 1927 [ ] ***authorizes the taxing of excess costs*** arising from an attorney's unreasonable and vexatious conduct.") (emphasis added).  Furthermore, where, as here, a party's conduct is so egregious as to constitute deliberate misrepresentation to the court such that the very integrity of the judicial proceedings are compromised, federal courts are authorized to, and, indeed have, imposed sanctions in the form of full attorneys' fees, as well as terminating sanctions.  *See, e.g. Bridgepoint Constr. Servs. v. Lassetter*, No. CV-16-00078-PHX-JJT, 2018 U.S. Dist. LEXIS 161854 (Dist. Ariz. Sept. 21. 2018).

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Here, Plaintiff merely requests sanctions in the form of the reasonable attorneys' fees incurred as a direct result of Defendants' misdeeds. Plaintiff's request is entirely reasonable. The Ninth Circuit primarily considers the following two factors in determining whether a calculation of attorneys' fees is reasonable: 1) the number of hours expended, and 2) the hourly fee claimed. *Long v. United States IRS*, 932 F. 2d 1309, 1313-1314 (9th Cir. 1991). If each of those figures are reasonable, "then there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award." *Id.* at 1314, *citing Jordan v. Multnomah County*, 815 F. 2d 1258, 1262 (9th Cir. 1987).

First, it must be noted that Plaintiff's calculation of the attorneys' fees incurred as a result of Defendants' misconduct is inherently discounted because it includes only the attorneys' work, and excludes all fees related to paralegal, secretarial, or other staff. Second, in *Gonzalez v. City of Maywood*, the Ninth Circuit held that, "a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks and edits omitted). In this case, Plaintiff's counsel reasonably could, and, in fact, *did*, bill their private client for 18.3 total hours in connection with their opposition to Defendants' TRO and the subsequent preparation of Plaintiff's Motion for Sanctions, and seeks compensation solely for those hours in the instant Petition for Fees. See Bleiman Cert., Ex. A; Leatham Cert., Ex. A; s*ee also Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (explaining that party opposing the fee application has burden of challenging the reasonableness of the hours charged or the facts asserted by the prevailing party). Finally, it should be noted that the reasonableness of the hours for which Plaintiff seeks is further underscored by the fact that Plaintiff is not seeking fees incurred for hours spent preparing the instant Petition for Attorneys' Fees, although it is entitled to do so. *Blixeth v. Yellowstone*

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

*Mountain Club*, 854 F. 3d 626, 631-32 (9th Cir. 2017).  Nor has Plaintiff included any fees for time incurred by Mr. Leatham (local counsel) in connection with these issues.

Next, courts consider the reasonableness of the hourly rate.  In making that determination, generally, the "prevailing market rates in the relevant community" sets the reasonable hourly rate for purposes of computing the lodestar amount.  *Gonzalez, 729 F. 3d at 1205, citing Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (*quoting Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).  "A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits."  *Weatherhead v. United States*, 112 F. Supp. 2d 1058, 1076 (E.D. Wa. 2000), *citing Schwarz v. Secretary of Health & Human Serv*., 73 F. 3d 895, 906 (9th Cir. 1995) (internal citations and quotations omitted

Mr. Bleiman's hourly rate of $350.00 is well within the prevailing market rates of similarly-situated attorneys in the Chicago, Illinois area and the Seattle, Washington area, and, as such, are exceedingly reasonable.  *See, e.g., Harris v. Mundel*, No. 2:17-cv-01107, 2019 U.S. Dist. LEXIS 46234 at *4-5 (W.D. Wash. March 20, 2019) (finding Seattle-based attorneys' hourly rates of $445.00 and $460.00 to be reasonable).

Accordingly, the award Plaintiff seeks in the form of sanctions reflects both a reasonable amount of hours its attorneys spent working on the issues that arose as a direct result of Defendants' multiple, material misrepresentations to this court, as well as a reasonable hourly rate as charged for those services.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## **CONCLUSION**

WHEREFORE, HP TUNERS, LLC respectfully prays for an award of attorneys' fees in the amount of **$20,125.00** against Defendants and John Whitaker, Esq. and for such other relief as this Court deems necessary and appropriate.

Dated this 29th day of March, 2019

*s/ Andrew P. Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail:  andrew@marksklein.com

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

*Attorneys for HP Tuners, LLC*

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2019, I caused the foregoing to be electronically with the Clerk of Court using the CM/ECF system which will electronically send Notice to all Counsel of Record.

*s/ Stephen G. Leatham*
Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for HP Tuners, Inc.

PLAINTIFF'S PETITION FOR ATTORNEYS' FEES - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547