HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

                Plaintiff,

     vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,

                Defendants.

CASE NO.  3:17-cv-05760-BHS

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN OR MODIFY THE SUBPOENA OF KENNETH CANNATA**

**NOTING DATE: APRIL 11, 2019**

**ORAL ARGUMENT REQUESTED**

Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff"), by its attorneys, hereby submits this Motion for a Protective Order to Modify the Subpoena of Kenneth Cannata ("Cannata"):

**INTRODUCTION AND RELEVANT BACKGROUND**

As this Court is aware, Plaintiffs initiated this litigation against defendants Kevin Sykes-Bonnett and Syked ECU Tuning, Inc. ("Defendants") in September 2017, alleging misappropriation and unlawful dissemination of Plaintiff's intellectual property.  Dkt. 35, ¶¶ 56-81.  Discovery commenced in December 2017.

In the over sixteen months since the litigation was commenced, Defendants have neither noticed nor taken ANY depositions in this matter.  Suddenly, and without proper Notice to Plaintiff in violation of Rule 45, Defendants issued a subpoena to Cannata (the "Subpoena") – the party with whom they have been secretly and surreptitiously conspiring with since early 2016 while he was still an owner of Plaintiff – requiring him to testify at deposition and produce

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN OR MODIFY THE SUBPOENA OF KENNETH CANNATA - 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

documents on April 19, 2019, a mere ten (10) after the issuance of the Subpoena.  <u>See</u> Declaration of Andrew P. Bleiman, dated April 10, 2019 ("Bleiman Dec."), Ex. A.  Defendants simultaneously notified Plaintiff and Cannata's counsel of the issuance of the Subpoena in a joint email.  <u>See</u> Bleiman Dec. ¶ 8.

Defendants have failed to provide Plaintiff with sufficient notice of Cannata's deposition. Cannata is a critically important witness in this matter, as he has been conspiring with Defendants since before his interest in HP Tuners was purchased, and unlawfully provided Defendants with HP Tuners' intellectual property.[1]  Thus, Plaintiff requires more than a mere ten days' notice to properly prepare for Cannata's deposition.

Furthermore, as Defendants are aware, Plaintiffs' counsel is currently in Reno, Nevada, for the April 10, 2019 deposition of Cannata's wife, Bobbie Cannata, who is a shareholder in Syked ECU Tuning, Inc., and will be traveling to Quebec City, Quebec for the April 17, 2019 deposition of former Syked ECU Tuning, Inc. independent contractor Christopher Breton-Jean. <u>See</u> Bleiman Dec. ¶ 11.

It is entirely unreasonable to demand that Plaintiff's counsel, who is located in Chicago, IL, travel back to Las Vegas, NV for an additional deposition approximately one week later, on ten (10) days' notice.  And it would be a near impossibility, and certainly an entirely unnecessary and unreasonable inconvenience, to coordinate travel for Plaintiff's client representative, Chris Piastri, who is intending to travel in from Australia, to attend.

Additionally, as Defendants are also aware, expert reports in this matter are due on April 22, 2019, the Monday following the Friday Defendants seek to depose Cannata.  <u>See</u> Bleiman Dec. ¶ 12.  Plaintiff and Plaintiff's counsel will be working rigorously with their experts to prepare these reports over the next twelve days, and certainly do not have additional time to

---

[1]  Plaintiff is pursuing claims against Mr. Cannata based on his misconduct relating to HP Tuners' intellectual property in the United States District Court for the District of Nevada under case number 3:18-cv-00527-LRH-WGC.

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
ADJOURN OR MODIFY THE SUBPOENA OF KENNETH
CANNATA - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

dedicate to preparing for Mr. Cannata's deposition during that period.  Finally, as Plaintiff has advised Defendants, Plaintiff's counsel is unavailable to attend a deposition on Friday, April 19, 2019 due to the Passover holiday.[2]  <u>See</u> Bleiman Dec. ¶ 12.    Accordingly, the pre-existing deposition schedule, travel demands, and upcoming Jewish holiday, will significantly impede Plaintiff's ability to adequately prepare for, and participate in, Cannata's deposition.

Indeed, Defendants' underhanded attempt to schedule the deposition of this critical witness in the midst of known conflicts is nothing more than a bad faith attempt to prevent Plaintiff from acquiring valuable testimony and evidence that will be damaging and/or fatal to their defense.  Upon receiving Plaintiff's request to reschedule the deposition, Defendants' counsel unreasonably refused, further underscoring their bad faith motive for abruptly scheduling Cannata's deposition for a date which they knew or should have known would be maximally inconvenient for Plaintiff.  <u>See</u> Bleiman Dec. ¶ 13.

To the extent Defendants may argue that the Plaintiff has unilaterally scheduled depositions without consulting the Defendants at other points in this litigation, such argument is completely irrelevant and incorrect.  Defendants have only advised that they were unavailable for one date selected by Plaintiff for a deposition (due to Mr. Sykes-Bonnett's vacation) – the deposition of Christopher Breton-Jean – and Plaintiff agreed to reschedule.  Bleiman Dec. ¶ 11. Surely, a pre-existing deposition schedule, expert report deadlines, and arduous travel demands that will preclude Plaintiff and the client representative from properly preparing for this major deposition, as well as a major religious holiday, are more legitimate and pressing reasons to reschedule a deposition than the accommodation of a client's vacation.  Yet, Defendants unreasonably refuse to budge.  See Bleiman Dec. ¶ 13.

