

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SYKES-BONNETT,<br><br>Defendants. | Case No. C17-5760 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN OR MODIFY THE SUBPOENA OF KENNETH CANNATA |

ORDER

This matter comes before the Court on Plaintiff HP Tuners, LLC's motion for a Protective Order to Adjourn or Modify the Subpoena of Kenneth Cannata. On April 11, 2019, the Court held a telephonic hearing between the parties. After having heard oral argument on the present motion and reviewed the relevant record, the Court GRANTS the motion in its entirety.

On April 9th, 2019, counsel for Defendant Kevin Sykes-Bonnett issued a subpoena to counsel for third party Kenneth Cannata for deposition and production of documents, simultaneously serving Plaintiffs with the subpoena. (Dkt. 167, Ex. A). The subpoena set the date of deposition as April 19th, 2019. (Id.) In their response, Plaintiff's counsel indicated their unavailability and requested alternate dates. (Dkt. 167). Defendant's counsel refused to reschedule the deposition. (Id.) Later the same day, Defendant's counsel served a Notice of Intent to Serve Subpoena to Plaintiff's counsel two minutes before serving the subpoena a second time to counsel for Mr. Cannata. (Id.)

ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN OR MODIFY THE SUBPOENA OF KENNETH CANNATA - 1

Under FRCP 26(c)(1)(B), this court has the power to issue protective orders specifying the time and place of discovery proceedings, in line with the broader principle that the court may make any order managing the discovery process in the interest of justice, to prevent "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c); *see, Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.*, 164 F.R.D. 232, 233 (S.D. Ohio 1995) (holding that to ensure professional courtesy and convenience, the plaintiff was entitled to a protective order against the taking of a third–party deposition that was scheduled without any consultation with plaintiff's counsel). Plaintiff's counsel avers that he is unavailable to work on the date of Passover, a religious holiday he observes. (Dkt. 167). In addition, previously scheduled depositions are taking place close on the calendar (on April 10th, 2019, and April 17th, 2019), but in diverse and far-removed locations. (Id.) This case's expert reports are also due next week on April 22, 2019. (Id.) Plaintiff's counsel avers that these discovery commitments would preclude attendance or adequate preparation at the deposition of Mr. Cannata on April 19th. (Id.)

The notice requirement of FRCP 30 protects the fairness of the discovery process by ensuring opposing parties receive the full opportunity to object to the scope or setting of a subpoena, so long as notice is "reasonable." FRCP 30(a), (b)(1). Counsel for each party are entitled to civility and professional courtesy in discovery, including—when possible—that a deposition be scheduled on a date which does not conflict with counsel's other obligations and allows counsel to prepare. *C and F Packing Co., Inc. v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 679-680 (E.D. Mich. 2012). Defendant's counsel did not provide the required reasonable written notice, when counsel initially issued a deposition notice and subpoena to a third-party without prior notice to Plaintiff's counsel, or when again serving the subpoena, minutes after serving Plaintiff's counsel with the notice of intent. Furthermore, the Court observes an

ORDER GRANTING PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER TO ADJOURN OR MODIFY THE
SUBPOENA OF KENNETH CANNATA - 2

untoward lack of civility in Defendant's counsel's refusal to consider rescheduling the deposition, after Plaintiff's counsel indicated that the date is a religious holiday that Plaintiff's counsel observes.

Plaintiff's counsel's statements regarding Defendant's counsel's conduct, coupled with the previously scheduled discovery obligations, indicate that an April 19th deposition date is not merely an inconvenience, but truly burdensome to the Plaintiff. These facts constitute good cause for this Court to modify the subpoena and issue a protective order in the interest of avoiding an undue burden to any party. *See, Fernandez v. Penske Truck Leasing Co.* LP, No. 2:2-cv-00295 (D. Nevada 2013) (depositions noticed during the Christmas holiday were unreasonable); *Forte v. County of Merced*, No. 1:11-cv-00318, 2014 U.S. Dist. LEXIS 117581, at *2 (E.D. Cal., August 22, 2014) ("The avoidance of undue burden or expense is grounds for the issuance of a protective order."), citing Fed. R. Civ. P. 26(c); *Shenker v. U.S.*, 25 F.R.D. 96, 98 (E.D.N.Y. 1960) (under FRCP 30(a), a deposition notice may not unilaterally set a deposition to occur on a Sunday).

Plaintiff's motion to modify the April 19th subpoena of Kevin Cannata is GRANTED. The motion for a protective order regarding scheduling of discovery is likewise GRANTED, and the Court directs Plaintiff and Defendant to meet and confer to find an alternative date for the deposition of Mr. Cannata, which should occur no earlier than May 10th, 2019.

Dated this 11th day of April, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER TO ADJOURN OR MODIFY THE
SUBPOENA OF KENNETH CANNATA - 3