HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) ) ) | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | ) ) ) | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| vs. | ) ) | |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | | |

Plaintiff HP Tuners, Inc. ("HP Tuners" or "Plaintiff") hereby brings this Opposition to defendants' Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John Martinson ("Defendants") Motion for Protective Order, dated April 5, 2019 (Dkt. 161) ("Motion for Protective Order" or "Defendants' Motion"), and states as follows in support thereof:

### INTRODUCTION AND RELEVANT BACKGROUND

Defendants' Motion for Protective Order, rife with misleading assertions and outright false statements, is completely baseless and represents nothing more than Defendants' latest attempt to deflect this Court's attention from Defendants' own discovery violations and ongoing, shameless effort to avoid producing evidence damaging to their defense.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Contrary to Defendants' disingenuous assertions otherwise, to the extent that discovery has been prolonged in this case, Defendants themselves are directly responsible. As this Court is aware, Defendants have evaded and ignored their obligations to produce responsive documents and information, misrepresented facts, and made numerous, blatantly false statements to Plaintiff and the Court, since the initiation of this action. From the outset, Defendants have provided Plaintiff with grossly incomplete responses to interrogatories and document requests and document production. *See, e.g.*, Motion to Compel and for Sanctions and to Modify Scheduling Order (Dkt. 64); Declaration of Andrew P. Bleiman, Esq. in Support of Plaintiff's Motion to Compel (Dkt. 106). Amongst other production gaps, Defendants' production of social media records, communications, tax returns, financial records and other business records are incomplete and insufficient in several material respects. For example, there are significant gaps in the production of communications between Defendant Sykes-Bonnett and Kenneth Cannata and various documents such as financial statements, tax returns and other business records have not been produced. Declaration of Andrew P. Bleiman, dated April 15, 2019 ("Bleiman Decl."), ¶ 11.

In addition to their incomplete and insufficient responses to Plaintiff's discovery requests, Defendants have repeatedly lied and/or misrepresented facts to Plaintiff and this Court. Indeed, Defendants have been sanctioned in an amount yet to be determined for deliberately misrepresenting that a piece of hardware known as the Syked Eliminator Cable constituted Defendants' confidential and proprietary information when, in fact, it did not. Dkt. 155. Additionally, as set forth in Plaintiff's Motion for Sanctions for Spoliation, Defendants have admitted to destroying a Lexar portable flash drive which contained HP Tuners' highly confidential information. Dkt. 156.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants also lied with regard to Defendants' misappropriation and unlawful provision of HP Tuners credits to third parties and their possession of Plaintiff's confidential and proprietary information. Although Defendants at first denied possessing HP Tuners' confidential and intellectual property and misappropriating HP Tuners credits (Dkt. 56, ¶¶ 79-81), Sykes-Bonnett later admitted in sworn deposition testimony that he did distribute HP Tuners credits, but insisted such misconduct was limited to Matthew Kaiser/The Mustang Shop and an individual named Ellis Groo. Dkt. 147, Ex. A, Tr. 207:21-25. However, subsequent discovery in this case has revealed that HP Sykes-Bonnett actually sold or provided HP Tuning credits to several additional persons. Dkt. 156, p. 3; Bleiman Decl. ¶ 12, Ex. A (email from P. Mann, counsel for Defendants).

Defendants' persistent misrepresentations and misstatements continue in the instant Motion. Defendants disingenuously attempt to depict Sykes-Bonnett as acting reasonably and honestly by stating that he "provided HP Tuners with the names of everyone to whom he sold such credits" (Dkt. 161, p. 3), but fail to mention the long course of events leading up to his confession, during which Sykes-Bonnett repeatedly obstructed discovery and lied, and was ultimately forced to admit his misappropriation and unlawful provision of HP Tuners' proprietary information after being presented with incontrovertible evidence of such unlawful behavior.

