1

2                                                              HONORABLE BENJAMIN H. SETTLE

3

4

5                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
6                                       AT TACOMA

7   HP TUNERS, LLC, a Nevada limited liability  )
    company,                                    )    CASE NO.  3:17-cv-05760-BHS
8                                               )
                                                )
9                         Plaintiff,            )    **PLAINTIFF'S REPLY MEMORANDUM**
                                                )    **OF LAW IN SUPPORT OF MOTION FOR**
10      vs.                                     )    **SANCTIONS FOR SPOLIATION**
                                                )
11  KEVIN SYKES-BONNETT and SYKED              )
    ECU TUNING INCORPORATED, a                 )    **NOTING DATE: APRIL 19, 2019**
12  Washington corporation, and JOHN           )
    MARTINSON,                                 )    **ORAL ARGUMENT REQUESTED**
13                                              )
                                                )
14  _____ Defendants.    )

15          Plaintiff HP Tuners, LLC ("HP Tuners" or "Plaintiff") hereby submit this Reply to

16  Defendants' Opposition to Plaintiff's Motion for Sanctions for Spoliation (the "Opposition"),

17  and states as follows in support thereof:

18                                   **INTRODUCTION**

19          This case is about defendants Kevin Sykes-Bonnett, Syked ECU Tuning, Inc., and John

20  Martinson's ("Defendants") unlawful misappropriation, possession, and use and of HP Tuners'

21  confidential information.  The flash drive that Kevin Sykes-Bonnett ("Sykes-Bonnett") admits to

22  having received from former HP Tuners owner Kenneth Cannata ("Cannata"), and which he

23  admits contained HP Tuners' confidential and proprietary information, including HP Tuners'

24  highly confidential and proprietary key generation tool, is evidence that unequivocally

25

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF          Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
MOTION FOR SANCTIONS FOR SPOLIATION - 1                          211 E. McLoughlin Boulevard, Suite 100
                                                                                PO Box 611
                                                                        Vancouver, WA  98666-0611
                                                                              (360) 750-7547

establishes Defendants' possession, use, and misappropriation of HP Tuners' confidential and proprietary information.  However, that evidence is no longer available to Plaintiff because, as Sykes-Bonnett also admits, he destroyed the flash drive with a hammer after this lawsuit had commenced, after having received a letter instructing him to preserve all evidence related to this litigation and after discovery relating to these issues had been propounded.[1]

Sykes-Bonnett's destruction of the flash drive, which occurred while he was represented by counsel and in the face of multiple discovery requests specifically seeking the information contained on the flash drive, was akin to destroying the smoking gun during the course of murder proceedings.  The destruction of the flash drive significantly impedes Plaintiff's ability to support its claims in this matter, as well as Plaintiff's claims against Mr. Cannata, which Plaintiff is concurrently pursuing in the United States District Court for the District of Nevada under case numner 3:18-cv---527-LRH-WGC.  Defendants cannot be permitted to flout the judicial process in such an egregious fashion with impunity, and should be sanctioned in the form of default judgment in order to maintain the integrity of these court proceedings and the rules of this Court.

Defendants' destruction of the flash drive is just one example in a shamefully long pattern of egregious misrepresentations and sanctionable conduct by the Defendants.  Defendants and their counsel have repeatedly lied to Plaintiff and this Court, including in their initial, repeated denials that Defendants had misappropriated or used any of HP Tuners' confidential and proprietary information whatsoever.  *See, e.g.,* Dkt. 56, ¶¶ 79-81.  Notwithstanding these denials, the record clearly demonstrates that Defendants misappropriated HP Tuners' source code key generator and various other files.  The defendants knew they were in possession of

---

[1]   *See* Deposition of Kevin Sykes-Bonnett, dated September 25, 2018 ("Sykes-Bonnett Tr."), 131:15-17, 137:20-140:12, and 284:4-285:5, which has been previously filed of record under seal in this matter at Dkt. 147, Exhibit A to the Declaration; *see also* Dkt. 156, Ex. 3.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

highly relevant information that went directly to the claims that have been asserted, and which were extremely damaging to their defenses, and shattered that evidence to pieces in an ill-advised and unlawful attempt to shield this Court from the truth and avoid liability for their substantial misdeeds.

