THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | Cause No. 3:17-cv-05760 BHS |
| Plaintiff, | **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | **Note On Motion Calendar: September 6, 2019** |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON | **Oral Argument Requested** |
| Defendants. | |

Defendants Kevin Sykes-Bonnett, John Martinson and Syked ECU Tuning, Inc. (collectively "Syked Tuning") hereby move for partial summary judgment that the automobile tuning software created, distributed, used or otherwise commercialized by Syked Tuning *does not* contain any purported trade-secrets or other intellectual property claimed by Plaintiff HP Tuners, LLC ("HP Tuners"). and that Syked Tuning's continued commercialization of its tuning software infringes no legitimate right of HP Tuners.

After months of scorched-earth discovery with which this Court is by now well familiar, HP Tuners has failed to find any evidence, much less "smoking gun" evidence that any of its purported proprietary information is included in the Syked Tuning software. Indeed, following a three-day inspection and review of the Syked Tuning software, HP Tuners' own software experts were unable to point to any clear copying or identity of code between the Syked Tuning software and that of HP Tuners.

Because HP Tuners lacks evidence that its own software was copied or otherwise incorporated into Syked Tuning's software, partial summary judgment that Syked Tuning

DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
Cause No. 17-CV-05760-BHS

Page 1

Mᴀɴɴ Lᴀᴡ Gʀᴏᴜᴘ
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

may continue to commercialize its tuning software without interference from HP Tuning is appropriate and should be granted.

Factual support for this motion is provided in the accompanying declarations of Kevin Sykes-Bonnett and Philip P. Mann.

## LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Torres v. City of Madera,* 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out that the nonmoving party lacks evidence to support its case. *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the opposing party must then set out "specific facts" showing a genuine issue for trial in order to defeat the motion. *Id.* "The mere existence of a scintilla of evidence in support of the nonmoving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir. 2001). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable finder of fact could find for the nonmoving party. *In re Barboza,* 545 F.3d 702, 707 (9th Cir. 2008).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 415 U.S. 574, 586-87  (1986); see also *Podohnik v. U.S. Postal Service,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Cause No. 17-CV-05760-BHS

Page 2

Mann Law Group
107 Spring St.
Seattle, WA 98101
Phone: 206.436.8500

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Uberty Lobby, Inc.,* 411 U.S. 242, 247-48 (1986).

## B.    Trade-Secrets

HP Tuners' vaguely pleaded claims for theft of trade-secret are brought under the "Defend The Trade Secrets Act, 18 U.S.C. § 1836" (Count II), the "Washington Uniform Trade Secret Act RCW 19.108" (Count III) and the "Illinois Trade Secrets Act, 765 ILCS 1065/1, Et. Seq." (Count IV). Despite these separate acts, the elements of trade-secret theft are all essentially the same.  A necessary requirement in all cases is that there, in fact, be a trade-secret.  The existence of a trade-secret is something the claimant, i.e. HP Tuners, must prove as part of its case in chief.

For information to qualify as a trade secret, it must be secret. *Confederated Tribes of Chehalis Reservation v. Johnson,* 135 Wn.2d 734, 749, 958 P.2d 260 (1998); *Buffets, Inc. v. Klinke,* 73 F.3d 965, 967–68 (9th Cir. 1996) (applying the Washington UTSA). Information is not secret if it is in the public domain, may be readily ascertainable from another source, or is not materially different from a competitor's information. *Robbins, Geller, Rudman & Dowd, LLP v. State,* 179 Wn. App. 711, 722, 328 P.3d 905 (2014); *Plymouth Grain Terminals, LLC v. Lansing Grain Co., LLC,* No. 10-CV-5019-TOR, 2013 WL 12177037, at *15 (E.D. Wash. Dec. 20, 2013) (applying Washington state law); *McCallum v. Allstate Prop. & Cas. Ins. Co.,* 149 Wn. App. 412, 426 (2009).

