THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON<br><br>Defendants. | Cause No. 3:17-cv-05760 BHS<br><br>**DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT**<br><br><u>**Note On Motion Calendar: September 6, 2019**</u><br><br>**Oral Argument Requested** |

Defendant John Martinson ("Mr. Martinson") hereby moves for summary judgment dismissing all claims against him in the above-captioned matter.  After more than one year of scorched-earth discovery, absolutely no evidence has been developed that Mr. Martinson engaged in any of the nefarious conduct alleged by Plaintiff HP Tuners.

## INTRODUCTION

The original complaint in this action (Docket No. 1) filed on September 20, 2017 lists only Kevin Sykes-Bonnett and Syked  ECU Tuning Incorporated as defendants.

On March 29, 2018, HP Tuners filed its First Amended Complaint (Docket No. 26-1) that differed from the original complaint *only* in naming Mr. Martinson as a defendant.  In the body of the First Amended Complaint, no specific allegations against Mr. Martinson were made other than that "Mr. Martinson is is a resident of Washington and an officer of Syked ECU Tuning Incorporated." (Docket No. 26-1, ¶ 7.)

On April 30, 2018, Mr. Martinson filed his motion under Rule 12(b)(6) to dismiss the claims against him.  (Docket No. 32.)  In his motion, Mr. Martinson argued that, "The [First Amended Complaint] fails to allege any new causes of action" and that, "In short, HP Tuners has done nothing except [add] Mr. Martinson to the complaint for no reason other than because Mr. Martinson and Mr. Sykes-Bonnett are business partners, a fact which has been public information since well before this dispute arose."  (Docket No. 32 at pp. 1&2.)

On June 12, 2018 this Court denied Mr. Martinson's motion to dismiss holding that, "The Court concludes that [the First Amended Complaint] is fair notice of the basis for the claims," and that, "Whether [HP Tuners] will obtain evidence to pierce the corporate veil is beyond the scope of a motion to dismiss."  Finally, this Court concluded that, "At this point, it is sufficient to allege that the misuse was accomplished either individually or as officers of the company."  (Docket No. 50, p. 3.)

## LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Torres v. City of Madera,* 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out that the nonmoving party lacks evidence to support its case. *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the opposing party must then set out "specific facts" showing a genuine issue for trial in order to defeat the motion. *Id*. "The mere existence of a scintilla of evidence in support of the nonmoving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. *Arpin*

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 2
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

*v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir. 2001). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable finder of fact could find for the nonmoving party. *In re Barboza,* 545 F.3d 702, 707 (9th Cir. 2008).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 415 U.S. 574, 586-87  (1986); *see also Podohnik v. U.S. Postal Service,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Uberty Lobby, Inc.,* 411 U.S. 242, 247-48 (1986).

## ARGUMENT

**A.** **To Date, HP Tuners Has Not Obtained Any Evidence Whatsoever That Mr. Martinson Did Any Of The Acts Alleged In The First Amended Complaint.**

As this Court is well aware, HP Tuners has engaged in extremely aggressive discovery into virtually all aspects of this case and has has left no stone unturned.  In particular, HP Tuners has served over 130 separate requests for production of documents.  It has taken depositions of at least ten witnesses.  Mr. Sykes-Bonnett has testified at least twice at deposition, and Mr. Martinson, himself, has been deposed at great length.

At deposition, Mr. Martinson has unequivocally denied having engaged in any of the activities broadly alleged in the First Amended Complaint.  In particular, Mr. Martinson has unequivocally denied having been involved in any plot or scheme to sell or distribute HP Tuners' "credits" and has unequivocally denied having "hacked" any HP Tuners' computers, software or other alleged proprietary rights.  Furthermore, Mr. Martinson has unequivocally denied having used any HP Tuners' software in developing software developed and used by Syked ECU Tuning.

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                          Page 3
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

Even more compellingly, Mr. Sykes-Bonnett, himself, has confirmed at deposition that the admittedly improper use and distribution of unauthorized HP Tuners' credits, and other misuse of HP Tuners' property was in no way conducted with either the knowledge of, or participation by, Mr. Martinson.  In short, there is absolutely no evidence whatsoever that Mr. Martinson, himself, engaged in any of the improper actions alleged in the First Amended Complaint.

**B.      As Discovery Is Now Complete, And HP Tuners Has Failed To Develop Any Evidence Whatsoever To Implicate Mr. Martinson Personally, Summary Judgment Dismissal Of The Claims Against Mr. Martinson Is Appropriate.**

In denying Mr. Martinson's motion to dismiss under Rule 12(b)(6), this Court gave HP Tuners the opportunity to conduct discovery and see if it could "obtain evidence to pierce the corporate veil."  To date, HP Tuners has had more than ample opportunity to do so.  It has deposed Mr. Martinson, it has deposed Mr. Sykes-Bonnett (at least twice) and it has deposed numerous third party witnesses.  In addition, HP Tuners has obtained virtually all records and documents maintained by Mr. Sykes-Bonnett, Mr. Martinson and Syked ECU Tuning Incorporated.  HP Tuners has even, without objection by any of the Defendants, taken the deposition of a Canadian national pursuant to letters rogatory in an effort to bolster its case. Despite these efforts, absolutely no evidence whatsoever has been obtained to implicate Mr. Martinson personally in any of the broadly alleged allegations made in the First Amended Complaint.

In his motion to dismiss under Rule 12(b)(6), Mr. Martinson accurately pointed out that the First Amended Complaint made no specific allegations against him.  Now, more than one year later, and after extensive scorched-earth discovery, there remains no evidence whatsoever to link him to any of the broad, non-specific allegations made in the First Amended Complaint.  Accordingly, and because no evidence exists to maintain any action against Mr. Martinson personally, summary judgment dismissal of each and every claim against Mr. Martins is appropriate and should be granted here.

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 4
Cause No. 17-CV-05760-BHS

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

1

2                                    **CONCLUSION**

3          For all the foregoing reasons, Defendants respectfully request that this Court enter

4   summary judgment dismissing all claims made against Defendant John Martinson.

5

6          Dated July 31, 2019.                    Respectfully submitted,

7
                                                   */s/ Philip P. Mann*
8                                                  Philip P. Mann, WSBA No: 28860
                                                   **Mann Law Group PLLC**
9                                                  107 Spring St.
                                                   Seattle, Washington 98104
10                                                 Phone (206) 436-0900
                                                   Fax (866) 341-5140
11                                                 phil@mannlawgroup.com

12
                                                   Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

       I hereby certify on the date indicated below, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to all parties who have appeared in this matter.

5

6

DATED:  July 31, 2019                  */s/ Philip P. Mann*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mann Law Group
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500