UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, | CASE NO. C17-5760 BHS |
| Plaintiff, | ORDER AWARDING SANCTIONS |
| v. | |
| KEVIN SYKES-BONNETT, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HPT") petition for attorney's fees. Dkt. 158.

On March 14, 2019, the Court granted HPT's motion for sanctions and granted HPT leave to file a petition for fees. Dkt. 155. On March 29, 2019, HPT filed the instant petition requesting $20,125. Dkt. 158. On April 12, 2019, Defendants John Martinson, Syked ECU Tuning Incorporated, and Kevin Sykes-Bonnett ("Defendants") responded contesting HPT's attorney's rates and hours and arguing that a nominal sanction is sufficient to accomplish the purposes of Rule 11. Dkt. 170.

Regarding rates, HPT seeks an hourly rate of $350. Defendants cite *LHF Prods., Inc v. Doe 1*, C16-551RSM, 2017 WL 615888 (W.D. Wash. Feb. 15, 2017) for the

ORDER - 1

proposition that a more reasonable hourly rate is $300. Dkt. 170 at 2–3. Chief Judge Martinez, however, stated that "courts in this District have awarded [the attorney] a rate of $350 and $300 for work similar, if not identical, to the [intellectual property] work done in this matter." *Id.* at *4. The Court finds that Defendants have failed to show that $350 per hour is an unreasonable rate in this District and therefore grants HPT's requested hourly rate.

Regarding the hours expended, HPT requests 18.3 hours for work in responding to Defendants' motion for a temporary restraining order ("TRO") and 36.7 hours for work on the motion for sanctions. Dkt. 159-1 at 1–2. Defendants argue that this request is excessive and does not correspond to the Court's conclusion that it would award only a pro-rata share of fees incurred in responding to Defendants' motion. Dkt. 170 at 3. The Court agrees with Defendants on both issues. First, Defendants filed the motion for a TRO based on numerous allegedly confidential documents, only one of which led to the offending conduct. Thus, the Court provided that "[w]hile the Court will not award all fees incurred in responding to the [TRO] motion, the Court will award a reasonable proportion of those fees." Dkt. 155 at 5. This is based on the fact that HPT would have had to respond to the motion even if the offending document and argument relating to that documents were excluded from the motion. Defendants' motion was based on binary files and two hardware design documents, one of which was not Defendants' product. Therefore, the Court will reduce the hours requested to award only one-third of those hours, which is 6.1 hours.

ORDER - 2

1     Second, HPT's request for 36.7 hours for work done on the motion for sanctions is
2 excessive.  It is unreasonable to spend twice as many hours on a motion for sanctions as
3 were expended on a response to a motion for a TRO.  Moreover, it is unreasonable for an
4 experienced attorney who charges $350 per hour to spend almost an entire week's worth
5 of work to draft and file a simple motion for sanctions.  The Court finds that it would take
6 at most a day to draft and file the motion and a day to read the response and draft a reply.
7 Therefore, the Court awards 16 hours for the motion for sanctions.

8     Finally, Defendants argue that the Court should order them to pay the Court
9 instead of HPT.  Dkt. 170 at 6.  The Court, however, finds that the sanctionable behavior
10 in this matter resulted in HPT incurring unnecessary expenses, which is sufficient reason
11 to award HPT sanctions for compensation.  Therefore, the Court concludes that HPT is
12 awarded sanctions in the amount of $7,735, which is 22.1 hours of work at $350 per hour.

13     **IT IS SO ORDERED**.

14     Dated this 26th day of August, 2019.

                                                 BENJAMIN H. SETTLE
                                                 United States District Judge