1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

                Plaintiff,

     v.

KEVIN SYKES-BONNETT, SYKED ECU
TUNING INCORPORATED, JOHN
MARTINSON,

                Defendants.

Case No. 3:17-cv-05760-BHS

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S MOTION FOR
SANCTIONS FOR SPOLIATION OF
EVIDENCE

12

13

14

15

16

17

18

19

20

       Plaintiff has moved for sanctions concerning spoliation of evidence. Dkt. 156. The evidence that plaintiff argues was destroyed is a portable flash drive. Plaintiff's Motion for Sanctions for Spoliation of Evidence, Dkt. 156 at 2, 156-3: Ex. 3 (plaintiff's demand to defendants and request for preservation of evidence, dated 3-27-2017); Dkt. 147, 147-1 at p. 139 (Sealed) Ex. A.  The defense admits that the flash drive contained confidential and proprietary information relevant to this lawsuit, and admits that defendant Sykes-Bonnett destroyed the flash drive, but the defense opposes the motion. Defendant's Response, Dkt. 173. Plaintiff requests either default judgment against the defendants, or other relief the Court determines to be appropriate. Plaintiff's Reply, Dkt. 156 at 1, Dkt. 174 at 2.

21

22

23

       Plaintiff and defendants agree: Defendant Sykes-Bonnett destroyed evidence, i.e. the flash drive and electronic contents of the flash drive, the defendant had notice that the evidence he destroyed had potential relevance to the litigation, and he knew this before he destroyed the

24

25

1   flash drive. Therefore, the Court finds plaintiff has met its burden of proof by a preponderance of

2   evidence, that spoliation has occurred. *Ryan Editions Ltd. West,* 786 F.3d 754, 766 (9th Cir.

3   2015); *Apple Inc. v. Samsung Elecs. Co.,* 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012).

4         The questions for the Court, under Fed. R. Civ. P. 37(e), are: Whether the ESI from that

5   flash drive is "lost"; and under both Rule 37(e) and the Court's inherent authority to control the

6   discovery process and uphold the integrity of litigation -- if the ESI is lost -- then should the

7   Court issue an order of default, or some other sanction, in response to the spoliation?

8                                    **Legal Standard**

9         The spoliation of electronic discovery is covered by Fed. R. Civ. P. 37(e), "which

10   essentially functions as a decision tree". *Oracle America, Inc. v. Hewlett Packard Enterprise*

11   *Company,* 328 F.R.D. 543, 549 (N.D. Cal. 2018). As amended December 1, 2015 to clarify when

12   United States District Courts should use certain measures to respond to allegations of spoliation

13   of ESI, Fed. R. Civ. P. 37(e) provides:

14
15         If electronically stored information that should have been preserved in the
           anticipation or conduct of litigation is lost because a party failed to take reasonable steps
16         to preserve it, and it cannot be restored or replaced through additional discovery, the
           court:

17         (1)  upon finding prejudice to another party from loss of the information, may
                order measures no greater than necessary to cure the prejudice; or
18         (2)  only upon finding that the party acted with the intent to deprive another party
                of the information's use in the litigation may:
19              (A) presume that the lost information was unfavorable to the party;
                (B) instruct the jury that it may or must presume the information was
20                  unfavorable to the party; or
                (C) dismiss the action or enter a default judgment.
21

22         The decision tree starts with an inquiry of whether the data is forever gone: The Court

23   must consider three questions to determine whether ESI has been "lost" – (a) did the

24   discoverable ESI exist at the time a duty to preserve arose, (b) did the party fail to take

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
     MOTION FOR SANCTIONS FOR SPOLIATION OF
     EVIDENCE - 2

1   reasonable steps to preserve the ESI, and (c) is the evidence irreplaceably lost? *Oracle America,*

2   *Inc. v. Hewlett Packard Enterprise Company,* 328 F.R.D. at 549. If the answer to any of these

3   questions (a)-(c) is "no", then a motion for spoliation sanctions must be denied. If all the

4   questions are answered "yes", then the Court proceeds to determine whether the moving party

5   has been prejudiced and whether the party subject to potential sanctions had an intent to deprive.

