1

2                                HONORABLE BENJAMIN H. SETTLE

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10 HP TUNERS, LLC, a Nevada limited liability)
company,                                   )
11                                  )   CASE NO.  3:17-cv-05760-BHS
                                 )
12                 Plaintiff,                )   **PLAINTIFF'S         SUPPLEMENTAL**
                                 )   **RESPONSE    BRIEF    IN    FURTHER**
13      vs.                               )   **OPPOSITION TO DEFENDANT JOHN**
                                 )   **MARTINSON'S      MOTION      FOR**
14 KEVIN SYKES-BONNETT and SYKED)   **SUMMARY JUDGMENT**
ECU    TUNING    INCORPORATED,    a)
15 Washington    corporation,    and    JOHN)   **NOTING DATE: SEPTEMBER 6, 2019**
MARTINSON,                     )
16                                  )   **ORAL ARGUMENT REQUESTED**
17                 Defendants. _____

18        Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its

19 supplemental response brief in further Opposition to Defendant John Martinson's ("Martinson"

20 or "Defendant") Motion for Summary Judgment (Dkt. 183) states as follows and submits the

21 Supplemental Declaration of Andrew P. Bleiman, Esq. ("Supp. Bleiman Decl."), which is being

22 filed contemporaneously herewith.

23        The purpose of this supplemental response is to apprise the Court of: (1) newly

24 discovered emails on August 29, 2019, concealed and never produced by Defendants, which

25

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

indicate John Martinson's ("Martinson") direct individual knowledge of and involvement with HPT's proprietary information; and, (2) Magistrate Judge Fricke's September 16, 2019 Report and Recommendation on Plaintiff's Motion for Sanctions for Spoliation of Evidence (the "Spoliation Order") (see Dkt. 202), which explicitly invokes Martinson's individual liability as a genuine material issue as a result of Defendants' destruction of critical evidence, which liability cannot possibly be extinguished by summary judgment due to the permanent absence of such evidence.   These recent developments, both of which relate to the Defendants' discovery misconduct, further preclude summary judgment in favor of Martinson.

On September 3, 2019, Plaintiff filed its Response in Opposition to Defendant John Martinson's Motion for Summary Judgment (Dkt. 190).  On or about August 29, 2019, while Plaintiff was in the midst of preparing its responses to the pending motions in this case, emails were electronically produced in connection with Rule 34 Requests for Production[1] by the defendant in a separate action.   These emails further demonstrate the instant Defendants' deception and concealment of relevant evidence by revealing specific communications between Martinson and Ken Cannata ("Cannata") that appear to show Martinson's possession of confidential and proprietary information of HPT..   As a result, Martinson's alleged innocent bystander defense is unavailing, and the additional factual questions raised warrant denial of Martinson's motion for summary judgment should be denied.

---

[1]    While hard copy production of various emails had previously been provided, such production did not include attachments to emails.  The electronic production of such emails (and others) was made on August 29, 2019 at approximately 7:59 p.m.  In light of the Labor Day holiday and preparation of the responses to Defendants' Motion for Partial Summary Judgment (Dkt. 182) and Defendant John Martinson's Motion for Summary Judgment which were due on September 3, 2019, counsel for Plaintiff did not have an opportunity to review the electronic production until after filing of Plaintiff's Response in Opposition to Defendant John Martinson's Motion for Summary Judgment (Dkt. 190).

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Notably, the emails produced by defendant in the other action which were sent to and from Martinson were never previously produced by Defendants in this matter.  It bears note that this repeat occurrence of Defendants' non-production of evidence was also the subject of the September 16, 2019 Spoliation Order (discussed hereinbelow), wherein Magistrate Judge Fricke concluded that Defendants' destruction of evidence in and of itself gives rise to an adverse inference of Martinson's individual liability.   Similarly, Plaintiff's recent and independent Martinson-Cannata email discovery demonstrates that between October 3, 2017 and March 14, 2018, approximately 55 emails were sent by Martinson to Cannata, and approximately 18 emails were sent by Cannata to Martinson in connection with their work.  During the period May 3, 2018 to March 7, 2019[2], approximately 27 emails were sent by Martinson to Cannata and approximately 12 emails were sent by Cannata to Martinson in connection with their work.

In these 100+ emails between Martinson and Cannata there are multiple references to HPT's confidential and proprietary information.  For example, on October 13, 2017, Martinson sent an email from the email address johnsquared2@hotmail.com (which he admitted at deposition is an email address he uses) to  Cannata which contained Syked ECU Tuning, Inc.'s "Firmware Builder Instructions".  (See Exhibit 1 to Supp. Bleiman Decl.).  HPT's Firmware Builder is substantial similar and was possessed by Cannata before he left HPT.   (See Exhibit 2 to Supp. Bleiman Decl.).  Based on even a cursory review of these documents, it is clear that

_____

[2]    There is a gap in the production from March 15, 2018 to May 2, 2018 and no emails were produced for the period since March 8, 2019.

