HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S MOTIONS IN LIMINE** |
| vs. | |
| | **NOTING DATE: OCTOBER 11, 2019** |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

Plaintiff, HP Tuners, LLC ("HPT" or "Plaintiff"), hereby makes the following motions in limine:

1. **FIRST MOTION IN LIMINE – Exclusion of Witnesses**

2. **SECOND MOTION IN LIMINE – Financial Status or Relative Wealth of the Parties**

3. **THIRD MOTION IN LIMINE – Defendants Should Be Prohibited from Eliciting Evidence or Making Arguments about Other Third Party Misconduct, Other Lawsuits Filed by HPT or Any Potential Recovery in Other Lawsuits Filed by HPT.**

PLAINTIFF'S MOTIONS IN LIMINE - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

4. **FOURTH MOTION IN LIMINE – Defendants Should Be Prohibited from Eliciting Evidence or Making Arguments in Support of its Claim that Tim Milliken is or previously was an Agent or Representative of Plaintiff or that Plaintiff Interfered with Syked Tuning's Participation as a Sponsor of the Modern Street Hemi Shootout.**

5. **FIFTH MOTION IN LIMINE – Motion to Exclude Argument and Evidence Regarding Settlement Offers, Negotiations and Communications**

## ARGUMENT

1. **FIRST MOTION IN LIMINE – Exclusion of Witnesses**

Plaintiff requests that the Court enter an exclusion of witnesses order consistent with FED. R. EVID. 615. Specifically, Plaintiff asks that the Court order all persons identified by the parties as witnesses in this matter or whom the parties reasonably anticipate could be called as impeachment, rebuttal or surrebuttal witnesses be excluded from the courtroom during the testimony of any other witness prior to being excused. However, Plaintiff asks that the order not apply to: (1) the parties in this matter, or the designated representatives of non-natural parties; and, (2) any witness identified in the pre-trial order by the parties as an expert.

2. **SECOND MOTION IN LIMINE – Financial Status or Relative Wealth of the Parties**

FRE 401 provides that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Plaintiff requests that the Court exclude any and all evidence which pertains to the financial status or relative wealth of the parties insofar as such evidence is not relevant to any of the claims or defenses in this case.

PLAINTIFF'S MOTIONS IN LIMINE - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**3.     THIRD MOTION IN LIMINE – Defendants Should Be Prohibited from Eliciting Evidence or Making Arguments about Other Third Party Misconduct, Other Lawsuits Filed by HPT or Any Potential Recovery in Other Lawsuits Filed by HPT.**

FRE 403 allows the Court to exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  See FED. R. EVID. 403.  Likewise, FRE 401 provides that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401.

Here, Defendant Kevin Sykes-Bonnett ("Sykes-Bonnett"), individually and on behalf of Defendant Syked ECU Tuning, Inc. ("Syked Tuning") has admitted to, among other things, possessing HPT's confidential and proprietary information, hacking HPT's software and publicly releasing hacked versions of HPT's software on the internet and to generating fraudulent application keys for use with HPT's software.  In his deposition, Sykes-Bonnett makes several admissions of consequential facts in this case.  *See* Videotaped Deposition of Kevin E. Sykes-Bonnett dated September 25, 2018 (Volume I) (Dkt. 147-1) and Videotaped Deposition of Kevin E. Sykes-Bonnett dated May 16, 2019 (Volume II) (Dkt. 192-1) (referred to collectively as "Sykes Deposition").  These admissions include, but are not limited to: (1) that Sykes-Bonnett is the person identified online as the "ecumaster" on mhhauto.com posts who publicly released hacked versions of HPT's software (Sykes Deposition, p. 396); (2) that Sykes-Bonnett generated

PLAINTIFF'S MOTIONS IN LIMINE - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

fraudulent application keys to unlock Plaintiff's software without authorization and for his own profit (Sykes Deposition, pp. 31, 33, 74-75, 134-36, 215); (3) that Defendants possessed Plaintiff's proprietary information (Sykes Deposition, pp. 74-75, 137, 147, 159-60, 347-48, 349-50, 360, 371-77, 386); and, (4) that Sykes-Bonnett disseminated Plaintiff's source code to third parties (Sykes Deposition, pp. 370, 376, 403-04, 406, 410, 436-437, 46).

