THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON<br><br>Defendants. | Cause No. 3:17-cv-05760 BHS<br><br>**DEFENDANTS' MOTIONS IN LIMINE**<br><br>Noted For Consideration:<br>**October 11, 2019** |

Defendants Kevin Sykes-Bonnett, Syked ECU Tuning Incorporated and John Martinson, through undersigned counsel, submits these Motions in limine to limit the evidence to be entered by HP Tuners, LLC, at trial. The parties met and conferred via telephone on September 19, 2019 in an effort to resolve "which matters really are in dispute" pursuant to LCR 7(d)(4).

**MOTIONS IN LIMINE**

**A.    Motion To Preclude Detailed Evidence At Trial That Defendant Kevin Sykes-Bonnett Improperly And Unlawfully Generated And Distributed Unauthorized "Keys" Permitting Unauthorized Use Of HP Tuners' Tuning Programs**

In this suit, Defendant Kevin Sykes-Bonnett is accused, among other things, of having generated and distributed unauthorized "keys" permitting others to use HP Tuners tuning products without paying the license fees HP Tuners charges for such use.

Mr. Sykes-Bonnett (1) does not deny these allegations, (2) has stipulated and admitted that he engaged in this activity, and (3) accepts liability for having done so. Given his

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 1

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98101
Phone: 206.436.8500

stipulation as to these allegations, and given that these allegations are not disputed or denied, a detailed review at trial of all the facts underlying these actions and the events leading up to them is unnecessary

Furthermore, under Rule 403 Fed.R.Evid, a detailed review of Mr. Sykes-Bonnnett's admitted actions in this regard would result in unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and the needless presentation of cumulative evidence.  Again, Mr. Sykes-Bonnett does not deny, and has admitted, that he improperly generated "keys" and distributed them to others in violation of HP Tuners' rights.  Accordingly, the sole issue for trial on this matter is what compensation, if any, is HP Tuners entitled to.

**B.     Motion To Preclude Detailed Evidence At Trial That Defendant Kevin Sykes-Bonnett is "ECU Master" And "Hacked" HP Tuners' Software**

In this suit, Defendant Kevin Sykes-Bonnett is also accused of having "hacked" certain HP Tuners' software and posting that hacked software to the Internet under the username, "ecumaster."

Mr. Sykes-Bonnett (1) does not deny these allegations, (2) has stipulated and admitted that he engaged in this activity, and (3) accepts liability for having done so.

Given Mr. Sykes-Bonnett's stipulation as to these allegations, and given that these allegations are not disputed or denied, a detailed review at trial of all the facts underlying these actions and the events leading up to them is unnecessary.  Again, under Rule 403 Fed.R.Evid, a detailed review of Mr. Sykes-Bonnnett's admitted actions in this regard would result in unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and the needless presentation of cumulative evidence.  Again, The sole issue for trial on this matter is what compensation, if any, is HP Tuners entitled to as a result of these admitted actions on the part of Mr. Sykes-Bonnett.

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 2

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

**C.     Motion To Preclude Plaintiff's Use, At Trial, Of Evidence Obtained In Other Litigation And Not Produced In This Action**

In addition to suing Defendants here in this action, Plaintiff has sued numerous other parties in separate actions around the country. In the course of those other lawsuits, Plaintiff has apparently obtained evidence in those cases that it has never produced or otherwise provided to Defendants here. For example, in its September 18, 2019 motion to supplement its opposition to Defendant John Martinson's Motion for Summary Judgment (Dkt. No. 203), Plaintiff seeks to make untimely use of three emails it claims it obtained in a lawsuit in Nevada against its own prior President, Mr. Kenneth Canatta. In addition, Plaintiff, on September 18, 2019, produced on a "highly confidential" basis two additional documents whose relevance to this action is not apparent to undersigned counsel. However, because of the "highly confidential" designation, undersigned counsel is unable to ask his own clients about, or even show them, these documents. Trial by ambush should not be permitted, and any evidence, regardless of where obtained, that was not produced to counsel *in this action,* during the period for discovery *in this action* should be precluded.

Under Fed.R.Civ.P. 37(c)(1), a party that fails to provide information or supplement previously disclosed information in accordance with its discovery obligations is precluded from using that information at trial, unless the failure was substantially justified or harmless. Absent sufficient justification, the Court may proactively limit the information and testimony that the sanctioned party is permitted to use at trial.

