HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>    Defendants. | CASE NO. 3:17-cv-05760-BHS<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTING DATE: OCTOBER 4, 2019**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its Reply Brief in Support of Motion for Leave to File Supplemental Response Brief and Supplemental Declaration of Andrew P. Bleiman, Esq. in Further Opposition to Defendant John Martinson's ("Martinson" or "Defendant") Motion for Summary Judgment (Dkt. 183) states as follows:

## INTRODUCTION

HPT filed its response to Martinson's Motion for Summary Judgment ("Martinson MSJ") on September 3, 2019 (Dkt. 190). Thereafter, HPT discovered over 100 previously unproduced

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

emails authored or received by Martinson.  As a result of this discovery and Judge Fricke's Report and Recommendations on Plaintiff's Motion for Sanctions for Spoliation of Evidence (the "Spoliation Order") (Dkt. 202), HPT sought leave on September 18, 2019 to file its Supplemental Response Brief in Further Opposition to Defendant John Martinson's Motion for Summary Judgment ("Supplemental Response") to apprise the Court of both matters of direct relevance to the pending Martinson MSJ.  On September 30, 2019, Martinson filed his Opposition to Plaintiff's Motion for Leave to File Supplemental Response ("Martinson Opposition") (Dkt. 211).

The Court has broad discretion to grant leave in these circumstances.  Here, Defendant has failed to establish any grounds justifying denial of the motion for leave nor demonstrated any prejudice which he would suffer in granting the motion so that the Court could evaluate evidence, which he wrongfully concealed and withheld from production.  In fact, Martinson does not contend that the information was not requested in discovery by Plaintiff, was not relevant, or contest that he failed to produce the documents in violation of Rule 34.

Under scrutiny, the Martinson Opposition: (a) deflects from the substance of his own concealed emails and the admonition of the Spoliation Order which place his individual liability directly into issue; (b) engages in substantive and disputed factual arguments, which similarly undermine the granting of summary judgment; (c) reveals the disingenuous nature of Defendants' allegations that HPT would illogically act contrary to its own interests by "withholding" evidence authored by Martinson that would support defeating his summary judgment motion; (d) disingenuously argues that Plaintiff "concealed" Defendants' own emails; and, (e) establishes no resultant prejudice whatsoever to Defendants by granting HPT leave to file its Supplemental Response.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## ARGUMENT

**A.     Defendants Disingenuously Misdirect Attention from Their Own Concealment and the Absence of Prejudice.**

It cannot be overstated that the Supplemental Response was submitted to address more than 100 emails *sent to or from Defendant Martinson*.  Although the Martinson Opposition would have the Court believe it was the neglect or deceit of HPT which gave rise to a prejudicial "ambush" of Defendants, this is nonsensical and inaccurate.  The emails were all authored and received by Defendant Martinson and thus always in Defendants' custody and control, never necessitating any reliance on HPT for access.  Despite Defendants' ruse, only HPT was in the dark until the proverbial 11th hour.  Defendants have not been surprised nor prejudiced by emails that they have always possessed, yet concealed and failed to produce.

Defendants' argument that Plaintiff actually had these emails earlier in a DropBox attachment yet held them back makes no sense since it presumes Plaintiff would undermine its own interests.  Simply put, as Mr. Larsen acknowledges the email attachments were not accessible in Dropbox (the manner in which counsel was trying to access them) and were not accessed until the native production was made.  When initially responding to the Martinson MSJ, Plaintiff most certainly would have offered the dozens of emails to show the nexus between Martinson and the subject claims if Plaintiff had knowledge and possession of the email attachments at the time. The more appropriate query is why Defendants concealed these relevant and requested communications involving Kenneth Cannata.  It should not be lost on the Court that what Martinson now complains about is an ostensibly late revelation of *his own emails* by his opponent.

