HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>     Plaintiff,<br><br>  vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>     Defendants. | CASE NO.  3:17-cv-05760-BHS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE<br><br>**NOTING DATE:  OCTOBER 11, 2019**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff, HP Tuners, LLC ("HPT"), hereby makes the following response to Defendants' motions in limine:

## ARGUMENT

**A. Defendants' Motion to Preclude Detailed Evidence At Trial That Defendant Kevin Sykes-Bonnett Improperly And Unlawfully Generated And Distributed Unauthorized "Keys" Permitting Unauthorized Use Of HP Tuners' Tuning Programs**

HPT is unable to determine whether or not it agrees or objects to Defendants' Motion In Limine (A) as presently set forth.

The essence of Defendants' Motion in Limine (A) is that introduction of any evidence of

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

this nature is unnecessary (and potentially prejudicial to Defendants) insofar as Defendant, Kevin Sykes-Bonnett ("Sykes-Bonnett") has admitted, does not deny, and has stipulated to the subject allegations.  To date, however, there have never been any formal stipulation(s) from Defendants and the factual evidence sought to be excluded forms the basis of liability for the claims asserted. To the extent Defendants are stipulating to liability on one or more of Plaintiff's specific causes of action, HPT may agree with this motion.  However, more information is warranted beyond Defendants' vague references to informal stipulations.

Plaintiff's position on Defendants' Motion In Limine (A) is conditioned upon Defendants' formal stipulation and admission of liability pertaining to specific causes of action in Plaintiff's First Amended Complaint for Injunctive Relief and Damages (Dkt. 35).

### B.   Defendants' Motion to Preclude Detailed Evidence At Trial That Defendant Kevin Sykes-Bonnett is "ECU Master" and "Hacked" HP Tuners' Software

Similarly, HPT is unable to determine whether or not it agrees or objects to Defendants' Motion In Limine (B) as presently set forth for the same reasons. As set forth above, there have never been any formal stipulation(s) from Defendants and the factual evidence sought to be excluded forms the basis of liability for the claims asserted.  To the extent Defendants are stipulating to liability on one or more of Plaintiff's specific causes of action, HPT may agree with this motion.  However, more information is warranted beyond Defendants' vague references to informal stipulations.

Plaintiff's position on Defendants' Motion In Limine (B) is conditioned upon Defendants' formal stipulation and admission of liability pertaining to specific causes of action in Plaintiff's First Amended Complaint for Injunctive Relief and Damages (Dkt. 35).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**C.     Defendants' Motion to Preclude Plaintiffs' Use, At Trial, Of Evidence Obtained In Other Litigation And Not Produced In This Action**

HPT objects to Defendants' Motion In Limine (C).

Defendants' Motion in Limine (C) seeks to exclude evidence which Defendants mischaracterize as "evidence obtained in other litigation and not produced in this action". Before turning to the misleading nature of this characterization, it bears note that the parties have previously exchanged proposed exhibit lists as required.  The specific documents referenced in this motion are part of HPT's proposed exhibits and the issue of their admissibility will be addressed by the Court in due course during that process.   This subject matter is most appropriately addressed  during review of the parties' proposed exhibits,  and is misplaced as  a motion in limine.

However, equally important is for the Court to scrutinize the  disingenuous claims contained in this motion.   Defendants have never denied that *in this case* they received FRCP 34 requests to produce party communications and communications involving Kenneth Cannata ("Cannata").   *Defendants never produced* the emails exchanged between Defendant John Martinson and  Cannata which most certainly were in *Defendants' custody and control* at all times relevant to this litigation.   Despite Defendants' concealment, HPT was fortuitous to discover through other means of over 100 Martinson-Cannata emails.

Defendants' Motion in Limine (C) is curious in that it urges this Court to believe that Defendants have been "ambushed" by *their own emails*.  This motion dishonestly flips reality on its head  by alleging that Plaintiff violated FRCP 37(c)(1) simply by subsequently learning about Defendants' own concealed emails.  In essence, Defendants now ask the Court to validate both their prior concealment and their present blame shifting.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Accordingly, Defendants' Motion In Limine (C) should be denied.

**D.      Defendants' Motion to Preclude Expert Testimony That Goes Beyond Scope Of Expert Reports**

HPT objects to Defendants' Motion In Limine (D).

