UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

    Plaintiff,

v.

KEVIN SYKES-BONNETT, et al.,

    Defendants.

CASE NO. C17-5760 BHS

ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 202, and Defendants Syked ECU Tuning Incorporated ("Syked"), Kevin Sykes-Bonnett ("Sykes-Bonnett"), and John Martinson's ("Martinson") (collectively "Defendants") objections to the R&R, Dkt. 210.

On September 16, 2019, Judge Fricke issued the R&R recommending that the Court grant Plaintiff HP Tuners, LLC's ("HP Tuners") motion for sanctions for spoliation of evidence. Dkt. 202. For relief, Judge Fricke recommends that the Court deny HP Tuners' request for default judgment and instead (1) give an adverse jury instruction and (2) award monetary sanctions incurred in additional discovery, preparing the instruction,

ORDER - 1

1  and in bringing the motion. *Id.* Judge Fricke also recommended that the Court impose

2  this relief against all three Defendants. *Id.* at 12–13. On September 30, 2019,

3  Defendants filed objections. Dkt. 210. HP Tuners did not respond.

4      The district judge must determine de novo any part of the magistrate judge's

5  disposition that has been properly objected to. The district judge may accept, reject, or

6  modify the recommended disposition; receive further evidence; or return the matter to the

7  magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

8      In this case, Defendants object to the recommendation to impose sanctions against

9  Martinson and the recommendation to award fees for bringing the motion. Dkt. 210.

10 First, Judge Fricke stated that, "unless defendants submit evidence that Defendant

11 Martinson was unaware of the flash drive's existence . . ., [she] recommends that the

12 Court sanction all defendants equally." Dkt. 202 at 12–13. Defendants submit the

13 declaration of Martinson wherein he declares that he did not know of the existence of the

14 flash drive until August 2018, which is approximately five months after Sykes-Bonnett

15 destroyed the drive. Dkt. 210-1. In the absence of any evidence to the contrary, the

16 Court preliminarily rules that Martinson's declaration absolves him individually of any

17 adverse inference based on spoliation. Similar to a motion in limine, this ruling may

18 change depending on the evidence presented at trial. In other words, if HP Tuners

19 produces evidence to contradict Martinson's declaration, then the issue may become a

20 question of fact based on Martinson's credibility.

21     Second, Defendants object to the recommendation that HP Tuners be awarded fees

22 that could have easily been avoided. Dkt. 210 at 2. Defendants contend that they were

1  willing to stipulate to sanctions other than default judgment and that the only reason this
2  issue required Court involvement was HP Tuners' insistence on default judgment, which
3  was ultimately denied. *Id.* at 2–5. While the Court agrees with Defendants to a certain
4  extent, the issue will be addressed when the Court determines the reasonableness of the
5  fees requested by HP Tuners. The Court routinely denies requests for fees when the issue
6  could have been resolved without Court intervention. At this point, however, Judge
7  Fricke only recommends the award of reasonable fees, which the Court agrees with.
8  Finally, because the award includes fees that will be incurred during trial, HP Tuners may
9  file a petition for all the fees awarded for this issue after trial is complete.

10     Therefore, the Court having considered the R&R, Defendants' objections, and the
11  remaining record, does hereby find and order as follows:

12     (1)  The R&R is **ADOPTED in part**;

13     (2)  The recommendation as to Martinson is **MODIFIED in part** based on new
14          evidence; and,

15     (3)  HP Tuners shall file a petition for an award of fees after trial is complete.

16     Dated this 9th day of October, 2019.

                                          _____
                                          BENJAMIN H. SETTLE
                                          United States District Judge