UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN SYKES-BONNETT, et al., <br><br> Defendants. | CASE NO. C17-5760 BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT, STRIKING PRETRIAL CONFERENCE AND TRIAL DATE, AND REQUESTING JOINT STATUS REPORT |

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HP Tuners") motion for leave to supplement, Dkt. 203, and review of the Court's calendar.

On July 31, 2019, Defendants Syked ECU Tuning Incorporated ("Syked"), Kevin Sykes-Bonnett ("Sykes-Bonnett"), and John Martinson ("Martinson") (collectively "Defendants") filed a motion to for summary judgment on all claims against Martinson in his individual capacity. Dkt. 183. On September 18, 2019, HP Tuners filed a motion for leave to file a supplemental response and supplemental evidence. Dkt. 203. HP Tuners, however, failed to file the evidence and states that it will be filed if its motion is granted. Dkt. 203-2 at 2 n.1. While there is some dispute regarding when HP Tuners had access to the evidence, the Court finds that Defendants will not be prejudiced if the Court considers

ORDER - 1

the additional evidence.  Therefore, the Court grants HP Tuners' motion.  HP Tuners shall file the supplemental evidence no later than October 14, 2019.  Defendants may file a supplemental reply brief no later than October 18, 2019.  The Clerk shall renote Defendants' motion for summary judgment for consideration on the Court's October 18, 2019 calendar.

In its previous order, the Court informed the parties that there was another civil case set for trial on October 29, 2019.  Since then, the Court has been informed that a criminal trial set for that same day will be going to trial.  Criminal trials take precedence over civil trials and therefore the Court strikes the pretrial conference and trial date in this matter.  While the Court would normally set this trial for the next available trial date, review of the parties' trial briefs establishes issues that need to be resolved before this matter should proceed to trial.

The parties seem to agree that there are three types of claims in this matter.  Sykes-Bonnett concedes liability for improperly distributing keys to and "hacking" HP Tuners's products.  Dkt. 223 at 3–4.  The remaining issue for these claims is damages.  *Id.*  The third type of claim is based on HP Tuners's allegations that Defendants copied or incorporated HP Tuners's trade secrets into Syked's software.  In the order denying Defendants' motion for partial summary judgment, the Court identified one allegation of copying in HP Tuners's complaint and two specific files in HP Tuners's expert report.  Dkt. 212 at 10.  Now, in its trial brief, HP Tuners, relying on the same expert report, repeats the same high-level general accusations that Defendants copied HP Tuners's trade secrets without specifically identifying what trade secrets were copied.  Dkt. 217 at 15–

16. These accusations lack sufficient detail to put Defendants on notice of what was copied or convince the Court that there is a concrete dispute for trial. In other words, an expert's vague opinion that "some portions" of code are similar is not admissible evidence to support a claim for trade secret misappropriation. So far, the only specific copying evidence the Court will allow are the two files identified in the Court's order, which are ("HPT00021A") and ("HPT00021B"). Dkt. 212 at 10 (citing Dkt. 132-2, ¶ 31). If HP Tuners intends to submit any additional evidence of copying, it must disclose to Defendants and the Court exactly what secrets were copied.

In sum, HP Tuners seems to request a trial on damages, which Sykes-Bonnett asserts he has limited means to pay, Dkt. 223 at 3, and on liability for non-specific trade secret copying. The Court tends to agree with Defendants that trial seems either unnecessary or limited to a few discrete issues. Dkt. 223 at 10 ("Why a five-day jury trial in federal court is needed to address two minor references to non-secret code *that no longer appear* in the Syked ECU Tuning software and that *never caused any harm whatsoever*, has not been explained."). The parties' pretrial order, which is due tomorrow, may shed some light on these issues. Regardless, the parties shall work with the Court's clerk to find a new trial date and then submit a joint status report requesting that trial be set for that date.

Dated this 9th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge