HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability
company,

Plaintiff,

vs.

KEVIN SYKES-BONNETT and SYKED
ECU TUNING INCORPORATED, a
Washington corporation, and JOHN
MARTINSON,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  3:17-cv-05760-BHS

**PLAINTIFF HP TUNERS, LLC'S
SECOND SUPPLEMENTAL BRIEF
REGARDING MOTIONS TO SEAL (DKT.
191 AND DKT. 195)**

**NOTING DATE:  NOVEMBER 15, 2019**

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), in compliance

with this Court's Order of October 17, 2019 (Dkt. 229) requesting further support for Plaintiff's

Motion to Seal (Dkt. 191) and Defendants' Motion to Seal (Dkt. 195), states as follows:

**INTRODUCTION**

On September 20, 2017, Plaintiff initiated litigation against Defendants asserting that

*Defendants* misappropriated HPT's proprietary software, systems and source code, reverse

engineered the software, that *Defendants* released cracked versions of HPT's software, that

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

*Defendants* unlawfully sold thousands of credits for use in HPT's software, that *Defendants* created and sold fraudulent application keys to unlock HPT's software, and that *Defendants* publicly disclosed HPT's confidential and proprietary information relating to HPT's business. Dkt. 35, ¶¶ 56-81.[1]  Defendants are not pursuing any affirmative counterclaims against HPT in this action. (*See* Dkt. 223).

At issue before the Court is whether the April 24, 2019 deposition testimony of Keith Prociuk, one of HPT's principals, and certain testimony of Kevin Sykes-Bonnett (specifically, detailed testimony of Sykes-Bonnett as to the ways in which he reversed engineered, hacked and otherwise manipulated HPT's software) should be unsealed and made publicly available in the Court's record.  Here, by virtue of their misconduct, Defendants have already caused substantial harm and damages to HPT's business and further release of HPT's confidential, proprietary and

13

14

15

16

17

18

19

20

21

22

23

24

25

---

[1]     As this Court is aware, in pleadings filed by Defendant in this matter (see Dkt. 209), Defendant Kevin Sykes-Bonnett ("Sykes-Bonnett") conceded liability for "having generated and distributed unauthorized 'keys' permitting others to use HP Tuners tuning products without paying the license fees HP Tuners charges for such use." (Dkt. 202, p. 1).  "Mr. Sykes-Bonnett (1) does not deny these allegations, (2) has stipulated and admitted that he engaged in this activity, and (3) accepts liability for having done so." (Dkt. 202, p. 1).  The admissions to this misconduct give rise to liability under each of the counts asserted in the First Amended Complaint.

Similarly, Defendant Sykes-Bonnett conceded liability for "having 'hacked' certain HP Tuners' software and posting that hacked software to the Internet under the username, 'ecumaster.'" (Dkt. 202, p. 2).  "Mr. Sykes-Bonnett (1) does not deny these allegations, (2) has stipulated and admitted that he engaged in this activity, and (3) accepts liability for having done so." (Dkt. 202, p. 2).  The admissions to this misconduct give rise to liability under each of the counts asserted in the First Amended Complaint. (Dkt. 35).

Furthermore, with regard to HPT's claims sounding in trade secret misappropriation, Defendants admit to receiving and possessing HPT's VCM Suite Software, source code, key generator and MPVI communication protocol documents.  Likewise, Defendants have admitted to the dissemination of HPT's source code to a third-party which also gives rise to liability for the claims asserted.  Therefore, on these issues, liability has been admitted and the only determination for the jury in connection with these issues are damages to be awarded to HPT for such misconduct on each of the claims asserted.

