HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability
company,

                Plaintiff,

    vs.

KEVIN SYKES-BONNETT and SYKED
ECU TUNING INCORPORATED, a
Washington corporation, and JOHN
MARTINSON,

                Defendants.

CASE NO.  3:17-cv-05760-BHS

PLAINTIFF HP TUNERS LLC'S
RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S
SUPPLEMENTAL TRIAL BRIEF

NOW COMES, Plaintiff HP Tuners, LLC ("HPT" or "Plaintiff"), by its attorneys, for its

Response to Defendants' Motion to Strike (the "Motion") Plaintiff's Supplemental Trial Brief on

Trade Secrets and Misappropriation, states as follows:

### A.    Introduction – The Supplemental Trial Brief Acknowledges this Court's Direction that Plaintiff Further Identify the Trade Secrets at Issue

The subject Motion (Dkt. 238) filed by Defendants, Kevin Sykes-Bonnett ("Sykes-

Bonnett"), Syked ECU Tuning, Incorporated ("Syked Tuning") and John Martinson

("Martinson") seeks to strike Plaintiff's Supplemental Trial Brief on Trade Secrets and

Misappropriation (the "Supplemental Brief") (Dkt. 236).  Defendants' seek to invoke FRCP

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

12(f) to allege that the Supplemental Brief may be stricken by the Court as a "redundant, immaterial, impertinent, or scandalous matter".  Fed.R.Civ.P. 12(f).

Contrary to Defendants' characterization, Plaintiff's Supplemental Brief is a material and pertinent submission made in direct response to inquiries of this Court.  It also reflects exactly what Plaintiff previously indicated was forthcoming in the Court's requested briefing on the parties' motions to seal (Dkt. 233, fn. 2).  Moreover, it breaks no new ground in the case and merely provides the clarity sought by the Court as to which HPT trade secrets are at issue in this matter.  There is no unfair surprise or prejudice to any Defendant as to these matters which have been fully flushed out in prior discovery and briefs, and do not represent "another bite at the apple" (cf. Motion, ¶4).

On October 9, 2019, this Court entered its "Order Granting Plaintiff's Motion for Leave to Supplement, Striking Pretrial Conference and Trial Date, and Requesting Joint Status Report" (Dkt. 225).  This Court concluded that its review of the trial briefs established that issues needed to be resolved before proceeding to trial and identified claims the parties seemed to agree were involved in this matter, one of which was HPT's allegations that Defendants copied or incorporated HPT's trade secrets into Syked Tuning's software (Dkt. 225 at 2).  The Court noted that HPT had "high-level general accusations that Defendants copied HP Tuner's trade secrets … without specifically identifying what trade secrets were copied".  Id., citing Dkt. 217 at 15-16.  This provoked a query from the Court that "if HP Tuners intends to submit any additional evidence of copying, it must disclose to Defendants and the Court exactly what secrets were copied".  Dkt. 225, at 3.

On October 17, 2019, this Court entered its "Order Denying in Part Plaintiff's Motion to Seal, Granting in Part Defendants' Motion to Seal, Reserving Ruling in Part on the Remainder of

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

the Parties Motions to Seal and Requesting Supplemental Briefing" (Dkt. 229).  In this order the Court reiterated similar observations and queries that "HP Tuners provides only high-level general arguments that the deposition contains confidential business and trade secrets" and that further briefing in the context of the depositions addressed therein may "shed some light on what HP Tuners alleges are its actual trade secrets".  Dkt. 229 at 2 citing Dkt. 205 at 3.  The Court ordered that HPT may file a supplemental brief on the pending motions to seal.  Dkt. 229, at 3.

