HONORABLE JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | CASE NO. 3:17-cv-05760-BHS |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY** |
| vs. | |
| KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, | **NOTING DATE: February 28, 2020** |
| Defendants. | |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), by its attorneys, hereby moves for leave to file Second Amended Complaint to Add New Defendant Entity pursuant to Federal Rule Civil Procedure 15(a), Local Rule 15 and Federal Rule of Civil Procedure 21. In support thereof, HPT states as follows:

## **INTRODUCTION**

This action was commenced in September 2017. Plaintiff's First Amended Complaint was filed in or about March 2018. In May 2019, during the course of these proceedings,

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Defendants formed a new entity named Syked Performance Engineering LLC. Thereafter, in June 2019, Defendants voluntarily dissolved Defendant Syked ECU Tuning, Inc.

Notwithstanding the purported voluntary dissolution of the Defendant entity and formation of the new entity, the businesses of Defendant Syked ECU Tuning, Inc. and Syked Performance Engineering LLC are the same, Defendant Kevin Sykes-Bonnett and Defendant John Martinson are identified as owners and principals of both entities, the website for the business (www.sykedecutuning.com) is the same, and the principal place of business address for each entity is the same (1602 Point Fosdick Dr. NW, Gig Harbor, WA 98335).

Even though Defendants dissolved Defendant Syked ECU Tuning, Inc. in June 2019, prior to the discovery closure date in this case, documents concerning these issues were not produced in discovery in this action by Defendants at any time. Rather, in December 2019, after the close of discovery in this matter, Plaintiff obtained documents from the Office of Secretary of State for the State of Washington demonstrating that Defendants voluntarily dissolved Defendant Syked ECU Tuning, Inc. and, shortly before such voluntary dissolution, they formed a new entity named Syked Performance Engineering LLC to carry on the business and affairs of Syked ECU Tuning, Inc.

As a result of Plaintiff's discovery of Defendants' formation of the new entity, Plaintiff now seeks leave to file a Second Amended Complaint, which merely adds the newly formed entity by the individual Defendants. The proposed Second Amended Complaint does not add new causes of action. Here, the new business entity (Syked Performance Engineering LLC) is an alter ego of the current individual defendants or is liable as a successor in interest to Defendant Syked ECU Tuning, Inc. Accordingly, Plaintiff respectfully requests that the Court grant this Motion for Leave to File Second Amended Complaint to Add New Defendant Entity.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## FACTUAL BACKGROUND

1. On May 8, 2019, in the midst of these proceedings prior to the discovery closure date, Defendant Kevin Sykes-Bonnett and Defendant John Martinson formed Syked Performance Engineering, LLC, 1602 Point Fosdick Dr. NW, Gig Harbor, WA 98335. (A copy of the Certificate of Formation from the State of Washington, Office of the Secretary of State online database is attached hereto as Exhibit A). Defendant Sykes-Bonnett and Defendant Martinson are listed as "Governors" of Syked Performance Engineering LLC.

2. On June 7, 2019, Articles of Dissolution for Defendant Syked ECU Tuning, Inc., 1602 Point Fosdick Dr. NW, Gig Harbor, WA 98335, were filed with the State of Washington, Office of the Secretary of State. (A copy of the Articles of Dissolution from the State of Washington, Office of the Secretary of State online database is attached hereto as Exhibit B).

3. In connection with this litigation and these proceedings, Defendants did not produce documents in discovery evidencing the dissolution of Defendant Syked ECU Tuning, Inc. or the formation of Syked Performance Engineering LLC.

4. The website for the business of Defendant Syked ECU Tuning, Inc. was www.sykedecutuning.com and is also the website for the business of Syked Performance Engineering LLC and the phone number for both companies is the same.

## ARGUMENT

The Federal Rules of Civil Procedure favor liberal allowance of amendments to pleadings. Rule 15(a) provides that leave to amend the complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In addition, "[p]arties may be ... added by order of the court on motion of any party or of its own initiative ... at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466-467 (2000).

