HONORABLE JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON, <br><br> Defendants. | CASE NO. 3:17-cv-05760-BHS <br><br> **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY** <br><br> **NOTING DATE: February 28, 2020** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its reply brief in support of its Motion for Leave to File Second Amended Complaint to Add New Defendant Entity ("Motion") (Dkt. 244) pursuant to Federal Rule Civil Procedure 15(a), Local Rule 15 and Federal Rule of Civil Procedure 21, states as follows:

**INTRODUCTION**

In May 2019, during the course of these proceedings, individual Defendants Kevin Sykes-Bonnett ("Sykes-Bonnett") and John Martinson ("Martinson") formed a new entity named

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 1

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Syked Performance Engineering LLC ("Syked Engineering") and thereafter voluntarily dissolved Defendant Syked ECU Tuning, Inc. ("Syked ECU") in June 2019. The newly formed entity, Syked Engineering, is also owned and operated by Sykes-Bonnett and Martinson[1], and conducts the identical business, from the identical location, and uses the identical website as Syked ECU. None of this is disputed by Defendants. During discovery, Defendants never produced documentation concerning the formation of this new entity or the dissolution of Syked ECU. By virtue of the formation of the new entity, Plaintiff has accordingly sought leave of court to amend its complaint to add Syked Engineering as a party consistent with Federal Rules of Civil Procedure 15 and 21, noting that this Court may at any time add a party on just terms and that leave should be granted freely as required by justice. *See* Fed. R. Civ.P. 15(a)(2), 21.

Here, the proposed amendment and addition of Syked Engineering as a defendant could not conceivably prejudice Defendants, require expenditure of additional resources, or foster delay. Quite the contrary, failure to allow such a logical amendment will undermine judicial economy and likely result in unnecessary new, parallel litigation against Syked Engineering.

On February 24, 2020, Defendants filed their Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Defendants' Response" or "Response") (Dkt. 247). Said Response is long on hyperbole but short on putting forth a sound legal basis to justify disregard for the liberal amendment standard of FRCP 15 which favors facilitating decisions on merits in the absence of any clear prejudice.

---

[1] One owner of Defendant Syked ECU, Ms. Bobbie Cannata, was removed from ownership when the new entity - Syked Engineering – was formed. However, she is not a party to this case and the ownership of Defendants Sykes-Bonnett and Martinson remains, and facts relevant to this litigation otherwise unchanged.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## ARGUMENT

Defendants have unsurprisingly blustered about: their "wives and children"; the "personal toll" taken on defendants; that there is "no information left" in this case; that Plaintiff's "scorched earth" discovery be contrasted with Defendants' "cooperation"; and tangential musings about Plaintiffs' business prospects, state of mind, and odd speculation that this or Plaintiff stands to benefit from a delay in prosecuting the claims. (Dkt. 247, at 1-2). Yet, all of this static is utterly divorced from the exceedingly basic procedural motion before the Court and ignores that Defendants' unlawful and egregious misconduct precipitated this action in the first instance.

On the motion of a party or its own, the court may at any time add a party on just terms. See Fed. R. Civ. P. 21 (emphasis supplied). And to the extent a party seeks to amend a pleading beyond the time permitted as a matter of course, it shall be done with leave which the court "shall freely give … when justice so requires". Fed. R. Civ. P. 15(a)(2). And, so, it is that because Sykes-Bonnett and Martinson dissolved Syked ECU and formed Syked Engineering, Plaintiff seeks no more than to amend its pleading to join an appropriate party in interest. No new causes of action. No new facts or witnesses. No anticipated new Appearances. No protracted scheduling outside responding to the proposed pleading. And no request for further discovery vis-à-vis the new entity or existing Defendants.

What follows Defendants' extralegal introductory prose is the assertion that Plaintiff's Motion is grounded on alleged "misrepresentations" concerning when it learned of Sykes-

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Bonnett and Martinson changing their entity.[2]  (Dkt. 247, at 2-3).  Defendants' spend multiple pages in a harangue about alleged "misrepresentations" based on timeliness in response to a Motion that, on its face, invokes Rule 21's prescription the Court may add parties on just terms at any time, and Rule 15(a)(2) which sets only the standard that leave to amend be granted freely should justice so require.[3]

Both parties have cited to the case of *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990).  In the case of this movant Plaintiff, it was in support of the proposition that district courts apply a policy of "extreme liberality" in favor of Rule 15 amendments.  *Id*., at 1079.  Defendants cite Morongo to assert that delay in seeking leave to amend is relevant for consideration, yet not dispositive.  (Dkt. 247, at 4; *citing Morongo*, 893 F.2d at 1079).  It is a highly pertinent distinction, however, that the Ninth Circuit considered an approximate 2-year delay as relevant specifically because novel "highly tenuous" claims were proposed to be added which represented a "radical shift" in the case and "altered the nature of the litigation". *Morongo*, 893 F.2d at 1079.  What the Ninth Circuit emphasized was that in the context of a Rule 15 amendment: (a) the Court possesses discretion; (b) the policy of freely granting leave shall be "applied with extreme liberality"; (c) the far longer and "inordinate" delay in that case of

---

[2]     Plaintiff disputes that any facts were misrepresented and Defendants' claim concerning such is solely based on the statement in the brief that the information was "recently learned that Defendant Syked ECU Tuning, Inc. was dissolved during the course of these proceedings and that the individual Defendants formed a new business Syked Performance Engineering LLC to carry on the business of the predecessor entity."  While Sykes-Bonnett testified as to the new entity in May 2019 as Defendants contend, Defendants did not produce documents on this issue during discovery and Plaintiff did not obtain documentation concerning these issues until December 2019 as detailed in the brief.  (Dkt. 244).

