HONORABLE JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>          Defendants. | CASE NO.  3:17-cv-05760-BHS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS FOR BREACH OF PROTECTIVE ORDER**<br><br>**NOTING DATE: MARCH 6, 2020** |

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT" or "HP Tuners"), for its Response to Defendant's Motion to Impose Sanctions for Breach of Protective Order ("Motion") (Dkt. 246), states as follows:

## **INTRODUCTION**

As demonstrated in this action, Defendants and Kenneth Cannata ("Cannata") conspired to misappropriate HPT's confidential and proprietary trade secret information.  Cannata's wrongful and unlawful actions precipitated the filing of Case No. 3:18-cv-00527 in the United States District Court for the District of Nevada entitled *HP Tuners, LLC v. Kenneth Cannata*

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard, Suite 100<br>PO Box 611<br>Vancouver, WA  98666-0611<br>(360) 750-7547

("Cannata Litigation").   Defendants' Motion alleges that a sealed filing dated on June 19, 2019 by HP Tuners in the Cannata Litigation, which explicitly noted that "no electronic public notice will be sent because the case/entry is sealed"[1] was in violation of the Protective Order in this case ("Protective Order") (Dkt. 39) and warrants sanctions.

Defendants' motion is unavailing for the following inescapable reasons: (1) Plaintiff's actions did not violate the terms of the Protective Order; (2) Defendants' present argument is disingenuous in light of their explicit and emphatic waiver of any and all confidentiality as it pertains to the deposition transcript of Defendant, Kevin Sykes-Bonnett ("Sykes-Bonnett"); and (3) the actual substance of the subject court filing contains nothing whatsoever which could be deemed or defined as Defendants' confidential information, but rather contains information as to which *only Plaintiff* could conceivably lay any claim of confidentiality.   Here, it appears that Defendants have neither examined nor inquired about the actual filing, and Defendants did not meet and confer on this matter or otherwise investigate these issues prior to filing this motion. And, if Defendants had such curiosity at any time since June 19, 2019, this dispute would have been rendered moot.   Instead, Defendants have revealed their bald preference for weaponizing this matter at any cost over engaging in any good faith substantive inquiry or analysis.   For the reasons set forth herein, Defendants' motion for sanctions should be denied.

## ARGUMENT

As noted in Defendants' Motion, the parties' entered a Protective Order on May 21, 2018.  (Dkt. 39).  The Protective Order articulates its purpose and spirit to "not confer blanket protection on all disclosures or responses to discovery [but] the protection it affords from *public disclosure* and use extends only to the limited information or items that are entitled to

---

[1]      Dkt. 31-1 in the Cannata Litigation.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

confidential treatment …".  (Dkt. 39, at §1 (emphasis added)).   The parties in this case agreed to, and have been mindful, of the protections afforded from *public disclosure* of items entitled to confidential treatment.  The strictures against *public disclosure*, and protection of *confidential* items, are of paramount importance to the Protective Order as a whole.  Plaintiff has never engaged in such *public disclosure* nor revealed confidential information belonging to any Defendant.

Section 4.2 of the Protective Order permits disclosure of "CONFIDENTIAL" material to "the court, court personnel, and court reporters and their staff".  (Dkt. 39, at §4.2(e)).   In referencing the permissibility of disclosure to the "court [and/or] court personnel", the apparently defined term "Court" is not used as elsewhere in the Protective Order.  (*See, e.g.*, Dkt. 39, at §§4.2(i), 4.3(f)).

Defendants' claim is that, in a vacuum, Section 4.2 of the Protective Order would unequivocally bar Plaintiff's June 19, 2019 sealed filing with the District Court in the Cannata Litigation.  (Dkt. 246, at ¶¶2-3).   Yet, that lack of context further ignores the purposes of the Order set forth in Section 4.1 to limit only the public disclosure of confidential information.

Likewise, Defendants' claims in the motion for sanctions are wholly disingenuous and unfounded.  On September 18, 2019, in Defendants' "Response to Plaintiff's Supplemental Brief Regarding Motions To Seal" (Dkt. 206), Defendants unequivocally stated:

> To make things absolutely clear, Defendants Mr. Sykes-Bonnett and ECU
> Tuning Incorporated HEREBY WAIVE any claim that the entire
> deposition transcript of Mr. Sykes-Bonnett is either "confidential" or
> "highly confidential".  Accordingly, Defendants Mr. Sykes-Bonnett and

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

ECU Tuning Incorporated have ABSOLUTELY NO OBJECTION to the

entire transcript, as filed by Plaintiff, being made public.

Dkt. 206, at 1 (emphasis in original).[2]

Defendants' stated position in the motion was also consistent with prior statements that Defendants had made concerning the confidentiality of Mr. Sykes-Bonnett's deposition testimony in the context of settlement discussions following his deposition.  Nonetheless, Plaintiff did not file the entire transcript but only limited excerpts.  Nor did Plaintiff make it public, but rather filed the limited excerpts only under seal with the District Court in the Cannata Litigation.  At no time subsequent to the filing in the Cannata litigation did Plaintiff ever inquire, challenge, or raise any concern until the subject Motion dated February 20, 2020.  These acts and omissions by Defendants prior to the filing of the motion both confirmed and corroborated Plaintiff's belief that there were no issues with the manner in which the excerpts were filed.

