UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>KEVIN SYKES-BONNETT, et al.,<br><br>            Defendants. | CASE NO. C17-5760 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant John Martinson's ("Martinson") motion for summary judgment. Dkt. 183. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On September 20, 2017, Plaintiff HP Tuners, LLC ("HP Tuners") filed an amended complaint against Martinson and Defendants Syked ECU Tuning Incorporated ("Syked") and Kevin Sykes-Bonnett ("Sykes-Bonnett") asserting (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (3) violations of the Washington Uniform Trade Secrets

1  Act, RCW Chapter 19.108; (4) violations of the Illinois Trade Secrets Act, 765 ILCS

2  1065/1, *et seq.*; (5) unfair competition under the Washington Consumer Protection Act,

3  RCW Chapter 19.86; (6) unfair competition under the Illinois Consumer Fraud and

4  Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; (7) breach of contract; and (8)

5  tortious interference with prospective contractual or economic relations. Dkt. 35.

6        On July 31, 2019, Martinson filed a motion for summary judgment. Dkt. 183. On

7  September 3, 2019, HP Tuners responded. Dkt. 190. On September 6, 2019, Martinson

8  replied. Dkt. 193.

9        On September 18, 2019, HP Tuners filed a motion for leave to file a supplemental

10  response brief and evidence. Dkt. 203. On September 30, 2019, Martinson responded.

11  Dkt. 211. On October 4, 2019, HP Tuners replied. Dkt. 213. On October 9, 2019, the

12  Court granted HP Tuners's motion and renoted Martinson's motion to October 18, 2019.

13  Dkt. 225. On October 10, 2019, HP Tuners submitted its supplemental evidence. Dkt.

14  228. On October 18, 2019, Martinson filed a supplemental reply. Dkt. 230.

15  **II. FACTUAL BACKGROUND**

16        HP Tuners is a Nevada limited liability company that "provides complete, cost

17  effective automotive tuning and data acquisition solutions for enthusiasts and

18  professional shops." Dkt. 35, ¶¶ 5, 12. HP Tuners's "business includes but is not limited

19  to computer hardware and software designed for use in custom and/or pre-programmed

20  engine and transmission tuning and calibration applications for automobiles, trucks and

21  other types of vehicles (including but not limited to ATVs, snowmobiles and

22  watercraft)." Dkt. 189, ¶ 6.

ORDER - 2

Sykes-Bonnett, owner of Syked, asserts that he formed Syked in 2014 after independently developing a software program to tune cars. Dkt. 182-1, ¶ 2. Sykes-Bonnett declares that his program was developed long before HP Tuners claims he received a copy of HP Tuners's code. *Id*. ¶ 2. He declares that, although his code has undergone revisions, the alterations were based on third-party software and not HP Tuners's code. *Id*. ¶¶ 4–5.

Martinson is an owner and officer of Syked. Dkt. 147-2 at 10–11. Martinson does not dispute that he is the CFO of Syked and worked as an engineer for Syked writing code and developing Syked products. Dkt. 193 at 2–3. HP Tuners alleges that Martinson was personally involved in the various improper actions that form the basis for its eight claims in the amended complaint. Dkt. 35, ¶ 3.

### III. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Merits**

Astonishingly, Martinson has filed three briefs in support of his motion requesting dismissal of HP Tuners's claims against him in his personal capacity ***without citing a single authority*** in support of his position as to the merits of any claim.  Instead, Martinson engages in fact-by-fact counter arguments explaining why HP Tuners's

alleged facts are either incorrect or misrepresentations. *See* Dkt. 193 at 2–11. Then Martinson argues that HP Tuners's case against him is a house of cards without a single citation to any authority on the merits of any claim. *Id.* at 11–13. Martinson bears the burden of establishing that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). He has completely failed to make that showing. This does not mean that questions of fact exist to preclude summary judgment in his favor. It means that under Federal law, Washington law, and Illinois law, he simply fails to show that he is entitled to judgment in his favor at this time. The Court declines to go outside the record and research these laws, and most likely exceptions to these law, in order to assist Martinson in supporting his position. It is Martinson's responsibility to show the Court why he is entitled to judgment, and three briefs without a single citation to substantive law fails to fulfill that responsibility.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Martinson's motion for summary judgment, Dkt. 183, is **DENIED**.

Dated this 18th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge