UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN SYKES-BONNETT, et al., <br><br> Defendants. | CASE NO. C17-5760 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO SEAL |

This matter comes before the Court on Plaintiff HP Tuners, LLC's ("HPT") motion to seal, Dkt. 191, and Defendants John Martinson, Syked ECU Tuning Incorporated, and Kevin Sykes-Bonnett's ("Sykes-Bonnett") (collectively "Defendants") motion to seal, Dkt. 195. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies is part the motions for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On September 20, 2017, HP Tuners filed an amended complaint against Defendants asserting (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (3) violations

ORDER - 1

of the Washington Uniform Trade Secrets Act, RCW Chapter 19.108; (4) violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.*; (5) unfair competition under the Washington Consumer Protection Act, RCW Chapter 19.86; (6) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; (7) breach of contract; and (8) tortious interference with prospective contractual or economic relations. Dkt. 35.

On September 3, 2019, HP Tuners filed its motion to seal, Dkt. 191, and on September 6, 2019, Defendants filed their motion to seal, Dkt. 195. On September 13, 2019, the Court renoted the motions and informed the parties of the need to file substantive argument in support of the requests to seal material submitted to the Court. Dkt. 201 (citing Local Rules W.D. Wash. LCR 5(g)).

On September 19, 2019, Defendants filed a supplement in support of its motion to seal, Dkt. 204, HP Tuners filed a supplement in support of its motion to seal, Dkt. 205, and Defendants responded to HP Tuners's supplement, Dkt. 206.

On October 17, 2019, the Court denied HP Tuner's motion in part, granted Defendants' motion in part, reserved ruling in part, and requested supplemental briefing. Dkt. 229. On November 1, 2019, HP Tuners filed a supplemental brief. Dkt. 233. On November 8, 2019, Defendants responded. Dkt. 235.

## II.  DISCUSSION

Because a "strong presumption of access to judicial records applies fully to dispositive pleadings," "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,

1176 (9th Cir. 2006) (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "'[C]ompelling reasons' may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)).

      As an initial matter, HP Tuners argues that Defendants' motions for summary judgment should not be considered dispositive because they "did not seek summary judgment on all issues, nor was it specific to any particular count." Dkt. 233 at 5 n.3. The Court rejects HP Tuners's novel interpretation of "dispositive" because it not only misrepresents the record and the relief Defendants explicitly sought, *see* Dkt. 183 at 5 ("Defendants respectfully request that this Court enter summary judgment dismissing all claims made against Defendant John Martinson"), but also is contrary to binding precedent, *Kamakana*, 447 F.3d at 1179 ("the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). Therefore, the Court concludes that HP Tuners must establish specific compelling reasons to seal the material in question.

      Turning to the merits, three items remain in dispute. First, Defendants filed the motion to seal Exhibits C and D to the Mann Decl. only because they submitted the material and HP Tuners marked the material confidential. *Id.* at 1–2. Defendants, however, have no objection to these exhibits being unsealed, *id.* at 2, which places the burden on HP Tuners to establish compelling reasons to seal the materials. The exhibits

are the deposition transcripts of HP Tuners's principal Keith Prociuk ("Prociuk"). Although HP Tuners initially argued that the entire transcript should be sealed, Dkt. 205 at 3, Prociuk has now submitted a declaration with a detailed list of proposed redactions, Dkt. 224 at 6–23. Defendants challenge some of these redactions, and the challenges are well taken. For example, HP Tuners asserts that Prociuk's age and educational background are "[c]onfidential non-public personal information." *Id.* at 6. This is a standard question for almost every witness that comes before this Court in trial, and HP Tuners' position that this information is confidential is frivolous. Similarly, Prociuk claims that "[c]onfidential/Intellectual Property regarding HPT proprietary methods, systems, processes," is included in the following exchange:

> Q. And does that application key keep track of how many of my credits I have available?
> A. It only keeps track of how many credits you have total.
> Q. Now, if I use a credit, does my total decrease by one?
> A. If you use a credit your available credits would be decreased.
> Q. Okay. That's what I want to make sure I understand. So if I buy -- if I buy 10 credits. I use -- I tune one vehicle so I have nine credits left. My total would then be 9?
> A. Your total credits is still 10. Your available credits is now a 9.

