UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

                        Plaintiff,

     v.

KEVIN SYKES-BONNETT, et al.,

                   Defendants.

CASE NO. C17-5760 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND

This matter comes before the Court on Plaintiff HP Tuners, LLC ("HP Tuners")
motion for leave to file second amended complaint. Dkt. 244. The Court has considered
the pleadings filed in support of and in opposition to the motion and the remainder of the
file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On September 20, 2017, HP Tuners filed a complaint against Defendants Syked
ECU Tuning Incorporated ("Syked") and Kevin Sykes-Bonnett's ("Sykes-Bonnett")
asserting (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2)
violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (3) violations of the
Washington Uniform Trade Secrets Act, RCW Chapter 19.108; (4) violations of the

1    Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.*; (5) unfair competition under the

2    Washington Consumer Protection Act, RCW Chapter 19.86; (6) unfair competition under

3    the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et*

4    *seq.*; (7) breach of contract; and (8) tortious interference with prospective contractual or

5    economic relations.  Dkt. 1.

6            On December 26, 2017, the Court issued a scheduling order setting numerous

7    deadlines, including February 5, 2018 as the deadline for amended pleadings.  Dkt. 23.

8    On February 6, 2018, the Court extended that deadline to March 30, 2018.  Dkt. 25.

9            On April 16, 2018, the Court granted HP Tuners's unopposed motion for leave to

10    amend its complaint to add Defendant John Martinson ("Martinson").  Dkt. 29.

11            On May 8, 2018, HP Tuners filed its amended complaint.  Dkt. 35.

12            On November 19, 2018, the parties filed a stipulated motion to amend the

13    scheduling order and did not request an extension of the deadline to amend pleadings.

14    Dkt. 123.  On November 28, 2019, the Court granted the request.  Dkt. 129.

15            On May 16, 2019, HP Tuners took the deposition of Sykes-Bonnett and asked

16    questions regarding the status of Skyed as follows:

17                 Q:      All right.· Is Syked ECU Tuning still alive?
                  A:      Syked ECU Tuning, all the documentation has been filed for

18            diss- -- or signed for dissolution of the company. I believe that we're
           waiting on one final thing to go through. I'd have to ask John on it, in

19            regards to Washington state's B&O taxes being able to file and get
           everything finished up with the state, and then we're able to file the

20            dissolution paperwork. I think Phil was involved in an e-mail on that. I
           don't recall.

21                 Q:      Do you have a new entity?
                  A:      We do.

22                 Q:      What is that entity?

> A:      Site Performance Engineering is the new entity. John and I
> are the only two owners of the company. Bobbie and Ken are not part of
> that, and then we plan on doing dba's underneath that as well, but we
> haven't got all that --
>
> Q:      Is it LLC or corporation?
>
> A:      I believe it's LLC.

Dkt. 192-1 at 99–100.

On February 5, 2020, HP Tuners filed the instant motion for leave to amend its complaint to add Sykes-Bonnett and Martinson's new entity as a defendant.  Dkt. 244. On February 24, 2020, Sykes-Bonnett, Martinson, and Syked ("Defendants") responded and opposed the motion.  Dkt. 247.  On February 28, 2020, HP Tuners replied.  Dkt. 248.

## II.   DISCUSSION

As a threshold matter, both sides cite the wrong standard for leave to amend at this point of the proceeding.  "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  This good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the moving party 'was not diligent, the inquiry should end.'"  *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017), *cert. denied*, 17-1490, 2018 WL 2046246 (U.S. Oct. 1, 2018) (quoting *Johnson*, 975 F.2d at 609).

1    In this case, HP Tuners has failed to establish diligence.  HP Tuners became aware

2 of Defendants' new entity on May 16, 2019 and waited over eight months to file this

3 motion for leave to amend.  This is not diligent and the inquiry shall end.  *Neidermeyer*,

4 718 F. App'x at 489.

5                                  **III.  ORDER**

6    Therefore, it is hereby **ORDERED** that HP Tuners's motion for leave to file

7 second amended complaint, Dkt. 244, is **DENIED**.

8    Dated this 20th day of May, 2020.

9

10                                _____

11                                  BENJAMIN H. SETTLE
United States District Judge

12

13

14

15

16

17

18

19

20

21

22