HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC, a Nevada limited liability company,

        Plaintiff,

    vs.

KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,

        Defendants.

CASE NO.  3:17-cv-05760-BHS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**NOTING DATE: JUNE 5, 2020**

**ORAL ARGUMENT REQUESTED**

Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HPT"), for its response in opposition to Defendant John Martinson's Motion for Leave to File Supplemental Briefing in Support of his Motion for Summary Judgment ("Motion") (Dkt. 183) states as follows:

## INTRODUCTION

On July 31, 2019, Defendant John Martinson ("Martinson") filed a motion for summary judgment ("Martinson MSJ").  The Martinson MSJ was fully briefed, including supplemental

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

briefs and evidence from both parties. (Dkt. 252, at 2).   Martinson filed three (3) briefs supporting or supplementing his motion.  (Dkt. 252, at 4 *citing* Dkts. 193, 211, 230).

On May 18, 2020, the Court issued its Order Denying Defendant's Motion for Summary Judgment ("MSJ Order") (Dkt. 252).  In its MSJ Order, the Court denied the Martinson MSJ and in so doing discussed the legal standard and reasoning behind its decision.  Two days later, on May 20, 2020, Defendant frantically filed the subject Motion requesting leave to file "supplemental briefing" on the already extensively briefed (and decided) Martinson MSJ.  (Dkt. 255).   The Federal Rules of Civil Procedure and applicable case law provide the means, procedures, and guidance for post-order relief or reconsideration.  *See, e.g.* Fed. R. Civ. P. 60(b). However, Defendant has yet again ignored procedural rules and case law entirely in this regard. Instead, Defendant Martinson has improperly commingled or conflated a request to retroactively file a supplemental brief on his Motion ***post-ruling*** with a purported request for reconsideration. As demonstrated herein, Defendant's Motion should be denied.

## ARGUMENT

### A. Legal Standard for Post-Order Relief or Reconsideration and Defendant's Wholesale Disregard for the Governing Rules and Procedures.

Defendant Martinson has essentially cast a motion for reconsideration as one for leave to file "supplemental briefing", which he contends is "neither improper or unusual … where it is needed or helpful to enable a court to resolve a motion for summary judgment".  (Dkt. 255, at 2). However, *supplemental briefing already occurred* relative to the Martinson MSJ and the motion was denied. (Dkts. 203, 211, 213, 225, 228, 230).  The cases cited by Defendant in support of his motion are wholly distinguishable.  Specifically, in each of these cases, the motions were on which supplemental briefing was requested were still pending and had not already been decided

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

as is the posture here.[1]   No case has been cited by Defendant in support of the proposition that a party can file supplemental briefs in connection with an already decided motion as the means by which he retroactively takes heed of the reasoning raised by the Court to support denial and seeks to remedy those deficiencies and failures in "supplemental" briefing.

Although Martinson claims that supplemental briefing will not be prejudicial (based on no timing/scheduling issues) and "will likely assist the Court" in arriving at Defendant's desired result, these claims are self-serving as further briefing, time and expense associated with this motion is highly prejudicial to Plaintiff, would further delay trial of this matter and be futile in any event given the numerous factual issues that exist for the trier of fact to determine via-a-vis Martinson's involvement, conduct and liability for the claims asserted (as demonstrated in the motion papers and supplemental briefing already filed and reviewed by this Court).   Here, what Defendant clearly seeks is either reconsideration of, or relief from, the MSJ Order (which would be improper in any event).

Reconsideration of the MSJ Order would be inappropriate and has not been properly sought herein.   A Motion to Reconsider is governed by Local Civil Rule 7(h), which explicitly states as its standard that:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

*See* LCR 7(h)(1).

---

[1]     Dkt. 255, at 2 *citing Becker v. McTarsney*, 2020 U.S. Dist. LEXIS 73672 (W.D. Wash. 2020) (Defendant's Motion notes that this involved ("pending motions for summary judgment"); *Yaw v. Air & Liquid Systems Corporation*, 2019 U.S. Dist. LEXIS 67171 (W.D. Wash. 2019) (a *pro se* plaintiff filed a third and fourth motion for preliminary injunction – not summary judgment – and the Court merely reserved ruling on the issue of supplemental briefing); *and Silva v. Mayes*, 2005 U.S. Dist. LEXIS 33609 (W.D. Wash. 2005) (absent a pinpoint cite by Defendant Martinson, this decision seems to not even discuss supplemental briefing, let alone post-order).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Motions to reconsider are to be plainly labeled as such. *Contrast* LCR 7(h)(2) *with* Motion (Dkt. 255). A Motion to Reconsider must point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. *See* LCR 7(h)(1). Failure to comply may be grounds for denial of the motion. *See* LCR 7(h)(2).

Defendant Martinson has sought to have the MSJ Order reconsidered but has circumvented the correct procedure for doing so under the guise of seeking "leave to file supplemental briefing". Nowhere in Defendant's Motion which seeks "leave to file a supplemental brief" has he showed manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. *Cf.* Motion (Dkt. 255). Simply put, Defendant has not raised ***any*** facts or arguments which could not have been raised previously with reasonable diligence.

