1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HP TUNERS, LLC,

                    Plaintiff,

        v.

KEVIN SYKES-BONNETT, SYKED
ECU TUNING INCORPORATED,
JOHN MARTINSON,

                    Defendants.

Case No. 3:17-cv-05760-BHS

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS FOR
BREACH OF PROTECTIVE
ORDER

Defendants have moved for sanctions under Federal Rule of Civil Procedure ("FRCP") 37(b)(2) alleging that plaintiff violated the Court's Protective Order (Dkt. 39). Dkt. 246. Defendants argue that plaintiff violated the Protective Order by filing defendant Sykes-Bonnett's deposition testimony and four exhibits ("Materials") in a separate litigation against a different defendant.[1] Dkt. 246. Defendants request sanctions against the plaintiff, and that the Court warn plaintiff that further abuse of the discovery process will result in further sanctions. Defendants' Motion, Dkt. 246 at 3.

Plaintiff contends that it did not file the entire transcript of the Deposition of Sykes-Bonnett but admits filing a portion of the deposition which plaintiff identifies as "pp. 365-384 (20 of 147 pages)" of the transcript of the Deposition of Sykes-Bonnett and five exhibits. Plaintiff's Response to Defendant's Motion, Dkt 249. However, plaintiff

---

[1] *HP Tuners, LLC v. Cannata*, No. 3:18-cv-00527-LHR-WGC (D. Nev.) ("Nevada Litigation").

opposes the motion arguing the Materials did not "contain any confidential or proprietary information of defendants" that would merit protection under the Protective Order. Dkt. 249.

The questions for the Court are: (1) under FRCP 37(b), whether the filing of the Materials was a violation of the Protective Order; (2) under the Court's inherent authority to control the discovery process and uphold the integrity of litigation, whether the filing of the Materials warrants a specific finding of bad faith on the part of the plaintiff; and – (3) if the filing of the Materials was a violation of the Protective Order and an action made in bad faith – whether the Court should issue sanctions against the plaintiff.

## Legal Standard

FRCP 37(b) grants the court discretion to issue sanctions for violations of a discovery order. Fed. R. Civ. P. 37(b)(2)(A). A protective order is a discovery order within the meaning of Rule 37(b). *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 935 (9th Cir. 1993); Fed. R. Civ. P. 37(b)(2) Advisory Committee Note, 1970 Amendment, subdivision (b) ("Rule 37(b)(2) should provide comprehensively for enforcement of all [discovery] orders," including Rule 26(c) protective orders.).

If a violation of the protective order is found, the court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). A variety of sanctions are available under Rule 37(b). *See* Fed. R. Civ. P. 37(b). Further, instead of or in addition to the sanctions set forth in Rule 37(b)(2)(A), a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

All federal courts are vested with inherent powers, which include ensuring obedience to the court's orders. *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). A court must exercise its inherent powers with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). ". . . [C]ourts may rely upon their inherent powers to sanction bad faith conduct" even when federal rules and statutes are also available to address misconduct and abuse of the judicial system. *Hanshaw*, 244 F.3d at 1137. However, "[a] specific finding of bad faith . . . 'must precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).

## Factual Background

This motion stems from the complaint for injunctive relief and damages against defendants filed on September 20, 2017. Complaint, Dkt. 1. Plaintiff alleges defendants misappropriated plaintiff's proprietary software, systems, and source codes, reversed engineered the software, unlawfully sold thousands of credits for use in plaintiff's software, created and sold fraudulent application keys to unlock plaintiff's software, and publicly disclosed plaintiff's confidential information. First Amended Complaint, Dkt. 35.

The Court signed and issued a Protective Order in this case on May 21, 2018. Dkt. 39. The Deposition of Kevin Sykes-Bonnett was taken on May 16, 2019. Defendants' Motion, Dkt. 246 at 2; Declaration of Andrew P. Bleiman, Esq., Dkt. 192-1 (Sealed); Exhibit 1 replacing 192-1 per Court's Order, Dkt. 259. On June 19, 2019, plaintiff filed a portion of the Deposition of Sykes-Bonnett, with exhibits produced in the deposition, under seal in the Nevada Litigation. Dkt. 246; Dkt. 246-2 (Ex. B); Dkt. 249.

