HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SYKES-BONNETT and SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON,<br><br>Defendants. | CASE NO. 3:17-cv-05760-BHS<br><br>**MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION**<br><br>**NOTING DATE:    FEBRUARY 5, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs HP TUNERS, LLC, a Nevada limited liability company ("HPT"), brings this Motion to Supplementation of Production, for Sanctions, and to Remove Confidentiality Designations and Authorize Production against Defendants KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED and JOHN MARTINSON (collectively, "Defendants"). In support thereof, HPT states as follows:

**INTRODUCTION**

By this motion, HPT's motion seeks narrow relief in accordance with the Federal Rules of Civil Procedure and the Stipulated Protective Order (Dkt. 39) entered herein. Specifically, HPT seeks to: (1) compel Defendants to supplement their production with additional documents and communication between Defendants and Kenneth Cannata since the date of their last

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 1

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

production of documents pursuant to Defendants' duty to supplement under Rule 26(a); (2) compel Defendants to produce all emails from the email account somethingnew1892@yahoo.com in native format which Defendants previously *agreed* to produce and which email account was transferred into the custody of Defendants' Attorney, Phil Mann, during Kevin Sykes-Bonnett's ("Sykes-Bonnett") deposition for this very purpose; and (3) obtain a Court order pursuant to the Stipulated Protective Order entered in this case, which expressly authorizes production of "confidential" material to "the author or recipient of a document containing the information", to remove Defendants' blanket confidentiality designation concerning communications they produced in this case between Defendants and Kenneth Cannata vis-à-vis Mr. Cannata himself, and to authorize the production of such communications to Kenneth Cannata in other litigation between Plaintiff and Kenneth Cannata. Despite numerous attempts to meet and confer and obtain Defendants' compliance with these requests, Defendants have failed and refused to supplement the production or agree to lift the confidentiality designation of the Cannata communications to allow production of said communications to Mr. Cannata himself. Defendants have similarly refused to even engage in good faith efforts to meet and confer prior to the filing of this motion, and which may have avoided the present need for Court intervention. This motion follows.

## **RELEVANT BACKGROUND**

Despite numerous efforts to obtain Defendants' compliance with discovery through various "meet and confer" conferences and by agreement, Defendants' non-compliance with discovery, discovery abuses and gamesmanship continue. Since May, 2019, Plaintiff's counsel has conferred repeatedly with Defendants' counsel in an effort to obtain Defendants'

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 2

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

supplemental production of Defendants' communications with Kenneth Cannata that have taken place since March 24, 2017, which is the date of the last text message produced by Defendants.

In addition, despite having agreed to provide and numerous requests by Plaintiff, Defendants have failed and refused to produce native emails from Sykes-Bonnett's secret somethingnew1892@yahoo.com email address, which Mr. Mann took custody of during the deposition of Mr. Sykes-Bonnett for this very purpose. At Mr. Sykes-Bonnett's videotaped deposition, frequent discussion ensued with the deponent and between counsel regarding Sykes-Bonnett's text messages with Cannata, and their email exchanges from different email addresses[1]. Defendants' counsel agreed at the time to supplement prior discovery with these items. *See* Fed. R. Civ. P. 26(e).

Following the deposition, Defendants produced various text message communications with Kenneth Cannata through the date of March 24, 2017. However, Defendants admitted they were communicating with Mr. Cannata via text message following that date and presumably up to and including the present. Consequently, Plaintiff is seeking Defendants' supplementation of its earlier production by providing the additional text message communications between Defendants and Kenneth Cannata since March 24, 2017 and/or production of text messages between Defendants and Mr. Cannata since approximately May 16, 2019, the date on which Defendants finally produced the text messages (only) through March 24, 2017.

In addition, with regard to the native emails from the secret somethingnew1892@yahoo.com email address, Plaintiff's counsel followed up and conducted a

---

[1] Transcript of the Discovery Deposition of Kevin Sykes-Bonnett dated May 16, 2019 ("Sykes-Bonnett Tr."), pp. 342-43, 364-67, 466.

