THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | Cause No. 3:17-cv-05760 BHS |
| Plaintiff, | **DEFENDANT JOHN MARTINSON'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| KEVIN SYKES-BONNETT, SYKED ECU TUNING INCORPORATED, a Washington corporation, and JOHN MARTINSON | <u>**Note On Motion Calendar: June 25, 2021**</u> |
| Defendants. | **Oral Argument Requested** |

Defendant John Martinson ("Mr. Martinson") hereby moves for summary judgment dismissing all claims against him in the above-captioned matter. More than three and one-half years after this case was filed, absolutely no evidence has been developed that Mr. Martinson engaged in any of the nefarious conduct alleged by Plaintiff HP Tuners.

## INTRODUCTION

The original complaint in this action (Docket No. 1) filed on September 20, 2017 lists only Kevin Sykes-Bonnett and Syked ECU Tuning Incorporated as defendants.

On March 29, 2018, HP Tuners filed its First Amended Complaint (Docket No. 26-1) that differed from the original complaint *only* in naming Mr. Martinson as a defendant. In the body of the First Amended Complaint, no specific allegations against Mr. Martinson were made other than that "Mr. Martinson is is a resident of Washington and an officer of Syked ECU Tuning Incorporated." (Docket No. 26-1, ¶ 7.)

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 1
Cause No. 17-CV-05760-BHS

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

On April 30, 2018, Mr. Martinson filed his motion under Rule 12(b)(6) to dismiss the claims against him.  (Docket No. 32.)  In his motion, Mr. Martinson argued that, "The [First Amended Complaint] fails to allege any new causes of action" and that, "In short, HP Tuners has done nothing except [add] Mr. Martinson to the complaint for no reason other than because Mr. Martinson and Mr. Sykes-Bonnett are business partners, a fact which has been public information since well before this dispute arose."  (Docket No. 32 at pp. 1&2.)

On June 12, 2018 this Court denied Mr. Martinson's motion to dismiss holding that, "The Court concludes that [the First Amended Complaint] is fair notice of the basis for the claims," and that, "Whether [HP Tuners] will obtain evidence to pierce the corporate veil is beyond the scope of a motion to dismiss."  Finally, this Court concluded that, "At this point, it is sufficient to allege that the misuse was accomplished either individually or as officers of the company."  (Docket No. 50, p. 3.)

## LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Torres v. City of Madera,* 648 F.3d 1119, 1123 (9th Cir. 2011).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out that the nonmoving party lacks evidence to support its case. *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the opposing party must then set out "specific facts" showing a genuine issue for trial in order to defeat the motion. *Id*.  "The mere existence of a scintilla of evidence in support of the nonmoving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense.  *Arpin*

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT          Page 2
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

*v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir. 2001).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable finder of fact could find for the nonmoving party.  *In re Barboza,* 545 F.3d 702, 707 (9th Cir. 2008).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 415 U.S. 574, 586-87 (1986); see also *Podohnik v. U.S. Postal Service,* 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).  Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Uberty Lobby, Inc.,* 411 U.S. 242, 247-48 (1986).

With respect to imposing personal liability on Mr. Martinson, the law is equally clear. Personal liability on Mr. Martinson can be imposed only if (1) Mr. Martinson *personally* engaged in any of the alleged unlawful acts or (2) there is a legitimate basis to "pierce the corporate veil."  "The corporate form protects officers from personal liability unless the officer commits a tort or disregards the corporate entity." *Wren v. Tammy S. Blakey, an Unmarried Pers., & Flying T Ranch, Inc.,* No. 70691-8-I, at 9 (Wash. Ct. App. Aug. 11, 2014), *citing Grayson v. Nordic Const. Co., Inc.,* 92 Wn.2d 548, 552-53, 599 P.2d 1271 (1979); *Johnson v. Harriqan-Peach Land Dev. Co., 7*9 Wn.2d 745, 752-53, 489 P.2d 923 (1971).

As a general rule, the corporate structure shields the officers of a corporation from liability for acts by those officers in the course of their official duties. See RCW § 23B.08.420(4); *Grayson v. Nordic Construction Company, Inc.,* 92 Wash.2d 548, 553 (1979). An officer working for a corporation is shielded from personal liability if the employee was acting in good faith and in his official capacity.  *Id.,* see also, *Vanguard Int'l, Inc. v. Guangdong Fully, Ltd.,* Case No. 57396-9-I (Wash. Ct. App. January 14, 2008).