---

[2]  Despite Plaintiff's counsel's reasonable request, Defendants' counsel refused to reschedule the deposition in light of the holiday as a professional courtesy.  <u>See</u> Bleiman Dec. ¶ 13.

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN OR MODIFY THE SUBPOENA OF KENNETH CANNATA - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Accordingly, Plaintiff hereby requests the Court to order an adjournment or modification of the Subpoena and instruct the parties to reschedule Cannata's deposition for a mutually agreeable date no earlier than May 10, 2019.

## ARGUMENT

### I.   Defendants Have Not Provided Reasonable Notice

Defendants have failed to provide reasonable notice to Plaintiff regarding the deposition of Cannata as required under federal law.  Pursuant to Fed. R. Civ. P. 30(b)(1), "a party who wants to depose a person by oral questions must give reasonable written notice to every other party."  "The determination of what constitutes reasonable notice lies within the discretion of the Court."  *In re Chong*, 13 B.R. 468, 470 (Bankr. D. Haw. 1981).

Defendants provided Plaintiff with ten (10) days' notice of the Cannata deposition, which is unreasonable.  Where, as here, a deposition notice is accompanied by a request for documents, the subpoena must provide thirty (30) days' notice, pursuant to Fed. R. Civ. P. 34(b)(2).  *Guzman v. Bridgepoint Educ., Inc.*, No. 11-0069-WQH(WVG), 2014 U.S. Dist. LEXIS 58806, at *6-7 (S.D. Cal. April 28, 2014).

Furthermore, as set forth more fully above, it will be a near impossibility for Plaintiff's counsel to adequately prepare for Cannata's deposition during the next ten days due to two other depositions in this matter, as well as expert reports due April 22, 2019.  Bleiman Dec. ¶ 11-12. Finally, the deposition is currently scheduled on the Passover holiday celebrated by Plaintiff's counsel, and he should not be required to abandon his religious and familial obligations to accommodate Defendants' wholly unreasonable and bad faith refusal to reschedule.  *Forte v. County of Merced.*, No. 1:11-cv-00318-AWI-BAM, 2014 U.S. Dist. LEXIS 117581, at *2 (E.D. Cal., August 22, 2014) ("The avoidance of undue burden or expense is grounds for the issuance of a protective order."), *citing* Fed. R. Civ. P. 26(c).

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
ADJOURN OR MODIFY THE SUBPOENA OF KENNETH
CANNATA - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## II.      Defendants Did Not Properly Serve the Subpoena

Pursuant to Fed. R. Civ. P. Rule 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . then *before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  In this case, Defendants did not properly serve the Subpoena because it provided notice to Plaintiff's counsel and the deponent simultaneously, by copying Plaintiff's counsel on the e-mail to Cannata's counsel issuing the Subpoena.  Bleiman Dec. ¶ 8.  Simultaneously serving the parties and the deponent is in direct violation of <u>Rule</u> 45(a)(4).  *Forte*, 2014 U.S. Dist. LEXIS at *3 ("All parties to the action must be served and be given reasonable notice of the subpoena well in advance of the production date or deposition date"), *citing* <u>Rule</u> 45(a)(4).   Accordingly, Defendants may not enforce the Subpoena as issued, and must provide Plaintiff with sufficient advance notice of its issuance before going forward with the deposition of Mr. Cannata.

## <u>CONCLUSION</u>

In consideration of the foregoing, this Court should GRANT Plaintiff's Motion for Protective Order.

WHEREFORE, Plaintiff HP Tuners LLC respectfully prays for this court to adjourn or modify the Subpoena issued to Kenneth Cannata and instruct the parties to reschedule Mr. Cannata's deposition for a mutually agreeable date no earlier than May 10, 2019.


Dated: April 10, 2019                          Respectfully submitted,


                                               *s/ Andrew P. Bleiman*
                                               Andrew P. Bleiman
                                               (admitted *pro hac vice*)
                                               MARKS & KLEIN, LLP
                                               1363 Shermer Road, Suite 318
                                               Northbrook, Illinois 60062
                                               Telephone: (312) 206-5162
                                               E-mail:  andrew@marksklein.com

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
ADJOURN OR MODIFY THE SUBPOENA OF KENNETH
CANNATA - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

Attorneys for Plaintiff HP Tuners, Inc.

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
ADJOURN OR MODIFY THE SUBPOENA OF KENNETH
CANNATA - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will electronically send notice to all Counsel of Record.

HEURLIN, POTTER, JAHN, LEATHAM, HOLTMANN & STOKER, P.S.

*s/ Stephen G. Leatham*

Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com
Attorney for HP Tuners, LLC

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO
ADJOURN OR MODIFY THE SUBPOENA OF KENNETH
CANNATA - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547