Further, Defendants provide a long list of discover demands "at issue," but fail to mention that those discovery demands have been substantially narrowed through lengthy negotiations between the parties. Dkt 161, p. 10. Over the course of the past six (6) months, the parties have painstakingly negotiated the scope of discovery, precise search terms, and parameters surrounding expert review of Defendants' source code, amongst other issues.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Bleiman Decl. ¶ 10. In fact, the Court has repeatedly instructed the parties to act in compliance with these prior agreements. Dkt. 162 (parties directed to "follow any agreements reached."); Dkt. 157 ("Court directs the parties to be in compliance of all agreements reached."). Thus, it is stunning that now, after the parties have expended significant time and resources in reaching agreement regarding outstanding discovery, Defendants bring this instant motion to circumvent their obligations – which were agreed. It is equally inexcusable that Defendants continue to mislead the Court by failing to mention that Plaintiff has already agreed to limit the scope of its initial discovery requests and that the scope of many of the requests identified by Defendants have been narrowed through a series of meet and confer discussions between Plaintiff's counsel and Defendant's prior and now current counsel.

In fact, the scope of Plaintiff's discovery requests are, and have consistently been, entirely relevant and proportional under the terms of Fed. R. Civ. P. 26(b). With regard to expert review of Defendants' source code, for example, Defendants completely mischaracterize HP Tuners' actions as "inexplicable delay." Dkt. 161, p. 4. However, as Defendants are well aware, and as demonstrated by their ultimate compliance with the request, HP Tuners requested that Defendants install certain software tools because HP Tuners were advised by their experts that such tools benign, well-known, largely free, and absolutely necessary in order for the experts to conduct a meaningful and thorough review of the source code. Bleiman Decl., ¶ 13-14.

Furthermore, it was Defendants' obligation to provide those tools because (1) Defendants insisted on producing the source code on a laptop computer provided by Defendants and provided in a room without any Internet connection, and (2) under the applicable Protective Order, any source code produced in discovery was required to be made available for inspection

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

in a format allowing it to be *reasonably reviewed and searched*. Dkt. 118. Plaintiff could not reasonably review the source code in any meaningful manner without the requested tools.

With regard to Defendants' assertion that running the search terms *to which both parties had previously agreed* (See Ex. A to Bleiman Decl.) will be overly burdensome, Defendants have failed to produce any evidence whatsoever in support of that contention, other than Sykes-Bonnett's unsubstantiated, self-serving claims that it will take him personally "three to six years to complete." Dkt. 161, p. 6. Defendants have not provided any evidence that Sykes-Bonnett is qualified to conduct the required review. Moreover, they have not provided any affidavit from any expert regarding the time or cost it would take to run the search terms, nor have they explained why Sykes-Bonnett, rather than an experienced vendor, must conduct the search personally.

The objection that this litigation has proven expensive and is taking a toll on Sykes-Bonnett's finances is completely inapposite to the analysis, and, frankly, dumbfounding. Defendants are not the victims here. The known facts plainly demonstrate Sykes-Bonnett is solely responsible for causing Defendants' current predicament. As he has admitted, he wrongfully possessed and misappropriated HP Tuners' proprietary information, at enormous cost to Plaintiff, he hid and destroyed highly relevant evidence demonstrating his misdeeds, and stood by as his counsel openly misrepresented to this Court regarding the proprietary nature of Syked Tuning's hardware. For him to now paint himself as a victim and beg for mercy is not only inappropriate – it demonstrates a complete misapprehension of the wrongfulness of his conduct and the extensive damage his dishonest and unlawful behavior has caused HP Tuners.

Defendants' ongoing attempts to avoid turning over damaging evidence, including its request that the Court order mediation regarding discovery despite the fact that the parties have

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

previously reached agreement, and their ridiculous request that the Court immediately order settlement discussions, before Defendants have turned over relevant and necessary information, are desperate tactics aimed at preventing Plaintiff from acquiring *more* evidence in support of its claims. Defendants' attempt in this instance to misuse motion practice to avoid their obligations, and continue to cover up their misdeeds, is entirely inappropriate and must be denied.