## **ARGUMENT**

### I.    **The Destruction of the Flash Drive Significantly Impedes Plaintiff's Ability to Obtain Appropriate Restitution**

Defendants' absurd contention that Plaintiff has not been prejudiced by Defendants' destruction of the flash drive is outrageous and belied by the record on all accounts.  Defendants admit that the flash drive they destroyed contained Plaintiff's confidential and proprietary information, and that they used that information to unlawfully generate and distribute HP Tuners credits for their own profit.  See, e.g., Sykes-Bonnet Tr. 137:10-14 and 173:3-15.  The flash drive is the proverbial "smoking gun" in this case as well as in the concurrent case Plaintiff is pursuing against Ken Cannata for unlawfully distributing Plaintiff's proprietary information to Defendants, among other claims.

The mere fact that Sykes-Bonnett is willing to stipulate to the facts that he received the flash drive, used the information contained therein to improperly generate HP Tuners credits, and distributed those credits, does not negate the harm caused by the destruction of the flash drive. First, HP Tuners does not know what other proprietary information, in addition to the files Defendants used to unlawfully generate HP Tuners credits, was contained on the flash drive and of which Defendants may still be in possession.  Sykes-Bonnett admitted in sworn deposition testimony that the flash drive contained the project for HP Tuners' key generator ***and other files***. Sykes-Bonnett Tr. 137:20-25.  When asked what other files were on the flash drive, Sykes-

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Bonnett indicated that he could "not remember."  Id. at 137:18-19.   Thus, Defendants'
willingness to stipulate to the fact that the flash drive contained information they used to
unlawfully generate HP Tuners credits does not shed any light on what **other** proprietary and
confidential information was on the flash drive.

Defendants' contention that "HP Tuners fails to identify, except in the vaguest and most
indefinite terms, what information has somehow been 'lost' by the destruction of the drive" (Dkt.
173, p. 3) hardly undermines the basis of HP Tuners' motion – it actually makes Plaintiff's main
point for it, which is that, without the ability to inspect the flash drive, HP Tuners has no way of
knowing with any certainty what files, code, and/or other HP Tuners' confidential and
proprietary information Defendants possess, or the extent of their unlawful misappropriation,
use, and distribution.

Defendants' destruction of the flash drive also prevented Plaintiff's expert from
analyzing it and determining the full scope of the information contained therein.  Expert review
of the flash drive could potentially have uncovered a wide breadth of relevant information,
including, without limitation, source code files, administrative versions of software, and meta-
data indicating how the information was manipulated, when and where it was downloaded, and
to whom it was disseminated.

Defendants' repeated argument that Sykes-Bonnett has admitted to the full scope of his
misdeeds and provided all relevant information that Plaintiff could have acquired from the flash
drive is truly shocking.  Sykes-Bonnett has repeatedly denied facts, evaded discovery, and lied
outright to Plaintiff.  Defendants' attempt to depict Sykes-Bonnett as a victim who has readily
provided Plaintiff with all the information relevant to its claims is a gross misrepresentation of
the facts.  The record demonstrates that Sykes-Bonnett has consistently lied throughout these

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

proceedings, and only admits to misdeeds when presented with incontrovertible evidence incriminating him, *i.e.* when he gets caught.  Yet, Defendants insist that Plaintiff must now take him at his word.

For example, Sykes-Bonnett's deposition testimony and interrogatory responses limited the disclosure of HP Tuning credits to Matt Kaiser of the Mustang Shop and an individual by the name of Ellis Groo[2] subsequently proved to be false.  Additionally, Plaintiff has recently acquired reliable evidence in the form of over twelve hundred (1,200) pages of text and Facebook Messenger messages between Sykes-Bonnett, Ken Cannata, and Christopher Breton-Jean that undermine significant portions of Sykes-Bonnett's deposition testimony.  Plaintiff intends to bring another motion for sanctions related specifically to Sykes-Bonnett's numerous misstatements and misconduct in connection with his deposition.