"For a trade secret to exist, the underlying information must not be readily ascertainable by proper means from another source." *Plymouth Grain Terminals,* 2013 WL 12177037, at *15. Under the UTSA, "the existence of a trade secret [is] measured by the accessibility of the information within a given industry, *i.e.*, the persons who can obtain economic value from its disclosure or use." *Precision Moulding & Frame, Inc. v. Simpson Door Co.,* 77 Wash. App. 20, 26–27, 888 P.2d 1239, 1243 (1995). When courts face the

MANN LAW GROUP
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

question of whether information is "reasonably ascertainable," they will look "to the degree of time, effort, and expense required of a defendant to acquire or reproduce the alleged trade secret information by other proper means." *Amoco Prod. Co. v. Laird,* 622 N.E.2d 912, 918 (1993) (interpreting the phrase "readily ascertainable" in Indiana's UTSA). "[A] trade secret may exist where the duplication of effort was time-consuming, relatively time-consuming and expensive, or producible after significant time, effort and expense." *Id.* (citations omitted). Research must be fairly inconvenient or difficult for trade secret status to be conveyed. *Id.* "A plaintiff may not ground a misappropriation claim on matters that are common or obvious in the relevant industry." *Think Village-Kiwi, LLC v. Adobe Sys., Inc.,* No. C 09–04166, 2009 WL 3837270 (N.D. Cal. Nov. 16, 2009) (interpreting "readily ascertainable" in California's UTSA).

## ARGUMENT

**A.      HP Tuners Has Not Yet Identified What Its Purported Trade-Secrets Are.**

More than one-and-one-half years into this case, HP Tuners has yet to specify what its alleged trade-secrets are, and has yet to offer one shred of evidence that the software or "source code" of any Syked Tuning product contains any source code or other proprietary information of HP Tuners.

In its July 27, 2018 answers to Syked Tuning's interrogatories, HP Tuners declined to identify with specificity what its purported trade-secrets are.  When asked, for example, to "Describe the factual basis, and identify all facts known to support your allegation that Defendants copied your proprietary and confidential source code, supplied by a third party, and incorporated that source code, including but not limited to your parameters lists, into Defendants' systems" HP Tuners, in response, answered that:

> Subject to and without waiving said objections, the Exhibits to the Amended Complaint, the Parameters List attached as an Exhibit to the Amended Complaint, the Declaration of Matt Kaiser and the statements made therein, the statements made by Tim Milliken regarding Defendants' conduct in this regard, the online posts, messages and communications made by Kevin Sykes-Bonnett, and Kevin

DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT                              Page 4
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

Sykes-Bonnett's attempted sale of a hacked interface and destruction of same all support HPT's claims herein.  Investigation continues.

(P. 3, Exhibit A to Mann Declaration.)

The Exhibits attached to the Amended Complaint, along with the statements made by Mr. Milliken and Mr. Sykes-Bonnett, do not, and cannot, establish the existence of actual and protectable trade-secrets owned by HP Tuners.   Furthermore, HP Tuners has not supplemented its interrogatory answers to identify in any detail what its purported trade-secrets are or how such unidentified trade-secrets are incorporated into Syked Tuning's software.  To date, and long after the close of discovery, HP Tuners has been either unwilling or unable to identify what its supposed trade-secrets are.  Given that establishing the existence of a trade-secret is the very first requirement of proving a theft of trade-secret claim, HP Tuners' failure in this regard is fatal to its case and makes appropriate partial summary judgment in favor of Syked Tuning on the claim that the Syked Tuning software somehow infringes any right of HP Tuners.

**B.    HP Tuners' Own Software Experts Failed To Find Any "Copying" Or Other Misappropriation In The Syked Tuning Software.**

Incredibly, throughout most of this case, HP Tuners has gone out of its way *not* to conduct a proper forensic review of the very Syked Tuning software it alleges was copied from its own source code.  The facts in this regard are detailed in Defendants' pending Motion for Protective Order (Docket No. 161) filed April 5, 2019.

In particular, HP Tuners provided a series of excuses to avoid conducting an experts' review of the Syked Tuning source code despite Syked Tuning's willingness and repeated offers to make it available for inspection and review.[1]  At the end of the Court-ordered period for doing so and with the deadline for serving expert reports looming, HP Tuners, between April 3-5, 2019, finally brought in its software experts to review the Syked Tuning source

---

1    Syked Tuning was more than willing to do so, of course, because it *knew* that its own source code was not copied from HP Tuners and that an honest expert review would confirm that fact.

code.  In their expert report issued April 22, 2019[2], the experts retained by HP Tuners were, not surprisingly, unable to find any copying on the part of Syked Tuning and instead claimed that "interference" by Syked Tuning prevented them from finding what they had hoped.