6        The moving party is not required to prove the likely contents of destroyed evidence;

7   information is not "lost" under Fed. R. Civ. P. 37(e) unless the moving party shows there are

8   categories of irreplaceable relevant documents. *See e.g., Leon v. IDX Sys. Corp.,* 464 F.3d 951,

9   959 (9th Cir. 2006); *Neely v. Boeing Co.,* 2019 U.S. Dist. LEXIS 68726 (W.D. Wash. April 23,

10   2019) (information was not lost – plaintiff did not show that allegedly spoliated data could not be

11   restored or re-constructed by making discovery requests of other potential custodians of data);

12   *Alabama Aircraft Industries, Inc. v. Boeing Company,* 319 F.R.D. 730, 742-43 (N.D. Alabama,

13   Southern Division 2017) (ESI was "lost" under circumstances where the defendant could not

14   even identify some of the lost data, other ESI that could be identified was nevertheless not

15   preserved, and the allegedly spoliated data could not be restored or found by conducting

16   additional discovery).

17        District courts have inherent power to take action when a party destroys evidence, yet the

18   Court must carefully determine whether a case-dispositive sanction is warranted, or a lesser

19   remedy should be imposed. *Valley Eng'rs v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.

20   1998). "Courts may sanction parties responsible for spoliation of evidence in three ways. First a

21   court can instruct the jury that it may draw an inference adverse to the party or witness

22   responsible for destroying the evidence. *See Glover v BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.

23   1993) […]. Second, a court can exclude witness testimony proffered by the party responsible for

24

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
    MOTION FOR SANCTIONS FOR SPOLIATION OF
    EVIDENCE - 3

destroying the evidence and based on the destroyed evidence.  *See, Glover*, 6. F3d at 1329; *Unigard Sec. Ins. Co. v. Lakewood Eng'g Mfg. Corp*. 982 F.2d 363, 368 (9th Cir. 1992). Finally, a court may dismiss the claim of the party responsible for destroying the evidence." *UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F.Supp. 2d 1060 (N.D. Cal. 2006); Fed. R. Civ. P. 37(e).

Dismissal or default is an appropriate sanction if a party acted deliberately, used deceptive practices, and thereby undermined the integrity of the judicial process. *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958-59 (9th Cir. 2006). The District Court must make a finding that the party's acts were willful, the party was at fault, or there is a showing of bad faith. *Id.* And, the trial court must consider five factors when evaluating whether a case-dispositive sanction should be imposed: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id., quoting, Anheuser-Busch v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).

"Trial courts have widely adopted the Second Circuit's three-part test which provides that 'a party seeking an adverse inference instruction based on the destruction of evidence must establish: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Apple v. Samsung Elecs. Co.,* 888 F. Supp.2d 976, 989 (N.D. Cal. 2012); *see also, Chen v. LW Rest., Inc.,* No. 10-CV-200, 2011 WL 3420433, 2011 U.S. Dist. LEXIS 85403 (E.D.N.Y. August 3, 2011) at *9-*21 (defendant lost a flash drive, Court analyzed the three-part test and found that default judgment was not

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF
EVIDENCE - 4

1  warranted; the Court determined an adverse inference jury instruction was warranted, and also

2  awarded attorney's fees and costs to plaintiff).

3  <u>**Factual Background**</u>

4        This motion stems from the complaint for injunctive relief and damages against

5  defendants filed on September 20, 2017. Dkt. 1.  Plaintiff alleges that defendants

6  misappropriated plaintiff's proprietary software, systems, source codes, reversed engineered the

7  software, unlawfully sold thousands of credits for use in plaintiff's software, created and sold

8  fraudulent application keys to unlock plaintiff's software, and publicly disclosed plaintiff's

9  confidential information. Dkt. 35.

10        Defendant Sykes-Bonnett is the founder and a shareholder for Defendant Syked ECU

11  Tuning Incorporated.  Dkt. 147-1 at p. 41-42, 65-66 (Sealed) Ex. A. In 2016, Ken Cannata, a

12  former owner for plaintiff, mailed Defendant Sykes-Bonnett a flash drive containing plaintiff's

13  proprietary information. *Id*. at p. 131-132.