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 3

Syked ECU Tuning, Inc.'s instructions are substantially similar to HPT's confidential and proprietary Firmware Builder instructions.[3]

Similarly, on November 8, 2017, Martinson sent an email to Cannata detailing the structure of various commands in connection with the Firmware Flasher. (See Exhibit 3 to Supp. Bleiman Decl.). HPT's command structure is substantially similar and was possessed by Cannata before he left HPT. (See Exhibit 4 to Supp. Bleiman Decl.). Based on even a cursory comparison, Defendants' commands sent by Martinson are substantially similar to HPT's confidential and proprietary commands in connection with HPT's Firmware Flasher.[4] Questions of fact undeniably exist concerning Martinson's involvement in the preparation of these materials and his use and reliance on HPT's confidential and proprietary information in connection with such work.

Furthermore, on December 21, 2017, Cannata sent an email to Martinson wherein he advises Martinson that he was testing Syked ECU Tuning, Inc.'s product with HPT's proprietary MPVI (interface). (See Exhibit 5 (without attachments) to Supp. Bleiman Decl.). Therefore, Martinson was fully aware and involved with Cannata and knew that Cannata was using HPT's

---

[3]    The documents have been marked as "Highly Confidential" by defendant in the other action. Consequently, Plaintiff's representatives have not been able to perform an analysis of the Defendants' Firmware Builder Instructions. Rather, counsel has requested and obtained an example of HPT's Firmware Builder for lay comparison. Exhibit 2 depicts two versions of HPT's Firmware Builder. Cannata was in possession of both versions before he left HPT and there are substantial similarities between HPT's Firmware Builder and the Firmware Builder Instructions sent by Martinson to Cannata.

[4]    The documents have been marked as "Highly Confidential" by defendant in the other action. Consequently, Plaintiff's representatives have not been able to perform an analysis of the Defendants' Firmware Flasher commands. Rather, counsel has requested and obtained an example of HPT's Firmware Flasher commands for lay comparison.

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

MPVI in connection with his work with both Martinson and for Defendant Syked ECU Tuning, Inc.

These are but a few examples demonstrating Martinson's close working relationship with Cannata since at least 2017. These emails (among others) create questions of fact concerning Martinson's involvement in the preparation of these materials and his use and reliance on HPT's confidential and proprietary information in connection with such work. As such, Martinson is far from an innocent bystander in this matter. Factual questions exist in this matter concerning Martinson's role, involvement and participation in the misconduct alleged, and Martinson's motion for summary judgment should be denied.

Finally, on September 16, 2019, after submission of HPT's response brief (Dkt. 190), Magistrate Judge Fricke issued the above-referenced Spoliation Order. (*See* Dkt. 202). Here, Judge Fricke's findings and rulings also serve to preclude Martinson's motion for summary judgment. Judge Fricke unequivocally held that "[t]he information on the flash drive could have contained evidence implicating all three defendants in the misconduct alleged in this litigation. Furthermore, all three defendants had an obligation to preserve and produce the flash drive." (*See* Dkt. 202, p. 12). This alone puts Martinson's individual liability directly in issue, and which issue(s) of fact cannot possibly be extinguished to absolve Martinson pursuant to a summary judgment. Therefore, summary judgment in Martinson's favor would be inappropriate based on the sanctionable misconduct undertaken by the Defendants in connection with discovery in this matter, and also the factual issues which exist that arise from Defendants' intentional destruction of relevant and material evidence bearing on the claims which have been asserted by HPT.

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1    WHEREFORE, HP TUNERS, LLC, respectfully prays for an order denying Defendant

2    John Martinson's Motion for Summary Judgment in its entirety, and for such other and further

3    relief as this Court deems necessary and appropriate.

4         Dated this 18th day of September, 2019        Respectfully submitted,

5

6                                                        _s/ Andrew P. Bleiman_____
                                                         Attorneys for HP Tuners, LLC

7    Stephen G. Leatham, WSBA #15572
8    Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
     PO Box 611
9    211 E. McLoughlin Boulevard
     Vancouver, WA 98666-0611
10   Telephone:  (360) 750-7547
     Fax:  (360) 750-7548
11   E-mail:  sgl@hpl-law.com

12   Andrew P. Bleiman (admitted *pro hac vice*)
13   Marks & Klein
     1363 Shermer Road, Suite 318
14   Northbrook, Illinois 60062
     (312) 206-5162
15   andrew@marksklein.com

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, I caused the foregoing to be electronically

with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF IN
FURTHER OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547