At trial, it is expected that Defendants will attempt to to elicit evidence, allege, or argue that other third parties also allegedly hacked, released hacked versions of HPT's software and/or generated fraudulent application keys. However, evidence of whether other third parties engaged in the same, similar or other misconduct is irrelevant and has no bearing on the claims asserted in this matter amd whether Defendants are liable for the claims and misconduct alleged. *See* FED. R. EVID. 401. The fact that others may or may not have engaged in similar or other misconduct has no bearing, relevance or impact on whether Defendants are liable for the claims alleged. *See* Fed. R. Evid. 401. Such evidence does not make any fact more or less probable than it would be without the evidence and has no consequence in determining the liability of the Defendants in this action. *See* FED. R. EVID. 401. Eliciting evidence of same would significantly prejudice HPT, confuse the issues, mislead the jury and waste time. *See* FED. R. EVID. 403. Defendants' liability for the claims asserted in this case is totally independent of any misconduct engaged in by other third parties, and offering such evidence only serves to prejudice HPT and mislead and confuse jurors. *See* FED. R. EVID. 403.

Frequently throughout this case in an effort at diversion or to excuse his own conduct, Defendants have attempted to introduce arguments to the effect that others engaged in the same or similar conduct. However, what others may or may not have done, irrespective of truth, falsity, basis or a hearsay exception, has no relevance whatsoever to the claims against

PLAINTIFF'S MOTIONS IN LIMINE - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants in this case.  Even if true, it would not excuse the conduct of Sykes-Bonnett, make any fact more or less probable or of any consequence in this action.  Moreover, such evidence would be highly prejudicial, misleading and irrelevant, and it should be barred.

Similarly, whether or not HPT is pursuing lawsuits or pursuing recovery from such third parties is similarly irrelevant and prejducial for the same reasons.  Whether HPT is pursuing litigation and claims against other third parties does not make any fact herein more or less probable than it would be without the evidence and has not consequence in determining the liability of the Defendants in *this* action.  The fact that HPT may or may not be pursuing lawsuits against third parties for hacking its software, releasing hacked software or generating fraudulent credits does not have any bearing on whether Defendants are liable for the claims asserted in this matter.

Finally, Plaintiff seeks to exclude the introduction of evidence that HPT is specifically pursuing claims against its former owner Kenneth Cannata in a separate action, the amount HPT is seeking in damages from Mr. Cannata and/or from arguing that HPT should or will recover its damages against Mr. Cannata so Defendants should not be responsible for damages to HPT herein.  The claims at issue in *HP Tuners, LLC v. Kenneth Cannata*, No. 3:18-cv-00527 (D. Nev.) (the "Cannata Litigation") are separate and distinct from the claims asserted herein.

To the extent Defendants may endeavor to assert that Plaintiff is engaged in this litigation and has other potential avenues of recovery, such evidence or argument is both irrelevant and highly prejudicial.

The Cannata Litigation involves HPT's claims against former HPT owner and Member, Cannata.  The claims revolve around the fiduciary and contractual relationship(s) between Cannata and HPT, which do not in any way exist, apply to, or involve Defendants (other than the

PLAINTIFF'S MOTIONS IN LIMINE - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

fact that Cannata wrongfully disseminated HPT's confidential, proprietary and trade secret information to Defendants herein). However, this case instead involves claims pertaining to Defendants' hacking, creation and distribution of fraudulent credits, the unauthorized release of Plaintiff's Confidential Information and the theft, use and dissemination of HPT's intellectual property.

Although it is undisputed that Cannata's name will be invoked factually in this case, and properly so, neither the claims against him nor the recovery sought in that action has any relevance to the present case. Certain facts involving Cannata may be relevant to this case, but the existence or pendency of other litigation or the money damages HPT is seeking from him has not one iota of a tendency to make any fact herein more or less probable, or be of consequence in determining the action. The only thing that can possibly be accomplished by Defendants attempting to elicit evidence of other litigation would be to confuse and mislead jurors that the present is action is made unnecessary by other means of recovery for arguably the same or similar wrongs. Such an attempt would not only be false, but highly prejudicial to Plaintiff in the instant case in violation of FRE 403.

**4.    FOURTH MOTION IN LIMINE – Defendants Should Be Prohibited from Eliciting Evidence or Making Arguments in Support of its Claim that Tim Milliken is or previously was an Agent or Representative of Plaintiff or that Plaintiff Interfered with Syked Tuning's Participation as a Sponsor of the Modern Street Hemi Shootout.**

FRE 403 allows the Court to exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R.

PLAINTIFF'S MOTIONS IN LIMINE - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

EVID. 403.  Pursuant to Federal Rule of Evidence 602, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." See FED. R. EVID. 602.