**D.     Motion to Preclude Expert Testimony That Goes Beyond Scope Of Expert Reports.**

Pursuant to the Scheduling Order (Dkt. 131) issued by this Court on November 30, 2019, expert reports in this case were due on April 22, 2019. In compliance with the order, Plaintiff served the expert report of its technical expert, Dr. Ernesto Staroswiecki, on that date.

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 3

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

On September 3, 2019, long after the April 22, 2019 deadline for serving expert reports, Plaintiff, in opposition to Defendants' pending motions for summary judgment, filed a supplemental declaration of Dr. Staroswiecki wherein Dr. Staroswiecki attempted to add to and supplement his April 22, 2019 expert report.

Given that Rule 26(a)(2)(B) Fed.R.Civ.P. clearly requires experts to include in their expert reports, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them," plaintiff should and must be precluded from attempting to use, or introduce at trial, any opinion not stated in the expert reports served April 22, 2019.  Nor should plaintiff attempt to introduce or otherwise use at trial any "facts or data" or "exhibits" not disclosed in those April 22, 2019 reports.

E.  **Motion To Exclude Non-Expert Testimony As To Trade Secrets Purportedly Contained In HP Tuners' Source Code**

At his April 24, 2019 deposition, wherein Plaintiff HP Tuners' CEO, Mr. Kieth Prociuk, testified both individually and as a Rule 30(b)(6) designee that HP Tuners would rely solely on its technical expert, Dr. Ernesto Staroswiecki to support HP Tuners' allegations that the software of defendant Syked ECU Tuning incorporates "trade secrets" of HP Tuners.  In particular, Mr. Prociuk testified as follow:

Q:  Are you saying that his [Mr. Sykes-Bonnett's] copy of the algorithm is present in the Syked ECU Tuning software?

A:·· You'll have to refer to the expert testimony.

(Dkt. No. 196-2, Prociuck Dep. P 107, lines 13-17.)

***

Q:  And how does making that algorithm available to Mr. Christopher Breton-Jean mean that that algorithm is present in the ECU Tuning software -- Syked ECU.

A:  It implies, but to -- for the actual software, you would have to -- you will have to view our expert testimony.

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 4

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

    Q:      Okay.· So you will defer to your expert in that respect?

    A:      For what is contained from the review of Sykes' code, yes.

(Dkt. No. 196-2, Prociuck Dep. p.112, lines 15-p. 113, line 1).

Given HP Tuners' testimony, under oath, that it would rely on its expert to support the claim that Defendants' software includes alleged trade secrets of HP Tuners, and given that HP Tuners was unable at deposition to offer any evidence other than that of its expert, HP Tuners should and must be precluded from relying on evidence other than the Expert Report and testimony of its expert, Dr. Staroswiecki, to support, if it can, its claim that Defendants' software includes alleged trade secrets of HP Tuners.

**F.**    **Motion To Exclude Reference To, Or Admission Of, HP Tuners' Source Code**

Throughout the course of this case, HP Tuners has never actually disclosed its source code that it alleges was used to develop Defendants' software.  Given that HP Tuners' source code contains the alleged "trade secrets" that are supposedly incorporated into Defendants' software, HP Tuners' source code should have been, but was not, disclosed to Defendants and/or their counsel during this case.  Furthermore, as this source code was apparently used by Dr. Staroswiecki during the course of his expert review, HP Tuners' failure to make the source code available to Defendants is highly improper.

Given that HP Tuners has elected not to make its source code available to Defendants and their counsel and, indeed, has insisted and obtained an order from this court that any copies of such source code in Defendants' possession be destroyed (see Dkt. No. 98, pp 4 & 5), HP Tuners should not, and must not, be permitted at this late stage to remedy any failure of proof by offering its source code at this late date.  To make its case, if it can, that Defendants' software includes trade secrets allegedly contained in HP Tuners' own source code, HP Tuners should and must be restricted to rely *only* on the evidence it disclosed, not on evidence it chose to withhold.  And there is no question Plaintiff has elected to withhold the actual source code it contends contains its trade secrets.

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 5

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

As HP Tuners' source code has never been produced or otherwise been made available during the course of this litigation, HP Tuners should and must be precluded from relying on it now in any belated attempt to cure evidentiary holes in its case. Again, Under Fed.R.Civ.P. 37(c)(1), a party that fails to provide information or supplement previously disclosed information in accordance with its discovery obligations is precluded from using that information at trial, unless the failure was substantially justified or harmless, and the Court may proactively limit the information and testimony that the sanctioned party is permitted to use at trial.