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants' harangue that Plaintiff is merely trying to "avoid the day of reckoning" or "does not present substantive evidence of Mr. Martinson's liability" also invites further reference to the stern admonitions contained in Magistrate Judge Fricke's September 16, 2019 Spoliation Order regarding Defendants' discovery malfeasance and the relevance to Martinson, as follows:

> Defendant Sykes-Bonnett deliberately violated the Federal Rules of Civil Procedure and undermined the fact finding process of discovery. Further, by destroying the flash drive, Defendant Sykes-Bonnett has prevented the plaintiff from presenting all relevant evidence in this action. Defendant Sykes-Bonnett's conduct has undermined the integrity of the judicial process. (Dkt. 202, *at 9*).

> In addition to Defendant Sykes-Bonnett, Defendants Martinson and Syked ECU Tuning Incorporated are also subject to this motion … The information on the flash drive could have contained evidence implicating all three defendants in the misconduct alleged in this litigation … unless defendants submit evidence that Defendant Martinson was unaware of the flash drive's existence or otherwise mitigating any defendant's culpability in destroying the flash drive, the undersigned recommends the Court sanction all defendants equally. (Dkt. 202, *at 12-13*).

Similarly, Martinson concealed, never disclosed and failed to produce highly relevant and material evidence in this matter, which directly bears on his liability and responsibility for the claims alleged. Martinson does not deny that he failed to produce these documents or contend that they were not requested in discovery. Rather, with regard to these documents, Defendants' discovery malfeasance is the reason HPT did not have these emails during discovery in this matter and Defendants' discovery malfeasance similarly requires that Martinson, not HPT, bears this burden. Defendants' instant exercise of excoriating Plaintiff for their own concealment and failure to procure Martinson's email evidence bear the similar hallmarks of their previous sanctioned discovery practices which appear to continue unabated in both attitude and practice.

The purpose of Plaintiff's Supplemental Response was to bring to the Court's attention additional evidence previously in the sole custody of Defendants yet concealed, and the

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Spoliation Order echoing a similar theme and also explicitly putting Martinson's individual liability into genuine factual issue.

Moreover, even if the allegations of the Martinson Opposition are taken as true, there is simply no prejudice to Defendants by granting HPT leave to file its Supplemental Response. First, as noted, these are *Defendants' own emails* as to which the act or timing of Plaintiff's revelation is meaningless. Second, the Martinson Opposition is replete with substantive arguments regarding the weight or relevance of the Martinson emails. (Dkt. 211, *at 2, 4-6*). Defendants are not precluded from and suffer no prejudice by making these arguments to the trier of fact. Further, whether or not Martinson had "knowledge or awareness", or the emails relate to the claims at issue in the case, are disputed factual matters. The fact that the Martinson Opposition initiates these genuinely disputed factual arguments begs defeat of his summary judgment motion, despite any unilateral pronouncements to the contrary.

Nearly everything raised in the Martinson Opposition can be considered by the trier of fact on the merits without prejudice to Defendants. The Martinson Opposition engages in both substantive argument and emphatic expression, but does nothing to extinguish, or even rebut, that the Martinson emails and Spoliation Order put Martinson's individual liability directly into genuine factual dispute.

**B.     A Note on Confidential Designations**

Finally, Defendant makes reference to counsel's inability to consult with his client concerning certain documents which have been marked as "Highly Confidential". However, marking documents as "Highly Confidential" in this case was long ago contemplated and addressed in the Protective Order (Dkt. 39) and the Addendum to Protective Order (Dkt. 118), and Defendants have marked various documents and materials as "Highly Confidential" in this

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  matter which have imposed similar challenges to Plaintiff. Those orders set forth the protocol

2  for challenges to such designations, which Defendants have not followed. However, the issue of

3  documents being marked as "Highly Confidential" has no relation to whether or not to grant

4  HPT leave to file its Supplemental Response.

5        WHEREFORE, HP TUNERS, LLC, respectfully prays for an order granting it leave to

6  file a Supplemental Response Brief and Supplemental Declaration of Andrew P. Bleiman, Esq.

7  in Further Opposition to Defendant John Martinson's Motion for Summary Judgment and for

8  such other and further relief as this Court deems necessary and appropriate.

9        Dated this 4th day of October, 2019      Respectfully submitted,

                                            *s/ Andrew P. Bleiman*
                                            Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF AND SUPPLEMENTAL DECLARATION OF ANDREW P. BLEIMAN, ESQ. IN FURTHER OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547