Defendants' Motion in Limine (D) seeks to exclude the alleged supplementation of Dr. Ernesto Staroswiecki's original expert report ("Report") by his September 3, 2019 Declaration in Opposition to Defendants' Motion for Partial Summary Judgment (Dkt. 193-3) ("Staroswiecki Declaration").  Defendants' primary argument is that this was proffered "on September 3, 2019, long after the April 22, 2019 deadline for serving expert reports".  (Dkt. 209, *at 4*).  Plaintiff disputes and denies that the Starowswiecki Declaration provides anything new, additional or different.  Rather, in all instances, it specifically refers to the Report and Dr. Staroswiecki offered it based on his opinion and belief that Defendants mischaracterized and misstated his opinions and conclusions in their Motion for Partial Summary Judgment.

Nevertheless, pursuant to FRCP 26(e)(2), HPT was not only permitted but under a duty to supplement the report and to disclose same 30 days before trial pursuant to FRCP 26(a)(3)(B), which Plaintiff did.  This was entirely consistent with both FRCP 26 and case law interpreting same.  *See Sudre v. The Port of Seattle*, 2016 U.S. Dist. LEXIS 166882 (W.D. Wash. 2016).

Supplementaiton of the expert report is appropriate "if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  *Sudre*, 2016 U.S. Dist. LEXIS at ¶68.  The supplementation requirement is not intended to permit adding new opinions based on evidence available at the time the initial expert report was due, and the Starosswiecki Declaration does not do so.  Instead, it clearly references

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

his Report throughout and this supplementation was made purely for clarification and in response to blatant, wholesale mischaracterizations of his opinions in Defendants' Motion for Partial Summary Judgment.  The Staroswiecki Declaration complies with  FRCP 26(e).    It is little more than a summation of his Report,  referencing opinions previously set forth and does not introduce new opinions.  Further, its imposition in this case is harmless and Defendants have ample opportunity to cross-examine and/or raise objections at trial.  *Id, at* ¶69-70.

While not expressly stated, it appears as if Defendants' Motion in Limine (D) goes beyond simply trying to exclude the Staroswiecki Declaration, but also to preempt any and all oral testimony which is not a verbatim reading of said Dr. Starswiecki's  initial Report.  While the issue has not been expressly addressed in this District Court, other District Courts have been explicit that experts are not limited to simply reading a report and that FRCP 26 permits an expert during oral testimony to reasonably supplement, explain and elaborate on material contained in a report.  *See Gay v. Stonebridge Life Insurance Company*, 660 F.3d 58, 64 (1st Cir. 2011);  *Muldrow ex rel. Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167  (D.C. Cir. 2007); *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). Moreover, Defendants' objection is premature and is being asserted without knowing, and merely assuming, what the actual trial testimony in response to questioning might be.

Accordingly, Defendants' Motion In Limine (D) should be denied.

E.      **Defendants' Motion to Exclude Non-Expert Testimony As To Trade Secrets Purportedly Contained In HP Tuners' Source Code**

HPT objects to Defendants' Motion In Limine (E).

Defendants' Motion in Limine (E) is curiously framed in that it entirely mischaracterizes the deposition testimony of Keith Prociuk ("Prociuk") in order to achieve its aims.  Defendants

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

move to exclude anyone other that its expert, Dr. Staroswiecki, "to offer any evidence … and must be precluded from relying on evidence other than the [Report] and testimony of its expert … to support, if it can, its claim that Defendants' software includes alleged trade secrets of HP Tuners". (Dkt. 209, *at 5*).  Defendants' unusual basis for seeking to exclude HPT from offering first-hand knowledge and evidence of its *own source code* is by using a deposition testimony excerpt wherein Prociuk makes an unrelated deferral to Plaintiff's expert regarding the content of *Defendants' source code*.  (Dkt. 209, *at 4*).

This is an apples to oranges argument.  Although Prociuk gave no testimony or indication of knowledge regarding Syked ECU Tuning's source code content, this is entirely irrelevant as to the relevant personal knowledge he does possess as to his own HPT source code and the trade secrets contained therein.  There is no just reason or basis to exclude Plaintiff from offering testimony regarding trade secrets contained in its own source code based on deposition questioning and testimony on an unrelated issue.