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

trade secret information would further harm, prejudice and competitively disadvantage HPT. HPT is a privately help business and should not be subjected to the public dissemination of its confidential and proprietary trade secret information particularly where it has been forced to initiate this action by virtue of Defendants' (now, finally, admitted) misconduct.  Permitting public disclosure and dissemination of Mr. Prociuk's deposition testimony (Dkt. 196-2 and Dkt. 196-3) would competitively disadvantage HPT, threaten HPT's business (thereby jeopardizing HPT's competitive standing in the industry and the livelihood of all of its employees), and provide competitors and the public with confidential, proprietary and trade secret information concerning HPT's business, methods, processes, strategies, plans, employees and systems, which such third parties can use to the detriment of HPT.  (*See* Declaration of Keith Prociuk ("Prociuk Decl.") filed contemporaneously herewith in support hereof).  Likewise, unsealing certain testimony of Sykes-Bonnett's deposition testimony concerning the ways in which he reversed engineered, hacked and otherwise manipulated HPT's software would substantially harm HPT and provide third parties with insights, information and methods to further harm HPT, which information should not be publicly known or available.  (*See* Prociuk Decl.).

As demonstrated herein, Mr. Prociuk's April 24, 2019 deposition testimony (or at the very least significant portions of Mr. Prociuk's deposition) should be sealed.  In addition, HPT should be permitted to withdraw the "Highly Confidential" deposition transcript of Kevin Sykes-Bonnett which has been filed as part of Dkt. 192-1, and to re-file the non-Highly Confidential deposition transcript only as an Exhibit.  In the alternative, as discussed herein, certain portions of Mr. Sykes-Bonnett's Highly Confidential deposition transcript should be sealed.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

### LEGAL STANDARD AND ARGUMENT

The general right of public access to court records "is not absolute," *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and the presumption in favor of public access is overcome where the party seeking confidential treatment of dispositive court filings or evidence offers a "compelling reason" for such treatment sufficient to outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process," *Id.* at 1179 (quotation marks omitted).  "In general, 'compelling reasons' . . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."[2] *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir.2008) (quoting Restatement of Torts § 757, cmt. b).  Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing." *Id*. at 569 (*citing Nixon*, 435 U.S. at 598) (holding that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business

21

22

23

24

25

[2]      HPT is mindful of the Court's comments in its recent Orders (Dkt. 225 and Dkt. 229) regarding the issue of what trade secrets are at issue here.  HPT will be filing a Supplemental Trial Brief to specifically address this issue.  However, for purposes of this motion, Mr. Prociuk's deposition testimony (and certainly the identified portions of his testimony as detailed in the Prociuk Decl.) constitutes private, sensitive, confidential and, in certain instances, trade secret, information of HPT that would harm HPT's competitive standing in the industry if made publicly available, and which is primarily of interest to competitors, not the public.  As demonstrated herein, the Motions to Seal should be granted in this regard.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

information that might harm a litigant's competitive standing"); *see also Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1998); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at \*1 (W.D. Wash. Dec. 29, 2016). Protecting against the disclosure of trade secrets and competitively sensitive information that might harm a litigant's competitive standing, private financial information, or personal information about individuals, can become vehicles for improper use and should be kept from public view. *Id.*

A court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quotation marks and bracket omitted). Given the little public interest in non-dispositive materials, a lower standard of "good cause" applies to sealing them, established when a district court has already decided to enter a protective order governing information exchanged in discovery.[3] *Id.; see Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at \*2 (Mar. 10, 2010) (sealing discussion of trade secrets attached to dispositive motion because they did not bear on resolution of dispute on the merits and could cause harm if made public).

In short, and as relevant here, "compelling reasons exist where exhibits are of little value to the public and contain information that would be primarily of interest to competitors." *Berry v.*

_____

[3] Here, the April 24, 2019 deposition testimony of Mr. Prociuk and the deposition testimony of Sykes-Bonnett were submitted in connection with Defendants' purported Motion for Partial Summary Judgment (Dkt. 182). However, the motion was not *dispositive* in nature as it did not seek summary judgment on all issues, nor was it specific to any particular count. To the contrary, while improperly styled as a Motion for Partial Summary Judgment, it was more akin to a motion in limine. Consequently, for this reason, the "good cause" standard should be applied herein. Notwithstanding, "compelling reasons" exist herein for sealing the deposition testimony in any event as demonstrated herein.