On November 1, 2019, Plaintiff filed its "Second Supplemental Brief Regarding Motions to Seal" as so ordered (Dkt. 233).  Plaintiff stated therein that:

> HPT is mindful of the Court's comments in its recent Orders (Dkt. 225 and Dkt. 229) regarding the issue of what trade secrets are at issue here. HPT will be filing a Supplemental Trial Brief to specifically address this issue. However, for purposes of this motion, Mr. Prociuk's deposition testimony (and certainly the identified portions of his testimony as detailed in the Prociuk Decl.) constitutes private, sensitive, confidential and, in certain instances, trade secret, information of HPT that would harm HPT's competitive standing in the industry if made publicly available, and which is primarily of interest to competitors, not the public. As demonstrated herein, the Motions to Seal should be granted in this regard.
> Dkt. 233, fn. 2 (emphasis supplied)

The above brief was more narrowly tailored to the issue at hand – sealing portions of the deposition transcript of Keith Prociuk.  However, the Court had now issued two (2) orders more broadly articulating that Plaintiff provide a greater degree of specificity for the Court as to the content of its trade secrets at issue in this matter.  In order to flush this out more fully as directed by the Court, Plaintiff indicated its intent to do so and followed up accordingly with the filing of the Supplemental Trial Brief.

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**B.      The Supplemental Trial Brief Serves to Provide Greater Specificity as to Trade Secrets at Issue in this Matter and Which Were Previously Addressed in Plaintiff's Trial Brief**

On October 8, 2019, HP Tuners filed its trial brief (the "Trial Brief") (Dkt. 217) explaining at the outset that the subject lawsuit was one for "misappropriation of confidential proprietary information, including trade secrets …". *Id.*, at 1.  HPT delineated the valuable trade secrets it alleged as having being misappropriated by Defendants as follows:

- VCM Suite Software;

- Parameters List;

- Source Code;

- MPVI Communications Protocol;

- Communication Algorithms; and

- Application Key Generator.

Dkt 217, at 2-3, 6-8.

After describing each categorical subset of trade secret(s), HPT also explained the means and measures undertaken to protect its trade secrets, and how Defendants copied or otherwise misappropriated those trade secrets.  Dkt 217, at 8-15.  Plaintiff then set forth an analysis of liability (Dkt. 217, at 18-33) and damages (Dkt. 217, at 33-37) vis-à-vis each statutory and common law cause of action.

Having opined that Plaintiff's had only generally described the trade secrets at issue in this matter, the Court invited Plaintiff to provide further detail and specificity on this issue. Plaintiff's Supplemental Brief is exactly this exercise undertaken in respectful response to the Court's comments and not what Defendants hyperbolically characterize as "a thinly disguised

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

request for reconsideration of this Court's Orders", "a wholesale revision of its legal theories", or "arguments never made before".   Dkt 238, ¶3.  In actuality, the Supplemental Brief revises nothing and presents nothing novel.  To the extent it is guilty of any "redundancy" it is only by making more salient the material matters as to which this Honorable Court has made genuine inquiries.  The Supplemental Brief is what it purports to be, stating in introduction that:

> In response to the Court's comments in its recent Orders (Dkt. 225 and Dkt. 229), HPT submits this Supplemental Trial Brief on Trade Secrets and Misappropriation to supplement its prior submission and further address the nature of the trade secrets and misappropriation at issue in this matter.

Dkt. 236, at 1.

At the outset, Plaintiff reviews the statutory definition(s) of "trade secret" which appeared in the Trial Brief.  Compare Dkt. 236, at 2-3 with Dkt. 217, at 20-27.  Thereafter, Plaintiff affords greater detail to the previously identified trade secrets as requested.

### 1. VCM Suite Software

The first trade secret specifically discussed in Plaintiff's Trial Brief is its VCM Suite Software.  Dkt. 217, at 3.  Plaintiff stated that "with regard to HPT's claims sounding in trade secret misappropriation, Defendants admit to receiving and possessing HPT's VCM Suite Software, source code, key generator and MPVI communication protocol documents" and that:

> … evidence will show that HPT's source code, VCM Suite Software, HPT's parameters list, HPT's implementation of algorithms, HPT's key generator, HPT's MPVI communication protocol documents and various HPT files, programs, documents, materials and information contained on the Flash Drive (which Sykes-Bonnett destroyed in the midst of these proceedings) constitute trade secrets of HPT.