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

District courts apply a policy of "extreme liberality" in favor of Rule 15 amendments. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The Court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). In deciding whether to allow amendment, the Court considers four factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Because amendment is granted freely, an opponent to a motion for leave to amend must make a substantial showing to support a denial of the motion. To deny leave to amend, the prejudice must be substantial. *Morongo*, 893 F.2d at 1079 (amendment greatly altered litigation and required defendants to undertake an entirely new defense at late hour, but those facts alone were not fatal to amendment). Here, the factors weigh in favor of permitting the amendment and do not substantially weigh against granting leave to amend.

Consequently, Plaintiff's motion for leave to file a Second Amended Complaint to add Syked Performance Engineering LLC as a defendant should be granted. (A copy of the proposed Second Amended Complaint showing the modifications to the First Amended Complaint in accordance with Local Rule 15 is attached hereto as Exhibit C).

### A. THE ADDITION OF THE NEW BUSINESS ENTITY AS A DEFENDANT WILL NOT PREJUDICE DEFENDANTS AND ABSENT ADDITION OF THE NEW DEFENDANT ENTITY, PLAINTIFF WILL BE PREJUDICED.

The proposed addition of Syked Performance Engineering LLC as a Defendant will not prejudice Defendants. Syked Performance Engineering LLC was formed during the course of these proceedings. Upon information and belief, it was formed to remove Bobbie Cannata as an owner of Defendant Syked ECU Tuning, Inc. and to avoid liabilities and obligations of Defendant Syked ECU Tuning, Inc. However, aside from the change of ownership to remove

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Ms. Cannata, the business of Syked Performance Engineering LLC and the owners of the entity are the same (Defendant Kevin Sykes-Bonnett and John Martinson).  Likewise, the principal place of business for the entities and the web URL address for the businesses are the same as well.  Here, Syked Performance Engineering LLC is an alter ego of Defendants Kevin Sykes-Bonnett and John Martinson or is a successor in interest to Defendant Syked ECU Tuning, Inc.

Because the facts giving rise to the claims against the original Defendants are identical to those of the proposed defendant, the proposed amendment will not require Defendants to expend any additional resources to prepare for trial or delay resolution of this case.  *See Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 202 (E.D.N.Y. 2005) (proposed amendment would not unduly prejudice defendants where facts giving rise to claims of the additional plaintiffs were virtually the same as those of the named plaintiffs).

Notably, courts in other jurisdictions have held that where the proposed new parties are alleged and found to be successors in interest and/or alter egos of the current defendants, a proposed amendment is not a request for the addition of new parties. *See e.g. The Most Worshipful Sons of Light Grand Lodge v. Sons of Light Lodge*, 160 Cal. App. 2d 560, 566 (1958) ("where … there is reason to disregard the separate entity … no new party was added by the amendment.").

Likewise, it is not necessary to plead alter ego liability as a separate claim in federal court.  *Kantor v. Big Tip, Inc.*, 2018 U.S. Dist. LEXIS 57265, *21-22 (W.D. Wash. Apr. 3, 2018).  Instead, it is sufficient to allege that the "Defendants, and each of them, were the alter egos and/or employees of their co-defendants." *See Id.* at 21.  Alter ego is not a separate cause of action for which relief can be granted; rather, alter ego serves as a theory to impose liability on an individual for the acts of the corporate entity. *Id.* at 22.

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Here, the proposed new party (Syked Performance Engineering LLC) is not a separate and distinct defendant, nor are new issues or additional liability being raised for the first time. In addition, this entity – or its potential liability – was not unknown to Defendants. Further, as stated, the new defendant entity is owned and operated by the current individual Defendants and will likely be represented by the same counsel. As a result, Defendants will not be prejudiced by the addition of the proposed new Defendant.

Moreover, when this action commenced, the new entity sought to be added (Syked Performance Engineering LLC) did not exist. In fact, the entity was not formed until May 2019 – more than a year and a half after this litigation was commenced. Defendants Kevin Sykes-Bonnett and John Martinson are the owners of the new entity Syked Performance Engineering, the two entities are engaged in the same business at the same address and are also utilizing the same website URL. Thus, Syked Performance Engineering is either the alter ego of the individually named Defendants or a successor in interest to Syked ECU Tuning, Inc.

Defendants' formation of the new entity engaged in the same business was undoubtedly designed to escape, evade or avoid the liabilities and obligations of Defendant Syked ECU Tuning, Inc. Plaintiff should be permitted to amend the Complaint herein to add Syked Performance Engineering LLC to ensure complete relief. If Plaintiff is not permitted to amend the complaint to add the new entity as a defendant, Defendants will have improperly succeeded in preventing Plaintiff from seeking the complete relief to which it is entitled.