[3]     *Contrast* Fed. R. Civ. P. 15(a)(2), 21 with Dkt. 247, at 4.  Defendants also put forth an argument that the subject Motion should be denied because a previously scheduled trial date has passed.  Although not applicable here, such an argument is baseless in and of itself insofar as Rule 15(b) also permits amendments during and after trial.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

nearly 2 years still was not "alone enough to support denial", but relevant; (d) brand new RICO claims "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense".  Even so, these were simply "factors" upon which the Ninth Circuit found that the lower court did "not clearly abuse its discretion in denying leave to amend … where to do so required appellees to undertake an entirely new course at a late date." *Id*.

Defendants have also cited the highly distinguishable case of *Lockheed Martin v. Network Solutions*, 194 F.3d 980 (9th Cir. 1999) to allege that delay or bad faith on the part of Plaintiff[4] warrants denial of leave to amend.  (Dkt. 247, at 4-5 *citing Lockheed Martin*, 194 F.3d at 986).  The *Lockheed Martin* plaintiff sought leave to amend its complaint to add a new cause of action for contributory dilution, including new allegations of several other offending domain-name combinations.[5]

As previously identified in Plaintiff HP Tuners' Motion[6], the Ninth Circuit considers four factors when reviewing a decision whether to permit an amendment:  (1) bad faith on the part of the plaintiff; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed

---

[4] Although Plaintiff's position is that this Motion is timely in accordance with the pertinent rules and case law, the chronology of this case subsequent to the May 16, 2019 Sykes-Bonnett deposition reveals events not indicative of "delay" or bad faith as alleged.  Immediately after May 16, the parties engaged in significant settlement discussions including the exchange of settlement documents.  This ended abruptly on July 31, 2019 upon Defendants' unexpected filing of dispositive motions.  The parties then undertook preparation for an October 29, 2019 trial, at which time Plaintiff would have been within Rules 15 and 21 to move for leave to amend. The Court struck the trial date (Dkt. 225) and the parties voluntarily submitted to a December 6, 2019 mediation which did not result in resolution of this dispute.  This motion followed.

[5] The complaint alleged that 4 specific domain name registrations infringed or diluted plaintiff's service mark.

[6] Dkt. 244, at 4.

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

amendment. *Lockheed Martin*, 194 F.3d at 986 *citing Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In *Lockheed Martin*, the Ninth Circuit identified a need to reopen discovery and therefore delay proceedings supported the district court's finding of prejudice to the defendant therein – specifically tied into that plaintiff's adding causes of action and new domain-name registrants requiring new discovery for each one. *Lockheed Martin*, 194 F.3d at 986. Plaintiff HP Tuners is adding no new causes of action and seeks no new or reopened discovery. *Contrast* Motion (Dkt. 244) with Response (Dkt. 247, at 6) *citing Solomon North Amer. L. and Cas. Ins. Co.*, 151 F.3d 1132 (9th Cir. 1998). Bad faith was also cited insofar as Lockheed was "facing a summary judgment motion [and] sought to amend its complaint to add causes of action on which discovery had not been undertaken. The district court noted that this might reflect bad-faith on the part of Lockheed." This is a far cry from the current Defendants' altered standard that HP Tuners has not established that its motion is brought in good faith". *Cf.* Dkt. 247, at 5. Also, the *Lockheed Martin* court found that the plaintiff's proposed added count of contributory dilution had a tenuous legal basis, rendering the proposed amendment as futile. *Lockheed Martin*, 194 F.3d at 986. In the instant case, Plaintiff HP Tuners is not pursuing any added causes of action and there is no futility in bringing Sykes-Bonnett and Martinson's present entity – Syked Engineering – into this matter, which entity was formed during and arguably due to litigation and to try and avoid or evade liabilities arising from Defendants' misconduct.

      Although Defendants have plucked language from *Morongo* and *Lockheed Martin* wherein the Ninth Circuit considers the potential relevance of the timing of a motion seeking leave to amend, these cases (and the analysis thereunder) bear no similarity at all to this case which warrant contravention of the standard of "extreme liberality" for allowing leave to amend "at any time".

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Nothing in the present litigation will change course, reopen discovery, create delay, or otherwise alter the litigation. There is no fathomable bad faith or futility, but simply a joinder of proper parties under Washington's successor liability law or as that of an alter ego. (Dkt. 244, at 7).

WHEREFORE, for the reasons set forth in the Motion for Leave to File Second Amended Complaint to Add New Defendant Entity and herein, Plaintiff HP Tuners, LLC respectfully prays for entry of an order granting leave to file Plaintiff's Second Amended Complaint within fourteen (14) days of the entry of the Order granting leave, and for such other and further relief deemed necessary and appropriate.

Dated this 28th day of February, 2020

Respectfully submitted,

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
E-mail: andrew@marksklein.com

Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Attorneys for HP Tuners, LLC

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

Attorney for Plaintiff HP Tuners, LLC

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT TO ADD NEW DEFENDANT ENTITY - page 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547