Finally, the excerpts of the deposition transcript filed under seal in the Cannata Litigation do not contain any confidential or proprietary information of Defendants whatsoever to merit protection under the Protective Order.  Because the exhibit was filed under seal in that action, it is possible that Defendants do not know the substance of the filing.  However, Defendants made no effort to inquire about the sealed exhibit, to meet or confer with Plaintiff regarding this matter or to otherwise investigate these issues with Plaintiff before filing this motion.

The full transcript of the May 19, 2019 deposition of Sykes-Bonnett (Dkt. 192-1 herein) was *not* filed in the Cannata Litigation, but rather only pp. 365-384 (20 of the 147 pages of the

---

[2]     While Defendants may have waived confidentiality as to the entire Sykes-Bonnett deposition transcript, there are certain portions of the transcript to which HPT has claimed confidentiality as detailed in HPT's filing in connection with the pending motions to seal.  (See Dkt. 205).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 4

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

transcript) and Exhibits 84, 85, 87, 88 and 89 were filed.   A review of those pages of the transcript (Dkt. 192-1) demonstrates that those pages contain absolutely no confidential or proprietary information of any Defendant and the testimony does not even relate to the business of any Defendant.

Rather, the excerpted pages address communications between Cannata and Sykes-Bonnett concerning secret email addresses they were specifically using to avoid Plaintiff's detection, and for Cannata and Sykes-Bonnett to share and communicate about *Plaintiff's* confidential and proprietary information.   Specifically, this was one of the means by which Cannata disseminated Plaintiff's confidential and proprietary trade secret information to Sykes-Bonnett, provided information to hack Plaintiff's software, and wrongfully shared specific programs and files belonging to Plaintiff HPT.   Nothing contained in the sealed filing remotely meets the definition of Defendants' "confidential" or "highly confidential" material pursuant to the Protective Order.   *Cf.* Dkt. 39, at §§2.1, 2.2.   The sealed excerpts from the Sykes-Bonnett transcript, to the extent they contain any material which falls under the Protective Order, contain only *Plaintiff's own* confidential information.   Here, no confidential information of Defendants was publicly disclosed, and the Protective Order was not violated; therefore, the motion for sanctions should be denied.

Federal Rule of Civil Procedure 37(b)(2) – which addresses sanctions for failure to follow a court order – is the asserted basis for Defendants' Motion.   (Dkt. 246; *see* Fed. R. Civ. P. 37(b)(2)).   A finding of bad faith, however, is usually required before a court can enter sanctions pursuant to its inherent authority. *See, e.g., Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010), *Yagman v. Republic Insurance*, 987 F.2d 622, 628 (9th Cir. 1993).   Sanctions are not applied for inadvertent conduct, ordinary

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

negligence, or in the absence of willful or reckless disregard of the court. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).   Other jurisdictions have found sanctions under FRCP 37(b) to only be appropriate for imposition where a party displays willfulness, bad faith, or fault – with assessment of "fault" based upon the reasonableness of conduct and not alleged or perceived subjective motivation(s). *See In re Heritage Bond Litig.*, 223 F.R.D. 527 (C.D. Cal. 2004); *Second Chance Body Armor, Inc. v. American Body Armor, Inc.*, 177 F.R.D. 633 (N.D. Ill. 1998)

Here, Plaintiff's actions were reasonable, measured and careful.  The non-public filing under seal of non-confidential matters did not violate the Protective Order.  Moreover, the subject filing was undertaken with Defendants' apparent acquiescence later confirmed by their explicit waiver of confidentiality.  (Dkt. 206).  Scrutiny of the Protective Order itself, the parties' overall acts and omissions, and the actual information filed under seal reveals that this is not an appropriate instance for the imposition of sanctions.  Plaintiff did not act willfully or in reckless disregard of the Court and the Motion for Sanctions for alleged breach of the Protective Order should be denied.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Sanctions for Breach of Protective Order should be denied.

WHEREFORE, for the reasons set forth hereinabove, Plaintiff HP Tuners, LLC respectfully prays for entry of an order denying Defendants' Motion to Impose Sanctions for Breach of Protective Order, and for such other and further relief deemed necessary and appropriate.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Dated this 2nd day of March, 2020

Respectfully submitted,

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
E-mail:  andrew@marksklein.com

Stephen G. Leatham, WSBA #15572
211 E. McLoughlin Boulevard, Suite 100
Vancouver, WA 98663
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Attorneys for HP Tuners, LLC

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 7

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2020, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff HP Tuners, LLC

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
IMPOSE SANCTIONS FOR BREACH OF PROTECTIVE ORDER
- page 8

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547