Dkt. 196-2 at 14. Defendants contend that this information is available to anyone that uses the product. Dkt. 235 at 4. The Court agrees with Defendants to the extent that HP Tuners has failed to submit a compelling reason to seal this general, if not publicly available, information on how HP Tuners's account credits operate.

Furthermore, the Court has given HP Tuners three opportunities to meet is burden with the original motion and two requests for supplemental briefs. The Court declines to go through HP Tuners's pages of specific redactions when all HP Tuners offers to justify

its opposition are meritless arguments that someone's age and education level as well as the simple operation of its software credit process are confidential information that should be sealed. Therefore, the Court denies HP Tuners's request to seal Prociuk's entire transcript. The Court also denies the request to seal Defendants' reply memorandum that references this transcript.

Second, HP Tuners moved to seal two volumes of the deposition transcript of Sykes-Bonnett. Dkt. 205, ¶ 1. HP Tuners now requests that the second, more confidential portion be withdrawn and states that it will file an unsealed and unredacted copy of the other volume. Dkt. 233 at 8. While Defendants contend that the former portion does not contain information that should be sealed from the public record, the Court declines to decide this issue in light of HP Tuners's concession that it will withdraw the material. The current versions shall remain under seal, and HP Tuners shall file an unredacted version of the first volume as soon as practicable.

Finally, HP Tuners moves to seal the report of its expert, Dr. Ernesto Staroswiecki. Dkt. 205, ¶ 2. Although the Court reserved ruling on this issue and allowed supplemental briefing, HP Tuners failed to address the issue in its final brief. Thus, the Court will consider the issue based on the prior briefs. HP Tuners asserts that the report "contains confidential and proprietary information of the parties and his analysis of same." *Id.* Defendants counter that HP Tuners marking the report as "highly confidential" is "ludicrous" because that designation prevents Sykes-Bonnett from seeing the report. Dkt. 206 at 2. The issue, however, is not the level of confidentiality HP Tuners assigned the report, the issue is whether the report should be sealed from the

public view because it contains confidential information. While the Court will generally defer to counsel and experts on the confidential nature of reports regarding proprietary computer code, Dr. Staroswiecki's report is unusual because it approaches the issue from a high level of generality. For example, Dr. Staroswiecki states that Defendants used intellectual property that HP Tuners "claims are trade secrets." Dkt. 192-2 at 6. Not only does Dr. Staroswiecki fail to identify what code or property he is referring to, but HP Tuners also fails to elaborate on this alleged intellectual property. *Kamakana*, 447 F.3d at 1184 ("[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). Moreover, in denying Defendants' motion for partial summary judgment, the Court specifically identified the two portions of code that Dr. Staroswiecki claimed were copied. The Court finds that this information may be confidential and proprietary and therefore grants HP Tuners's motion as to this section of the report. The Court otherwise denies the motion because HP Tuners has failed to meet its burden of establishing a specific compelling reason to seal all the information in the report. HP Tuners shall file a properly redacted version of the report as soon as practicable.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

1. HP Tuners's motion to seal, Dkt. 191, is **GRANTED in part** and **DENIED in part** as follows: HP Tuners shall file an unredacted copy of the first volume of Exhibit 1; HP Tuners shall file a redacted copy of Exhibit 2; and the Clerk shall unseal Exhibits 3 through 18 attached to Dkt. 192; and

2.  Defendants' motion to seal, Dkt. 195, is **GRANTED in part** and **DENIED in part** as follows: Exhibit B, Dkt. 196-1, shall remain under seal and the Clerk shall unseal Exhibits C, Dkt. 196-2, and D, Dkt. 196-3, and Defendants' reply memorandum, Dkt. 197.[1]

Dated this 20th day of May, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] For clarity, the Court repeats and incorporates its prior partial rulings on these motions. Thus, the Court provides its full rulings on these motions in this order.

ORDER - 7