Likewise, Defendant is not entitled to relief from the MSJ Order under Federal Rule of Civil Procedure  59 or 60. Rule 59 is inapplicable on its face, as it applies to new trials or motions to amend or alter judgments. *See* Fed. R. Civ. P. 59(e). This Court, having denied Martinson's MSJ, has never entered any judgment in this case.

As for Federal Rule of Civil Procedure 60, grounds exist whereby a party may seek to obtain relief from a final judgment or from an order.  *See*  Fed. R. Civ. P. 60(b). Plaintiff Martinson has no avenue to obtain relief pursuant to this rule since Martinson never references, meets the standard(s), nor even articulates any of the bases which would permit the relief afforded by the rule, which are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that

has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other

reason that justifies relief.  *Id.*

Regardless of how it has been cast or titled, Martinson's present Motion simply seeks

another bite at the apple which takes into account the comments of the Court after his MSJ and

three (3) prior briefs were adversely ruled upon.  This District has addressed such an instance

where the Court may, and did, evaluate and rule upon a motion to reconsider denial of summary

judgment despite the movant not calling the motion what it actually was.

Specifically, in *Eckard v. Thomas*, 2019 U.S. Dist. LEXIS 215219 (W.D. Wash. 2019),

the Court found it beneficial to clarify the status of the movant's filings where a motion

requested that "the Court revisit its order … denying Plaintiff's Motion for Summary Judgment."

*Eckard*, 2019 U.S. Dist. LEXIS at *1.  Akin to Defendant Martinson, the *Eckard* movant did not

specifically reference any Federal Rule of Civil Procedure  or otherwise identify an appropriate

legal basis for the motion.  *Id*, at *1-2.  The Court significantly noted that the movant "would not

fare any better if the Court considered it as a motion for reconsideration" and that it did "not

warrant relief as a motion for reconsideration".  *Id*, at *4.   In addressing its denial of the motion

as one for reconsideration, the Court cited to LCR 7(h) which disfavors reconsideration and that

such motions are "ordinarily den[ied] … in the absence of a showing of new facts or legal

authority which could not have been brought to the Court's attention earlier with reasonable

diligence."  *Eckard*, 2019 U.S. Dist. LEXIS at *4 *quoting* LCR 7(h)(1).

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

For the reasons set forth above, the Court should deny Defendant's Motion for Leave to file a Supplemental Brief.

**B.  Defendant's Attempted Substantive Factual Assertions are Improper, Misplaced and False**

Defendant has improperly made a series of substantive and factual arguments in support of his request for leave to file a supplemental brief but has ignored that the threshold issue of whether leave should be permitted has not been decided.  These factual and legal arguments should be ignored, and leave should be denied for the reasons stated above.

As was the case during extensive briefing of the Martinson MSJ, Martinson yet again in "engages in fact-by-fact counter arguments explaining why HP Tuners's alleged facts are either incorrect or misrepresentations"[2] in the context of this motion for leave to file a supplemental brief.  *See* Motion, at 3-10.  Furthermore, although Martinson bears the burden of establishing that he is entitled to judgment as a matter of law which he "has completely failed to make"[3], he repeatedly makes emphatic yet unsupported statements to artificially shift his own burden to HP Tuners' "failure of evidence", "absence of evidence", or "no evidence whatsoever".  (Dkt. 255, at 3-10).  In an astonishing display, the present Motion finds Martinson regurgitating his claim to summary judgment in the exact manner this Court already admonished.

Finally, since this motion merely seeks leave to file a supplemental brief to further support the already failed Martinson MSJ, the substantive and factual arguments are premature and should not be considered in any event.  In the event the Court grants leave to file supplemental briefs at this time (which it should not), HPT should be given an opportunity to file

---

[2]      Dkt. 252, at 5 *citing* Dkt. 193, at 2-11.
[3]      Dkt. 252, at 5.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

a substantive response to the "supplemental brief" to address the purported factual and legal arguments raised by Defendant.

## **CONCLUSION**

For these reasons, Defendant John Martinson's Motion for Leave to File Supplemental Briefing in Support of his Motion for Summary Judgment should be denied.

WHEREFORE, HP TUNERS, LLC, respectfully prays for an order denying Defendant John Martinson's Motion for Leave to File Supplemental Briefing in Support of his (previously denied) Motion for Summary Judgment and for such other and further relief as this Court deems necessary and appropriate.

Dated this 1st day of June, 2020

Respectfully submitted,


*s/ Andrew P. Bleiman*
Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone:  (360) 750-7547
Fax:  (360) 750-7548
E-mail:  sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, I caused the foregoing to be electronically with the

Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel

of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone:  (312) 206-5162
E-mail:  andrew@marksklein.com

Attorney for Plaintiff

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JOHN
MARTINSON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
BRIEFING IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547