ORDER DENYING DEFENDANTS' MOTION FOR
SANCTIONS FOR BREACH OF PROTECTIVE ORDER - 3

Defendants contend that plaintiff filed, in the Nevada Litigation, an excerpt of the Deposition of Sykes-Bonnett, as well as Exhibits 85, 87, 88, and 89 to the Deposition of Sykes-Bonnett. Dkt. 246; Dkt. 246-2 (Ex. B). Plaintiff maintains that the documents that plaintiff filed in the Nevada Litigation, consisted of 20 pages of the Deposition of Sykes-Bonnett (pp. 365-384), as well as Exhibits 84, 85, 87, 88, and 89 to the Deposition of Sykes-Bonnett. Dkt. 249.

On September 3, 2019, plaintiff filed an unopposed Motion to Seal Exhibits to Declaration of Andrew P. Bleiman, Esq. in this case. Dkt. 191. On the same date, plaintiff also filed the Declaration of Andrew P. Bleiman, Esq. in Opposition to Defendants' Motion for Partial Summary Judgment, including Exhibits 1-18, as provisionally sealed material. Dkt. 192. The Deposition of Sykes-Bonnett is marked as Docket 192, Exhibit 1. Exhibit 1 consists of 221 pages split into two sections. Dkt. 192-1 (Sealed). Exhibit 1 pages 3-184 ("First Section") consists of a transcript title page, transcript pages labeled Page 329-Page 486, and transcript pages labeled Page 487Index-Page 510Index. *Id.* The First Section is labeled as "Confidential" on the title page and the upper right-hand corner of each page. *Id.* Exhibit 1 pages 186-221 ("Second Section") is labeled "Confidential (For Attorney's Eyes Only)" on the title page and "Attorneys Eyes Only" on the upper right-hand corner of each page. *Id.*

On September 13, 2019, the Court ordered plaintiff to file supplemental declarations or briefs in support of the request to seal. Order Renoting Motions to Seal, Dkt. 201. On September 18, 2019, plaintiff filed its Supplemental Brief Regarding Motions to Seal (Docket 205) and defendants filed their Response (Docket 206). In their Response, defendants Mr. Sykes-Bonnett and ECU Tuning Incorporated waived "any

claim that the entire deposition transcript of Mr. Sykes-Bonnett is either 'confidential' or 'highly confidential.'" Dkt. 206 at 1. Additionally, defendants Sykes-Bonnett and ECU Tuning Incorporated stated that they had "ABSOLUTELY NO OBJECTION to the entire transcript, as filed by Plaintiff, being made public." Dkt. 206 at 1 (emphasis in original). Defendants further explained that "[t]here is nothing either "confidential" or "highly confidential" in the deposition testimony of Mr. Sykes-Bonnett." Dkt. 206 at 2.

The Court resolved plaintiff's Motion to Seal (Docket 191), which included the Deposition of Sykes-Bonnett, in the Court's May 20, 2020, Order Granting in Part and Denying in Part the Parties' Motions to Seal. Dkt. 256. In that Order, the Court stated, "HP Tuners now requests that the second, more confidential portion be withdrawn and states that it will file an unsealed and unredacted copy of the [First Section]." *Id.* at 5. The Court ordered the current versions remain under seal and that plaintiff file an unredacted version of the First Section as soon as practicable. *Id.* Plaintiff filed Exhibit 1 replacing 192-1 per Court's Order on June 1, 2020. Dkt. 259. Exhibit 1 from Docket 259 consists of the First Section of Docket 192-1, with both the title page and the top right of each page marked "Confidential." *Id.*

### Protective Order

The protective order "does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles . . ." Dkt. 39 at ¶ 1; *LCR 26(c)(2).*

The Protective Order defines Confidential material in detail in Paragraph 2.1. Dkt. 39. It also extends the protection to include "(1) any information copied or extracted

from confidential material; (2) all copies, excerpts, summaries, or compilations of

confidential material; and (3) any testimony, conversations, or presentations by parties

or their counsel that might reveal confidential material." Dkt. 39 at ¶ 3. "Discovery

material that qualifies for protection under [the Protective Order] must be clearly so

designated before or when the material is disclosed or produced." *Id.* at ¶ 5.2.