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 3

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

"meet and confer" with Defendants' counsel both by telephone and in writing[2], stating on August 13, 2019:

> Phil – Pursuant to our prior agreement relating to discovery, we still need the production of the native format emails between Kevin and Ken from the secret account that you are now the custodian of. I understand that you are traveling and we can address the issue when you return to the office. Thank you.
>
> Regards,
>
> Andrew

Defendants' counsel responded: "Thanks Andrew, we can get on this upon my return. Regards, Phil"[3]. Defendants' counsel never did "get on this", however, and Defendants never supplemented their prior discovery responses as required by Rule 26(e) nor as repeatedly conferred about and agreed to by Defendants' counsel.

On August 31, 2020, Plaintiff's counsel renewed his "meet and confer" efforts with Defendants' counsel, and summarized the difficult history in attempting to obtain Defendants' compliance with their duty (and agreements) to supplement discovery since May, 2019.[4] On September 2, 2020, Defendants' counsel responded, and without ever denying his prior agreement(s) to supplement discovery, represented that he and Sykes-Bonnett "would like to speak regarding the emails you requested. I think we can work something out and will contact you soon …". Plaintiff's counsel responded affirmatively to discuss the emails and related document production issues.[5] Yet again, Defendants produced no documents.

---

[2] *See* LCR 16(b)(3), 26(f)(3), 37(a), and Judge Benjamin H. Settle's Chamber Procedures, Discovery Disputes.
[3] The August 13, 2019 email exchange between counsel is attached as **Exhibit A**.
[4] See August 31, 2020 email from Plaintiff's counsel to Defendants' counsel, attached as **Exhibit B**.
[5] The emails between counsel, dated September 2 and October 13, 2020 are attached as **Exhibit C**.

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 4

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

Plaintiff has met and conferred and obtained the agreement of Defendants' counsel for over twenty (20) months, and attempted to have Defendants' counsel abide by his agreements and duty to supplement discovery pursuant to Rule 26(e).  Not only has Defendants' counsel refused to comply, but most recently has refused Plaintiff's good faith efforts to confer and potentially resolve this dispute, now flatly denying that any ongoing duty to supplement even exists.  *Cf. BWP Media, USA, Inc. v. Rich Kids Clothing Co., LLC*, 2015 U.S. Dist. LEXIS 8034, *6 (W.D. Wash. Jan. 23, 2015) (parties are required under Rule 26(e) to supplement or correct initial disclosures on an ongoing basis); Fed. R. Civ. P. 26(e).On January 25-26, 2021, Plaintiff's counsel sent emails to Defendants' counsel[6] to attempt a resolution in advance of filing this Motion, and to do so in accordance with all applicable local rules, this Court's Chambers Procedures, and the parties' Protective Order.  *See* LCR 37(a), Dkt. 39, at §6.2, *and* Judge Benjamin H. Settle's Chamber Procedures, Discovery Disputes.  Not only has Defendants' counsel steadfastly avoided supplemental production of the documents he has previously agreed to produce, but now (a) denies any duty to supplement production under Rule 26(e); and (b) similarly refuses to engage in any good faith efforts at resolution in accordance with the local rules and procedures of this Court.[7]   Instead of expressing any willingness to speak further, attempt good faith resolution, or agree to mutually set up a conference with the Court to potentially avoid this Motion, Defendants' counsel contends as follows:

> …as you know, the discovery cutoff in this case has long since passed.  If you wish to reopen discovery, you should file a motion to do so and establish good cause for so doing.  We have long ago provided the discovery that defendants

---

[6]  Plaintiff's counsel attempted to confer with Defendant's counsel by sending three (3) emails on January 25 and 26, 2021 before receiving any response from Defendants' counsel, with those emails attached hereto as **Exhibit D**.

[7]  *See* email dated January 26, 2021 from Defendants' counsel, Phil Mann, attached hereto as **Exhibit E**.

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 5

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

were required to, and the supposed obligation to "supplement" discovery does not extend to the matters you now seek.

*Contrast* Exhibit E *with* Fed. R. Civ. P. 26(e), *Sharma v. City of Vancouver*, 2007 U.S. Dist. LEXIS 10285, *4 (W.D. Wash. Dec. 13, 2007), *Fuller v. Cty. of Kitsap*, 2017 U.S. Dist. LEXIS 192602, *17-18 (W.D. Wash. Nov. 21, 2017), *BWP Media,* 2015 U.S. Dist. LEXIS at *6.