In order to disregard the corporate form and impose personal liability on a corporate officer, "the corporate form must be intentionally used to violate or evade a duty."

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 3
Cause No. 17-CV-05760-BHS

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

*Homeowners Ass'n v. Hal Real Estate,* 108 Wn. App. 330, 350 (Wash. Ct. App. 2001) *citing, Meisel v. M N Modern Hydraulic Press Co.,* 97 Wn.2d 403, 645 P.2d 689 (1982).  This, in turn, requires that "the court must find an abuse of the corporate form," and that, "[S]uch abuse typically involves `fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and creditor's detriment.'"  *Homeowners Ass'n v. Hal Real Estate,* 108 Wn. App. at 350.   Similarly, to impose personal liability on a corporate officer without first "piercing the corporate veil," it is necessary to show that the corporate officer *personally* participated in or otherwise personally furthered the alleged tort.   "A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; *he is not liable for torts committed by or for the corporation unless he has participated in the wrong."  Peterick v. State,* 22 Wn. App. 163, 182 (Wash. Ct. App. 1977) (emphasis supplied).

Washington law is also clear that, "personal liability should not be imposed upon a corporate officer unless he or she has engaged in particularly damaging conduct." *Parkinson v. Freedom Fid. Mgmt., Inc.,* NO: 10-CV-0345-TOR, at *30 (E.D. Wash. May 29, 2012) citing, *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 87 Wash.2d 298, 553 P.2d 423, 430 (1976).  Importantly, this was decided in the context of the Washington Consumer Protection Act, RCW 19.86.020, that directly forms the basis for at least Count V of HP Tuners' allegations against Mr. Martinson in this action.

Furthermore, and as noted in *Straightshot Communications, Inc. v. Telekenex, Inc.,* No. C10-268Z (W.D. Wash. May 9, 2011), "a plaintiff seeking to pierce the corporate veil and impose direct liability on shareholders or corporate officers must demonstrate that (1) the corporate form has been intentionally used to violate or evade a duty; and (2) disregard of the corporate form is necessary to prevent an unjustified loss to the creditor." *Id.* citing *Meisel v. M N Modern Hydraulic Press Co.,* 97 Wn.2d 403, 409-10, 645  P.2d 689 (1982).  "As a corporation is typically considered a separate entity, distinct from shareholders and officers, the corporate entity will only be disregarded in exceptional circumstances." *Straightshot*

*Communications,* citing *Truckweld Equip. Co. v. Olson*, 26 Wn. App. 638, 644, 618 P.2d 1017 (1980).

In Washington, as elsewhere, a plaintiff seeking to pierce the corporate veil and impose direct liability on shareholders or corporate officers *must demonstrate* that (1) the corporate form has been intentionally used to violate or evade a duty; and (2) disregard of the corporate form is necessary to prevent an unjustified loss to the creditor. See, *Meisel v. M N Modern Hydraulic Press Co.,* 97 Wn.2d 403, 409-10, 645 P.2d 689 (1982). HP Tuners has failed to identify any evidence to establish these required elements of piercing the corporate veil.

## RELEVANT DISCOVERY AND CASE STATUS

**A.    HP Tuners Has No Evidence Whatsoever That Mr. Martinson Did Any Of The Acts Alleged In The First Amended Complaint.**

As this Court is well aware, HP Tuners has engaged in extremely aggressive discovery into virtually all aspects of the various Defendants' lives and has has left no stone unturned. In particular, HP Tuners has served over 130 separate requests for production of documents. It has taken depositions of at least ten witnesses. HP Tuners has demanded and received the *personal* phone, text, email, social media and bank records of the individual defendants. Mr. Sykes-Bonnett has testified at least twice at deposition, and Mr. Martinson, himself, has been deposed at great length.

At deposition, Mr. Martinson has unequivocally denied having engaged in any of the activities broadly alleged in the First Amended Complaint. In particular, Mr. Martinson has unequivocally denied having been involved in any plot or scheme to sell or distribute HP Tuners' "credits" and has unequivocally denied having "hacked" any HP Tuners' computers, software or other alleged proprietary rights.