## ARGUMENT

**I. Plaintiff's Discovery Demands are Proportionate Under Rule 26(b)(1).**

With regard to Plaintiff's requests for texts and emails, Sykes-Bonnett's unsubstantiated and unsupported claim that the request is unduly burdensome because it will require him to "spend between 30 minutes and one hour on each of the approximately 12,000 files that exist in his personal social media records" (Dkt. 161, p. 3) is completely insufficient to justify any objection to the request. Under the liberal discovery principles of the Federal Rules, parties resisting discovery are required to carry a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). "The party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request." *SEC v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 U.S. Dist. LEXIS 155259, at *8 (D. Nev., Oct. 30, 2014); *LVB-Ogden Mktg., LLC v. Bingham*, No. 2:18-cv-00243-TSZ, 2018 U.S. Dist. LEXIS 217492, at *9. (W.D. Wa., Dec. 28, 2018) ("the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted and must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence") (internal citations and quotations omitted).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants have failed to meet this burden. They have not alleged specific, reliable facts or any detail sufficient to meet the high burden the Ninth Circuit imposes on parties seeking to resist discovery. Sykes-Bonnett has not provided any evidence that he has any expertise in document review or electronic discovery such that this Court may rely on his unsubstantiated, far-fetched assertion that it will take him years to comply with Plaintiff's reasonable requests. Defendants have not provided any explanation, either, as to why Sykes-Bonnett personally, rather than an experienced vendor, must conduct the search. Finally, Defendants have failed to produce any reliable information with regard to the amount of time or money it would require an experienced vendor or professional to review their records. As such, Defendants have fallen far short of the applicable standards for objecting to discovery. *LVB-Ogden*, 2018 U.S. Dist. at *9 (denying motion for protective order where defendant did not "inform the Court as to the volume of financial and business plans that would need to be reviewed, or the time and money it would require to review them, instead rel[ying] on generalized statements that amount to a blanket attestation.").

Furthermore, Defendants' Motion for Protective Order must fail because Defendants totally mischaracterize the scope of the pending document requests. Defendants list a variety of outstanding document requests, but fail to mention that Plaintiff's counsel has previously met and conferred on several occasions with current and prior counsel for Defendants on many of the requests already and that limitations to the scope of those requests have been agreed in certain respects. Bleiman Decl., ¶ 10. Thus, Defendants' broad assertions concerning the nature of the requests is misleading and each of the requests should be assessed separately as these requests have been the subject of various meet and confer discussions. Defendants' blanket assertions are

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

incorrect and are unsupported by the facts and the previous communications between counsel in this regard.

## II. Defendants May Not Shift the Burden of Their Discovery Obligations to Plaintiff.

Despite their agreement to run the narrowed list of search terms and produce the responsive documents, Defendants now seek to avoid their discovery obligations by improperly applying a blanket "Highly Confidential" designation upon all of its records, dumping all such records on Plaintiff, and imposing upon Plaintiff (specifically Plaintiff's counsel) the burden of running the applicable search terms, combing out responsive documents and social media records, and determining which records are improperly designated as "Highly Confidential." And yet Defendants are absurdly characterizing Plaintiff's opposition to this plan as imposing an undue burden on Defendants. Dkt. 161, p. 7. The blanket designation of, literally, all of Defendants' produced records as "Highly Confidential" is in direct violation of the Protective Order applicable in this matter. As the applicable Protective Order states, only documents that satisfy the following conditions may be characterized as "Highly Confidential":

> Highly Confidential" material shall include any document, material, or information otherwise meeting the definition of "Confidential," the disclosure of which to another party or non-party the disclosing party reasonably believes would likely result in competitive, commercial, financial, or other harm to the disclosing party or its clients or potential clients.  "Highly confidential" material may include, without limitation, proprietary technical information in the nature of hardware design documents, source code, proprietary software, license key generators, and computer passwords. Dkt. 39, ¶ 2.2.

The Protective Order further limits a party's ability to designate material for protection as follows:

> Each party or non-party that designates information or items for protection under this agreement *must take care to limit any such designation to specific material* that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

*Mass, indiscriminate, or routinized designations are prohibited.* Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Id. at ¶ 5.1.