Defendants' pattern of deceit and evasion is not limited to their interaction with Plaintiff; it has also tainted their direct representations to this Court.  As this Court is aware, Defendants have already been sanctioned in an amount yet to be determined for deliberately misrepresenting to the Court during oral argument that a piece of hardware known as the Syked Eliminator Cable constituted Defendants' confidential information.  Dkt. 155.  Additionally, during the same oral argument, Defendants engaged in lengthy discussion of the flash drive at issue in the instant motion, and never once mentioned that the flash drive had been destroyed.

Indeed, Defendants continue to mischaracterize and misrepresent facts in their memorandum opposing the instant Motion for Sanctions, in which they propound a variety of assertions that are unsubstantiated on the record and completely inaccurate.  For example,

---

[2]   See Sykes-Bonnett Tr., 173:3-15 and 281:23-282:11; see also Defendant's Responses to Plaintiff's Third Set of Interrogatories, avail. at Dkt. 156, Ex. 1.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants assert that Sykes-Bonnett's earnings from unlawfully distributing HP Tuners credits are minimal, "approximately $4,000". Dkt. 173, p. 7. In fact, Plaintiff is in possession of reliable evidence that Defendants' earnings related to this misconduct were significantly higher. Similarly, Defendants assert that Sykes-Bonnett has "already provided an accounting of all the monies he has received as a result" of his unlawful distribution of HP Tuners credits. Dkt. 173, p. 5. In fact, Plaintiff has not received any such accounting, nor would any such accounting be dependable given the unreliability of Defendants' testimony throughout these proceedings. Finally, Defendants also claim that they provided Plaintiff's expert with full access to their source code. Id. at p. 7. In fact, they impeded Plaintiff's expert's access, and Plaintiff's expert is expected to testify to Defendants' obstruction of his review of the software in connection with his expert report.

Defendants' argument that Plaintiff has not been prejudiced by the destruction of the flash drive because Sykes-Bonnett has made a variety of "admissions" is unsupported by any law. Plaintiff is under no obligation to accept Defendants' unsubstantiated and baseless statements as true. Moreover, given Defendants' well-established pattern of providing false and/or misleading information, any "admission" they make in no way rectifies Plaintiff's loss of concrete evidence as to those facts. The idea that Plaintiff must now simply take Sykes-Bonnett's current representations as true, and that the flash drive would merely substantiate those representations, is legally baseless and, frankly, foolish.

## II.     Sanctions in the Form of Default Judgment is Appropriate

Defendants do not deny that some form of sanction is appropriate – they merely object to the issuance of a default judgment. Dkt. 173, p. 8. Defendants concede the act of destroying the flash drive was sanctionable by seeking to come to an agreement with Plaintiff as to the nature of

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

the sanction, such as a stipulation from Sykes-Bonnett, and thereby avoiding the proper consequences of the spoliation and disclosure to this Court of Defendants' egregious conduct. Id., pp. 1-2.  As set forth above, any "stipulation" Defendants may make is completely unreliable and would not rectify the prejudice Plaintiff has incurred as a result of Defendants' deliberate spoliation of crucial evidence.

Defendants seek to deflect from the relevant issues by arguing that Plaintiff does not "identify with any degree of particularity what particular sanction it seeks other than a general request for a default judgment against Defendants or such other and further relief as this Court deems necessary and appropriate."  Dkt. 173, p. 1.  However, Defendants do not cite any basis for requiring Plaintiff to state with particularity the type of sanction it seeks, because no such obligation exists.

Regardless, Plaintiff is very clear that it seeks sanctions in the form of a default judgment against Defendants.  As set forth in great detail in Plaintiff's Motion for Sanctions for Spoliation, default judgment is entirely appropriate and necessary in this instance.  Dkt. 156, pp. 7-12. Given the claims at issue, the intentional destruction of the flash drive through which Defendants illicitly acquired Plaintiff's confidential and proprietary information demonstrates a blatant and gross disregard for rules of discovery and the court, and irreparably prejudices Plaintiff.  The fact that Defendants were not represented by their current counsel at the time of the spoliation in no way impacts the assessment of sanctions, and Defendants do not cite any law in support of reducing sanctions due to change of counsel.  The fact remains that Sykes-Bonnett was represented by counsel at the time his destroyed the flash drive with a hammer, and that he did so in the face of a a litigation hold requiring him to preserve relevant evidence and specific discovery requests, in blatant disregard of the Rules of Civil Procedure.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Furthermore, Defendants' attempt to challenge Sykes-Bonnett's culpability by claiming that he was intoxicated at the time he destroyed the flash drive is completely unsupported by the record.  At no point in his deposition did Sykes-Bonnett indicate that he was under the influence of alcohol at the time he destroyed the flash drive, and Defendants do not provide any declaration or other evidence supporting that contention.