The fact is that HP Tuners' own experts have been unable to find any copying or other identity between the Syked Tuning software and that of HP Tuners.  The fact is that Syked Tuning developed its software in 2014, well before it ever received any source code from HP Tuners.  (Sykes-Bonnett Declaration ¶¶2&3.)  The fact is that Syked Tuning made absolutely no use of HP Tuners' software in developing its own software.  *Id.*  Indeed, and in light of the extensive discovery provided by Syked Tuning to HP Tuners throughout this case, as well as the detailed deposition testimony of Mr. Sykes-Bonnett himself, HP Tuners is well aware of how the Syked Tuning software was created, what sources were used in the creation of the Syked Tuning software, and that, to the extent there are any similarities between the Syked Tuning software and that of HP Tuners, it is because *they were each copied from the same outside source.*  (Sykes-Bonnett Declaration ¶¶4&5.)  This is not evidence that Syked Tuning copied from HP Tuners.  Instead, it is evidence that HP Tuners copied from third party sources as well.  If this case goes to trial, Syked Tuning has ample evidence to show that HP Tuners either copied elements of Syked Tuning's software or, more likely, copied its programs from the same third party sources used by Syked Tuning.  Relying on the same third party source in developing their respective programs does not, and cannot, make Syked Tuning liable to HP Tuners.  It is the height of arrogance and irony to claim otherwise.

---

2   As the Experts' Report has been designated by HP Tuners as "Highly Confidential – Attorneys' Eyes Only," the Report is not directly quoted or otherwise included here.  Subject to HP Tuner's consent and approval, Defendants have no objection to making the report available to the Court on whatever terms of confidentiality HP Tuners' requires.

MANN LAW GROUP
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

**C.**   **Because There Is No Evidence That The Syked Tuning Software Was Either Copied From HP Tuners' Software Or Incorporated Any Purported "Trade-Secret" Owned By HP Tuners, Partial Summary Judgment Should Be Granted In Favor Of Syked Tuning.**

In this case, HP Tuners has served over 130 separate requests for production of documents.  It has taken depositions of at least ten witnesses.  As this Court is well aware, HP Tuners has left no stone unturned in discovery, and Syked Tuning has turned over to HP Tuners virtually all documents in its possession.  Syked Tuning, at great risk to itself, has even made its own highly valuable source code available to HP Tuners' software experts for analysis and review.  Furthermore, the individual defendant, Kevin Sykes-Bonnett has turned over to HP Tuners his own, personal, social media and financial records that go far beyond his activities relating to Syked Tuning.  In short, HP Tuners has received virtually everything it has requested in this case.

Despite this exercise in overkill on the part of HP Tuners, there is simply no evidence that the Syked Tuning software incorporates anything copied from HP Tuners.  Indeed, HP Tuners' own software experts confirm that.  To the extent there are any similarities between the Syked Tuning software and that of HP Tuners, HP Tuners *is well aware* of why that is and is well aware that those similarities do not stem from any copying of HP Tuners' software on the part of Syked Tuning.

Furthermore, and to the extent HP Tuners still contends that Syked Tuning somehow used HP Tuners' "trade-secrets" in its software, HP Tuners has not met the very first step of actually establishing the existence of the trade-secret that was supposedly misappropriated.  Proving the existence of a trade-secret, and identifying with specificity what that trade-secret is, is a necessary element of any trade-secret claim, whether brought under Washington State Law, Illinois law, or Federal Law.  HP Tuners's failure to identify with specificity what trade-secret was supposedly stolen dooms its claim that the Syked Tuning software includes such secrets.  Given that HP Tuners has not and cannot identify any particular "trade-secret," it claims Syked Tuning stole, there is no surprise that HP Tuners' own software experts were

DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT                    Page 7
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

1  unable to identify any such theft either during their inspection of the Syked Tuning software

2  or in their expert report.

3          Given that HP Tuners has not, and cannot, provide evidence that the Syked Tuning

4  software was copied from HP Tuners' software or incorporates (so far unidentified) trade-

5  secrets of HP Tuners, partial summary judgment that the Syked Tuning software does not

6  infringe any right of HP Tuners is appropriate and should be granted.

7                               **CONCLUSION**

8          For all the foregoing reasons, Defendants respectfully request that this Court enter

9  partial summary judgment that the Syked Tuning software at issue in this matter  does not

10  infringe any right of HP Tuners and that all claims based on such allegations be dismissed

11  from this action.

12          Dated July 31, 2019.                    Respectfully submitted,

13
                                              */s/ Philip P. Mann*
14                                            Philip P. Mann, WSBA No: 28860
                                              **Mann Law Group PLLC**
15                                            107 Spring St.
                                              Seattle, Washington 98104
16                                            Phone (206) 436-0900
                                              Fax (866) 341-5140
17                                            phil@mannlawgroup.com

18
                                              Attorneys for Defendants
19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT                    Page 8
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify on the date indicated below, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to all parties who have appeared in this matter.

5

6

DATED:  July 31, 2019                    <u>/s/ Philip P. Mann</u>

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500