14        Defendant Sykes-Bonnett testified that he accessed the content of the flash drive but did

15  not download any of the content onto any computer or software.  *Id*. at p. 133, 136-37, 139. This

16  information allowed Defendant Sykes-Bonnett to generate application keys to unlock plaintiff's

17  software. *Id*. at p. 74-75.  Defendant Sykes-Bonnett admits that he generated and sold application

18  keys to unlock plaintiff's software both in person and through electronic means.  *Id*. at p. 31, 33,

19  134-36.  The flash drive also contained additional files containing plaintiff's information, but

20  Defendant Sykes-Bonnett does not remember what other files or information were on the flash

21  drive. *Id*. at p. 75, 137, 147, 159-160.

22        In March 2018, while this litigation was pending, Defendant Sykes-Bonnett destroyed the

23  flash drive, with a hammer.  *Id*. at p. 139. At the time that Defendant Sykes-Bonnett destroyed

24

25  REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF
EVIDENCE - 5

1  the flash drive he was aware that he was required to preserve evidence relevant to this litigation.

2  *Id.* at p. 140. In fact, Defendant Sykes-Bonnett had been expressly instructed to preserve and not

3  destroy any materials, communications or documents relating to plaintiff.  *Id.* at p. 284, See, Dkt.

4  156-3 at p.2 Ex. 3. Additionally, prior to Defendant Sykes-Bonnett destroying the flash drive,

5  plaintiff had served defendants with discovery requests to which the flash drive would have been

6  responsive. Dkt. 156-2 at p. 7-8 Ex 2.

7      Despite knowing that he was obligated to preserve the flash drive and being requested to

8  produce the flash drive, Defendant Sykes-Bonnett destroyed the flash drive.  Defendant Sykes-

9  Bonnett testified that he destroyed the flash drive because he became aware he was not supposed

10  to be in possession of the flash drive and he "didn't want anything to do with it anymore." Dkt.

11  147-1 at p. 139-140, 290. Notably, this is not the first instance of Defendant Sykes-Bonnett

12  destroying potential evidence during the course of this litigation. *Id.* at p. 144, 288-289. Further,

13  defendants have previously been sanctioned in this case pursuant to Federal Rule of Civil

14  Procedure 11 for submitting uncorrected misrepresentations to the Court.  Dkt. 155.

15                                    **Discussion**

16  I.      Whether the Evidence Has Been "Lost"

17      First, the Court must determine whether the evidence in question has been "lost."  As was

18  previously discussed, ESI has been "lost" when (a) the discoverable ESI existed at the time a

19  duty to preserve arose, (b) the party failed to take reasonable steps to preserve the ESI, and (c)

20  the destroyed evidence cannot be replaced.  *Oracle America, Inc.*, 328 F.R.D. at 549.  In the

21  instant action the evidence contained on the destroyed flash drive has been lost.

22      Defendant Sykes-Bonnett possessed the flash drive during the course of this litigation and

23  was given express instructions to preserve all relevant evidence related to plaintiff.  Further,

24

25  REPORT AND RECOMMENDATION ON PLAINTIFF'S
   MOTION FOR SANCTIONS FOR SPOLIATION OF
   EVIDENCE - 6

1    Defendant Sykes-Bonnett admits that the flash drive contained information relevant to this

2    litigation.  Additionally, Defendant Sykes-Bonnett admits to intentionally destroying the flash

3    drive and he did not take reasonable steps to preserve the information on the flash drive.  Finally,

4    there is no way of knowing the extent of the evidence contained on the flash drive and there is

5    nothing in the record to indicate that the information is recoverable.