Plaintiff requests that the Court exclude any and all attempts to elicit evidence, allege, or argue that Tim Milliken is or previously was an Agent of Plaintiff or that HPT in any way interfered with Defendant Syked Tuning's participation as a sponsor in an event known as the "Modern Street Hemi Shootout" as such claims are utterly void of any support adduced in discovery of this case.

In the Amended Counterclaims, Sykes-Bonnett and Syked Tuning have alleged that Tim Milliken committed various acts and misconduct in connection with Syked Tuning's software. With regard to Mr. Millken there has been no evidence adduced in this case that Mr. Milliken has been an agent or representative of HPT at any time.  Instead, discovery has established that Sykes-Bonnett and Mr. Milliken were, in fact, working together on various matters.  Here, there has been no witness set forth by Defendants that would have any sort of personal knowledge to testify that Mr. Milliken has ever been an agent, employee or representative of HPT.  Thus, pursuant to FRE 602, such evidence is inadmissible.

Simiarly, Sykes-Bonnett's and Syked Tuning's claim that purported agents on behalf of HPT, Tim Milliken and "someone else representing himself to be a lawyer for [HPT]" threatened the "Modern Street Hemi Shootout" event sponsors with litigation unless Syked Tuning was dropped from event sponsorship.  (Dkt. 27-1 at 23-24).  Defendants have not only failed to provide even a scintilla of evidence to support these allegations, but the evidence which has been adduced through discovery completely contradicts such claims.

As noted, Mr. Milliken has no association whatsoever with and was never acting as an

PLAINTIFF'S MOTIONS IN LIMINE - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

agent of HPT as alleged.  Second, there is no evidence to support the allegation that any HPT attorney or anyone else on behalf of HPT ever engaged in the communications alleged.  Third, a co-sponsor of the event, Anthony Berge, contradicted the subject allegations by testifying that *he*, in fact, was the one who requested the removal of Sykes-Bonnett/Syked Tuning as an event sponsor.  (*See* Deposition of Anthony Berge dated January 18, 2019 ("Berge Deposition"), pp. 13-17, which pages are attached as Exhibit A).  Mr. Berge further testified as to his belief that the call he received from a person identifying himself as HPT's attorney did not seem legitimate or credible. (Berge Deposition, pp. 12-14, 16).  Thereafter, Mr. Berge called Dan Van Horn, who was in charge of the event, to state his discomfort sponsoring the event with Sykes-Bonnett/Syked Tuning and learned from Van Horn that Defendants would be removed as an event sponsor and have their money refunded. (Berge Deposition, pp. 13, 15-17).

Thus, any attempt by Defendants to conjure evidence of HPT interfering with its event sponsorship is baseless and unsupported, makes no fact more or less probable, and is of no consequence at all in determining the action.  Beyond that, permitting Defendants to engage in such efforts at trial would create, and be intended solely to create confusion, mislead jurors, and be unfairly prejudicial to Plaintiff.

**5.     FIFTH MOTION IN LIMINE – Motion to Exclude Argument and Evidence Regarding Settlement Offers, Negotiations and Communications**

Plaintiff moves this Court to exclude any argument and evidence regarding settlement offers and statements made during settlement discussions or mediation proceedings.  It is well settled that the federal rules prohibit use, testimony or evidence of such offers or statements at trial. Settlement offers and statements made during settlement and mediation discussions are inadmissible under Federal Rule of Civil Procedure 68 and Federal Rule of Evidence 408. Based

PLAINTIFF'S MOTIONS IN LIMINE - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

upon the foregoing, Plaintiff respectfully requests that this Court exclude any evidence or argument of settlement offers during the course of any settlement offers, negatiations and communications.

## CERTIFICATION

In accordance with LCR 7(d)(4), counsel for the parties previously met and conferred in connection with Plaintiff's Motions in Limine on September 19, 2019 and September 23, 2019. Defendants do not oppose Plaintiff's First and Second Motions in Limine but oppose Plainitff's Third, Fourth and Fifth Motions in Limine.

Dated this 23rd day of September, 2019       Respectfully submitted,

*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S MOTIONS IN LIMINE - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2019, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

                        MARKS & KLEIN

                        *s/ Andrew P. Bleiman*
                        Andrew P. Bleiman (admitted *pro hac vice*)
                        1363 Shermer Road, Suite 318
                        Northbrook, Illinois 60062
                        Telephone:  (312) 206-5162
                        E-mail:  andrew@marksklein.com

                        Attorney for Plaintiff

PLAINTIFF'S MOTIONS IN LIMINE - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547