G.  **Motion To Exclude Identification Of Alleged "Trade Secrets" Beyond Or In Greater Detail Than They Have Been Identified To Date**

Throughout this case, Plaintiff HP Tuners' has made dramatic claims that its "trade secrets" have been "used" in the software developed and distributed by Defendants. Despite these dramatic claims, Plaintiff has been unable or unwilling to identify with any specificity at all what its purported "trade secrets" are. In particular, in opposition to Defendants' Motion for Partial Summary Judgment (Dkt. 182) that its software does *not contain* any purported trade-secrets or other intellectual property claimed by Plaintiff HP Tuners, HP Tuners, in its Opposition (Dkt. 188) made only vague, non-specific references to its supposed "trade-secrets" as follows:

- "cost effective tuning and data acquisition solutions for automobile enthusiasts and professional shops."
- "proprietary products, source code and confidential and proprietary information."
- "cost effective automotive tuning and data acquisition solutions for enthusiasts and professional shops."
- "computer hardware and software designed for use in custom and/or pre-programmed engine and transmission tuning and calibration applications for automobiles, trucks and other types of vehicles (including but not limited to ATVs, snowmobiles and watercraft)" (Paragraph 4).

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS
Page 6
Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

- "methods of business, strategies, programs and technologies which did not exist in the industry prior to HPT's development of the HP Tuners Business."
- "proprietary products and source code."
- "products, source code and offerings...confidential and proprietary information."
- "confidential and proprietary software, source code, license key generator and offerings...confidential information and valuable trade secrets of HPT."
- "Confidential Information."
- "proprietary products, source code, software and offerings."
- "confidential and proprietary documents and data containing trade secrets, including but not limited to source code, the HPT proprietary key generator and MPVI communication protocol documents."
- "source code."
- "HPT's software and...parameters."
- "proprietary and confidential information."
- "proprietary key generator."

Again, this is the entire extent to which HP Tuners has gone to identify what its supposed trade-secrets are, and again, HP Tuners has never actually produced its "source code" or its "proprietary key generator" or its "MPVI communication protocol documents" in which these vaguely defined "trade secrets" supposedly can be found.

The law in this District, as elsewhere, is clear that trade-secrets need to be identified with specificity: "The alleged unique, innovative, or novel information must be described with specificity and, therefore, 'conclusory' declarations that fail to 'provide concrete examples' are insufficient to support the existence of a trade secret." *Inteum Co., LLC v. National University of Singapore,* 371 F.Supp.3d 864, (W.D. Wash. 2019) *citing Robbins, Geller, Rudman & Dowd, LLP v. State,* 179 Wn.App. 711, 328 P.3d 905, 911 (2014); *see also Belo Mgmt. Servs., Inc. v. ClickA Network,* 184 Wn.App. 649, 343 P.3d 370, 375 (2014); *Woo v. Fireman's Fund Ins. Co.,* 137 Wn.App. 480, 154 P.3d 236, 240 (2007) (stating that

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS

Page 7

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

conclusory declarations that failed to show how alleged trade secrets were materially different from methods of other competitors were insufficient to show existence of trade secrets).

Having elected not to identify its "trade secrets" more specifically than it has either above or in its April 22, 2019 Expert Report of Dr. Staroswiecki, HP Tuners should not be free, at trial, to add further detail, that has not been specified to date, as to what its purported "trade secrets" actually are.  Again, HP Tuners' evidence in this regard should be restricted to what is actually contained and described within the four corners of Dr. Staroswiecki's April 22, 2019 Expert Report.

## CONCLUSION

For the forgoing reasons, Defendants' Motions in limine should be granted in their entirety.

Dated September 23, 2019.                    Respectfully submitted,

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group PLLC**
107 Spring St.
Seattle, Washington 98104
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Attorneys for Defendants

DEFENDANTS' MOTIONS IN LIMINE
Cause No. 17-CV-05760-BHS          Page 8

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98101
Phone:  206.436.8500

## **CERTIFICATE OF SERVICE**

    I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED:  September 23, 2019      /s/ *Philip P. Mann*

DEFENDANTS' MOTIONS IN LIMINE  
Cause No. 17-CV-05760-BHS    Page 9

Mann Law Group PLLC  
107 Spring St.  
Seattle, WA  98101  
Phone:  206.436.8500