Accordingly, Defendants' Motion In Limine (E) should be denied.

## F.   Defendants' Motion to Exclude Reference To, Or Admission Of, HP Tuners' Source Code

HPT objects to Defendants' Motion In Limine (F).

Defendants attempt to exclude all reference to or admission of HPT's source code based on the highly misleading allegation that it "should have been, but was not, disclosed to Defendants" and that "HP Tuners' failure to make the source code available to Defendants is highly improper".  (Dkt. 202, *at 5*).  Defendants' claims in this regard are manufactured and baseless.

First, Defendants never requested production of all of HPT's source code nor would that

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

have been relevant or appropriate as all of HPT's source code is not at issue in this case.  In fact, knowing that such a request for all of HPT's source code would be inappropriate, Defendants never even sent an FRCP 34 discovery request for such production.  Instead, in Defendants' Fifth Set of Document Requests, Defendants only asked for "a copy of any and all source code developed by anyone at HP Tuners that you contend Defendants' copied and/or misappropriated".   On October 4, 2018, HPT responded to Defendants' Fifth Set of Document Requests with objections.  Moreover, at the time of the Fifth Set of Document Requests, Defendants were refusing to make their source code available for inspection, which made HPT incapable of responding to Defendants' document request as it was impossible to know what HPT source code had been misappropriated before analyzing Defendants' source code.

Subsequent to HPT's responses, Defendants required an Addendum to Protective Order be entered governing the production and review of source code in this matter.  The parties filed a Stipulated Motion for Entry of an Addendum to Protective Order on November 7, 2018. (Dkt. 117).  On November 8, 2018, the Addendum to Protective Order ("Addendum") was entered by the Court.  (Dkt. 118).  In connection with the Addedum, the parties agreed that "discovery in this action was likely to involve production or disclosure of Highly Confidential material including source code files from both parties".  (Dkt. 118, *at 1*).  Pursuant to the Addendum, the "parties acknowledge[d] that additional protections beyond those prescribed in the governing Protective Order (Dkt. 39) [were] necessary".  *Id*.

According to the Addendum, all source code(s) were required to be delivered to ***the parties' respective experts***, not the Defendants or their counsel.  In fact, Defendants mandated the entry of the Addendum and also that a protocol be implemented by which the reviewing party seeking disclosure of the source code files was required to identify its expert to the disclosing

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

party before any such production so that the disclosing party could object to the reviewing party's expert before any review of source code files was commenced.

Now, unbelievably, Defendants contend that HPT should be precluded from introducing evidence of its source code based on HPT's alleged failure to produce source code to Defendants where Defendants were solely responsible for not having received the production. Defendants demanded the implementation of the protocol set forth in the Addedum and that source code shall only be produced to experts in this case but they failed to follow it as Defendants never identified nor disclosed any expert in this case. Consequently, Defendants' not having received HPT's source code was the result of their own choices in this litigation and their decision not to engage an expert or comply with the express terms and provisions Addendum (which they required in the first instance). Therefore, HPT did not withhold anything and should not be precluded from introducing evidence of its source code at the trial of this matter.

Accordingly, Defendants' Motion In Limine (F) should be denied.

### G. Defendants' Motion to Exclude Identification Of Alleged "Trade Secrets" Beyond Or In Greater Detail Than They Have Been Identified To Date

HPT objects to Defendants' Motion In Limine (G).

HPT has set forth multiple causes of action, with its trade secrets and Defendants' misappropriation of same being arguably the most central facts of this litigation. Put simply, Plaintiff's trade secrets are what this case is all about and the mere suggestion that HPT cannot present evidence of its trade secrets is tantamount to prohibiting Plaintiff from putting on its case or having its day in court. Moreover, Defendants' assertions are simply false and their claimed case support is similarly deceitful.