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

*Transdev Servs., Inc.*, No. C15-01299-RAJ, 2018 WL 4700516, at \*2 (W.D. Wash. Oct. 1, 2018). Courts must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1178. The public, of course, has limited interest in materials that are "unrelated, or only tangentially related, to the underlying cause of action." *Id.* (quotation marks omitted). Where little public interest exists in the materials, but the potential for their harmful misuse is high, the balance tips more easily in favor keeping them out of the public's view. The more dispositive to the case the evidence is, the greater must be the showing of potential harm of misuse. The less dispositive the evidence is, by contrast, the lesser is the proponent's burden to show harm. *See, e.g., O'Connor v. Uber Techs., Inc.*, No. C–13–3826 EMC, 2015 WL 355496, at \*2 (N.D. Cal. Jan. 27, 2015) (ordering redaction of fired driver's name "because the public's interest in the name of the terminated driver is likely insignificant, as the exact name is irrelevant to the legal issues in this case"); *Hunt v. Continental Cas. Co.*, No. 13–cv–05966–HSG, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015) (sealing names of non-party employees because the names were "not relevant to the disposition of this case" and privacy interest outweighed public's interest in identity).

A company's private business, financial and operations information is properly redacted where public disclosure would harm the company's competitive standing. *See Schwartz v. Cook*, No. 5:15-CV-03347, 2016 WL 1301186, at \*2 (N.D. Cal. Apr. 4, 2016) (sealing confidential business information regarding business performance, practices and finances, structure, and shareholder finances); *Eagle View Techs., Inc. v. Xactware Solutions, Inc.*, No. C12-1913RSM, 2015 WL 12940038, at \*1 (W.D. Wash. Oct. 29, 2015) (noting that parties should redact "sensitive business information not publicly available," especially when the information, "if publicly available, could result in a competitive disadvantage in the market and/or harm the

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

parties' competitive standing or client relations"); *Zuccaro v. MobileAccess Networks, Inc.*, No. C11-272 MJP, 2012 WL 261342, at *5 (W.D. Wash. Jan. 30, 2012) (sealing e.g. consolidated financial statements, spreadsheets containing base salaries, targets, and expected bonus and commission compensation, and email communications between company officers regarding various business and employment decisions). Private, non-public information relating to HPT and the ways it conducts its business are precisely the nature of the information at issue here.

This Court has sought briefing on the specific information HPT seeks to keep sealed (Dkt. 229). Accordingly, in connection with Mr. Prociuk's April 24, 2019 deposition, the categories of information that HPT seeks to keep sealed relate to: (1) HPT's systems, processes, methods and systems, including but not limited to development processes, development partners, software engineering, plans and strategies; (2) employee-related information including duties and responsibilities of personnel, issues with personnel, and personal information and related details regarding employees, owners and other personnel; (3) business strategies, pricing and financial information of HPT; and (4) information regarding HPT's corporate plans, structure, ownership, internal affairs, directives, initiatives, operational information, strategic and private communications, fraud protections, and marketing. HPT has carefully reviewed the depositions of Mr. Prociuk and while HPT believes that the entire transcript should be seal, in connection with the Prociuk Decl., HPT has identified the page and line numbers that it deems to be the most competitively sensitive information to remain sealed on the Appendix to the Prociuk Decl.

At deposition Mr. Prociuk specifically testified regarding HPT's business, trade secrets, confidential information, products, strategies, methods, processes and other proprietary and sensitive non-pubic information relating to the business of HPT. Mr. Prociuk's deposition testimony also detailed his background and other personal information, non-public about

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1
2
3
4
5
6
7

himself, HPT and HPT personnel.   HPT would be greatly prejudiced from such disclosure, particularly here where the business and conduct of HPT is not at issue in these proceedings. This is particularly true here where there is no need for disclosure as this matter centers on *Defendants'* misconduct and misappropriation vis-à-vis HPT's confidential, proprietary and trade secret information as well as Defendants' unfair competition, violations of state and federal statutory law, breach of contract and tortious interference.

8
9
10
11
12

Simply put, the inner workings of HPT are not at issue in this matter and the deposition testimony of Mr. Prociuk should not be publicly disclosed.   Disclosure of Mr. Prociuk's deposition testimony would greatly prejudice HPT and provide third parties (including competitors) with confidential and proprietary information of HPT concerning, among other things, HPT's business, methods, strategies, processes and plans that they should not know.