*Id.*

Additional references to this software and Defendants' misappropriation appear

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1  throughout the Trial Brief but are elaborated on further, as requested, in the Supplemental Brief.

2      First, it is reiterated that Sykes-Bonnett admitted disassembling HPT's software for the

3  development of his own.  Dkt. 236, at 5.  Second, Sykes-Bonnett admitted to the destruction of a

4  USB drive possessing Plaintiff's information and was used in the development and creation of

5  Defendants' software.  *Id.*    HPT is entitled to the adverse inference that Defendants'

6  misappropriated, used and copied HPT's trade secrets which were contained on the destroyed

7  flash drive. Dkt. 236, at 10.  Plaintiff detailed in its Supplemental Brief the immense advantage

8  to Defendants of having access to the files on the flash drive, with it having taken HPT over 15

9  years to develop the features and capabilities of the VCM Suite software and is the result of tens

10  of thousands of man hours in development and research. *Id.*  Defendants, however, simply took

11  the final result and implemented it into their product without expenditures or effort.

12      2.  Parameters List

13      The Parameters List (specifically its E38 parameters) is another trade secret Plaintiff has

14  previously identified as having been misappropriated by Defendants.  Dkt. 217, at 6.  In its Trial

15  Brief, Plaintiff stated that this list "contains pairs of names (of parameters) and an associated

16  value for each name. HPT has created names for the parameters that are readily understandable

17  and usable by a user. HPT's Parameter List is critical to making its product user friendly to its

18  customers as they modify/tune their vehicles. The Parameters List is confidential, proprietary and

19  trade secret intellectual property of HPT." *Id.*   Plaintiff previously alleged that Sykes-Bonnett

20  possessed and accessed the confidential and proprietary parameters list. Id., at 10, 14.

21      The Supplemental Brief provides more detail as to this allegation, first noting that Sykes-

22  Bonnett admitted to disassembling HPT's software and stealing HPT's parameters names for

23  inclusion in Defendants' software. Dkt. 236, at 5.  The Supplemental Brief concludes with a

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

section entitled "Sykes-Bonnett's Wrongful Acquisition and Use of HPT's Parameters List" primarily highlighting what previously appeared in the Trial Brief and stating that Defendants stole and incorporated this into their software.  Id., at 10, 15.

    3.  <u>Source Code</u>

Defendants' misappropriation of Plaintiff's source code is at the heart of this case.  As Plaintiff's original Trial Brief detailed:

> While certain executable files are made available to HPT customers, the source code that creates those executable files as well as the source code that drives the HPT interfaces and the software residing on HPT's systems is proprietary and fundamental to HPT's business. By analyzing the source code one can understand the details regarding how HPT's software functions and how it could potentially be modified or replicated/mimicked. HPT's source code is confidential, proprietary and trade secret intellectual property of HPT. Defendants possessed HPT's source code specifically including but not limited to HPT's VCM Suite software source code for version 2.23 and the source code for HPT's MPVI firmware.

Dkt. 217, at 6-7.

Plaintiff has alleged that it took reasonable measures to protect its source code, that Sykes-Bonnett accessed and possessed the confidential and proprietary source code to develop Defendants' software and distributed it to third parties for profit.  Id., at 9-11, 14-15.

The Supplemental Brief provides more specificity concerning these issues.   First, Plaintiff specifies that software source code can be a trade secret and its use to create a derivative program constitutes misappropriation of trade secrets.  Dkt. 236, at 4 citing Computer Associates Int'l v. Quest Software, Inc., 333 F. Supp. 2d 688, 691 (N.D. Ill. 2004).   However, proof of copying source code (or review) is not even necessary to establish trade secret misappropriation. Dkt. 236, at 6 citing Integrated Cash Management Services, Inc. v. Digital Transactions, Inc.,