Moreover, given that the statute of limitations has not run, judicial economy and conservation of the Court's resources supports granting leave to file the Second Amended Complaint. In the event that leave is not granted, Plaintiff will be forced to initiate a new, separate action to pursue its claims against this newly formed entity, which similarly uses,

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

possesses and incorporates Plaintiff's confidential and proprietary trade secret information in the products and services it is offering to the public. Therefore, leave to amend under Rule 15(a) and Rule 21 is appropriate under the circumstances herein.

### B. THE PROPOSED AMENDMENT IS NOT FUTILE AND THERE HAS BEEN NO UNDUE DELAY OR BAD FAITH IN CONNECTION WITH THE FILING.

As noted above, it is not necessary to pleading alter ego liability as a separate claim in federal court. *See Kantor*, 2018 U.S. Dist. LEXIS 57265 at *21-22. In addition, under Washington's successor liability law:

> a corporation purchasing the assets of another corporation does not, by reason of the purchase of assets, become liable for the debts and liabilities of the selling corporation. The courts have recognized, however, that the traditional rule allows a transferring corporation, under certain circumstances, to effectively avoid its obligations to the detriment of *creditors* and minority *shareholders*. Thus, Washington has recognized four narrow exceptions to the traditional rule: (1) the purchaser expressly or impliedly agrees to assume liability; (2) the purchase is a *de facto* merger or consolidation; (3) the purchaser is a mere continuation of the seller; or (4) the transfer of assets is for the fraudulent purpose of escaping liability.

*Martin v. Abbott Labs.*, 102 Wn.2d 581, 689 P.2d 368, 384 (Wash. 1984) (emphasis in original); *see also Stoumbos v. Kilimnik*, 988 F.2d 949, 961 (9th Cir. 1993).

Here, Plaintiff should be permitted to add Syked Performance Engineering LLC as a party defendant and, at trial, present evidence to demonstrate that the entity is the alter ego of the individual Defendants or the successor liability of Syked Performance Engineering LLC for the liabilities of Syked ECU Tuning, Inc. under each (or any) of the exceptions to the general rule and the proposed amendment is not futile.

Finally, the amendment is not being sought in bad faith or after undue delay. Plaintiff is not seeking the proposed amendment in bad faith. Courts find bad faith when the plaintiff is

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

seeking to prolong the litigation by adding new but baseless legal theories. *Griggs*, 170 F.3d at 881. This is not the case here. Instead, Plaintiff is seeking to amend because it recently learned that Defendant Syked ECU Tuning, Inc. was dissolved during the course of these proceedings and that the individual Defendants formed a new business Syked Performance Engineering LLC to carry on the business of the predecessor entity. Plaintiff obtained documentation concerning these issues in December 2019. At that time, the parties were engaged in mediation and extensive settlement communications. After the settlement discussions failed, Plaintiff filed this Motion for Leave to File Second Amended Complaint. Nevertheless, undue delay, by itself is "insufficient to justify denying a motion to amend" and the 9th Circuit has "previously reversed denial of a motion for leave to amend where the district court did not provide a contemporaneous finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Here, there has been no undue delay in seeking leave. Likewise, there is no prejudice to Defendants in seeking leave to amend at this time, the amendment is not futile and is not being made in bad faith. Therefore, leave to file the Second Amended Complaint should be granted.

WHEREFORE, HP Tuners, LLC respectfully prays for entry of an order granting leave to file Plaintiff's Second Amended Complaint within fourteen (14) days of the entry of the Order granting leave, and for such other and further relief deemed necessary and appropriate.

Dated this 5th day of February, 2020     Respectfully submitted,

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
E-mail: andrew@marksklein.com

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

1
2  Stephen G. Leatham, WSBA #15572
3  211 E. McLoughlin Boulevard, Suite 100
   Vancouver, WA 98663
   Telephone: (360) 750-7547
4  Fax: (360) 750-7548
   E-mail: sgl@hpl-law.com
5
6  Attorneys for HP Tuners, LLC
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY
- page 9

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

Attorney for Plaintiff HP Tuners, LLC

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 10

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547