Specifically, regarding protected deposition testimony, "parties must identify on the

record, during the deposition . . . all protected testimony, without prejudice to their right

to so designate other testimony after reviewing the transcript." *Id.* at ¶ 5.2(b). Any party

or non-party may designate portions of the transcript or its exhibits as confidential within

fifteen days of receiving a deposition transcript. *Id.*

The party designating material as confidential

> must take care to limit any such designation to specific
> material that qualifies under the appropriate standards. The
> designating party must designate for protection only those
> parts of material, documents, items, or oral or written
> communications that qualify, so that other portions of the
> material . . . for which protection is not warranted are not
> swept unjustifiably within the ambit of this agreement.
>
> Mass, indiscriminate, or routinized designations are
> prohibited. Designations that are shown to be clearly
> unjustified or that have been made for an improper purpose .
> . . expose the designating party to sanctions."

*Id.* at ¶ 5.1.

The Protective Order restricts the receiving party's use of confidential material

disclosed or produced by another party or non-party. *Id.* at ¶ 4.1. Without a court order

or written permission from the designating party, a receiving party may only disclose

confidential material to an enumerated list of person or persons including "(d) the court,

court personnel, and court reporters and their staff." *Id.* at ¶ 4.2. Paragraph 4.4 states

1   "the filing party shall confer with the designating party to determine whether the

2   designating party will remove the confidential designation, whether the document can

3   be redacted, or whether a motion to seal or stipulation and proposed order is

4   warranted." *Id.* at ¶ 4.4. The party must follow the procedures in LCR 5(g) when it seeks

5   permission from the court to file material under seal. *Id.*

**Discussion**

6

7   I.    Whether the Filed Materials Were Confidential Under the Protective Order

8          The Court must determine whether the Materials were Confidential under the

9   Protective Order at the time they were filed in the Nevada Litigation. As previously

10  discussed, the Protective Order extends to "any testimony . . . by parties or their

11  counsel that might reveal confidential material." Dkt. 39 at ¶ 2.1. "Discovery material that

12  qualifies for protection under [the Protective Order] must be clearly so designated

13  before or when the material is disclosed or produced." *Id.* at ¶ 5.2. Further, regarding

14  deposition testimony, "parties must identify on the record, during the deposition . . . all

15  protected testimony, without prejudice to their right to so designate other testimony after

16  reviewing the transcript." *Id.* at ¶ 5.2(b).

17         Here, the May 16, 2019 Deposition of Sykes-Bonnett was designated as

18  "Confidential." Dkt. 192-1 at 3 (Sealed); Dkt. 259. On the record, during the Deposition

19  of Sykes-Bonnett, Attorneys Bleiman (for plaintiff) and Mann (for defendant) agreed the

20  "whole deposition will be designated confidential at this time" and they would discuss

21  the on-going confidential designation of the deposition at a later time. Dkt. 192-1 at 15,

22  ll. 10-23.

23

24

25

ORDER DENYING DEFENDANTS' MOTION FOR
SANCTIONS FOR BREACH OF PROTECTIVE ORDER - 7

1

2

3

4

5

6

7

       On September 3, 2019, plaintiff filed the Deposition of Sykes-Bonnett in this case as provisionally sealed. Dkt. 191. The Court reminded the parties, that the Protective Order (Dkt. 39) states the parties must comply with Local Rules W.D. Wash LCR 5(g), which requires a specific explanation of the basis to seal each document. Order Renoting Motions to Seal, Dkt. 201 at 1. The Court directed the parties to file supplemental declarations or briefs to explain why the Deposition of Sykes-Bonnett should be filed under seal. *Id.* at 2.

8

9

10

11

12

13

       Defendants have waived any claim that the entire transcript of the Deposition of Sykes-Bonnett was either confidential or highly confidential. Dkt. 206 at 1. Defendants conceded that there is "nothing either "confidential" or "highly confidential" in the deposition testimony of Mr. Sykes-Bonnett." *Id.* at 2. Finally, the defendants informed the Court that defendants do not object to the entire transcript, as filed by plaintiff, being made public. Dkt. 206 at 1.