In light of Defendants' deliberate, longstanding, and continued noncompliance, exacerbated by an utter refusal to confer in any good faith effort at resolution short of court involvement, Plaintiff HPT now moves this Court to compel Defendants' production of the documents sought and to impose sanctions. *See* Fed. R. Civ. P. 37.

By this motion, Defendant also seeks to preclude and/or remove confidentiality designation(s) for (a) disclosure of any and all communications and documents to the original authors or recipients, specifically including those authored or received by Cannata; (b) for the purpose of disclosing these documents to Cannata in the United States District Court for the District of Nevada case of *HP Tuners, LLC v. Kenneth Cannata*, No. 3:18-cv-00527 ("Cannata Litigation") in accordance with the parties' Protective Order (Dkt. 39), Addendum to Protective Order (Dkt. 118) ("Addendum"), and the law of the case as articulated in the Order Denying Defendants' Motion for Sanctions for Breach of Protective Order dated August 10, 2020 (Dkt. 264). Here, Defendants' communications with Mr. Cannata are not "confidential" vis-à-vis Mr. Cannata himself pursuant to the express language of the Stipulated Protective Order, which permits the disclosure even of "CONFIDENTIAL" Information or Items to:

> (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information

(Dkt. 39, p. 3 at §4.2(g)).

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 6

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Consequently, production of the communications between Defendants and Mr. Cannata should be authorized. Plaintiff HPT's counsel has conferred with Defendants' counsel in an effort to make every attempt to resolve any dispute regarding confidential designations without court involvement, but Defendants have not consented to such production of their communications with Mr. Cannata to Mr. Cannata, or even to follow the "meet and confer" requisites of the parties' Stipulated Protective Order, local rules or Chambers Procedures of the Court. *Contrast* **Exhibit E** *with* Dkt. 39, at p.6-7, §6.2, LCR 26(f)(3), 37(a)(1), and Judge Benjamin H. Settle's Chamber Procedures, Discovery Disputes

The parties' Stipulated Protective Order, consistent with the local rules of this Court, does not confer blanket protection on all disclosures or responses to discovery but extends only to limited information or items entitled to confidential treatment under applicable legal principles. The disclosure to Cannata of his own texts, emails, and/or documents, is not entitled to such protection.

## ARGUMENT

### THE MOTION TO COMPEL SHOULD BE GRANTED PURSUANT TO FRCP 26(e) AND DEFENDANTS' REPEATED REPRESENTATIONS OF AGREEMENT

**A.     Defendants' Duty To Supplement Discovery**

Rule 26 of the Federal Rules of Civil Procedure requires parties who have responded to interrogatories, request for production, or requests for admission, to supplement or correct its disclosure or response if additional information has not otherwise been made known to the other party during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e). Counsel are expected to cooperate with each other to facilitate the exchange of discoverable information. LCR 26(f).

The obligation to supplement discovery is not subject to prior cutoff dates, but is an ongoing obligation. *See* Fed. R. Civ. P. 26(e), *BWP Media,* 2015 U.S. Dist. LEXIS at *6.

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 7

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Defendants, in a continued obfuscation of discovery, have failed and refused to supplement their prior production and produce relevant and material documents and information. As noted hereinabove, Plaintiff's repeated attempts to obtain Defendants' cooperation and compliance have been disregarded since May, 2019.

By this motion, Plaintiff is merely seeking supplementation of production of the additional text message communications between Defendants and Kenneth Cannata since March 24, 2017 and/or production of text messages between Defendants and Mr. Cannata since approximately May 16, 2019 when Defendants finally produced the text messages through March 24, 2017. Plaintiff's motion in this regard should be granted.