Even more compellingly, Mr. Sykes-Bonnett, himself, has confirmed at deposition that the admittedly improper use and distribution of unauthorized HP Tuners' credits, and other misuse of HP Tuners' property was in no way conducted with either the knowledge of,

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 5
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

or participation by, Mr. Martinson.  In short, there is absolutely no evidence whatsoever that Mr. Martinson, himself, engaged in any of the improper actions alleged in the First Amended Complaint.

**B.      As Discovery Is Now Complete, And HP Tuners Has Failed To Develop Any Evidence Whatsoever To Implicate Mr. Martinson Personally, Summary Judgment Dismissal Of The Claims Against Mr. Martinson Is Appropriate.**

In denying Mr. Martinson's motion to dismiss under Rule 12(b)(6), this Court gave HP Tuners the opportunity to conduct discovery and see if it could "obtain evidence to pierce the corporate veil."  To date, HP Tuners has had more than ample opportunity to do so.  It has deposed Mr. Martinson, it has deposed Mr. Sykes-Bonnett (at least twice) and it has deposed numerous third party witnesses.  In addition, HP Tuners has obtained virtually all records and documents maintained by Mr. Sykes-Bonnett, Mr. Martinson and Syked ECU Tuning Incorporated.  HP Tuners has even, without objection by any of the Defendants, taken the deposition of a Canadian national pursuant to letters rogatory in an effort to bolster its case. Despite these efforts, absolutely no evidence whatsoever has been obtained to implicate Mr. Martinson personally in any of the broadly alleged allegations made in the First Amended Complaint.

In his motion to dismiss under Rule 12(b)(6), as well as in his earlier-filed Motion for Summary Judgment (Dkt. #183), Mr. Martinson accurately pointed out that the First Amended Complaint made no specific allegations against him.  In his Reply in Support of his previously filed Motion for Summary Judgment (Dkt. #193), Mr. Martinson methodically and compellingly established that each of the supposed "admissions" he made and "actions" he supposedly took in violation of HP Tuners' rights were, in fact, blatant distortions of the true facts and testimony or outright fabrications.  Now, nearly four years after this case was filed and after extensive scorched-earth discovery, there remains no evidence whatsoever to link him to any of the broad, non-specific allegations made in the First Amended Complaint. Accordingly, and because no evidence exists to maintain any action against Mr. Martinson

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

personally, summary judgment dismissal of each and every claim against Mr. Martinson is appropriate and should be granted here.

**ARGUMENT**

**A.     The Claims Asserted Against Mr. Martinson In This Action**

In its First Amended Complaint, HP Tuners makes eight claims against Mr. Martinson as follows:

  1.     Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030.

  2.     Violation of the Federal Trade Secrets Act, 18 U.S.C. §1086.

  3.     Violation of the Washington Uniform Trade Secrets Act, RCW 19.108.

  4.     Violation of the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1.

  5.     Violation of the Washington Consumer Protection Act, RCW 19.86.020.

  6.     Violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1 et. seq.

  7.     Breach of Contract.  (Applicable law unstated.)

  8.     Tortious Interference With Prospective Relations. (Applicable law unstated.)

As set out in detail below, each of these claims requires that certain factual elements be proved before HP Tuners can prevail on them.  Despite nearly two-years of scorched-earth discovery, HP Tuners lacks evidence to support one or more of the facts needed to make out each of these claims.  Inability on the part of HP Tuners to prove one or more of the required elements of a particular claim compels a finding in Mr. Martinson's favor on that claim as a matter of law.  Because HP Tuners cannot offer any evidence whatsoever upon which a reasonable Jury can make the necessary factual findings needed to support these claims, summary judgment dismissing each of the claims asserted against Mr. Martinson personally should be granted.

**B.     The Computer Fraud and Abuse Act**

With respect to the Computer Fraud and Abuse Act, 18 U.S.C. §1030, the law is clear that:

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 7
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

To plead a violation of § 1030(a)(2), a plaintiff must allege facts showing that *the defendant*:

(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value.