Defendants seek to produce all records under the "Highly Confidential" designation without even reviewing those records. That proposal is in direct violation of the Protective Order, as it clearly constitutes a "mass, indiscriminate" confidentiality designation. Although Defendants characterize Plaintiff's rejection of this offer as "inexplicable" (Dkt. 161, p. 6), it is obvious that Defendants are improperly seeking to shift the costs of reviewing their records, determining privilege and confidentiality issues, and producing documents in accordance with that review, to Plaintiff. Plaintiff is in no way responsible for the costs of Defendants' discovery obligations.

In addition to the express language of the Protective Order, case law further demonstrates that Defendants are simply not permitted to impose blanket confidentiality designations on unreviewed materials. In *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-cv-2582, 2012 U.S. Dist. LEXIS 176891, at * 4 (N.D. Cal., Dec. 13, 2012), defendants sought a determination that certain documents were properly designated as "Highly Confidential – Attorneys' Eyes Only." The court denied the defendants' motion, finding that "[a]lthough Defendants have characterized the disputed documents as falling within five general categories, the categories are broad and Defendants' conclusory representations fall short of the showing required. . . These conclusory statements are insufficient." In support of its decision, the court in Ubiquiti cited *Bauer Bros. LLC v. Nike, Inc.*, No. 09-500, 2011 U.S. Dist. LEXIS 108878 (S.D. Cal., Sept. 23,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

2011), in which the court declined to seal documents because the parties "failed to satisfy the compelling reasons standard as to each document the parties seek to have filed under seal"). Thus, pursuant to 9th Circuit law, as well as under the Protective Order applicable here, the designating party bears the burden to show *with particularity to each document* that a confidentiality designation is appropriate. Defendants have admittedly not even reviewed the items they seek to designate as "Highly Confidential." Thus, it is impossible that they have demonstrated, or could demonstrate, the propriety of that designation sufficient to satisfy the parameters of the Protective Order and applicable case law. Moreover, to the extent that Defendants produce social media posts which are or were ever available to the public, such posts are clearly not eligible for any confidentiality designation.

Mass confidentiality designations are, in egregious cases, and pursuant to the Protective Order, subject to sanctions. In *Raymat Materials v. A&C Catalysts*, No. C 13-00567, 2014 U.S. Dist. LEXIS 35253 (N.D. Cal. March 6, 2014)), the defendant was awarded sanctions arising from defendants' fees relating to the challenge of a confidentiality designation where plaintiff mass-designated documents as "Highly Confidential – Attorneys' Eyes Only." The parties were bound by a protective order that, like the applicable protective order here, included language indicating that "mass, indiscriminate, or routinized designations are prohibited," and that "[d]esignations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions."

In making their absurd proposal to dump all of their business records on Plaintiff under a "Highly Confidential" designation, Defendants admit they have not even reviewed the records and documents they seek to produce, let alone determined that such documents are, in fact,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

1  "Highly Confidential."  As such, Defendants' proposal violates both the Protective Order and

2  applicable law, and Plaintiff's rejection of that proposal was entirely valid and justified.

3  **CONCLUSION**

4  In consideration of the foregoing, the Court should DENY Defendants' Motion for a

5  Protective Order.

6  Dated: April 15, 2019                    Respectfully submitted,

7

8                                                      *s/ Andrew P. Bleiman*
                                                       Andrew P. Bleiman
9                                                      (admitted *pro hac vice*)
                                                       MARKS & KLEIN, LLP
10                                                     1363 Shermer Road, Suite 318
                                                       Northbrook, Illinois 60062
11                                                     Telephone: (312) 206-5162
                                                       E-mail:  andrew@marksklein.com
12
                                                       Stephen G. Leatham, WSBA #15572
13                                                     HEURLIN, POTTER, JAHN, LEATHAM,
                                                       HOLTMANN & STOKER, P.S.
14                                                     211 E. McLoughlin Boulevard, Suite 100
                                                       Vancouver, WA 98663
15                                                     Telephone: (360) 750-7547
                                                       Fax: (360) 750-7548
16                                                     E-mail:  sgl@hpl-law.com

17

18                                                     *Attorneys for HP Tuners, LLC*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

<div style="text-align:right">

*s/ Andrew P. Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

*Attorneys for Plaintiff*

</div>

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547