Relatedly, Defendants' argument that HP Tuners "cannot show that the destruction of the flash drive was other than a foolish and misguided act of an admittedly intoxicated young man suffering severe emotional distress . . . and who took his frustrations out on an inanimate object" in no way exonerates or diminishes Sykes-Bonnett's culpability because it is belied by the facts. Sykes-Bonnett specifically testified that he destroyed the flash drive "because [he] didn't want anything to do with it anymore," and because he knew he "wasn't to be in possession of it." Sykes-Bonnett Tr. 289:24-290:7; 139:7-140:12.   This was not a drunk man lashing out indiscriminately; indeed, the "coincidental" destruction of the flash drive as part of an episode in which Sykes-Bonnett merely wanted to break something, as Defendants would have this Court believe, is so far-fetched as to be laughable.

Moreover, Sykes-Bonnett's ostensible lack of education and/or sophistication is irrelevant and does not diminish his culpability.  Sykes-Bonnett was represented by counsel, he had received specific discovery requests seeking the information on the flash drive, and he had received clear instruction to preserve evidence.  Nevertheless, Sykes-Bonnett destroyed critical evidence against him, because such evidence was incriminating and would subject him to liability.  He must not be permitted to benefit by his reckless behavior by forcing Plaintiff to engage in proceedings against him without their most crucial piece of evidence.

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

The fact that Sykes-Bonnett's co-defendants were not directly involved in the spoliation in no way precludes the imposition of a default judgment.  Co-Defendant John Martinson ("Martinson") was equally aware of the necessity to preserve evidence and took no steps to ensure that the flash drive was preserved.  Moreover, Martinson failed to notify Plaintiff or the Court that the flash drive was destroyed.  As such, he is also culpable for the prejudicial destruction of evidence and subject to the applicable sanction.

Finally, Plaintiff's motion is not untimely.  There is no requirement that a spoliation motion be made contemporaneous with a party's discovery that evidence has been destroyed.  Moreover, any delay is the direct result of Defendants' own conduct, as Plaintiff has been forced to respond to endlesss other sanctionable acts of Defendants in the meantime, including Defendants' untruthful testimony to the Court, as well as their persistent obstruction of the discovery process.

Accordingly, the imposition of a default judgment against Defendants is appropriate and necessary in order to maintain the integrity of the judicial process and accord Plaintiff adequate relief.

## CONCLUSION

In consideration of the foregoing, this Court should GRANT HP Tuners' Motion for Sanctions for Spoliation.

Dated: April 19, 2019                    Respectfully submitted,


                                         *s/ Andrew P. Bleiman*
                                         Andrew P. Bleiman
                                         (admitted *pro hac vice*)
                                         MARKS & KLEIN, LLP
                                         1363 Shermer Road, Suite 318
                                         Northbrook, Illinois 60062
                                         Telephone: (312) 206-5162
                                         E-mail:  andrew@marksklein.com

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Stephen G. Leatham, WSBA #15572
HEURLIN, POTTER, JAHN, LEATHAM,
HOLTMANN & STOKER, P.S.
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail:  sgl@hpl-law.com

Attorneys for HP Tuners, Inc.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on April 19, 2019, I caused the foregoing to be electronically filed

3   with the Clerk of Court using the CM/ECF system which will electronically send notice to all

4   Counsel of Record.

5
                                        HEURLIN, POTTER, JAHN, LEATHAM,
6                                        HOLTMANN & STOKER, P.S.

7                                        *s/ Stephen G. Leatham*
                                        Stephen G. Leatham, WSBA #15572
8                                        211 E. McLoughlin Boulevard
                                        Vancouver, WA 98663
9                                        Telephone:  (360) 750-7547
                                        Fax:  (360) 750-7548
10                                       E-mail:  sgl@hpl-law.com
                                        Attorney for HP Tuners, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR SANCTIONS FOR SPOLIATION - 11

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547