6          For the foregoing reasons, the ESI on the flash drive has been lost.

7    II.    Prejudice and Defendant's Intent

8          Next, the Court must determine whether the moving party has been prejudiced and

9    whether the party subject to potential sanctions had an intent to deprive. The undersigned

10   recommends that the Court find that plaintiff has been prejudiced by Defendant Sykes-Bonnett's

11   destruction of evidence.  The undersigned further recommends that the Court find that Defendant

12   Sykes-Bonnett acted with intent to deprive plaintiff of information.

13         "The prejudice inquiry 'looks into whether the [spoiling party's] actions impaired [the

14   non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of

15   the case.'" *Leon*, 464 F.3d at 959 (*quoting United States use of Wiltec Guam, Inc. v. Kahaluu*

16   *Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)) (alteration in *Leon*, 464 F.3d at 959). Prejudice

17   can be found where the refusal to produce or the destruction of evidence would force the moving

18   party to rely on incomplete evidence at trial. *See, Leon*, 464 F.3d at 959.

19         Further, if a party destroys evidence with the intent to keep the ESI from the opposing

20   party, prejudice is reasonably inferred. See, Fed. R. Civ. P. 37 advisory committee's note (2015);

21   *Oracle America Inc.*, 328 F.R.D. at 549. A party's destruction of evidence can be considered

22   willful or in bad faith when the party had notice that the evidence was potentially relevant to

23   litigation before it was destroyed. *Leon*, 464 F.3d at 959.

24

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
     MOTION FOR SANCTIONS FOR SPOLIATION OF
     EVIDENCE - 7

1    Plaintiff is alleging that defendants misappropriated plaintiff's proprietary software,

2    unlawfully sold credits for use in plaintiff's software, and created and sold fraudulent application

3    keys to unlock plaintiff's software. Dkt. 35. Defendants have admitted that the flash drive

4    contained plaintiff's proprietary information which Defendant Sykes-Bonnett used to generate

5    and sell application keys to unlock plaintiff's software.  Dkt. 147-1 at p. 74-75, 131-32; Dkt. 173.

6    The flash drive contained additional files containing an unknown amount of plaintiff's

7    information which can no longer be reliably identified. Dkt. 147-1 at p. 75, 137, 147, 159-60.

8    Finally, Defendant Sykes-Bonnett intentionally destroyed the flash drive despite having notice of

9    his obligation to preserve relevant evidence. *Id*. at 139-140, 284.

10    The evidence contained on the now destroyed flash drive was directly relevant to

11    plaintiff's claims. In fact, based on defendants' concessions, it seems that the evidence would

12    likely have supported some of plaintiff's claims. Because of Defendant Sykes-Bonnett's

13    admittedly intentional actions, it is impossible to ascertain what other evidence may have been

14    contained on the flash drive. Further, plaintiff must proceed with incomplete evidence.

15    Accordingly, the undersigned recommends that the Court find that plaintiff has been prejudiced

16    by the destruction of the flash drive.

17    Defendant Sykes-Bonnett was aware, that the information on the flash drive was relevant,

18    that he was obligated to preserve the evidence and that he was required to produce the flash

19    drive.  Despite being aware of these facts, Defendant Sykes-Bonnett intentionally destroyed the

20    flash drive. Based on the foregoing, the undersigned recommends that the Court find that

21    Defendant Sykes-Bonnet willfully destroyed the flash drive with the intent to deprive plaintiff of

22    the information on the flash drive.

23

24

25    REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF
EVIDENCE - 8

III.    Appropriate Sanctions

     a.   Default Judgment

Dismissal or default is an appropriate sanction when the offending party acted deliberately, used deceptive practices, and thereby undermined the integrity of the judicial process. *Leon*, 464 F.3d at 958-59.  To make this determination the trial court must consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanction; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*.; *Anheuser-Busch v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).

First, as was previously discussed, Defendant Sykes-Bonnett was aware that the content of the flash drive was relevant to this litigation and was further aware of his duty to preserve and produce the flash drive.  The fact that Defendant Sykes-Bonnett destroyed the flash drive despite this knowledge supports a finding that Defendant Sykes-Bonnet acted deliberately and in a deceptive manner. Defendant Sykes-Bonnett deliberately violated the Federal Rules of Civil Procedure and undermined the fact-finding process of discovery.  Further, by destroying the flash drive, Defendant Sykes-Bonnett has prevented the plaintiff from presenting all relevant evidence in this action.  Defendant Sykes-Bonnett's conduct has undermined the integrity of the judicial process.