The argument put forth by Defendants is fabricated, false, and baseless. First, throughout

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

this litigation in both discovery and various pleadings, HPT has specifically identified its trade secrets which include, but are not limited to, HPT's source code, HPT's parameters list, HPT's implementation of algorithms, HPT's key generator, HPT's MPVI communication protocol and various HPT files, programs, documents, materials and information on a Flash Drive which Sykes-Bonnett destroyed in the midst of these proceedings.  In addition, by virtue of the Defendants' admitted spoliation of the Flash Drive and the Order granting sanctions relating to Defendants' discovery misconduct in this regard, HPT is specifically entitled to adverse inferences regarding the nature of the information that was contained on the Flash Drive. Furthermore, the Expert Report of John R. Bone, CPA, CFF dated April 22, 2019 and the Expert Report of Dr. Ernesto Staroswiecki, Ph.D, P.E. dated April 22, 2019 detail the trade secrets at issue in this matter.  Lastly, as noted above, to the extent Defendants have made the dishonest claim that HPT's source code was never delivered to them it was purely the result of their decisions in terms of how to litigate this matter.  Consequently, HPT has properly identified the trade secrets at issue in this matter and should not be precluded from offering evidence of the same at the trial of this matter.

To ostensibly support exclusion of factual evidence central to this case, Defendants have pulled language directly from the case of *Inteum Co., LLC v. National University of Singapore*, 371 F.Supp.3d 864, 877 (W.D. Wash. 2019) along with citing the three (3) other cases the *Inteum* opinion cites following Defendants' excerpted quote.  *See Inteum,* 371 F.Supp.3d at 877 *citing Robbins, Geller, Rudman & Dowd, LLP v. State*, 179 Wn. App. 711, 328 P.3d 905, 911 (Wash. Ct. App. 2014), *Belo Mgmt. Servs., Inc. v. Click! Network*, 184 Wn. App. 649, 343 P.3d 370, 375 (Wash. Ct. App. 2014); *Woo v. Fireman's Fund Ins. Co.*, 137 Wn. App. 480, 154 P.3d 236, 240 (Wash. Ct. App. 2007).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

However, neither the *Inteum* case, nor Defendants' excerpt, have anything to do with the admissibility or exclusion of trade secret evidence.  In the context of a motion for summary judgment, this Court discussed a plaintiff's burden in establishing a trade secrets claim under the Washington Uniform Trade Secrets Act ("WUTSA").  Specifically, this Court stated that "a plaintiff seeking to establish a trade secrets claim under [the WUTSA] has the burden of proving that legally protectable secrets exist … [and] must establish (1) that the information derives independent economic value from not being generally known or readily ascertainable to others who can obtain economic value from knowledge of its use and (2) that reasonable efforts have been taken to maintain the secrecy of the information."  *Inteum,* 371 F.Supp.3d at 876-77.  The Court's discussion of WUTSA claims proceeded with what it means for information to have independent economic value, what are reasonable efforts to maintain secrecy, and that a "plaintiff bears the burden of demonstrating that the alleged trade secrets are novel and unique".  *Id, at* 877.  Only then does  Defendants' non-contextual excerpt appear stating that "the alleged unique, innovative, or novel information must be described with specificity and, therefore, 'conclusory' declarations that fail to 'provide concrete examples' are insufficient to support the existence of a trade secret."  (Dkt. 209, p. 7).

All of this District Court's discussion in *Inteum* revolves around what a plaintiff must do to prove a WUTSA claim, with no applicability on the issue of  exclusion of trade secret evidence at trial.  Similarly, the *Robbins*, *Belo*, and *Woo* cases (cited in *Inteum*) do not involve the admissibility or exclusion of trade secret evidence.  Here, at trial, HPT will present specific and detailed evidence of its trade secrets which are at issue in this case and Defendants' misappropriation of same.  Consequently, Defendants' Motion in Limine (G) to exclude the introduction of evidence of HPT's trade secrets at trial should be denied.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

Dated this 7th day of October, 2019          Respectfully submitted,

2

3                                            _s/ Andrew P. Bleiman_____
                                             Attorneys for HP Tuners, LLC

4

Stephen G. Leatham, WSBA #15572

5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611

6

211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611

7

Telephone:  (360) 750-7547
Fax:  (360) 750-7548

8

E-mail:  sgl@hpl-law.com

9

Andrew P. Bleiman (admitted *pro hac vice*)

10

Marks & Klein
1363 Shermer Road, Suite 318

11

Northbrook, Illinois 60062
(312) 206-5162

12

andrew@marksklein.com

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN
LIMINE - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on October 7, 2019, I caused the foregoing to be electronically with

3

the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

4

Counsel of Record.

5

6

MARKS & KLEIN

7

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

8

9

10

11

Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547