13
14
15
16
17
18

Finally, with respect to Exhibit 1 to the Declaration of Andrew P. Bleiman, Esq. (Dkt. 192-1), which Exhibit has been filed under seal, this document contains two transcripts from the deposition of Kevin Sykes-Bonnett – a Confidential transcript and a Highly Confidential transcript.   One of the transcripts has been designated as Highly Confidential ("HC Transcript") pursuant to protective order.   Plaintiff HPT will withdraw that portion of Exhibit 1 from the record and re-file the non-Highly Confidential transcript only in this matter.

19
20
21
22

To the extent that this Court does not permit such withdrawal of the portion of Dkt. 192-1 to remove the the Highly Confidential transcript, HPT seeks to seal the following pages and lines from the Highly Confidential transcript:

23
24

- Page 404 (page 7 HC Transcript), lines 2-8 (testimony regarding manner in which software was hacked and manipulated)

25

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- Page 407 (page 8 HC Transcript), lines 4-25 (testimony regarding manner in which software was hacked and manipulated)

- Page 416 (page 10 HC Transcript), lines 2-25 (testimony regarding manner in which data/files/information were accessed/manipulated)

- Page 417 (page 11 HC Transcript), lines 1-12  (testimony regarding manner in which data/files/information were accessed/manipulated)

- Page 417 (page 12 HC Transcript), lines 5-25 (testimony regarding code, programming, communication protocols, systems, methods, processes)

- Page 417 (page 13 HC Transcript), lines 1-25 (testimony regarding code, programming, communication protocols, systems, methods, processes)

- Page 437 (page 14 HC Transcript), lines 1-25 (testimony regarding code, programming, communication protocols, systems, methods, processes)

- Page 438 (page 20 HC Transcript), lines 3-25 (testimony regarding code, programming, communication protocols, systems, methods, processes)

- Page 438 (page 21 HC Transcript), lines 1-25 (testimony regarding code, programming, communication protocols, systems, methods, processes)

- Page 453 (page 23 HC Transcript), lines 1-25 (testimony regarding files, code, programming, communication protocols, systems, methods, processes)

- Page 457 (page 25 HC Transcript), lines 1-25 (testimony regarding code, programming, communication protocols, systems, methods, processes and manner in which software/programs were hacked, manipulated).

In the HC Transcript, among other things and as described above, Defendant Sykes-Bonnett detailed how he and those acting in concert with him hacked, manipulated, misused and

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

otherwise wrongfully accessed HPT's software, which information is confidential.  Likewise, Sykes-Bonnett testified concerning HPT processes, systems and methods based on information he wrongfully obtained, accessed and used.  Here, the public disclosure of such information for third parties and competitors to see could further greatly damage HPT and sealing of the Highly Confidential/Attorneys' Eyes Only deposition transcript should be maintained.

Based on the foregoing, with regard to Dkt. 192-1, HPT respectfully requests leave to withdraw the HC Transcript from Dkt. 192-1 or, in the alternative, for an order sealing the aforementioned pages of the HC Transcript, which has been filed as part of Dkt. 192-1.

## CONCLUSION

As demonstrated herein, good cause and "compelling reasons" exist for sealing all of Mr. Prociuk's deposition testimony (or, alternatively, the page and line numbers identified in the Prociuk Decl.) and, if leave to withdraw the HC Transcript from Dkt. 192-1 if not permitted, then the pages and lines from the HC Transcript (attached as part of Dkt. 192-1) identified above should be sealed.  The testimony at issue in the depositions might "become a vehicle for improper purposes" if disclosed. *See Kamakana*, 447 F.3d at 1179. Likewise, the information sought to be protected contains competitively sensitive information that might harm HPT's competitive standing, contains private business, personal and financial information of HPT and HPT personnel which should be kept from public view. *See Id.*; *Valley Broad. Co.*, 798 F.2d at 1294; *In re Electronic Arts, Inc.*, 298 F. App'x at 569; *J.R. Simplot Co.*, 2016 WL 11066581, at *1.