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

732 F. Supp. 370, 377 (S.D.N.Y. 1989), aff'd 920 F. 2d 171 (2d Cir. 1990).  In this case, specific copying has been identified and/or admitted.  Moreover, Sykes-Bonnett admittedly used HPT's source code in the development of Defendants' software, disclosed that source code to third parties through Facebook Messenger, and destroyed a flash drive used to create Defendants' source code (Dkt., at 4-5, 11) (as to which HPT is entitled to an adverse inference that Defendants' misappropriated, used and copied HPT's source code[1]).  Plaintiff's Supplemental Brief provides specific examples of how Defendant actively used HPT's code to develop their own source code, such as: (1) Sykes-Bonnett paying Christopher Breton-Jean to patch a particular version of HPT's software including support for the ZF8 transmission; and (2) Martinson using HPT cables to "get the writing working" in Defendants' software.  Dkt. 236, at 6.

As to the matter of the destroyed flash drive, the Supplemental Brief gives additional specifics as to Defendants' misappropriation of source code and software for its own software development.  Dkt. 236, at 7-10.  Again, these are not new allegations or content from Plaintiff but rather more detail in response to the Court's request.  In this vein, the Supplemental Brief explains specific source code files, or files used to develop or implement source code, and how they were misappropriated by Defendants, such as: "cCable.cs", "cMPVI.cs", "MPVI Protocaol.doc", "Interface Reporgramming.doc", "cVehicle.cs", "cController.cs", and the VCM Suite 2.23 source code.  *Id.*

    4.  MPVI Communications Protocol

The MPVI Communication Protocol was originally described by Plaintiff as a confidential, proprietary and trade secret developed by HPT that enables the VCM Editor

---

[1]    Dkt. 236, at 10.

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

software (downloaded from HPT's website) to communicate to the HPT interface (e.g. the MPVI) and the firmware contained therein to communicate with the vehicle. The interface and vehicle utilize different means of communicating and the protocol enables the two to communicate despite this difference. Dkt. 217, at 7.

To provide more clarity, the Supplemental Brief reiterated this description and explained further that the Defendants' source code interfaced with HPT's hardware. The variable ftStatus used by Defendants in their cable communication file "Cls_Cable_Communication.cs" in the repository dated 2017-05-16 contains direct reference to the HPT hardware:

ftStatus = _cableChannel.OpenBySerialNumber("HPT00021B"); //ftStatus =
_cableChannel.OpenBySerialNumber(ftdiDeviceList[1].SerialNumber)

Dkt. 236, at 11.

Explaining further, Plaintiff noted that the above code above shows that connections it should be able to manage include connections to hardware labeled "HPT00021A" and "HPT00021B". To interface or communicate with HPT hardware would have required use of HPT's communication protocols. Therefore, to conduct these communications that Defendants software was able to manage implies that Defendants were using HPTs confidential and proprietary communications protocols, which are its trade secrets. *Id.* A description HPT's "MPVI Protocol.doc" and Defendants' copying and pasting this into their code has provided additional detail to HPT's allegations regarding misappropriation of this trade secret. *Id.*, at 8.

5. Communication Algorithms

Plaintiff's Trial Brief stated that it expended great time, cost, and effort to determine certain communication algorithms necessary to initiate communication between various automobile's computers and an external interface (like the HPT interfaces known, for example,

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

as an MPVI) through which one could communicate to those computers. These algorithms are akin to an "electronic handshake" that is required by an automobile's computer for any further communication to occur. The specific implementation of these algorithms is an HPT trade secret misappropriated by Defendants.  Dkt. 217, at 7-8, 14, 16.

In response to the Court's desire for more clarity on HPT's trade secrets, Plaintiff has now elaborated as to Defendants' use of HPT's implementation of seed and key, checksumming methods and algorithms.  *Id.*, at 12-13.  The Supplemental Brief explains that Defendants' source code contained similarities in the access control methods found with those in HPT's source code. By way of example, Plaintiff explains the process by which specific files are manipulated and written, and that an unnatural yet identical ordering and identical seed and key method appears in both Plaintiff's and Defendants' code.  *Id.*, at 13.  Despite Defendants assertion that these seed/key algorithms and checksums algorithms are intellectual property of vehicle manufacturers mimicked equally by both Plaintiff and Defendants, Plaintiff describes how this is not the case and that the specific algorithms at issue were developed and implemented by HPT without having any inside information from vehicle manufacturers.  Defendants copied these from Plaintiff and integrated same into Defendants' software, with Plaintiff specifically identifying for the Court the Dodge, Ford, and GM applicable seed/key algorithms and checksumming which Defendants misappropriated, along with the basis for the allegations.  *Id.*, at 13-14.