14

15

16

17

       Plaintiff did not provide sufficient explanation to sustain filing the First Section of the Deposition of Sykes-Bonnett as Confidential and agreed to file an unredacted version on the public record. Order Granting in Part and Denying Part the Parties' Motions to Seal, Dkt. 256 at 5.

18

19

20

21

22

       Both parties agree that the portions of the Deposition of Sykes-Bonnett and exhibits that plaintiff filed in the Nevada Litigation do not contain "confidential" or "highly confidential" materials. Dkt. 206; Dkt. 233; Dkt. 249. Additionally, the portions of the Deposition of Sykes-Bonnett and exhibits in question have been filed unsealed and without redaction on the public record. Dkt. 259.

23

24

25

1      The express terms of the Protective Order (Dkt. 39), and LCR 26(c), prohibit the

2 blanket protection of discovery and provides protection from public disclosure only to

3 the limited information or items entitled to confidential treatment. See, Dkt. 39 at ¶ 1.

4 The Protective Order also prohibits "[m]ass, indiscriminate, or routinized designations,"

5 by requiring that each designating party take care to limit confidential designations to

6 only the portions of materials qualifying for protections, so that other portions of the

7 materials or documents for which protection is not warranted are not swept under the

8 confidentiality designation. Dkt. 39 at ¶ 5.1.

9      Based on the record, and the parties' agreement that the Materials filed in the

10 Nevada Litigation do not contain confidential information, it appears that the Materials in

11 question were provisionally kept confidential by agreement of the parties; once the

12 parties realized the transcript was improperly designated as "Confidential" and was not

13 entitled to confidentiality protection under the Protective Order, the deposition transcript

14 was unsealed and made public. Further, it appears that the Materials were not entitled

15 to confidentiality protection under the Protective Order and local rules when they were

16 filed in the Nevada Litigation. Accordingly, defendants have not shown that plaintiff filed

17 or disclosed materials that ever warranted confidentiality protection, and those materials

18 were erroneously labeled confidential at the outset, under the Court's Protective Order.

19      For the foregoing reasons, Court denies defendants' motion for sanctions

20 pursuant to FRCP 37(b)(2)(A).

21    II.   <u>Whether Plaintiff Filed the Materials in Bad Faith</u>

22      The Court must make a specific finding of bad faith or conduct tantamount to bad

23 faith before imposing sanctions under the court's inherent powers. *See B.K.B. v. Maui*

24

25

ORDER DENYING DEFENDANTS' MOTION FOR
SANCTIONS FOR BREACH OF PROTECTIVE ORDER - 9

*Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002). "'Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Id.* at 1108 (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). A court may find bad faith "'where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides . . . .'" *Id.* at 1108 (quoting *Fink*, 239 F.3d at 992). Black's Law Dictionary defines bad faith as a dishonesty of belief, purpose, or motive. (11th ed. 2019).

When plaintiff filed the Materials under seal in the Nevada Litigation, it was with the apparent belief the Materials were Confidential (Dkt. 246 at ¶ 6; Dkt. 246-2), and contained only plaintiff's confidential information, not the defendants' confidential information. (Plaintiff's Response, Dkt. 249 at 5). Therefore, plaintiff believed that it was filing its own confidential information, not defendants'.

Additionally, defendants have not presented evidence to show plaintiff was substantially motivated by vindictiveness or acted with a dishonesty of belief, purpose, or motive. Further, these is nothing in the record that defendants maintain demonstrates that plaintiff filed the Material in the Nevada Litigation to harass defendant, for a frivolous purpose or any otherwise improper purpose.

Based on the foregoing, the Court declines to specifically find plaintiff acted in bad faith or engaged in conduct tantamount to bad faith.

1    Therefore, the Court declines to impose sanctions under the Court's inherent

2 power to sanction bad faith conduct.

3                                          **Conclusion**

4    Based on the foregoing, defendants' motion for sanctions under Rule 37(b)(2)(A)

5 and the court's inherent powers is DENIED.

6    Dated this 10th day of August, 2020.

7

8

9                                          _Theresa L. Fricke_
                                           _____
10                                         Theresa L. Fricke
                                           United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ORDER DENYING DEFENDANTS' MOTION FOR
    SANCTIONS FOR BREACH OF PROTECTIVE ORDER -
    11