**B.     Communications Involving Kenneth Cannata Are Not "Confidential" or "Highly Confidential" Vis-à-Vis Plaintiff's Litigation With Cannata Himself**

Local Civil Rule 26(c)(2) permits parties to file a stipulated protective order to protect confidential, proprietary, or private information that warrants special protection. LCR 26(c)(2). Such protective orders do not purport to confer blanket protection on all disclosures or responses to discovery, but rather extend only to the protection from public disclosure and use the limited information or items that are entitled to confidential treatment under applicable legal principles (and do not presumptively entitle parties to file confidential information under seal). *Id*. *See also* Dkt. 39, at ¶1. Communications involving Kenneth Cannata which are disclosed to by Defendants to Plaintiff HPT in this case, are neither confidential nor private as to Mr. Cannata himself. The Stipulated Protective Order expressly authorizes the disclosure of "confidential" information or items to: "(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information". (Dkt. 39, p. 3 at §4.2(g)). However, according to the stipulated Protective Order in this case, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material cannot be disclosed in the Cannata Litigation unless ordered by the Court or permitted in writing by the designating party. (Dkt. 39, at §4.2).

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 8

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

By this motion, Plaintiff seeks an order authorizing the production of Defendants' communications with Mr. Cannata to Mr. Cannata. Because the communications are not confidential as to Mr. Cannata himself, there should be no restriction on producing Defendants' communications with him to him as he was a party to the communications and, thus, an author and recipient of such communications and information.

As noted above, Plaintiff's attempts to meet and confer on this issue have been rebuffed and this issue cannot be resolved without Court intervention. *Contrast* Dkt. 39, at §6.2 *with* Exhibits D-E. Accordingly, it is incumbent upon Defendants to file and serve a motion to retain confidentiality of any communications authored or received by Cannata in accordance with Local Civil Rule 7. (Dkt. 39, at §6.3). Plaintiff's contention as to the non-confidentiality of showing Mr. Cannata communications which he authored or received is by no means frivolous or for any improper purpose. (Id.). Rather it is logical, proper, and consistent with the Stipulated Protective Order and applicable legal principles. (Id, at §§1, 5.1; *see also* LCR 26(c)(2)).

It also bears note that this Court has had a prior opportunity to address these issues. Defendants had previously moved for sanctions against Plaintiff for an alleged violation of the Protective Order. (Dkt. 246). The subject of that motion involved Plaintiff's filing of portions of deposition transcripts from this case in the referenced Cannata Litigation under the contention that the subject materials contained no confidential or proprietary information of the Defendants. (Dkt. 264[8], at 2). Although in that instance there was an issue as to whether Defendants had agreed to or waived any objection to the use of the transcript in the Cannata Litigation, the Court also addressed whether or not the materials from this case filed in the Cannata Litigation ever warranted confidentiality protection at all. (Id, at 9). In addition to the Court determining that Plaintiff did not file the materials in bad faith, the Court stated that there was no showing by Defendants "that plaintiff filed or disclosed materials that *ever warranted* confidentiality

---

[8] Dkt. 264 is the Order Denying Defendants' Motion for Sanctions for Breach of Protective Order dated August 10, 2020 by United States Magistrate Judge Theresa L. Fricke.

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 9

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

protection, and those materials were *erroneously labeled confidential at the outset* under the Court's Protective Order". (Id) (emphasis added).

Just as the Court took pains to emphasize the prohibition against blanket protection of discovery and "mass, indiscriminate, or routinized designations" in that instance, the same analysis should apply here to Cannata being shown his own communications. (Id). Such disclosure is not entitled to confidential treatment and represent communications "for which protection is not warranted [but] swept unjustifiably within the ambit" of the Protective Order. (Dkt. 39, at §5.1).

C. **Sanctions Should Be Imposed Against Defendants Based On Their Discovery Abuses**

The origin of this dispute dates back to the May, 2019 deposition of Sykes-Bonnett, at which time Defendants' counsel acquiesced and agreed to supplement their prior document production with the materials sought by Plaintiffs. Plaintiff's counsel continued to take Defendants' counsel at his word. But for 20 months Defendants' counsel has vacillated between agreement, delay, and belligerence, all with the same result of avoiding compliance with Federal Rule of Civil Procedure 26. *Contrast* Fed. R. Civ. P. 26(e) *with* **Exhibits A-D**.