*Sears v. Cnty. of Monterey*, Case No: C 11-01876 SBA, at *18 (N.D. Cal. Feb. 3, 2012) (emphasis supplied).  See, *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009) ("Thus, a private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5) (B). L").  Accordingly, to prove that *Mr. Martinson* violated the Computer Fraud and Abuse Act, it is necessary for HP Tuners to prove that *he* (and not someone else) "violated one of the provisions of violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B). L."

To date, HP Tuners has not identified any particular computer that Mr. Martinson "intentionally accessed...without authorization,"  much less that such a computer is a "protected computer" as expressly required by the Computer Fraud and Abuse Act.  Nor can it.  There is absolutely no evidence that Mr. Martinson "accessed" any computers other than his own and those of Syked ECU Tuning which he is free and fully "authorized" to do. Again, there is absolutely no evidence that Mr. Martinson "accessed" any computer "without authorization," and there is absolutely no evidence that Mr. Martinson "accessed" any "protected computer."  As proving these facts are necessary in order to make out a claim under the Computer Fraud and Abuse Act, HP Tuners' utter lack of any evidence to prove these essential facts is fatal to its claim.  Accordingly, summary judgment in favor of Mr. Martinson on the claim under  the Computer Fraud and Abuse Act should be granted.

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT          Page 8
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

**C.    Federal Trade Secrets, Washington Trade Secrets And Illinois Trade Secrets Acts**

In this jurisdiction, courts have recognized that there is no practical or substantive difference between the Federal Defend Trade Secrets Act (18 U.S.C. § 1086) and the Washington Uniform Trade Secrets Acts.  See, *Keane v. 40 Years, Inc.*, No. C18-1768 RSM, at *8 n. 3 (W.D. Wash. Jan. 2, 2019) ("The parties do not indicate that there are any material differences between the Defend Trade Secrets Act (18 U.S.C. § 1836) and the Washington Uniform Trade Secrets Act (Chapter 19.108, REV. CODE. WASH.). *See* Dkt. #15 at 14 (relying on the same evidence to satisfy both claims). Accordingly, the Court does not consider the claims separately.")  Under RCW 19.108.010 2(a), "misappropriation" includes, "Acquisition of a trade secret of another *by a person who knows or has reason to know that the trade secret was acquired by improper means,"* as well as "Disclosure or use of a trade secret of another without express or implied consent *by a person who*: (i) Used improper means to acquire knowledge of the trade secret; or (ii) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was [improperly acquired]."  In all cases, the express language of the relevant statute requires improper acts by a *person*.  Nothing in the statutes or the relevant case law permits application to persons other than those committing the improper acts.

The relevant Illinois act is similar in that it, too, uses the exact same definition of "misappropriation" used in the Washington act.  Accordingly, it, too, requires that Mr. Martinson, personally, engage in the improper acts.  Again, HP Tuners has no evidence whatsoever to make this required showing.

In particular, there is absolutely no evidence to show that Mr. Martinson acquired by "improper means" any "trade secret" of HP Tuners.  (Indeed, and as addressed and established in Defendants' contemporaneously filed Motion for Summary Judgment, HP Tuners has failed even to specifically identify *any* actual trade secret, much less than that it has been misappropriated.)  At best, HP Tuners can show only that Mr. Martinson participated

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

in the day to day activities of Syked ECU Tuning and helped develop Syked ECU Tuning's software products– something Mr. Martinson has never denied.

Because HP Tuners has failed even to identify with specificity what its purported trade secrets are, much less that they were "misappropriated" by *anyone*, there is no evidence upon which a reasonable jury can find that Mr. Martinson "acquired" or "disclosed" the "trade secret of another" as expressly required by the very statutes under which HP Tuners makes its claims.  The lack of evidence to make the requisite factual findings under the Federal Trade Secrets Act, the Washington Trade Secrets Act and the Illinois Trade Secrets Act requires that summary judgment be granted in favor of Mr. Martinson with respect to Counts II, III and IV of HP Tuners' First Amended Complaint.

**D.      Washington Consumer Protection Act**

Similarly, "To prove a violation of the Washington Consumer Protection Act, a plaintiff must show that the *defendant's act or practice* is (1) unfair or deceptive, (2) occurs in the conduct of any trade or commerce, (3) has impact on the public interest; and (4) causes (5) injury to plaintiff in his or her business or property.  *Galbraith v. Tapco Credit Union*, 88 Wn. App. 939, 953 (Wash. Ct. App. 1997), citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (emphasis supplied).  Again, the plain language of the statute, as interpreted by by the Washington courts, requires that the *defendant's act*, in this case the actions of Mr. Martinson personally, be "unfair or deceptive," etc.