With regards to the five factors relevant to determining whether a terminating sanction is justified, the first factor, the public's interest in expeditious resolution of litigation, favors a terminating sanction.  By destroying the flash drive Defendant Sykes-Bonnett has unnecessarily delayed the resolution of this litigation by requiring additional discovery to try to identify and recover some of the lost evidence.  Additionally, Defendant Sykes-Bonnett's conduct has led to

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF
EVIDENCE - 9

1    motions that otherwise would have been unnecessary.  The second factor is a neutral and does

2    not weigh in favor of either party.

3       The third factor weighs in favor of a terminating sanction. As was discussed in the

4    previous section, by destroying the flash drive, Defendant Sykes-Bonnett has prejudiced

5    plaintiff.  Plaintiff is now unable to access all of the information that was previously contained in

6    the flash drive.  Defendant Sykes-Bonnett's destruction of the flash drive has prevented the

7    plaintiff and the Court from knowing the full extent of defendants' admitted misconduct.   The

8    fourth factor, the public policy favoring disposition of cases on their merits, weights against a

9    terminating sanction.  Further, because less drastic sanctions are available to the Court, the fifth

10   factor also weights against a terminating sanction.

11      Because there are adequate less drastic sanctions available to the Court and because

12   public policy favors determining cases on their merits, the undersigned recommends that

13   plaintiff's request for default judgment be denied.

14        b.   Other Available Remedies

15      The Court has discretion when ordering a sanction for spoliation of evidence; a finding of

16   intent to deprive another party of the lost evidence does not require the Court to adopt the

17   measure set out in Rule 37(e)(2) and does not limit the Court to those remedies. See, Fed. R. Civ.

18   P. 37 advisory committee's note (2015).  The Court has the discretion to order a remedy that fits

19   the wrong. *Id*.   For these reasons, the undersigned recommends that the Court grant an adverse

20   inference jury instruction with regards to the evidence that would have been discovered in the

21   flash drive. The undersigned further recommends that the Court order defendants to pay

22   plaintiff's attorney's fees and cost incurred in bringing this motion as well as any attorney's fees

23

24

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
     MOTION FOR SANCTIONS FOR SPOLIATION OF
     EVIDENCE - 10

1  and cost incurred by additional discovery, and plaintiff's preparation of a proposed set of adverse

2  inference jury instructions that will be necessitated by the destruction of the flash drive.

3       An adverse inference instruction is justified when "(1) […] the party having control over

4  the evidence has an obligation to preserve it at the time it was destroyed; (2) […] the records

5  were destroyed with a culpable state of mind; and (3) […] the evidence was relevant to the

6  [moving] party's claim or defense such that a trier of fact could find that it would support that

7  claim or defense. *Apple v. Samsung Elecs. Co.,* 888 F. Supp.2d 976, 989 (N.D. Cal. 2012); *see*

8  *also, Chen v. LW Rest., Inc.,* No. 10-CV-200, 2011 WL 3420433, 2011 U.S. Dist. LEXIS 85403

9  (E.D.N.Y. August 3, 2011) at *9-*21 (defendant lost a flash drive, Court analyzed the three-part

10  test and found that default judgment was not warranted; the Court determined an adverse

11  inference jury instruction was warranted, and also awarded attorney's fees and costs to plaintiff).

12       Prior to Defendant Sykes-Bonnett's destruction of the flash drive he had received a

13  demand letter requesting the preservation of evidence, the litigation had commenced triggering a

14  duty to preserve evidence and he had received discovery requests seeking production of the flash

15  drive.  Further, Defendant Sykes-Bonnett admitted to being aware of his obligation to preserve

16  the flash drive at the time of its destruction.  Accordingly, Defendant Sykes-Bonnett had an

17  obligation to preserve the flash drive and was aware of that obligation when he destroyed it.