Furthermore, the information sought to be protected would be of little value to the public and would be primarily of interest to competitors.  *See Berry*, 2018 WL 4700516, at *2. Here, notably, it is Defendants – whose misconduct is well detailed and at issue herein – seeking to

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 10

make HPT's confidential, proprietary and trade secret information concerning HPT's business public to further harm and damage HPT.  The testimony and information at issue may be used as sources of business information that might harm HPT's competitive standing.  *See Microsoft Corp. v. Motorola, Inc.,* No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012); *see also In re Electronic Arts*, 298 F. App'x at 569.

As detailed herein, the private interests of HPT's business and trade secrets and of Mr. Prociuk personally substantially outweigh any interest that the public may have in knowing his testimony and being able to access confidential, proprietary and trade secret information of HPT.

For these reasons, Exhibits C and D to the Declaration of Phil Mann (Dkt. 196) should remain sealed.  Alternatively, the pages and lines the deposition testimony of Mr. Prociuk (Exhibit C and Exhibit D to the Mann Decl. (Dkt. 196) which are identified in the Prociuk Decl. should remain sealed. Moreover, leave to withdraw the HC Transcript from Dkt. 192-1 should be granted, but if withdrawal of said portion of the HC Transcript is not permitted, then the pages and lines from the HC Transcript (attached as part of Dkt. 192-1) identified above should be sealed.

WHEREFORE, Plaintiff, HP Tuners, LLC, respectfully prays for an Order as follows:

1.      For an Order sealing Exhibits C and D (Dkt. 196-2 and Dkt. 196-3) to the Declaration of Phil Mann or, in the alternative, for an Order sealing the pages and lines from the April 24, 2019 deposition transcripts of Mr. Prociuk (Exhibit C and Exhibit D to the Mann Decl. (Dkt. 196) which are identified in the Declaration of Keith Prociuk, which is being filed contemporaneously herewith; and

2.      For an Order granted leave to withdraw the Highly Confidential transcript from Dkt. 192-1 and for an Order to re-file the non-Highly Confidential deposition transcript of Kevin

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   Sykes-Bonnett only as an Exhibit or, in the alternative, for an Order sealing the following pages

2   and lines from the Highly Confidential deposition transcript which is attached as part of Dkt.

3   192-1:

4               -Page 404 (page 7 HC Transcript), lines 2-8

5               -Page 407 (page 8 HC Transcript), lines 4-25

6               -Page 416 (page 10 HC Transcript), lines 2-25

7               -Page 417 (page 11 HC Transcript), lines 1-12

8               -Page 417 (page 12 HC Transcript), lines 5-25

9               -Page 417 (page 13 HC Transcript), lines 1-25

10              -Page 437 (page 14 HC Transcript), lines 1-25

11              -Page 438 (page 20 HC Transcript), lines 3-25

12              -Page 438 (page 21 HC Transcript), lines 1-25

13              -Page 453 (page 23 HC Transcript), lines 1-25

14              -Page 457 (page 25 HC Transcript), lines 1-25

15

16      3.   For such other and further relief as this Court deems necessary and appropriate.

17      Dated this 1st day of November, 2019

18                                          Respectfully submitted,

19                                          s/ Andrew P. Bleiman
                                            Attorneys for HP Tuners, LLC

20  Stephen G. Leatham, WSBA #15572
    Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
21  PO Box 611
    211 E. McLoughlin Boulevard
22  Vancouver, WA 98666-0611
    Telephone:  (360) 750-7547
23  Fax:  (360) 750-7548
24  E-mail:  sgl@hpl-law.com

25

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  Andrew P. Bleiman (admitted *pro hac vice*)
   Marks & Klein
2  1363 Shermer Road, Suite 318
   Northbrook, Illinois 60062
3  (312) 206-5162
   andrew@marksklein.com
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, I caused the foregoing to be electronically

with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all

Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff

PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF REGARDING
MOTIONS TO SEAL (DKT. 191 AND DKT. 195) - page 14

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547