### 6.  Application Key Generator

The final trade secret category previously identified by Plaintiff is an application key generator, which is among the software residing on HPT's servers.  Dkt. 217, at 8.  When a customer wishes to add credits to their interface (to license more vehicles), they purchase credits from HPT's website specifically for their interface. Credits are delivered to the customer via an

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

application key that is created and sent from the application key generator. The application key is a 35-character string, which includes a variety of secure information including the interface ID and the total credit quantities purchased to date. The application key utilizes secure validation measures to prevent fraudulent reproduction. The application key generator is an HPT trade secret misappropriated by Defendants. *Id.*, at 11-15.

As to this specific trade secret, the Supplemental Brief highlighted the prior description and Sykes-Bonnett's dissemination application keys to third parties. *Id.*, at 14-15. Sykes-Bonnett has admitted to disseminating application keys to third parties for profit. *Id.*, at 14.

### C.     The Parties' Pending Agreed Private Mediation

Counsel for the parties have recently agreed to submit to private mediation conducted by the Honorable James Ware (Retired) on December 6, 2019 in Seattle, Washington. For Defendants' Motion to suggest that the Supplemental Brief "now calls into serious question the likelihood of achieving a settlement" is a nonsensical red herring. See Dkt 238 at ¶4. The parties' agreement to participate in mediation was, and remains, an entirely mutual and voluntary venture. Plaintiff and any Defendant are free to negotiate or achieve a settlement (or not) of their own free will at any time, for any reason, and by any means or procedure. Plaintiff continues to welcome and encourage any and all resolution efforts yet will not afford credibility to the assertion that its provision of clarity as requested regarding the trade secrets at issue determines whether good faith settlement participation occurs.

### D.     Conclusion

In presenting its Motion pursuant to FRCP 12(f), Defendants claim that the matters submitted by Plaintiff to this Court are redundant, immaterial, impertinent, or scandalous. Defendants also raise an implication of prejudice resulting from the introduction of novel matters

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

and or revised legal theories.  Dkt. 238, at ¶3.  At most, Plaintiff concedes an element of redundancy but only to further detail the issues which it ßhas presented in prior pleadings, discovery and briefs.  This Court has construed Plaintiff's allegations concerning its trade secrets as more general than specific and, in that regard, sought greater specificity.  To comply with the Court's inquiry, Plaintiff has both repeated prior submissions to highlight the Plaintiff's trade secrets and also elaborated as appropriate in the Supplemental Trial Brief.  This response to the Court, as demonstrated herein, is material, pertinent, and far from "scandalous" or new.  Moreover, Plaintiff's simple highlighting, illustration, and affording greater detail to the matters at issue throughout the history of this case has resulted in no prejudice whatsoever to any Defendant, particularly where these are matters which have been at issue since the inception of this matter and throughout discovery and there is no currently scheduled trial date in this case.

WHEREFORE, HP TUNERS, LLC, respectfully prays for an order denying Defendants' Motion To Strike Plaintiff's Supplemental Trial Brief, and for such other and further relief as this Court deems necessary and appropriate.

Dated this 25th day of November, 2019         Respectfully submitted,

                                              *s/ Andrew P. Bleiman*
                                              Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted pro hac vice)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com
Attorneys for HP Tuners, LLC

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 12

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2019, I caused the foregoing to be electronically

with the Clerk of Court using the CM/ECF system which will electronically send Notice to all

Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted pro hac vice)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff

PLAINTIFF HP TUNERS LLC'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL TRIAL
BRIEF - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547