FRCP 37(c) grants the court discretion to issue sanctions when a party fails to provide information and supplement discovery as required by Rule 26(e). *See Fuller*, 2017 U.S. Dist. LEXIS at *17-18; Fed. R. Civ. P. 37(c). When a failure to supplement and disclose has been established, the party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). This burden, along with a requirement to have conferred and attempt resolution, is on Defendants to establish a legitimate basis for their failure to timely supplement their initial document production, and the gamesmanship of agreeing, then delaying, and then refusing, over a 20 month period.

It is within the Court's discretion to order payment of the reasonable expenses, including attorney's fees, caused by the failure to disclose or supplement. *Fuller*, 2017 U.S. Dist. LEXIS

MOTION TO COMPEL SUPPLEMENTATION OF
PRODUCTION, FOR SANCTIONS, AND TO REMOVE
CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE
PRODUCTION - page 10

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

at *19-20 *citing* Fed. R. Civ. P. 37(c)(1)(A). Courts may also "rely upon their inherent powers to sanction bad faith conduct" even when federal rules and statutes are also available to address misconduct and abuse of the judicial system. (Dkt. 264, at 3 *citing F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001).

WHEREFORE, HP TUNERS, LLC, respectfully prays that this Honorable Court grant its Motion to Compel, for Sanctions, and to Remove Confidentiality Designations, and to order the following:

(a) That Defendants be compelled to produce within seven (7) days:

(1) Text message communications between Defendants and Kenneth Cannata since March 24, 2017; and

(2) Text message communications between Defendants and Kenneth Cannata since May 16, 2019; and

(3) Any and all electronic email communications in their native format exchanged and sent between the email addresses somethingnew1892@yahoo.com and fhptuners@yahoo.com (admitted being in the possession, custody and control of Defendants' counsel).

(b) A determination that any communications between Defendants and Kenneth Cannata are not appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as to Mr. Cannata and his counsel and that such communications may be produced to Kenneth Cannata and his counsel in the Cannata Litigation; and

(c) For sanctions to be imposed on Defendants for their noncompliance with discovery which include, but are not necessarily limited to, ordering Defendants' payment of Plaintiff's reasonable expenses, including attorney's fees, caused by the failure to disclose or supplement; and,

(d) For such other and further relief which this Honorable Court deems appropriate.

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 11

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

Dated this 27th day of January, 2021          Respectfully submitted,

                                              *s/ Andrew P. Bleiman*
                                              Attorneys for HP Tuners, LLC

Stephen G. Leatham, WSBA #15572
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard
Vancouver, WA 98666-0611
Telephone: (360) 750-7547
Fax: (360) 750-7548
E-mail: sgl@hpl-law.com

Andrew P. Bleiman (admitted *pro hac vice*)
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

## Certification Pursuant to Local Civil Rule 37(a)(1)

In accordance with Local Civil Rule 37(a)(1) and the Protective Order entered on May 21, 2018 (Dkt. 39), I hereby certify that on behalf of Plaintiff, both Mark Fishbein and I of Marks & Klein, LLP, have engaged in good faith meet and confer conferences with Defendants' counsel, Phil Mann, in an effort to resolve the dispute without court action. Electronic mail was exchanged between Phil Mann and I on: August 13, 2019, August 31, 2020, September 2, 2020, and October 13, 2020, and I conducted telephone conferences in connection with such electronic communications. Electronic mail was also sent by Plaintiff's attorney, Mark Fishbein, to Phil Mann, on January 25, 2021 and on January 26, 2021.

                                              *s/ Andrew P. Bleiman*

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 12

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2021, I caused the foregoing to be electronically with the Clerk of Court using the **CM/ECF system** which will electronically send Notice to all Counsel of Record.

MARKS & KLEIN

*s/ Andrew P. Bleiman*
Andrew P. Bleiman (admitted *pro hac vice*)
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: (312) 206-5162
E-mail: andrew@marksklein.com

*Attorney for Plaintiff HP Tuners, LLC*

MOTION TO COMPEL SUPPLEMENTATION OF PRODUCTION, FOR SANCTIONS, AND TO REMOVE CONFIDENTIALITY DESIGNATIONS AND AUTHORIZE PRODUCTION - page 13

Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547