To date, HP Tuners has not specified or otherwise identified what actions of *Mr. Martinson* are allegedly "unfair or deceptive."  Nor can it.  Again, HP Tuners has absolutely no evidence that Mr. Martinson personally engaged in any "unfair or deceptive" act as *required* by the Washington Consumer Protection Act.  As there is no evidence upon which a reasonable jury can find that Mr. Martinson personally engaged in "unfair or deceptive" acts

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 10
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900

1  or practices, summary judgment in Mr. Martinson's favor should be granted on Count V of

2  HP Tuners' First Amended Complaint.

3  **E.      Illinois Consumer Fraud And Deceptive Business Practices Act**

4          Significantly, HP Tuners nowhere identifies what section of the Illinois Consumer

5  Fraud and Deceptive Business Practices Act Mr. Martinson is alleged to have violated.

6  Instead, in its First Amended Complaint, HP Tuners vaguely alleges that "Defendants" (not

7  Mr. Martinson personally) "engaged in unfair practices in violation of the public interest by

8  misappropriating the trade secrets of HPT." (First Amended Complaint ¶147), "deceives (sic)

9  the public by passing off HPT credits and license keys as authentic products and offerings of

10  HPT when, in fact, they are not," (First Amended Complaint ¶148)  and that "Defendants'

11  misconduct, as described hereinabove, affects the public interest." (First Amended Complaint

12  ¶148).

13          First, the Illinois Consumer Fraud and Deceptive Business Practices Act HP Tuners

14  relies on nowhere even mentions "misappropriation" or "trade secret" much less makes such a

15  violation of that act.  Nor does the act anywhere even mention "passing off."  How and why

16  the Illinois Consumer Fraud and Deceptive Business Practices Act supposedly applies here is

17  nowhere explained in either HP Tuners' First Amended Complaint or any of its other

18  pleadings.  Given that HP Tuners has not even pleaded sufficient facts to show liability under

19  this law, and given that HP Tuners has no evidence whatsoever that Mr. Martinson even

20  engaged in any "missappropriation" of "trade secrets" or "passing off," much less than that

21  these would, if proved, even constitute a violation of this law, summary judgment in favor of

22  Mr. Martinson on this claim is entirely appropriate.  Accordingly, summary judgment in Mr.

23  Martinson's favor should be granted on Count VI of HP Tuners' First Amended Complaint.

24  **F.      Breach of Contract and Tortious Interference**

25          Significantly, HP Tuners also fails to identify which law it is is relying on to support

26  its claims for breach of contract and tortious interference.  Are these under common law?  If

27  so, the common law of which state?  Or are they under statutory law?  Again, if so, which

28

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

1  statute?  Again, these are nowhere stated in HP Tuners' First Amended Complaint or other

2  pleadings.

3       Assuming that HP Tuners is proceeding under Washington law, the elements of a

4  breach of contract claim are clear and beyond dispute.  "To bring a cause of action for breach

5  of contract, [plaintiff] must establish the existence of a valid and enforceable contract, the

6  rights of the plaintiff and obligations *of the defendant* under the contract, violation of the

7  contract *by the defendant,* and damages to the plaintiff. "  *Citoli v. City of Seattle,* 115 Wn.

8  App. 459, 476 (Wash. Ct. App. 2002) (emphasis supplied).  Under this clear, indeed

9  indisputable directive, HP Tuners must establish the existence of a "valid and enforceable"

10  contract between itself and *Mr. Martinson,* and violation of that contract *by Mr. Martinson.*

11  Again, HP Tuners has absolutely no evidence whatsoever that Mr. Martinson entered into the

12  "EULA" that it contends is the contract that was breached at Paragraphs 153-158 of its First

13  Amended Complaint.  Given the complete failure of evidence on this crucial point, HP Tuners

14  cannot prevail on its vague claim for breach of contract.