18       Additionally, as has been discussed throughout this Report and Recommendation,

19  Defendant Sykes-Bonnett was aware of the flash drive's contents and relevance to plaintiff's

20  claims. The fact that Defendant Sykes-Bonnett intentionally destroyed relevant evidence

21  (substantive contents, as well as metadata associated with any electronic records) that was

22  subject to and responsive to plaintiff's discovery requests supports a finding that Defendant

23  Sykes-Bonnett destroyed the flash drive with a culpable state of mind.

24

25  REPORT AND RECOMMENDATION ON PLAINTIFF'S
   MOTION FOR SANCTIONS FOR SPOLIATION OF
   EVIDENCE - 11

1    Defendant Sykes-Bonnett has admitted that the flash drive contained plaintiff's

2    proprietary information which he used to generate and sell application keys to unlock plaintiff's

3    software.  This information is directly relevant to plaintiff's allegations that defendants

4    misappropriated plaintiff's software and sold fraudulent application keys to unlock plaintiff's

5    software.

6    For the foregoing reasons, all of the elements necessary for an adverse inference

7    instruction have been met. The undersigned recommends that the Court grant an adverse

8    inference instruction; the Court should request that plaintiff propose instruction(s) informing the

9    jury of the existence of the flash drive, the information that defendants admit was on the flash

10   drive, that Defendant Sykes-Bonnett destroyed the evidence and allowing the jury to draw an

11   adverse inference against defendants based on these facts.

12   In addition to the adverse inference instruction, the undersigned recommends that the

13   Court order defendants to pay plaintiff's attorney's fees and cost incurred in conducting

14   additional discovery as a result of this spoliation and incurred in bringing this motion.

15          c.   Defendants John Martinson and Syked ECU Tuning Incorporated

16   In addition to Defendant Sykes-Bonnett, Defendants Martinson and Syked ECU Tuning

17   Incorporated are also subject to this motion. Defendant Sykes-Bonnett is the founder of Syked

18   ECU Tuning Incorporated and one of the three shareholders. Dkt. 147-1 at p. 41, 85. Defendant

19   Martinson is another shareholder for Syked ECU Tuning Incorporated. *Id*. at p. 85. Defendant

20   Sykes-Bonnett is the CEO of Syked ECU Tuning Incorporated and acts on its behalf. *Id*. at 214.

21   The information on the flash drive could have contained evidence implicating all three

22   defendants in the misconduct alleged in this litigation. Further, all three defendants had an

23   obligation to preserve and produce the flash drive. Dkt. 156-2: Ex. 2; 156-3: Ex. 3. Therefore,

24

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
     MOTION FOR SANCTIONS FOR SPOLIATION OF
     EVIDENCE - 12

1    unless defendants submit evidence that Defendant Martinson was unaware of the flash drive's

2    existence or otherwise mitigating any defendant's culpability in destroying the flash drive, the

3    undersigned recommends the Court sanction all defendants equally.

4                                         **<u>Conclusion</u>**

5            Based on the foregoing, the undersigned recommends that the Court should GRANT

6    plaintiff's motion for sanctions but DENY the requested sanction of default judgment.

7            The undersigned recommends that the Court give an adverse inference instruction

8    informing the jury of the existence of the flash drive, the information that defendants admit was

9    on the flash drive, that Defendant Sykes-Bonnett destroyed the evidence and allowing the jury to

10   draw an adverse inference against defendants based on these facts. Additionally, the undersigned

11   recommends that the Court order defendants to pay plaintiff's attorney's fees and cost incurred in

12   conducting additional discovery as a result of this spoliation, fees and costs associated with

13   preparing proposed adverse inference instruction(s), and fees and costs incurred in bringing this

14   motion for sanctions.

15

16

17

18

19

20

21

22

23

24

25   REPORT AND RECOMMENDATION ON PLAINTIFF'S
     MOTION FOR SANCTIONS FOR SPOLIATION OF
     EVIDENCE - 13

1    The parties have **fourteen (14) days** from service of this Report and Recommendation to

2  file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

3  72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

4  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the above time limit,

5  the Clerk shall set this matter for consideration on **October 4, 2019**, as noted in the caption.

6    Dated this 16th day of September, 2019.

7

8

9

_____

10  Theresa L. Fricke
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF
EVIDENCE - 14