15       Similarly, tortious interference under Washington law has a well-defined and settled

16  set of required elements:

17

18       To state a claim of tortious interference with a contractual relationship or business
         expectancy, the plaintiff must allege facts showing:

19

20       (1) the existence of a valid contractual relationship or business expectancy; (2)
         that *defendants* had knowledge of that relationship; (3) an intentional interference

21       inducing or causing a breach or termination of the relationship or expectancy; (4)
         that *defendants* interfered for an improper purpose or used improper means; and

22       (5) resultant damage.

23

24  *Grace v. Hagy,* 153 Wn. App. 1007 (Wash. Ct. App. 2009) (emphasis supplied).  Again, the

25  clear law *requires* that Mr. Martinson (1) have knowledge of some supposed "contractual

26  relationship or business expectancy" existing on behalf of HP Tuners and (2) that *he*

27  interfered for an improper purpose.   Again, there is an absolute lack of any evidence

28

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 12
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

whatsoever that Mr. Martinson either had the requisite knowledge or that he "interfered for an improper purpose."  As a result, HP Tuners cannot properly maintain this vague claim either. Accordingly, summary judgment should be granted as to Count VII of HP Tuners' First Amended Complaint.

**G.      There Is No Basis For "Piercing The Corporate Veil"**

Nor is there any evidence upon which the "corporate veil" should be "pierced" in this case.

Under well-established law, "To pierce the corporate veil, two separate, essential factors must be established."  *Dickens v. Alliance Analytical Labs,* 127 Wn. App. 433, 440-41 (Wash. Ct. App. 2005)  "First, the corporate form must be intentionally used to violate or evade a duty."  *Id.*, at 41, quoting *Meisel v. MN Modern Hydraulic Press Co.*, 97 Wn.2d 403, 410, 645 P.2d 689 (1982). "Second, the fact finder must establish that disregarding the corporate veil is necessary and required to prevent an unjustified loss to the injured party." *Id.  See also Schwarzmann v. Apartment Owners,* 33 Wn. App. 397, 403 (Wash. Ct. App. 1982) (Piercing the corporate veil "is only appropriate where an officer or director commits or condones a wrongful act in the course of carrying out his duties.")

Here there is no evidence that Syked ECU Tuning did not follow normal corporate formalities or otherwise operate other than a separate business entity engaged in the business of providing tuning products to owners and users of automobiles.  There is no evidence that the company did not maintain separate records, bank accounts, etc.  There is no evidence the company failed to pay taxes or make required reports.  There is no evidence that the company was woefully under capitalized.   And, most importantly, there is no evidence that Mr. Martinson either committed or condoned a wrongful act in the course of carrying out his duties.

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

1
2

**CONCLUSION**

3
4

Despite thorough, repetitive and aggressive discovery on the part of HP Tuners, and despite the dramatic claims and hyperbole of HP Tuners' First Amended Complaint, the fact

5
6

remains that no evidence has been or can be developed to implicate Mr. Martinson personally in the wrongful actions alleged by HP Tuners.  The evidence simply supports the mundane,

7
8

unremarkable and undenied fact that Mr. Martinson devoted his efforts to designing, developing and marketing products for Syked ECU Tuning without engaging in any wrongful

9
10

acts himself and without facilitating, knowing about or otherwise condoning such acts by others.  Given the complete absence of evidence to the contrary, none of the claims made

11

against Mr. Martinson personally can stand as a matter of law.

12
13

For all the foregoing reasons, Defendants respectfully request that this Court enter summary judgment dismissing all claims made against Defendant John Martinson.

14
15

Dated June 2, 2021                              Respectfully submitted,

16

*/s/ Philip P. Mann*_____
Philip P. Mann, WSBA No: 28860

17

**Mann Law Group PLLC**

18

403 Madison Ave. N. Ste. 240
Bainbridge Island, Washington 98110

19

Phone (206) 436-0900
phil@mannlawgroup.com

20
21

Attorneys for Defendants

22
23
24
25
26
27
28

DEFENDANT JOHN MARTINSON'S MOTION
FOR SUMMARY JUDGMENT                    Page 14
Cause No. 17-CV-05760-BHS

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone: 206.436.0900

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify on the date indicated below, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such

4    filing to all parties who have appeared in this matter.

5

6    DATED:  June 2, 2021                    _/s/ Philip P. Mann_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mann Law Group pllc
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA  98110
Phone:  206.436.0900